IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JOSHUA DUNN, at al.,           ) | |
|                                ) | |
|     Plaintiffs,                ) | |
|                                ) | CIVIL ACTION NO. |
|     v.                         ) |   2:14cv601-MHT |
|                                ) |       (WO) |
| KIM THOMAS, in his             ) | |
| official capacity as           ) | |
| Commissioner of the            ) | |
| Alabama Department of          ) | |
| Corrections, et al.,           ) | |
|                                ) | |
|     Defendants.                ) | |

**ORDER**

On November 24, 2014, this court held an on-the-record conference call with counsel for all parties present, during which several topics were discussed. Among those topics were the previously entered scheduling order (doc. no. 61), as well as the desired pretrial and trial schedule. Upon consideration of the previous order and the preferences of the parties, the court is amending the previous order.

**Accordingly**, it is **ORDERED** that the scheduling order (doc. no. 61) is amended as follows:

(1) The non-jury trial is set for March 14, 2016, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

(2) The pretrial conference is set for February 1, 2016, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama. The parties are to prepare jointly a proposed pretrial order in accordance with the attached outline. The plaintiffs shall ensure that the proposed pretrial order is received by the court not later than three business days prior to the pretrial conference by either (a) delivery of the order (both hard copy and on disk) to chambers or (b) by transmitting an electronic copy of the proposed pretrial order to the court as an

2

attachment to an email message sent to propord_thompson@almd.uscourts.gov. For these purposes, the electronic or disk copy should be in Word format and not in Adobe Acrobat PDF format.

(3) With regard to class-certification experts, the parties are to do the following:

   (A) Plaintiffs shall submit their expert disclosures on or before April 1, 2015. Plaintiffs must make experts available for deposition on or before April 15, 2015.

   (B) Defendants shall submit their expert disclosures on or before May 1, 2015. Defendants must make experts available for deposition on or before May 15, 2015.

(4) With regard to the class-certification motion, the following applies:

   (A) Plaintiffs shall file any motion for class certification and supporting materials on or

3

>     before June 1, 2015.  A brief addressing the factors enumerated in Rule 23(a), (b), and (g) of the Federal Rules of Civil Procedure shall be filed with any such motion. Defendants must file any opposition to the motion on or before June 15, 2015. Plaintiffs must file any reply to the defendants' opposition on or before June 22, 2015.
>
> (B) The class certification motion is set for oral argument on June 24, 2015, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.
>
> (C) The court will have a resolution of the class certification issue by July 15, 2015.
>
> (5) All discovery is to be completed by November 2, 2015.

(6) All dispositive motions and all <u>Daubert</u> motions are due by October 2, 2015. A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being submitted by the court.

(7) With regard to any experts to be used at trial, by September 1, 2015, the parties shall disclose to each other the identity of ANY persons who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert

testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony. Unless an objection is filed within 14 days after disclosure of any expert witness, the disclosure shall be deemed to be in full compliance with the Rule.

(8) Twenty-eight days before trial, each party shall file a list of all its witnesses (and shall provide to all other parties, pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure, the addresses and telephone numbers of all such witnesses), except witnesses to be used solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises. The witness list should include the names of any witnesses required to be disclosed under

Section 8.  Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from calling any witness not so identified.

(9) Twenty-eight days before trial, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file deposition designations that the parties expect to use at trial.  Adverse parties shall within one week thereafter file deposition designations expected to be used in response, and a party shall within three days of the designation of such responsive parts file the designation of any part that is desired as a rebuttal thereto.  Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of

> parts of depositions or documents to be used solely for the purpose of impeachment. Except to the extent written objections are filed 14 days prior to the trial date, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated. Objections shall state with particularity the portions objected to, and the objecting party shall attach a copy of the portions to which the objections apply.

(10) Twenty-eight days before trial, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file exhibit lists and furnish opposing counsel for copying and inspection all exhibits and tangible evidence to be used at the trial.

**Proffering counsel shall have such evidence marked for identification prior to trial.** Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment. **Except to the extent written objections are filed, the evidence shall be deemed genuine and admissible in evidence. Objections shall be filed 14 days prior to the trial date, and shall set forth the grounds and legal authorities. The offering party shall file a written response to the objections no later than 14 days prior to trial and shall include a premarked copy of the evidence at issue.**

(11) By no later than 28 days before trial, the parties are to get with the Magistrate Judge and

9

   the U.S. Marshal to arrange for the presence of any state inmates.

(12) The parties shall also comply with the following:

   (A) All briefs on any matter before the court must be formal in format and filed with the court. The court does not accept "letter briefs" or "letter reports."

   (B) A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion. A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement

has not been met. Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

(C) Any proposed order that a party desires the court to enter should be submitted to the court (i) in an Adobe Acrobat PDF format attachment to the motion <u>and</u> (ii) by transmitting an electronic copy of the proposed order to the court as an attachment to an email message sent to <propord_thompson@almd.uscourts.gov>. For these purposes, the electronic copy should be in Word format and not in Adobe Acrobat PDF format. If the proposed order relates to discovery matters (<u>e.g.</u>, a HIPAA order or protective order), an electronic copy of the

proposed order should be sent to the e-mail address of the assigned Magistrate Judge whose address may be found at <http://www.almd.uscourts.gov/judges/propord.htm>.

DONE, this the 26th day of November, 2014.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**

NOTICE TO ATTORNEYS

      The proposed pretrial order must be joint, and not piecemeal, and it should be reviewed and approved by all parties BEFORE the pretrial hearing.

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, DIVISION

|  |  |
|---|---|
| )<br>)<br>   Plaintiff,   )<br>)<br>v.  )<br>)<br>)<br>   Defendant.  ) | CIVIL ACTION NO. |

ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on _____, wherein the following proceedings were held and actions taken:

    1.    <u>PARTIES AND TRIAL COUNSEL</u>:

    <u>COUNSEL APPEARING AT PRETRIAL HEARING</u>:  (same as trial counsel) or (indicate if different) _____

    2.    <u>JURISDICTION AND VENUE</u>:

    3.    <u>PLEADINGS</u>:  The following pleadings and amendments were allowed:

    4.    <u>CONTENTIONS OF THE PARTIES</u>:

        (a)    The plaintiff(s)

        (b)    The defendant(s)

    5.    <u>STIPULATIONS BY AND BETWEEN THE PARTIES</u>:

PLEASE LEAVE ORDER UNFINISHED AT THIS POINT FOR COMPLETION BY THE COURT.