IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **JOSHUA DUNN**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.:** |
| | ) | **2:14-cv-00601-MHT-TFM** |
| **BILLY SHARP, in his official** | ) | |
| **Capacity as Interim Commissioner of** | ) | |
| **the Alabama Department of Corrections;** | ) | |
| **RUTH NAGLICH, in her official** | ) | |
| **capacity as Associate Commissioner** | ) | |
| **of Health Services for the Alabama** | ) | |
| **Department of Corrections; and** | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **CORRECTIONS** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANTS' PARTIAL MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

Defendants BILLY SHARP (the "Commissioner"), RUTH NAGLICH (the "Associate Commissioner"), and the ALABAMA DEPARTMENT OF CORRECTIONS ("ADOC") (collectively with the Commissioner and Associate Commissioner, the "State"), pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, respectfully request that the Court dismiss the claims of Plaintiffs Zerrick Naylor and Bradley Pearson (the "Released Plaintiffs"). As explicitly stated in Plaintiffs' Second Amended Complaint (Doc. No. 99, at ¶¶ 38, 39), the

Released Plaintiffs are no longer incarcerated within the ADOC system or within ADOC's custody. As such, their claims are moot and are due to be dismissed. See, eg, Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988); Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986) Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985); McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984); (finding moot claims for injunctive or declaratory relief being pursued by transferred or released prisoners). In support of this Partial Motion to Dismiss, the State submits as follows:

## INTRODUCTION

The Released Plaintiffs are no longer in the custody of ADOC. (See Plfs. Second Am. Compl. (Doc. No. 99) at ¶¶ 38-39). As Plaintiffs admit in the Second Amended Complaint, "PLAINTIFF NAYLOR is no longer in the physical custody of ADOC [and] . . . is on probation . . . ." (Id. at ¶ 38). Likewise, Plaintiffs admit that Pearson's split-sentence ended on February 1, 2015, and he is currently "on probation." (Id. at ¶ 39).

Despite being released from prison, both Released Plaintiffs still seek declaratory and injunctive relief for themselves and on behalf of a class of all prisoners who are now, or will in the future be, subject to the purported conditions of confinement within the ADOC system, which form the alleged basis for the

Second Amended Complaint.  (Id. at ¶¶ 38, 39).  Although the Second Amended Complaint seeks putative class relief, a motion for class certification has not yet been filed.  Because the Released Plaintiffs are not in ADOC custody, they are due to be dismissed as Plaintiffs, and their claims should be dismissed as moot.

## ARGUMENT

### I.   THE RELEASED PLAINTIFFS' CLAIMS ARE MOOT

Pursuant to Article III of the Constitution, "federal courts may adjudicate only actual, ongoing cases or controversies."  Lewis v. Continental Bank Corp., 494 U.S. 471, 477 (1990).  The case or controversy requirement continues through all stages of federal judicial proceedings, and requires that parties have a "personal stake in the outcome."  Id. at 477-78.  "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Id. at 477.

Mootness is a jurisdictional issue "because by its very nature, a moot suit cannot present an Article III claim or controversy.  Susan J. v. Riley, 616 F. Supp. 2d 1219, 1232 (M.D. Ala. 2009) (internal quotations and alterations omitted) (quoting Nat'l Advertising Co. v. City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005)).  "[A] claim is moot when the issues presented are no longer 'live' or the

parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969); Susan J., 616 F. Supp. 2d at 1232 ("A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.") (quoting Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1183 (11th Cir. 2007)).  The jurisdictional nature of the doctrine of mootness requires that a party's legally cognizable interest in the outcome continue throughout the pendency of the litigation.  See Tanner Adver. Grp. LLC v. Fayette Cnty., Ga., 451 F.3d 777, 785 (11th Cir. 2006) ("The doctrine of mootness provides that the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)."). Moreover, moot actions must be dismissed, because an opinion issued in the absence of a party with a legally cognizable interest in the outcome would constitute "an impermissible advisory opinion."  Walker v. Boyd, 2014 WL 1259723, *1 (M.D. Ala. Mar. 27, 2014) (citing Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001)).

