IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JOSHUA DUNN, et al.,<br>    Plaintiffs,<br><br>v.<br><br>JEFFERSON DUNN, in his official capacity as Commissioner of the Alabama Department of Corrections, et al.,<br><br>    Defendants. | Civil Action No. 2:14-cv-00601-MHT-TFM |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiffs Bradley Pearson and Zerrick Naylor have been discriminated against by the Alabama Department of Corrections ("ADOC") in violation of the American with Disabilities Act ("ADA") and §504 of the Rehabilitation Act of 1973 ("§504").  The ADOC has failed to provide Pearson or Naylor with reasonable accommodations for their disabilities as required by federal law.  Pearson and Naylor remain in state custody and continue to face the threat of discrimination until the requirements of their sentences are met.  Plaintiffs, therefore, oppose Defendants' Partial Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint.

**INTRODUCTION**

Plaintiffs Pearson and Naylor are persons with disabilities who were recently incarcerated in the Alabama Department of Corrections.  During their incarceration, they were denied reasonable accommodations for their disabilities (Doc. 99 at 18).  Pursuant to the ADA and

1

§504, they seek relief from this Court to enjoin ADOC from further subjecting prisoners with disabilities to discriminatory policies and practices that violate federal law. (Id. at 136).

Bradley Pearson is a 38-year-old male who is hearing impaired. He has a disability as defined in 42 U.S.C. § 12102 and 29 U.S.C. §705(9)(A) and (B) and requires a sign language interpreter to communicate with persons who do not have a hearing impairment. Pearson was most recently incarcerated in the ADOC while serving a 15-year split sentence. (Ex. 1, Sentencing Orders for Bradley Pearson).[1] His split sentence required him to be incarcerated for a period of two years. (Id.) On June 14, 2014, he and the other Plaintiffs in this matter filed a complaint against the ADOC based on their failure to provide him with reasonable accommodations for his disability. (Doc. 1). The complaint was subsequently amended. (Docs. 45 and 99). On February 1, 2015, he completed the initial prison portion of his split sentence and was conditionally released on probation. He remains subject to the conditions of his release until February 2028. (Ex. 1). If he successfully completes probation, he will be fully released from custody at that time. If the conditions of his release are not met, he will be readmitted to the ADOC and incarcerated for a period of 13 years.

Zerrick Naylor is a 37-year-old male who is legally blind. He has a disability as defined in 42 U.S.C. § 12102 and 29 U.S.C. §705(9)(A) and (B). He was incarcerated in the ADOC while serving a 15-year split sentence. (Ex. 2, Sentencing Order for Zerrick Naylor). His split sentence required him to be incarcerated for a period of three years. (Id). On June 14, 2014, he and the other Plaintiffs in this matter filed a complaint against the ADOC based on their failure to provide him with reasonable accommodations for his disability. (Doc. 1). The complaint was

---

[1] A split sentence is described as a sentence where a convicted defendant is confined in prison for a portion of his sentence, followed by a period of probation. *See* Code of Alabama (1975) §15-18-8(a)(1).

subsequently amended. (Docs. 45 and 99). On or about February 4, 2015, he completed the initial prison portion of his split sentence and was conditionally released on probation. He remains subject to the conditions of his release until February 2018. If the conditions of his release are not met, he will be readmitted to the ADOC and incarcerated for a period of 13 years.

Given the conditions of release, plaintiffs' history, and the nature of their disabilities, Plaintiffs Pearson and Naylor face a real and substantial threat of being readmitted to the ADOC. If readmitted they will be subject to the same discriminatory practices that they encountered prior to release. Therefore, they have a personal stake in the outcome of this litigation. Their claims are not moot.

## ARGUMENT

Plaintiffs Bradley Pearson and Zerrick Naylor have been discriminated against by the ADOC and face a real threat that they will suffer similar discrimination in the future. They have a personal stake in the outcome of this case and remain proper litigants before the Court. Their claims against the ADOC are not moot.

