IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JOSHUA DUNN, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action Number |
| | ) | |
| v. | ) | 2:14-cv-00601-MHT-TFM |
| | ) | |
| JEFFERSON DUNN, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF ELDON VAIL REGARDING THE SCOPE OF ADEQUATE INSPECTIONS**

I, Eldon Vail, declare as follows:

1.  I am a former corrections administrator with nearly 35 years of experience working in and administering adult and juvenile institutions. Before becoming a corrections administrator, I held various line and supervisory level positions in a number of prisons and juvenile facilities in Washington State. I have served as the Superintendent (Warden) of 3 adult institutions, including facilities that housed maximum, medium and minimum-security inmates.

2.  I served for seven years as the Deputy Secretary for the Washington State Department of Corrections (WDOC), responsible for the operation of prisons and community corrections. I briefly retired, but was asked by the former Governor of Washington, Chris Gregoire, to come out of retirement to serve as the Secretary of the Department of Corrections in the fall of 2007. I served as the Secretary for four years, until I retired in 2011.

3.  Since my retirement I have served as an expert witness and correctional consultant for cases and issues over twenty times in ten different states. As part of my work in several cases I have toured and inspected eighteen prisons, several of them more than once, as an expert for Plaintiffs' counsel and in North Carolina, as a special master. Attached hereto is a true and correct copy of my resume, which lists my work experience, publications, and service as an expert witness. My

1

billing rate for work on this case is $150 per hour.

4.      As a Superintendent, Assistant Director of Prisons, Assistant Deputy Secretary, Deputy Secretary and Secretary, I have been responsible for the safe and secure operations of adult prisons in the State of Washington, a jurisdiction that saw and continues to see a significant downward trend in prison violence. As an expert witness and consultant I have been called upon to address security issues in adult prisons in other states. I am experienced with sound correctional practice and I am familiar with the issues presented by people, including litigation teams, touring and inspecting prison facilities.

5.      I have been asked by Plaintiffs' counsel to offer my opinion on whether or not a tour of a facility by prison experts that includes the ability for those experts to talk with inmates and staff at the facility and review program logs and records presents a security risk.

6.      Prisons are accustomed to having visitors and outside officials tour and inspect their facilities. Such tours happen in every jurisdiction of which I am familiar. During those tours it is typical for visitors to be allowed to speak with staff and inmates. During a tour related to litigation, it is typical for experts to be allowed to review records and inspect logs in living units and in program areas. Given my own experience and comfort in the prison environment, as well as the other experts named in this case, it is inconceivable to me that our presence in Alabama prisons would create any kind of security risk whatsoever.

7.      This lawsuit is about certain conditions within the Alabama Department of Corrections, particularly the adequacy of medical and mental health care, and the accommodations of prisoners with disabilities.   The named plaintiffs have described their experiences and made certain allegations.  Security considerations impact the provision of care and accommodations in prisons.  For example, whether particular areas of prisons are visible from where correctional officers are stationed can affect the response time for a medical emergency.  Similarly, whether there are officers available to escort an inmate to the medical unit can

affect the adequacy or timeliness of care.   As an expert retained in the case it is critical for me to be able to speak with and interview other inmates in order to understand and evaluate their experience independent from the named plaintiffs.

8. Even though prisons have many similar aspects to their operation, nomenclature and local practice can differ a great deal from one prison system to another. As an expert I need to be able to speak with prison staff to simply understand how things work at a basic operational level. The same reasoning applies to my access to living unit and program logs. These documents simply tell what is done and how it is recorded.

9. Typically in a tour of a prison related to litigation, attorneys for both parties accompany the experts touring the prison. In order to understand the basics of how a different system or prison works, it is important to be able to ask basic questions about facility operation. Those questions, by my own experience as an expert and as a corrections practitioner, need to be asked in the presence of defense counsel. In my experience it is very rare, although it does happen, for lawyers to intervene regarding whether or not a specific question should be answered. When they do, my experience is to step back and let the question be resolved while opposing counsel confers.

10. I am very comfortable inside the prison environment. I am experienced and accustomed to speaking with inmates at the cell front and outside the cell. I understand the need for order and security in the prison and regularly take my cues from custody staff escorting me on prison inspections and I follow their direction. My arrival in a living unit has never caused any other jurisdiction to have a security problem.

