INTHE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JOSHUA DUNN, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action Number: |
| v. | ) | |
| | ) | 2:14-cv-00601-MHT-TFM |
| JEFFERSON DUNN, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL ADEQUATE SITE INSPECTIONS BY EXPERTS (OPPOSED)**

Plaintiffs moved for, and continue to seek, adequate expert inspections. Such inspections should include the ability to speak with inmates as the experts walk through the facilities. They should also include the ability to pose questions to staff. The issue relating to review of documents is currently before the District Court and need not be addressed in relation to Plaintiffs' Motion to Compel Adequate Site Inspections by Experts ("Motion").

## I. PLAINTIFFS' EXPERTS NEED ADEQUATE SITE INSPECTIONS TO GATHER THE INFORMATION NEEDED TO FORM THEIR OPINIONS

The dispute over the appropriate scope of the expert inspections has come into much sharper focus since the filing of the Motion.

Plaintiffs filed the Motion on April 30, 2015. Doc. 152. Some of Plaintiffs' experts inspected a small number of prisons in mid-May, while the Motion was pending.

As stated in the Motion, Plaintiffs' experts seek to be able to speak with inmates as they walk through the facilities. This will enable the experts to gain broader knowledge of the practices in the facilities relevant to their particular expertise, to better understand the problems facing the inmates and to better identify individuals to ask to interview in a confidential setting. The inability to engage in this process significantly reduces the value of the site inspections for each of the experts.

With regard to speaking with staff, Plaintiffs' experts seek to be able to ask questions to understand the basics of what they are seeing in the facilities. Going through counsel to ask questions was often ineffective. In one instance, Plaintiffs' dental expert asked defense counsel about a specific practice. Defense counsel, not being trained in dentistry, was unable to transmit the request to the dentist at the facility in a way that the facility dentist understood. Defense counsel ultimately allowed the Plaintiffs' dental expert to ask a couple questions to the facility dentist. The facility dentist was able to show the dental expert what he needed to see with no difficulty. On the other hand, when Plaintiffs' correctional security expert asked a question about certain cameras, the question appeared not to be understood

and, though asked numerous times, was never adequately answered. Requiring each question to pass through Defense counsel was not merely inefficient; it hampered communication of basic information.

As a clarifying point, Defendants, in their first response to Plaintiffs' Motion, assert that Plaintiffs propose "informal questioning [of staff] outside the presence of the State's counsel. Doc. 157 at 5. This is not what Plaintiffs' counsel propose. Plaintiffs' counsel have never asked that the questions be asked outside of the presence of State's counsel. Rather, Plaintiffs propose that questions that will be more effectively asked and answered on site be posed to the people that will be able to answer them in the presence of counsel. If Defense counsel believe that the question is going beyond simply asking about the operations being inspected by the expert, they can instruct the staff member not to answer. Plaintiffs' correctional security expert, a former Warden and Secretary of the Washington Department of Corrections, describes just such a practice as typical:

> Typically during a prison inspection a local official, such as the Warden will lead the tour and questions from Plaintiffs will be asked of that person in the presence of Defendants' counsel. If the question is outside the bounds of the purpose of the tour, that counsel will interrupt and the question will go unanswered. It is a process utilized in the other jurisdictions of which I am familiar.

Exhibit 1 (Supplemental Declaration of Eldon Vail) at ¶10.

## II. THE PARTIES' AGREEMENT DOES NOT MOOT THE MOTION; IT HIGHLIGHTS THE NEED FOR DIFFERENT INSPECTION TERMS

Prior to a recent change in the class-certification related deadlines in this matter, Plaintiffs had a deadline of June 1, 2015 to submit expert declarations in support of class certification. To ensure that the experts had at least some of the information needed, Plaintiffs' counsel requested a small number of inspections and entered into an agreement with Defense counsel over the scope of the inspections. *See* Doc. 194 at 13-20.

Between May 13 and May 20, 2015, Plaintiffs' psychiatric, medical, dental, ADA and security experts visited two or three facilities each.[1] The experts stayed within the limitations of the agreement, and found that the limitations significantly interfered with their inspections of the facilities. The limitations meant that the experts were able to speak with very few inmates, far fewer than they have been able to speak with in prison systems throughout the country. *See* Ex. 1 at ¶¶ 5-8; Exhibit 2 (Declaration of Dr. Kathryn A. Burns) at ¶¶ 9-14; Exhibit 3 (Supplemental Declaration of Dr. Peter D. Blanck) at ¶¶ 7-9. The limitations

[1] The visits were as follows:

| Name | Area | Dates | Facilities |
|---|---|---|---|
| Dr. Kathryn Burns | Psychiatric | May 13, 14, 15 | Tutwiler, Bibb, St. Clair |
| Eldon Vail | Security | May 13, 14, 15 | Tutwiler, Bibb, St. Clair |
| Dr. Peter Blanck | ADA - Programmatic | May 13, 14 | Hamilton, Donaldson |
| Dr. Todd Wilcox | Medical | May 19, 20 | Staton, Donaldson |
| Dr. Jay Shulman | Dental | May 19, 20 | Staton, Donaldson |

imposed by Defendants resulted in unnecessary tension in the facilities. Ex. 1 at ¶¶ 3, 11. Such limitations meant that the experts could not select persons to speak with in confidential interviews in the manner that they, in their expertise, would choose to make selections. Ex. 2 at ¶¶ 13-14; Ex. 3 at ¶¶ 11-14. The experts' inability to speak directly with staff led to incomplete information, as questions transmitted through Defense counsel could not be followed up on, and in many cases went unanswered. Ex. 1 at ¶ 9.

