IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSHUA DUNN, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JEFFERSON DUNN, in his official )<br>capacity as Commissioner of the )<br>Alabama Department of Corrections; )<br>RUTH NAGLICH, in her official )<br>capacity as Associate Commissioner )<br>of Health Services for the Alabama )<br>Department of Corrections; and )<br>ALABAMA DEPARTMENT OF )<br>CORRECTIONS, )<br>)<br>Defendants. ) | CIVIL ACTION NO.:<br>2:14-cv-00601-MHT-TFM |

### THE STATE'S MOTION TO STRIKE THE DECLARATIONS OF RHONDA C. BROWNSTEIN AND MARIA V. MORRIS

Defendants JEFFERSON DUNN (the "Commissioner"), RUTH NAGLICH (the "Associate Commissioner"), and the ALABAMA DEPARTMENT OF CORRECTIONS ("ADOC") (collectively, with the Commissioner and Associate Commissioner, the "State") hereby file this Motion to Strike the Declarations of Rhonda C. Brownstein (Doc. 218-1, the "Brownstein Decl.") and Maria V. Morris (Doc. 218-2, the "Morris Decl."), submitted with Named Plaintiffs' Reply Brief in Support of Named Plaintiffs' Objection to the Magistrate Judge's Order on Named

1

Plaintiffs' Motion to Compel Adequate Site Inspections by Experts. The State respectfully requests that the Court strike the Declarations because the lay opinions of Brownstein and Morris as to the security of roving interviews of inmates in correctional facilities are irrelevant to this litigation.

## INTRODUCTION

The State is not attempting to prevent Named Plaintiffs' counsel or their experts from conducting confidential interviews of inmates during their experts' inspections of ADOC facilities, as Named Plaintiffs suggest. Indeed, as set forth in the State's Opposition to Named Plaintiffs' Objection to the Magistrate Judge's Order on Named Plaintiffs' Motion to Compel Adequate Site Inspections by Experts (Doc. 215, the "Opposition"), the Agreement under which Named Plaintiffs' experts already inspected six (6) ADOC facilities provided for exactly that. Each expert was permitted to select up to ten (10) inmates and interview those inmates confidentially, outside the presence of defense counsel and correctional staff. (Id. at 3-4). The State simply seeks to ensure that the interviews occur under conditions that are safe for the experts, counsel, correctional staff and inmates in the facilities and are not permitted to proceed indefinitely. As set forth in the Opposition and the accompanying Affidavits of Warden Cheryl Price and Captain John Hutton, Named Plaintiffs' proposed approach – of apparently unlimited roving interviews of inmates as the experts walk through the facilities –

2

poses a number of very serious security risks. Named Plaintiffs' attempt to rebut the testimony of Warden Price and Captain Hutton with vague and conclusory statements from counsel should be rejected.

## ARGUMENT

Morris and Brownstein both claim that, as attorneys, they accompanied experts on inspections of ADOC facilities in the past. Importantly, however, neither is a correctional officer. (See Brownstein Decl. ¶ 1; Morris Decl. ¶ 1). Neither claims to have ever worked in a correctional facility or been charged with providing security for visitors to a correctional facility. Their lay opinions regarding security are, therefore, wholly ill-informed and irrelevant.[1]

Brownstein claims that, in two other cases, both of which were settled more than a decade ago, "experts spoke with prisoners while they toured the housing units, both in open bay dorms and in segregation units." (Brownstein Decl. ¶ 3). She claims that "[t]hese interviews were conducted out of earshot of defense counsel and prison staff" (Id.), but she does not provide any information regarding the nature or extent of the interviews. Moreover, Brownstein's Declaration, like Named Plaintiffs' Objection, omits the fact that ***Named Plaintiffs' experts in this case were likewise permitted to interview inmates out of the earshot of defense counsel and prison staff***. Indeed, Named Plaintiffs' counsel interviewed these

---

[1] Their lay opinions are therefore not "helpful to . . . determining a fact in issue." Fed. R. Evid. 701(b).

