IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JOSHUA DUNN;SHEILA ALLEN; | ) | |
| EDWARD BRAGGS; TEDRICK | ) | |
| BROOKS; GARY LEE BROYLES; QUANG BUI; | ) | |
| RICHARD BUSINELLE; HOWARD | ) | |
| CARTER; CHANDLER CLEMENTS; ROBERT | ) | |
| DILLARD; PAUL FOLSOM; | ) | |
| CHRISTOPHER GILBERT; DWIGHT | ) | |
| HAGOOD; DALETRICK HARDY; | ) | |
| SYLVESTER HARTLEY; CHARLIE | ) | |
| HENDERSON; CHRISTOPHER JACKSON; | ) | |
| BRANDON JOHNSON; JOHN MANER; RICK | ) | CIVIL ACTION NO.: |
| MARTIN; WILLIE MCCLENDON; ROGER | ) | 2:14-cv-00601-MHT-TFM |
| MCCOY; JERMAINE MITCHELL; KENETH | ) | |
| MONTCRIEF; TOMMIE MOORE; MATTHEW | ) | |
| MORK; ROGER MOSELEY; ZERRICK | ) | |
| NAYLOR; BRADLEY PEARSON; LEVITICUS | ) | |
| PRUITT; TURNER ROGERS; TIMOTHY | ) | |
| SEARS; BRIAN SELLERS; AUGUSTUS SMITH; | ) | |
| WILLIAM SULLIVAN; RICHARD | ) | |
| TERRELL; HUBERT TOLLAR; DANIEL | ) | |
| TOOLEY; JOSEPH TORRES; DONALD RAY | ) | |
| TURNER; JAMIE WALLACE; ROBERT | ) | |
| "MYNIASHA" WILLIAMS, on behalf of | ) | |
| themselves and all others similarly situated; | ) | |
| and ALABAMA DISABILITIES ADVOCACY | ) | |
| PROGRAM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFERSON DUNN, in his official capacity as | ) | |
| Commissioner of the Alabama Department | ) | |
| of Corrections; RUTH NAGLICH, in her official | ) | |
| capacity as Associate Commissioner of Health | ) | |
| Services for the Alabama Department of | ) | |
| Corrections; and ALABAMA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

## THE STATE'S ANSWER TO
## PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendants Jefferson Dunn, named in his official capacity as Commissioner of the Alabama Department of Corrections ("Dunn"), Ruth Naglich, named in her official capacity as Associate Commissioner of the Alabama Department of Corrections ("Naglich") and the Alabama Department of Corrections ("ADOC") (collectively, the "State") answer and defend the plaintiffs' allegations, contentions and claims for relief as follows:

## INTRODUCTORY STATEMENT

In submitting this responsive pleading, the State has endeavored in good faith to comply with Rule 8(b) of the Federal Rules of Civil Procedure. The State's ability to fulfill its pleading obligations is somewhat limited, however, because the Third Amended Complaint does not contain a "short and plain statement of the claim" as required by Rule 8(a)(2).  Instead, the pleading is a 136-page document consisting of over 450 individually numbered paragraphs that are loosely organized and contain frequently contradictory allegations.  Specific allegations regarding individual inmates, some of whom are not parties to this lawsuit, are scattered throughout multiple paragraphs and at disparate locations in the Third Amended Complaint and often directly contradict other statements in the pleading. The State accordingly reserves the right to alter, amend, supplement, or correct any responsive statement or portion thereof when additional or different information becomes available.

The State specifically objects and moves to strike, pursuant to Fed. R. Civ. P. 12(f), those portions of Plaintiffs' Complaint and Amended Complaint that include immaterial and impertinent conjecture on the part of Plaintiffs.  A page-by-page review of the Complaint, First Amended Complaint, Second Amended Complaint, and Third Amended Complaint reveals inflammatory, self-serving statements that inaccurately characterize inmates' medical and mental health conditions, histories and/or treatment and constitute a misuse or demonstrate a basic misunderstanding of technical medical or mental health terminology. Clearly, the editorialized nature of Plaintiffs' pleadings were not intended to satisfy Rule 8(a) or to educate the Court, but were couched more in the terms of a press statement.

The State further states that nothing contained in this Answer should be construed as a statement or opinion regarding any medical, mental health or other specialized opinion, opinions or diagnoses on behalf of the State or any representative of the State.   The responses set forth below are based upon readily and reasonably ascertainable and verifiable information available to the State within the timeframe permitted for this responsive pleading.  As stated above, the State reserves the right to alter, amend or supplement this answer.

To the corresponding numbered paragraphs of the complaint, the State answers as follows:

## NATURE OF THE ACTION

1.      The State admits that the "prisoner named plaintiffs," i.e. those persons listed in the style of the case as named parties, with the exception of Zerrick Naylor and Bradley Pearson, were incarcerated within facilities operated by the ADOC as of the date of the filing of the Third Amended Complaint. Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

2.      The State denies the allegations in Paragraph 2 of the Third Amended Complaint.

3.      The State denies the allegations in Paragraph 3 of the Second Amended Complaint.

4.      The State denies the allegations in Paragraph 4 of the Third Amended Complaint.

5.      The State denies the allegations in Paragraph 5 of the Third Amended Complaint.

6.      The State denies the allegations in Paragraph 6 of the Third Amended Complaint.

7.      To the extent that these allegations constitute mere characterizations of the claims asserted, no response is required.  To the extent an answer to these allegations is necessary or required, the State denies these allegations.

## JURISDICTION

8.      Due to the speculative and non-specific nature of the declaratory relief sought in this action, the State denies that this Court possesses subject matter jurisdiction over the claims asserted by the named plaintiffs.

## VENUE

9.      The State admits that venue is proper in the U.S. District Court for the Middle District of Alabama.  The State denies that Commissioner Dunn, Associate Commissioner Naglich or the ADOC acted or failed to act in any way which gives rise to any actionable claim by any Plaintiff and/or basis to claim the relief sought.

## PARTIES

10.     The State admits that Plaintiff Dunn is currently incarcerated at St. Clair Correctional Facility and was diagnosed at one time with bipolar disorder. The State further admits that, during his incarceration, Plaintiff Dunn participated in an altercation with another inmate or inmates and received stab wounds.  To the extent the allegations in this paragraph state a legal conclusion, no response is required.  The State specifically denies that Plaintiff Dunn is being denied adequate medical or mental health care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The State is without sufficient knowledge and

information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

11.   The State admits that Plaintiff Allen is currently incarcerated at Tutwiler Correctional Facility. The State admits she has a history of hypertension, for which she has received medication.  The State specifically denies that Plaintiff Allen is being denied adequate medical care, including, but not limited to, adequate medical care for hypertension, the complaints voiced by Plaintiff Allen and/or the various issues identified through lab testing.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

12.   The State admits that Plaintiff Braggs is currently incarcerated at Hamilton Aged and Infirmed Correctional Facility and was incarcerated previously at Bullock Correctional Facility and Easterling Correctional Facility. The State further admits that Plaintiff Braggs is diabetic and an amputee and received certain mental health treatment in conjunction with reported anxiety and depression.   To the extent the allegations in this paragraph state a legal conclusion, no response is required.  The State specifically denies that Plaintiff Braggs is being denied adequate medical or mental health care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The State is without sufficient

knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

13.   The State admits that Plaintiff Brooks is currently an inmate at Bibb Correctional Facility and has been diagnosed with a keloid condition. To the extent the allegations in this paragraph state a legal conclusion, no response is required.  The State specifically denies that Plaintiff Brooks is being denied adequate medical care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

14.   The State admits that Plaintiff Broyles has been in ADOC custody since 1989 and is currently incarcerated at Hamilton Aged and Infirmed Correctional Facility. The State admits that he has been an inmate at Elmore, Draper, Kilby, St. Clair and Bullock Correctional Facilities.  The State further admits that Plaintiff Broyles exhibited some degree of hearing impairment and received hearing aids for this condition during the term of his incarceration. To the extent the allegations in this paragraph state a legal conclusion, no response is required.  The State specifically denies that Plaintiff Broyles is being denied reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The State is without

sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

15.    The State admits that Plaintiff Bui has been in ADOC custody since 1986 and is currently incarcerated at St. Clair Correctional Facility. The State admits that he has been an inmate at Holman, Donaldson and Kilby Correctional Facilities. To the extent the allegations in this paragraph state a legal conclusion, no response is required.  The State specifically denies that Plaintiff Bui is being denied adequate mental health care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The State specifically denies that Plaintiff Bui has had his right to refuse medication violated without due process.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

16.    The State admits that Plaintiff Businelle has been in ADOC custody since 2003 and is currently incarcerated at Bibb Correctional Facility.  Previously, Plaintiff Businelle was incarcerated in the mental health unit at Bullock Correctional Facility where he received mental health treatment (including, without limitation, certain medications such as Prolixin and Cogentin). The State admits that he also has been an inmate at Kilby Correctional Facility and in the mental health dormitory at Bullock Correctional Facility.  To the extent the allegations in this paragraph state a legal conclusion, no response is required.  The

State specifically denies that Plaintiff Businelle is being denied adequate medical or mental health care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

17.    The State admits that Plaintiff Carter is currently an inmate in segregation at St. Clair Correctional Facility where he is currently on the "mental health caseload." The State admits that Plaintiff Carter has been an inmate at Kilby, Holman, Bullock, Staton and Donaldson Correctional Facilities.  To the extent the allegations in this paragraph state a legal conclusion, no response is required.   The State specifically denies that Plaintiff Carter is being denied adequate medical or mental health care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.   The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

18.    The State admits that Plaintiff Clements has been in ADOC custody since 2003 and is currently an inmate at Staton Correctional Facility. The State further admits that Plaintiff Clements was previously diagnosed with chronic obstructive pulmonary disorder, which is also known as COPD.  To the extent the

allegations in this paragraph state a legal conclusion, no response is required.  The State specifically denies that Plaintiff Clements is being denied adequate medical treatment. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

19.    The State admits that Plaintiff Dillard has been in ADOC custody since 2005. The State admits that he is currently an inmate in the mental health dormitory at Bullock Correctional Facility where he receives treatment for schizophrenia and currently receives certain medications, including Cogentin and Haldol. The State admits that Plaintiff Dillard has been incarcerated at Kilby Correctional Facility and in the mental health dormitory and mental health unit at Bullock Correctional Facility. To the extent the allegations in this paragraph state a legal conclusion, no response is required.  The State specifically denies that Plaintiff Dillard is being denied adequate medical or mental health care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

20.    The State admits that Plaintiff Folsom has been in the ADOC custody since approximately 1992 and that he is housed at St. Clair.  The State specifically denies that Plaintiff Folsom has a lump in his left breast that has not been

examined in over three years.  The State specifically denies that Plaintiff Folsom is being denied adequate medical treatment.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations in this paragraph and, therefore, denies the same.

21.   The State admits that Plaintiff Gilbert was in ADOC's custody since 2012 and is no longer incarcerated.  The State admits that Plaintiff Gilbert was an inmate at Kilby Correctional Facility and was previously diagnosed as diabetic and with an ankle injury.  To the extent the allegations in this paragraph state a legal conclusion, no response is required.  The State specifically denies that Plaintiff Gilbert was denied adequate medical care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

22.   The State admits that Plaintiff Hagood has been in ADOC's custody since 2012 and is incarcerated at Easterling Correctional Facility.  The State admits that Plaintiff Hagood has been an inmate at Kilby Correctional Facility. The State admits that he was transferred to Kilby Correctional Facility from Bullock Correctional Facility and that he was placed in ADOC's custody as a result of a parole violation.  Finally, the State admits that Plaintiff Hagood has a history of diabetes, high blood pressure, and strokes and uses a wheelchair. To the

extent the allegations in this paragraph state a legal conclusion, no response is required. The State specifically denies that Plaintiff Hagood is being denied adequate medical care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

23. The State admits that Plaintiff Hardy has been in ADOC's custody since 2002. The State admits that he is currently incarcerated at Donaldson Correctional Facility and has been an inmate at Kilby, Draper, Bibb, Easterling, Fountain, Limestone, Bullock and St. Clair Correctional Facilities. The State admits that he was in segregation at St. Clair Correctional Facility starting in May 2012. To the extent the allegations in this paragraph state a legal conclusion, no response is required. The State specifically denies that Plaintiff Hardy is being denied adequate medical or mental health care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

24. The State admits that Plaintiff Hartley is an inmate at St. Clair Correctional Facility where he is currently on the mental health caseload and

receives dialysis.  To the extent the allegations in this paragraph state a legal conclusion, no response is required.  The State specifically denies that Plaintiff Hartley is being denied adequate mental health care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

25.    The State admits that Plaintiff Henderson has been in the custody of ADOC since October 2013. The State admits that he is an inmate at Hamilton Aged and Infirm Correctional Facility and has been diagnosed with hepatitis C with cirrhosis and a mass in his colon for which he has received and continues to receive medical attention. To the extent the allegations in this paragraph state a legal conclusion, no response is required.  The State specifically denies that Plaintiff Henderson is being denied adequate medical care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

26.    The State admits that Plaintiff Jackson is an inmate in segregation at Donaldson Correctional Facility. The State admits that Plaintiff Jackson has been in segregation since 2007 and has been transferred between the segregation units

at Holman, Donaldson and St. Clair Correctional Facilities.  The State admits that Plaintiff Jackson has received and continues to receive mental health care, including medication for mental health issues, while in the custody of the ADOC. To the extent the allegations in this paragraph state a legal conclusion, no response is required.  The State specifically denies that Plaintiff Jackson is being denied adequate medical or mental health care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

27.   The State admits that Plaintiff Johnson has been in ADOC's custody since 1996 and is currently assigned to the Residential Treatment Unit at Donaldson Correctional Facility.  To the extent the allegations in this paragraph state a legal conclusion, no response is required.  The State specifically denies that Plaintiff Johnson is being denied adequate mental health care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

28.   The State admits that Plaintiff Maner has been in ADOC's custody since 1998 and that he is currently an inmate at Bibb Correctional Facility. The

14

State further admits that Plaintiff Maner received medical evaluations related to his complaints regarding his mobility.   To the extent the allegations in this paragraph state a legal conclusion, no response is required.   The State specifically denies that Plaintiff Maner is being denied adequate medical care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.   The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

29.   The State admits that Plaintiff Martin is currently an inmate at St. Clair Correctional Facility and has been an inmate at Kilby and Donaldson Correctional Facilities.   The State further admits that, during his incarceration, Plaintiff Martin underwent a procedure resulting in the placement of a stent in his heart.   The State specifically denies that Martin has been denied adequate medical treatment.   The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

30.   The State admits that Plaintiff McClendon has been in ADOC's custody since 2007 and is currently an inmate at Limestone Correctional Facility where he underwent a surgical procedure overseen by and directed by off-site medical providers resulting in the loss of a testicle.   The State admits that he was an inmate at Kilby Correctional Facility. The State specifically denies that the

medical staff at Limestone did or failed to do anything but provide timely treatment with respect to Plaintiff McClendon's medical conditions. The State specifically denies that Plaintiff McClendon has been denied adequate medical care. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph.

