IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JOSHUA DUNN, et al., )<br>    )<br>    Plaintiffs, )<br>    )<br>    v.    )<br>    )<br>JEFFERSON S. DUNN, in his )<br>official capacity as )<br>Commissioner of the )<br>Alabama Department of )<br>Corrections, et al., )<br>    )<br>    Defendants. ) | CIVIL ACTION NO.<br>2:14cv601-MHT<br>(WO) |

OPINION AND ORDER

The plaintiffs in this class-action lawsuit are more than 40 state prisoners and the Alabama Disabilities Advocacy Program. They assert the following claims: inadequate medical and mental-health treatment in Alabama prison facilities; denial of due process for involuntary medical treatment; failure to accommodate prisoners with disabilities properly; and denial of prisoners' rights to communicate with counsel and challenge the conditions of their confinement. They rely on the First, Eighth, and Fourteenth

Amendments (as enforced through 42 U.S.C. § 1983); the Americans with Disabilities Act (42 U.S.C. §§ 12131-12134); and § 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794).  The defendants are the Alabama Department of Corrections, its Commissioner, and its Associate Commissioner of Health Services.  Jurisdiction is proper under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

    This cause is before the court on the question whether the protocol for resolving discovery matters in this case needs to be restructured.  For the reasons explained below, the answer is "Yes," and this opinion explains why and how.

    To date, discovery has proceeded in this case with a magistrate judge at the helm, but with objections to the magistrate judge's discovery orders then reviewed by the court.  This means that, between the magistrate judge and the court, there have been two decision-makers for the numerous discovery disputes that already have arisen.  This duplication of efforts

has been inefficient; has caused delays; and has expended unnecessarily the resources of both the parties and the court.

The first discovery dispute in this case arose over four months ago.  See Plaintiffs' Motion to Compel Production of Documents (doc. no. 109).  Since that motion was filed, the magistrate judge has issued three orders on discovery, see Orders dated April 8, 2015, May 12, 2015, & June 10, 2015 (doc. nos. 133, 163, & 199); the plaintiffs have filed objections to each, see Plaintiffs' Objection to Order on Motion to Compel Production of Documents, Plaintiffs' Renewed Objection to Order on Motion to Compel Production of Documents, & Plaintiffs' Objection to Order on Motion to Compel Adequate Site Inspections (doc. nos. 146, 173, & 202); and both parties have filed numerous briefs and engaged in long hearings before the magistrate judge.  These appeals now await resolution before this court.  Moreover, it is clear from the parties' responses to

the court's recent show-cause order[1] that continued jurisdiction over discovery by the magistrate judge in this case will result in further appeals. See Order (doc. no. 213); Defendants' Response (doc. no. 214); Plaintiffs' Response (doc. no. 216). Meanwhile, the

---

1. The court's show-cause order was as follows:

"Chief Judge W. Keith Watkins entered the following order in Hope for Families & Community Service, Inc., et al. v. Warren, et al., civil action no. 3:06cv1113-WKW:

'Upon review of the plaintiffs' appeal of the discovery order of the Magistrate Judge ... and the filings related to the deferred portions of the plaintiffs' motions to compel ..., it is obvious to the undersigned that discovery and other pretrial rulings by the Magistrate Judge will very likely result in further appeals, delay, and undue expenditure of resources of the parties and of the court. Accordingly, it is ORDERED that reference of discovery motions to the Magistrate Judge is withdrawn until further order of the court.'

...

It is ORDERED that the parties in this case show cause, if any there be, in writing by July 1, 2015, as to why a similar order is not warranted in this case." Order (doc. no. 213).

briefing schedule for class certification--and this court's determination on the matter--has been delayed until these disputes are resolved, which could delay the trial of the case.

The court recognizes that, due to the scale of this case, discovery is both voluminous and complex. The court also recognizes that the parties' difficulty resolving disagreements regarding the scope of discovery and the plaintiffs' access to information within the defendants' control makes sense: The nature of this case means that the strength of the parties' arguments very well may turn on evidence that the plaintiffs obtain through the discovery process. Because the discovery disputes here could be as consequential to the outcome of the case as later determinations on the dispositive questions, they have been litigated with the same zeal, and this has resulted in numerous requests for review by the district court of "non-dispositive" matters.

Nevertheless, many of the discovery disputes boil down to logistical, practical issues.

Further, the court is impressed that, when discovery issues are resolved in this case, they tend to be resolved most expeditiously, and more likely to the greatest satisfaction of all, when the parties simply sit down at a table, either figuratively or literally, and informally attempt to resolve these issues between themselves. And these informal resolutions occur sometimes at the urging of the magistrate judge or the court.

Based on these concerns and observations, the court is convinced that the case would proceed more smoothly, and more swiftly, if the court's resources were used in a different way and thus that it is the best interest of all to restructure the procedures for resolving discovery disputes in this case.[2]

---

2. Also, the court cannot overlook that, while researching the issue at hand, it became apparent that there is no standing order or local rule in this district referring discovery matters to its magistrate

The referral of matters to magistrate judges is meant to "increas[e] the overall efficiency of the Federal judiciary." Mathews v. Weber, 423 U.S. 261, 268 (1976) (citing S. Rep. No. 371, 90th Cong., 1st Sess., 11 (1967)).  Here, on the one hand, instead of increasing efficiency, the referral of discovery to the magistrate judge for formal resolution has resulted in and likely will continue to result in significant delays and inefficiency.  On the other hand, there are likely some--if not many--discovery issues (many of which, as said, are logistical) that could benefit from an informal first pass by a mediator familiar with the case, who can assist the parties in coming to a quick resolution on certain disputes and reduce the parties' need to resort to the formal, adversarial process on so

---

judges.  Nor is there any formal order of referral in this case.  It appears that referral of such matters has been done by custom only.  However, because "custom" does not establish the legality of a procedure, there is the concern that the referral of this matter to the magistrate judge, without a local rule, a standing order, or a formal order in the instant case, was not proper in the first place.

many discovery-related questions.  A mediator also can make logistical recommendations to the court as necessary, and, at the very least, can winnow down the number of issues that must be presented to this court. In short, the court believes that a mediation process would best serve all <u>in getting done what needs to be done</u>.  While the court's show-cause order, <u>see</u> <u>supra</u> note 1, suggested withdrawing discovery from the reach of the magistrate judge altogether, the court believes that it still needs the help of the magistrate judge and therefore will adopt the magistrate judge as a mediator.

   The court has already discussed this new process with the magistrate judge, who is well-trained in mediation, and he concurs that the process will likely result in a more expeditious resolution of discovery disputes.

* * *

   Accordingly, it is ORDERED that the discovery process in this case is restructured as follows:

(1) First, any party seeking resolution of a discovery dispute must file a request for mediation with the magistrate judge.

(2) Mediation will take place with the magistrate judge as mediator.

(3) Because the resolution of discovery disputes has been so contentious in this case, any and all discovery disputes resolved by mediation must be reduced to writing.  The court will not recognize any oral agreements.

(4) The parties may file an appropriate objection or motion for resolution of those discovery disputes not resolved in mediation before the magistrate judge.

DONE, this the 27th day of July, 2015.

                                          /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE