IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JOSHUA DUNN, et al.,           )
                               )
    Plaintiffs,                )
                               )          CIVIL ACTION NO.
    v.                         )            2:14cv601-MHT
                               )
JEFFERSON S. DUNN, in his      )
official capacity as           )
Commissioner of                )
the Alabama Department of      )
Corrections, et al.,           )
                               )
    Defendants.                )
```

## NEW SCHEDULING ORDER

Please read this order carefully. These deadlines and responsibilities may not be changed without leave of court. All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted only in extraordinary and unforeseeable circumstances. The parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://www.almd.uscourts.gov/.

Under Rule 16, Federal Rules of Civil Procedure, as amended, the Court is required to set a schedule for discovery and the filing of motions. Accordingly, it is ORDERED as follows:

SECTION 1.  This case will be tried in two phases: first, in Phase 1, the court will consider certification of the putative non-mental-health ADA subclass(es) and hear the non-mental-health ADA claims; second, in Phase 2, the court will consider certification of the other putative classes and hear all other claims.

In Phase 1, a pretrial conference is scheduled for May 16, 2016, at 10:00 a.m. in Montgomery, Alabama. Phase 1 is set for non-jury trial on June 20, 2016, at 10:00 a.m. in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.  The court anticipates that this trial will last four weeks.

In Phase 2, a pretrial conference is scheduled for September 12, 2016, at 10:00 a.m. in Montgomery, Alabama.  Phase 2 is set for non-jury trial on October 17, 2016, at 10:00 a.m. in in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama. The court anticipates that this trial will last eight weeks.

The pretrial conferences will be on the record and held in Chambers 200FMJ, Frank M. Johnson, Jr. U. S. Courthouse Complex, One Church Street, Montgomery, Alabama.

At the pretrial conference for each phase, the court will consider the matters addressed by Rule 16. All parties will be expected to have complied fully with this new scheduling order.

ALL LEAD ATTORNEYS must appear at the time above designated and be fully prepared to state the facts of the relevant phase of the case in the most minute

detail, and be authorized to admit all facts that are true. All motions which have not been otherwise submitted or ruled on will be heard at the above stated time. Counsel should be prepared to argue them. Appropriate penalties will be imposed for failure to comply with these requirements.

The parties are DIRECTED to prepare JOINTLY a proposed pretrial order in accordance with the attached outline. The plaintiffs shall ensure that the proposed pretrial order is received by the court NOT LATER THAN THREE BUSINESS days prior to the pretrial conference by either (1) delivery of the order (both hard copy and on electronic media) to chambers or (2) by transmitting an electronic copy of the proposed pretrial order to the court as an attachment to an email message sent to <propord_thompson@almd.uscourts.gov>. For these purposes, the electronic copy should be in Word format and not in WordPerfect or Adobe Acrobat PDF format.

SECTION 2. Dispositive motions (i.e., motions to dismiss or motions for summary judgment) and Daubert motions shall be filed no later than 35 days prior to the pretrial conference for each phase. A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court.

The opposing parties will be permitted to file responses within 21 days after such motions are due, and the moving parties will be permitted to file replies within 7 days after the responses are due.

3

Daubert motions and issues will be heard at trial unless the court determines otherwise.

SECTION 3.  Motions to amend the pleadings or to add parties shall be filed no later than 35 days prior to the pretrial conference for each phase.

SECTION 4.  Motions for class certification shall be filed no later than 35 days prior to the pretrial conference for each phase.  A brief addressing the factors enumerated in Rule 23(a), (b) and (g) of the Federal Rules of Civil Procedure shall be filed with any such motion.  Opposition briefs shall be filed within 21 days after the motions for class certification are due, and the moving parties will be permitted to file replies within 7 days after the responses are due.

SECTION 5.  The failure to file a response to any motion -- either dispositive or non-dispositive -- within the time allowed by the Court shall indicate that there is no opposition to the motion.

SECTION 6.  All fact discovery shall be completed for both phases no later than 70 days prior to the pretrial conference for Phase 1.

All expert discovery shall be completed no later than 42 days prior to the pretrial conference for each phase, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 9 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the deadline in this paragraph extended to allow for deposing such witnesses.  The failure to complete

4

discovery shall not be sufficient grounds to extend the dispositive and Daubert motion deadline.

