IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JOSHUA DUNN, et al.,            )
                                )
    Plaintiffs,                 )
                                )     CIVIL ACTION NO.
    v.                          )       2:14cv601-MHT
                                )           (WO)
JEFFERSON S. DUNN, in his       )
official capacity as            )
Commissioner of                 )
the Alabama Department of       )
Corrections, et al.,            )
                                )
    Defendants.                 )
```

OPINION AND ORDER

On January 27, 2016, following the parties' mediation before the magistrate judge, the court held a hearing on the plaintiffs' emergency motion to compel compliance with the discovery schedule (doc. no. 317). With reluctance, the court approved a limited extension to the fact discovery deadline of March 7, 2016, see New Scheduling Order (doc. no. 239), in order to permit certain experts for the plaintiffs to conduct site inspections in mid-March 2016. The plaintiffs have represented that these experts' evidence will relate

only to the second phase of trial in this case. Moreover, the parties have represented that they will not request the extension of any other deadline on the basis of this delay.  The court's approval was contingent on this representation; any extension request made on the basis of the delay in inspections will be denied.

As the court explained at that hearing, any further request for an extension of any sort will be looked upon with extreme disfavor.  To the extent that discovery disputes remain, the parties--who are represented by a veritable phalanx of capable lawyers on both sides--<u>must</u> resolve them in a way that does not delay the progress of litigation in this case. As the court also emphasized, it has devoted and will continue to devote considerable time, resources, and personnel to this case.  Three full months out of the coming year have been set aside for trial.  Changes to the schedule currently in place, which was initially set with the

agreement of the parties, will not be made absent the most compelling of reasons.  See Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002) ("Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion.").

To be crystal clear: Any motion to continue any deadline in this case which could reasonably have been avoided by the good faith efforts and diligence of the parties, and which therefore evinces disregard for the court and reflects dilatory conduct not commensurate with the gravity with which the court views this case, will be denied.  The parties have represented that they do not now anticipate making further motions for extensions, and the court takes this representation very seriously.  Any request for an extension made on a

basis reasonably foreseeable as of this date will be denied.

\* \* \*

It is therefore ORDERED as follows:

(1) The deadline for fact discovery of March 7, 2016, as set out in the court's new scheduling order (doc. no. 239), is extended only to the extent articulated on the record on January 27, 2016; specifically, plaintiffs' experts may conduct the site inspections enumerated on the dates indicated by plaintiffs' counsel and agreed to by defense counsel. This order shall not be construed to grant any extension other than those explicitly articulated on the record on January 27, 2016.

(2) The plaintiffs' emergency motion to compel compliance with the discovery schedule (doc. no. 317) is denied as moot.

DONE, this the 28th day of January, 2016.

　　　　　　　　　　　　　／s／ Myron H. Thompson＿＿
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE