```
           IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
           MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


JOSHUA DUNN, et al.,           )
                               )
     Plaintiffs,               )
                               )       CIVIL ACTION NO.
     v.                        )        2:14cv601-MHT
                               )            (WO)
JEFFERSON S. DUNN, in his      )
official capacity as           )
Commissioner of                )
the Alabama Department of      )
Corrections, et al.,           )
                               )
     Defendants.               )
```

PHASE 2 DISCOVERY ORDER

Upon consideration of plaintiffs' motion to compel supplementation of certain documents from defendants (doc. no. 570), and based on the representations made during a status conference held on the record on July 20, 2016, it is ORDERED as follows:

(1) With respect to plaintiffs' request for supplementation of credentialing documentation and peer reviews, defendants are to respond by no later than July 22, 2016, and plaintiffs may

**reply by no later than July 27, 2016. Defendants are to file under seal and, for purposes of in camera review, the peer-review files at issue by no later than July 27, 2016. Defendants need not file the peer-review files related to dentists, but are to collect those files at the offices of defense counsel by no later than July 27, 2016, and are to have them prepared for immediate submission, should the court so order. Defendants are also specifically to address in their response to the motion why they believe they should not be required to produce the files related to dentists even if they are required to produce the other peer-review files.**

(2) **With respect to plaintiffs' request to receive or review the mortality reviews of the three deceased named plaintiffs, defendants are to respond by no later than July 22, 2016, and plaintiffs may reply by no later than July 27,**

>  2016. Defendants are to collect these files at the offices of defense counsel by no later than July 27, 2016, but need not submit them to the court at this time.

It is further ORDERED that the following agreement, reached and memorialized in writing by the parties at the status conference held on the record on July 20, 2016, is entered on the record in this case as a binding stipulation:

"The Parties agree regarding the 25 medical records at issue in Plaintiffs' Motion to Compel Supplementation of Certain Documents from Defendants as follows:

"1. Defendants assert they have made a good faith effort to locate all documents in the medical records.

"2. Should Defendants locate any additional documents from those medical records, they will produce them immediately.

"3. If any additional documents from the medical records are produced, the Court will determine whether

3

the production date affects their admissibility, based on the good faith of Defendants, the circumstances of production, and the prejudice to Plaintiffs."

DONE, this the 21st day of July, 2016.

                                           /s/ Myron H. Thompson
                                      **UNITED STATES DISTRICT JUDGE**