IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JOSHUA DUNN**, *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | **2:14-cv-00601-MHT-TFM** |
| **JEFFERSON S. DUNN**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**JOINT BRIEF REGARDING SCOPE OF ARBITRATION**

Plaintiffs and the Alabama Department of Corrections ("ADOC") submit this joint brief in response to this Court's Preliminary Approval Order of June 13, 2016. (Doc. 532.) Specifically, the Parties will address whether "there are claims arising under the ADA which an individual prisoner would not be precluded from bringing by the substantive terms of the proposed settlement agreement . . . ? Assuming that there are, can the court lawfully enter an order containing a provision requiring unnamed class members to arbitrate these claims and barring them from federal court; would this order be enforceable?" (Doc. 532 at 15.) In response to this question, the Parties show as follows:

1.      The Parties agree that this brief shall not be construed as a waiver of any defenses that might be available to the ADOC as a result of the Amended and Restated Settlement Agreement (Doc. 518) ("Amended Settlement Agreement"), including the defenses of res judicata, collateral estoppel, release, waiver, etc. Rather, in any future proceeding, the Parties agree that ADOC shall have the right to raise all potentially applicable defenses available under the terms of the Amended Settlement Agreement. This brief is also not to be construed as an acknowledgement of the merits of any defenses.

1465148.1                                                             1

2. The Parties agree that there *could* be claims arising under the Americans with Disabilities Act ("ADA") or Section 504 of the Rehabilitation Act (collectively the "Acts"), which may not be covered by the terms of the Amended Settlement Agreement.

3. The Parties agree that, considering the procedural posture of this case, that absent class members cannot be deemed to have consented to arbitrate any and all future claims arising under the Acts during the period of the consent decree.

4. The Parties agree that, during the period of the consent decree envisioned by the Amended Settlement Agreement, disputes arising under the Acts should be resolved as follows:

   a. Inmates who are members of the Phase 1 class are not required to submit a claim arising under the Acts to the dispute resolution procedures outlined in the Amended Settlement Agreement unless the absent class member seeks to enforce the terms of the Amended Settlement Agreement. In the event an inmate seeks to enforce the terms of the Amended Settlement Agreement, the inmate will be bound by all provisions of the Amended Settlement Agreement, which includes the dispute resolution provisions.

   b. Inmates who are members of the Phase 1 class can file a new and independent action asserting violations of the Acts but cannot use the Amended Settlement Agreement in the new lawsuit and must separately comply with all provisions of the Prison Litigation Reform Act ("PLRA") as well as all other applicable legal requirements.

5. ***Inmates – enforcement of Amended Settlement Agreement***. Under binding precedent, a party cannot seek to enforce a contract while simultaneously repudiating some provisions of that contract. *See Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1342 (11th Cir. 2012) ("In essence, equitable estoppel precludes a party from claiming the benefits of some of the provisions of a contract while simultaneously attempting to avoid the burdens that some other provisions of the contract impose.") (citing *Blinco v. Green Tree Servicing LLC*, 400 F.3d 1308, 1312 (11th Cir.2005)); *Custom Performance, Inc. v. Dawson*, 57 So. 3d 90, 97 (Ala. 2010) ("A plaintiff cannot simultaneously claim the benefits of a contract and repudiate its burdens and conditions.") (quoting *S. Energy Homes, Inc. v. Ard*, 772 So. 2d 1131, 1134 (Ala. 2000)). The

members in the Phase 1 class cannot seek to enforce the terms of the Amended Settlement Agreement without accepting all provisions of that agreement, which would include the dispute resolution procedures set forth in Section VII. (Doc. 518 at 70–72.) Thus, should a Phase 1 class member seek to enforce the terms of the Amended Settlement Agreement through this Court's contempt power, that inmate would have to first proceed through the negotiation and arbitration process. In the event the inmate's claim involved less than 12 inmates, the arbitrator's decision would be final and not appealable to this Court. (Doc.518 at 71.)

6. *Inmates – new and independent lawsuits*. The members in the Phase 1 class may assert claims arising under the Acts in a new and independent action. However, the plaintiff in the new and independent action must comply with all procedural prerequisites, including paying a filing fee and complying with all provisions of the Prison Litigation Reform Act (such as the requirement to exhaust administrative remedies) and must independently prove all elements of his or her claim.

7. The Parties acknowledge and agree that, as provided in the Amended Settlement Agreement, nothing in the Amended Settlement Agreement can be used as evidence in support of the claims of an absent class member in the new and independent lawsuit. (Doc. 518 at 6, ¶¶ 11–12).

8. The Parties acknowledge and agree that nothing in this brief or any previous filing in this action shall be construed to limit or impair, or acknowledge the merit of, any available defenses that ADOC may have in a new and independent lawsuit filed by an absent class member, including the defenses of res judicata, collateral estoppel, release, waiver, etc.

