IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JOSHUA DUNN, et al.,          )
                              )
      Plaintiffs,             )
                              )        CIVIL ACTION NO.
      v.                      )        2:14cv601-MHT
                              )           (WO)
JEFFERSON S. DUNN, in his     )
official capacity as          )
Commissioner of               )
the Alabama Department of     )
Corrections, et al.,          )
                              )
      Defendants.             )
```

PHASE 2 OPINION AND ORDER ON MOTION TO AMEND COMPLAINT

The plaintiffs in this putative class-action
lawsuit are dozens of state prisoners and the Alabama
Disabilities Advocacy Program (ADAP). The defendants
are the Alabama Department of Corrections, its
Commissioner, and its Associate Commissioner of Health
Services. In Phase 2 of this case, with which this
opinion is concerned, plaintiffs assert the following
claims: constitutionally inadequate medical and
mental-health treatment in Alabama prison facilities,
involuntary medication without due process, and

discrimination against prisoners with mental disabilities. They rely with respect to these claims on the Eighth and Fourteenth Amendments (as enforced through 42 U.S.C. § 1983), the Americans with Disabilities Act (42 U.S.C. §§ 12131-12134), and § 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794). Jurisdiction is proper under 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights).

This case is currently before the court on ADAP's motion for leave to amend the complaint to assert associational standing. This amendment will be permitted for the reasons discussed below.

Federal Rule of Civil Procedure 15(a) provides that after a party has amended its pleading once as a matter of course, subsequent amendments require either the consent of the opposing parties or leave of court. Here, plaintiffs' complaint has already been amended, and defendants oppose the motion for leave to amend it further. Leave of court is therefore required.

Rule 15(a) states that leave to amend "shall be freely given when justice so requires."  However, "the liberal amendment policy prescribed by Rule 15 does not mean that leave will be granted in all cases.  Indeed, in determining whether 'justice [] requires' that leave to amend be granted, district courts may consider such factors [] as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" Jeter v. Montgomery Cty., 480 F. Supp. 2d 1293, 1297 (M.D. Ala. 2007) (Thompson, J.) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962), and citing Andrx Pharms., Inc. v. Elan Corp., 421 F.3d 1227, 1236 (11th Cir. 2005)).

Defendants identify two grounds for denying ADAP leave to amend: (1) ADAP's delay in seeking to amend, and (2) their related contention that "[a]llowing the amendment after the fact discovery deadline has passed

places the State at a disadvantage." Defs.' Obj. (doc. no. 583) at 2. However, defendants have not shown that they will suffer significant (indeed, any) prejudice on either account.

Although this litigation was commenced two years ago, and the complaint has thrice been amended, the timing of ADAP's motion seeking leave for a fourth amendment is not unreasonable. The motion was filed prior to the deadline this court set for amendments to pleadings; defendants were therefore on notice that a further amendment might still occur. In addition, the motion was filed over a month prior to the deadline for dispositive and class-certification motions, and more than three months prior to the trial of the phase of this case that remains in active litigation.[*]

_____

\* The first phase of this case has preliminarily been settled; assuming the settlement is finally approved, this amendment to the complaint will have no effect with respect to the claims resolved in that settlement. Were the court to reject the settlement and reinstate the litigation of the first phase, defendants would of course be afforded an opportunity to contest ADAP's associational standing with respect to the revived claims.

Additionally, the amendment represents merely a clarification of the legal basis for ADAP's standing, and involves no substantive change to the allegations in the complaint. Defendants have long been on notice that ADAP intended to assert third-party standing; this amendment clarifies only that in addition to "organizational standing," based on the contention that "the ADOC policies and practices challenged ... serve to frustrate and perceptibly impair ADAP's advocacy efforts and its ability to accomplish the statutory purposes for which it was created," Second Am. Compl. (doc. no. 89-1) at 25 (citing Havens Realty Corp. v. Coleman, 455 U.S. 363, 379 (1982)) (filed on Feb. 2, 2015), ADAP also asserts "associational standing ... on behalf of its constituents who include any current or future prisoner in the physical custody of ADOC who has a disability [including mental illness]," Fourth Am. Compl. (doc. no. 549-1) at 24 (citing Doe v. Stincer, 175 F.3d 879, 886 (11th Cir. 1999)); see also id. at 131-32 (describing ADAP's statutory authority, and

stating that ADAP "maintains advisory councils, has conducted an administrative investigation into Defendant ADOC's practices with respect to ADAP's constituents, and has received communications from its constituents incarcerated in Defendant ADOC's facilities regarding Defendant ADOC's practices").

The only potential prejudice resulting from the timing of ADAP's motion that defendants identified in their opposition brief was the inability to conduct discovery "on the issues for which ADAP seeks to amend." Defs.' Obj. (doc. no. 583) at 2. However, the amended complaint expressly states that ADAP is asserting associational standing to pursue claims "coextensive[]" with those of the putative class members. Fourth Am. Compl. (doc. no. 549-1) at 131. There is, therefore, no need for additional discovery on the substantive claims raised by ADAP as a plaintiff.

To the extent that defendants wish to challenge whether ADAP functions like the protection and advocacy

organization that the Eleventh Circuit held had associational standing in Doe v. Stincer, 175 F.3d 879 (11th Cir. 1999), the parties agreed during a telephone conference held on the record on August 2, 2016, that minimal if any additional discovery would be needed to do so. Defendants have already deposed ADAP's corporate representative regarding its organizational structure and processes, and ADAP agreed during this telephone conference that it could produce any additional discovery very rapidly. Because the court will reopen discovery for the limited purpose of allowing defendants to obtain this additional production--if, in fact, they decide to request it--defendants will suffer no prejudice from the amendment.

Moreover, allowing this amendment will have significant value to the court and to the parties in adjudicating this case. As the court has previously explained, ADAP is authorized under federal law to "'protect and advocate the rights of [] individuals

7

[with mental illness and other disabilities] through activities to ensure the enforcement of the Constitution and Federal and State statutes.'" <u>Dunn v. Dunn</u>, -- F. Supp. 3d --, 2016 WL 324990, at *12 (M.D. Ala. Jan. 27, 2016) (Thompson, J.) (quoting 42 U.S.C. § 10801(b)(2)).   ADAP's participation is therefore important to the fair and efficient adjudication of a case of this scope and complexity, allegedly involving many of the mentally ill and otherwise disabled Alabamians ADAP serves.   This amendment will ensure that the basis for ADAP's standing as a plaintiff is asserted (and--to the extent defendants challenge it-- contested) squarely.

In light of the absence of any significant reason not to grant ADAP leave to amend, and the benefits of allowing the amendment, the court concludes that justice requires that leave be granted.

* * *

Accordingly, it is ORDERED as follows:

8

(1) The motion for leave to amend plaintiffs'
    complaint (doc. no. 549) filed by plaintiff
    Alabama Disabilities Advocacy Program (ADAP) is
    granted.

(2) If defendants conclude that additional
    discovery--limited to the question whether ADAP
    is entitled to assert associational
    standing--is necessary, they are to file a
    request that discovery be reopened, specifying
    what discovery they seek, within five days of
    the date this order is issued.

The clerk of the court is DIRECTED to docket
plaintiffs' fourth amended complaint (doc. no. 549-1).

DONE, this the 5th day of August, 2016.

                    /s/ Myron H. Thompson
                UNITED STATES DISTRICT JUDGE