IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JOSHUA DUNN, et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:14cv601-MHT |
| | ) | (WO) |
| JEFFERSON S. DUNN, in his | ) | |
| official capacity as | ) | |
| Commissioner of | ) | |
| the Alabama Department of | ) | |
| Corrections, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

PHASE 1 ORDER REQUIRING ADDITIONAL STIPULATION

The Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626(f), imposes requirements on district courts appointing special masters in prison cases. In order for such an appointment to be permissible during the remedial phase of a case, the court must find that the remedial phase will be "sufficiently complex to warrant the appointment." § 3626(f)(1)(B). Additionally, the statute prescribes a mechanism for selecting a special master from lists submitted by the parties; it appears that a special master to which both parties consent

would satisfy the spirit, though perhaps not the letter, of the provision.  See § 3626(f)(2).  Also, the court "shall review the appointment of the special master every 6 months to determine whether the services of the special master continue to be required ...." § 3626(f)(5).  Finally, there are certain limitations imposed on the special master's power, including that he or she "(A) may be authorized by a court to conduct hearings and prepare proposed findings of fact, which shall be made on the record; (B) shall not make any findings or communications ex parte; (C) may be authorized by the court to assist in the development of remedial plans; and (D) may be removed at any time, but shall be relieved of the appointment upon the termination of relief."  § 3626(f)(6).

Furthermore, the PLRA defines the term "special master" to mean "any person appointed by a Federal court pursuant to Rule 53 of the Federal Rules of Civil Procedure or pursuant to any inherent power of the court to exercise the powers of a master, regardless of

2

the title or description given by the court." § 3626(g)(8).  Pursuant to Rule 53, a special master ordinarily makes recommended factual findings which a district court reviews de novo upon objection; however, parties to a case can stipulate that a special master appointed upon their consent has the authority to make final, unreviewable factual findings.  <u>See</u> Fed. R. Civ. P. 53(f)(3)(B).

The Phase 1 settlement agreement in this case involves the appointment of an arbitrator, United States Magistrate Judge John Ott.  Although neither the parties nor the court has ever suggested that his role would be that of a special master, the court is intent on ensuring that this provision is not later subject to confusion or challenge.

It is therefore ORDERED that the parties are to submit to the court, by no later than August 26, 2016, a joint stipulation stating that they affirmatively agree that 18 U.S.C. § 3626(f) is not applicable to the arbitrator to be appointed per the terms of their

3

settlement agreement, that this arbitrator will not be a special master, and that they expressly waive the right to challenge his decisions or the consent decree on the basis of § 3626(f).

DONE, this the 18th day of August, 2016.

                                          /s/ Myron H. Thompson
                                   UNITED STATES DISTRICT JUDGE