# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JOSHUA DUNN, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action Number: |
| v. ) | |
| ) | 2:14-cv-00601-MHT-TFM |
| JEFFERSON DUNN, ET AL., ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFFS' MOTION IN SUPPORT OF AN AWARD OF THE AGREED UPON COSTS AND ATTORNEYS' FEES IN THE AMENDED PHASE I SETTLEMENT AGREEMENT (DOC. 518)

**COMES NOW,** Counsel for Plaintiffs pursuant to a directive from this Court and Fed. R. Civ. P. 23(h) and move this Honorable Court to award counsel for Plaintiffs the agreed upon costs and attorneys' fees to resolve the claims in Phase 1 of the above-captioned case as detailed in the Amended and Restated Settlement Agreement Concerning Claims Arising Under the Americans With Disabilities Act and § 504 of the Rehabilitation Act of 1973, and Resolving the Phase 1 Trial of These Proceedings ("Settlement Agreement") (Doc. 518). Counsel for Plaintiffs believe the amount agreed upon as payment of attorneys' fees and costs is reasonable. In support of this motion, counsel for Plaintiffs state as follows:

## Background

Plaintiffs, on behalf of themselves and the other approximately 25,000 prisoners in the custody of Defendant Alabama Department of Corrections ("ADOC"), filed the present case in June 2014. (Doc. 1) The initial, and subsequently amended complaints, allege systemic failures by Defendants to provide constitutionally adequate mental health and medical care for prisoners in the custody of Defendant ADOC and violations by ADOC of the Americans With Disabilities Act and § 504 of the Rehabilitation Act of 1973 (referred to collectively as "ADA"). (Docs. 1, 45, 99, 210, 611). This Court divided the case into two (2) "phases" with Phase 1 addressing the ADA claims and Phase 2 addressing the claims alleging inadequate medical and mental health care. (Doc. 170). This Court ultimately set the trial for Phase 1 to begin in June 2016. (Doc. 239). The parties spent almost 2 years litigating the claims in the present case, including the ADA claims. In addition to answering written discovery for all of the proposed ADA subclass members, counsel for plaintiffs defended depositions for all proposed ADA subclass members and deposed more than 20 ADOC officials and numerous employees of the third-party mental health and medical providers for the purpose of obtaining evidence to support Plaintiffs' claims of ADA violations. Counsel for Plaintiffs also spent numerous hours working with Plaintiffs' ADA expert, Dr. Peter Blanck, accompanying him on site visits to ADOC facilities and defending his deposition. Finally, counsel for

Plaintiffs expended many hours working with Defendant ADOC, both through formal mediation sessions and informally, to reach an agreement to resolve the issues in Phase 1 of the present case. Counsel for Plaintiffs expended 5050 hours of attorney time litigating Phase 1. The 5050 hours were agreed upon by counsel for both parties after the substantive provisions of the Settlement Agreement had been completed. See, Declaration of J. Patrick Hackney, attached hereto and marked as Exhibit 1.

## The Settlement Agreement

Under the Settlement Agreement, "ADOC agrees to pay attorneys' fees and associated costs to counsel for the Plaintiffs in the total amount of $1,250,000.00." (Doc. 518 at 75). ADOC will pay said fees and costs in three installments over a 1 year period. Id.

The expenses to litigate Phase 1 of this case total approximately $261,000.00. See, Declaration of Maria Morris, attached hereto and marked as Exhibit 2. Attorneys for all firms representing all Plaintiffs in this case have expended significant time and resources litigating the Phase 1 claims. Id.; Decl. of Hackney, Exh. 1; Affidavit of Anil Mujumdar, attached hereto and marked as Exhibit 3; Declaration of Patricia Clotfelter, attached hereto and marked as Exhibit 4. The remaining amount, after expenses, attributable to attorneys' fees for counsel for plaintiffs is $989,000.00 for 5050 hours of attorney time invested to litigate and

3

resolve Phase 1.[1] This amounts to a blended hourly attorney rate of approximately $196.00 per hour. This blended rate of $196.00 per hour is significantly less than the rate charged by similarly experienced attorneys litigating civil rights cases in Alabama, including cases brought in the U.S. District Court for the Middle District of Alabama. <u>See</u>, Affidavit of Robert Segall, attached hereto and marked as Exhibit 5; Declaration of Randall Marshall, attached hereto and marked as Exhibit 6.[2] Counsel for Plaintiffs adamantly believe a blended attorney rate of $196.00 per hour is more than reasonable.

