# EXHIBIT

# 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOSHUA DUNN, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:14-CV-00601-MHT-TFM |
| JEFFERSON DUNN, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF J. PATRICK HACKNEY

I, J. Patrick Hackney, declare:

1. I am the Legal Director at the Alabama Disabilities Advocacy Program ("ADAP") and an attorney of record in this matter. I am licensed to practice law in the State of Alabama and have been since 1998. I am admitted to practice before all state and federal courts in Alabama and the United States Court of Appeals for the Eleventh Circuit.

2. While ADAP does not charge our clients fees for legal services, ADAP customarily files fee petitions to seek payment of attorneys' fees and expenses by adverse parties when the law permits us to do so. In said fee petitions, ADAP requests and receives the usual hourly rates of similarly experienced attorneys who litigate civil rights cases in the State of Alabama.

3. I have reviewed the billing records for ADAP in this matter for entries primarily relating to Phase I of the *Dunn v. Dunn* matter. I have identified a total of 2,150 hours devoted by ADAP attorneys to litigating Phase 1 of the *Dunn v. Dunn* case. These hours include document review, drafting pleadings, taking and defending depositions, consulting with Plaintiffs' ADA expert, touring ADOC facilities, negotiating the Settlement Agreement, trial preparations and communications with clients, co-counsel, and opposing counsel.

4. I have exercised reasonable billing judgment by both (1) removing certain entries from the bill, and (2) subtracting approximately 100 hours from the total bill.

5. ADAP has also agreed to bear its own costs in litigating and resolving Phase 1 of this case.

6. After the parties negotiated the substantive provisions of the Settlement Agreement, the parties negotiated payment by defendants of costs and attorneys' fees incurred by counsel for plaintiffs. During negotiations regarding said payment, counsel for plaintiffs conveyed to counsel for defendants that counsel for plaintiffs had expended 5050 hours of attorney time litigating Phase 1 of this case.

7. In the interest of resolving Phase 1 of this case, ADAP has agreed to a substantially lower hourly rate than we believe we could obtain if Phase 1 had gone to trial and ADAP sought an award of fees as one of the prevailing parties in this matter.

I swear under penalty of perjury that the information in this Declaration is true to the best of my memory, knowledge, and belief.

Signed this the 26th day of August, 2016.

*[signature]*

J. Patrick Hackney