IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSHUA DUNN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:14-cv-00601-MHT-TFM |
| | ) |
| JEFFERSON DUNN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### THE STATE'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the FEDERAL RULES OF CIVIL PROCEDURE, Defendants Jefferson Dunn, as Commissioner of the ADOC[1] ("Commissioner"), and Ruth Naglich, as Associate Commissioner for Health Services of the ADOC ("Associate Commissioner" and, collectively with the Commissioner, "the State"), hereby submit this Motion for Summary Judgment as to the "First Cause of Action: Inadequate Medical Care," "Second Cause of Action: Inadequate Mental Health Treatment" and "Third Cause of Action: Deprivation of Due Process Prior to Involuntarily Medicating Prisoners" set forth in the Fourth Amended Complaint.

---

[1] "ADOC" refers to the Alabama Department of Corrections. Despite contradictory language in the Fourth Amended Complaint related to the ADOC, the first, second and third "Causes of Action" asserted in the Fourth Amended Complaint clearly reference only the "OFFICIAL CAPACITY DEFENDANTS." (Doc. 611 at ¶¶ 446-454). As set forth in the Memorandum of Law and herein below, no claim under 42 U.S.C. § 1983 lies against the ADOC. Nevertheless, to the extent that the Court construes these provisions of the Fourth Amended Complaint to state any claim against the ADOC, then the ADOC joins with the Commissioner and Associate Commissioner in this Motion for Summary Judgment.

(Doc. 611 at ¶¶ 446-454). Through submission of this Motion for Summary Judgment, the State's Narrative Statement of Undisputed Facts, the supporting Memorandum of Law and the thousands of pages of evidence (including the sworn testimony, medical records and mental health records of the Named Plaintiffs) submitted contemporaneously with this Motion for Summary Judgment, the State establishes that there is no genuine dispute as to any material fact and the State is entitled to judgment as a matter of law as to the claims of Named Plaintiffs[2] for purported violations of their rights under the Eighth and Fourteenth Amendments. In further support of this Motion for Summary Judgment, Commissioner Dunn and Associate Commissioner Naglich state as follows:

1.  When the Southern Poverty Law Center ("SPLC") initiated this action in June, 2014, its 120-page Complaint alleged a litany of wrongdoing and purported constitutional shortcomings affecting forty-two (42) inmates incarcerated within the prison system operated by the ADOC.[3] (Doc. 1). Over the

---

[2] "Named Plaintiffs" refers to Joshua Dunn, Sheila Allen, Edward Braggs, Tedrick Brooks, Gary Lee Broyles, Quang Bui, Richard Businelle, Howard Carter, Chandler Clements, Robert Dillard, Paul Folsom, Christopher Gilbert, Dwight Hagood, Daletrick Hardy, Sylvester Hartley, Charlie Henderson, Christopher Jackson, Brandon Johnson, John Maner, Rick Martin, Willie McClendon, Roger McCoy, Jermaine Mitchell, Kenneth Moncrief, Tommie Moore, Matthew Mork, Roger Moseley, Bradley Pearson, Leviticus Pruitt, Turner Rogers, Timothy Sears, Brian Sellers, Augustus Smith, William Sullivan, Richard Terrell, Hubert Tollar, Daniel Tooley, Joseph Torres, Donald Ray Turner, Jamie Wallace and Robert "Myniasha" Williams.

[3] Plaintiffs do not assert their constitutional tort claims against the ADOC (Doc. No. 611 at 132-34); however, in the prayer for relief, Plaintiffs seek injunctive relief against the ADOC (id. at 137-38). Of course, the ADOC is absolutely immune from any claim asserted or relief sought by Plaintiffs under § 1983. Alabama v. Pugh, 438 U.S. 781 (1978); see also Pennhurst State School

twenty-seven (27) months since the filing of this lawsuit, the parties have conducted an enormous amount of discovery.  SPLC amended its original Complaint on four (4) different occasions[4] – often reciting the very same allegations, while making selected revisions to correct obvious defects.  The hundreds of depositions taken and hundreds of thousands of pages produced by the State lead to one conclusion – the core allegations asserted by SPLC about the Named Plaintiffs are *fiction*.  The Fourth Amended Complaint (Doc. 611) persists in restating a version of events and circumstances regarding the Named Plaintiffs, including denials of treatment, delays in medical and mental health care, the unavailability of necessary services and even deliberate mistreatment.  *As discovery revealed, they never occurred*.

