IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JOSHUA DUNN**, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) 2:14-cv-00601-MHT-TFM |
| **JEFFERSON S. DUNN**, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFFS' RESPONSE DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

COME NOW the Plaintiffs, by and through the undersigned counsel, and respectfully submit their response to the Defendant's Motion for Partial Summary Judgment of the Phase 2 ADA Claims (Doc. 783).

**DEFENDANT'S STATEMENT OF UNDISPUTED FACTS**

Defendant Alabama Department of Corrections' ("ADOC") Motion for Partial Summary Judgment ("MPSJ") is premised entirely on three (3) undisputed facts that the Plaintiffs do not dispute and which can be summarized as follows: (1) the instant matter was severed into two (2) phases, (2) the Phase 1 parties entered into a settlement agreement, and (3) the Court approved the parties Phase 1 settlement agreement. *See* Def.'s MPSJ at 2. Although these facts are not disputed, these facts alone do not

entitle Defendant ADOC to summary judgment on the Plaintiffs' Phase 2 ADA claims. Defendant has offered no undisputed facts in support of its MPSJ specifically directed towards the Named Plaintiffs' Phase 2 ADA claims.

## PLAINTIFFS' DISPUTED STATEMENTS OF FACT[1]

1. The Phase 1 Consent Decree by definition excludes prisoners "whose disabilities relate solely to or arise solely from mental disease, illness, or defect." Consent Decree (Doc. 728) at 4.

2. Because of this categorical exclusion, the terms of the Phase 1 Consent Decree do not apply to the Plaintiffs' pending Phase 2 ADA claims.

## ARGUMENT

### I. THE PLAIN LANGUAGE OF THE CONSENT DECREE CONTROLS

The gist of the Defendant's Motion is that the Phase 1 Consent Decree completely moots the Plaintiffs' Phase 2 ADA claims. *See e.g.* Def.'s MPSJ at 3 – 4. Thus, the essence of the parties' dispute for the purposes of the Defendant's MPSJ is how the Consent Decree is to be interpreted. In this regard:

---

[1] Plaintiffs further adopt by reference herein the factual assertions regarding mental health disabilities submitted on behalf of individual Named Plaintiffs in opposition to Defendants Jefferson S. Dunn's and Ruth Naglich's Motion for Summary Judgment also filed today.

2

> [C]onstruction of a consent decree is essentially a matter of contract law. *Segar v. Mukasey*, 508 F.3d 16, 21, 390 U.S. App. D.C. 16 (D.C. Cir. 2007) (quoting Citizens for a Better Environment v. Gorsuch, 718 F.2d 1117, 1125, 231 U.S. App. D.C. 79 (D.C. Cir. 1983)). n1 The court's task, then, is to discern the bargain that the parties struck. *United States v. Microsoft Corp.*, 147 F.3d 935, 946, 331 U.S. App. D.C. 121 (D.C. Cir 1998). Our inquiry begins, of course, with the text of the Decree. *United States v. Western Elec. Co.*, 12 F.3d 225, 230, 304 U.S. App. D.C. 199 (D.C. Cir. 1993). If the text is unambiguous, the inquiry ends there, because a court may not look to extrinsic evidence of the parties' subjective intent unless the document itself is ambiguous.

*United States v. Volvo Powertrain Corp.*, 854 F. Supp. 2d 60, 64 (D.D.C. 2012) (internal quotations omitted and italics added); *see also City of New Bedford v. AVX Corp.*, 2015 U.S. Dist. LEXIS 122130 (D. Mass. Aug. 27, 2015) ("When the court interprets the text of the consent decree, it may employ ordinary tools of contract interpretation.").

Defendant variously asserts that "a claim is moot if a party has already obtained the only relief it seeks"; "[a] partial settlement can render a claim moot even though unsettled issues are explicitly carved out of the settlement agreement"; and "the cessation of the challenged behavior moots the suit." *Id*. at 3. In crafting its mootness argument, however, Defendant ADOC fails to explicitly warrant that the ADA protections implemented for prisoners as a result of the Phase 1 Consent Decree will apply to all prisoners with mental health disabilities in its prisons. This is why, as Defendant correctly

observes, "Plaintiffs then go on to demand essentially the same ADA-related relief for the Phase 2 inmates as was provided to the Phase 1 inmates." *Id*. at 4. Similarly, in comparing Plaintiffs' Phase 2 ADA allegations with the Phase 1 Settlement Agreement,[2] Defendant notes "none of these provisions makes a distinction between inmates with mental health disabilities and inmates with other kinds of disabilities." *Id*. at 5.

Had the language of the Consent Decree not expressly excluded all prisoners with mental health disabilities from the terms of the settlement, Defendant's arguments regarding mootness, the supposed duplicative nature of the Phase 2 ADA claims, and the neutral language of some provisions of the settlement agreement may otherwise be persuasive. However, the simple fact remains that the unambiguous text of the Consent Decree controls independently of Defendant's current, extrinsic assertions. The Defendant could have entered a consent decree that included all prisoners with disabilities if it intended to make the provisions of the Phase 1 Consent Decree applicable to all prisoners with disabilities. Instead, Defendant chose to enter a Consent Decree that expressly excludes prisoners with mental health disabilities. This decision to exclude this population of prisoners with

---

[2] For the purposes of its comparison, Defendant ADOC cites to the Phase 1 Settlement Agreement rather than the Consent Decree entered by the Court, but for the purposes of ADOC's argument, this is a distinction without a difference.

