# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JOSHUA DUNN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:14-CV-00601-MHT-TFM |
| JEFFERSON DUNN, in his official ) | FILE UNDER SEAL |
| capacity as Commissioner ) | |
| of the Alabama Department of ) | |
| Corrections, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION TO STRIKE CERTAIN DOCUMENTS FILED IN SUPPORT OF DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO CLASS CERTIFICATION**

On September 23, 2016, Defendants filed a motion for summary judgment. Docs. 768-771. On September 28, 2016, Defendants filed their opposition to Plaintiffs' motion for class certification. Docs. 807, 810.

In support of these two filings, Defendants filed numerous documents that are improper or irrelevant and should be struck from the record.

### 1. The Affidavit of Angie Baggett Should Be Struck as Unreliable and All Facts Relying Solely on Ms. Baggett's Affidavit Should Be Deemed Unsupported

The Affidavit of Angie Baggett is demonstrably incorrect on several points. For example, Ms. Baggett states that Plaintiff Bui entered ADOC custody on

1

December 7, 2004, citing ADOC038940 – 038941.  Doc. 771, Ex. 121, Baggett Aff., ¶¶ 16. The document referenced by Ms. Baggett indicates that Plaintiff Bui was "transferred to death row" and then population at Holman on December 7, 2004.  *See id.*; *see also* Doc. 771, Ex. 16, Classification and Movement Records of Quang Bui (filed under seal as exhibit to Defs.' Mem. Supp. Summ. J.) at ADOC038941.  Plaintiff Bui had been on death row, in ADOC custody, since 1986.  *See, e.g.*, Evidentiary Submission in Support of Opposition to Motion for Summary Judgment and Reply for Class Certification ("Evidentiary Submission"), Ex. 92, Institutional File of Quang Bui, at ADOC006087.  In 2004, his death sentence was overturned on appeal and he was resentenced to life without parole. See  Doc. 771, Ex. 16, at ADOC038941.

Another demonstrably incorrect fact is that Plaintiff Businelle has been at Bibb Correctional Facility since December 2014.  Doc. 771, Ex. 121, Baggett Aff., ¶ 19.  Ms. Baggett relies on a document created in July 2014 for this assertion.  *Id.*; *see also* Doc. 771, Ex. 19, Classification and Movement Records of Richard Businelle (filed under seal as exhibit to Defs.' Mem. Supp. Summ. J.) at ADOC038991-ADOC038994.  However, Plaintiff Businelle was transferred to Bullock in early August 2016.  Doc. 734, Ex. 40, Declaration of Richard Businelle, (filed under seal as exhibit to Pls.' Mem. Supp. Class Cert.), at ¶¶ 3-4.  Ms. Baggett states that Plaintiff Businelle was denied parole in May 2016, and that he

2

is serving a prison term.  Doc. 771, Ex. 121, at ¶_.  However, Plaintiff Businelle was released on parole.  Evidentiary Submission, Ex. 93, Email from L. Scott to K. Doniver re scheduling, Sept. 26, 2016.

Further, most of the Classification Inmate Summaries and Inmate Movement Histories on which Ms. Baggett relies were printed on August 20 and 21, 2014. *See, e.g.*, Doc. 771, Exs. 3, 9, 12, 16, 19, 22, 26, 29, 32, 35, 38, 41, 44, 47, 50, 53, 56, 59, 63, 68, 71, 74, 77, 81, 85, 88, 92, 95, 101, 104, 108, 112, 115.[1]  The Inmate Movement Summaries are presumably updated in real time, but Ms. Baggett did not rely on recent iterations or even state that she reviewed the Inmate Movement Summary database.  Doc. 771, Ex. 121, Baggett Aff.  Ms. Baggett also does not claim to have any personal knowledge of the details of each of the Named Plaintiffs' incarceration.  Instead, her knowledge is based on her "familiarity with these business records kept by the ADOC."  *Id.*, at ¶ 2.

Yet Ms. Baggett failed to review or rely on the business records necessary to support many of the statements she made.  Even if the entirety of Ms. Baggett's Affidavit is not struck for unreliability, Ms. Baggett explained the basis for her assertions revealing that she has no basis for all facts presented for any time after August 21, 2014.  All such facts should be struck as unsupported.

---

[1] For Plaintiffs Allen and Sullivan, they were printed on June 24, 2015. Doc. 771, Exs. 6, 98.  For Plaintiff McCoy, the Classification Inmate Summary was printed on August 27, 2014.  *Id.*, Ex. 63.

