IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JOSHUA DUNN, et al.,       )<br>                            )<br>    Plaintiffs,            )<br>                            )<br>    v.                      )<br>                            )<br>JEFFERSON S. DUNN, in his   )<br>official capacity as        )<br>Commissioner of             )<br>the Alabama Department of   )<br>Corrections, et al.,        )<br>                            )<br>    Defendants.             ) | CIVIL ACTION NO.<br>  2:14cv601-MHT<br>       (WO) |

PHASE 2 ORDER ON MOTIONS TO STRIKE

It is ORDERED that defendants' motions to strike (doc. nos. 806 & 875) briefs filed by plaintiffs are denied under the conditions set forth below.

Federal Rule of Civil Procedure 12(f), which delineates the general use of a motion to strike, provides as follows: "Upon motion made by a party ... the court may order stricken from any <u>pleading</u> any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  (Emphasis added.) The terms of the rule make clear that "[o]nly material

included in a 'pleading' may be subject of a motion to strike. ... Motion, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."  2 Moore's Fed. Prac. § 12.37[2] (3d ed. 1999).

Therefore, as an initial matter, these motions to strike will be denied as to all non-pleadings--that is, all of the documents at issue in these motions.  See Lowery v. Hoffman, 188 F.R.D. 651 (M.D. Ala. 1999); Fed. R. Civ. P. 7(a) (defining a "pleading"). Defendants' third motion to strike (doc. no. 809) and the sole pending issue in plaintiffs' motion to strike (doc. no. 838) will remain before the court, as they present related issues and will be resolved in a forthcoming opinion.

Nevertheless, in resolving the pending summary-judgment and class-certification motions, the court will consider the denied motions to strike as, instead, notices of objections.  See Norman v. S. Guar. Ins. Co., 191 F. Supp. 2d 1321, 1328 (M.D. Ala. 2002)

(Thompson, J.); <u>Anderson v. Radisson Hotel Corp.</u>, 834 F. Supp. 1364, 1368 n.1 (S.D. Ga. 1993) (Bowen, J.).

The court is capable of sifting evidence, as required by the summary-judgment and class-certification standards, without resort to an exclusionary process. The court will not allow the summary-judgment and class-certification stage to degenerate into a battle of motions to strike. The parties are not to file additional motions to strike in this case unless they comply with the letter of Rule 12(f) and pertain exclusively to "pleadings" within the meaning of Rule 7(a); any non-compliant motions to strike will be summarily denied.

DONE, this the 20th day of October, 2016.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE