IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JOSHUA DUNN, et al.,           )
                               )
    Plaintiffs,                )
                               )         CIVIL ACTION NO.
    v.                         )          2:14cv601-MHT
                               )               (WO)
JEFFERSON S. DUNN, in his      )
official capacity as           )
Commissioner of                )
the Alabama Department of      )
Corrections, et al.,           )
                               )
    Defendants.                )
```

PHASE 2A INDIVIDUAL PLAINTIFFS
SUMMARY JUDGMENT ORDER

In accordance with the opinion entered today, it is the ORDER, JUDGMENT, and DECREE of the court with regard to the Phase 2A part of this case on the individual plaintiffs' claims:

(1) The motion for summary judgment (doc. no. 768) filed by defendants Jefferson Dunn, Commissioner of the Alabama Department of Corrections, and Ruth Naglich, Associate Commissioner of Health Services for the Alabama

>   Department of Corrections, is granted against plaintiffs Richard Businelle, Howard Carter, Robert Dillard, Joshua Dunn, Daletrick Hardy, Kenneth Moncrief, and Richard Terrell, and these plaintiffs are terminated as parties. Summary judgment is granted on the merits of plaintiff Hardy's claim, and plaintiffs Businelle, Carter, Dillard, Dunn, Moncrief, and Terrell's claims are dismissed without prejudice as moot.
>
> (2) The motion is granted as to plaintiff Sylvester Hartley's involuntary-medication due-process claim.  However, plaintiff Hartley is not terminated as a party.
>
> (3) The motion is otherwise denied with respect to the individual plaintiffs' Phase 2A claims.
>
> (4) The mental-health care Eighth Amendment claims of plaintiffs Hartley, Edward Braggs, Christopher Jackson, Brandon Johnson, Roger McCoy, Leviticus Pruitt, Jamie Wallace, and

Robert Myniasha Williams, and the involuntary-medication due-process claims of plaintiffs Quang Bui and McCoy, will proceed to trial.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DONE, this the 25th day of November, 2016.

                                 /s/ Myron H. Thompson
                            UNITED STATES DISTRICT JUDGE