IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:14cv601-MHT |
| | ) | (WO) |
| JEFFERSON S. DUNN, in his | ) | |
| official capacity as | ) | |
| Commissioner of | ) | |
| the Alabama Department of | ) | |
| Corrections, et al., | ) | |
| | ) | |
| Defendants. | ) | |

PHASE 2A CLASS CERTIFICATION ORDER

In accordance with the opinion entered today, it is ORDER, JUDGMENT, and DECREE of the court that:

(1) The motion for class certification (doc. no. 665) filed by the remaining plaintiffs asserting mental-health care Eighth Amendment and involuntary-medication due-process claims is granted in part and denied in part.

(2) The motion is reserved for further

consideration in Phase 2B with respect to the Phase 2B medical-care claims.

(3) Two classes are certified pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2).

(4) A mental-health care Eighth Amendment plaintiff class is defined and certified as consisting of "all persons with a serious mental-health disorder or illness who are now, or will in the future be, subject to defendants' mental-health care policies and practices in ADOC facilities, excluding the 13 work release centers and Tutwiler Prison for Women."

(5) Plaintiffs Edward Braggs, Sylvester Hartley, Christopher Jackson, Brandon Johnson, Roger McCoy, Leviticus Pruitt, Jamie Wallace, and Robert Myniasha Williams are appointed as the representatives of the Eighth Amendment class.

(6) An involuntary-medication procedural due-process plaintiff class is certified as consisting of "all persons with a serious

mental-health disorder or illness who are now, or will in the future be, subject to defendants' formal involuntary-medication policies and practices."

(7) Plaintiff Quang Bui is appointed as the representative of the procedural due-process class.

(8) No class is certified with respect to the involuntary-medication substantive due-process claim brought by plaintiff Bui. He will be allowed to pursue this claim individually.

(9) No class is certified with respect to the involuntary-medication substantive and procedural due-process claim brought by plaintiff McCoy. He will be allowed to pursue this claim individually.

(10) The Southern Poverty Law Center, the Alabama Disabilities Advocacy Program, and the law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz are appointed as class counsel for

both classes under Federal Rule of Civil Procedure 23(g).

DONE, this the 25th day of November, 2016.

                          <u>/s/ Myron H. Thompson</u>
                          **UNITED STATES DISTRICT JUDGE**