# EXHIBIT

# A

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JOSHUA DUNN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFERSON DUNN, in his official capacity as Commissioner of the Alabama Department of Corrections, et al.,<br><br>Defendants. | Civil Action No. 2:14-cv-00601-MHT-TFM |

**PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, by and through undersigned counsel, hereby request that Defendant Alabama Department of Corrections produce the following documents to the offices of Plaintiffs' Counsel Southern Poverty Law Center, 400 Washington Avenue, Montgomery, Alabama, 36104, no later than thirty (30) days of service of this document request.

**DEFINITIONS**

For purposes of this request, the following definitions shall apply:

1. "ADOC" means the Alabama Department of Corrections, as well as all agents, employees, directors, officers, attorneys, any other representatives, any affiliated OR related entities, any predecessors OR successors in interest of any of the foregoing, AND any present OR former officers, directors, OR any PERSONS acting OR purporting to act for OR on the behalf of these entities OR individuals.

2. "COMMUNICATION" means oral COMMUNICATIONS, correspondence, memoranda, reports, records of telephone calls, text messages, records of minutes OR any meetings, emails, social media, AND all other forms of oral OR written expression by which INFORMATION may be conveyed OR maintained.

3. "DESCRIBE" and "DESCRIPTION" means to provide all available INFORMATION.

4. "DOCUMENT" OR "DOCUMENTS" have the same scope used in Rule 34(a)(1) of the Federal Rules of Civil Procedure AND shall encompass every writing OR record of every type AND description AND every tangible thing that is OR has been in the custody OR control of ADOC, to which they have access, OR of which they have knowledge, including but not limited to any COMMUNICATION, correspondence, ELECTRONICALLY STORED INFORMATION, text messages, emails, telegrams, telexes, memoranda OR records of meetings, conferences, telephone OR other COMMUNICATIONS, pamphlets, books, notes, reports, studies, transcripts, newspaper articles, letters, indexes, accounting records of any kind including bank examination reports from state OR federal filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, tapes, photographs, audio recordings, video

recordings, data compilations from which INFORMATION can be obtained OR can be translated into a form reasonably usable, as well as any contracts OR agreements, AND records of every kind AND type, including any INFORMATION formerly OR presently kept by any method of electronic data processing OR magnetic tape storage medium, including the printed output of any such electronic data processing equipment OR magnetically stored INFORMATION.

5. "ELECTRONICALLY STORED INFORMATION" OR "ESI" refers to specific types of electronic DOCUMENTS AND includes, without limitation, any AND all files OR INFORMATION from any personal computer, notebook, laptop, tablet, phone, OR palm-top computer, file server, minicomputer, main-frame computer, OR other storage device OR medium, including, but not limited to hard disk drives, thumb drives, cloud, OR backup OR archival medium (whether stored onsite OR at an off-site storage facility). This definition encompasses all forms AND manifestations of electronically stored AND/OR retrieved electronic INFORMATION, including, but not limited to, email, databases, text messages, websites, social media AND customer relation management systems. All responsive files that are still on the storage media, regardless of whether they are identified as "erased" OR "erased but recoverable," are to be included.

6. "HEALTH CARE" means the provision of care, including adequate diet, to address the medical, dental, or mental health needs of a PRISONER, whether those needs arise as a result of injury, illness, disease, or other trauma, or care provided for diagnostic OR preventative purposes.

7. "INFORMATION" means any knowledge YOU have, any evidence of any type, any facts of which YOU are aware, AND any inferences OR speculation of which YOU are

aware, all regardless of the source. When INFORMATION YOU provide is based solely on inference OR speculation, specifically so state in YOUR response. When providing INFORMATION, provide the names of involved individuals, actions relevant to the requested INFORMATION, dates and times when known, locations, AND any other knowledge YOU have about the subject of the request.

8. "PERSON" or "PERSONS" mean the plural as well as the singular AND includes any natural PERSON, alive OR deceased, any firm, partnership, joint venture, joint stock company, unincorporated association OR society, municipal OR other corporation, any city, state, its agencies OR political subdivisions, any court, the Federal Government, any other government entity, OR any form of legal entity.

9. "PRISONER" or "PRISONERS" mean an individual or individuals in the custody of ADOC.

10. "REGARDING" or "RELATING TO" means referring to, involving, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, referencing, OR bearing upon.

11. "RESPONSE DATE" means the date upon which YOU respond to this subpoena, OR if YOU amend OR supplement YOUR response, the date of YOUR amendment OR supplement.

12. "YOU," "YOUR," and "YOURSELF" means the plural as well as the singular AND includes the responding party as well as all agents, employees, directors, officers, attorneys, any other representatives, predecessors, OR successors.

