```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

          MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


EDWARD BRAGGS, et al.,         )
                               )
    Plaintiffs,                )
                               )      CIVIL ACTION NO.
    v.                         )       2:14cv601-MHT
                               )           (WO)
JEFFERSON S. DUNN, in his      )
official capacity as           )
Commissioner of                )
the Alabama Department of      )
Corrections, et al.,           )
                               )
    Defendants.                )
```

## PHASE 2A OPINION AND ORDER PRELIMINARILY APPROVING ADA MENTAL HEALTH SETTLEMENT AGREEMENT

Pursuant to Federal Rule of Civil Procedure 23(e), the parties jointly move the court to grant preliminary approval to their proposed ADA mental health settlement agreement in Phase 2A of this litigation; to approve the form of notice to class members of the proposed settlement agreement (attached as Exhibit A); to approve the form for objecting to or commenting on the proposed settlement agreement (attached as Exhibit B); and to approve the process for distributing these

documents and collecting comments, as further set out below. Based on the entire record before the court, the court finds as follows:

First, the court finds that the proposed settlement agreement should be preliminarily approved, that notice should be provided to interested parties, and that a fairness hearing should be conducted.

The court further finds it appropriate to provisionally certify a Rule 23(b)(2) injunctive-relief settlement class composed of "any current or future inmate in the physical custody of the Alabama Department of Corrections who has a disability as defined in 42 U.S.C. § 12012 and 29 U.S.C. § 705(9)(B) relating to or arising from mental disease, illness, or defect." For reasons to be articulated in a final decision regarding whether to approve the settlement, the court preliminarily finds that the settlement class meets the requirements of Rule 23(a)--numerosity, commonality, typicality, and adequacy of representation--as well as the requirement of Rule

23(b)(2) that the issues involved "apply generally to the class," such that "relief is appropriate respecting the class as a whole." The court preliminarily finds that plaintiffs' counsel in this case can capably serve as and should be appointed class counsel, based on the factors outlined in Rule 23(g).

Finally, the court finds that the notice and comment forms attached as exhibits to this order, and the process for distributing and collecting these forms outlined below, constitute sufficient notice of and--together with the fairness hearing described below--opportunity to be heard on the proposed settlement agreement, as is required by due process and Rule 23(e).

It is therefore ORDERED that the joint motions for preliminary approval (doc. nos. 1175 and 1197) are granted as follows:

    1. The proposed settlement agreement (doc. no. 1100) is preliminarily approved; final approval will be subject to a hearing and review by this

   court of any objections to or comments about the agreement's terms submitted by class members, and to the court's resolution of certain outstanding issues identified in open court at a hearing held on February 16, 2017, and set for briefing below.

2. An injunctive-relief settlement class, defined as "any current or future inmate in the physical custody of the Alabama Department of Corrections who has a disability as defined in 42 U.S.C. § 12012 and 29 U.S.C. § 705(9)(B) relating to or arising from mental disease, illness, or defect," is provisionally certified under Federal Rule of Civil Procedure 23(a) and (b)(2).

3. The Southern Poverty Law Center, the Alabama Disabilities Advocacy Program, and Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, are appointed as class counsel to represent the settlement class under Rule 23(g).

4. The Alabama Department of Corrections (ADOC) is to provide notice of the proposed settlement agreement as outlined below by March 6, 2017, and to collect comments from class members as further outlined below by the submission deadline of April 5, 2017.

   a. As a preliminary matter, the proposed settlement agreement (doc. no. 1100) and notice and comment forms (Exhibits A and B) are to be translated into Spanish, and printed in both Braille and large print, and these alternative format documents are to be distributed to each ADOC facility prior to March 6, 2017. Although documents need not be posted in any alternative format, any individual inmate known to or believed by correctional officers to read only Spanish or to be vision-impaired must be provided individual copies of both the notice and

comment forms in an appropriate alternative format, and must be provided the agreement itself in an appropriate alternative format upon request. As to an inmate who is illiterate or partially illiterate or reads only Spanish or is vision-impaired and has difficulty reading any of the different format documents or has difficulty writing, if that inmate requests that the forms or the agreement itself be read to him or her, or requests assistance in completing a comment form, this request must be promptly accommodated by ADOC.

b. Copies of the proposed settlement agreement are to be made available for inmates to review in the law library of each ADOC prison or work-release facility or, for facilities that have no law library, in the area where information for

inmates is made available. At least one copy is to be made available per 100 inmates housed in any particular facility.

c. A copy (including an alternative format copy, as appropriate) of the proposed settlement agreement is to be provided promptly upon request to any inmate who is not authorized or able to access the law library or other area where copies of the agreement are being made available.

d. For inmates housed in dorms at ADOC's prison or work-release facilities, the notice form is to be posted in each of the libraries and dorms of these facilities, wherever information for inmates is ordinarily posted. Sufficient copies of the comment form are to be made available to inmates housed in dorms in their facilities' libraries and in their shift commanders' offices.

e. Any inmate whose housing assignment is other than a dorm is to be provided, by hand delivery: (1) a copy of the notice form, (2) a copy of the comment form, and (3) a letter-sized envelope. A correctional officer employed by ADOC is to distribute these papers. ADOC is to maintain a roster that indicates, by name and AIS number, each inmate to whom these forms have been distributed. Inmates are to sign this roster upon receipt of the forms; in the event that an inmate refuses to sign or rejects the forms, the distributing officer is to note this on the roster.

