IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:14cv601-MHT |
| | ) | (WO) |
| JEFFERSON S. DUNN, in his | ) | |
| official capacity as | ) | |
| Commissioner of | ) | |
| the Alabama Department of | ) | |
| Corrections, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PHASE 2A OPINION AND ORDER PRELIMINARILY APPROVING INVOLUNTARY MEDICATION SETTLEMENT AGREEMENT**

Pursuant to Federal Rule of Civil Procedure 23(e), the parties jointly move the court to grant preliminary approval of their proposed Involuntary Medication Settlement Agreement in Phase 2A of this litigation; to approve the form of notice to class members of the proposed settlement agreement ("notice form") (attached as Exhibit A); to approve the form for objecting to or commenting on the proposed settlement agreement ("comment form") (attached as Exhibit B); and to

approve the process for providing notice and collecting comments from interested parties, as further set out below. Based on the entire record before the court, the court finds as follows:

First, the court finds that the proposed settlement agreement should be preliminarily approved, that notice should be provided to interested parties, and that a fairness hearing should be conducted.

The court further finds it appropriate to provisionally certify a Rule 23(b)(2) injunctive-relief settlement class composed of "all persons with a serious mental health disorder or illness who are now, or will in the future be subject to defendants' formal involuntary medication policies and practices." For reasons to be articulated in a final decision regarding whether to approve the settlement, the court preliminarily finds that the settlement class meets the requirements of Rule 23(a)--numerosity, commonality, typicality, and adequacy of representation--as well as the requirement of Rule 23(b)(2) that the issues

involved "apply generally to the class," such that "relief is appropriate respecting the class as a whole." The court preliminarily finds that plaintiffs' counsel in this case can capably serve as and should be appointed class counsel, based on the factors outlined in Rule 23(g).

Finally, the court finds that the notice and comment forms attached as exhibits to this order, and that the process for distributing and collecting these forms outlined below, constitute sufficient notice of and--together with the fairness hearing described below--opportunity to be heard on the proposed settlement agreement, as is required by due process and Rule 23(e).

It is therefore ORDERED that the joint motion for preliminary approval and notice of proposed settlement (doc. nos. 1248) is granted as follows:

1. The proposed settlement agreement (doc. no. 1248-1) is preliminarily approved; final approval will be subject to a hearing and

review by this court of any objections to or comments about the agreement's terms submitted by class members, and to the court's resolution of certain outstanding issues identified in a telephone conference held on May 9, 2017, and set for briefing below.

2. An injunctive-relief settlement class, defined as "all persons with a serious mental health disorder or illness who are now, or will in the future be subject to defendants' formal involuntary medication policies and practices" is provisionally certified under Federal Rule of Civil Procedure 23(a) and 23(b)(2).

3. The Southern Poverty Law Center, the Alabama Disabilities Advocacy Program, and Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, are appointed as class counsel to represent the settlement class under Rule 23(g).

4. The Alabama Department of Corrections (ADOC) is to provide notice of the proposed settlement

agreement as outlined below by June 2, 2017, and to collect comments from class members as further outlined below by the submission deadline of July 17, 2017 (referred to herein as the "comment period").

   a. As a preliminary matter, the proposed settlement agreement (doc. no. 1248-1) and notice and comment forms (Exhibits A and B) are to be translated into Spanish, and printed in both Braille and large print, and these alternative format documents are to be distributed to each ADOC facility prior to June 2, 2017. Although posted documents need not be provided in any alternative format, any individual inmate with mental illness known to or believed to read only Spanish or to be vision-impaired must be provided individual copies of both the notice and comment forms in an appropriate

alternative format, and must be provided the agreement itself in an appropriate alternative format upon request. As to an inmate with mental illness who is illiterate or partially illiterate as to English or reads only Spanish or is vision-impaired and has difficulty reading any of the different format documents or has difficulty writing, if that inmate requests that the forms or the agreement itself be read to him or her, or requests assistance in completing a comment form, this request must be promptly accommodated by ADOC.

