# Notice of Proposed Class Action Settlement
# About Involuntary Medication

In *Braggs v. Dunn*, the Plaintiffs allege that the ADOC violates due process in its hearings to determine if it can give a prisoner psychiatric medications against his or her will. The Court found that there is a class of ADOC inmates who have been, or in the future will be, involuntarily medicated. The lawyers for the class and the ADOC have reached a proposed agreement to settle that due process claim. The main terms are:

The ADOC will revise and follow its regulation, A.R. 621, regarding involuntary medication. Some of the revisions include:

- The policy prohibits threats or use of force or disciplinary actions to coerce or intimidate a person into accepting medication that he or she otherwise wouldn't have;

- The Involuntary Medication Committee cannot include anyone who has, in the previous 6 months, regularly provided treatment, group or individual counseling, medication or medication management to the person going through the involuntary medication hearing. The same limits apply to the persons reviewing the appeal of a decision of the Involuntary Medication Committee.

- The person going through the involuntary medication hearing will have an advisor who is independent and knowledgeable about mental health care.

- The revised Administrative Regulation No. 621 will require that each person receive specific information about why he or she is being considered for involuntary medication.

- The revised Administrative Regulation No. 621 will require that each person receive specific information about the involuntary medication process, including information about the patient's rights in that process.

- A person in ADOC custody cannot be involuntarily medicated without a determination that it is in his or her best medical interest.

- If a person in ADOC custody is being considered for involuntary medication based in part on events in the past, the Involuntary Medication Committee must document the reasons why it considers those events to be evidence of current risk of harm.

- The person going through the involuntary medication hearing cannot be removed from the hearing unless he or she has been given repeated warnings but continues to interrupt the hearing.

- A person who is going through the involuntary medication hearing has a right to testify on his or her own behalf, to call witnesses so long as the testimony is not repetitive or redundant, and has a right to confront and cross examine witnesses presented by ADOC in support of the request for involuntary medication.

- A person who has been involuntarily medicated for 270 days will be given a 30-day break to determine whether there is a continued need for the involuntary medication order.

The Alabama Disabilities Advocacy Program ("ADAP") will monitor the implementation of the revised regulation through a review of documents relating to the involuntary medication hearing process. The monitoring will continue for two years.

The lawyers for the Plaintiffs will be paid a total of $230,000 for attorneys' fees and expenses from the lawsuit and for the monitoring work.

The settlement agreement and the revised Administrative Regulation are available in the law library of each major prison in Alabama. There will be a fairness hearing on August 24, 2017 to determine whether the settlement is fair to all parties. If you want to comment on or object to the settlement, please fill out a comment form and submit it according to the instructions on the response form.

If you have any questions about any information in this notice, or if you want a copy of the proposed settlement agreement, you may write or call the following offices of Class Counsel:

**William Van Der Pol, Jr.**
ADAP
Box 870395
Tuscaloosa, Alabama
35487
(205) 348-4928

**Involuntary Medication Settlement Questions**
SPLC
400 Washington Avenue
Montgomery, Alabama 36104
(334) 956-8352