# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JOSHUA DUNN, *et al.*, | ) |
| | ) |
|    Plaintiffs, | ) |
| | )    Civil Action Number: |
| v. | ) |
| | )    2:14-cv-00601-MHT-TFM |
| JEFFERSON DUNN, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

### PLAINTIFFS' MOTION IN SUPPORT OF AN AWARD OF THE AGREED UPON COSTS AND ATTORNEYS' FEES IN THE PHASE 2 ADA SETTLEMENT AGREEMENT (DOC. 1100)

COME NOW, Counsel for Plaintiffs pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a, and Fed. R. Civ. P. 23(h) and move this Honorable Court to award counsel for Plaintiffs the agreed upon costs and attorneys' fees incurred to resolve the Phase 2 ADA claims in the above-captioned case as detailed in the Settlement Agreement Concerning Mental Health Claims Arising Under the Americans With Disabilities Act and § 504 of the Rehabilitation Act of 1973 ("Settlement Agreement"). (Doc. 1100) Counsel for Plaintiffs believe the amount agreed upon as payment of attorneys' fees and costs is reasonable.  In support of this motion, counsel for Plaintiffs state as follows:

    **I.**    **RELEVANT PROCEDURAL HISTORY**

Plaintiffs, on behalf of themselves and the other approximately 27,000 prisoners in the custody of Defendant Alabama Department of Corrections ("ADOC"), filed the present case in June 2014. (Doc. 1) The initial, and subsequently amended complaints, allege systemic failures by Defendants to provide constitutionally adequate mental health and medical care for prisoners in the custody of Defendant ADOC and violations by the ADOC of the Americans With Disabilities Act and § 504 of the Rehabilitation Act of 1973 (collectively the "Acts"). (Docs. 1, 45, 99, 210, 611, and 805)  This case was bifurcated into two (2) phases for the administrative convenience of the Court and the Parties. (Doc. 239) Under this initial division, Phase 1 involved ADA claims alleging discrimination on the basis of and non-accommodation of physical disabilities, and  Phase 2 involved constitutional claims relating to medical care, mental healthcare,  and ADA claims alleging discrimination on the basis of and non-accommodation of mental health disabilities.[1] The Phase 2 portion of the case was subsequently bifurcated into two (2) sub-phases by agreement of the Parties as set forth in the entry of the Court's September 19, 2016 order. (Doc. 748) The court designated Phase 2A of the case to address the Plaintiffs' mental health claims and Phase 2B of the case to address the Plaintiffs' medical and dental claims.

---

[1] The portion of the ADA claim relating to prisoners whose disabilities relate solely to mental disease, defect or illness was carved out of the Phase 1 settlement. Dunn, __ F.R.D. __, 2016 WL 4718216 at *2.

2

The Parties submitted a detailed proposed settlement agreement regarding the Phase 1 claims to the Court in May 2016. (Doc. 518)  Following preliminary approval, a notice period, and three fairness hearings, the court subsequently granted final approval of the Phase 1 settlement on September 9, 2016 and contemporaneously entered a consent decree governing Phase 1 of the case. *Dunn v. Dunn*, __ F.R.D. __, 2:14cv601-MHT, 2016 WL 4718216 (M.D. Ala., Sept. 9, 2016).

Throughout the pendency of the instant matter Plaintiffs' counsel have litigated vigorously the Phase 2 ADA claims and have devoted numerous hours to the prosecution of those claims.  Counsel for Plaintiffs have expended 918 hours of attorney time litigating the Phase 2 ADA claims. *See* Pls. Ex. 1 (Van Der Pol Decl. ¶3) and Pls. Ex. 2 (Mujumdar Aff. ¶6).

**II.    THE SETTLEMENT AGREEMENT**

Under the terms of the Settlement Agreement, "ADOC agrees to pay attorneys' fees and associated costs to counsel for the Plaintiffs in the total amount of $250,000.00." *See* Settlement Agreement at 22.  (Doc. 1100)  ADOC will pay said fees and costs within thirty (30) days of the Court's final approval of the Settlement Agreement. *Id*. at 23.

