## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

EDWARD BRAGGS, *et. al.*,      )
                               )
    Plaintiffs,              )
                               )   Civil Action Number:
v.                             )
                               )   2:14-cv-00601-MHT-TFM
JEFFERSON DUNN, in his official )
capacity as Commissioner of the )
Alabama Department of Corrections, )
*et al.,*                      )
                               )
    Defendants.              )

## PLAINTIFFS' MOTION IN SUPPORT OF AN AWARD OF THE AGREED UPON ATTORNEYS' FEES IN THE INVOLUNTARY MEDICATION SETTLEMENT AGREEMENT (DOC. 1248-1)

Counsel for Plaintiffs hereby move this Honorable Court to award counsel for Plaintiffs the agreed upon attorneys' fees in the settlement of all claims in the above-captioned matter regarding the constitutionality of the Alabama Department of Corrections' policies and procedures relating to involuntary psychiatric medication. (Doc. 1248-1). Counsel for Plaintiffs respectfully submit the amount agreed upon as payment of attorneys' fees and costs is reasonable. In support of this motion, counsel for Plaintiffs state as follows:

## Background

Plaintiffs, on behalf of themselves and the other approximately 25,000 prisoners in the custody of Defendant Alabama Department of Corrections ("ADOC"), filed the present case in June 2014. (Doc. 1). The initial, and subsequently amended complaints, allege substantive and procedural due process violations in the administration of involuntary psychiatric medications. (Docs. 1, 45, 99, 210, 611).

Counsel for Plaintiffs have submitted declarations seeking payment for 476.3 total hours of billable time identifiably spent litigating the involuntary medication due process claim. The Alabama Disabilities Advocacy Program ("ADAP") will monitor the implementation of the new policies under the Settlement Agreement for two (2) years. Doc. 1248-1 at 7-9. The Parties agreed to a payment of $230,000.00 to cover both attorneys' fees and costs to date and ADAP's fees for monitoring the new involuntary medication policies. *Id*. This agreement on fees and costs was reached after the substantive provisions of the Settlement Agreement had been completed. *See* Declaration of Maria V. Morris ("Morris Decl."), attached hereto and marked as Exhibit 1.

## The Settlement Agreement

Under the Settlement Agreement, "ADOC agrees to pay attorneys' fees and associated costs to counsel for the Plaintiffs in the total amount of

$230,000.00." (Doc. 1248-1 at 9-10).  The ADOC will pay the fees and costs in a single payment sixty (60) days after final approval of the settlement.  *Id.* Plaintiffs are not seeking reimbursement of the expenses specific to the involuntary medication. *See e.g.*, Ex. 1., Morris Decl.

Attorneys for all firms representing all Plaintiffs in this case have expended time and resources litigating the involuntary medication claims. *Id.*; Declaration of William Van Der Pol, Jr., attached hereto and marked as Exhibit 2; Affidavit of Anil A. Mujumdar, attached hereto and marked as Exhibit 3; and Declaration of Lisa W. Borden, attached hereto and marked as Exhibit 4.   The Settlement Agreement only contemplates payment of attorneys' fees for time accrued through the date of execution on May 4, 2017.  The hours spent, as of the date of signing of the Settlement Agreement were 476.3 hours.  Since that time, Plaintiffs' counsel have expended significant time for almost four (4) months that will not be compensated at all.   *See e.g.*, Ex. 1, Morris Decl., at ¶3; Ex. 3, Mujumdar Aff., ¶ 7.

The agreed upon amount of the  attorneys' fee award also is inclusive of ADAP's fees for monitoring.   At the time of execution of the Settlement Agreement and at the time of this filing, the amount of time and resources ADAP will be required to devote to monitoring the implementation of the new involuntary medication policies are undetermined.  Accordingly, ADAP is taking on the risk

that it will expend considerable time and resources monitoring ADOC's new involuntary medication policies, and ADAP is fully committed to spending whatever amount of time is necessary to fulfill its monitoring obligations under the Settlement Agreement.

