**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **EDWARD BRAGGS, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:14cv601-MHT |
| | ) | (WO) |
| **JEFFERSON S. DUNN, in his** | ) | |
| **official capacity as** | ) | |
| **Commissioner of** | ) | |
| **the Alabama Department of** | ) | |
| **Corrections, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**PHASE 2A INVOLUNTARY MEDICATION SETTLEMENT**
**FINAL APPROVAL ORDER**

Based upon the representations of counsel at a fairness hearing held in open court on August 24, 2017, on the proposed settlement concerning plaintiffs' claims of involuntary medication without due process; upon consideration of the proposed settlement, the joint motion for approval of the proposed settlement, the objections to the proposed settlement, and other related filings; and with the understanding that an

opinion will follow explaining the court's reasoning, it is ORDERED as follows:

(1) The objections to the settlement agreement (doc. nos. 1310, 1316, & 1322-2) are overruled.

(2) The settlement agreement (doc. no. 1248-1) is approved.

(3) The settlement agreement (doc. no. 1248-1) is entered as a consent decree.

(4) United States Magistrate Judge John E. Ott is appointed to serve as mediator pursuant to § 16 of the consent decree entered today.

(5) Plaintiffs' motion for attorneys' fees (doc. no. 1346), which defendants do not oppose, is granted.

(6) Pursuant to the provision in the settlement agreement (doc. no. 1248-1) for the dismissal with prejudice of any and all claims asserted by plaintiff Quang Bui regarding the involuntary-medication policies and/or practices, these claims are dismissed with prejudice.

**(7) By no later than September 20, 2017, the parties are to meet and confer and submit to the court a plan for providing notice to class members of the entry of this consent decree and for ensuring that they have access to the decree during its pendency. The notice of settlement should describe in layperson's terms the involuntary-medication policy and procedure, as well as how a prisoner may go about challenging an involuntary-medication order or a violation of the policy requiring an involuntary-medication order before using force or coercion to administer medication to a prisoner.**

**DONE, this the 6th day of September, 2017.**

                                           /s/ Myron H. Thompson
                                      **UNITED STATES DISTRICT JUDGE**