IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:14cv601-MHT |
| | ) | (WO) |
| JEFFERSON S. DUNN, in his | ) | |
| official capacity as | ) | |
| Commissioner of | ) | |
| the Alabama Department of | ) | |
| Corrections, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

## ADDITIONAL PHASE 2A REVISED REMEDY SCHEDULING ORDER ON THE EIGHTH AMENDMENT CLAIM

Previously, on June 27, 2017, the court in its liability opinion, *Braggs v. Dunn*, 257 F. Supp. 3d 1171, 1267-68 (M.D. Ala. 2017) (Thompson, J.), identified eight "contributing factors" to the defendants' violation of the Eighth Amendment in their provision of mental-health care to inmates. Three of those factors were set for *in seriatim* hearings. *See* Phase 2A Revised Remedy Scheduling Order on Eighth Amendment Claim (doc. no. 1357). One of the three

factors had two parts: "Providing insufficient out-of-cell time and treatment to those who need residential treatment; and failing to provide hospital-level care to those who need it." *Braggs*, 257 F. Supp. 3d at 1267. However, the first part of that factor ("Providing insufficient out-of-cell time and treatment to those who need residential treatment") was not set for hearing. Also, the court has yet to set for hearings the remaining five of the eight contributing factors. Because the issue of out-of-cell time and treatment for inmates in need of residential treatment is relatively narrow, and somewhat related to the identification and classification of prisoners with serious mental-health needs, those issues will be consolidated during the remedial phase.

\*\*\*

Accordingly, for the above reasons and based on the representations made on the record on December 19, 2017, it is ORDERED as follows with regard to the

2

remaining contributing factors not previously set for hearing:

(1) As to the defendants' failure to identify prisoners with serious mental-health needs and to classify their needs properly, as well as the defendants' failure to provide sufficient out-of-cell time and treatment to those who need residential treatment,

    (A) By February 2, 2018, the defendants are to submit a proposal on how to proceed as to both immediate and long-term relief.

    (B) By February 9, 2018, the plaintiffs are to submit a response.

    (C) A pretrial hearing is set for February 14, 2018, at 10:00 a.m., in chambers.

    (D) A hearing on the issue is set for February 26, 2018, at 10:00 a.m. in the Frank M. Johnson Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama.

(2) As to the defendants' failure to provide individualized treatment plans to prisoners with serious mental-health needs,

    (A) By February 14, 2018, the defendants are to submit a proposal on how to proceed as to both immediate and long-term relief.

    (B) By February 21, 2018, the plaintiffs are to submit a response.

    (C) A pretrial hearing is set for March 1, 2018, at 10:00 a.m., in chambers.

    (D) A hearing on the issue is set for March 5, 2018, at 10:00 a.m. in the Frank M. Johnson Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama.

(3) As to the defendants' failure to provide psychotherapy by qualified and properly supervised mental-health staff and with adequate frequency and sound confidentiality,

(A) By March 9, 2018, the defendants are to submit a proposal on how to proceed as to both immediate and long-term relief.

(B) By March 16, 2018, the plaintiffs are to submit a response.

(C) A pretrial hearing is set for March 20, 2018, at 10:00 a.m., in chambers.

(D) A hearing on the issue is set for March 26, 2018, at 10:00 a.m. in the Frank M. Johnson Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama.

(4) As to defendants' failure to identify suicide risks adequately and to provide adequate treatment and monitoring to those who are suicidal, engaging in self-harm, or otherwise undergoing a mental-health crisis,

(A) By March 30, 2018, the defendants are to submit a proposal on how to proceed as to both immediate and long-term relief.

5

(B) By April 6, 2018, the plaintiffs are to submit a response.

(C) A pretrial hearing is set for April 11, 2018, at 10:00 a.m., in chambers.

(D) A hearing on the issue is set for April 16, 2018, at 10:00 a.m. in the Frank M. Johnson Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama.

(5) As to defendants' imposition of disciplinary sanctions on mentally ill prisoners for symptoms of their mental illness, and imposing disciplinary sanctions without regard for the impact of sanctions on the prisoners' mental health,

(A) By April 11, 2018, the defendants are to submit a proposal on how to proceed as to both immediate and long-term relief.

(B) By April 18, 2018, the plaintiffs are to submit a response.

(C) A pretrial hearing is set for April 30, 2018, at 10:00 a.m., in chambers.

(D) A hearing on the issue is set for May 7, 2018, at 10:00 a.m. in the Frank M. Johnson Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama.

DONE, this the 20th day of December, 2017.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE