**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **EDWARD BRAGGS, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:14cv601-MHT |
| | ) | (WO) |
| **JEFFERSON S. DUNN, in his** | ) | |
| **official capacity as** | ) | |
| **Commissioner of** | ) | |
| **the Alabama Department of** | ) | |
| **Corrections, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**PHASE 2A OPINION AND ORDER REGARDING
EIGHTH AMENDMENT CLAIM: SEGREGATION**

This litigation is before the court on the plaintiffs' proposal, submitted on December 21, 2017 (doc. no. 1525), for procedures for resolving the parties' disputes regarding the placement of prisoners with serious mental illness (SMI) in segregation. When the plaintiffs filed their proposal, it was unclear whether they intended a district judge or a magistrate judge to consider it. And along with this 'for whom'

question, there is the underlying question of 'why' the plaintiffs even filed the proposal.

An on-the-record hearing on the December 21 proposal was held on December 27, 2017. The court now addresses how it will handle the proposal.

I.

The Phase 2A issue of segregation is currently before the court in two ways. *First*, in its Eighth Amendment liability opinion on June 27, 2017, *see Braggs v. Dunn*, 257 F. Supp. 3d 1171 (M.D. Ala. 2017), the court reserved a finding on the plaintiffs' contention that the Alabama Department of Corrections (ADOC) is not conducting adequate periodic mental-health evaluations of prisoners in segregation. The court completed an evidentiary hearing on this discrete contention on December 1, 2017, and the parties are now to make post-hearing legal submissions in January 2018. *See* Order (doc. no. 1504). The

plaintiffs' December 21 proposal does not appear to be part of these January post-hearing submissions.

*Second*, in its June 27 opinion, the court did make a liability finding that, among other things, "it is categorically inappropriate to place prisoners with serious mental illness in segregation absent extenuating circumstances." *Id.* at 1247. Pretrial and trial hearings on what remedy is appropriate in light of this finding are set, respectively, for January 23 and February 5, 2018, with the defendants to make a pretrial submission on January 5 and 8 and the plaintiffs to respond to that submission on January 15. *See* Order (doc. no. 1522). It clearly appears that the plaintiffs' December 21 proposal goes to this aspect of the case and thus should be handled as a part of it. The parties are, therefore, to address the plaintiffs' December 21 proposal in their January 5, 8, and 15 pretrial submissions.

## II.

At the December 27 hearing, counsel for plaintiffs said that they submitted their December 21 proposal for consideration by Magistrate Judge Borden in the hope that he might facilitate, and thus help the court in, resolution of this remedy aspect of the case by making factual findings as to whether the ADOC is currently placing SMI prisoners in segregation and, if so, under what circumstances. Defense counsel responded with a concern that any finding by the magistrate judge would be duplicative of the findings the court would need to make at the February 5 hearing. The court remains open to the participation of the magistrate judge in the factual resolution of aspects of this case where appropriate. However, it is imperative that the magistrate judge's role be clearly defined and that that role be within the legal authority given to the magistrate judge. The court will, therefore, require that, in their January 5, 8, and 15 pretrial submissions, the parties are to include their suggestions of what role, if any, the magistrate judge

should, and by law may, play in the fashioning of a remedy in response to the court's June 27 finding of liability as to segregation.

III.

Finally, in their December 21 proposal, the plaintiffs raised a discovery matter that the court thinks it should address now, since the upcoming January 23 and February 5 hearings are so near. In the proposal, the plaintiffs stated: "This Court already has sufficient evidence before it to resolve the dispute: ADOC is placing large numbers of persons that it has identified as having serious mental illness in segregation." Plaintiffs' Proposal (doc. no. 1525) at 2. The plaintiffs then identified what they consider "sufficient evidence." *Id*. at 2-3. Afterwards they added: "If the Court does not consider the evidence already before it to be sufficient to determine whether persons with serious mental illness are being placed in segregation or if the Court seeks

5

to determine the scope of the problem, the Court should order the following documentation to be produced ...." *Id.* at 3-4. In pages 4 through 13 of their December 21 proposal, they identified and discussed additional discovery.

At the December 27 hearing, the defendants strongly disputed both the legal and factual bases for the plaintiffs' contention that the ADOC is still inappropriately placing SMI prisoners in segregation. Because of the defendants' stance as well as the seriousness of the issue, the court believes that additional discovery on whether the ADOC is still inappropriately placing SMI prisoners in segregation is warranted and, if so, on what "the scope of the problem," *id.* at 4, is. The court is not saying, at this time, that the additional discovery should be as outlined in the December 21 proposal. Instead, the court will leave this additional discovery for resolution by the magistrate judge should the parties have a dispute over the additional discovery.

6

\*\*\*

Accordingly, it is ORDERED that, in their submissions of January 5, 8, and 15, 2018, *see* Order (doc. no. 1522), the parties are (1) to address, with all other relevant matters, the plaintiffs' proposal for procedures for resolving the parties' disputes regarding the placement of prisoners with serious mental illness in segregation (doc. no. 1525), as well as (2) to make suggestions of what role, if any, the magistrate judge should, and by law may, play in the fashioning of a remedy in response to the court's June 27, 2017, finding of liability as to segregation.

It is further ORDERED that the parties may engage in additional discovery as outlined in Part III of this opinion and order.

DONE, this the 2nd day of January, 2018.

                                     /s/ Myron H. Thompson
                                   **UNITED STATES DISTRICT JUDGE**