IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:14cv601-MHT |
| | ) | (WO) |
| JEFFERSON S. DUNN, in his | ) | |
| official capacity as | ) | |
| Commissioner of | ) | |
| the Alabama Department of | ) | |
| Corrections, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER**

In the defendants' proposed remedial plan (doc. no. 1374), in the defendants' pretrial brief (doc. no. 1478), throughout the nine-day evidentiary hearing on understaffing, and during the post-trial oral argument on January 24, 2018, the defendants maintained that the proposed remedy as to understaffing would apply to all of ADOC's major facilities, with the exception that the Savages would not conduct a staffing analysis at the Tutwiler facility at this time (as agreed upon by the parties).

However, the defendants' proposed opinion has suggested that the court limit its supervision of the remedial plan's implementation to six facilities--Donaldson, Draper, Elmore, Fountain, Holman, and Staton--on the basis that "Plaintiffs failed to establish that correctional or mental-health staffing at other ADOC facilities creates a constitutional violation with respect to the provision of mental-health care." State's Proposed Opinion on Correctional and Mental Health Staffing Remedies at 14. The court is concerned by this abrupt change in position.

Because the court presumes that the defendants are not attempting to relitigate liability at the remedial stage, it is ORDERED that defendants shall, by February 5, 2018, at 5:00 p.m., point to the section(s) of the liability opinion, if any, in which the court limited its liability findings to those six facilities.

DONE, this the 2nd day of February, 2018.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**