IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

EDWARD BRAGGS, et al.,          )
                                )
        Plaintiffs,             )
                                )        CIVIL ACTION NO.
        v.                      )        2:14cv601-MHT
                                )           (WO)
JEFFERSON S. DUNN, in his       )
official capacity as            )
Commissioner of                 )
the Alabama Department of       )
Corrections, et al.,            )
                                )
        Defendants.             )

PHASE 2A UNDERSTAFFING REMEDIAL ORDER

In accordance with the opinion entered this day, it
is the ORDER, JUDGMENT, and DECREE of the court that
defendants Commissioner Jefferson Dunn and Associate
Commissioner of Health Services Ruth Naglich are
ENJOINED and RESTRAINED from failing to comply with
their remedial plan (as modified by later filings,
including a timeline, and the orders and the
accompanying opinion of the court) for understaffing in
the Alabama Department of Corrections (ADOC).    The

defendants are to comply with ALL deadlines in the plan, including but not limited to the following:

(1) With regard to correctional understaffing:

(a) By April 1, 2018, Stephen Condrey is to submit recommendations to ADOC related to compensation and benefits, which the defendants are to file with the court by April 2, 2018.

(b) By May 1, 2018, Margaret and Merle Savage shall complete the staffing analyses for each of ADOC's 15 major facilities, with the agreed-upon exception of the Tutwiler facility, and shall submit their final staffing analyses and recommendations to ADOC. The Savages are to include recommendations for Tutwiler, based on the staffing analysis previously performed for that facility by The Moss Group. In conducting the staffing analyses and preparing their recommendations, the Savages shall abide by the agreement entered between them and Vail on December 5, 2017, as set out in the

accompanying opinion. The defendants are to file the Savages' analyses and recommendations with the court by May 2, 2018.

(c) By November 1, 2018, the firm Warren Averett is to submit recommendations to ADOC related to recruitment and retention, which the defendants are to file with the court by November 2, 2018.

(d) By December 1, 2018, ADOC is to implement the recommendations of consultants Condrey and the firm Warren Averett, as modified by any agreements between the parties or orders of this court.

(e) By February 20, 2022, the defendants shall have fully implemented the Savages' correctional staffing recommendations, as modified by any agreements between the parties or orders of this court.

(2) With regard to mental-health understaffing:

(a) By April 1, 2018, ADOC's new mental-health vendor shall begin providing mental-health services.

(b) By May 1, 2018, ADOC's new mental-health vendor, shall, in addition to continuing to fill those positions in place at the time of this order, fill at least 65 % of the additional mental-health staffing positions provided for in the contract.

(c) By June 1, 2018, ADOC's new mental-health vendor, shall, in addition to continuing to fill those positions in place at the time of this order, fill at least 75 % of the additional mental-health staffing positions provided for in the contract.

(d) By July 1, 2018, ADOC's new mental-health vendor, shall fill the mental-health staffing positions consistent with the contract.

(e) By September 1, 2018, the State's mental-health consultants--Catherine Knox,

4

Jeffrey L. Metzner, and Mary Perrien--shall begin their analysis to develop mental-health staffing ratios.

(f) By March 1, 2019, Catherine Knox, Jeffrey L. Metzner, and Mary Perrien shall submit finalized mental-health staffing ratios to the defendants.  The defendants are to file the ratios with the court by March 4, 2019.

(g) By August 15, 2019, ADOC shall modify its contract with the mental-health vendor in order to provide the positions required by the mental-health staffing ratios, as modified by any agreements between the parties or orders of this court.

(h) By November 15, 2019, ADOC's mental-health vendor shall begin to implement the finalized staffing ratios.

(j) By January 15, 2020, Catherine Knox, Jeffrey L. Metzner, and Mary Perrien shall review implementation of the mental-health

staffing ratios and make recommendations, if necessary, for revising those staffing ratios. By January 16, 2020, the defendants shall file any such recommendations with the court.

(k) By February 15, 2020, ADOC's mental-health vendor shall have filled the mental-health staffing positions consistent with the contract.

(3) With regard to the staffing of the ADOC Office of Health Services (OHS):

(a) By August 30, 2018, the defendants are to fill the position of Clinical Director of Psychiatry.

(b) The defendants are to notify the court when they receive a decision from State Personnel regarding approval for the position of Director of Mental Health Services. By six months from the date that State Personnel provides approval, the defendants are to fill the position of Director of Mental Health Services.

(c) The defendants are to notify the court when they receive a decision from State Personnel regarding approval for the position of Southern Regional Psychologist.  By six months from the date that State Personnel provides approval, the defendants are to fill the position of Southern Regional Psychologist.

(d) By March 30, 2018, the defendants are to fill the OHS position of Ombudsman.

(4) The defendants shall submit to the court under seal a "Correctional Staffing Report" and "Mental Health Staffing Report" on a quarterly basis, that is, March 1, June 1, September 1, and December 1 of each year, with the report due on the next business day if the due date falls on a weekend or holiday.  Each quarterly report will provide:

(a) the number of correctional/mental-health staff assigned to each ADOC facility;

(b) the number of correctional/mental-health staff employed by each facility at the end of the quarter;

(c) the turnover rate, that is, the number of voluntary and involuntary terminations during the quarter divided by the total number of correctional/mental-health staff at the end of the quarter, with each of the figures in the calculation to be provided in addition to the ultimate result);

(d) the retention rate, that is, the total number of correctional/mental-health staff at an ADOC facility who have worked for ADOC for twelve months or longer divided by the total number of correctional/mental-health staff at the end of the quarter, with each of the figures in the calculation to be provided in addition to the ultimate result;

(e) the vacancy rate (number of vacant positions at the end of the quarter divided by

the total number of correctional/mental-health
staff and vacant positions at the end of the
quarter); and

(f) the implementation status of the
recommendations of each of their four
consultant groups: the Savages, Condrey, the
firm Warren Averett, and Knox, et al.

(5) The court recognizes that a party may not be
able to meet a deadline for reasons outside the party's
control or for other good cause.  In such instances,
the party should file a motion to extend the deadline.
A motion for extension of a deadline (i) must be in
writing; (ii) must indicate that movant has, in a
timely manner, previously contacted counsel for all
other parties; and, (iii) based on that contact, must
state whether counsel for all other parties agree to or
oppose the extension motion.  Absent stated unforeseen
and unavoidable circumstances beyond the control of the
movant, oral and "eleventh hour" extension requests and

9

motions are not allowed.

DONE, this the 20th day of February, 2018.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE