# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, *et al.*, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:14-cv-601-MHT-GMB |
| | ) | |
| JEFFERSON S. DUNN, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER ON LEGAL VISIT PROCEDURES

Upon consideration of the Plaintiffs' Second Motion for Access to Prisoners in the Alabama Department of Corrections (Doc. 1827), and upon review of the Joint Proposal for Legal Visit Request Procedures (Doc. 1837), it is ORDERED that the motion (Doc. 1827) is GRANTED in part and DENIED in part, and that legal visits for ADOC inmates relating to this litigation shall be accomplished as follows:

    1.    Plaintiffs' counsel shall initially attempt to schedule legal visits through the normal procedures established at each facility and by ADOC regulations. Plaintiffs' counsel shall give no less than one working day's notice for a requested visit except that the staff at Easterling Correctional Facility shall be given no less than two working day's notice. The ADOC facility staff shall process and respond to Plaintiffs' counsel's requests for legal visits according to the same timeline and using the same procedures utilized in processing requests for legal visits by any counsel representing an inmate in ADOC custody. If the facility staff informs Plaintiffs' counsel that it cannot accommodate a request or schedule another visit of the requested duration within three working days of the

requested time and date, Plaintiff's counsel may elect to request assistance from counsel for the State.

2. If assistance is requested, counsel for the State shall attempt to secure for Plaintiffs' counsel a visit of the requested duration within three working days of the originally requested time and date. In doing so, counsel for the State shall consider and explore all feasible solutions for facilitating the requested visit, such as using an alternative location for the legal visits or rescheduling a conflicting event. The authority to decide whether to accommodate a requested visit shall nevertheless rest with the staff of the relevant ADOC facility. If counsel for the State cannot secure a visit of the requested duration within three working days of the originally requested time and date, or Plaintiffs' counsel cannot conduct the visit at the time secured by counsel for the State, Plaintiffs' counsel shall begin the process again with a new request.

3. When Plaintiffs' counsel requires a client visit to meet a deadline set by the court, Plaintiffs' counsel may elect to communicate this need directly to counsel for the State, and is encouraged to do so as early as possible. Counsel for the State shall then make every reasonable effort to accommodate the request within the time remaining before the court's deadline, including by arranging a confidential telephone call between Plaintiffs' counsel and a client in the event a legal visit cannot be accommodated. Absent exceptional circumstances, the court will not entertain a motion for in-person access to a client where suitable arrangements have been made for a confidential telephone call of the duration requested by Plaintiffs' counsel.

DONE on the 23rd day of May, 2018.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE