IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:14cv601-MHT |
| | ) | (WO) |
| JEFFERSON S. DUNN, in his | ) | |
| official capacity as | ) | |
| Commissioner of | ) | |
| the Alabama Department of | ) | |
| Corrections, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

As to the unresolved issue identified in the court's opinion and order of June 22, 2018 (doc. no. 1904), the court stated during an on-the-record status conference on September 4, 2018, that it believes, from the evidence presented, that the problems underlying this issue are threefold: the defendants have grossly failed to accurately identify SMI inmates (both categorical and non-categorical ones); that the defendants need to develop a reliable in-house "self-critical" scheme to check behind themselves so as to assure that they are

accurately and timely identifying SMI inmates (both categorical and non-categorical ones) in segregation; and the court and the plaintiffs need the ability to verify that defendants are identifying SMI prisoners in segregation in a timely manner for the time being.

Accordingly, it is ORDERED that the parties are to attempt jointly to develop a scheme by which the plaintiffs and the court can verify that the defendants can now be trusted to accurately and timely identify SMI inmates (both categorical and non-categorical ones) who are considered for, or in, segregation. The court encourages the parties to approach this task in a manner that addresses all three above-mentioned problems at once. The court is not wedded to any particular approach and is willing to consider any approaches generated through the mediation process. The parties will be given two weeks to develop, through mediation, this scheme.

DONE, this the 5th day of September, 2018.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**