A claim for injunctive relief is "a prospective remedy[] intended to prevent future injuries," and "when the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury."  Purveegiin v. Streiff, No. 06-0617-WS-C, 2007 WL 1713353, at *4 (S.D. Ala. June 11, 2007) (quoting Adler v. Duval County

School Bd., 112 F.3d 1475, 1477 (11th Cir. 1997)).  In the context of prisoner litigation, **the Eleventh Circuit has made clear that a claim for declaratory or injunctive relief becomes moot upon the transfer or release of an inmate** from the facility where the cause of action arose.  See, e.g., Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) ("Absent class certification, an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred.") (quoting Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985)); McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief.  If the class has not yet been certified, it also justifies dismissal of the entire action."); Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); Tucker v. Phyfer, 819 F.2d 1030, 1035 (11th Cir.1987) (claim of prisoner seeking declaratory relief regarding conditions in which he was held as a juvenile became moot when he reached the age of majority)

Consistent with these directives, district courts within the Eleventh Circuit routinely dismiss claims for injunctive relief as moot when those claims are pursued by inmates who have been transferred or released from custody.  See, e.g., Walker, 2014 WL 1259723 at *2 ("In the context of a § 1983 action filed by a

prisoner, such as this, the law is settled that a prayer for declaratory or injunctive relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose."); Finley v. Georgia Dept. of Corrections, 2014 WL 185337, *3 (M.D. Ga. Jan. 15, 2014) ("Plaintiff's claim for injunctive relief, however, has been rendered moot by his release from the custody of the Georgia Department of Corrections."); Mitchell v. Pearce, 2013 WL 625323, *1 n.2 (N.D. Ala. Feb. 19, 2013) ("[T]he plaintiff notified the court that he no longer is housed at the Hamilton A & I Correctional Facility where the incident about which he complains purportedly occurred. . . . Consequently, he no longer has standing to seek injunctive relief, but he may pursue his claim for damages.") (citing City of Los Angeles v. Lyons, 461 U.S. 95 (1983); Tucker v. Phyfer, 819 F.2d 1030 (11th Cir. 1987)); Guest v. Jones, 2006 WL 83116, *3 (S.D. Ga. Jan. 11, 2006) ("[T]he mere fact that [plaintiff] used to have a controversy with Defendants in this case cannot confer upon him a valid, never-ending right to represent the proposed class. Rather, [plaintiff] lacks standing to represent the class in that his claims have become moot.").

Mootness principles also apply to putative class representatives in class actions. "A named plaintiff in a class action who cannot establish the requisite case or controversy between himself and the defendants simply cannot seek relief for anyone – not for himself, and not for any other members of the class." Griffin

v. Dugger, 823 F.2d 1476, 1483 (11th Cir. 1987) (citing O'Shea v. Littleton, 414 U.S. 488, 494 (1974)).  Moreover:

> [A] named Plaintiff's claim "must be live both at the time he brings suit and when the district court determines whether to certify the putative class. If the plaintiff's claim is not live, the court lacks a justiciable controversy and must dismiss the claim as moot." Tucker v. Phyfer, 819 F.2d 1030, 1033 (11th Cir. 1987) (citations omitted). In other words, "a lawsuit brought as a class action must present justiciable claims at each stage of the litigation; if the named plaintiffs' individual claims become moot before a class has been certified, no justiciable claims are at that point before the court and the case must as a general rule be dismissed for mootness." Zeidman v. J. Ray McDermott & Co., Inc., 651 F.2d 1030, 1046 (5th Cir. Unit A, July 27, 1981).