Under Article III of the U.S. Constitution, federal courts have judicial power to adjudicate ongoing cases or controversies. U.S. Parole Commission v. Geraghty, 445 U.S. 388, 395-96 (1980). Persons seeking relief in federal court must have standing to maintain a cause of action. Allen v. Wright, 468 U.S. 737, 770 (1984). Related to the issue of standing is mootness. A case or controversy is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormick, 395 U.S. 486, 496 (1969). Where the controversy is "live", courts must consider whether the plaintiff has "personal stake" in the outcome of the controversy. Geraghty, 445 U.S. at 396. The "personal stake" requirement

is satisfied if "the person seeking redress has suffered, or is threatened with, some 'distinct and palpable injury', and if there is some causal connection between the asserted injury and the conduct being challenged." Allen, 468 U.S. at 770. Here, plaintiffs satisfy the case-or-controversy requirements and their claims are not moot.

I.  **Plaintiffs have a 'Personal Stake' in the Outcome of this Litigation.**

Plaintiffs Pearson and Naylor have a personal stake in the outcome of this litigation. To maintain a case in federal court, litigants must have a "personal stake in the outcome" of the controversy. Lewis, 494 U.S. at 477-78; Baker, 369 U.S. at 204; Sosna v. Iowa, 419 U.S. 393, 402 (1975); Geraghty, 445 U.S. at 396-97 (describing "personal stake" as "the parties' interest in the litigation").

Here, the plaintiffs clearly have an interest in the outcome of this case. In their Second Amended Complaint, Plaintiffs requested injunctive relief for "all prisoners who are now, or will in the future be, persons with disabilities …in the custody of Defendant ADOC" (Doc. 99 at 130-31). Pearson and Naylor, given their probationary status, remain at substantial risk of becoming future prisoners as contemplated by Plaintiffs' Second Amended Complaint.

Pearson and Naylor have been conditionally released from the ADOC. They are currently on probation and remain within the custody of the state for a minimum of 13 and three years respectively. *See* Westberry v. Keith, 434 F.2d 623, 624 (5th Cir. 1970) (reasoning that where habeas corpus relief was sought, a petitioner need not be under actual physical restraint to be in custody); Hensley v. Municipal Court, 411 U.S. 345, 349 (1973) and Jones v. Cunningham, 371 U.S. 236, 243 (1963) (recognizing that a petitioner seeking habeas corpus relief remains "in custody," despite being on probation or parole). While on probation, they are subject to certain

4

terms and conditions.  If at any time, these terms and conditions are not met, they risk being readmitted into the ADOC.  They will continue to face this risk until the requirements of their sentences are fully met.  If readmitted into the ADOC, they will confront the same conditions that they experienced prior to their conditional release.  For these reasons, they maintain a personal stake in the outcome of this case.

II.     **Plaintiffs Face a Real Threat that They Will Be Discriminated Against by ADOC in the Future.**

Plaintiffs Pearson and Naylor suffered discrimination while incarcerated in the ADOC and face a real threat of future discrimination, despite being conditionally released.  In Defendants' Partial Motion to Dismiss, they argue that because Pearson and Naylor have been released on the conditions of probation, they do not meet the case or controversy requirement of Article III of the U.S. Constitution (Doc. 127 at 3-8).  Plaintiffs disagree.  Pursuant to Article III, "[t]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 471, 477 (1990).  In the present case, Pearson and Naylor have been injured, and continue to face the threat of future injury.

In Armstrong v. Davis, 275 F.3d 849(9th Cir. 2001), the court recognized that released prisoners satisfy the case and controversy requirement of Article III where the former prisoner is released under supervision.  An "exception to the general rules" applies where the case involves "past inmates under supervision." Hernandez v. County of Monterey, 2014 WL 4843945 *3 (N.D. Cal. Sept. 29, 2014).  "When a past inmate remains supervised by law enforcement and subject to unlawful conditions without engaging in illegal activity, that plaintiff maintains

standing with regard to the unlawful policies or conditions he or she may confront." Id.  The question then is not whether there is standing, but whether plaintiffs "demonstrate a concrete injury and a realistic likelihood that the injury will be repeated." Taylor v. Westly, 488 F.3d 1197, 1199 (9th Cir. 2007); City of Los Angeles v. Lyons, 461 U.S. 95, 102-104 (1983).