11. For over a decade I was either the Secretary or the Deputy Secretary of the Washington State Department of Corrections. At that time we held approximately eighteen thousand inmates in fifteen different prisons. Litigation was a fact of life for me as a prison administrator and I regularly and routinely allowed for Plaintiffs' attorneys and their experts to inspect the prison, speak with inmates,

3

review records and look at logs. I never had a problem and do not anticipate having one should I be allowed similar access to prisons in the Alabama Department of Corrections.

12.     Without access to speak with prisoners other than the named plaintiffs, it would be impossible for me to assess if the issues raised by the named plaintiffs are common in the larger prison population. Similarly, without some access to question staff about routine operations, in the presence of Defendant's counsel, and to be able to inspect logs and records, I would be unable to understand even the most basic operation of the prisons that I inspect.

I declare under penalty of perjury that the foregoing is true and corrected. Executed this the 29th day of April, 2015 at Rome, New York.

_____
ELDON VAIL

# Exhibit A

**ELDON VAIL**
1516 8th Ave SE
Olympia, WA. 98501
360-349-3033
Nodleliav@comcast.net

## WORK HISTORY

Nearly 35 years working in and administering adult and juvenile institutions, and probation and parole programs, starting at the entry level and rising to Department Secretary. Served as Superintendent of 3 adult institutions, maximum to minimum security, male and female. Served as Secretary for the Washington State Department of Corrections (WADOC) from 2007 until 201l.

- Secretary                       WADOC                              2007-2011
- Deputy Secretary                WADOC                              1999-2006
- Assistant Deputy Secretary      WADOC                              1997-1999
- Assistant Director for Prisons  WADOC                              1994-1997
- Superintendent                  McNeil Island Corrections Center   1992-1994
- Superintendent                  WA. Corrections Center for Women   1989-1992
- Correctional Program Manager    WA. Corrections Center             1988
- Superintendent                  Cedar Creek Corrections Center     1987
- Correctional Program Manager    Cedar Creek Corrections Center     1984-1987
- Juvenile Parole Officer         Division of Juvenile Rehabilitation 1984
- Correctional Unit Supervisor    Cedar Creek Corrections Center     1979-1983
- Juvenile Institution Counselor  Division of Juvenile Rehabilitation 1974-1979

## SKILLS AND ABILITIES

- Ability to analyze complex situations, synthesize the information and find practical solutions that are acceptable to all parties.

- A history of work experience that demonstrates how a balance of strong security and robust inmate programs best improves institution and community safety.

- Leadership of a prison system with very little class action litigation based on practical knowledge that constitutional conditions are best achieved through negotiation with all parties and not through litigation.

- Extensive experience as a witness, both in deposition and at trial.

- Experience working with multiple Governors, legislators of both parties, criminal justice partners and constituent groups in the legislative and policymaking process.

1

- Skilled labor negotiator for over a decade. Served as chief negotiator with the Teamsters and the Washington Public Employees Association for Collective Bargaining Agreements. Chaired Labor Management meetings with Washington Federation of State Employees.

## HIGHLIGHTS OF CAREER ACCOMPLISHMENTS

- Reduced violence in adult prisons in Washington by over 30% during my tenure as Secretary and Deputy Secretary even though the prison population became much more violent and high risk during this same time period.

- Achieved dramatic reduction in escapes, including from minimum-security facilities.

- Increased partnerships with non-profits, law enforcement and community members in support of agency goals and improved community safety.

- Implemented and administered an extensive array of evidence based and promising programs:

    o Education, drug and alcohol, sex offender and cognitive treatment programs.
    o Implemented sentencing alternatives via legislation and policy, reducing the prison populations of non-violent, low risk offenders, including the Drug Offender Sentencing Alternative and, as the Secretary, the Family and Offender Sentencing Alternative. http://www.doc.wa.gov/community/fosa/default.asp
    o Pioneered extensive family based programs resulting in reductions in use of force incidents and infractions, as well as improved reentry outcomes for program participants.
    o Established Intensive Treatment Program for mentally ill inmates with behavioral problems.
    o Established step down programs for long-term segregation inmates resulting in significant reduction in program graduate returns to segregation. http://www.thenewstribune.com/2012/07/10/2210762/isolating-prisoners-less-common.html

- Initiated the Sustainable Prisons Project http://blogs.evergreen.edu/sustainableprisons/

- Improved efficiency in the agency by administrative consolidation, closing 3 high cost institutions and eliminating over 1,200 positions. Housed inmates safely at lowest possible custody levels, also resulting in reduced operating costs.