Defendants assert in their Supplemental Response to the Motion that the Motion is moot because the parties proceeded with a small number of site inspections pursuant to an agreement entered into while the Motion was pending. Doc. 194. However, the agreement specifically stated: "Nothing in this Agreement shall be construed as a waiver by either party to petition to the Court to expand or limit contact between Plaintiffs' experts and the individuals working, employed or incarcerated within the Specified Facilities." Doc. 194 at 19. Similarly, the agreement stated that it should not be construed to limit the right to petition the Court to "to expand or limit Plaintiffs' experts' access to documents within the Specified Facilities." *Id*. at 18.

Throughout the agreement, Plaintiffs insisted on, and Defendants accepted, language acknowledging that the parties had the right to petition the Court for changes to the scope of the inspections, and that the agreement would be modified

in accord with any Court orders. *Id*. at 13-20. Plaintiffs proceeded under the limitations set forth in the agreement because the Court had not yet made any orders on the Motion and Plaintiffs did not want to delay, particularly in light of the then-pending deadlines.

## III. WHETHER HIPAA RELEASES ARE REQUIRED DOES NOT NEED TO BE ADDRESSED HERE

The other issue raised in the Motion was the applicability of HIPAA to documents to be viewed by experts. Doc. 152 at 12-17. This Court has ruled on the issues relating to the applicability of HIPAA in this matter. Doc. 163. Plaintiffs have objected, and Defendants have responded. Docs. 173 and 189. This issue is currently before the Judge Thompson and need not be addressed in regard to this Motion.

## CONCLUSION

Plaintiffs' experts need to have adequate access to the people incarcerated in and working in ADOC prisons to develop their knowledge of the issues in this case. The access they seek to prisoners and staff is the same kind of access they have had in other systems, and, in one case, in the ADOC in the past. It is the primary mechanism for gaining the information with which they will be able to best assist the Court. Plaintiffs' experts should be permitted to conduct their site inspections in the manner that they, as experts, believe is appropriate. To do so,

they should be allowed to interview inmates as they walk through the facilities, and, in the presence of counsel, staff of ADOC, MHM and Corizon.

Dated: June 4, 2015

Respectfully Submitted,

/s/ Maria V. Morris
Maria V. Morris

Rhonda Brownstein (ASB-3193-O64-R)
Maria V. Morris (ASB-2198-R64M)
Latasha L. McCrary (ASB-1935-L75M)
Valentina Restrepo (ASB-7422-I67Z)
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481
rhonda .brownstein@splcenter.org
maria.morris@splcenter.org
latasha.mccrary@splcenter.org
valentina.restrepo@splcenter.org

Miriam Haskell* (FL. Bar No. 069033)
SOUTHERN POVERTY LAW CENTER
P.O. Box 370037
Miami, FL 33137
Telephone: (786) 347-2056
Facsimile: (786) 237-2949
miriam.haskell@splcenter.org
**admitted pro hac vice*

William Van Der Pol, Jr. (ASB-2112-114F)
J. Patrick Hackney (ASB-6971-H51J)
Alabama Disabilities Advocacy Program
Box 870395
Tuscaloosa, AL 35487

Phone: (205) 348-4928
Fax: (205) 348-3909

Brent L. Rosen
Baker Donelson Bearman Caldwell & Berkowitz PC
614 S. Hull Street
Montgomery, AL 36104
Telephone: 334-223-3014
Facsimile: 334-263-0960
brosen@bakerdonelson.com

William Glassell Somerville, III
Andrew Philip Walsh
Baker Donelson Bearman Caldwell & Berkowitz
420 20th Street North; Suite 1400
Birmingham, AL 35203
Telephone: 205-250-8375
Facsimile: 205-488-3775
wsomerville@bakerdonelson.com
awalsh@bakerdonelson.com

Gregory M. Zarzaur
Anil A. Mujumdar
Diandra S. Debrosse
Zarzaur Mujumdar & Debrosse
2332 2nd Avenue North
Birmingham, AL 35203
Telephone: 205-983-7985
Facsimile: 888-505-0523
gregory@zarzaur.com
anil@zarzaur.com
diandra@zarzaur.com
**ATTORNEYS FOR THE PLAINTIFFS**

## EXHIBITS

Exhibit 1: Supplemental Declaration of Eldon Vail Regarding the Adequacy of Site Inspections

Exhibit 2: Declaration of Dr. Kathryn A. Burns Regarding the Adequacy of Site Inspections

Exhibit 3: Supplemental Declaration of Dr. Peter Blanck, Ph.D., J.D., Regarding the Adequacy of Site Inspection Protocols

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 4th day of June, 2015, served a copy of the foregoing to all counsel of record, including the following opposing counsel and the mediator, by e-filing with the Court:

David Randall Boyd, Esq.
John Garland Smith, Esq.
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL 36101

Michael Leon Edwards, Esq.
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201

Susan Nettles Han, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203

William Richard Lunsford, Esq.
Maynard Cooper & Gale PC
655 Gallatin Street
Huntsville, AL 35801

Anne Hill, Esq.
Elizabeth Anne Sees, Esq.
Alabama Department of Corrections
Legal Division
301 South Ripley Street
Montgomery, AL 36130

Mitesh Shah, Esq.
Maynard, Cooper & Gale, PC
1901 6th Avenue North, Suite 2400
Birmingham, AL 35203

Gordon Douglas Jones
Jones & Hawley, P.C.
2001 Park Place; Suite 830
Birmingham, AL 35203

/s/ Maria V. Morris
Counsel for the Plaintiffs