3

inmates behind closed doors after the inmates agreed to speak to counsel. Named Plaintiffs were afforded exactly what has been requested: the ability to interview inmates that are not parties to the suit. The only thing they were not permitted was roving interviews of inmates as they walked through the facility, and Brownstein's vague description of the other cases does not demonstrate that such interviews were permitted there either.

More importantly, Brownstein's statement that she "was never aware of any dangerous conduct occurring during or in connection with the expert inspections" in those other cases (Id. ¶ 4) is simply irrelevant to this case. She does not state which facilities the experts toured in those cases, what the security levels of those facilities were, or provide any other details regarding the interviews. More to the point, she was not responsible for providing security for those inspections. She does not know what was done to ensure her safety or that of the experts accompanying her; nor was she responsible for implementing any safety measures; nor was she responsible for managing the after-effects of her visit and whether there were issues as a result of her behavior at the inspection. Similarly, Morris's claim that when she participated in inspections of ADOC facilities in the past, "in no instance did anyone get off the bed while we were in the dorms" (Morris Decl. ¶ 4) is wholly irrelevant when viewed in light of the directly contradictory testimony of the actual professionals charged with ensuring the safety of visitors,

correctional staff and inmates. Like Brownstein, Morris was not responsible for providing security for the expert visits in which she participated, and she does not purport to testify about what measures were put in place by the professionals who were responsible for security.

The State, on the other hand, provided testimony about the security risks posed by Named Plaintiffs' proposed approach to inmate interviews from two professionals with over fifty (50) years of combined experience in providing security in correctional settings. (See Affidavits of Captain John Hutton and Warden Cheryl Price, Doc. 215). These individuals are directly responsible for the safety of any visitor to these correctional facilities. Captain John Hutton, who was present and responsible for providing security during Named Plaintiffs' experts' inspection of Bibb Correctional Facility ("Bibb"), provided examples of dangerous conduct that occurred *in this very case when Named Plaintiffs' counsel attempted to make contact with inmates against the instructions of correctional staff*. (Hutton Affidavit, Doc. 215, ¶¶ 4, 5). Specifically, in direct contrast to Morris's statement that during previous inspections she attended inmates did not leave their beds, Captain Hutton testified that during the inspection of Bibb, Named Plaintiffs' counsel pointed at one particular inmate, who then got off his bunk and pressed his identification information against the window. (Id. ¶ 4). *In direct defiance of orders from correctional staff to remain on the bunks, the majority of the other*

***approximately 318 inmates in the bay also rushed toward the windows, and correctional staff had to immediately secure the area.*** (Id.). This type of behavior in a correctional setting is simply unacceptable and cannot be allowed through the process Named Plaintiffs suggest.

Similarly, Warden Cheryl Price of Donaldson Correctional Facility, one of the other facilities Named Plaintiffs' experts toured, testified that in her over thirty (30) years of experience in correctional settings, facility tours have always been limited in time, and visitors have not been allowed to linger in areas where there are large numbers of inmates. (Price Aff., Doc. 215, ¶ 3). Warden Price also does not permit visitors to speak at length with inmates, because inmates' behavior can be unpredictable, and extended conversations can cause them to act out. (Id. ¶ 5).

Brownstein's and Morris's vague statements regarding their own lack of security concerns simply lack the foundation in experience that Captain Hutton and Warden Price have. In light of the specific statements by Captain Hutton and Warden Price, including Captain Hutton's testimony regarding the risks created when Named Plaintiffs' counsel attempted to make contact with inmates during inspections in this very case, the lay opinions Brownstein and Morris offer are irrelevant, and should be stricken from the record.

A process exists that allows Named Plaintiffs to request and in fact interview inmates. They have already interviewed over 25 inmates using this process. The

process allows for the safety of counsel, the inmates and the correctional officers. Named Plaintiffs do not want to follow this process. They would rather ask for an unsafe, unproven process within a correctional setting that endangers all involved; most importantly, they have yet to provide any justification why the process in place does not accomplish their goals.

## CONCLUSION

Based on the foregoing, the State therefore respectfully requests that this Court strike the Brownstein and Morris Declarations and overrule Named Plaintiffs' Objection to the Magistrate Judge's Order.

Respectfully submitted on this the 10th day of July, 2015.