31.    The State admits that Plaintiff McCoy has been in ADOC's custody since 1994 and that he is an inmate at Bibb Correctional Facility where he is currently receiving mental health treatment. The State admits that he has been an inmate at Bullock and Limestone Correctional Facilities. To the extent the allegations in this paragraph state a legal conclusion, no response is required. The State  specifically denies that Plaintiff McCoy is being denied adequate medical or mental health care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973. The State specifically denies that Plaintiff McCoy has had his right to refuse medication violated without due process. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

32.    The State admits that Plaintiff Mitchell has been in ADOC's custody since 1999 and that he is currently an inmate at Hamilton A&I where he utilizes a wheelchair. The State admits that Plaintiff Mitchell has been an inmate at Bibb Correctional Facility. The State specifically denies that Plaintiff Mitchell has been

informed by a licensed medical professional that he would receive any benefit as a result of physical therapy beyond the physical therapy previously provided to him. To the extent the allegations in this paragraph state a legal conclusion, no response is required.  The State specifically denies that Plaintiff Mitchell is being denied reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

33.    The State admits that Plaintiff Moncrief has been in ADOC's custody since 2010 following a parole violation and is currently an inmate at Easterling Correctional Facility where he is receiving mental health treatment. The State admits Plaintiff Moncrief was previously housed at Limestone and in the Mental Health Unit at Bullock. To the extent the allegations in this paragraph state a legal conclusion, no response is required.  The State specifically denies that Plaintiff Moncrief is being denied adequate mental health care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

34.    The State admits that Plaintiff Moore is in ADOC's custody at Kilby Correctional Facility and was previously at Mobile Work Release Center.  The

State admits that Plaintiff Moore has experienced glaucoma and some related visual impairment. To the extent the allegations in this paragraph state a legal conclusion, no response is required. The State specifically denies that Plaintiff Moore is being denied adequate medical care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

35.   The State admits that Plaintiff Mork has been in ADOC's custody since 2010 and is currently an inmate at Holman Correctional Facility. The State admits that Plaintiff Mork has been an inmate at Kilby, Limestone and Ventress Correctional Facilities. The State admits that Plaintiff Mork has hepatitis C for which he has received treatment and that he has been treated for an arm injury. Defendants Dunn and Naglich deny that they have refused to provide any medication Plaintiff Mork requires. The State specifically denies that Plaintiff Mork is being denied adequate medical care. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

36.   The State admits that Plaintiff Moseley has been in ADOC's custody since 2007 and is currently an inmate at Easterling Correctional Facility. The State further admits that Plaintiff Moseley reported being in a car accident before

entering ADOC custody.   The State denies that Plaintiff Moseley is currently using a wheelchair.   ADOC denies that it has refused to provide Moseley with appropriate treatment.   To the extent the allegations in this paragraph state a legal conclusion, no response is required.   The State specifically denies that Plaintiff Moseley is being denied adequate medical care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.   The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

37.   The State admits that Plaintiff Naylor was in ADOC's custody since 2012 and is no longer incarcerated. The State admits that Plaintiff Naylor has been an inmate at Kilby Correctional Facility. The State further admits that Plaintiff Naylor has keratoconus and some vision impairment.  To the extent the allegations in this paragraph state a legal conclusion, no response is required.   The State specifically denies that Plaintiff Naylor was denied reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The State specifically denies that Plaintiff Naylor was denied access to programs, benefits, and services because of his blindness. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

38.    The State admits that Plaintiff Pearson was most recently an inmate at Limestone Correctional Facility, but is no longer incarcerated. The State admits that he was an inmate at Kilby Correctional Facility and was also at the Decatur Work Release Center. The State further admits that Plaintiff Pearson has experienced some hearing limitation.   To the extent the allegations in this paragraph state a legal conclusion, no response is required.  The State specifically denies that Plaintiff Pearson was denied reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The State specifically denies that Plaintiff Pearson was excluded from the Work Release Center because he is deaf. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

39.    The State admits that Plaintiff Pruitt has been in ADOC's custody since 2001 and is an inmate at Holman Correctional Facility. The State further admits that Plaintiff Pruitt is currently receiving mental health treatment at Holman and has been placed on suicide watch.  To the extent the allegations in this paragraph state a legal conclusion, no response is required.   The State specifically denies that Plaintiff Pruitt is being denied adequate medical or mental health care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The

State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

40.    The State admits that Plaintiff Rogers is an inmate at Kilby Correctional Facility. The State also admits that Plaintiff Rogers has a cataract on his left eye and has received prescription eyeglasses. The State specifically denies that Plaintiff Rogers is being denied adequate medical care. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

41.    The State admits that Plaintiff Sears has been in ADOC's custody since 1996 and is an inmate at Ventress Correctional Facility. The State admits that he has been an inmate at Hamilton A&I and St. Clair and Limestone Correctional Facilities. The State also admits that Plaintiff Sears has been diagnosed with scoliosis and received treatment for his reported weight loss. To the extent the allegations in this paragraph state a legal conclusion, no response is required. The State specifically denies that Plaintiff Sears is being denied adequate medical care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

42.   The State admits that Plaintiff Sellers has been in ADOC's custody since 2001 and is currently an inmate at St. Clair Correctional Facility. The State admits that Plaintiff Sellers has been an inmate at Donaldson, Holman, Ventress, Draper, Easterling and Kilby Correctional Facilities.  The State also admits that Sellers has a history of heart disease and high blood pressure and has recently been treated for kidney stones. The State denies that Sellers is being denied adequate medical care.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

43.   The State admits that Plaintiff Smith has been in ADOC's custody since 2007 and is an inmate at Staton Correctional Facility. The State admits that Plaintiff Smith previously utilized a catheter.  The State specifically denies that Plaintiff Smith is being denied adequate medical care.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

44.   The State admits that Plaintiff Sullivan is currently incarcerated at Staton Correctional Facility. The State admits that Plaintiff Sullivan has a history of heart disease and was diagnosed with a hernia. The State admits that Plaintiff Sullivan has received dental treatment, including tooth extractions, while in the custody of ADOC.  The State specifically denies that Plaintiff Sullivan is being denied adequate medical and/or dental care.   The State is without sufficient

knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

45.    The State admits that Plaintiff Terrell is an inmate in the mental health unit of Bullock Correctional Facility. The State admits that he has been an inmate in the mental health dormitory or mental health unit at Bullock Correctional Facility since 1999. The State admits that he has been an inmate at Kilby, Easterling and Holman Correctional Facilities. The State also admits that Plaintiff Terrell has schizophrenia and PTSD and that he currently receives Haldol and Benadryl but denies that he receives Prolixin.  The State specifically denies that Terrell has been denied dental care.  To the extent the allegations in this paragraph state a legal conclusion, no response is required.  The State specifically denies that Plaintiff Terrell is being denied adequate medical or mental health care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

46.    The State admits that Plaintiff Tollar is an inmate at St. Clair Correctional Facility.  The State also admits that Plaintiff Tollar underwent a CT scan with respect to a reported condition for which he is receiving medical treatment.  The State denies that Plaintiff Tollar is being denied adequate medical

care.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph.

47.   The State admits that Plaintiff Tooley has been in ADOC's custody since 2008 and is an inmate at Hamilton A&I. The State admits that Plaintiff Tooley has been an inmate at Bullock, Kilby and Easterling Correctional Facilities. The State also admits that Plaintiff Tooley has some hearing loss.  To the extent the allegations in this paragraph state a legal conclusion, no response is required.   The State specifically denies that Plaintiff Tooley is being denied reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

48.   The State admits that Plaintiff Torres is an inmate at Bibb Correctional Facility. The State further admits that Plaintiff Torres has a cataract in his left eye.  To the extent the allegations in this paragraph state a legal conclusion, no response is required.  The State specifically denies that Plaintiff Torres is being denied adequate medical care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.   The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

49.    The State admits that Plaintiff Turner has been in ADOC's custody since 2009 and is an inmate at Limestone Correctional Facility. The State also admits that Plaintiff Turner is deaf and has high blood pressure.  To the extent the allegations in this paragraph state a legal conclusion, no response is required.  The State specifically denies that Plaintiff Turner is being denied reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

50.    The State admits that Plaintiff Wallace has been in ADOC's custody since 2010 and is an inmate in the residential treatment unit at Donaldson Correctional Facility. The State admits that Plaintiff Wallace has been an inmate in the mental health unit at Bullock Correctional Facility where he is currently receiving mental health treatment and medication for treatment of a variety of mental health conditions. The State also admits that Plaintiff Wallace reported being born with certain physical birth defects. To the extent the allegations in this paragraph state a legal conclusion, no response is required.  The State specifically denies that Plaintiff Wallace is being denied adequate medical or mental health care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The

State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

51.    The State admits that Plaintiff Williams has been in ADOC's custody since 2012 and is an inmate at Ventress Correctional Facility.  The State admits that Plaintiff Williams was an inmate at Fountain Correctional Facility. The State also admits that Plaintiff Williams has engaged in self-harm and has been evaluated for mental health purposes.   To the extent the allegations in this paragraph state a legal conclusion, no response is required.  The State specifically denies that Plaintiff Williams is being denied adequate medical or mental health care or reasonable accommodations for any alleged disabilities under the Americans with Disabilities Act or § 504 of the Rehabilitation Act of 1973.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

(Footnote 3): The State admits that Plaintiff Williams is classified as male by ADOC.  Otherwise, and to the extent an answer is necessary, the State is without sufficient information to admit or deny this allegation.

52.    To the extent the allegations in this paragraph are merely self-serving statements related to ADAP or statements regarding the legal organization or authorization of ADAP, no response is required.  The State specifically denies that ADAP possesses any "interests" which it seeks to "vindicate by bringing this lawsuit" or that this action is in any way consistent with ADAP's "purpose."  The

State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

53.    The State admits that Jefferson Dunn is the Commissioner of ADOC and has been sued by Plaintiffs in his official capacity only. The State further admits that Billy Sharp resigned as Interim Commissioner of the Alabama Department of Corrections. Based upon the vague and cursory allegations and legal conclusions set forth in the remaining allegations in this paragraph, the State denies the remaining allegations in this paragraph.

54.    The State admits that Ruth Naglich is Associate Commissioner for Health Services within the ADOC and has been sued by Plaintiffs in her official capacity only.   Based upon the vague and cursory allegations and legal conclusions set forth in the remaining allegations in this paragraph, the State denies the remaining allegations in this paragraph.

55.    The State admits that the ADOC is an administrative agency of the State of Alabama which is vested with certain, limited authority related to the housing of incarcerated persons within the State of Alabama.  The State further admits that the ADOC is an "instrumentality of the State of Alabama" and that, in limited instances, it has received funds from the United States government. Except as expressly admitted above, the State denies the remaining allegations asserted in this paragraph.

## **FACTUAL ALLEGATIONS**

56.     The State admits that it has entered into contracts with medical and mental health care providers that specialize in correctional care and were selected through a bidding and proposal process. Except as expressly admitted, the State denies the remaining allegations asserted in this paragraph.

57.     To the extent that these allegations are intended as substantive allegations, the State denies that these allegations relate in any way to the current state of the ADOC and/or its operations and the State further maintains that these allegations are offered for no substantive purpose and, therefore, denies them.

58.     To the extent that these allegations are intended as substantive allegations, the State denies that these allegations relate in any way to the current state of the ADOC and/or its operations and the State further maintains that these allegations are offered for no substantive purpose and, therefore, denies them.

59.     The State denies the allegations in Paragraph 59 of the Third Amended Complaint.

60.     The State denies the allegations in Paragraph 60 of the Third Amended Complaint.

61.     To the extent that the allegations in Paragraph 61 of the Third Amended Complaint contain a direct quote from a document, the State responds that the document speaks for itself.  To the extent that the allegations in Paragraph 63 constitute a characterization of the contents of a document, the allegations are

denied.  To the extent not previously addressed herein, any remaining allegations in Paragraph 61 are denied.

62.    The State denies the allegations in Paragraph 62 of the Third Amended Complaint.

63.    The State admits that the ADOC receives monthly reports from its medical and mental health providers and that Corizon and/or its predecessor entities served as the ADOC's private medical provider since approximately October of 2007. Except as expressly admitted above, the State denies the remaining allegations asserted in this paragraph.

(Footnote 5): In response to the allegations in Footnote 5 to Paragraph 63 of the Third Amended Complaint, the State admits that Corizon was formerly known as Correctional Medical Services, Inc. ("CMS").  Except as expressly admitted above, the State denies the remaining allegations asserted in Footnote 5 to Paragraph 63 of the Third Amended Complaint.

64.    To the extent that the allegations in Paragraph 64 of the Third Amended Complaint contain a direct quote from a document, the State responds that the document speaks for itself. To the extent that the allegations in this paragraph constitute a characterization of the contents of a document, the allegations are denied. To the extent not previously addressed herein, any remaining allegations in this paragraph are denied.

65.    The State denies the allegations in Paragraph 65 of the Third Amended Complaint.

66.    To the extent that the allegations in Paragraph 66 of the Third Amended Complaint contain a direct quote from a document, the State responds that the document speaks for itself.  To the extent that the allegations in this paragraph constitute a characterization of the contents of a document, the allegations are denied.  To the extent not previously addressed herein, any remaining allegations in this paragraph are denied.

67.    The State denies the allegations asserted in Paragraph 67 of the Third Amended Complaint.

68.    The State admits that Defendant Naglich was asked whether certain inmates would be relocated to other ADOC facilities in or about the summer of 2012.  Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

(Footnote 6): To the extent an answer is required to the allegations of Footnote 6 to Paragraph 68, denied.  Defendants also deny that the provisions of law cited have any determinative effect on the resolution of this matter.