SECTION 7. The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, no later than 56 days prior to the pretrial conference for each phase.

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony. Unless an objection is filed within 14 days after disclosure of any expert witness, the disclosure shall be deemed to be in full compliance with the Rule.

SECTION 8. FORTY-TWO (42) DAYS BEFORE EACH PHASE OF TRIAL, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file a list of all its witnesses, and shall provide to all other parties, pursuant to Rule 26(a)(3), the addresses and telephone numbers of all witnesses, except witnesses to be used solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises. The witness list should include the names of any witnesses required to be disclosed under Section 8. Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from calling any witness not so identified. Objections to any witness identified must be filed no later than 21 days before the trial date and shall set out the

grounds and legal authority. The offering party shall file a written response to any objections no later than 14 days before the trial date.

SECTION 9. FORTY-TWO (42) DAYS BEFORE EACH PHASE OF TRIAL, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file deposition designations that the parties expect to use at trial. Designations must be by page and line numbers, based on counsel's good faith opinion that they are relevant and admissible. Designation of entire depositions is not allowed. Adverse parties shall within one week thereafter file deposition designations expected to be used in response, and a party shall within three days of the designation of such responsive parts file the designation of any part that is desired as a rebuttal thereto. Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment. Except to the extent written objections are filed 21 days prior to the trial date, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated. Objections shall state with particularity the portions objected to, and the objecting party shall attach a copy of the portions to which the objections apply.

SECTION 10. FORTY-TWO (42) DAYS BEFORE EACH PHASE OF TRIAL, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil

Procedure, file exhibit lists and furnish opposing counsel for copying and inspection all exhibits and tangible evidence to be used at the trial. The list shall identify specifically and separately by exhibit number each document to be offered, and general or bulk designations are not allowed. <u>Proffering counsel shall have such evidence marked for identification prior to trial.</u> Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment. <u>Except to the extent written objections are filed, the evidence shall be deemed genuine and admissible in evidence.</u> <u>Objections shall be filed 21 days prior to the trial date, and shall set forth the grounds and legal authorities.</u> <u>The offering party shall file a written response to the objections no later than 14 days prior to trial and shall include a premarked copy of the evidence at issue.</u>

SECTION 11.   GENERAL PROVISIONS:

(A) All briefs on any matter before the court must be formal in format and filed with the Court. The Court does not accept "letter briefs" or "letter reports."

(B) A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion. A request or motion that fails to meet this requirement will be denied outright,

unless the movant offers a credible explanation in the request or motion why this requirement has not been met. Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

(C) Any proposed order that a party desires the court to enter should be submitted to the court in both (i) an Adobe Acrobat PDF format attachment to the motion and (ii) by transmitting an electronic copy of the proposed order to the court as an attachment to an email message sent to <propord_thompson@almd.uscourts.gov>. For these purposes, the electronic copy should be in Word format and not in WordPerfect or Adobe Acrobat PDF format. If the proposed order relates to discovery matters, *e.g.*, a HIPAA order or protective order, an electronic copy of the proposed order should be sent to the e-mail address of the assigned Magistrate Judge whose address may be found at <http://www.almd.uscourts.gov/judges/propord.htm>.

DONE, this the 8th day of September, 2015.

                                                    /s/ Myron H. Thompson
                                              **UNITED STATES DISTRICT JUDGE**

**NOTICE TO ATTORNEYS**

The proposed pretrial order must be joint, and not piecemeal, and it should be reviewed and approved by all parties BEFORE the pretrial hearing.

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, _____ERN DIVISION

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CIVIL ACTION NO. |
| v. | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on _____, wherein the following proceedings were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL**:

**COUNSEL APPEARING AT PRETRIAL HEARING**:  (same

**as trial counsel) or (indicate if different)**

  **2. JURISDICTION AND VENUE:**

  **3. PLEADINGS:  The following pleadings and amendments were allowed:**

  **4. CONTENTIONS OF THE PARTIES:**

   **(a)  The plaintiff(s)**

   **(b)  The defendant(s)**

**PLEASE LEAVE ORDER UNFINISHED AT THIS POINT FOR COMPLETION BY THE COURT.**