Respectfully submitted, this the 22nd day of July, 2016

| | |
|---|---|
| *s/ John G. Smith* | *s/ William Van Der Pol* |
| One of the Attorneys for Alabama Department of Corrections | *One of the Attorneys for Plaintiffs* |

**OF COUNSEL**:
David R. Boyd
John G. Smith
John W. Naramore
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (866) 316-9461
dboyd@balch.com
jgsmith@balch.com
jnaramore@balch.com

Michael L. Edwards
J. Eric Getty
Susan Nettles Han
Steven C Corhern
Christopher Fred Heinss
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5708
medwards@balch.com
egetty@balch.com
shan@balch.com
scorhern@balch.com
cheinss@balch.com

**OF COUNSEL:**
William Van Der Pol
J. Patrick Hackney
Glenn N. Baxter
ALABAMA DISABILITIES ADVOCACY PROGRAM
University of Alabama
500 Martha Parham West, Box 870395
Tuscaloosa, Alabama 35487-0395
wvanderpoljr@adap.ua.edu
jphackney@adap.ua.edu
gnbaxter@bama.ua.edu

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 22, 2016, a copy of the above and foregoing was filed with the United States District Court for the Middle District of Alabama using the CM/ECF system which sent notification to all counsel of record.

Maria V. Morris
Ebony Glenn Howard
Latasha McCrary
Rhonda C. Brownstein
J. Richard Cohen
Brooke Menschel
Jaqueline Aranda Osorno
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama 36104
maria.morris@splcenter.org
ebony.howard@splcenter.org
latasha.mccrary@splcenter.org
rhonda.brownstein@splcenter.org
richard.cohen@splcenter.org
brooke.menschel@splcenter.org
jaqueline.aranda@splcenter.org

William Van Der Pol
J. Patrick Hackney
Glenn N. Baxter
ALABAMA DISABILITIES ADVOCACY PROGRAM
University of Alabama
500 Martha Parham West, Box 870395
Tuscaloosa, Alabama 35487-0395
wvanderpoljr@adap.ua.edu
jphackney@adap.ua.edu
gnbaxter@bama.ua.edu

Brent L. Rosen
BAKER DONELSON BEARMAN CALDWELL
& BERKOWITZ PC
614 S. Hull Street
Montgomery, Alabama 36104
brosen@bakerdonelson.com

Miriam Haskell
SOUTHERN POVERTY LAW CENTER
P.O. Box 370037
Miami, Florida 33137
miriam.haskell@splcenter.org

Eunice Cho
Southern Poverty Law Center
1989 College Ave. NE
Atlanta, Georgia 30317
eunice.cho@splcenter.org

Andrew Philip Walsh
William Glassell Somerville III
Patricia Clotfelter
Lisa Wright Borden
BAKER DONELSON BEARMAN CALDWELL
& BERKOWITZ PC
420 20th Street North, Suite 1400
Birmingham, Alabama 35203
awalsh@bakerdonelson.com
wsomerville@bakerdonelson.com
pclotfelter@bakerdonelson.com
lborden@bakerdonelson.com

Anil A. Mujumdar
Gregory M. Zarzuar
Diandra S. Debrosse
ZARZAUR MUJUMDAR & DEBROSSE
2332 2nd Avenue North
Birmingham, Alabama 35203
anil@zarzaur.com
gregory@zarzaur.com
fuli@zarzaur.com

Deana Johnson
Brett T. Lane
Counsel for MHM Services, Inc.
1447 Peachtree Street NE
Suite 500
Atlanta, GA 30309
djohnson@mhm-services.com
btlane@mhm-service.com

William R. Lunsford
Matthew B. Reeves
Melissa K. Marler
Stephen C. Rogers
**MAYNARD COOPER & GALE PC**
655 Gallatin Street
Huntsville, AL 35801
blunsford@maynardcooper.com
mreeves@maynardcooper.com
mmarler@maynardcooper.com
srogers@maynardcooper.com

Michael L. Edwards
J. Eric Getty
Susan Nettles Han
Steven C Corhern
Christopher Fred Heinss
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5708
medwards@balch.com
egetty@balch.com
shan@balch.com
scorhern@balch.com
cheinss@balch.com

Joseph Gordon Stewart, Jr.
Alabama Department of Corrections
P.O. Box 301501
Montgomery, AL 36130
joseph.stewart@doc.alabama.gov

Anne Adams Hill
Elizabeth Anne Sees
Alabama Department of Corrections
301 South Ripley Street
Montgomery, AL 36104
anne.hill@doc.alabama.gov
elizabeth.sees@doc.alabama.gov

Mitesh B. Shah
Mitchell D. Gregg
Bryan A. Coleman
Evan P. Moltz
**MAYNARD COOPER & GALE PC**
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
mshah@maynardcooper.com
mgreggs@maynardcooper.com
bcoleman@maynardcooper.com
emoltz@maynardcooper.com

David R. Boyd
John W. Naramore
**BALCH & BINGHAM LLP**
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (866) 316-9461
dboyd@balch.com
jgsmith@balch.com
jnaramore@balch.com

*/s/ John G. Smith*
Of Counsel

1465148.1                                    6