## Argument

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or <u>by the parties' agreement</u>." Fed. R. Civ. P. 23(h) (emphasis supplied). In the present case, defendant ADOC agreed, through a negotiated settlement, to pay counsel for plaintiffs $1,250,000.00 for attorneys' fees and costs. The hourly rate agreed upon in the present case by counsel for plaintiffs is substantially less than the rate charged by similarly situated attorneys representing clients in similar cases. <u>See</u>, Aff. of R. Segall, Exh. 5; Decl. of R.

---

[1] The total hours in the declarations and affidavits of counsel for plaintiffs reflect attorney hours expended on Phase 1, 5147, through the date of the hearing for preliminary approval of the Settlement Agreement, June 3, 2016. At the time the parties executed the Settlement Agreement, counsel for plaintiffs had devoted 5050 hours of attorney time litigating Phase 1.

[2] The Affidavit of Bobby Segall and Declaration of Randall Marshall list the Phase 1 costs as $270,000. This amount was an estimate of Phase 1 costs provided to Segall and Marshall by counsel for plaintiffs before counsel for plaintiffs had obtained the actual Phase 1 costs, $261,000.

Marshall, Exh. 6. This Court has previously approved an agreed upon attorneys' fee award through settlement when such award "is well below the average acceptable range of such awards." Williams v. Nat'l Sec. Ins. Co., 237 F.R.D. 685, 697, 2006 WL 2523438 (M.D. Ala. 2006).

When evaluating whether an agreed upon attorneys' fee award for class counsel is reasonable, pertinent factors include:

> the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action.
>
> Camden I Condominium Ass'n v. Dunkle, 946 F.2d 768, 775 (11th Cir. 1991).

Each factor is easily satisfied in the present case. First, while some class members have commented on the Settlement Agreement, counsel for plaintiffs believe none of the commenters have specifically provided a detailed objection to the attorneys' fee award. Second, all benefits "conferred upon the class" are non-monetary. The benefits include class members (prisoners with disabilities in the custody of ADOC) being able to obtain full and equal access to the services and programs offered by ADOC. Finally, both defendants and counsel for plaintiffs have saved significant resources by prosecuting this as a class action. At the outset of this case, counsel for plaintiffs represented thirty-two (32) proposed ADA subclass

members. (Doc 1. at 111). Litigating the claims of each individual ADA subclass member would undoubtedly expend significantly more resources than prosecuting the current case as a class action.

## Conclusion

WHEREFORE, counsel for plaintiffs respectfully requests this Court, after the hearing to determine the fairness of the Settlement Agreement, enter a Final Order approving the Settlement Agreement, including the attorneys' fee as agreed upon by the parties.

Dated: August 26, 2016

Respectfully Submitted,

/s/ J. Patrick Hackney
J. Patrick Hackney
One of the Attorneys for
Plaintiffs

Rhonda Brownstein (ASB-3193-O64R)
Maria V. Morris (ASB-2198-R64M)
Ebony G. Howard (ASB-7247-O76H)
Latasha L. McCrary (ASB-1935-L75M)
Brooke Menschel (ASB-7675-Z61K)
Jaqueline Aranda Osorno (ASB-3296-A17H)
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481

6

rhonda.brownstein@splcenter.org
maria.morris@splcenter.org
ebony.howard@splcenter.org
latasha.mccrary@splcenter.org
brooke.menschel@splcenter.org
jaqueline.aranda@splcenter.org

Miriam Haskell* (FL. Bar No. 069033) SOUTHERN POVERTY LAW CENTER
P.O. Box 370037
Miami, FL 33137
Telephone: (786) 347-2056
Facsimile: (786) 237-2949
miriam.haskell@splcenter.org
*admitted pro hac vice

Eunice Cho* (GA. Bar No. 632669)
SOUTHERN POVERTY LAW CENTER
1989 College Avenue NE
Atlanta, GA 30317
Telephone: (404) 221-5842
Facsimile: (404) 221-5857
eunice.cho@splcenter.org
*admitted pro hac vice