2. Moreover, discovery in this action highlighted how SPLC fundamentally erred in their blind reliance upon the unverified assertions of a select number of inmates which SPLC failed to confirm through a simple review of

---

& Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984).  As such, ADOC is due to be dismissed as a party-defendant to this action.  Id.

[4] The State's Motion for Summary Judgment addresses the Fourth Amended Complaint, which is currently the operative pleading.  Named Plaintiffs sought leave to file a Fifth Amended Complaint, which the Court indicated, during one in-court proceeding, it would grant.  However, as of this date, the Fifth Amended Complaint has not yet been docketed.  The State understands that the allegations with respect to the medical and mental health care the individual Named Plaintiffs received will remain unchanged between the Fourth and Fifth Amended Complaints.  Nevertheless, the State reserves the right to amend, alter, supplement or otherwise resubmit this Motion for Summary Judgment in the event that Named Plaintiffs are permitted to amend their pleadings after the filing of this document.

medical and mental health records.[5] Time after time, Named Plaintiffs' medical and mental health records (and, in many instances, their deposition testimony) disproved the sensational narratives set forth in the Fourth Amended Complaint. As demonstrated through the State's Narrative Statement of Undisputed Facts (*filed under seal*), the extensive medical and mental health treatment afforded the Named Plaintiffs disproves the Named Plaintiffs' central claim that the State deliberately disregarded their serious medical needs. Consequently, they fail to demonstrate any deprivation of their constitutional rights under 42 U.S.C. § 1983 ("§ 1983").

3. This action is a transparent and flawed attempt to legislate by lawsuit. The SPLC – the real plaintiff before this Court – seeks to impose its conjectural "wants" and "wishes" upon the ADOC in derogation of the inalienable right of the State of Alabama (and its legislature) to govern. While SPLC's destination appears to be a total abandonment of the constitutional requirements in favor of their self-declared "standard of care," the facts and circumstances surrounding the Named Plaintiffs simply constitute an inadequate vehicle to deliver SPLC to that destination.

---

[5] Through Requests for Admissions served on Named Plaintiffs, the State confirmed that SPLC did not obtain the medical records of 41 of the Named Plaintiffs prior to the filing of the Complaint in this action. (Plts.' Resp. to State's Reqs. for Admiss. (Doc. 382-1) at ¶¶ 1 – 41).

4. The specific circumstances of the Named Plaintiffs demonstrate a functioning system of medical and mental health care that meets and surpasses the standards established by the Eighth Amendment. In sharp contrast to the *allegations* of the Complaints, the *facts* before this Court demonstrate that the counselors, nurses, dentists, psychiatrists, social workers, physicians and correctional officers working in Alabama's correctional facilities are conscientiously and competently providing healthcare to over 24,000 individuals under extremely challenging circumstances. Their actions are cause for commendation, not condemnation via class action

5. As discussed in greater detail in the State's supporting Memorandum of Law (*filed under seal*), Plaintiffs' Fourth Amended Complaint remains fatally deficient because:

> **2 Named Plaintiffs** asserted medical claims which were previously dismissed *with prejudice*;
>
> **14 Named Plaintiffs** raised medical-related claims barred by the applicable statute of limitations[6];
>
> **21 Named Plaintiffs** admitted never exhausting the existing grievance process before filing their medical claims in this action;

---

[6] Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011); see also Caldwell v. Bentley, No. 2:11CV975-MHT WO, 2015 WL 1198608, at *27, n.7 (M.D. Ala. Mar. 16, 2015)(quoting McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008))(holding, "in order to have his [§1983] claim heard, [plaintiff] was required to bring it within two years from the date the limitations period began to run"); Pompey v. Lumpkin, 321 F. Supp. 2d 1254, 1256, 1266 (M.D. Ala. 2004)

5

- **4 Named Plaintiffs** assert medical claims which are barred by 9 prior legal actions filed by them;

- **8 Named Plaintiffs'** claims of inadequate medical treatment are moot because they are no longer in the custody of the ADOC;

- **6 Named Plaintiffs** who are still in the ADOC's custody asserted claims regarding medical care that are moot because of changed factual circumstances;

- **10 Named Plaintiffs** assert claims related to minor medical conditions, not serious medical needs;

- **2 Named Plaintiffs** claim inadequate medical care for non-existent conditions;

- **0 Named Plaintiffs** demonstrate any level of indifference by the State or its contract providers to inmates' medical conditions;

- **3 Named Plaintiffs** raise mental health claims barred by the applicable statute of limitations;

- **4 Named Plaintiffs'** claims of inadequate mental health treatment are moot because they are no longer in the custody of the ADOC;

- **13 Named Plaintiffs** admit never exhausting the existing grievance process before filing their claims regarding mental health;

- **0 Named Plaintiffs** demonstrate any level of indifference by the State or its contract providers to inmates' mental health conditions

So, the Named Plaintiffs' claims fail to satisfy the basic legal standards which must be satisfied in order to maintain any claim under § 1983.