4

disabilities must have some purpose or meaning and in this respect the Defendant is silent.

The closest Defendant comes to stating that prisoners with mental health disabilities will receive all the accommodations and protections outlined in the Consent Decree are its assertions that: (1) "It is illogical and unrealistic to think that ADOC will somehow withhold the benefits of the Phase 1 Settlement Agreement from the Phase 2 plaintiffs[,]" and (2) "Once those procedures are available, they will be available to all inmates in ADOC custody." Both assertions are ambiguous and neither assertion expressly represents that ADOC will in fact accommodate prisoners with mental health disabilities in its prisons. "[A] contract provision is not ambiguous merely because the parties later disagree on its meaning. It is ambiguous only if it is reasonably susceptible of different constructions." *United States v. Volvo Powertrain Corp.*, 854 F. Supp. 2d at 65 (internal citations and quotations omitted). Tellingly, the converse of Defendant's appeal to logic is equally true in that it is illogical to think that ADOC will somehow provide benefits to a class of prisoners it explicitly chose to exclude from the Consent Decree. Furthermore, Defendant ADOC's representation that the provisions of the Phase 1 Consent Decree will be available to prisoners with mental health disabilities stops short of stating

that ADOC will apply all the provisions of the Phase 1 Consent decree to Phase 2 plaintiffs and accordingly accommodate prisoners with mental health disabilities in its prisons.

## II. THE CONSENT DECREE ITSELF BELIES ADOC'S ARGUMENT REGARDING PRIVATE RIGHTS OF ACTION UNDER THE ADA

The Defendant next asserts that even if the Phase 1 Consent Decree does not apply to the Phase 2 ADA claims of prisoners with mental health disabilities, that nevertheless, Plaintiffs are not entitled to relief because there is no private right of action for violations of ADA regulations. As an initial matter, the Consent Decree itself belies this contention. Defendant ADOC has agreed to remedies it now claims are not privately enforceable. *See e.g.*, Consent Decree (Doc. 728) at 46-47 (provisions regarding ADA accommodations and appeals), 48-54 (provisions regarding ADA coordinators), and 19-22 (provisions regarding a transition plan). Alternatively, even if Defendant's assertion is correct, the Defendant has confused Plaintiffs' claims in this case with the universe of available remedies. Defendant's MPSJ fails to put forward any undisputed facts or provide any underlying explanation as to why it is entitled to summary judgment on Plaintiffs' ADA Title II claims (Plaintiffs' Fourth Cause of Action). The Plaintiffs' operative Complaint does not state discrete causes

6

of action for failure to provide ADA coordinators, failure to properly designate ADA coordinators, and failure to develop a transition plan. For these reasons, Defendant's argument regarding the lack of a private right of action is due to be denied.

    **III.   ALLOWING DEFENDANT SUMMARY JUDGMENT ON THE PHASE 2 ADA CLAIMS WOULD UNDERMINE PUBLIC POLICY FAVORING SETTLEMENT**

The converse of Defendant's third and final argument is true. If Defendant's are allowed to forego a trial on the Plaintiffs' Phase 2 ADA claims, such a result would undermine plaintiffs' ability to settle for anything less than a full and complete settlement of all claims. Without discussing the parties confidential settlement negotiations, the Plaintiffs negotiated the Phase 1 Settlement Agreement in good faith resulting in the Phase 1 Consent Decree which this Court has approved. Based upon the plain language of the Consent Decree, Plaintiffs had every reason to expect the full opportunity to compete for their day in court in order to present their Phase 2 ADA claims. Although the Defendant may have other arguments and other bases to win a summary judgment and thereby deny the Plaintiffs their day in Court, this argument is unfounded as it is equally true for both sides to this litigation.

WHEREFORE, premises considered, the Defendant has failed to present an undisputed factual basis and corresponding legal authority upon which this Honorable Court can grant the Defendant's request for summary judgment on the Plaintiffs' Phase 2 ADA Claims. Accordingly, the Plaintiffs respectfully request that this Honorable Court enter an Order denying the Defendant's Motion for Partial Summary Judgment of the Phase 2 ADA Claims. (Doc. 783)

Dated: October 12, 2016

Respectfully Submitted,

/s/ William Van Der Pol, Jr.
William Van Der Pol, Jr.
*One of the Attorneys for Plaintiffs*

/s/ Anil A. Mujumdar
Anil A. Mujumdar
*One of the Attorneys for Plaintiff ADAP*

Rhonda Brownstein (ASB-3193-O64R)
Maria V. Morris (ASB-2198-R64M)
Ebony G. Howard (ASB-7247-O76H)
Latasha L. McCrary (ASB-1935-L75M)
Brooke Menschel (ASB-7675-Z61K)
Jaqueline Aranda Osorno (ASB-3296-A17H)
Natalie Lyons (ASB-1108-D63Y)
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481
rhonda.brownstein@splcenter.org

maria.morris@splcenter.org
ebony.howard@splcenter.org
latasha.mccrary@splcenter.org
brooke.menschel@splcenter.org
jaqueline.aranda@splcenter.org
natalie.lyons@splcenter.org