Additionally, Ms. Baggett lists the Named Plaintiffs' disciplinaries without distinguishing between disciplinaries occurring prior to the time of the printouts and those occurring afterwards. It is, therefore, not feasible to determine whether she actually has seen documentation for the disciplinaries listed in her affidavit. Given the complete lack of the factual support for disciplinaries occurring after August 21, 2014 and Ms. Baggett's failure to state whether the disciplinaries listed occurred before or after that date, all the facts regarding disciplinaries should be struck.

2. **Dr. Robert Greifinger's Declaration Should Be Struck as Irrelevant**

Defendants complain at length in their Opposition to Class Certification that Plaintiffs have "misused" the report of their medical expert, Dr. Robert Greifinger, by citing it in support of their motion for class certification. Doc. 807, Mem. Law Opp. Class Cert., 71-79. They purport to point out this alleged misuse through a declaration from Dr. Greifinger in which he attempts to explain the various ways in which he allegedly did not mean his statements the way they sounded. Doc. 807, Mem. Law Opp. Class Cert., Ex. 152. On the basis of the declaration, Defendants then argue that, to the extent Dr. Greifinger made statements in agreement with those of Plaintiffs' experts, or appeared to find deficiencies in ADOC's medical care system, these statements were merely "conceptual" or "philosophical," and not intended to suggest that he was stating any opinions detrimental to ADOC's

4

position in this case. The declaration also contains a lengthy recitation of what appear to be additional opinions, not expressed in his expert report, concerning the design and operation of quality improvement programs, and ADOC's medication management practices.

Plaintiffs strenuously object to Defendants' post hoc effort to have their expert explain away his statements that were favorable to Plaintiffs' case. Dr. Greifinger submitted a report that was required to set forth his expert opinions in this matter, not to provide an opportunity for conceptual or philosophical musings.

Defendants' cannot simply have their expert modify the opinions expressed in his report, or attempt to retract them, at this juncture. His report says what it says. He has been deposed at length about the contents of his report, and had ample opportunity to qualify anything contained in it if he needed to do so.

The offending citations to Dr. Greifinger's report that are contained in Doc. 736, Plaintiffs' Mem. Law ISO Class Cert., are relatively modest in relation to the consternation they appear to have caused Defendants. At page 18, Plaintiffs' quoted a portion of Dr. Greifinger's report in which he said that while he suspected he would agree that more medical staff "would diminish some of the program deficiencies . . . adding staff cannot be accomplished in facilities that do not have

sufficient physical space for them to perform their duties." See, Doc. 679-6, Greifinger Rep., at 16. Plaintiffs' submit that this statement is self-explanatory.

Plaintiffs next quoted Dr. Greifinger, for the proposition that he agreed training in the provision of primary care is important. Doc. 736, Mem. Law ISO Class Cert., 26. Dr. Greifinger stated that "while it would be preferable" to hire physicians board certified in primary care, training and supervision should be provided if that is not possible. Doc. 679-6, Greifinger Rep., at 16-17. Again, this statement is hardly "conceptual," and speaks for itself.

Next, Plaintiffs' cited Dr. Greifinger's agreement with Dr. Puisis' recommendation for dedicated quality management staff, Doc. 736, Mem. Law ISO Class Cert., and his identification of what he termed "opportunities for improvement" in medication management at six ADOC facilities. *Id.* at 45. See, Doc. 679-6, Greifinger Rep., at 10-11, 18-19. Plaintiffs' pointed to some of Dr. Greifinger's conclusions concerning chronic care at five facilities. Doc. 736, Mem. Law ISO Class Cert., 46. Defendants may wish to quibble with the import of their expert's recommendations or Plaintiffs' characterization of Dr. Greifinger's "opportunities for improvement," but they should not be allowed to do so by having Dr. Greifinger belatedly attempt to embellish the explanations he gave in his report or at his deposition. Finally, Plaintiffs cited Dr. Greifinger's recommendation, at page 25 of his report, that ADOC's medical care provider

6

"develop and implement an infection control plan, . . . including an infection control manager." Doc. 736, Mem. Law ISO Class Cert., at 49.