13. The words "AND" and "OR" are intended to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

14. The singular form shall be deemed to apply to the plural where applicable, AND vice versa.

## INSTRUCTIONS

1. *Manner of Responding:* In responding to these DOCUMENT requests, YOU should furnish such INFORMATION that is known OR available to YOU, regardless of whether this INFORMATION is obtained directly by YOU, at YOUR direction, OR obtained by any of YOUR attorneys OR other agents OR representatives. YOUR written response shall state, with respect to each item OR category, that inspection AND related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item OR category, the part shall be specified. If YOUR answers are qualified in any manner, state the nature of qualification.

2. *In Case of Ambiguity.* If you object that a result is vague OR ambiguous, IDENTIFY the objectionable aspect of the request AND set forth the construction used in responding.

3. *Manner of Producing.*

(a) One legible copy of each non-identical DOCUMENT requested is to be produced. Any copy of a DOCUMENT that varies in any way whatever from the original OR from any other copy of the DOCUMENT, whether by reason of handwritten OR other notation OR any omission, shall constitute a separate DOCUMENT AND must be produced. PLAINTIFFS reserve the right to inspect the original of any DOCUMENT produced upon reasonable request.

(b) ALL DOCUMENTS produced in response to an individual request shall be physically segregated from DOCUMENTS produced in response to any other requests, AND the request to which they are responsive shall be specifically identified. If a DOCUMENT is

responsive to more than one request, each of the requests to which the DOCUMENT is responsive shall be specifically identified.

(c) In producing the DOCUMENTS, ALL DOCUMENTS which are physically attached to each other shall be left so attached. DOCUMENTS which are segregated OR separated from other DOCUMENTS, whether by inclusion in folders, sub-folders, binders, files, sub-files, OR by use of dividers, tabs, OR other methods, shall be left so segregated OR separated. If the folders, sub-folders, binders, files, sub-files, dividers, tabs OR other method of segregating OR separating documents bears a name OR label, such name OR label shall also be produced with the DOCUMENTS. DOCUMENTS shall be retained in the order in which they are maintained in the file where they are found.

(d) In producing ELECTRONICALLY STORED INFORMATION, ALL DOCUMENTS shall be produced in format in which they are kept in the ordinary course of business. For example, DOCUMENTS maintained in Excel shall be produced in Excel. If DOCUMENTS are maintained in proprietary software, they shall be produced in a reasonably usable format agreed upon by the parties prior to production.

4. *Possession, Custody, Control.* These requests seek DOCUMENTS within YOUR possession, custody, OR control. Where DOCUMENTS OR things in the possession, custody, OR control of any individual, firm, corporation, OR partnership are requested, such request also pertains to DOCUMENTS in the possession, custody, OR control of employees, agents, guardians, partners, representatives, AND – unless privileged OR protected – attorneys of such individuals, firms, corporations, OR partnerships.

5. *Objections.* If YOU contend that YOU are entitled to withhold from production any DOCUMENT identified in response to these requests on the basis of privilege OR other

grounds, then YOU are required to supply the following information in YOUR response with respect to each AND every such DOCUMENT:

(a) DESCRIBE the nature of the DOCUMENT (e.g., letter OR memorandum);

(b) State the date of the DOCUMENT;

(c) Identify the PERSONS who sent AND received the original AND a copy of the DOCUMENT;

(d) Identify the relationship of PERSONS who sent AND received the original AND a copy of the DOCUMENT;

(e) State the subject matter of the DOCUMENT;

(f) State the basis upon which YOU contend YOU are entitled to withhold the DOCUMENT from production.

6. *Segregable Portions of Privileged DOCUMENTS.* IDENTIFY AND produce ALL segregable portions of any responsive DOCUMENT to which a claim of privilege, attorney work product, OR other basis for withholding the DOCUMENT does not apply. If a request cannot be responded to in full, YOU shall respond to the extent possible, specify the reason for YOUR inability to respond to the remainder, AND state whatever INFORMATION or knowledge or DOCUMENTS YOU have REGARDING the portion to which YOU have not responded.

7. *Lost OR Destroyed DOCUMENTS.* If any DOCUMENTS herein has been lost, discarded, OR destroyed, please furnish a list identifying each such DOCUMENT as completely as possible including, without limitation, the following information: its author AND addressee, each PERSON to whom copies of the DOCUMENT were furnished OR to whom the contents

thereof were communicated, a summary of the substance of the DOCUMENT, the date that the DOCUMENT was created, the date that the DOCUMENT was communicated to the addressee, the date (OR approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the PERSON authorizing its disposal, AND the PERSON disposing of the DOCUMENT.