f. ADOC is to inform all inmates of the notice and opportunity to object or comment by means of a weekly oral announcement, to be made during morning count each Monday of the comment period,

as follows: "Attention. There is a proposed settlement of the Braggs v. Dunn Americans with Disabilities Act lawsuit that affects all inmates. You have until April 5, 2017, to provide written comments about that settlement. You can review the proposed settlement agreement in the law library [for facilities that have no law library, specify alternate location]. If you are not able to access the law library [for facilities that have no law library, specify alternate location], a copy of the agreement will be provided to you if you request one from a correctional officer. By April 5, 2017, you should place all written comments in the ADA Settlement Comment Box, located next to the inmate request slip box. If you need a copy of the comment form, you can get one from the correctional officer supervising your

9

      living area or from the law library. If you cannot access the ADA Settlement Comment Box, you should ask a correctional officer to have your comment form collected and placed in the comment box."

g. At each ADOC prison or work-release facility, a secured box clearly labeled "ADA Settlement Comment Box" is to be placed adjacent to the box where inmate request slips are collected. This box may be a securely taped cardboard box, and must be of sufficient size to accommodate all comment forms that are submitted. This box is to be used exclusively for the collection of comment forms.

h. Inmates who are allowed to move around within a facility are to be allowed to place their comment forms in the designated comment box. Comment forms are to be collected from those inmates who do

10

not have freedom of movement within a facility as follows, with records of the inmates from whom forms have been collected to be maintained on rosters by those responsible for the collection:

  i. In segregation units, the forms are to be collected by members of the Institutional Segregation Review Board during normal rounds and deposited in the comment box.

  ii. In mental-health units and stabilization units, the forms are to be collected by the Captains who are responsible for those units and deposited in the comment box.

  iii. In segregation units or holding units at work-release facilities, the forms are to be collected by the Wardens of those facilities and deposited in the comment box.

i. The Warden of each ADOC facility is to certify in writing that the facility has complied with the above requirements regarding the provision of notice and the collection of forms, and that all comment boxes have been transmitted to ADOC's general counsel as required below.

j. On the 20th day of the comment period, the Warden at each facility is to transmit to the office of ADOC's general counsel the comment box(es) at the facility, and immediately replace the comment box(es) with a box or boxes of the same design and labeling as the box replaced. At the end of the final day of the comment period, the Warden at each facility is to transmit the replacement comment box(es) to the office of ADOC's general counsel.

k. After each set of comment boxes is received by ADOC's general counsel,

counsel for ADOC will promptly arrange with class counsel a time for the parties to meet at the headquarters of defendant Alabama Department of Corrections in Montgomery, Alabama, in order to confirm that comment boxes from all ADOC facilities have been received and to open those boxes.  A representative of the clerk of court for the Middle District of Alabama will be in attendance when the boxes are opened and will personally transport all contents of the boxes to the courthouse for processing pursuant to Section 4(l).

l. Each of these two sets of comments is to be scanned by the clerk of court and docketed as a single filing.  At the same time as these comments are docketed, comments received by the clerk of court by mail by that date are also to be compiled

and docketed. Finally, on April 21, 2017, any additional comments received by the clerk of court by mail are to be compiled and docketed. The clerk of court is to retain the original copies of all comments, whether submitted to comment boxes or by mail.

  i. To be clear, five compilations of comments are to be docketed and marked as follows:
     1. First round of comments submitted to comment boxes.
     2. First round of comments submitted by mail.
     3. Second round of comments submitted to comment boxes.
     4. Second round of comments submitted by mail.
     5. Third round of comments submitted by mail.

5. By no later than May 1, 2017, the parties are to confirm in written filings with the court the following agreement, stipulated to during a hearing held in open court on February 16, 2017:  This Agreement does not represent a settlement of all potential current and future claims that prisoners may bring under the ADA or Rehabilitation Acts.

6. By no later than May 1, 2017, the parties are to file pre-hearing briefs, both summarizing by topic and responding to the objections to and comments on the proposed settlement agreement that have been submitted by class members. These briefs must include citations to the page numbers on which any referenced objections or comments appear in the docketed compilations of responses.

7. By no later than May 1, 2017, the Alabama Disabilities Advocacy Program (ADAP) will file a brief concerning the reasonableness of the

15

proposed settlement agreement, which will include one or more expert opinions addressing the adequacy of the settlement.

8. A fairness hearing is set for 10:00 a.m. on June 2, 2017, in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.  At this hearing, counsel for both parties must be prepared to respond to the objections and comments made by class members, as well as to the court's concerns as outlined above.

9. After receiving objections and comments from class members, the court will determine from whom it intends to hear oral testimony.  This testimony will be heard by videoconference from various ADOC facilities.

   a. By no later than May 5, 2017, the parties are to file with the court their suggestions as to which inmates the court should hear testify. The parties are to

    consult with the clerk of court about and file under seal a joint proposal as to arrangements for videoconferencing.

b. By no later than May 10, 2017, the court will inform the parties which class members will testify, and which dates during the week of May 30, 2017, the court will hear testimony.

c. By no later than May 12, 2016, the parties are to file a list of which class members will testify from which facilities.

DONE, this the 22nd day of February, 2017.

                                /s/ Myron H. Thompson
                            **UNITED STATES DISTRICT JUDGE**