b. For the duration of the comment period, copies of the proposed settlement agreement are to be made available for inmates to review in the law library of each ADOC prison or work-release facility or, for facilities that have no law

library, in the area where information for inmates is made available. At least one copy is to be made available per 250 inmates housed in any particular facility.

c. A copy (including an alternative format copy, as appropriate) of the proposed settlement agreement is to be provided promptly upon request to any inmate who is not authorized or able to access the law library or other area where copies of the agreement are being made available.

d. Copies of the notice form are to be made available for inmates to review in the dining areas and mental health office waiting areas of every major facility for the duration of the comment period.

e. For inmates housed in Restricted Housing Units and infirmaries, the notice form is to be posted next to the shower area, and shall be delivered by hand to every inmate

**housed in a restrictive housing unit who is on the mental health caseload on or before June 2, 2017.**

f. **The notice form shall be posted for the duration of the comment period in each living unit in the Open Residential Treatment Units (RTU) at Tutwiler, Bullock, and Donaldson.**

g. **The notice form, a copy of the comment form, and a pre-addressed envelope bearing the identifier "<u>LEGAL MAIL</u>" shall be distributed by hand to every inmate housed in an Intensive Stabilization Unit, Closed RTU, Semi-Open RTU, or in a crisis cell on or before June 2, 2017. A correctional officer employed by ADOC is to distribute these papers. ADOC is to maintain a roster that indicates, by name and AIS number, each inmate to whom these forms have been distributed. Inmates are to**

sign this roster upon receipt of the forms; in the event that an inmate refuses to sign or rejects the forms, the distributing officer is to note this on the roster.

h. The comment form shall be distributed with the notice form to all inmates receiving the notice form by hand delivery. It shall be provided on request to all other inmates by the mental health staff and shall be available in the mental health offices of the major facilities.

i. A mailed submission of the comment form by any inmate shall not count towards the current monthly limitation of two (2) legal mail items per inmate, nor shall postage be charged to the inmate.

j. ADOC will reasonably cooperate in making arrangements to provide class members the

opportunity to meet with class counsel during the week of July 31, 2017.
   k. Comments received by the clerk of court which are mailed on or before July 17, 2017 are compiled and docketed in a single docket entry. The clerk of court is to retain the original copies of all comments.
5. By no later than August 7, 2017, the parties shall file briefs with the court addressing the following issues: (1) whether the revised Administrative Regulation 621 creates an avenue for judicial review of an adverse involuntary medication order, *see*, *e.g.*, Washington v. Harper, 494 U.S. 210, 235 (1990) (finding no violation of procedural due process where prisoner could obtain judicial review of an involuntary medication order and where process created sufficient record to allow for review); (2) if the regulation does create an avenue for

judicial review, how it does so; (3) if it does not create an avenue for judicial review, why it does not do so.

6. By no later than August 7, 2017, the parties are to file pre-hearing briefs, both summarizing by topic and responding to the objections to and comments on the proposed settlement agreement that have been submitted by class members. These briefs must include citations to the page numbers on which any referenced objections or comments appear in the docketed compilations of comments.

7. A fairness hearing is set for 10:00 a.m. on August 23, 2017, in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama. At this hearing, counsel for both parties must be prepared to respond to the objections and comments made by class members,

11

as well as to the court's concerns as outlined above.

8. After receiving objections and comments from class members, the court will determine from whom it intends to hear oral testimony. This testimony will be heard by videoconference from various ADOC facilities.

   a. By no later than August 9, 2017, the parties are to file with the court their suggestions as to which inmates the court should hear testimony. The parties are to consult with the clerk of court and file under seal a joint proposal as to arrangements for videoconferencing.

   b. By no later than August 11, 2017, the court will inform the parties which class members the court would like to hear testimony, and which dates during the week of August 21, 2017, the court will hear testimony.

      c. By no later than August 16, 2016, the parties are to file a list of which class members are willing to testify and from which facilities.

**DONE, this the 11th day of May, 2017.**

                                  /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**