The expenses to litigate the Phase 2 ADA claims in this case total approximately $7,196.00.  *See* Pls. Ex. 1 (Van Der Pol Decl. ¶4). Attorneys for the

3

Phase 2 ADA class and ADAP have expended significant time and resources litigating the Phase 2 ADA claims. *See e.g.*, Pls. Ex. 1 (Van Der Pol Decl. ¶3); Pls. Ex. 2 (Mujumdar Aff. ¶6). After expenses, the amount attributable to attorneys' fees for counsel for Plaintiffs is $242,804.00 for 918 hours of attorney time invested to litigate and resolve the Phase 2 ADA claims.[2] This amounts to a blended hourly attorney rate of approximately $264.00 per hour. This blended rate of $264.00 per hour is significantly less than the rate charged by similarly experienced attorneys litigating civil rights cases in Alabama, including cases brought in the U.S. District Court for the Middle District of Alabama. *See*, Declaration of Randall Marshall, attached hereto as Pls. Ex. 3. Counsel for Plaintiffs respectfully assert that a blended attorney rate of approximately $264.00 per hour is more than reasonable.

### III.   ARGUMENT

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or <u>by the parties' agreement</u>." Fed. R. Civ. P. 23(h) (emphasis supplied). In the present case, defendant ADOC agreed, through a negotiated settlement, to pay counsel for plaintiffs $250,000.00 for attorneys' fees and costs. The resultant, blended hourly rate applicable to the Phase 2 ADA claims is reasonable in comparison to the rate charged by similarly

---

[2] The total hours in the declaration and affidavit of counsel for Plaintiffs reflect attorney hours expended on the Phase 2 ADA Claims through the date of the instant motion.

4

situated attorneys representing clients in civil rights cases in the Middle District. *See* Pls. Ex. 3 (Marshall Decl. ¶9-10). This Court has previously approved an agreed upon attorneys' fee award through settlement when such award "is well below the average acceptable range of such awards." *Williams v. Nat'l Sec. Ins. Co.*, 237 F.R.D. 685, 697 (M.D. Ala. 2006). This Court also previously approved an agreed upon attorneys' fee award through settlement in Phase 1 of this litigation. *See* Doc. 727 at 101 – 106.

When evaluating whether an agreed upon attorneys' fee award for class counsel is reasonable, pertinent factors include:

> the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action.
>
> *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 775 (11th Cir. 1991).

Each factor is easily satisfied in the present case. First, while counsel for plaintiffs acknowledge that a few of the commenters did object to the attorneys' fee award, but such commentary did not rise to substantial objections. Any objections to the attorneys' fee award seemed to address a lack of monetary damages by comparison to the fee request. Such comments are not substantial objections as this case has been from the time of its filing a case seeking injunctive

relief, not damages, and courts have routinely and historically awarded attorneys' fees to plaintiffs' counsel in civil rights cases seeking injunctive relief. Additionally, all benefits "conferred upon the class" are non-monetary. The benefits include class members, prisoners with mental health disabilities, being able to obtain full and equal access the services and programs offered by ADOC. Finally, both defendants and counsel for plaintiffs have saved significant resources by prosecuting this as a class action. Litigation on behalf of each prisoner with a mental health disability to ensure equal access to the ADOC's programs and services undoubtedly would expend significantly more resources than prosecuting the current case as a class action.

## IV. CONCLUSION

WHEREFORE, counsel for Plaintiffs respectfully request that this Honorable Court, after the hearing to determine the fairness of the Settlement Agreement, enter a final order approving the Settlement Agreement, including the attorneys' fees and costs as agreed upon by the Parties.