Although it is not possible to determine now the amount of its time and resources which ADAP will dedicate to the agreed upon monitoring, the Parties nevertheless agreed to aggregate the attorneys' fees and costs with ADAP's monitoring fees as a material term in order to accomplish the execution of the Settlement Agreement.  Previously, when ADAP agreed to serve as the monitor in this case, ADAP agreed to receive specific dollar amounts in exchange for its monitoring services.  *See e.g.*, Doc. 518 at 76-77 and Doc. 1100 at 23-24.  Here, in the interest of compromise, after a vigorous, arms-length negotiation, ADAP has assumed a risk by aggregating its fees for monitoring with the attorneys fees to Plaintiffs' counsel.   In order to monitor under the terms of the Settlement Agreement, ADAP will spend time reviewing relevant documents and preparing necessary reports and correspondence for whatever amount of time is required.  In previous settlement agreements in this case ADAP's allocation of fees for its first year of monitoring ranged from $70,000.00 - $12,000.00 and from $60,000.00 - $12,000.00 for its second year of monitoring.  *Id*.  When the fees associated with monitoring in these ranges are aggregated with an attorneys' fee award to

Plaintiffs' counsel, the hourly rates for the attorneys' fees will approximate blended rates within the range of rates awarded in other civil rights cases in Alabama, including cases brought in the U.S. District Court for the Middle District of Alabama. *See* Doc. 703-6.

## Argument

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).  In the present case, defendant ADOC agreed, through a negotiated settlement, to pay counsel for plaintiffs $230,000.00 for attorneys' fees and costs for litigation and monitoring.  Although it is impossible to determine what the hourly rate will be, it is extremely likely that the effective hourly rate will end up being in the range awarded in other civil rights cases in Alabama. Doc. 703-6.

When evaluating whether an agreed upon attorneys' fee award for class counsel is reasonable, pertinent factors include:

> the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action.

*Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 775 (11th Cir. 1991). Each factor is easily satisfied in the present case.

Through the date of the Settlement Agreement, Plaintiffs' counsel had expended a significant amount of resources litigating the claim that ADOC was violating due process through its involuntary medication policies and procedures. In the nearly four (4) months since signing the Settlement Agreement, Plaintiffs' counsel have continued to expend hours on tasks necessary to settle this matter – hours that will not be compensated. ADAP will monitor the settlement for two (2) years, expending its time and resources that will be compensated through the agreed upon lump sum. As discussed above, the blended hourly rate – though currently undeterminable – is likely to fall within the range of hourly rates in other civil rights cases in Alabama.

As to the objections, while some class members have commented on the Settlement Agreement, counsel for Plaintiffs believe none of the commenters have specifically provided a detailed objection to the attorneys' fee award. Second, all benefits "conferred upon the class" are non-monetary. Doc. 1248-1 at 11. The benefits include class members (prisoners subject to ADOC's policies and practices regarding involuntary psychiatric medications) receiving more meaningful notice about:

1.      The hearing process;

2.      The basis upon which they are being recommended for involuntary psychiatric medication, including among other things, the diagnosis and

symptoms; and

3.      Their rights within the hearing process.

Furthermore, class members will have additional protections in the hearing, including:

1.      Class members must be found to have a current condition justifying involuntary medication, and to the extent such determination is based upon past conduct, the basis for finding a current condition based upon past conduct must be documented;

2.      The involuntary medication committee cannot have been significantly involved in the patient's treatment for the prior six (6) months;

3.      The involuntary medication committee cannot order involuntary medication without a finding that such an order is in the patient's best medical interest;

4.      The patient has the right to have an advisor who has not been involved in the patient's treatment and has an understanding of the psychiatric issues involved;

5.      The patient will be able to question witnesses who support or recommended involuntary mediation, as well as treating professionals who present alternative therapies;

6.      The patient has a right to receive a copy of the minutes of the hearing;

7.      The patient must be informed of the right to appeal administratively and that he or she may then seek review in a court; and

8.      There are greater limitations on the exclusion of the patient from the hearing.

Also, a patient will have the right to a thirty (30) day respite from involuntary medication after an initial order and the first renewal, to determine if the patient can do without the involuntary medication order.

Finally, with regard to the economy of bringing this matter as a class action, there are approximately eighty (80) persons subject to involuntary medication orders at any given time in the ADOC.  The roster of individuals subject to involuntary medication orders changes over time, as involuntary medication orders are made and discontinued.  Moreover, individuals subject to involuntary medication likely are persons with diagnoses of serious mental illnesses, which increases the complexity of and the time involved in the representation.  Litigating the claims of each individual class member would undoubtedly require expending significantly more resources than prosecuting the current case as a class action.