Susan J., 616 F. Supp. 2d at 1233 (footnote omitted).  Thus, "[i]f the claims of Named Plaintiffs who are members of the certified subclasses became moot before [the date of class certification], their claims must be dismissed."  Id. at 1234.  See also Tucker, 819 F.2d at 1035 (holding that because a named plaintiff's claim for declaratory and injunctive relief was moot at the time he requested the court to certify a class and to name him as class representative the district court was required to dismiss this claim for lack of standing); Guest, 2006 WL 83116 at *2 (holding that where the issue of class certification had never been addressed and was not pending before the Court, the claim of a named plaintiff who had been released from custody was moot).

The Released Plaintiffs are no longer in the custody of ADOC. (See Plfs. Second Am. Compl. (Doc. No. 99) at ¶¶ 38-39). Accordingly, their claims are moot and due to be dismissed.

## II. EXCEPTIONS TO THE MOOTNESS DOCTRINE DO NOT APPLY.

Anticipating the inherent problems with the inclusion of the Released Plaintiffs in the Second Amended Complaint, Plaintiffs make a futile attempt to address their flawed inclusion. Plaintiffs go out of their way to allege that the Released Plaintiffs "have a high risk of being readmitted to ADOC custody and facing the same discriminatory practices [they] faced prior to [their] release." In so doing, Plaintiffs apparently attempt to invoke the "capable of repetition, yet evading review" exception to the mootness of the Released Plaintiffs' claims. (See Plfs. Second Am. Compl. (Doc. No. 99) at ¶¶ 38-39). However, Plaintiffs' position ignores the practical reality that the practices they complain of will not evade review. Also, there is no specific support for the Second Amended Complaint's pessimistic assertion that the Released Plaintiffs will fail to satisfy the requirements of their probation. Given that both of the Released Plaintiffs served the term of their assigned incarcerations, Plaintiffs cannot and do not argue that their release was the result of anything other than the natural progression of their sentences. Additionally, to the extent that Plaintiffs seek to invoke any other exceptions to the mootness doctrine, those attempts fail.

### A. AS A PRACTICAL MATTER, THE CONDUCT ALLEGED BY THE RELEASED PLAINTIFFS WILL NOT EVADE REVIEW.

The "capable of repetition, yet evading review" exception to the mootness doctrine provides a basis for review of claims that are by nature temporary, where it is unlikely that any given individual could have his constitutional claim decided before it becomes moot. See Gerstein v. Pugh, 420 U.S. 103, 110 n.11 (1975) (applying the exception to a case involving pre-trial detention because "[p]retrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted"). The principles behind the exception are not present here, because other inmates named as plaintiffs in the Second Amended Complaint (the "Named Plaintiffs") complain of the same practices or other members of the putative class whose claims are not moot could be substituted to pursue the same claims. The claims therefore will not "evade review," even in the context of this case. For example, Released Plaintiff Pearson alleges that he was excluded from Decatur Work Release Center and sent to Limestone Correctional Facility because he is deaf, among other allegations relating to his disability. (See Plfs. Second Am. Compl. (Doc. No. 99) at ¶¶ 39, 355, 365, 370, 433). Plaintiff Donald Ray Turner also alleges that he was excluded from work release because he is deaf, among other allegations relating to his disability. (See Plfs. Second Am. Compl. (Doc.

No. 99) at ¶ 50, 355, 366, 371, 386,433). Released Plaintiff Naylor alleges that he was denied access to programs, benefits and services because of his blindness. (See Plfs. Second Am. Compl. (Doc. No. 99) at ¶¶ 38, 340, 353, 375-78, 390, 433). Plaintiff Tommie Moore alleges similar claims based on his blindness. (See Plfs. Second Am. Compl. (Doc. No. 99) at ¶¶ 35, 340, 353, 378, 387-88, 395-97, 433). Thus, even if the Released Plaintiffs are dismissed, the claims on which they purport to represent the putative class will still be pursued by other Named Plaintiffs.