Here, Pearson and Naylor were discriminated against in violation of the ADA and face a real threat that they will be readmitted to the ADOC.  If readmitted, they will be subject to the same discriminatory practices that they faced prior to release.  Although Pearson and Naylor were released from prison, they remain in state custody.  Both remain subject to state supervised probation for many years.  Pearson remains on probation for at least 13 years, Naylor for at least three years.  During that time, they will be supervised by a state probation officer and subject to a number of conditions.  These conditions include, but are not limited to, stipulations such as: finding and maintaining suitable employment, reporting to a probation officer, paying a minimum monthly fee of $40, remaining within the boundaries of the state, and not moving without State permission. *See* Code of Alabama (1975) §15-18-8(d) and (Ex. 3, Order of Probation for Bradley Pearson).  If at any time, Pearson or Naylor fails to meet the conditions of probation, he will be readmitted to the ADOC.  He will then serve the remaining years of his sentence in the ADOC.

   A.  <u>A Realistic Likelihood that Plaintiffs will be Readmitted to the ADOC Exists.</u>

Pearson and Naylor each have a high risk of being readmitted to the ADOC.  Even under the most optimistic view, the likelihood of Pearson and Naylor being readmitted to the ADOC is very high.  According to the ADOC's 2014 Annual Report, within three years of release, one-

third of released prisoners were readmitted to the ADOC.[2] The rate of recidivism is particularly high for individuals who are released on a split sentence, like Pearson and Naylor. ADOC reports that approximately seventy-five percent of all prisoners readmitted were those released to parole and those released to probation on a split sentence. Id. Nearly one-half of all prisoners readmitted were those who received a split sentence. Id.

In addition to high rates of recidivism, Pearson has a history of failing to meet the conditions of probation. In 1997, he was placed on probation as a youthful offender. His probation was later revoked.[3] In June 1999, he was sentenced to 10 years of probation.[4] By December 1999, his probation was revoked.[5] Pearson's criminal record indicates that he has never successfully completed probation nor has he remained in the free world for any significant period of time.[6] As an adult, he has been convicted of several felonies and has been repeatedly incarcerated in the ADOC and county jail.[7] In 2003, after being released from serving a ten year sentence in the ADOC, he was arrested approximately one year later and re-incarcerated.[8] It is quite realistic that he will return to the ADOC yet again.

B. <u>Plaintiffs can be Readmitted to the ADOC without Engaging in Unlawful Conduct.</u>

---

[2] Alabama Department of Corrections. Annual Report Fiscal Year 2014 at p49, http://www.doc.state.al.us/docs/AnnualRpts/2014AnnualReport.pdf (last visited April 14, 2015)

[3] <u>State of Alabama vs. Bradley Pearson</u>, CC 1997-27771 and 27671.

[4] <u>State of Alabama vs. Bradley Pearson</u>, CC 1999-147.

[5] <u>State of Alabama vs. Bradley Pearson</u>, CC 1999-13170.

[6] <u>See generally</u>, "Bradley Leon Pearson", Alacourt.com.

[7] <u>Id</u>.

[8] <u>State of Alabama vs. Bradley Pearson</u>, DC 2004-1649 and 2507.

Pearson and Naylor do not have to commit an unlawful act to violate the terms of their probation. Instead, it is likely that plaintiffs will fail to meet certain technical requirements of their probation. In Armstrong, the Ninth Circuit recognized that parolees with disabilities face more difficulties and are more likely to have their parole violated for minor infractions:

> [W]e find that the parolee plaintiffs have standing to sue for a violation [of] the ADA. Our conclusion is bolstered by the fact that a person with disabilities is more likely to be suspected of conduct that results in the revocation of parole than other parolees. The district court specifically found that hearing impaired, learning impaired, and developmentally disabled individuals engage in a range of coping mechanisms that can give the false impression of uncooperative behavior or lack of remorse. It is therefore likely that these individuals will have difficulty interacting with the personnel who supervised their parole, explaining any innocent but non-conforming behavior, and showing remorse for otherwise minor infractions of the conditions of their parole that do not rise to the level of unlawful conduct.