- Resolved potential class action lawsuit regarding religious rights of Native Americans. http://seattletimes.nwsource.com/html/opinion/2015464624_guest30galanda.html

- Successful settlement of the Jane Doe class action law suit, a PREA case regarding female offenders in the state's women's' prisons.

- Led the nation's corrections directors to support fundamental change in the Interstate Compact as a result of the shooting of 4 police officers in Lakewood, WA.

- Administered the only state agency that bent the curve on health care costs while improving treatment outcomes.

- Dramatically improved media relations for the department by being aggressively open with journalists, challenging them to learn the difficult work performed by corrections professionals on a daily basis.

- Long term collaboration with the University of Washington focusing on the mentally ill in prison and management of prisoners in and through solitary confinement.

**EDUCATION AND OTHER BACKGROUND INFORMATION**

- Bachelor of Arts - The Evergreen State College, Washington – 1973

- Post graduate work in Public Administration - The Evergreen State College, Washington - 1980 and 1981

- National Institute of Corrections and Washington State Criminal Justice Training Commission - various corrections and leadership training courses

- Member of the American Correctional Association

- Associate member, Association of State Correctional Administrators (ASCA)

- Guest Speaker, Trainer and Author for the National Institute of Corrections (NIC)

- Commissioner, Washington State Criminal Justice Training Commission 2002-2006, 2008-2011

- Member, Washington State Sentencing Guidelines Commission 2007-2011

- Instructor for Correctional Leadership Development for the National Institute of Corrections

- Author of *Going Beyond Administrative Efficiency—The Budget Crisis in the State of Washington*, published in Topics of Community Corrections by NIC, 2003

- Advisory Panel Member, *Correctional Technology—A User's Guide*

3

- Consultant for *Correctional Leadership Competencies for the 21st Century*, an NIC publication

- Co-chair with King County Prosecutor Dan Satterberg, *Examining the Tool Box: A Review of Supervision of Dangerous Mentally Ill Offenders* http://www.dbhds.virginia.gov/documents/Adm/080101-KingCountyReport.pdf

- Consultant for Correctional Health Care Executive Curriculum Development, an NIC training program, 2012

- Guest lecturer on solitary confinement, University of Montana Law School in 2012

- On retainer for Pioneer Human Services from July 2012 - July 2013

- On retainer for BRK Management Services from September 2012 – April 2013

- Guest Editorial, Seattle Times, February 22, 2014 http://seattletimes.com/html/editorialsopinionpages/2022966008_should-death-penalty-be-abolished.html

**CURRENT ACTIVITIES**

- Serve on the Board of Advisors for Huy, a non-profit supporting Native American Prisoners

- Registered Agent for ASCA in Washington

- Retained as an expert witness or consultant in the following cases:

    o *Mitchell v. Cate*,
        No. 08-CV-1196 JAM EFB
        United States District Court, Eastern District of California,
        Declarations, March 4, 2013, May 15, 2013 and June 7, 2013
        Deposed, July 9, 2013
        Case settled, October 2014

    o *Parsons, et al v. Ryan*,
        No. CV 12-06010 PHX-NVW
        United States District Court of Arizona
        Declarations and reports, November 8, 2013, January 31, 2014, February 24, 2014, September 4, 2014
        Deposed, February 28, 2014 and September 17, 2014
        Case settled, October 2014

4

- *Gifford v. State of Oregon*,
    No. 6:11-CV-06417-TC
    United States District Court, For the District of Oregon,
    Eugene Division,
    Expert report, March 29, 2013
    Case settled, May 2013

- *Ananachescu v. County of Clark*,
    No. 3:13-cv-05222-BHS
    United States District Court, Western District of Tacoma
    Case settled, February 2014