> /s/ William R. Lunsford
> William R. Lunsford
> *Attorney for Defendants Jefferson Dunn and Ruth Naglich*

William R. Lunsford
Melissa K. Marler
**MAYNARD COOPER & GALE PC**
655 Gallatin Street
Huntsville, AL 35801
Telephone: (256) 512-5710
Facsimile: (256) 512-0119
E-mail: blunsford@maynardcooper.com
mmarler@maynardcooper.com


Mitesh B. Shah
Mitchell D. Greggs
**MAYNARD COOPER & GALE PC**

1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
Telephone: (205) 254-1178
Facsimile: (205) 714-6438
E-mail: mshah@maynardcooper.com
mgreggs@maynardcooper.com

                                          */s/ John G. Smith*
                                          John G. Smith
                                          *Attorney for Defendant Alabama*
                                          *Department of Corrections*

John G. Smith
David R. Boyd
**BALCH & BINGHAM LLP**
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (866) 316-9461
E-mail: dboyd@balch.com
jgsmith@balch.com

Michael L. Edwards
J. Eric Getty
Susan Nettles Han
**BALCH & BINGHAM LLP**
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5708
E-mail: medwards@balch.com
egetty@balch.com
shan@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by e-mail and/or by U.S. Mail this the 10th day of July, 2015:

>Maria V. Morris
>Rhonda C. Brownstein
>Ebony G. Howard
>Latasha L. McCrary
>Valentina Restrepo
>J. Richard Cohen
>SOUTHERN POVERTY LAW CENTER
>400 Washington Avenue
>Montgomery, Alabama 36104
>Telephone: (334) 956-8200
>Facsimile: (334) 956-8481
>maria.morris@splcenter.org
>Rhonda.brownstein@splcenter.org
>ebony.howard@splcenter.org
>Latasha.mccrary@splcenter.org
>Valentina.restrepo@splcenter.org
>Richard.cohen@splcenter.org

>Miriam F. Haskell
>SOUTHERN POVERTY LAW CENTER
>P.O. Box 370037
>Miami, Florida 33137
>Telephone: (786) 347-2056
>Facsimile: (786) 237-2949
>miriam.haskell@splcenter.org

>William Van Der Pol, Jr.
>J. Patrick Hackney
>Glenn N. Baxter
>ALABAMA DISABILITIES ADVOCACY PROGRAM
>University of Alabama
>500 Martha Parham West
>Box 870395
>Tuscaloosa, Alabama 35487-0395

Telephone: (205) 348-6894
Facsimile: (205) 348-3909
wvanderpoljr@adap.ua.edu
jphackney@adap.ua.edu
gnbaxter@bama.ua.edu

Andrew P. Walsh
William G. Somerville III
BAKER DONELSON BEARMAN CALDWELL
& BERKOWITZ PC
420 20th Street North
Suite 1400
Birmingham, Alabama 35203
Telephone:  (205) 244-3863
Facsimile:  (205) 488-3863
awalsh@bakerdonelson.com
wsomerville@bakerdonelson.com

Brent L. Rosen
BAKER DONELSON BERMAN CALDWELL
& BERKOWITZ PC
614 S. Hull Street
Montgomery, AL 36104
Telephone: (334) 223-3014
Facsimile: (334) 263-0960
brosen@bakerdonelson.com

Gregory M. Zarzaur
ZARZAUR MUJUMDAR & DEBROSSE
2332 2nd Avenue North
Birmingham, Alabama 35203
Telephone: (205) 983-7985
Facsimile: (888) 505-0523
Gregory@zarzaur.com

Diandra S. Debrosse
GENTLE, TURNER, SEXTON,
DEBROSSE & HARBISON
501 Riverchase Pkwy East
Suite 100

Hoover, Alabama 35244
Telephone: (205) 716-3000
Facsimile: (205) 716-3010
ddebrosse@gtandslaw.com

Anil A. Mujumdar
HASKEL SLAUGHTER YOUNG
& REDIKER LLC
2001 Park Place North
Birmingham, Alabama 35203
Telephone: (205) 251-1000
Facsimile: (205) 324-1133
anil@zarzaur.com

                                              */s/ William R. Lunsford*
                                              Of Counsel