69.    To the extent that the allegations in Paragraph 69 of the Third Amended Complaint contain a direct quote from a document, the State responds that the document speaks for itself.  To the extent that the allegations in Paragraph 69 constitute a characterization of the contents of a document, the allegations are

denied.  To the extent no previously addressed herein, any remaining allegations in Paragraph 69 are denied.

70.    The State admits that ADOC publishes an annual report.    The remaining allegations set forth in this paragraph appear to be drawn directly from documents.  Those documents speak for themselves.

71.    To the extent that the allegations in Paragraph 71 of the Third Amended Complaint contain a direct quote from a document, the State responds that the document speaks for itself.  To the extent that the allegations in Paragraph 71 constitute a characterization of the contents of a document, the allegations are denied.  To the extent not previously addressed herein, any remaining allegations in Paragraph 71 are denied.

72.    The State denies the allegations in Paragraph 72 of the Third Amended Complaint.

73.    The State admits that Plaintiffs' counsel have been allowed access to many of the major correctional facilities in Alabama.  ADOC specifically alleges that counsel for the Plaintiffs discontinued further discussions with counsel for ADOC.  The remaining allegations are denied.

74.    The State denies the allegations in Paragraph 74 of the Third Amended Complaint.

75.    The State admits that Defendant Dunn's predecessor received a letter from Plaintiffs' counsel that vaguely and anecdotally described what Plaintiffs'

counsel believed or contended to be problems within certain ADOC facilities. The State also admits that, in response to the letter, a meeting as described was held on or around May 20, 2014, during which further meetings were discussed. The State specifically denies that Plaintiffs' counsel expressed any concerns over the "urgency" of issues discussed and, in fact, refused to provide any meaningful information in order to address concerns raised because of their commitment to instituting this action. Plaintiffs' counsel expressly refused to grant, on their client's behalf, medical waivers for their clients as required by HIPAA in order that substantive discussions could continue. Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

(Footnote 7): The State admits that parties discussed concerns about inmates' use of and access to razor blades at the meeting on or about May 20, 2014. The State specifically denies that no action was taken related to razor blades following this meeting. Except as expressly admitted above, the State denies the remaining allegations in this Footnote 7 to Paragraph 75 of the Third Amended Complaint.

76.    The State denies the allegations in Paragraph 76 of the Third Amended Complaint.

77.    The State denies the allegations in Paragraph 77 of the Third Amended Complaint.

78.     The State denies the allegations in Paragraph 78 of the Third Amended Complaint.

79.     The State admits that the ADOC requested proposals for a health care contract and that responsive parties to that request for proposal were scored on a 3000 point scale. The State also admits that 1,350 points were assigned to cost or price and 100 points were assigned to a category entitled "Qualifications/Experience/References Medical." Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

80.     The State admits that ADOC entered into a contract with Corizon in 2012.  Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

81.     The State denies the allegations in Paragraph 81 of the Third Amended Complaint.

82.     The State admits that it negotiated a contract with Corizon providing for 493 medical staff and 13 dentists. The State also admits that the April 2014 report reported 25,591 inmates in the ADOC system. Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

83.     The State denies the allegations in Paragraph 83 of the Third Amended Complaint.

84.     The State denies the allegations in Paragraph 84 of the Third Amended Complaint.

85.     The State denies the allegations in Paragraph 85 of the Third Amended Complaint.

86.     The State objects to the extent that Plaintiffs have, without authority or complying with the necessary legal requirements, potentially disclosed protected health information related to an individual who may have received medical care during his incarceration.  In light of the foregoing and to the extent that Plaintiffs claim that the State denied Javon Alexander necessary medical treatment, the State denies these allegations.

87.     The allegations contained in this paragraph are so vague as to render the State unable to respond to them.  The prisoner to whom the allegations purport to relate is not identified.  Further, even if the prisoner were identified, if he or his estate's representative is not a named Plaintiff in this action, the State would not be able to respond because it has not received a legally required release allowing it to discuss the medical care this prisoner received while in ADOC custody.  As such, the State denies these allegations.

88.     The allegations contained in this paragraph are so vague as to render the State unable to respond to them.  The prisoner to whom the allegations purport to relate is not identified.  Further, even if the prisoner were identified, if he or his estate's representative is not a named Plaintiff in this action, the State would not be able to respond because it has not received a legally required release allowing it

to discuss the medical care this prisoner received while in ADOC custody.  As such, the State denies these allegations.

89.   The allegations contained in this paragraph are so vague as to render the State unable to respond to them.  The prisoner to whom the allegations purport to relate is not identified.  Further, even if the prisoner were identified, if he or his estate's representative is not a named Plaintiff in this action, the State would not be able to respond because it has not received a legally required release allowing it to discuss the medical care this prisoner received while in ADOC custody.  As such, the State denies these allegations.

90.   The State admits that Plaintiff Dunn was injured in or around November 2012 and that a body chart was performed upon him following the injury. Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

91.   The State specifically denies that Plaintiff Dunn has not received medical treatment for the medical conditions and/or symptoms he reported to the medical staff during the course of his incarceration.  The State further responds that it is without sufficient knowledge and information to either admit or deny the remaining allegations regarding events occurring prior to his incarceration and, as such, those allegations are denied.  Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

92.     The State admits that Plaintiff Martin was examined by an "outside hospital" in February 2012. The State admits that he was returned to St. Clair Correctional Facility the day following the examination. The State admits that he was placed in the dorm to which he was assigned. The State admits that he was transported to an outside hospital on March 1, 2012. The State also admits that Plaintiff Martin has a history of heart problems and has a stent in his heart.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

93.     The State admits that Plaintiff McClendon underwent a surgical procedure overseen by and directed by off-site medical providers resulting in the loss of a testicle. The State specifically denies that the medical staff at Limestone did or failed to do anything but provide timely treatment with respect to Plaintiff McClendon's medical conditions. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph.

94.     The State admits that Plaintiff Sellers has received treatment during his incarceration within the ADOC for a history of cardiac issues and that the decisions related to his medical care were addressed by the licensed medical providers at the facilities where he has been incarcerated.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

36

95.    The State admits that Plaintiff Mork sought treatment for an arm injury on May 1, 2014.  Except as expressly admitted above, the State denies the remaining allegations of Paragraph 95 of the Third Amended Complaint.

96.    The State admits that Plaintiff Hagood was treated by Dr. Doshi in October and November of 2013 after complaining of burning on urination.  The State admits that Plaintiff Hagood was sent to the emergency room at Jackson Hospital in November 2013.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

97.    The State is without sufficient knowledge and information to either admit or deny the allegations contained in this Paragraph 97 and, therefore, denies the same.

98.    The State admits that Plaintiff Terrell received medical treatment for a head wound in spring 2014.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

99.    The State admits that Plaintiff Williams was in segregation at Fountain Correctional Facility in March 2014.  The State also admits that Plaintiff Williams has a history of self-harm.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

100.    The State admits that Plaintiff Sears was incarcerated at Ventress Correctional Facility in May 2013 and that he was previously diagnosed with Hodgkin's lymphoma and resulting weight loss.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

101.    The State admits that Plaintiff Sears has been given a no prolonged standing profile.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

102.    The State is without sufficient knowledge and information to either admit or deny the allegations contained in this paragraph and, therefore, denies the same.

103.    The State admits that Plaintiff Moseley reported being involved in a car accident before entering ADOC custody.  The State admits that Moseley utilizes a knee brace.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

104.    The State admits that Plaintiff Maner received medical treatment for a knee injury in April 2014.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

105.   The State admits that Plaintiff Torres received medical treatment for a knee injury in or about July of 2012.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

106.   The State admits that Plaintiff Brooks has been diagnosed with a keloid condition for which he has received medication.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

107.   The State admits that Plaintiff Brooks has seen a dermatologist for the keloid condition.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

108.   The State admits that Plaintiff Rogers received treatment for sores in 2012.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

109.   The State admits that Plaintiff Braggs received medical treatment for a hernia.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

110.   The State admits that Plaintiff Henderson has been diagnosed as having a mass on his colon for which he has received and continues to receive medical attention.   The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

111.   The State denies the allegations in Paragraph 111 of the Third Amended Complaint.

112.   The State denies the allegations in Paragraph 112 of the Third Amended Complaint.

113.   The State denies the allegations in Paragraph 113 of the Third Amended Complaint.

114.   The State admits that Plaintiff Allen was 34 years old at the time the Third Amended Complaint was filed.   The State admits that Plaintiff Allen has a history of high blood pressure, for which she has received medication.   The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

115.   The State understands that the allegations in paragraph 115 are inaccurate and misleading.   Nevertheless, the State is without sufficient knowledge and information to either admit or deny the allegations contained in this paragraph and, therefore, denies the same.

116.   The State admits that Plaintiff Allen was diagnosed with internal and external hemorrhoids.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

117.   The State admits that Plaintiff Sullivan was diagnosed with a hernia. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

118.   The State denies the allegations in Paragraph 118 of the Third Amended Complaint.

119.   The State admits that Plaintiffs Torres has a cataract on his left eye and has been prescribed eyeglasses.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

120.   The State is without sufficient knowledge and information to either admit or deny the allegations contained in this paragraph and, therefore, denies the same.

121.   The State denies that Plaintiff Moore has been told the State will not pay for his glaucoma surgery because it does not have the money.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

122.   The State admits that Plaintiff Rogers has a cataract on his left eye. The State admits that Rogers has been prescribed eyeglasses.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

123.   Larry Shepherd is not a named Plaintiff in this action.  The State cannot respond to allegations regarding his medical care because it has not received a legally required release allowing it to discuss the medical care he received while in ADOC custody.  Therefore, the State denies these allegations.

124.  The State denies the allegations in Paragraph 124 of the Third Amended Complaint.

125.  The State denies the allegations of Paragraph 125 of the Third Amended Complaint.

126.   The State admits that Plaintiff Mork has hepatitis C for which he has received treatment.  The State denies the remaining allegations contained in this paragraph.

127.   The State admits that Plaintiff Sellers has hepatitis C for which he has received medical treatment.  The State denies the remaining allegations contained in this paragraph.

128.   Michael Kennedy is not a named Plaintiff in this action.  The State cannot respond to allegations regarding his medical care because it has not

received a legally required release allowing it to discuss the medical care he received while in ADOC custody. Therefore, the State denies these allegations.

129. The State admits that Plaintiff Henderson has been seen by medical staff for hepatitis C, including on July 29, 2014. The State denies the remaining allegations contained in this paragraph.

130. The State denies the allegations in Paragraph 130 of the Third Amended Complaint.

131. The State denies the allegations in Paragraph 131 of the Third Amended Complaint.

132. The State denies that it maintains a policy and practice of not providing appropriate nutrition and medication to control diabetes. The State admits that Plaintiff Gilbert has had episodes of hypoglycemia, and his medications have been adjusted in response to these episodes. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

133. The State denies the allegations in Paragraph 133 of the Third Amended Complaint.

134. The State admits that Plaintiff Braggs' right leg was previously amputated below the knee. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

43

135.   The State admits that Plaintiff Broyles was transferred to Elmore Correctional Facility in January 2014. The State also admits that Plaintiff Broyles is diabetic.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

136.   The State responds that Prisoner Copeland is deceased and was dismissed as a Plaintiff by Order of the Court dated June 25, 2015 (Doc. 209), and, therefore, the State is no longer required to respond to this allegation.  To the extent a response is required, the State admits that Prisoner Copeland was diabetic and denies the remaining allegations contained in this paragraph.

137.   The State denies the allegations in Paragraph 137 of the Third Amended Complaint.

138.   The State denies the allegations in Paragraph 138 of the Third Amended Complaint.  With respect to the allegation concerning Prisoner Copeland, the State responds that Prisoner Copeland is deceased and was dismissed as a Plaintiff by Order of the Court dated June 25, 2015 (Doc. 209), and, therefore, the State is no longer required to respond to this allegation.  To the extent a response is required, the State denies the allegations.

139.   The State denies the allegations in Paragraph 139 of the Third Amended Complaint.

140.   The State denies the allegations in Paragraph 140 of the Third Amended Complaint.

141.   The State denies the allegations in Paragraph 141 of the Third Amended Complaint.

142.   The State denies the allegations in Paragraph 142 of the Third Amended Complaint.

143.   The State denies the allegations in Paragraph 143 of the Third Amended Complaint.

144.   The State admits that Plaintiff Sullivan has received dental treatment, including tooth extractions, while in the custody of ADOC.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

145.   The State is without sufficient knowledge and information to either admit or deny the allegations contained in this paragraph and, therefore, denies the same.

146.   The State denies the allegations in Paragraph 146 of the Third Amended Complaint.

147.   The State denies the allegations in Paragraph 147 of the Third Amended Complaint.

148.   The State denies the allegations in Paragraph 148 of the Third Amended Complaint.

149.  The State denies the allegations in Paragraph 149 of the Third Amended Complaint.

150.  The allegations in the first sentence of this paragraph are so vague as to render the State unable to respond to them.  As to the remaining allegations in this paragraph, Robert Jones, or his estate's representative, is not a named Plaintiff in this action.  The State cannot respond to allegations regarding his medical care because it has not received a legally required release allowing it to discuss the medical care he received while in ADOC custody.  Therefore, the State denies these allegations.

151.  The State admits that Plaintiff Tollar underwent a CT scan with respect to a reported condition for which he is receiving medical treatment.  The State denies the remaining allegations contained in this paragraph.

152.  The State responds that Prisoner Baker is deceased and was dismissed as a Plaintiff by Order of the Court dated June 25, 2015 (Doc. 209), and, therefore, the State is no longer required to respond to this allegation.  To the extent a response is required, the State admits that Prisoner Baker had a lump in her breast and that a biopsy indicated that the lump was not malignant.  The State denies that she did not receive any follow-up care and denies the remaining allegations contained in this paragraph.

153.  The allegations contained in this paragraph are so vague as to render the State unable to respond to them.  The prisoners to whom the allegations

purport to relate are not identified.  Further, even if the prisoners were identified, if they or their estates' representatives are not named Plaintiffs in this action, the State would not be able to respond because it has not received legally required releases allowing it to discuss the medical care these prisoners received while in ADOC custody.   Therefore, the State denies these allegations.