William Van Der Pol, Jr. (ASB-2112-114F)
J. Patrick Hackney (ASB-6971-H51J)
Glenn N. Baxter (ASB-3825-A41G)
Alabama Disabilities Advocacy Program  Box 870395
Tuscaloosa, AL  35487
Telephone: (205) 348-4928
Facsimile: (205) 348-3909
wvanderpoljr@adap.ua.edu
jphackney@adap.ua.edu
gnbaxter@adap.ua.edu

William G. Somerville, III (ASB-6185-E63W)

7

Andrew P. Walsh (ASB-3755-W77W)
Dennis Nabors
Patricia Clotfelter (ASB-0841-F43P)
Lisa W. Borden (ASB-5673-D57L)
Baker Donelson Bearman Caldwell & Berkowitz
PC 420 20th Street North, Suite 1400
Birmingham, AL 35203
Telephone: (205) 328-0480
Facsimile: (205) 322-8007
wsomerville@bakerdonelson.com
awalsh@bakerdonelson.com
dnabors@bakerdonelson.com
pclotfelter@bakerdonelson.com
lborden@bakerdonelson.com

Gregory M. Zarzaur (ASB-0759-E45Z)
Anil A. Mujumdar (ASB-2004-L65M)
Diandra S. Debrosse (ASB-2956-76D)
Zarzaur Mujumdar &
Debrosse
2332 2nd Avenue North
Birmingham, AL 35203
Telephone: (205) 983-7985
Facsimile: (888) 505-0523
gregory@zarzaur.com
anil@zarzaur.com
diandra@zarzaur.com

**ATTORNEYS FOR THE PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 26th day of August, 2016, electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

David R. Boyd, Esq.                                    Michael L. Edwards, Esq.

| | |
|---|---|
| John G. Smith, Esq.<br>John W. Naramore, Esq.<br>Balch & Bingham LLP<br>Post Office Box 78<br>Montgomery, AL  36101-0078<br>dboyd@balch.com<br>jgsmith@balch.com<br>jnaramore@balch.com | Steven C. Corhern, Esq.<br>Christopher F. Heinss, Esq.<br>Jenelle R. Evans, Esq.<br>Post Office Box 306<br>Birmingham, AL  35201-0306<br>medwards@balch.com<br>scorhern@balch.com<br>cheinss@balch.com<br>jevans@balch.com |
| William R. Lunsford, Esq.<br>Melissa K. Marler, Esq.<br>Stephen C. Rogers, Esq.<br>Matthew B. Reeves, Esq.<br>Maynard, Cooper & Gale, P.C.<br>655 Gallatin Street, SW<br>Huntsville, AL  35801<br>blunsford@maynardcooper.com<br>mmarler@maynardcooper.com<br>srogers@maynardcooper.com<br>mreeves@maynardcooper.com | Mitesh Shah, Esq.<br>Mitchell D. Greggs, Esq.<br>Bryan A. Coleman, Esq.<br>Evan P. Moltz, Esq.<br>Maynard, Cooper & Gale, P.C.<br>1901 6th Avenue North, Suite 2400<br>Birmingham, AL  35203<br>mshah@maynardcooper.com<br>mgreggs@maynardcooper.com<br>bcoleman@maynardcooper.com<br>emoltz@maynardcooper.com |
| Anne Hill, Esq.<br>Elizabeth A. Sees, Esq.<br>Joseph G. Stewart, Jr., Esq.<br>Alabama Department of Corrections<br>Legal Division<br>301 South Ripley Street<br>Montgomery, AL  36104<br>anne.hill@doc.alabama.gov<br>elizabeth.sees@doc.alabama.gov<br>joseph.stewart@doc.alabama.gov | Deana Johnson, Esq.<br>Brett T. Lane, Esq.<br>MHM Services, Inc.<br>1447 Peachtree Street, N.E., Suite 500<br>Atlanta, GA  30309<br>djohnson@mhm-services.com<br>btlane@mhm-services.com |

/s/ J. Patrick Hackney
One of the Attorneys for Plaintiffs