6. From the original Complaint, through the Fourth Amended Complaint, SPLC claimed the mental health professionals within the ADOC involuntarily medicated five (5) Named Plaintiffs without due process. Mental health records signed by four (4) of those Named Plaintiffs demonstrated that they were never involuntarily medicated, a fact that they confirmed in their deposition testimony. Inexplicably, SPLC refused to modify its pleadings to acknowledge this fact. As to the sole inmate who was involuntarily medicated, the record establishes as a matter of law that his treatment was appropriate and that appropriate procedural safeguards were followed. Accordingly, all of the involuntary medication claims have no factual basis and cannot survive summary judgment.

7. Even putting aside the unsubstantiated nature of Named Plaintiffs' allegations and the legal hurdles impeding their path to trial, Named Plaintiffs lack the evidence necessary to establish any causal connection between the purported constitutional deprivations and any act or omission of either the Commissioner or Associate Commissioner. McDowell v. Brown, 392 F.3d 1283, 1290-91, 1292 (11th Cir. 2004). In the absence of this evidence, their claims can only be construed as impermissibly relying upon the theory of *respondeat superior.*

8. Lastly, the vast and expansive reformation of the Alabama prison system sought in this action, as set forth in the closing pages of the Fourth

Amended Complaint, runs afoul of the Ex parte Young doctrine. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44 (1996)(mandating the narrow relief permitted via the Ex parte Young doctrine to claims against a State official in his or her official capacity for prospective relief in order to redress a "continuing violation of federal law."). Pursuant to Ex parte Young, neither Named Plaintiffs nor SPLC may invade the sovereignty of the State or supplant the State's judgment as to the operation of its prison system. Lewis v. Casey, 518 U.S. 343, 362 (1996).

9. The evidentiary record submitted today to this Court includes thousands of pages of medical records including doctor's notes, prescriptions, specialty consultations, lab results, x-rays, CT scans, ultrasounds, vital signs, specialty consults, surgical interventions, hospital discharge instructions, suicide prevention plans, individual counseling notes, group meeting observations and the list goes on and on. The twenty-eight (28) boxes of documents delivered to the Court today memorialize all of the medical and mental health care provided to the Named Plaintffs. No one with any concern for truth can ever suggest that the Named Plaintiffs did not receive medical care or mental health care while in the custody of the ADOC. However, even in the face of this extensive medical and mental health care provided to the Named Plaintiffs, SPLC simply believes they should receive "more." But, SPLC's insistence on "more" is not a constitutional claim.

WHEREFORE, PREMISES CONSIDERED, Commissioner Jefferson Dunn and Associate Commissioner Ruth Naglich respectfully request that this Court enter a judgment as a matter of law in their favor as to the claims for violations of the Eighth and/or Fourteenth Amendment asserted by each and every Named Plaintiff. Fed. R. Civ. P. 56(a).

Respectfully submitted on this the 23rd day of September, 2016.

/s/ *William R. Lunsford*
William R. Lunsford
*Attorney for the Commissioner and Associate Commissioner*

| | |
|---|---|
| William R. Lunsford | Mitesh B. Shah |
| Melissa K. Marler | Luther M. Dorr, Jr. |
| Stephen C. Rogers | Evan P. Moltz |
| **MAYNARD, COOPER & GALE, PC** | **MAYNARD, COOPER & GALE, PC** |
| 655 Gallatin Street | 1901 Sixth Avenue North |
| Huntsville, AL 35801 | 2400 Regions Harbert Plaza |
| Telephone: (256) 512-5710 | Birmingham, AL 35203 |
| Facsimile: (256) 512-0119 | Telephone: (205) 254-1178 |
| E-mail: | Facsimile: (205) 714-6438 |
| blunsford@maynardcooper.com | E-mail: mshah@maynardcooper.com |
| mmarler@maynardcooper.com | rdorr@maynardcooper.com |
| srogers@maynardcooper.com | emoltz@maynardcooper.com |