Miriam Haskell* (FL. Bar No. 069033)
SOUTHERN POVERTY LAW CENTER
P.O. Box 370037
Miami, Florida 33137
Telephone: (786) 347-2056
Facsimile: (786) 237-2949
miriam.haskell@splcenter.org
*admitted pro hac vice

Eunice Cho* (GA. Bar No. 632669)
SOUTHERN POVERTY LAW CENTER
1989 College Avenue NE
Atlanta, Georgia 30317
Telephone: (404) 221-5842
Facsimile: (404) 221-5857
eunice.cho@splcenter.org
*admitted pro hac vice

William Van Der Pol, Jr. (ASB-2112-114F)
J. Patrick Hackney (ASB-6971 H51J)
Glenn N. Baxter (ASB 3825-A41G)
Alabama Disabilities Advocacy Program
Box 870395
Tuscaloosa, Alabama  35487
Telephone: (205) 348-4928
Facsimile: (205) 348-3909
wvanderpoljr@adap.ua.edu
jphackney@adap.ua.edu
gnbaxter@adap.ua.edu

William G. Somerville, III (ASB-6185-E63W)
Andrew P. Walsh (ASB-3755-W77W)

Dennis Nabors
Patricia Clotfelter (ASB-0841-F43P)
Lisa W. Borden (ASB-5673-D57L)
Baker Donelson Bearman Caldwell & Berkowitz PC
420 20th Street North, Suite 1400
Birmingham, Alabama 35203
Telephone: (205) 328-0480
Facsimile: (205) 322-8007
wsomerville@bakerdonelson.com
awalsh@bakerdonelson.com
dnabors@bakerdonelson.com
pclotfelter@bakerdonelson.com
lborden@bakerdonelson.com

Gregory M. Zarzaur (ASB-0759-E45Z)
Anil A. Mujumdar (ASB-2004-L65M)
Diandra S. Debrosse (ASB-2956-N76D)
Zarzaur Mujumdar & Debrosse
2332 2nd Avenue North
Birmingham, Alabama 35203
Telephone: (205) 983-7985
Facsimile: (888) 505-0523
gregory@zarzaur.com
anil@zarzaur.com
fuli@zarzaur.com

**ATTORNEYS FOR THE PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 12th day of October, 2016, I have filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| David R. Boyd, Esq.<br>John G. Smith, Esq.<br>John W. Naramore, Esq.<br>Balch & Bingham LLP<br>Post Office Box 78<br>Montgomery, AL 36101-0078<br>dboyd@balch.com<br>jgsmith@balch.com<br>jnaramore@balch.com | Michael L. Edwards, Esq.<br>Steven C. Corhern, Esq.<br>Christopher F. Heinss, Esq.<br>Jenelle R. Evans, Esq.<br>Balch & Bingham LLP<br>Post Office Box 306<br>Birmingham, AL 35201-0306<br>medwards@balch.com<br>scorhern@balch.com<br>cheinss@balch.com<br>jevans@balch.com |
| William R. Lunsford, Esq.<br>Melissa K. Marler, Esq.<br>Stephen C. Rogers, Esq.<br>Christopher S. Kuffner, Esq.<br>Maynard, Cooper & Gale, P.C.<br>655 Gallatin Street, SW<br>Huntsville, AL 35801<br>blunsford@maynardcooper.com<br>mmarler@maynardcooper.com<br>srogers@maynardcooper.com<br>ckuffner@maynardcooper.com | Mitesh Shah, Esq.<br>Mitchell D. Greggs, Esq.<br>Bryan A. Coleman, Esq.<br>Evan P. Moltz, Esq.<br>Luther M. Dorr, Jr., Esq.<br>Maynard, Cooper & Gale, P.C.<br>1901 6th Avenue North, Suite 2400<br>Birmingham, AL 35203<br>mshah@maynardcooper.com<br>mgreggs@maynardcooper.com<br>bcoleman@maynardcooper.com<br>emoltz@maynardcooper.com<br>rdorr@maynardcooper.com |
| Anne Hill, Esq.<br>Elizabeth A. Sees, Esq.<br>Joseph G. Stewart, Jr., Esq.<br>Alabama Department of Corrections<br>Legal Division | Deana Johnson, Esq.<br>Brett T. Lane, Esq.<br>MHM Services, Inc.<br>1447 Peachtree Street, N.E., Suite 500<br>Atlanta, GA 30309 |

301 South Ripley Street
Montgomery, AL  36104
anne.hill@doc.alabama.gov
elizabeth.sees@doc.alabama.gov
joseph.stewart@doc.alabama.gov

djohnson@mhm-services.com
btlane@mhm-services.com

/s/ William Van Der Pol, Jr.
*One of the Attorneys for Plaintiffs*