At this late date, any misgivings on the part of Dr. Greifinger about what he has already stated are appropriately left for trial testimony, should Dr. Greifinger's report survive *Daubert*. Moreover, his equivocations should be considered by the Court in determining whether to permit him to testify at trial. As for the misgivings of Defendants about Dr. Greifinger's statements, they ought to have considered those before offering his report.

Dr. Greifinger's declaration appears to be nothing more than an attempt to revise his opinion. It is improper and should be struck.

### 3. Defendants' Submission of the July 12, 2016 MHM Grievance Policy and Teresa Houser's Description of the Policy Should Be Struck

The MHM grievance policy submitted in support of the motion for summary judgment was approved on July 12, 2016. Doc. 771, Ex. 143, T. Houser Aff., Ex. A. Ms. Houser described the MHM mental health grievance process, which references the grievance process set forth in the policy attached to her affidavit. Doc. 771, Ex. 143, T. Houser Aff., ¶¶ 4-10. A grievance policy created after the filing of the lawsuit is irrelevant. *Smith v. Terry,* 491 Fed. Appx. 81, 83 (11th Cir. Sept. 28, 2012) (per curiam) ("The only facts pertinent to determining whether a

7

prisoner has satisfied the PLRAs exhaustion requirement are those that existed when he filed his original complaint."). Additionally, in March 2016, Defendants requested that there be a "cutoff date" for factual information in this case. Ex. 1, Excerpt of Transcript of Hearing, March 17, 2016, at 90-91. The Court proposed March 1, 2016 as a cutoff date, and the parties agreed. *Id.* at 92. the facts relating to MHM's grievance process should be excluded as arising after March 1, 2016.

### 4. Defendants' Affidavits from Previously Undisclosed Witnesses Should Be Struck

Defendants have submitted affidavits from individuals who were not previously disclosed in support of their Motion for Summary Judgment or Defendants' Opposition to Motion for Class Certification. The individuals who were not properly disclosed as potential witnesses prior to the submission of their affidavits are:

> Angie Baggett
> Patsy Clabo
> Kay Wilson
> Katherine Gibson
> Amy Woods
> Kimberly McCants
> Jacqueline Jones
> Taylor D. McElroy

      Kelly Phillips

      Amber Love

      Nettie Burks

      Darryl Ellis

      Kelly Phillips

      Joy McCracken

      Michelle Sagers-Copeland

The individuals listed above were not named in Defendants' October 10, 2014, Initial Disclosures (*see* Doc. 832-1), nor have they otherwise been adequately identified by Defendants as potential witnesses at any time during the last two years. All of these individuals appear to associated with ADOC or its contracted health care providers, and have been known to Defendants.

The close of discovery in this matter was March 7, 2016. Defendants did not, prior to the end of discovery, indicate that these individuals had information upon which Defendants might rely. Defendants have taken the position in this case that adequate disclosures require a written disclosure of a witness's name and specific listing of what that individual knows. Pursuant to this reading of Rule 26, the above-cited affiants have not been disclosed. To the extent that the Court

//

//

determines that individuals must have been specifically identified in a written disclosure, the above-listed affiants have not been disclosed and their affidavits should be struck.

Dated: October 12, 2016               Respectfully Submitted,

/s/ Maria V. Morris
Maria V. Morris
Attorney for Plaintiffs
Southern Poverty Law Center
400 Washington Avenue
Montgomery, AL 36104

Rhonda Brownstein (ASB-3193-O64R)
Maria V. Morris (ASB-2198-R64M)
Ebony G. Howard (ASB-7247-O76H)
Latasha L. McCrary (ASB-1935-L75M)
Brooke Menschel (ASB-7675-Z61K)
Jaqueline Aranda Osorno (ASB-3296-A17H)
Natalie Lyons (ASB-1108-D63Y)
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481
rhonda.brownstein@splcenter.org
maria.morris@splcenter.org
ebony.howard@splcenter.org
latasha.mccrary@splcenter.org
brooke.menschel@splcenter.org
jaqueline.aranda@splcenter.org
natalie.lyons@splcenter.org

Miriam Haskell* (FL. Bar No. 069033)
SOUTHERN POVERTY LAW CENTER
P.O. Box 370037

Miami, FL 33137
Telephone: (786) 347-2056
Facsimile: (786) 237-2949
miriam.haskell@splcenter.org
\*admitted pro hac vice