8. *Burdensomeness.* If a refusal to produce DOCUMENTS is stated on the ground of burdensomeness, IDENTIFY the number AND nature of DOCUMENTS that must be searched to locate the requested DOCUMENTS, AND the number of PERSON hours AND costs required to conduct the search.

9. These requests shall be deemed continuing in nature in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Supplemental responses are required if additional responsive information is acquired OR discovered between the time of responding to this request and the time of trial.

10. Unless otherwise specified, the **relevant time period**, and the period for which YOU are required to provide responsive DOCUMENTS, is from and including **January 1, 2012 up to and including the RESPONSE DATE.**

## DOCUMENTS REQUESTED

122. All DOCUMENTS AND COMMUNICATIONS RELATING TO any investigation of ADOC facilities by the United States Department of Justice ("DOJ"), Civil Rights Division, that was initiated by DOJ between January 1, 2010 to the RESPONSE DATE, pursuant to the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997.

123. All court orders issued against YOU by any State of Alabama OR federal court REGARDING HEALTH CARE SERVICES in ADOC facilities OR seeking HEALTH CARE on behalf of individual PRISONERS.

124. Any responses by YOU to any court orders issued by a State of Alabama OR federal court REGARDING HEALTH CARE SERVICES in ADOC facilities OR seeking HEALTH CARE on behalf of individual PRISONERS.

125. All DOCUMENTS AND COMMUNICATIONS REGARDING court orders issued against YOU by any State of Alabama OR federal court REGARDING HEALTH CARE SERVICES in ADOC facilities OR seeking HEALTH CARE on behalf of individual PRISONERS.

126. All DOCUMENTS AND COMMUNICATIONS REGARDING YOUR responses to any court orders issued by a State of Alabama OR federal court REGARDING HEALTH CARE SERVICES in ADOC facilities OR seeking HEALTH CARE on behalf of individual PRISONERS.

127. All DOCUMENTS AND COMMUNICATIONS REGARDING any HEALTH CARE staffing requirements, including but not limited to analyses of the services provided by HEALTH CARE STAFF.

128. DOCUMENTS sufficient to identify the ADA Coordinators at every ADOC facility.

129. All staffing analysis, staffing models, staffing plans, custody staffing models, AND/OR authorized custody staffing models OR plans effective, at each ADOC facility, between January 1, 2010 and present.

130. All DOCUMENTS RELATING TO security audits AND follow-up reports, conducted in accordance with ADOC Administrative Regulation 322, at each ADOC facility.

131. All DOCUMENTS RELATING TO programming opportunities for PRISONERS held in administrative segregation at each ADOC facility, including but not limited to descriptions of programs, roster AND participation logs for PRISONERS in administrative segregation.

132. All DOCUMENTS RELATING TO programming opportunities REGARDING mental health treatment (as described in ADOC Administrative Regulation 636), other than those DOCUMENTS related to medication administration.

133. DOCUMENTS SUFFICIENT determine the square footage AND layout of each cell within in each ADOC facility.

134. DOCUMENTS sufficient to determine the per person square footage AND layout of each dormitory in each ADOC facility.

135. All completed incident REPORTS RELATING TO violent behaviors, including but not limited to self-harm, assault, battery, beating, cutting, stabbing, punching AND/OR murder.

136. All DOCUMENTS RELATING TO incidents reported AND/OR investigated pursuant to the Prison Rape Elimination Act (PREA), including but not limited to rape, sexual assault, OR sexual harassment.

137. All DOCUMENTS RELATED TO external health OR safety inspections conducted at ADOC facilities, including but not limited to inspections by the Occupational Safety and Health Administration (OSHA) OR local and state health departments.

Respectfully submitted this 8th day of April, 2015.

/s/ Maria V. Morris

Maria V. Morris (ASB-2198-R64M)
Southern Poverty Law Center
400 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 956-8200
Fax: (334) 956-8481
Email: maria.morris@splcenter.org
***Attorney for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 8th day of April, 2015, served a copy of the foregoing through e-mail and first class U.S. mail to all counsel of record, including the following opposing counsel:

David Randall Boyd, Esq.
John Garland Smith, Esq.
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL 36101

Michael Leon Edwards, Esq.
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201

Susan Nettles Han, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203

William Richard Lunsford, Esq.
Maynard Cooper & Gale PC
655 Gallatin Street
Huntsville, AL 35801

Anne Hill, Esq.
Elizabeth Anne Sees, Esq.
Alabama Department of Corrections
Legal Division
301 South Ripley Street
Montgomery, AL 36130

Mitesh Shah, Esq.
Janine McKinnon McAdory, Esq.
Maynard, Cooper & Gale, PC
1901 6th Avenue North, Suite 2400
Birmingham, AL 35203