Dated: June 1, 2017

                                          Respectfully Submitted,

                                          /s/ Anil A. Mujumdar
                                          Anil A. Mujumdar (ASB-2004-L65M)
                                          *One of the Attorneys for the Alabama Disabilities Advocacy Program*

# **CERTIFICATE OF SERVICE**

I hereby certify that I have on this 1st day of June, 2017, electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Maria V. Morris<br>Ebony Glenn Howard<br>Latasha McCrary<br>Rhonda C. Brownstein<br>J. Richard Cohen<br>Brooke Menschel<br>Jaqueline Aranda Osorno<br>Kristi L. Graunke<br>Natalie Lyons<br>SOUTHERN POVERTY LAW CENTER<br>400 Washington Avenue<br>Montgomery, Alabama 36104<br>maria.morris@splcenter.org<br>ebony.howard@splcenter.org<br>latasha.mccrary@splcenter.org<br>rhonda.brownstein@splcenter.org<br>richard.cohen@splcenter.org<br>brooke.menschel@splcenter.org<br>jaqueline.aranda@splcenter.org<br>kristi.graunke@splcenter.org<br>natalie.lyons@splcenter.org | Miriam Haskell<br>SOUTHERN POVERTY LAW CENTER<br>P.O. Box 370037<br>Miami, Florida 33137<br>miriam.haskell@splcenter.org<br><br><br>Eunice Cho<br>SOUTHERN POVERTY LAW CENTER<br>1989 College Ave. NE<br>Atlanta, Georgia 30317<br>eunice.cho@splcenter.org |
| William Van Der Pol<br>Lonnie J. Williams<br>Barbara A. Lawrence<br>ALABAMA DISABILITIES ADVOCACY PROGRAM<br>University of Alabama<br>500 Martha Parham West, Box 870395<br>Tuscaloosa, Alabama 35487-0395<br>wvanderpoljr@adap.ua.edu<br>lwilliams@adap.ua.edu<br>blawrenc@adap.ua.edu | William Glassell Somerville III<br>Patricia Clotfelter<br>Lisa Wright Borden<br>BAKER DONELSON BEARMAN CALDWELL<br>& BERKOWITZ PC<br>420 20th Street North, Suite 1400<br>Birmingham, Alabama 35203<br>wsomerville@bakerdonelson.com<br>pclotfelter@bakerdonelson.com<br>lborden@bakerdonelson.com |

| | |
|---|---|
| Deana Johnson<br>Brett T. Lane<br>Counsel for MHM SERVICES, INC.<br>1447 Peachtree Street NE<br>Suite 500<br>Atlanta, GA 30309<br>djohnson@mhm-services.com<br>btlane@mhm-service.com | Anil A. Mujumdar<br>Gregory M. Zarzuar<br>Diandra S. Debrosse<br>ZARZAUR MUJUMDAR & DEBROSSE<br>2332 2nd Avenue North<br>Birmingham, Alabama 35203<br>anil@zarzaur.com<br>gregory@zarzaur.com<br>fuli@zarzaur.com |
| Joseph Gordon Stewart, Jr.<br>ALABAMA DEPARTMENT OF CORRECTIONS<br>P.O. Box 301501<br>Montgomery, AL 36130<br>joseph.stewart@doc.alabama.gov | Anne Adams Hill<br>Elizabeth Anne Sees<br>ALABAMA DEPARTMENT OF CORRECTIONS<br>301 South Ripley Street<br>Montgomery, AL 36104<br>anne.hill@doc.alabama.gov<br>elizabeth.sees@doc.alabama.gov |
| William R. Lunsford<br>Melissa K. Marler<br>Stephen C. Rogers<br>Michael P. Huff<br>MAYNARD COOPER & GALE PC<br>655 Gallatin Street<br>Huntsville, AL 35801<br>blunsford@maynardcooper.com<br>mmarler@maynardcooper.com<br>srogers@maynardcooper.com<br>mhuff@maynardcooper.com | Mitesh B. Shah<br>Evan P. Moltz<br>Luther M. Dorr, Jr.<br>MAYNARD COOPER & GALE PC<br>1901 Sixth Avenue North<br>2400 Regions Harbert Plaza<br>Birmingham, AL 35203<br>mshah@maynardcooper.com<br>emoltz@maynardcooper.com<br>rdoorr@maynardcooper.com |

/s/ Anil A. Mujumdar
Of Counsel