## Conclusion

WHEREFORE, counsel for Plaintiffs respectfully move this Honorable Court, after conducting the hearing to determine the fairness, adequacy, and reasonableness of the Settlement Agreement, to enter a Final Order approving

the Settlement Agreement, including the attorneys' fee award, inclusive of fees for

ADAP's monitoring of the Settlement Agreement, as agreed upon by the Parties.

Dated: August 23, 2017

Respectfully Submitted,

/s/ Anil A. Mujumdar
Anil A. Mujumdar (ASB-2004-L65M)
*One of the Attorneys for Plaintiff ADAP*

**OF COUNSEL:**
Gregory M. Zarzaur
Diandra S. Debrosse
Zarzaur Mujumdar & Debrosse – Trial Lawyers
T: (205) 410-1185
F: (888) 505-0523
E: gregory@zarzaur.com / fuli@zarzaur.com

Rhonda Brownstein (ASB-3193-O64R)
Maria V. Morris (ASB-2198-R64M)
Latasha L. McCrary (ASB-1935-L75M)
Brooke Menschel (ASB-7675-Z61K)
Caitlyn J. Sandley (ASB-5317-S48R)
Southern Poverty Law Center
400 Washington Avenue
Montgomery, Alabama  36104
T: (334) 956-8200
F: (334) 956-8481
E: rhonda.brownstein@splcenter.org / maria.morris@splcenter.org /
latasha.mccrary@splcenter.org / brooke.menschel@splcenter.org /
cj.sandley@splcenter.org

William Van Der Pol, Jr.
Glenn N. Baxter
Lonnie Williams
Barbara A. Lawrence
Alabama Disabilities Advocacy Program
Box 870395
Tuscaloosa, Alabama  35487
T: (205) 348-4928
F: (205) 348-3909
E: wvanderpoljr@adap.ua.edu / gnbaxter@adap.ua.edu /
lwilliams@adap.ua.edu / blawrence@adap.ua.edu

Lisa W. Borden (ASB-5673-D57L)
William G. Somerville, III (ASB-6185-E63W)
Andrew P. Walsh (ASB-3755-W77W)
Dennis Nabors
Patricia Clotfelter (ASB-0841-F43P)
Baker, Donelson, Bearman, Caldwell & Berkowitz PC
420 20th Street North, Suite 1400
Birmingham, Alabama 35203
T: (205) 328-0480
F: (205) 322-8007
E: lborden@bakerdonelson.com / wsomerville@bakerdonelson.com /
awalsh@bakerdonelson.com / dnabors@bakerdonelson.com
pclotfelter@bakerdonelson.com


**ATTORNEYS FOR THE PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this 23rd day of August, 2017, electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

David R. Boyd, Esq.
John G. Smith, Esq.
John W. Naramore, Esq.
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL 36101-0078
dboyd@balch.com
jgsmith@balch.com
jnaramore@balch.com


William R. Lunsford, Esq.
Melissa K. Marler, Esq.
Stephen C. Rogers, Esq.
Michael P. Huff, Esq.
Maynard, Cooper & Gale, P.C.
655 Gallatin Street, SW
Huntsville, AL 35801
blunsford@maynardcooper.com
mmarler@maynardcooper.com
srogers@maynardcooper.com
mhuff@maynardcooper.com


Anne Adams Hill
Elisabeth Anne Sees
Joseph Gordon Stewart, Jr.
Alabama Department of Corrections
301 South Ripley Street
Montgomery, AL  36104
anne.hill@doc.alabama.gov
elizabeth.sees@doc.alabama.gov
joseph.stewart@doc.alabama.gov

Steven C. Corhern, Esq.
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL  35201-0306
scorhern@balch.com

Mitesh Shah, Esq.
Evan P. Moltz, Esq.
Luther M. Dorr, Jr., Esq.
Maynard, Cooper & Gale, P.C.
1901 6th Avenue North, Suite 2400
Birmingham, AL  35203
mshah@maynardcooper.com
emoltz@maynardcooper.com
rdorr@maynardcooper.com

Deana Johnson, Esq.
Brett T. Lane, Esq.
MHM Services, Inc.
1447 Peachtree Street, N.E., Ste 500
Atlanta, GA  30309
djohnson@mhm-services.com
btlane@mhm-services.com




/s/ Anil A. Mujumdar_____
OF COUNSEL