The Eleventh Circuit has held that claims are not "capable of repetition, yet evading review" where other potential plaintiffs exist who have standing to bring them. For example, in Tucker, the named plaintiff's individual claims were moot at the time he moved for class certification. 819 F.2d at 1035. The Court held that the existence of another inmate seeking to intervene to assert the same claims "indicates that other potential plaintiffs exist who would have standing to bring the same claims that [the plaintiff] failed to preserve for adjudication." Id. The Court continued: "[o]n these facts, we affirm the district court's denial of class certification on the ground that [the plaintiff's] claims for declaratory and injunctive relief are moot." Id.

As a factual and practical matter, the Released Plaintiffs' claims are not "capable of repetition, yet evading review." Because there currently exist other

Named Plaintiffs whose claims are not moot and whose claims will implicate the same or similar conduct as that made the subject of the Released Plaintiffs' now moot claims, those claims will not evade review. Accordingly, the Released Plaintiffs and their claims are due to be dismissed.

> **B. THE RELEASED PLAINTIFFS CANNOT SATISFY THE ELEMENTS OF THE "CAPABLE OF REPETITION, YET EVADING REVIEW" EXCEPTION.**

The "capable of repetition, yet evading review" exception to the mootness doctrine requires the satisfaction of two elements: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Murphy v. Hunt 455 U.S. 478, 482 (1982) (internal quotation omitted); see also Lyons, 461 U.S. 95 at 109 (noting "the capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality"). Here, the Released Plaintiffs cannot establish these elements.

With regard to the first requirement, the Released Plaintiffs' terms of incarceration lasted years, not mere days or weeks. For example, Naylor served a 3-year sentence in the ADOC system. (See Plfs. Second Am. Compl. (Doc. No. 99), at ¶ 38). Likewise, Pearson's sentence began in August of 2013. (Id. at ¶ 39).

Unlike cases involving necessarily short or indefinite durations, the claims of the Released Plaintiffs in this case were not too short to be fully litigated prior to their cessation or expiration.  See Guest, 2006 WL 83116 at *3 (finding that the claims of the named plaintiff, who had been released from custody, were moot and were not "capable of repetition, but evading review" because the case did not involve the inherently transitory claims of pretrial detainees, but instead involved allegations concerning the conditions of custody in a county jail) (citing Tucker, 819 F.2d at 1035; Inmates of Lincoln Intake & Detention Facility by Windes v. Boosalis, 705 F.2d 1021, 1024 n. 2 (8th Cir.1983)).  Compare Gerstein, 420 U.S. at 110 n.11 (describing the case as involving claims concerning pretrial detention which is by its nature temporary, with a duration that cannot be determined at the outset, and that may be ended at any time by multiple events, including release on recognizance, dismissal of the charges, a guilty plea, acquittal, or conviction after trial).  Accordingly, the Released Plaintiffs fail to satisfy the first requirement of this exception.

With regard to the second requirement, Plaintiffs' suggestion that the Released Plaintiffs are at a "high risk" of being readmitted to ADOC custody is too speculative to establish a reasonable expectation that they will be subjected again to the conditions alleged in the Second Amended Complaint.  See Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985) ("The most that can be said is that if [plaintiff]

is again incarcerated in a minimum security facility and again charged with a disciplinary infraction, he might again be transferred to Coffee County jail. This is too speculative."); Walker, 2014 WL 1259723 at *2 (quoting and citing Cotterall when finding a transferred inmate's claims to be moot because "[t]here is no indication that Plaintiff will be returned to the Draper Correctional Facility"). See also Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d. Cir. 1993) (noting that "conjecture as to the likelihood of repetition has no place in the application of this exceptional and narrow grant of judicial power" and rejecting a district court's holding that there was a reasonable expectation that an inmate plaintiff "could" again be incarcerated in an maximum security unit as groundless speculation in the absence of evidence in the record to support that conclusion); Clarke v. Lane, 267 F.R.D. 180, 192 (E.D. Pa. 2010) (citing Abdul-Akbar in reaching the same conclusion regarding inmates released after the filing of class action complaint but before the filing of a motion for certification).  The allegations of the Second Amended Complaint fail to provide a "reasonable expectation" that the Released Plaintiffs will again be subjected to the alleged illegality.  The groundless and generic assertion that the Released Plaintiffs' status as probationers carries a "high risk" that they will be readmitted to ADOC custody amounts to nothing more than speculation and conjecture, and fails to satisfy the second requirement of this exception.