275 at 867, *abrogated on other grounds*. Given their respective disabilities, it is probable that plaintiffs will face the types of difficulties noted in Armstrong. Additionally, given the obstacles persons with disabilities often face when seeking employment and Pearson's and Naylor's lack of education and skills, it will be very difficult for them to maintain suitable employment and pay the costs of probation. Pearson and Naylor both have disabilities which limit their ability to interact with others. Pearson is deaf and Naylor is blind.[9] These disabilities in and of themselves limit employment options. In addition, neither Pearson nor Naylor have obtained a GED or vocational trade. While in the ADOC, they both attempted to obtain a GED. (Doc. 99 at 109, 111). Naylor requested to participate in the GED program at Hamilton A&I and was told by staff that they would "check into it." (Id. at 111). He never received a follow-up response. (Id.). Pearson signed up for the GED class at Limestone. (Id. at 109). He was never provided an

---

[9] Plaintiffs' disabilities will require them to be highly dependent on others. This will likely impact their ability to seek employment and/or apply for disability benefits, as well as get to their appointments at the probation office. Naylor's blindness may also affect his ability to know when he has crossed state lines, and thus violated of his probation.

interpreter to assist him. (Id). He remained in the class for two months, but could not understand the information without a qualified interpreter. (Id). When Pearson later requested that ADOC allow him to learn a trade, he was denied because he had not completed the GED course. (Id). Similarly, there were no programs available to Naylor, prior to his release, to assist him with reentry. (Id. at 111). Both Pearson and Naylor were eligible for work release but were denied due to their disabilities. (Id. at 18, 112). Without adequate preparation for reentry, the odds that Pearson and Naylor will successfully complete probation are slim.

   C. <u>Plaintiffs will be Subject to the Same Discriminatory Conditions if Readmitted to the ADOC.</u>

In Plaintiffs' Second Amended Complaint, Pearson and Naylor allege that the ADOC repeatedly failed to provide them with reasonable accommodations pursuant to the ADA. (Doc. 99 at 18). If they are readmitted to the ADOC under their current sentence, plaintiffs will face the same discriminatory practices asserted in their Complaint.

In their Partial Motion to Dismiss, Defendants cite a number of cases to support their argument that Pearson and Naylor's claims are moot. (Doc. 127 at 2). The cases cited by Defendants generally fall into two categories and are inapplicable to the present case.

Defendants cite a number of cases that relate to claims about conditions in specific facilities. These cases were dismissed as moot following the plaintiffs' transfers to facilities about which they did not complain. *See* <u>Spears v. Thigpen</u>, 846 F.2d 1327, 1328 (11th Cir. 1988) (plaintiff complained of conditions at West Jefferson Correctional Facility, and was subsequently transferred to a different prison); <u>Wahl v. McIver</u>, 773 F.2d 1169 (11th Cir. 1985) (plaintiff complained of conditions at county jail, and was subsequently transferred to prison); <u>McKinnon</u>

9

v. Talladega County, Ala., 745 F.2d 1360 (11th Cir. 1984) (same); Mitchell v. Pearce, 2013 WL 625323, *1 n.2 (N.D. Ala. Feb. 19, 2013) (plaintiff complained of an incident at Hamilton Correctional Facility, and was subsequently transferred to a different prison). None of these cases address problems that are alleged to occur in multiple locations. These cases also do not address the likelihood of the plaintiffs re-entering the place where the actions or conditions they alleged had occurred. Secondly, Defendants cite cases where the prisoners were released from prison, but without any conditions of probation. *See* Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986); Finley v. Georgia Dept. of Corrections, 2014 WL 185337, *3 (M.D. Ga. Jan. 15, 2014). None of these cases address claims involving prisoners who were released on probation or parole.

Notwithstanding, each of these cases can be distinguished from the present case. Here, unlike in the cases cited by Defendants, Pearson and Naylor have been released subject to certain terms and conditions. Given such conditions, they can be returned to prison at any time. Furthermore, their complaints are not specific to one facility. Plaintiffs complain about systemic problems of discrimination. They allege that facilities throughout the ADOC violate the ADA and §504. (*See generally* Doc. 99). Thus, Plaintiffs Pearson and Naylor face a real threat that they will re-enter the ADOC and return to a facility with the same discriminatory practices alleged in their Complaint.[10] The fact that they will face such discrimination upon reentry is not "too speculative." It is almost certain. Indeed, Plaintiff Naylor complained of discrimination occurring in the reception center at Kilby. (Doc. 99 at 105). All male prisoners must be housed

---

[10] Defendants cite Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985), Walker v. Boyd, 2014 WL at *2 (M.D. Ala. Mar27, 2014), and Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d. Cir. 1993) to support their argument that it is unlikely that plaintiffs will face similar conditions if readmitted to the ADOC. Unlike the present case, the cases cited by Defendants do not involve allegations of systemic problems. They involve complaints about individual facilities within a larger system. Therefore, the notion that those prisoners were unlikely to end up in the same facilities that they complained of is quite different from the present case where Pearson and Naylor would face the same conditions regardless of which ADOC facility to which they are readmitted.