- *Coleman et al v. Brown, et al,*
    No. 2:90-cv-0520 LKK JMP P
    United State District Court, Eastern District of California,
    Declarations, March 14, 2013, May 29, 2013, August 23, 2013 and February 11, 2014
    Deposed, March 19, 2013 and June 27, 2013
    Testified, October 1, 2, 17 and 18, 2013

- *Peoples v. Fischer*,
    No. 1:11-cv-02694-SAS
    United States District Court, Southern District of New York
    Interim settlement agreement reached February 19, 2014,
    Negotiations ongoing

- *Dockery v. McCarty*,
    No. 3:13-cv-326 TSL JMR
    United States District Court for the Southern District of Mississippi, Jackson Division
    Report, June 16, 2014

- *C.B., et al v. Walnut Grove Correctional Authority et al*,
    No. 3:10-cv-663 DPS-FKB,
    United States District Court for the Southern District of Mississippi, Jackson Division
    Memo to ACLU and Southern Poverty Law Center, March 14, 2014, filed with the court
    Reports to the court August 4, 2014 and February 10, 2015
    Testified April 1, 2 and 27, 2015

- *Graves v. Arpaio,*
    No. CV-77-00479-PHX-NVW,
    United States District Court of Arizona
    Declaration, November 15, 2013
    Testified on March 5, 2014

5

- *Wright v. Annucci, et al,*
  - No. 13-CV-0564 (MAD)(ATB)
  - United States District Court, Northern District of New York
  - Reports, April 19, 2014 and December 12, 2014

- *Corbett v. Branker,*
  - No. 5:13 CT-3201-BO
  - United States District Court, Eastern District of North Carolina, Western District
  - Special Master appointment November 18, 2013
  - Expert Report, January 14, 2014
  - Testified, March 21, 2014

- *Fontano v. Godinez,*
  - No. 3:12-cv-3042
  - United States District Court, Central District of Illinois, Springfield Division
  - Report, August 16, 2014

- *Atencio v. Arpaio,*
  - No. CV12-02376-PHX-PGR
  - United States District Court of Arizona
  - Reports, February 14, 2014 and May 12, 2014
  - Deposed on July 30, 2014

- *State of Oregon v. James DeFrank,*
  - Case # 11094090C
  - Malheur County, Oregon

- *Disability Rights, Montana, Inc. v. Richard Opper,*
  - No. CV-14-25-BU-SHE
  - United State District Court for the District of Montana, Butte Division

- *Larry Heggem v. Snohomish County,*
  - No. CV-01333-RSM
  - United States District Court, Western District of Washington at Seattle
  - Report, May 29, 2014
  - Deposed, June 27, 2014

- *Padilla v. Beard, et al,*
  - Case 2:14-at-00575
  - United States District Court, Eastern District of California, Sacramento Division

- *Dunn et al v. Thomas et al,*
  No. 2:14-cv-00601-WKW-TFM
  United States District Court, Middle District of Alabama
  Declaration, September 3, 2014

- *Sassman v. Brown,*
  No. 2:14-cv-01679-MCE-KJN,
  United States District Court, Eastern District of California,
  Sacramento Division
  Declaration, August 27, 2014,
  Report, December 5, 2014
  Deposed, December 15, 2014

- *Manning v. Hagel,*
  No. 1:14-cv-01609
  United States District Court for the District of Columbia

- *Doe v. Michigan Department of Corrections*
  No. 5:13-cv-14356-RHC-RSW
  United States District Court, Eastern District of Michigan,
  Southern Division

- *Robertson v. Struffert, et al*
  Case 4:12-cv-04698-JSW
  United States District Court, Northern District of California
  Declaration March 16, 2015

- *Commonwealth of Virginia v. Reginald Cornelius Latson*
  Case No: GC14008381—00
  General District Court of the County of Stafford
  Report to the Governor of Virginia, January 12, 2015
  Pardon granted

- *Star v. Livingston*
  Case No: 4:14-cv-03037
  United States District Court, Southern District of Texas,
  Houston Division
  Report March 3, 2015

- *Redmond v. Crowther*
  Civil No. 2:13-cv-00393-PMW
  United States District Court, Central Division,
  State of Utah
  Report April 28, 2015

7