154.  The State admits that Smith relied upon a catheter for an extended period of time and that a surgical procedure eventually eliminated his need to rely further upon a catheter to void urine.  The State denies the remaining allegations in this paragraph.

155.  The State denies the allegations in Paragraph 155 of the Third Amended Complaint.

156.  The State admits that Smith underwent surgery in 2014.  The State denies the remaining allegations in this paragraph.

157.  The State admits that Plaintiff Sellers was transferred to Elmore Correctional Facility in January 2014.  The State also admits that Plaintiff Sellers has a history of heart disease.  The State admits that Sellers had surgery for kidney stones in March 2014.   The State denies the remaining allegations in this paragraph.

158.  The State denies the allegations in Paragraph 158 of the Third Amended Complaint.

159.   The State admits that Plaintiff Pruitt was referred to an eye doctor after he alleged that someone threw something in his eye.   The State denies the remaining allegations in this paragraph.

160.   The State admits that Plaintiff Pruitt received pain medication after complaining of a back injury.   The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

161.   The State admits that Plaintiff Pruitt was maced after becoming non-compliant to directions from correctional officers. The State admits that Plaintiff Pruitt was placed in segregation for 20 days. The State further admits that Plaintiff Pruitt was taken to the health care unit for further evaluation in May 2014 after alleging that an officer slammed his hand in a door.   The State denies the remaining allegations contained in this paragraph.

162.   The State denies the allegations in Paragraph 162 of the Third Amended Complaint.

163.   The State denies the allegations in Paragraph 163 of the Third Amended Complaint.

164.   The allegations contained in this paragraph are so vague as to render the State unable to respond to them.   The prisoner to whom the allegations purport to relate is not identified.   Further, even if the prisoner were identified, if he or his estate's representative is not a named Plaintiff in this action, the State would not

be able to respond because it has not received a legally required release allowing it to discuss the medical care this prisoner received while in ADOC custody. Therefore, the State denies these allegations.

165.   The State admits that Plaintiff Dunn has engaged in self-harm, including an incident on March 15, 2014, resulting in his hospitalization that same day at Brookwood Medical Center. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

166.   The State denies the allegations in Paragraph 166 of the Third Amended Complaint.

167.   The State responds that Prisoner Copeland is deceased and was dismissed as a Plaintiff by Order of the Court dated June 25, 2015 (Doc. 209), and, therefore, the State is no longer required to respond to this allegation.  To the extent a response is required, the State admits that Prisoner Copeland received prescription medication for high blood pressure and diabetes and denies the remaining allegations contained in this paragraph.

168.   The State admits that Plaintiff Rogers receives prescription medication for diabetes, but denies that this medication was abruptly discontinued.

169.   The State admits that Plaintiff Hagood receives prescription medication for diabetes.  The State denies the remaining allegations contained in this paragraph.

170.   The State admits that Plaintiff Brooks received a prescription for pain medication to treat a keloid condition.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

171.   The allegations contained in this paragraph are so vague as to render the State unable to respond to them.  The prisoners to whom the allegations purport to relate are not identified.  Further, even if the prisoners were identified, if they or their estates' representatives are not named Plaintiffs in this action, the State would not be able to respond because it has not received releases allowing it to discuss the medical care these prisoners received while in ADOC custody.  Therefore, the State denies these allegations.

172.   The State is without sufficient knowledge and information to either admit or deny the allegations contained in this paragraph and, therefore, denies the same.

173.   The State denies the allegations in Paragraph 173 of the Third Amended Complaint.

174.   The State responds that Prisoner Baker is deceased and was dismissed as a Plaintiff by Order of the Court dated June 25, 2015 (Doc. 209), and, therefore, the State is no longer required to respond to this allegation.  To the extent a response is required, the State admits that Prisoner Baker received several medications and denies the remaining allegations contained in this paragraph.

175.  The State responds that Prisoner Baker is deceased and was dismissed as a Plaintiff by Order of the Court dated June 25, 2015 (Doc. 209), and, therefore, the State is no longer required to respond to this allegation.  To the extent a response is required, the State denies the allegations contained in this paragraph.

176.  The State admits that Plaintiff Sullivan has a history of heart disease, for which he receives medication.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

177.  The State denies the allegations in Paragraph 177 of the Third Amended Complaint.

178.  The State is without sufficient knowledge and information to either admit or deny the allegations contained in this paragraph and, therefore, denies the same.

179.  The State denies the allegations in Paragraph 179 of the Third Amended Complaint.

180.  The State admits that Plaintiff Hagood uses incontinence briefs.  The State denies the remaining allegations.

181.  The State denies the allegations in Paragraph 181 of the Third Amended Complaint.

182.   The State denies that the foregoing paragraph accurately describes or characterizes the incidents upon which it has identified persons with tuberculosis living within the ADOC facilities in Alabama, which is not an uncommon occurrence in any correctional setting.   To the extent not already addressed through the above, the State denies the remaining allegations in this paragraph.

183.   The State denies the allegations in Paragraph 183 of the Third Amended Complaint.

184.   The State admits that inmates assigned to Dormitory K at Donaldson Correctional Facility in the summer of 2012 were kept in the dorm out of concern that some of them may have been exposed to tuberculosis. Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

185.   The State denies the allegations in Paragraph 185 of the Third Amended Complaint.

186.   The State admits that medical staffs at some facilities have identified patients infected with scabies, but the State denies Plaintiffs' characterization of these episodes.

187.   The State admits that some ADOC facilities house more inmates than their designed capacity.  Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

188.   The State denies the allegations in Paragraph 188 of the Third Amended Complaint.

189.   The State admits that there have been sewage issues in one dorm at Kilby Correctional Facility. The State admits that there is a footbridge over a ditch at Hamilton A&I. Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

190.   The State denies the allegations in Paragraph 190 of the Third Amended Complaint.

191.   The State denies that prisoners have been given Do Not Resuscitate ("DNR") or Allow Natural Death ("AND") orders without their consent or knowledge.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

192.   The State admits that DNR orders are legally enforceable documents in the State of Alabama in which patients may voluntarily determine the extent of medical care provided in certain defined circumstances.  The State denies the remaining allegations contained in this paragraph.

193.   Michael Kennedy is not a named Plaintiff in this action.  The State cannot respond to allegations regarding his medical care because it has not received a legally required release allowing it to discuss the medical care he received while in ADOC custody.  The remaining allegations contained in this paragraph are so vague as to render the State unable to respond to them.  The prisoners to whom the allegations purport to relate are not identified.  Further,

even if the prisoners were identified, if they or their estates' representatives are not named Plaintiffs in this action, the State would not be able to respond because it has not received legally required releases allowing it to discuss the medical care these prisoners received while in ADOC custody.   Therefore, the State denies these allegations.

194.   Roy Heath is not a named Plaintiff in this action.  The State cannot respond to allegations regarding his medical care because it has not received a legally required release allowing it to discuss the medical care he received while in ADOC custody.

195.   The State admits that Plaintiff Clements has COPD and admits that he has received treatment for his COPD.   The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

196.   The State admits that Plaintiff Clements was in the infirmary at Stanton Correctional Facility for 30 days during September 2013.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

197.   The State denies the allegations in Paragraph 197 of the Third Amended Complaint.

198.   Larry Shepherd is not a named Plaintiff in this action.   The State cannot respond to allegations regarding his medical care because it has not

received a legally required release allowing it to discuss the medical care he received while in ADOC custody.  Therefore, the State denies these allegations.

199.   The allegations contained in this paragraph are so vague as to render the State unable to respond to them.  The prisoner to whom the allegations purport to relate is not identified.  Further, even if the prisoner were identified, if he or his estate's representative is not a named Plaintiff in this action, the State would not be able to respond because it has not received a legally required release allowing it to discuss the medical care this prisoner received while in ADOC custody. Therefore, the State denies these allegations.

200.   The State denies these allegations in Paragraph 200 of the Third Amended Complaint.

201.   Robert Jones is not a named Plaintiff in this action.  The State cannot respond to allegations regarding his medical care because it has not received a legally required release allowing it to discuss the medical care he received while in ADOC custody.  Therefore, the State denies these allegations.

202.   The State denies the allegations in Paragraph 202 of the Third Amended Complaint.

203.   The State admits that Plaintiff Pruitt received medical treatment for injuries he claimed were burns.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

204.   The State admits that Plaintiff Pruitt received medical treatment after he alleged that someone threw something into his eyes.   The State denies the remaining allegations contained in this paragraph.

205.   The State admits that Plaintiff Pruitt previously engaged in acts of self-harm.  The State denies the remaining allegations contained in this paragraph.

206.   The State admits that Plaintiff Williams was in segregation at Fountain Correctional Facility in March 2014. The State also admits that Plaintiff Williams received medical treatment for self-inflicted wounds in March 2014. The State denies the remaining allegations contained in this paragraph.

207.   The State admits that corrections officers are sometimes present before or during medical examinations due to existing security protocols, including, without limitation, those instances when the conduct of an inmate poses a threat to a member of the medical personnel.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

208.   The State denies the allegations in Paragraph 208 of the Third Amended Complaint.

209.   To the extent that the allegations contained in this paragraph purport to quote statutes and/or regulations, those statutes and/or regulations speak for themselves, and the State need not admit or deny these allegations.   The State

specifically denies that the cited regulations are part of the Alabama Administrative Code.

210.   The State denies the allegations in Paragraph 210 of the Third Amended Complaint.

211.   The State denies the allegations in Paragraph 211 of the Third Amended Complaint.

212.   The allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.   To the extent that the allegations require a response from the State independent of any written documentation, the State denies the remaining allegations contained in this paragraph.

213.   The State denies the allegations in Paragraph 213 of the Third Amended Complaint.

214.   The State denies the allegations in Paragraph 214 of the Third Amended Complaint.

215.   The State denies the allegations in Paragraph 215 of the Third Amended Complaint.

216.   The allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.   To the extent that the allegations require a response from the State independent of any written documentation, the State denies the remaining allegations contained in this paragraph.

217.   The allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.  To the extent that the allegations require a response from the State independent of any written documentation, the State denies the remaining allegations contained in this paragraph.

218.   The allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.  To the extent that the allegations require a response from the State independent of any written documentation, the State denies the remaining allegations contained in this paragraph.

219.   The allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.  To the extent that the allegations require a response from the State independent of any written documentation, the State denies the remaining allegations contained in this paragraph.

220.   The allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.  To the extent that the allegations require a response from the State independent of any written documentation, the State denies the remaining allegations contained in this paragraph.

221.   The allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.  To the extent that the allegations require a response from the State independent of any written documentation, the State denies the remaining allegations contained in this paragraph.

222.   The allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.  To the extent that the allegations require a response from the State independent of any written documentation, the State denies the remaining allegations contained in this paragraph.

223.   The allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.  To the extent that the allegations require a response from the State independent of any written documentation, the State denies the remaining allegations contained in this paragraph.

224.   The allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.  To the extent that the allegations require a response from the State independent of any written documentation, the State denies the remaining allegations contained in this paragraph.

225.   The allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.  To the extent that the allegations require a response from the State independent of any written documentation, the State denies the remaining allegations contained in this paragraph.

226.   The allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.  To the extent that the allegations require a response from the State independent of any written documentation, the State denies the remaining allegations contained in this paragraph.

227.   The State denies the allegations in Paragraph 227 of the Third Amended Complaint.

228.   The State admits that Bullock Correctional Facility maintains a Residential Treatment Unit ("RTU") and an Intensive Stabilization Unit ("SU"). The remaining allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.  To the extent that the remaining allegations require a response from the State independent of any written documentation, the State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

229.   The State admits that Donaldson Correctional Facility maintains two RTUs.  The remaining allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.  To the extent that the remaining allegations require a response from the State independent of any written documentation, the State denies the remaining allegations contained in this paragraph.

230.   The State admits that Tutwiler Correctional Facility maintains an RTU and an SU.  The remaining allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.  To the extent that the remaining allegations require a response from the State independent of any

written documentation, the State denies the remaining allegations contained in this paragraph.

231.   The State denies the allegations in Paragraph 231 of the Third Amended Complaint.

232.   The State denies these allegations, except to the extent the allegations were drawn entirely from documents.  To the extent the allegations set forth in this paragraph appear to be drawn directly from documents, the documents speak for themselves.  To the extent that the remaining allegations require a response from the State independent of any written documentation, the State denies the remaining allegations contained in this paragraph.

233.   The State denies the allegations of Paragraph 233 of the Third Amended Complaint.

234.   The allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.  To the extent that the allegations require a response from the State independent of any written documentation, the State denies the remaining allegations contained in this paragraph.

235.   The State generally admits that MHM provides monthly reports to the ADOC.  However, the allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.  To the extent that the allegations require a response from the State independent of any written

documentation, the State denies the remaining allegations contained in this paragraph.

236.   The State denies the allegations of Paragraph 236 of the Third Amended Complaint.

237.   The State denies the allegations of Paragraph 237 of the Third Amended Complaint.

238.   The State denies that prisoners who are clearly suffering from a mental health disorder or psychological distress go untreated.  The State admits that Plaintiff Pruitt has been placed on suicide watch in the past and has been treated for depression.  The State denies that Plaintiff Pruitt has not been given any mental health treatment.

239.   The State admits that Plaintiff Williams has engaged in self-harm, including in March 2014 and has been evaluated for mental health purposes while in custody of the ADOC.  The remaining allegations are ambiguous and vague, and the State is without sufficient knowledge and information to either admit or deny these remaining allegations contained in this paragraph and, therefore, denies the same.

240.   The State admits that Plaintiff Dunn previously engaged in self-harm. The State admits that Plaintiff Dunn received mental health treatment while in ADOC custody and denies that Plaintiff Dunn's requests for mental health

treatment have been denied.  The State denies that Plaintiff Dunn has never been placed on the mental health caseload.

241.  The State admits that Plaintiff Hardy received mental health treatment while in the custody of the ADOC, but denies that he was taken off the mental health caseload without explanation.

242.  The State admits that Plaintiff Moncrief has been treated for various mental illnesses.  The remaining allegations are ambiguous and vague, and the State is without sufficient knowledge and information to either admit or deny these remaining allegations contained in this paragraph and, therefore, denies the same.

243.  The State admits that Johnson has not been referred off-site to see a neurologist.   The State denies the remaining allegations contained in this paragraph.

244.  The allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.  To the extent that the allegations require a response from the State independent of any written documentation, the State denies the remaining allegations contained in this paragraph.