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this the 23rd day of September, 2016:

Maria V. Morris
Rhonda C. Brownstein
Ebony G. Howard
Latasha L. McCrary
J. Richard Cohen
Brooke Menschel
Jaqueline A. Osorno
Natalie Lyons
**SOUTHERN POVERTY LAW CENTER**
400 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481
maria.morris@splcenter.org
rhonda.brownstein@splcenter.org
ebony.howard@splcenter.org
latasha.mccrary@splcenter.org
richard.cohen@splcenter.org
brooke.menschel@splcenter.org
jaqueline.aranda@splcenter.org
natalie.lyons@splcenter.org

William Van Der Pol, Jr.
J. Patrick Hackney
Glenn N. Baxter
**ALABAMA DISABILITIES ADVOCACY PROGRAM**
University of Alabama
500 Martha Parham West
Box 870395
Tuscaloosa, Alabama 35487-0395
Telephone: (205) 348-6894
Facsimile: (205) 348-3909
wvanderpoljr@adap.ua.edu
jphackney@adap.ua.edu
gnbaxter@bama.ua.edu

Deana Johnson
Brett T. Lane
**MHM SERVICES, INC.**
1447 Peachtree Street NE
Suite 500
Atlanta, GA 30309
Telephone: (404) 347-4134
Facsimile: (404) 347-4138
djohnson@mhm-services.com
btlane@mhm-services.com

Andrew P. Walsh
William G. Somerville III
Patricia Clotfelter
Lisa W. Borden
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**
420 20th Street North
Suite 1400
Birmingham, Alabama 35203
Telephone:  (205) 244-3863
Facsimile:  (205) 488-3863
awalsh@bakerdonelson.com

| | |
|---|---|
| | wsomerville@bakerdonelson.com<br>pclotfelter@bakerdonelson.com<br>lborden@bakerdonelson.com |
| Eunice Cho<br>**SOUTHERN POVERTY LAW CENTER**<br>1989 College Avenue NE<br>Atlanta, GA 30317<br>Telephone: (404) 521-6700<br>Facsimile: (404) 221-5857<br>Eunice.cho@splcenter.org<br><br>*admitted pro hac vice* | Gregory M. Zarzaur<br>Anil A. Mujumdar<br>Diandra S. Debrosse<br>**ZARZAUR MUJUMDAR & DEBROSSE**<br>2332 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 983-7985<br>Facsimile: (888) 505-0523<br>gregory@zarzaur.com<br>anil@zarzaur.com<br>fuli@zarzaur.com |
| Miriam F. Haskell<br>**SOUTHERN POVERTY LAW CENTER**<br>P.O. Box 370037<br>Miami, Florida 33137<br>Telephone: (786) 347-2056<br>Facsimile: (786) 237-2949<br>miriam.haskell@splcenter.org<br><br>*admitted pro hac vice* | John G. Smith<br>David R. Boyd<br>**BALCH & BINGHAM LLP**<br>Post Office Box 78<br>Montgomery, AL 36101-0078<br>Telephone: (334) 834-6500<br>Facsimile: (866) 316-9461<br>E-mail: jgsmith@balch.com<br>dboyd@balch.com |
| Anne A. Hill<br>Elizabeth A. Sees<br>Joseph G. Stewart<br>**ALABAMA DEPARTMENT OF CORRECTIONS**<br>Legal Division<br>301 South Ripley Street<br>Montgomery, Alabama 36130<br>Telephone (334) 353-3884<br>Facsimile (334) 353-3891<br>E-mail: anne.hill@doc.alabama.gov<br>elizabeth.sees@doc.alabama.gov<br>joseph.stewart@doc.alabama.gov | Michael L. Edwards<br>Jenelle R. Evans<br>Steven C. Corhern<br>Christopher F. Heinss<br>**BALCH & BINGHAM LLP**<br>Post Office Box 306<br>Birmingham, AL 35201-0306<br>Telephone: (205) 251-8100<br>Facsimile: (205) 488-5708<br>E-mail: medwards@balch.com<br>jevans@balch.com<br>scorhern@balch.com<br>cheinss@balch.com |

Michael L. Edwards
Jenelle R. Evans
Steven C. Corhern
Christopher F. Heinss
**BALCH & BINGHAM LLP**
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5708
E-mail: medwards@balch.com
jevans@balch.com
scorhern@balch.com
cheinss@balch.com

/s/ William R. Lunsford
Of Counsel