Eunice Cho\* (GA. Bar No. 632669)
SOUTHERN POVERTY LAW CENTER
1989 College Avenue NE
Atlanta, GA 30317
Telephone: (404) 221-5842
Facsimile: (404) 221-5857
eunice.cho@splcenter.org
\*admitted pro hac vice

William Van Der Pol, Jr. (ASB-2112-114F)
J. Patrick Hackney (ASB-6971-H51J)
Glenn N. Baxter (ASB-3825-A41G)
Alabama Disabilities Advocacy Program
Box 870395
Tuscaloosa, AL  35487
Telephone: (205) 348-4928
Facsimile: (205) 348-3909
wvanderpoljr@adap.ua.edu
jphackney@adap.ua.edu
gnbaxter@adap.ua.edu

 Lisa W. Borden (ASB-5673-D57L)
 William G. Somerville, III  (ASB-6185-E63W)
 Andrew P. Walsh (ASB-3755-W77W)
 Dennis Nabors
 Patricia Clotfelter (ASB-0841-F43P)
 Baker, Donelson, Bearman, Caldwell & Berkowitz PC
 420 20th Street North, Suite 1400
 Birmingham, AL 35203
 Telephone: (205) 328-0480
 Facsimile: (205) 322-8007
 lborden@bakerdonelson.com
 wsomerville@bakerdonelson.com
 awalsh@bakerdonelson.com
 dnabors@bakerdonelson.com
 pclotfelter@bakerdonelson.com

11

Gregory M. Zarzaur (ASB-0759-E45Z)
Anil A. Mujumdar (ASB-2004-L65M)
Diandra S. Debrosse (ASB-2956-N76D)
Zarzaur Mujumdar & Debrosse
2332 2nd Avenue North
Birmingham, AL 35203
Telephone: (205) 983-7985
Facsimile: (888) 505-0523
gregory@zarzaur.com
anil@zarzaur.com
diandra@zarzaur.com

**ATTORNEYS FOR THE PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 12th day of October, 2016, electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| David R. Boyd, Esq.<br>John G. Smith, Esq.<br>John W. Naramore, Esq.<br>Balch & Bingham LLP<br>Post Office Box 78<br>Montgomery, AL  36101-0078<br>dboyd@balch.com<br>jgsmith@balch.com<br>jnaramore@balch.com | Michael L. Edwards, Esq.<br>Steven C. Corhern, Esq.<br>Christopher F. Heinss, Esq.<br>Jenelle R. Evans, Esq.<br>Balch & Bingham LLP<br>Post Office Box 306<br>Birmingham, AL  35201-0306<br>medwards@balch.com<br>scorhern@balch.com<br>cheinss@balch.com<br>jevans@balch.com |
| William R. Lunsford, Esq.<br>Melissa K. Marler, Esq.<br>Stephen C. Rogers, Esq.<br>Christopher S. Kuffner, Esq.<br>Maynard, Cooper & Gale, P.C.<br>655 Gallatin Street, SW<br>Huntsville, AL 35801<br>blunsford@maynardcooper.com<br>mmarler@maynardcooper.com<br>srogers@maynardcooper.com<br>ckuffner@maynardcooper.com | Mitesh Shah, Esq.<br>Mitchell D. Greggs, Esq.<br>Bryan A. Coleman, Esq.<br>Evan P. Moltz, Esq.<br>Luther M. Dorr, Jr., Esq.<br>Maynard, Cooper & Gale, P.C.<br>1901 6th Avenue North, Suite 2400<br>Birmingham, AL  35203<br>mshah@maynardcooper.com<br>mgreggs@maynardcooper.com<br>bcoleman@maynardcooper.com<br>emoltz@maynardcooper.com<br>rdorr@maynardcooper.com |
| Anne Hill, Esq.<br>Elizabeth A. Sees, Esq.<br>Joseph G. Stewart, Jr., Esq.<br>Alabama Department of Corrections<br>Legal Division<br>301 South Ripley Street<br>Montgomery, AL  36104<br>anne.hill@doc.alabama.gov<br>elizabeth.sees@doc.alabama.gov<br>joseph.stewart@doc.alabama.gov | Deana Johnson, Esq.<br>Brett T. Lane, Esq.<br>MHM Services, Inc.<br>1447 Peachtree Street, N.E., Suite 500<br>Atlanta, GA  30309<br>djohnson@mhm-services.com<br>btlane@mhm-services.com |

/s/ Maria V. Morris
One of the Attorneys for Plaintiffs

13