Therefore, the "capable of repetition, yet evading review" exception does not apply and the Released Plaintiffs and their claims are due to be dismissed as moot.

## CONCLUSION

The Released Plaintiffs have been released from the custody of ADOC, there exists no reasonable expectation or substantial likelihood that they will again be subjected to the alleged acts averred in the Second Amended Complaint, and they no longer need protection from any future injury or harm.  Therefore, the claims of the Released Plaintiffs are moot, and both they and their claims are due to be dismissed from this action.  Accordingly, the State respectfully requests that the Court dismiss the claims Plaintiffs Zerrick Naylor and Bradley Pearson. Respectfully submitted this the 30th day of March, 2015.

>*/s/ William R. Lunsford*_____
>William R. Lunsford
>
>*One of the Attorneys for Defendants Billy Sharp and Ruth Naglich*

William R. Lunsford
MAYNARD COOPER & GALE, PC
655 Gallatin Street
Huntsville, AL 35801
Telephone: (256) 512-5710
Facsimile:  (256) 512-0119
E-mail: blunsford@maynardcooper.com

Mitesh B. Shah
Janine McKinnon McAdory
MAYNARD COOPER & GALE, PC
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
Telephone: (205) 254-1178
Facsimile: (205) 714-6438

          */s/ John G. Smith*
          John G. Smith

          *One of the Attorneys for Defendant Alabama*
          *Department of Corrections*

David R. Boyd
John G. Smith
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (866) 316-9461
E-mail: dboyd@balch.com
jgsmith@balch.com

Michael L. Edwards
Susan Nettles Han
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5708
E-mail: medwards@balch.com
shan@balch.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all attorneys of record, including the following opposing counsel and the mediator, via electronic filing or first class mail on this the 30th of March, 2015:

Maria V. Morris
Ebony Glenn Howard
Latasha McCrary
Valentina Restrepo
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama 36104

Miriam Haskell
SOUTHERN POVERTY LAW CENTER
P.O. Box 370037
Miami, Florida 33137

William Van Der Pol
J. Patrick Hackney
ALABAMA DISABILITIES ADVOCACY PROGRAM
University of Alabama
500 Martha Parham West
Box 870395
Tuscaloosa, Alabama 35487-0395

William Glassell Somerville III
Andrew Philip Walsh
BAKER DONELSON BEARMAN CALDWELL
& BERKOWITZ PC
420 20th Street North
Suite 1400
Birmingham, Alabama 35203

Brent T. Rosen
BAKER DONELSON BEARMAN CALDWELL
& BERKOWITZ PC
614 S. Hull St.
Montgomery, AL 36104

Gregory M. Zarzuar
Anil A. Mujumdar
Diandra S. Debrosse
Zarzuar Mujumdar & Debrosse
2332 2nd Avenue North
Birmingham, AL 35203
Telephone: (205) 983-7985
Facsimile: (888) 505-0523

Alison Hardy
Corene T. Kendrick
Donald H. Specter
Rebekah B. Evenson
Sara Linda Newman
Prison Law Office
1917 Fifth Street
Berkeley, CA  94710

Gordon Douglas Jones
Jones & Hawley, P.C.
2001 Park Place, Suite 830
Birmingham, AL 35203

                                                  */s/ William R. Lunsford*

                                                  Of Counsel