10

at Kilby upon entering the ADOC.  *See* <u>Hardwick v. Brinson</u>, 523 F.2d 798, 800 (5th Cir. 1975) (finding that defendants failed to make out a case of mootness where they "were unable to advise that appellant would not be returned to the Reidsville Prison.  Thus the same alleged conduct which appellant complains of may occur").

## CONCLUSION

Plaintiffs Pearson and Naylor have been discriminated against by the ADOC in violation of the ADA and §504.  They currently remain in state custody and continue to face a real threat of future discrimination by the ADOC.  Their cases are not moot.  They have an ongoing personal stake in the litigation.  Therefore, Plaintiffs respectfully request that this Court deny Defendants' Partial Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint.

RESPECTFULLY SUBMITTED this 15th day of April, 2015,

/s/ Latasha L. McCrary
Latasha L. McCrary

Maria V. Morris (ASB-2198-R64M)
Ebony G. Howard (ASB-7247-O76H)
Latasha L. McCrary (ASB-1935-L75M)
Valentina Restrepo (ASB-7422-I67Z)
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481
maria.morris@splcenter.org
ebony.howard@splcenter.org
latasha.mccrary@splcenter.org
valentina.restrepo@splcenter.org


Miriam Haskell* (Florida Bar No. 069033)
SOUTHERN POVERTY LAW CENTER
P.O. Box 370037
Miami, FL 33137

Telephone: (786) 347-2056
Facsimile: (786) 237-2949
miriam.haskell@splcenter.org
*admitted pro hac vice

William Van Der Pol, Jr. (ASB-2112-114F)
J. Patrick Hackney (ASB-6971-H51J)
Alabama Disabilities Advocacy Program (ADAP)
Box 870395
Tuscaloosa, AL 35487
Telephone: (205) 348-4928
Facsimile: (205) 348-3909
wvanderpoljr@adap.ua.edu
jphackney@adap.ua.edu

Brent L. Rosen
Baker Donelson Bearman Caldwell & Berkowitz PC
614 S. Hull Street
Montgomery, AL 36104
Telephone:  334-223-3014
Facsimile:  334-263-0960
brosen@bakerdonelson.com

William Glassell Somerville, III
Andrew Philip Walsh
Baker Donelson Bearman Caldwell & Berkowitz
420 20th Street North; Suite 1400
Birmingham, AL 35203
Telephone:  205-250-8375
Facsimile:  205-488-3775
wsomerville@bakerdonelson.com
awalsh@bakerdonelson.com

Gregory M. Zarzaur
Anil A. Mujumdar
Diandra S. Debrosse
Zarzaur Mujumdar & Debrosse
2332 2nd Avenue North
Birmingham, AL  35203
Telephone:  205-983-7985
Facsimile:  888-505-0523
gregory@zarzaur.com
anil@zarzaur.com
diandra@zarzaur.com

**ATTORNEYS FOR THE PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 15th day of April, 2015, served a copy of the foregoing to all counsel of record, including the following opposing counsel, by e-filing with the Court:

David Randall Boyd, Esq.
John Garland Smith, Esq.
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL 36101

Michael Leon Edwards, Esq.
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201

Susan Nettles Han, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203

William Richard Lunsford, Esq.
Maynard Cooper & Gale PC
655 Gallatin Street
Huntsville, AL 35801

Anne Hill, Esq.
Elizabeth Anne Sees, Esq.
Alabama Department of Corrections
Legal Division
301 South Ripley Street
Montgomery, AL 36130

Mitesh Shah, Esq.
Janine McKinnon McAdory, Esq.
Maynard, Cooper & Gale, PC
1901 6th Avenue North, Suite 2400
Birmingham, AL 35203

/s/ Latasha L. McCrary
Counsel for the Plaintiffs