245.  The State denies that it dramatically understates the level of acuity of those who are mentally ill.  However, the remaining allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.  To the extent that the remaining allegations require a response from

the State independent of any written documentation, the State denies the remaining allegations contained in this paragraph.

246.   The State denies the allegations in Paragraph 246 of the Third Amended Complaint.

247.   The State admits that Plaintiff McCoy currently receives mental health treatment, but denies that he is forced to take medications against his will. The State admits that Plaintiff McCoy is an inmate at Bibb Correctional Facility and was assigned a mental health code of MH-2.

248.   The State admits that Plaintiff Dillard was assigned a mental health code of MH-1. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

249.   The State admits that Plaintiff Terrell is an inmate at Bullock Correctional Facility.  The State denies that Plaintiff Terrell was assigned a mental health code of MH-2. The State admits that Plaintiff Terrell is assigned to the Residential Treatment Unit at Bullock. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

250.   The State admits that Plaintiff Hartley is an inmate at St. Clair Correctional Facility.  The State denies the remaining allegations contained in this paragraph.

251.   The State denies that it understates the acuity of mental illness within the confines of the ADOC system.   The remaining allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.   To the extent that the remaining allegations require a response from the State independent of any written documentation, the State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

252.   The State denies the allegations in Paragraph 252 of the Third Amended Complaint.

253.   The State denies the allegations in Paragraph 253 of the Third Amended Complaint.

254.   The State denies the allegations in Paragraph 254 of the Third Amended Complaint.

255.   The State admits that Plaintiff Terrell is assigned to the Bullock RTU. The State admits that Plaintiff Terrell receives Haldol but denies that he receives Prolixin. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

256.   To the extent that this paragraph alleges that prisoners are not informed of the names or side effects of their medications, the State denies that allegation.   The State is without sufficient knowledge and information to either

admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

257.   The State admits that Plaintiff McCoy sometimes receives medication on an involuntary basis.   To the extent that this paragraph alleges that Plaintiff McCoy has not been informed of the name or purpose of his medications, the State denies that allegation.   The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

258.   The State denies that Plaintiff Terrell did not receive individualized information about the medications he is taking or give informed consent.   The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

259.   The State admits that Plaintiff Dillard takes medication for his mental health issues.   The State denies that Plaintiff Dillard did not receive individualized information about the medications he is taking or give informed consent.   The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

260.   The State admits that Plaintiff Braggs takes medications prescribed by the mental health staff.   To the extent that this paragraph alleges that Plaintiff Braggs has not been informed of the names or potential side effects of the

medications, the State denies that allegation. The State denies the remaining allegations contained in this paragraph.

261.   The State admits Plaintiff Carter has received medication to treat mental illness.  The State admits that certain of his medications were discontinued in 2013 when he stated he was no longer depressed. Given the cursory and non-descript nature of the remaining allegations, the State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

262.   The State admits that Plaintiff Hardy has made suicidal threats.  The State denies the remaining allegations contained in this paragraph.

263.   The State admits that Plaintiff Jackson was taking Haldol but denies that he was not given a medication for the side effects. The State denies the remaining allegations contained in this paragraph.

264.   The State is without sufficient knowledge and information to either admit or deny the allegations contained in this paragraph and, therefore, denies the same.

265.   The State denies the allegations in Paragraph 265 of the Third Amended Complaint.

266.   To the extent the allegations of this paragraph refer to prisoners who are not named Plaintiffs in this action, the State cannot respond because it has not received legally required releases allowing it to discuss the mental health care they

received while in ADOC custody.  The State denies the remaining allegations contained in this paragraph.

267.  The State admits that it is aware that certain psychotropic medications make certain patients more sensitive to heat.  The State denies that there is little regard for the side effects of psychiatric medications.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

268.  The State admits that Plaintiff Dillard is an inmate in the mental health dormitory at Bullock Correctional Facility and that there is currently no air conditioning in that dormitory.  The State also admits that Plaintiff Dillard takes mental health medications.  To the extent the allegations of this paragraph refer to prisoners who are not named Plaintiffs in this action, the State cannot respond because it has not received legally required releases allowing it to discuss the mental health care they received while in ADOC custody.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

269.  The State admits that Plaintiff Terrell has been prescribed Haldol but denies that he has been prescribed Prolixin.  The State denies the remaining allegations contained in this paragraph.

270.  The State denies the general allegation that the mental health staff at every facility fails to address the side effects of prescribed medications.  The State

is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

271.   The State denies that Plaintiff Pruitt has been prescribed Haldol.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

272.   The State denies the allegations in Paragraph 272 of the Third Amended Complaint.

273.   The State admits that Plaintiff Bui receives Haldol, but denies that he does not receive medication to combat the side effects.

274.   The State denies the allegations in Paragraph 274 of the Third Amended Complaint.

275.   The allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.  To the extent that the allegations require a response from the State independent of any written documentation, the State is without sufficient knowledge and information to either admit or deny the allegations contained in this paragraph and, therefore, denies the same.

276.   The allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.  To the extent that the allegations require a response from the State independent of any written documentation, the State is without sufficient knowledge and information to either admit or deny the allegations contained in this paragraph and, therefore, denies the same.

277.   The allegations set forth in this paragraph appear to be drawn directly from documents, which speak for themselves.  To the extent that the allegations require a response from the State independent of any written documentation, the State is without sufficient knowledge and information to either admit or deny the allegations contained in this paragraph and, therefore, denies the same.

278.   The State denies that "contacts with mental health staff" are often perfunctory.   The State admits that Plaintiff Dillard receives mental health treatment at Bullock and that this treatment far exceeds 5 to 10 minute counseling sessions.   The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

279.   The State admits that Plaintiff Terrell resides in the Bullock RTU, has been diagnosed with several mental health conditions, and has received mental health treatment for auditory hallucinations. The State denies the remaining allegations contained in this paragraph.

280.   The State admits that Plaintiff Wallace has been diagnosed with various mental health disorders and is assigned to the Donaldson RTU.  The State denies that Plaintiff Wallace does not receive any mental health treatment other than his medications.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

281.   The State admits that Plaintiff McCoy experiences some form of mental illness and sometimes receives medication on an involuntary basis. The State denies the remaining allegations contained in this paragraph.

282.   The State admits that Plaintiff Businelle is assigned to the Bullock RTU, has been diagnosed with schizophrenia and receives Prolixin and Cogentin. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

283.   The State is without sufficient knowledge and information to either admit or deny the allegations contained in this paragraph and, therefore, denies the same.

284.   The State denies the allegations in Paragraph 284 of the Third Amended Complaint.

285.   The State denies the allegations of Paragraph 285 of the Third Amended Complaint.

286.   The State admits that Plaintiff Braggs has been diagnosed with anxiety and depression and receives mental health medications.  The State is without sufficient knowledge and information to either admit or deny what Plaintiff Braggs does or does not know.  The State denies the remaining allegations asserted in this paragraph.

287.   The State admits that Plaintiff Pruitt was in segregation from July 2013 through March 2014 and is currently in segregation.   The State denies that prisoners are often denied access to mental health staff.   The State denies that Plaintiff Pruitt has not been seen by mental health staff.   The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

288.   The State admits that Plaintiff Dunn was placed in segregation in or around June 2013.   The State admits that Plaintiff Dunn has a history of self-harm.  The State denies the allegation that the mental health staff failed to provide any consultation to Plaintiff Dunn.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

289.   The State admits that Plaintiff Williams has a history of self-harm though there is no present clinical basis for the prescription of medication or being placed on the "caseload," as that phrase is apparently intended by the Named Plaintiffs.  The State denies the remaining allegations contained in this paragraph.

290.   The State admits that Plaintiff Moncrief has received mental health treatment, including certain medications.  The State denies that Plaintiff Moncrief has been denied mental health treatment.   The State denies the remaining allegations contained in this paragraph.

291.   The State admits that Plaintiff Hardy has a history of mental health issues.  The State denies that Plaintiff Hardy has been denied mental health care. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

292.   The State denies the allegations of Paragraph 292 of the Third Amended Complaint.

293.   The State admits that Plaintiff Carter has a history of mental health problems and self-harm.  The State denies that Plaintiff Carter has received no mental health care since October 2013.

294.   The State denies that Plaintiff Pruitt did not receive mental health counseling while on suicide watch.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

295.   The State denies the allegations in Paragraph 295 of the Third Amended Complaint.

296.   The State denies the allegations in Paragraph 296 of the Third Amended Complaint.

297.   The State denies the allegations in Paragraph 297 of the Third Amended Complaint.

298.  The State admits that Plaintiff Hardy was placed in segregation at St. Clair Correctional Facility in May 2012 and remains in segregation.  Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

299.  The State admits that Plaintiff Jackson has been transferred between segregation at St. Clair, Holman and Donaldson Correctional Facilities.  Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

300.  The State admits that Plaintiff Carter has been an inmate in RTU or segregation while in ADOC custody.  Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

301.  The State admits that Plaintiff Wallace has been in either RTU or segregation since 2010.  The remaining allegations of this paragraph are denied.

302.  The State admits that Plaintiff Terrell has been placed in segregation several times and that he is currently on the mental health caseload.  Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

303.  The State denies the allegations in Paragraph 303 of the Third Amended Complaint.

304.  The State denies the allegations in Paragraph 304 of the Third Amended Complaint.

305.   The allegations contained in this paragraph are so vague and non-specific as to render the State unable to respond to them.   The prisoners to whom the allegations purport to relate are not identified.   Further, even if the prisoners were identified, if they or their estates' representatives are not named Plaintiffs in this action, the State would not be able to respond because it has not received legally required releases allowing it to discuss the medical care these prisoners received while in ADOC custody.   As such, these allegations are denied.

306.   The State denies the allegations in Paragraph 306 of the Third Amended Complaint.

307.   The State admits that Plaintiff Williams was in segregation at Fountain Correctional Facility on March 2, 2014 and engaged in self-harm with a razor that day.   Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

308.   The State denies the allegations in Paragraph 308 of the Third Amended Complaint.

309.   The State admits that Plaintiff Hardy has made suicidal threats. Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

310.   The State admits that Plaintiff Dunn was in segregation at St. Clair Correctional Facility in or around June 2013.   Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

311.   The State admits that Plaintiff Pruitt claimed he engaged in self-harm in June 2014 and was placed on suicide watch and received treatment from the mental health staff.   Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

312.   The State denies the allegations in Paragraph 312 of the Third Amended Complaint.

313.   The State denies the allegations in Paragraph 313 of the Third Amended Complaint.

314.   The State admits that the ADOC adopted a policy regarding involuntary medication and states that the policy speaks for itself.   The State denies that prisoners are denied due process with respect to involuntary medication. The State denies the remaining allegations in this paragraph.

315.   The State denies that mental health patients who are not identified as seriously mentally ill are medicated against their will.   The remaining allegations contained in this paragraph are so vague as to render the State unable to respond to them.   The prisoners to whom the allegations purport to relate are not identified. Further, even if the prisoners were identified, if they or their estates' representatives are not named Plaintiffs in this action, the State would not be able to respond because it has not received legally required releases allowing it to discuss the medical care these prisoners received while in ADOC custody.   As such, these allegations are denied.

316.   The State denies the allegations in Paragraph 316 of the Third Amended Complaint.

317.   The State admits that Plaintiff Hartley sometimes refuses his prescribed medications.   The State denies that Plaintiff Hartley is placed in a "padded cell."   The State denies that Plaintiff Hartley has been involuntarily medicated without going through the involuntary medication process.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

318.   The State admits that Plaintiff Bui received Haldol on an involuntary basis when he refused to take it voluntarily.  The State denies that Plaintiff Bui did not receive any type of hearing to determine if he can be medicated involuntarily. To the extent not already addressed, the State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

319.   The State denies that it is involuntarily medicating Plaintiff Dillard. The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

320.   The State denies that it is involuntarily medicating Plaintiff Dillard. The State is without sufficient knowledge and information to either admit or deny

the remaining allegations contained in this paragraph and, therefore, denies the same.

321.   The allegations contained in this paragraph are so vague and generalized as to render the State unable to respond to them.  The prisoners to whom the allegations purport to relate are not identified.  Further, even if the prisoners were identified, if they or their estates' representatives are not named Plaintiffs in this action, the State would not be able to respond because it has not received legally required releases allowing it to discuss the medical care these prisoners received while in ADOC custody.  As such, the State denies the remaining allegations contained in this paragraph.

322.   The State denies that Plaintiff Terrell has been involuntarily medicated.  The State is without sufficient knowledge and information to either admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

323.   The State denies that Plaintiff McCoy has been involuntarily medicated without going through the involuntary medication process.  The State admits that Plaintiff McCoy is noncompliant with his medications. The State is without sufficient knowledge and information to either admit or deny the remaining allegations in this paragraph and, therefore, denies the same.

324.   The State admits that ADOC receives federal funding; otherwise, the State denies these allegations.

325.  The State denies the allegations in Paragraph 325 of the Third Amended Complaint.

326.  The State denies the allegations in Paragraph 326 of the Third Amended Complaint.

327.  The State denies that bathrooms throughout the ADOC system are not accessible.  The State admits that some toilets at some facilities are on raised platforms.  The State admits that some dormitories have showers with controls about above the shower head.  The State admits that some bathroom areas at some facilities have a "low wall to go into the shower area."  The State admits that ADOC need not make sure that all its facilities are accessible to persons with mobility impairments. Defendants are without information to admit or deny what may or may not have been communicated to Plaintiffs' counsel during the multiple visits they paid to ADOC facilities.  Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

328.  The State admits that Plaintiff Sears was an inmate at Hamilton A&I from April 2012 until January 2013.  The State admits that he was transferred to Limestone Correctional Facility until May 2013 and then transferred to Ventress Correctional Facility.  The State admits that he was initially assigned to Dormitory C at Ventress Correctional Facility.  The State admits that the dormitories in Ventress Correctional Facility do not have grab bars and the shower in the infirmary where there is a shower chair does not have grab bars. Defendants deny

that "G Dorm [] is at the opposite corner of the [facility] from the infirmary." Defendants are without information to admit or deny the remaining allegations of this paragraph and must therefore deny the same.

329.   The State admits that Plaintiff Sears was moved to Dormitory A and that Dormitory A is an honor dormitory. The State admits that Plaintiff Sears was transferred to Dormitory B and then to Dormitory C. Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

330.   The State admits that there is a 3 to 4 inch buffer around the shower in the infirmary at Easterling Correctional Facility. The State admits that inmates who use wheelchairs have been assigned to the infirmary. Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

331.   The State admits that the shower in the infirmary at Staton Correctional Facility is stainless steel. With respect to the allegation concerning Prisoner Copeland, the State responds that Prisoner Copeland is deceased and was dismissed as a Plaintiff by Order of the Court dated June 25, 2015 (Doc. 209), and, therefore, the State is no longer required to respond to this allegation.    To the extent a response is required, the State admits that Prisoner Copeland was assigned to the infirmary at Staton Correctional Facility.   Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

332. The State admits that there are inmates in wheelchairs at Kilby Correctional Facility who are assigned to the infirmary. Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

333. The State admits that there are cells in the infirmary at Kilby Correctional Facility and that inmates in wheelchairs have been assigned to the infirmary. The State admits that Plaintiff Hagood was assigned to Dormitory A at Kilby Correctional Facility from approximately late 2012 until May 2, 2014. The State admits that the photograph included as part of this paragraph reflects conditions in a bathroom at Kilby Correctional Facility that were present at the time the photograph was taken. Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

334. The State admits that the bathroom in the chapel at Fountain Correctional Facility has a narrow door opening. Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

335. The State denies these allegations in Paragraph 335 of the Third Amended Complaint.

336. The State denies the allegations in Paragraph 336 of the Third Amended Complaint.

337. As it relates to Plaintiff Naylor and Moore's ability to complete sick call request forms, the State is without sufficient knowledge and information to either admit or deny the allegations in this paragraph and, therefore, denies the

same.  The State denies that "there is no system in place for them to avoid having to share confidential medical information in this manner."  With respect to the allegation concerning Prisoner Copeland, the State responds that Prisoner Copeland is deceased and was dismissed as a Plaintiff by Order of the Court dated June 25, 2015 (Doc. 209), and, therefore, the State is no longer required to respond to this allegation.  To the extent a response is required, with respect to Prisoner Copeland's ability to complete sick call request forms, the State is without sufficient knowledge and information to either admit or deny the allegations and, therefore, denies the same.

338.  The State admits that Plaintiff Henderson received attention with respect to his hearing impairment. The State is without sufficient knowledge and information to either admit or deny the remaining allegations in this paragraph and, therefore, denies the same.

339.  The State denies the allegations in Paragraph 339 of the Third Amended Complaint.

340.  With respect to the general allegations related to the issuance of profiles, the State denies these allegations.  With respect to the allegations related entirely to Plaintiff Sears, the State admits that he was previously diagnosed with scoliosis. The State is without sufficient knowledge and information to either admit or deny the remaining allegations in this paragraph and, therefore, denies the same.

341.   The State denies the allegations in Paragraph 341 of the Third Amended Complaint.

342.   The State is without sufficient knowledge and information to either admit or deny the remaining allegations in this paragraph and, therefore, denies the same.

343.   The State admits that Plaintiff Brooks has been diagnosed previously with keloids. The State denies the remaining allegations in this paragraph.

344.   The State responds that Prisoner Baker is deceased and was dismissed as a Plaintiff by Order of the Court dated June 25, 2015 (Doc. 209), and, therefore, the State is no longer required to respond to this allegation.  To the extent a response is required, the State denies the allegations contained in this paragraph.

345.   The State admits that Torres reported injuring his knee and received crutches.  The State denies the remaining allegations in this paragraph.

346.   The State denies the allegations in Paragraph 346 of the Third Amended Complaint.

347.   The State admits that Dormitory A at Kilby Correctional Facility has been described as "a dorm in the main hall near the infirmary where others who have disabilities or medical needs, yet are not in need of infirmary care, are placed." The State admits that high security classification inmates with disabilities

or medical needs are assigned to Dormitory A. Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

348.   The State admits that Plaintiffs Naylor, Moore and Hagood were assigned to Dormitory A for a period of time. The State admits that inmates with security classifications of 4, along with inmates who have other security classifications, are assigned to Dormitory A. Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

349.   The State admits that some male prisoners who have impaired kidney function and require dialysis are assigned to St. Clair Correctional Facility. The State admits that Plaintiff Hartley's need for dialysis is one reason he is assigned to St. Clair Correctional Facility. Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

350.   The State denies the allegations in Paragraph 350 of the Third Amended Complaint.

351.   The State denies the allegations in paragraph 351 of the Third Amended Complaint.

352.   The State admits that it provided Plaintiff Gilbert with at least two different pairs of orthotic shoes.  The State denies the remaining allegations in this paragraph.

353.   The State admits that Plaintiff Hagood is currently assigned to the infirmary and that he is assisted by hospice workers.  Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

354.   The State admits that Plaintiff Hagood was assigned to Dormitory B. The State admits that Plaintiff Hagood was told that he would be transferred to Dormitory A and was assigned an assistant in Dormitory A. Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

355.   The State denies the allegations of Paragraph 355 of the Third Amended Complaint.

356.   The State admits that there was a fire in the kitchen at Kilby Correctional Facility on or about May 17, 2014. The State admits that Plaintiff Hagood and other inmates would evacuate through Dormitory A. Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

357.   The State admits that Plaintiff Broyles received two hearing aids and relied upon both hearing aids for a period of time and that Plaintiff Broyles received assistance from the medical staff in maintaining his hearing aids. Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

358.   The State admits that the inmates are required to submit a sick call request to obtain new batteries.   Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

359.   The State denies the allegations in Paragraph 359 of the Third Amended Complaint.

360.   The State denies the allegations in Paragraph 360 of the Third Amended Complaint.

361.   The State admits that there are no staff members at Limestone Correctional Facility who can utilize sign language.   Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

362.   The State responds that Prisoner Baker is deceased and was dismissed as a Plaintiff by Order of the Court dated June 25, 2015 (Doc. 209), and, therefore, the State is no longer required to respond to this allegation.   To the extent a response is required, the State admits that Baker was diagnosed with rheumatoid arthritis and received medical care for that condition, and denies the remaining allegations in this paragraph.

363.   The ADOC specifically denies that it denied Moseley any necessary medical treatment, caused any delay of any kind in Moseley's recovery from the motor vehicle accident or prolonged his reliance upon a wheelchair.   Except as addressed above, the State is without sufficient knowledge and information to

either admit or deny the remaining allegations in this paragraph and, therefore, denies the same.

364.   The State denies the allegations in Paragraph 364 of the Third Amended Complaint.

365.   The State denies the allegations in Paragraph 365 of the Third Amended Complaint.

366.   The State admits that Plaintiff Turner is not medically cleared to work release.   Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

367.   The State admits that Plaintiff Dillard is assigned to Bullock Correctional Facility.   The State admits that Plaintiff Dillard is classified as MH-1. Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

368.   The State is without sufficient knowledge to admit or deny the allegations in this paragraph and therefore denies the same.

369.   The State denies the allegations in Paragraph 369 of the Third Amended Complaint.

370.   The State admits that Plaintiff Naylor is an inmate at Hamilton A&I. Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

371.   The State admits that Plaintiff Naylor is assigned a security classification of 2.   Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

372.   The State denies this allegation.  At this time, Defendants and ADOC lack the facilities to provide vocational rehabilitation training to non-sighted inmates comparable to that provided by the Talladega School for the Blind.

373.   The State denies the allegations in Paragraph 373 of the Third Amended Complaint.

374.   The State denies these allegations in Paragraph 374 of the Third Amended Complaint.

375.   The State denies the allegations in Paragraph 375 of the Third Amended Complaint.

376.   The State admits that Plaintiff Tooley has some hearing impairment and there was no sign language interpreter at Plaintiff Tooley's disciplinary hearing, which resulted in a 30-day segregation term.  The State is without sufficient knowledge to admit or deny the remaining allegations in this paragraph and therefore denies the same.

377.   The State admits that Plaintiff Broyles does demonstrate some hearing impairment and has utilized hearing aids.  The State is without sufficient knowledge to admit or deny the remaining allegations in this paragraph and therefore denies the same.

378.   The State denies the allegations in Paragraph 378 of the Third Amended Complaint.

379.   The State denies these allegations in Paragraph 379 of the Third Amended Complaint.

380.   The State is without sufficient knowledge to admit or deny the allegations in this paragraph and therefore denies the same.

381.   The State denies the allegations in Paragraph 381 of the Third Amended Complaint.

382.   The State is without sufficient knowledge to admit or deny the allegations in this paragraph and therefore denies the same.

383.   The State admits that sick call generally begins with the submission of a written or verbal request for medical treatment.   The State is without sufficient knowledge to admit or deny the remaining allegations in this paragraph and therefore denies the same.

384.   The State denies the allegations in Paragraph 384 of the Third Amended Complaint.

385.   The State admits that Plaintiff Naylor was an inmate at Hamilton A&I.   The State is without sufficient knowledge to admit or deny the remaining allegations in this paragraph and therefore denies the same.

386.   The State is without sufficient knowledge to admit or deny the allegations in this paragraph and therefore denies the same.

387.   The State is without sufficient knowledge to admit or deny the allegations in this paragraph and therefore denies the same.

388.   The State is without sufficient knowledge to admit or deny the allegations in this paragraph and therefore denies the same.

389.   The State is without sufficient knowledge to admit or deny the allegations in this paragraph and therefore denies the same.

390.   The State is without sufficient knowledge to admit or deny the allegations in this paragraph and therefore denies the same.

391.   The State denies the allegations in Paragraph 391 of the Third Amended Complaint.

392.   The State denies the allegations in Paragraph 392 of the Third Amended Complaint.

393.   The State denies the allegations in Paragraph 393 of the Third Amended Complaint.

394.   The Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 399 although the State admits that Plaintiffs were involved in physical altercations with other inmates, and that Plaintiffs have exhibited, on more than one occasion, non-compliant behaviors which pose a risk of harm to themselves or others.  Except as expressly admitted, the State denies the remaining allegations in this Paragraph.

395.   The State denies the allegations in Paragraph 395 of the Third Amended Complaint.

396.   The State denies the allegations in Paragraph 396 of the Third Amended Complaint.

397.   The State denies the allegations in Paragraph 397 of the Third Amended Complaint.

398.   The State admits that Plaintiff Dunn was involved in a physical altercation with another inmate.   Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

399.   The State admits that ADOC received communications to this effect. However, the allegations contained in those e-mails are denied.

400.   The State admits the allegations in Paragraph 400 of the Third Amended Complaint.

401.   The State admits that Plaintiff Sears is an inmate at Ventress Correctional Facility who showers in the handicapped accessible shower as permitted by his medical profile.   The State admits that upon completing his shower, Plaintiff Sears is to ring a bell to receive assistance.   The State admits that Plaintiff Sears received a disciplinary report.   Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

402.   The State admits Plaintiff Sears was at pill call at Ventress on the morning of September 1, 2014.   The State admits that, following Sears' disruptive

and insubordinate behavior, Sears was handcuffed by correctional officers and escorted to F Dormitory.  The State admits Sears received several disciplinary reports as a result of the incident.  Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

403.   The State admits Sears was eligible for parole in 2014, but denies all remaining allegations in this paragraph.

404.   The State admits the allegations of Paragraph 404 of the Third Amended Complaint.

405.   The State denies the allegations of Paragraph 405 of the Third Amended Complaint.

406.   The State admits that such communications were received by counsel for ADOC.  The State denies that the allegations contained therein or as otherwise stated are correct.  Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

407.   The State denies the allegations of Paragraph 407 of the Third Amended Complaint.

408.   The State admits that Plaintiffs Businelle, Terrell and prisoner Sanford met with Plaintiffs' counsel on June 4, 2014.  Except as expressly admitted above, the State denies the remaining allegations.

409.   The State denies the allegations in Paragraph 409 of the Third Amended Complaint.

410.   The State denies the allegations in Paragraph 410 of the Third Amended Complaint.

411.   To the extent a response is required, the State denies these allegations.

412.   The State admits that as of March 31, 2014, ADOC had in excess of 24,000 inmates in its custody.   The remaining allegations in this paragraph are denied.

413.   The State denies the allegations of Paragraph 413 of the Third Amended Complaint.

414.   The State denies the allegations of Paragraph 414 of the Third Amended Complaint.

   a.  The State denies these allegations.

   b.  The State denies these allegations.

   c.  The State denies these allegations.

   d.  The State denies these allegations.

   e.  The State denies these allegations.

415.   The State is without information to admit or deny what Plaintiffs or their counsel expect and, therefore, denies the allegations contained in this paragraph.

416.   The State denies the allegations of Paragraph 416 of the Third Amended Complaint.

417. The State denies the allegations of Paragraph 417 of the Third Amended Complaint.

418. The State denies these allegations of Paragraph 418 of the Third Amended Complaint.

419. The State admits that ADOC provides medical care to inmates through a single contract with a single provider. Except as expressly admitted above, the State denies the remaining allegations in this paragraph.

420. To the extent a response is required, the State denies these allegations.

421. The State denies the allegations of Paragraph 421 of the Third Amended Complaint.

422. The State denies the allegations of Paragraph 422 of the Third Amended Complaint.

a. The State denies these allegations.

b. The State denies these allegations.

c. The State denies these allegations.

d. The State denies these allegations.

e. The State denies these allegations.

f. The State denies these allegations.

423. The State admits the allegations in Paragraph 423 of the Third Amended Complaint.

424.   The State denies the allegations of Paragraph 424 of the Third Amended Complaint.

425.   The State denies the allegations of Paragraph 425 of the Third Amended Complaint.

426.   The State denies the allegations of Paragraph 426 of the Third Amended Complaint.

427.   The State admits that ADOC provides mental health care to inmates through a single contract with a single provider.  The State denies the remaining allegations contained in this paragraph.

428.   To the extent a response is required, the State denies these allegations.

429.   To the extent a response is required, the State denies these allegations.

1.     The State admits that ADOC has custody of inmates who require dialysis; otherwise, denied.

2.     The State admits that ADOC has custody of inmates with diabetes who are treated in the chronic care clinic; otherwise, denied.

3.     The State admits that ADOC has custody of inmates who require mental health treatment; otherwise, denied.

434.   The State denies the allegations in the first Paragraph 434 of the Third Amended Complaint.[1]

435.   The State denies these allegations.

(a)   The State denies the allegations in this subparagraph.

(b)   The State denies the allegations in this subparagraph.

(c)   The State denies the allegations in this subparagraph.

436.   The State lacks sufficient information to admit or deny what Plaintiffs or their counsel expect and, therefore, denies these allegations.

437.   The State denies the allegations in Paragraph 437 of the Third Amended Complaint.

438.   The State denies the allegations in Paragraph 438 of the Third Amended Complaint.

439.   The State denies the allegations in Paragraph 439 of the Third Amended Complaint.

440.   The State denies the allegations in Paragraph 440 of the Third Amended Complaint.

---

[1] Beginning on page 129 of the Third Amended Complaint, the Plaintiffs numbered paragraphs skip 430, 431, 432, and 433.  This answer will use the paragraph numbers that correspond to the numbers assigned to the paragraphs of Plaintiffs' Third Amended Complaint.

## CLAIMS FOR RELIEF

### First Cause of Action: Inadequate Medical Care
All Prisoner Plaintiffs and the Plaintiff Class v.
Defendants Dunn and Naglich
(42 U.S.C. § 1983; Eighth and Fourteenth Amendments, Cruel and Unusual
Punishment)

441.   Defendants Dunn and Naglich adopt and assert as if set forth at length their answers to the allegations of paragraphs 1 through 440 of the Plaintiffs' Third Amended Complaint.  Defendant ADOC declines to answer the allegations of this paragraph or cause of action because the same are not directed toward it.

442.   Defendants Dunn and Naglich deny these allegations.  Defendant ADOC declines to answer the allegations of this paragraph or cause of action because the same are not directed toward it.

443.   Defendants Dunn and Naglich deny these allegations.  Defendant ADOC declines to answer the allegations of this paragraph or cause of action because the same are not directed toward it.

### Second Cause of Action: Inadequate Mental Health Treatment
Plaintiffs Dunn, Braggs, Bui, Businelle, Carter, Dillard, Hardy, Hartley, Jackson, Johnson, McCoy, Moncrief, Pruitt, Terrell, Wallace, Williams; Plaintiff Alabama Disabilities Advocacy Program; the Mental Health Subclass v. Defendants Dunn and Naglich
(42 U.S.C. § 1983; Eighth and Fourteenth Amendments, Cruel and Unusual
Punishment)

444.   Defendants Dunn and Naglich adopt and assert as if set forth at length their answers to the allegations of paragraphs 1 through 443 of the

Plaintiffs' Third Amended Complaint.  Defendant ADOC declines to answer the allegations of this paragraph or cause of action because the same are not directed toward it.

445.  Defendants Dunn and Naglich deny these allegations.  Defendant ADOC declines to answer the allegations of this paragraph or cause of action because the same are not directed toward it.

446.  Defendants Dunn and Naglich deny these allegations.  Defendant ADOC declines to answer the allegations of this paragraph or cause of action because the same are not directed toward it.

### Third Cause of Action: Deprivation of Due Process
### Prior to Involuntarily Medicating Prisoners
Plaintiffs Bui, Dillard, Hartley, McCoy, Terrell; Plaintiff Alabama Disabilities Advocacy Program; the Mental Health Subclass v. Defendants Dunn and Naglich (42 U.S.C. § 1983; Fourteenth Amendment, Due Process)

447.  Defendants Dunn and Naglich adopt and assert as if set forth at length their answers to the allegations of paragraphs 1 through 446 of the Plaintiffs' Third Amended Complaint. Defendant ADOC declines to answer the allegations of this paragraph or cause of action because the same are not directed toward it.

448.  Defendants Dunn and Naglich deny these allegations. Defendant ADOC declines to answer the allegations of this paragraph or cause of action because the same are not directed toward it.

449. Defendants Dunn and Naglich deny these allegations. Defendant ADOC declines to answer the allegations of this paragraph or cause of action because the same are not directed toward it.

### Fourth Cause Of Action: Violation Of The Rights Of Prisoners With Disabilities

Plaintiffs Dunn, Braggs, Brooks, Broyles, Bui, Businelle, Carter, Dillard, Gilbert, Hagood, Hardy, Hartley, Henderson, Jackson, Johnson, Maner, McCoy, Mitchell, Moncrief, Moore, Moseley, Naylor, Pearson, Pruitt, Sears, Terrell, Tooley, Torres, Turner, Wallace, Williams; Plaintiff Alabama Disabilities Advocacy Program; and the ADA Subclass v. Defendant ADOC (Americans with Disabilities Act and § 504 of the Rehabilitation Act of 1973)

450. Defendant ADOC adopts and asserts as if set forth at length its answers to the allegations of paragraphs 1 through 449 of the Plaintiffs' Third Amended Complaint. Defendants Dunn and Naglich decline to answer the allegations of this paragraph or cause of action because the same are not directed toward them.

451. Defendant ADOC denies these allegations. Defendants Dunn and Naglich decline to answer the allegations of this paragraph or cause of action because the same are not directed toward them.

452. Defendant ADOC denies these allegations. Defendants Dunn and Naglich decline to answer the allegations of this paragraph or cause of action because the same are not directed toward them.

**Fifth Cause of Action: Retaliation in Violation of Prisoners' First Amendment Rights to Communicate with Counsel and to File Lawsuits Regarding Conditions of Confinement**
Plaintiffs Dunn, Hagood, Sears v. Defendants Dunn and Naglich in their official capacity
(42 U.S.C. § 1983; First and Fourteenth Amendment)

453.   Defendants Dunn and Naglich adopt and assert as if set forth at length their answers to the allegations of paragraphs 1 through 452 of the Plaintiffs' Third Amended Complaint.   Defendant ADOC declines to answer the allegations of this paragraph or cause of action because the same are not directed toward it.

454.   Defendants Dunn and Naglich deny these allegations.   Defendant ADOC declines to answer the allegations of this paragraph or cause of action because the same are not directed toward it.

455.   Defendants Dunn and Naglich deny these allegations.   Defendant ADOC declines to answer the allegations of this paragraph or cause of action because the same are not directed toward it.

## **PRAYER FOR RELIEF**

456.   The State denies the allegations in Paragraph 456 of the Third Amended Complaint.

457.   The State denies that any Plaintiff is entitled to any relief.

A.   The State denies that this lawsuit is, or should be, maintainable as a class action under Federal Rule of Civil Procedure 23(a) or 23(b)(1) or (2).

B.     The State denies that the Court should make findings or determinations, or take acts, as the Plaintiffs requests.

C.     The State denies that the Court should make findings or determinations, or take acts, as the Plaintiffs requests.

D.     The State denies that the Court should make findings or determinations, or take acts, as the Plaintiffs requests.

D.     1 through 10 – The State denies that the Court should make findings or determinations, or take acts, as the Plaintiffs requests.

E.     The State denies that Plaintiffs are, or should be, entitled to costs or attorney fees.

F.     The State denies that the Court should retain jurisdiction over this action.

G.     The State denies that Plaintiffs are entitled to relief of any type or nature.

Except as expressly admitted in this answer, the State denies all material allegations of Plaintiffs' Third Amended Complaint.

## **FIRST DEFENSE**

Certain claims by certain of the named plaintiffs fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Any allegation, contention, count, or request for relief or for damages of any type or nature not expressly admitted is denied and strict proof thereof is demanded.

## THIRD DEFENSE

Plaintiffs are not entitled to any relief requested in the complaint.

## FOURTH DEFENSE

Plaintiffs are not entitled to any relief under 42 U.S.C. § 1983.

## FIFTH DEFENSE

Plaintiffs are unable to establish any causal connection between any action or inaction of the State and any purported injury or damages alleged in the complaint or for which relief is sought.

## SIXTH DEFENSE

Plaintiffs' claims are barred by the doctrine of sovereign immunity and Eleventh Amendment immunity.

## SEVENTH DEFENSE

Defendants plead all immunities provided to them as state officials, employees, and/or actors including, but not limited to qualified immunity, absolute immunity, discretionary function immunity, and state agent immunity.

## EIGHTH DEFENSE

Some or all of the claims against Commissioner Dunn and Associate Commissioner Naglich in their official capacity are barred by the Eleventh Amendment to the United States Constitution.

## NINTH DEFENSE

The State should have been able to rely in good faith on the expertise of medical personnel.

## TENTH DEFENSE

The State cannot be held liable under 42 U.S.C. § 1983 based on a theory of *respondeat superior* for the acts and/or omissions of others.

## ELEVENTH DEFENSE

No single Defendant in this cause can be held liable under 42 U.S.C. § 1983 or Alabama state law for any alleged act and/or omission of any other Defendant.

## TWELFTH DEFENSE

The State claims any and all protections of the Prison Litigation Reform Act (the "PLRA") of 1995, as amended.

## THIRTEENTH DEFENSE

Some of all of Plaintiffs' claims are barred by one or more of the doctrines of waiver, unclean hands, estoppel, res judicata, collateral estoppel, or issue preclusion.

## FOURTEENTH DEFENSE

Certain claims by certain of the named Plaintiffs are barred by the applicable statute of limitations.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred because they assumed the risk.

## SIXTEENTH DEFENSE

Based on Plaintiffs' refusal to follow medical advice or a prescribed formulary, Plaintiffs should not recover because they committed acts of contributory negligence or had the last clear chance to avoid their claimed injuries.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred because of the existence of a superseding, intervening or independent cause or causes.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because of their failure to mitigate their claimed injuries and damages.

## NINETEENTH DEFENSE

Some of the listed Plaintiffs should not recover because they are no longer incarcerated at any of the correctional institutions operated by the State and, accordingly, Plaintiffs' claims are barred due to their failure to name the proper parties in interest or those claims are moot.

## TWENTIETH DEFENSE

Plaintiffs' requested relief is inappropriate pursuant to the provisions of the PLRA.  See 42 U.S.C. § 1997e.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred because the injunctive relief they seek is not sufficiently narrowly drawn as required by the PLRA.  See 18 USC § 3626(a)(1)(A) (2005); 42 U.S.C. § 1997e.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred because no personal, physical injury has been alleged as required by the PLRA. See 42 USC § 1997e(e) (2005).

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred because of their failure to exhaust administrative remedies as required by the PLRA. See 42 USC § 1997e(a) (2005).

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims fail under the PLRA because the requested relief extends further than is necessary to correct any alleged violation of plaintiffs' rights. See 42 U.S.C. § 1997e.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims fail under the PLRA because the requested relief is not the least intrusive means necessary to correct any alleged violation of any Plaintiffs' rights. See 42 U.S.C. § 1997e.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims fail under the PLRA because the requested relief would adversely impact public safety and the operation of the criminal justice system. <u>See</u> 42 U.S.C. § 1997e.

## TWENTY-SEVENTH DEFENSE

Commissioner Dunn and Associate Commissioner Naglich are not liable because they are not required to substitute their judgment for that of medical professionals.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims fail under the PLRA because the requested relief would require a government official to exceed his or her authority under state law. <u>See</u> 42 U.S.C. § 1997e.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims fail under the PLRA because their requested relief would effectively repeal or detract from otherwise applicable limitations on the remedial powers of the courts.  <u>See</u> 42 U.S.C. § 1997e

## THIRTIETH DEFENSE

Plaintiffs' claims fail under the PLRA because they have failed to show that they suffered any physical injuries.  <u>See</u> 42 U.S.C. § 1997e.

### THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred because the State did not act with deliberate indifference. *Estelle v Gamble,* 429 U.S. 97 (1976).

### THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred because of their failure to allege, or suffer from, the existence of a serious medical condition.

### THIRTY-THIRD DEFENSE

To the extent Plaintiffs' complaint seeks monetary damages, a jury trial is demanded by Defendants to resolve those issues.

### THIRTY-FOURTH DEFENSE

To the extent Plaintiffs seek to recover attorney fees, the State objects to any and all such requests for fees that are not asserted in the complaint or are not approved by court order.

### THIRTY-FIFTH DEFENSE

Some or all of the Plaintiffs' claims are barred because one or more of the Plaintiffs have brought a prior action or are Plaintiffs in a pending action.

### THIRTY-SIXTH DEFENSE

Plaintiffs lack standing to raise some or all of their claims against Defendants or to seek some or all of the requested relief.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, wholly or partially, because this action is not properly maintainable as a class action.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, wholly or partially, because maintenance of this lawsuit as a class action violates due process under the laws and Constitution of the United States or the laws and Constitution of the State of Alabama.

## THIRTY-NINTH DEFENSE

Plaintiffs have failed to satisfy the prerequisites of a class action as required by Rule 23 of the Federal Rules of Civil Procedure.

## FORTIETH DEFENSE

Plaintiffs' claims fail as a matter of law because inmates do not have a "right of transfer" under the ADA or the Rehabilitation Act.

## FORTY-FIRST DEFENSE

Plaintiffs have not and did not identify or communicate to the State any reasonable accommodation that would provide Plaintiffs with access to the same or substantially the same "programs, activities, or services" offered to the general population without undue hardship to the State and have accordingly waived their claims.

## FORTY-SECOND DEFENSE

Plaintiffs have been provided or offered reasonable accommodations.

## FORTY-THIRD DEFENSE

Plaintiffs' claims fail because the relief they seek would constitute a fundamental alteration of the nature of ADOC's services and activities in violation of the ADA.

## FORTY-FOURTH DEFENSE

Plaintiffs' claims fail because the relief and accommodations they seek are not reasonable and would constitute an undue hardship on the ADOC

## FORTY-FIFTH DEFENSE

Plaintiffs' claims are barred because they have been offered or provided separate but equivalent aids, benefits, or services.

## FORTY-SIXTH DEFENSE

Plaintiffs' claims that they were denied aids, benefits, or programs are barred because the criteria used to screen them out were legitimate and necessary to provide the aids, benefits, programs, or services.

## FORTY-SEVENTH DEFENSE

The State made good faith efforts to identify and make any reasonable accommodation that would provide Plaintiffs with access to the same or substantially the same "programs, activities or services" offered to the general inmate population without imposing an undue hardship on the State.

## FORTY-EIGHTH DEFENSE

Plaintiffs' claims fail because Plaintiffs are not qualified, or otherwise qualified, individuals with a disability as defined by the ADA or Rehabilitation Act.

## FORTY-NINTH DEFENSE

Plaintiffs' claims fail because they have not been unreasonably denied access to any program, service or activity based on any disability.

## FIFTIETH DEFENSE

The policies, practices and procedures implemented or imposed by the State are based on legitimate, non-discriminatory, non-pretextual, and non-retaliatory reasons.

## FIFTY-FIRST DEFENSE

The policies, practices and procedures implemented or imposed by the State are reasonably related to legitimate penological interests.

## FIFTY-SECOND DEFENSE

The policies, practices and procedures implemented or imposed by defendants are lawful and justified.

## FIFTY-THIRD DEFENSE

The State did not unlawfully discriminate against any Plaintiff; any alleged acts or omissions affecting any Plaintiff were undertaken in good faith for non-discriminatory, non-pretextual, non-retaliatory, legitimate penological or

legitimate, reasonable factors other than discrimination. Alternatively, the same alleged actions or omissions would have occurred absent any alleged impermissible factors or motives.

### FIFTY-FOURTH DEFENSE

Plaintiffs' claims for violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. (the "ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 974 ("Section 504") are barred in whole or in part because Plaintiffs  failed to exhaust administrative remedies.

### FIFTY-FIFTH DEFENSE

Plaintiffs' claims for violation of the ADA and Section 504 are barred in whole or in part because the State is not required to provide accommodations that impose undue financial and administrative burdens or require a fundamental alteration in the nature of the program.

### FIFTH-SIXTH DEFENSE

Plaintiffs' claims for violation of the ADA and Section 504 are barred in whole or in part because Plaintiff(s) constitute a direct threat to themselves or others.

### FIFTH-SEVENTH DEFENSE

Plaintiffs' claims for violation of the ADA and Section 504 are barred in whole or in part because Plaintiffs' participation would pose significant health and safety risks.

## FIFTY-EIGHTH DEFENSE

Plaintiffs' claims for violation of the ADA and Section 504 are barred in whole or in part because any alleged discrimination serves legitimate penological interests.

## FIFTY-NINTH DEFENSE

The State at all times acted in good faith and without retaliatory or discriminatory intent.

## SIXTIETH DEFENSE

Plaintiffs' claims for modifications of policies, rules, and practices are barred as unreasonable because the modification will fundamentally alter a program or activity, and because of the cost of the modification and the burden the modification would have on administration.

## SIXTY-FIRST DEFENSE

All actions by the State with regard to the Plaintiffs were made in good faith compliance with applicable provisions of law, rules, and regulations.

## SIXTY-SECOND DEFENSE

All decisions and actions of the State were undertaken for legitimate, non-discriminatory, non-retaliatory and non-pretextual reasons.

### SIXTY-THIRD DEFENSE

Plaintiffs' claims for violation of the ADA and Section 504 are barred because some or all of the facilities at issue were not constructed, altered, or added on to after January 26, 1992.

### SIXTY-FOURTH DEFENSE

Plaintiffs' claims for violation of the ADA and Section 504 are barred in whole or in part because only a limited number of residential units in prisons or other detention or correctional facilities must be accessible.

### SIXTY-FIFTH DEFENSE

Plaintiffs' claims for violation of the ADA and Section 504 are barred in whole or in part because, to the extent any architectural barriers exist, they are merely technical violations within the acceptable building codes, and on the whole, any facility at issue is compliant with the ADA and its implementing regulations.

### SIXTY-SIXTH DEFENSE

Plaintiffs' claims for violation of the ADA and Section 504 are barred in whole or in part because potential modifications or alterations sought by Plaintiffs are not readily achievable or structurally practicable or they compromise the security of the institution.

### SIXTY-SEVENTH DEFENSE

Potential modifications or alterations sought by Plaintiffs are not readily achievable or structurally practicable due to the nature and cost of the action

needed, the overall financial resources of the facility involved in the action, and the type of operation of the covered entity.

## SIXTY-EIGHTH DEFENSE

An alternative design provides substantially equivalent or greater access to and use of the facility or is permitted because it is clearly evident that equivalent access is provided.

## SIXTY-NINTH DEFENSE

Any deviation is consistent with the conventional building industry tolerances for field conditions.

## SEVENTIETH DEFENSE

An alteration to the path of travel need not be made because the cost of altering the path of travel is disproportionate to the cost of altering the primary function area.

## SEVENTY-FIRST DEFENSE

Plaintiffs lack standing to assert a claim under the ADA that anyone other than the named plaintiffs have been denied a program or services, or access to facilities, or has been discriminated against because they are individuals with disabilities.

## SEVENTY-SECOND DEFENSE

The State has made reasonable modifications to its policies, rules, and practices to allow participation by individuals with disabilities.

## SEVENTY-THIRD DEFENSE

Plaintiffs lack standing to pursue the claims asserted in the Third Amended Complaint and lack standing to maintain any claims on behalf of a purported class.

## SEVENTY-FOURTH DEFENSE

The Third Amended Complaint fails to adequately define any class of persons who could properly maintain this action as a class action.

## SEVENTY-FIFTH DEFENSE

Plaintiffs' action is not certifiable as a class action under Fed. R. Civ. P. 23. See Fed. R. Civ. P. 23.

## SEVENTY-SIXTH DEFENSE

Plaintiffs' proposed class does not meet the Rule 23 standards set forth in Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011).

## SEVENTY-SEVENTH DEFENSE

Plaintiffs fail to establish numerosity as required for class certification. See Fed. R. Civ. P. 23(a)(1).

## SEVENTY-EIGHTH DEFENSE

Plaintiffs fail to establish commonality as required for class certification. See Fed. R. Civ. P. 23(a)(2).  The claims and suggested accommodations by the named plaintiffs are individual in nature.

## SEVENTY-NINTH DEFENSE

Plaintiffs fail to establish typicality as required for class certification.  See Fed. R. Civ. P. 23(a)(3).

## EIGHTIETH DEFENSE

Plaintiffs fail to establish adequacy of representation as required for class certification.  See Fed. R. Civ. P. 23(a)(4).

## EIGHTY-FIRST DEFENSE

The named Plaintiffs are not proper class representatives.

## EIGHTY-SECOND DEFENSE

Plaintiffs' claims fail as a class action because the State has not acted or refused to act on grounds that apply generally to the class such that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## EIGHTY-THIRD DEFENSE

A class action is not superior to other available methods for the fair and efficient adjudication of this controversy.

## EIGHTY-FOURTH DEFENSE

Individualized determinations for each purported class member preclude class certification.

## EIGHTY-FIFTH DEFENSE

Conflicts exist among the purported class members.

116

## EIGHTY-SIXTH DEFENSE

Maintenance of this action as a class action violates due process under the Constitutions of the United States and the State of Alabama.

## EIGHTY-SEVENTH DEFENSE

Plaintiffs have not been injured and will not continue to suffer injury as a result of the matters alleged in the Third Amended Complaint.

## EIGHTY-EIGHTH DEFENSE

Plaintiffs' claims under 42 U.S.C. § 1983 are deficient because they rely upon *respondeat superior* liability.

## EIGHTY-NINTH DEFENSE

The State's actions were objectively reasonable under the circumstances.

## NINTIETH DEFENSE

The State was acting in good faith, without malice and without the requisite state of mind necessary for Plaintiffs to establish a constitutional violation.

## NINETY-FIRST DEFENSE

The State's conduct was not motivated by an evil motive or intent and did not involve reckless or callous indifference to Plaintiffs' rights.

## NINETY-SECOND DEFENSE

The State did not act with deliberate indifference to Plaintiffs' serious medical, dental, or mental health needs.

## NINETY-THIRD DEFENSE

The State did not know of and disregard a serious risk to Plaintiffs' medical, dental, or mental health needs.

## NINETY-FOURTH DEFENSE

The State did not engage in any conduct that caused Plaintiffs to suffer a serious medical, dental, or mental health condition or aggravate or worsen an existing serious medical, dental, or mental health condition.

## NINETY-FIFTH DEFENSE

Plaintiffs' refusal to submit to appropriate medical, dental or mental health testing and/or treatment precludes their claims for relief.

## NINETY-SIXTH DEFENSE

Plaintiffs' own deliberate conduct was the cause of any medical, dental, or mental health injury alleged by Plaintiffs.

## NINETY-SEVENTH DEFENSE

A mere delay in the provision of medical, dental, or mental health services does not establish a violation of an inmate's constitutional rights.

## NINETY-EIGHTH DEFENSE

A mere difference in opinion regarding the appropriate provision of medical, dental, or mental health care does not establish a violation of an inmate's constitutional rights.

## NINETY-NINTH DEFENSE

Plaintiffs' claims are barred because they are seeking to question a medical judgment via injunctive relief.

## ONE HUNDREDTH DEFENSE

Plaintiffs are improperly projecting isolated problems in a very large health care system to improperly conclude that there are systematic problems.

## ONE HUNDRED FIRST DEFENSE

Plaintiffs' claims of unconstitutional customs, policies, or practices cannot be predicated upon isolated or sporadic instances of conduct.

## ONE HUNDRED SECOND DEFENSE

Plaintiffs cannot use isolated incidents of conduct to establish an entitlement to system-wide relief.

## ONE HUNDRED THIRD DEFENSE

The State has not fallen below the applicable standard of care in the provision of medical, dental, or mental health care to Plaintiffs.

## ONE HUNDRED FOURTH DEFENSE

Plaintiffs have no protected right as prisoners to be treated by the medical, dental, or mental health provider of their choice, free of charge.

## ONE HUNDRED FIFTH DEFENSE

Plaintiffs have no protected right as prisoners to receive care as directed by private physicians.

## ONE HUNDRED SIXTH DEFENSE

The State provided medical, dental, and mental health care to Plaintiffs in accordance with community standards and acted as reasonable health care providers would act under similar conditions or circumstances.

## ONE HUNDRED SEVENTH DEFENSE

Plaintiffs' were responsible and/or negligent with respect to their alleged injuries, which would diminish or eliminate Plaintiffs' right to recover under certain or all claims for relief.

## ONE HUNDRED EIGHTH DEFENSE

The State did not authorize, condone, or ratify any alleged unlawful conduct or statements.

## ONE HUNDRED NINTH DEFENSE

Some or all of the Plaintiffs lack standing because they cannot demonstrate an actual or imminent injury.

## ONE HUNDRED TENTH DEFENSE

Application of standards is not required for alterations where they would be technically unfeasible.

## ONE HUNDRED ELEVENTH DEFENSE

Application of standards is not required for alterations where structurally impractical, including where removal of a load-bearing structure member is

involved or where the result would be an increased cost of 50% or more of the value of the element involved.

## ONE HUNDRED TWELFTH DEFENSE

The State exercised reasonable care to prevent and correct promptly any discriminatory behavior.  Plaintiffs unreasonably failed to take advantage of preventative or corrective opportunities provided by the State or to avoid harm otherwise.

## ONE HUNDRED THIRTEENTH DEFENSE

Any allegedly discriminatory and/or retaliatory actions or decisions by the State's agents or its employees would have been contrary to the State's good faith efforts to comply with state and federal law.

## ONE HUNDRED FOURTEENTH DEFENSE

Certain accessible routes are not required because the facility or building has not undergone a substantial alteration or an alteration to a primary function area.

## ONE HUNDRED FIFTEENTH DEFENSE

Plaintiffs not physically confined by the Alabama Department of Corrections are not proper class representatives.

## ONE HUNDRED SIXTEENTH DEFENSE

Any Plaintiff who is not physically confined by the Alabama Department of Corrections lacks standing, whether in an individual or representative capacity, to pursue any claim raised in this action.

## ONE HUNDRED SEVENTEENTH DEFENSE

The State reserves the right to supplement and/or amend this answer as additional information responsive to the allegations of the complaint and/or defenses become known to it.

Respectfully submitted this 10th day of July, 2015.

/s/ John G. Smith
One of the Attorneys for Defendant
Alabama Department of Corrections

OF COUNSEL

David R. Boyd (ASB-0717-D52D)
E-mail:dboyd@balch.com
John G. Smith (ASB-8146-T68J)
E-mail:jgsmith@balch.com
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (866) 316-9461

Michael L. Edwards (ASB-5998-S82M)
E-mail:medwards@balch.com
J. Eric Getty
E-mail:  egetty@balch.com
Susan N. Han
E-mail:shan@balch.com
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5708

/s/ William R. Lunsford (w/consent)
One of the Attorneys for Defendants
Jefferson Dunn and Ruth Naglich

**OF COUNSEL:**

William R. Lunsford
E-mail: blunsford@maynardcooper.com
Melissa K. Marler
E-mail:  mmarler@maynardcooper.com
**MAYNARD COOPER & GALE PC**
655 Gallatin Street
Huntsville, AL 35801
Telephone: (256) 512-5710
Facsimile: (256) 512-0119

Mitesh B. Shah
E-mail:  mshah@maynardcooper.com
Mitchell D. Greggs
E-mail:  mgreggs@maynardcooper.com
**MAYNARD COOPER & GALE PC**
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
Telephone: (205) 254-1178
Facsimile: (205) 714-6438

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon any CM/ECF participants electronically and/or I have mailed by United States Postal Service a copy of the foregoing document to any non-CM/ECF participants this 10th day of July, 2015:

Maria V. Morris
Ebony G. Howard
Latasha L. McCrary
Valentina Restrepo
Rhonda Brownstein
J. Richard Cohen
Southern Poverty Law Center
400 Washington Avenue
Montgomery, AL 36104

Miriam F. Haskell
Southern Poverty Law Center
P.O. Box 370037
Miami, FL 33137

William G. Somerville, III
Andrew P. Walsh
Baker Donelson Bearman Caldwell &
Berkowitz
420 20th Street North, Suite 1400
Birmingham, AL 35203

William R. Lunsford
Melissa K. Marler
Maynard Cooper & Gale PC
655 Gallatin Street
Huntsville, AL 35801

Gordon D. Jones
djones@joneshawley.com

William Van Der Pol, Jr.
James P. Hackney
Glenn N. Baxter
Alabama Disabilities Advocacy
Program
P.O. Box 870395
Tuscaloosa, AL 35487

Brent L. Rosen
Baker Donelson Bearman Caldwell &
Berkowitz PC
614 S. Hull Street
Montgomery, AL 36104

Gregory M. Zarzaur
Anil A. Mujumdar
Diandra S. Debrosse
Zarzaur Mujumdar & Debrosse
2332 2nd Avenue North
Birmingham, AL 35205

Mitesh Shah
Mitchell D. Greggs
Maynard Cooper & Gale, PC
2400 Regions/Harbert Plaza
1901 6th Ave North
Birmingham, AL 35203

*/s/ John G. Smith*
OF COUNSEL