IN The United States Court
For The Middle District

Ex Ante Patrick J Charest

IN RE: Dunn v. Dunn et al
& Bragg v Dunn et al
Plantiff / Respondents

CV - 2. 2014-CV-601- MHT

1/29/18

2019 JAN -2 A 9: 52
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA
RECEIVED

Ex Parte Motion To Amend -
Supplementally Intervene Due
To ADOC Retaliations

Comes now Patrick J Charest ("Charest") and
makes this Honorable Court to grant as follows:

I. Facts:

§ 1) This Court (and all parties) above, entered
into a contractual "Consent" As a result of Title
II of Americans with Disabilities Act and Section
504 of the Rehabilitation Act of 1973, inter alia.

Charest filed - objections, and suggestions as to
Class members of said Lawsuit; and Now has as
a result of ADOC's discriminatory patterns,
practices suffered "Injuries" from Certain
ADOC officials (i.e, Cpt Knight, Lt Norman)

Page 1 of 11

§2) Since Inception of consent - Charest has continuosly "Requested - Accomodations" under ADA to Cpt. Knight at G.K. Fountain, Atmore - Ala, to No-Avail.

§3) Charest was forced to file a State tort lawsuit in Escambia County Circut Court, CV-2017-18 before Hon. I David Jordan - as a direct result of federal, state discriminatory violations by ADOC denial, and out right failures to adhere to ADA Consent decree's; whereas Charest has been denied post-opt treatment, Rehabilitation, as a result of a tumor being surgical removal leaving permanant "damage" to lower right foot, causing to limp and walking on a cane for life!

Charest's injuries remain protected by ADA, and has in fact, to No-Avail requested physical therapy to Re-gain use - utilization of his right foot, whereas, Currently remains unable to bend, walk, squat, climb, Carry any substantial weight on his right side, due to injuries sustained by "belated-surgery" by ADOC deliberate indifference to treat, timely his tumor!

Charest requests this Court "take judicial notice" of CV-2017-18 under Fed. R of Evid, Rule 201 et. seq, Inter alia, henceforth.

Page 2 of 11

*Continued.*

§4) Charlest is also filing federal grievances in the Southern District of Mobile with the U.S. Attorney General's office on Royal Street, where exhibits exist of ADOC's ongoing Rico violations, Due Process and Equal Protection violations of Charlest's 5, 8th and 14th Amendment Rights - as a result of filing ADA-requests for Accomodations, since February of 2016, to date.

Due to Volume's of Affidavits Complaints to A.G.'s office, U.S. Att'y General, and ADOC's Commissioner - Charest continuous to Receive Harrassment, searches - seizures of legal materials by ADOC!

§5) also on January 19th 2018 Cpt Knight Cpt McCarey, Lt. Newman and Ms. Pearson-Cummings had me packed-upped and transferred to Hamilton A & I near the upper Tennessee - Mississippi border Away from Fountain (whereas I'm thirty (30) miles from home, children, grandkids etc. at! do to family ties, I requested to stay at Fountain, In Atmore, Alabam.

Currently Charest's "legal-materials" are again in ADOC's direct possession at Hamilton A & I needed to Litigate his pending Eleventh Circuit Case # 15-14849-F, CV-2017-18, and Research the ancillary State Case CC-94-1363 postconviction pleadings, means forthwith.

Page 38 — 11

§6) Charest had previously "Protection" under 42
§1997 (d) by way of U.S. Att'y General's Office as
result of Cpt Knight, Cpt McColory, Lt Norman and
Ms Pearson's-Cumming's Threats, Harrassments and
denials of access to Law Library, ADA therapy,
and multiple requests for treatment and physical therapy,
since on or about 2016 - to date.

Twice a month, since 2016 - Charest has Filed
"requests" for Accomodations - to No.Avail.

§7) Charest's transfer to Hamilton from Fountain
by Cpt Knight, Cpt McCarmy, Lt Norman and Ms.
P/jason-Cumming's (when receive federal aid, and
funding- Assistance for her drug-Canseling classes)
Is "retaliation" plan and simply!

There remains No penalogical reason, rationale,
Justifiable Excuse for transferring Charest to
Hamilton A & I, And a show cause Order
shall predicate ADOC's Real Abuse of discretion,
deliberate Indifference for transferring Charest.

§8) Charest has In fact - Also contacted Mrs
Connie Rich (ADOC's Regional Coordinator) About
the ADA Violation for Remedy, to date Nothing
has transpired, to send Charest back to Fountain
for family ties, visits, and residence.

Pg 4 of 11

## II. Argument:

§9). First and foremost, Charest has an absolute right, despite Incarceration, as a prisoner - Retention of, use pursuant to "the First (1st) Amendment Right to Communicate with Family - Friends." _Pope v Hightower_, 101 F.3d 1382, 1385 (11th Cir 1996), whereas Courts - generally conclude First Amendment Rights Reman Retained by Convicted prisoners, Inclusive to the right to Communicate with others beyond prison walls; thus, Now that Charest has been retaliatorily transferred more than several hundred miles (+-) he cannot "any Longer Communicate, visit with his Children, grandkids, family - friends) as a direct result of ADA Accommodation requests, by Cpt Knight, Cpt McCovery, Lt Newman and the Substance Abuse director Ms Pearson - Cummings' acts, actions - factually quoted - above, adopted herein.

§10) Charest filed, also, that he was - Is suffering an Eighth (8th) Amendment Claim, having been "diagnosed by a physician, mandating treatment, Therapy" from Baldwin Regional Medical Center, In Bay Minette, Alabama; see State tortfeasor Complaint, Supplemental Amendment - Exhibits attached thereof - from surgery performed on Lower right leg (Cancer - tumor Area) leaving Charest with permanent injury - Loss of Limb (Causing severe numbness, nerve damages, limp and Use of Lower foot) due to ADOC's deliberate - indifference, delayed removal of tumor. Page 5 of 11

See Charest's Exh-B (attachment to Suppl.-Amendment to State §14-15-1 Complaint in CV-2017-18 @ Escambia Circuit Court State tort/tension-pending. Fed Rules of Evid, Rule 201 et seq. (Take judicial notice of) herein.

Charest's exhibited pictures of leg - and photo of Dr. Alfred Newman's surgery # 697728, 2010208763 dated December 4th 2014 tagged by Baldwin Regional as proof heretofore.

Charest has no money on PMOD account, at present to mail produce copies of said-same - for purposes of this Notice, wishes-desires for the State-agency holding Charest to produce-for federal court - copy of said-same in their immediate possession. served upon A. G's office on or about June 20th 2017 (all photo's of said-same in CV-2017-18 Lawsuit).

Charest uses both: 1) <u>Estelle v Gamble</u>, 429 U.S. 97 (1976)(8th Amendment claim to include deliberate indifference to serious medical needs of prisoners) and 2) <u>Bingham v. Thomas</u> 654 F.3d 1171, 1176 (11th Cir 2011)(quoting <u>Hill v. DeKalb Reg'l Youth Det. Ca.</u>, 40 F.3d 1176, 1187 11th Cir 2004)("Serious medical need is considered 'one that has been diagnosed by physician mandating treatment, even a lay person would easily recognize the necessity for attention).

ADOC officials Cpt Knight, Cpt McCovey, Lt Newm

Alongside Ms Dunson-Cummings, are acting with "deliberate indifference" to Charvot's 1st, 5th, 8th, / 14th Amendment Rights to "treatment therapy" under ADA-508 Rehab Act by Acts, omissions, and moneso "retaliatory transfer" away from Escambia County Prison - closer to home! Estelle, Bingham, Hill echo Violations of ADA-Federally protected Const-Rights are present under the deliberate indifference elements 1) Subjective Knowledge of risk, Injuries, 2) disregard to that risk, 3) conduct that is more than Negligence. "Bozeman v Johnson 337 F3d 1344 (11th Cir 2004).

§11) Charvot has in fact - Reported said same to STATE Judge Jordan (CV-2017-18). Connie Rich ADA STATEWIDE Coordinator @ 301 South Ripley St, Montgomery, Ala (334) 353-3803 of said same "Retentions transfers and deliberate Indifference" for ADA Accommodations - Requests Multiple times, since January 9th, 2018 to date.

§12) Charvot avers - his "protected" rights under ADA, and Rehab Act of 1973 (ADA-RA), "for purposes of this Liberal Complaint - pursuant to Title II, which prohibits the exact exclusion from services, programs, or activities ... as well as "discrimination by any such entity." See 42 U.S.C. § 12132 Edison v. Douberly, 604 F3d 1307, 1308 (11th Cir 2010)(No otherwise qualified individual with a disability shall, by reason of, be excluded from, denied benefits of, or subjected to discrimination ... Receiving federal funding

Page 7 of 11

Continued:

Since State Agencies and prisons are considered "public entities" by federal laws, under ADA & RA, above, in light of ADOC's consent decree's, in both Dunn v Dunn, and Braggs v Dunn et. al, thus they may be "Sued" and held for contempt for Title II discriminatory Acts, actions, As herein. See United States v Georgia 546 U.S. 151 (2006), and claims under said Statutes Are governed by the same standard. Cash v Smith, 231 F. 3d 1301, 1305 n. 2 (11th Cir 2000)(same).

Fourten has at least, forty-fifty (40-50) other people/persons with same-similar disabilities — whom Live throughout the Institution-whom have not been "transferred" As a result of being simple "disabled", like Chanat. Thus, Chanat has An Equal Protection claim-violation too-against the above named ADOC defendants. See for example Hatcher v Thomas, 2:14-CV-67-WHA, 2017 U.S. Dist. Lexis 14762, 2017 WL 712634, at 4-5 (M.J. Ala, Feb 1, 2017)

§13). Chanat's 5th, 14th Amend-Rights "to be treated Equally" has been violated by retaliatory transfer. See Bolling v Sharpe, 347 U.S. 497 (1954). Cf ASAP !!!

ADOC- consented to take actions to provide, protect Prisoner's under ADA-RA & Title II & 504, updates, those acts - omissions are now subject to "Equal Protection" claims for violations thereof-herein

Page 8 of 11

Both the 5th - 14th Amendment Rights "subject" Limitations upon Abor-defendants, herein-above. Thus when the State consented - it Established a particular right to Charest, and said rights must be equally applied - regarding treatment, benefits.

§(14) Charest avers under VI of Civil Rights Act of 1964 [ 42. USC § 2000 d et seq ] - while receiving federal funds are-have discriminated against Charest IN violation of 42-USC § 1997(d); 42-USC § 12181 et seq for Retaliation of Requesting benefits of ADA. - RA, Above.

All often-known Administrative Procedures-have been followed to no-avail, exhaustion of the above. Cf 29 USC § 794(a). Section 504 of Rehab Act of 1973 (RA). Also Supreme Court of McDonnell Douglas Corp, 411 u.s 792 (1973) framework relying on circumstantial evidence - alleging discrimination herein, see Durley AAAC, Inc. 236 F 3d 651, 657 (11th Cir 2000) holding McDonnell Douglas framework applies to ADA disability discrimination claims).

## Conclusion

Wherefore Plaintiff Shawn Charest pray That This Court would permit Amendment to Reed v Reed, Briggs v. Elliott under liberal construction Regarding concept

Page 9 of ___

violations by ADOC-agents-above. Including but NOT
Limited to Injunctive-declaritory Relief In the
Form of Returning Chrest by means of Federal
Order to C.F. Fountain Relating to 1st
Amendment Claim (violations) for Family ties,
Visitation-Resulting from Retaliation by said
ADOC Officials-above, when transferred Chrest
for Requesting ADA' accomodations, pursuant to
42 USC § 1997 (d), 42 USC § 12131 et seq.

Chrest does not seek "monitary-damage" but
only Injunctive-declaratory Remedy to be Restored back
to Fountain, and granted protection from future
Further Harrassment-retaliation by Cpt Knight,
Cpt McCrary, Lt Normon and Ms Person-
Cummings in light of said same-above, notifying
Statewide Coordinator Mrs Connie Rolb of ADA-
of said same "Remedies" to thwart furtherance of
discrimination by ADOC. forthwith.

Such other Injunctive-declaratory relief this
Court deems significant-sufficient to quell future,
Further acts, omissions by ADOC under "Consent"
decree's of Dunn, Braggs-above, in light of
ADA-RA-Rights Provided by Chrest

Done so this January 29th 2018

cc: file / Atty Gen office

Page 10 of 11

Continued:

## Certificate - of - Service

I hereby certify that I have served sent a true correct copy of said same Amendment upon the State - In C/o Honorable Steven Marshall AG - of Alabama - at 501 Washington Avenue Montgomery Alabama 36130, postage prepaid, first class, addressed - above - same.

Done so this January 27th 2018 [*]

28 USC 31746:

Done so under Penalty of perjury so help me God - the above true - correct to best of my 1st hand Knowledge, by of stating - by declaring - verifying the aforementioned is True - Correct

Respectfully Submitted

_____ #182262

_____

In Pro Per #182262
K Smith A & I
225 Sasser Drive
Fountain, Alabama
35570

1) Houston v. Lack, 487 U.S. 266 (1988)( Pro - se, mailbox - Rule - filed when delivered into AODOC for Court clerks to submit as timely, under prison mailbox - Rule . . . "; Inter alia

Page 11 of 11

Feb 22, 2017

ALABAMA DEPARTMENT OF CORRECTIONS

## INMATE REQUEST FOR ACCOMMODATIONS FORM

| Document number: | |
|---|---|
| Facility: G. K. Fountain Corr Fac. | Date received by Facility ADA Coordinator: |
| Inmate name: Charest Patrick | AIS#: 182262 |

Disability: Description of disability that requires an accommodation. Include any anticipated accessibility concerns. May attach additional sheet(s) if necessary.

ON A CANE Doc To Sergeay on Right leg! CAN'T STAND - Bend, Problems sitting on ground during Am Check-out! Requesting Institution Boild-Provide Permanent Benches Be Built on Both North-South and Ball Field to Accomodate my Special needs on Permanent Lay-IN?

Accommodation: Description of the accommodation(s) you are requesting, must be specific. *ADOC reserves the right to offer an alternative accommodation that is equally effective in accommodating your needs.*

REQUESTING: That Maintenance Build A few Permanent Benches on Its Assigned yards To Accomodate Special needs to, my ADA disability. Unable to Bend, sit down on grand- because of CANE - Surgery see Attached Diagram of Approval - Exh-1, Exh-2

By signing this form, I attest that the above information is true to the best of my knowledge and I am authorizing ADOC to evaluate the reasonableness of my request. Any information contained in this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations and will otherwise remain confidential. I understand that failure to cooperate with this process, including providing additional information, may result in denial of the requested accommodation.

| Inmate signature: | Date: |
|---|---|
| Facility ADA Coordinator Signature: | Date: |
| Approval: | Denial: |

Notes: *(include in addition to vital information whether granted, partially granted or alternative accommodation)*

2/22/17

ADA Attachment    2-27-17

## Exhibit - 1 #

Page 1 of —

<u>North Yard:</u>

Bleachers          Bleachers

Fence Line

Back Gate

ICS

Inna Fence
*****×****

Weight Pile

Bathroom

Rock

x Inner
x Fence
xx x v xx

Bleachers

Grass — Track

Bleachers

Fence Line

Bleachers

Bleachers

Bleachers

o goal post

Basketball Court

o goal post

Bleachers

Dorm 2
Bathroom

Bleachers

Dorm 4
Bathroom

Fence Line

Exh-#1

Page 2 of 2



Bench   Diagrams -   Proposal Phase ?

ADA Attachment

Exhibit - #2

South Yard:

5-6 yard

Gate

track

Weight Pile

Bld

Door

Bld

Bleachers    Bleachers

Bleachers

Bleachers    Bleachers

TRACK

TRACK

Bleachers

Bleachers

Horse Shoe Pit

O goal post

Basketball Court

T R A C K

Gate

Gate

Gate

Side Walk

7 - Dorm

TRACK

Fence

Tower Fence

Tower Fence

TRACK

Tere



ADOC/CMS                                    March 1st, 2017

ATTENTION: S. Geohagen/CRNP

IN RE:        (Health Care Comm Form) FCF

Dear Mr. Geohagen, sir;

Greetings- couldn't help to Notice that after I left your office - that my _New_ Profile Sheet for Bed & Standing was missing: "No Standing for more than 10 min. and "Sports Restrictions- Actions" that I'm permitted - and Not permitted?

Please Note the Restrictions Noted on My Past Profiles & Correct & Rewrite Anew Issue showing such so I'm Not Denied the Exercise & Compliance for Rehabilitation Purposes- Okay?

3/1/17

II 192202

CC: file.

ALABAMA DEPARTMENT OF CORRECTIONS

## INMATE REQUEST FOR ACCOMMODATIONS FORM

| Document number: | |
|---|---|
| Facility: *J. K. Fountain Corr. Fac.* | Date received by Facility ADA Coordinator: |
| Inmate name: *Patrick Joseph Chumet* | AIS#: *182262* |

Disability: Description of disability that requires an accommodation. Include any anticipated accessibility concerns. May attach additional sheet(s) if necessary.

*Requesting to placed before a Real Dentist, for tooth decay, repair and to be fitted with dentures so I can eat, chow food, and No be In pain - with Bleeding Gums - tooth decay - left to further Rot?*

Accommodation: Description of the accommodation(s) you are requesting, must be specific. *ADOC reserves the right to offer an alternative accommodation that is equally effective in accommodating your needs.*

*1) giving Adequate Appointment with a Real Dentist; 2) Given some dentures to eat, chew food; 3) giving Routine - scheduled Adequate treatment plan - Review of teeth, Gums because I Suffer daily pain. bleeding of teeth - gums.*

By signing this form, I attest that the above information is true to the best of my knowledge and I am authorizing ADOC to evaluate the reasonableness of my request. Any information contained in this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations and will otherwise remain confidential. I understand that failure to cooperate with this process, including providing additional information, may result in denial of the requested accommodation.

| Inmate signature: *put that prejudice* | Date: *October 25, 2017* |
|---|---|
| Facility ADA Coordinator Signature: | Date: |

| Approval: | | Denial: |
|---|---|---|

Notes: *(include in addition to vital information whether granted, partially granted or alternative accommodation)*

*10/25/17*

FCF

2nd Request

ALABAMA DEPARTMENT OF CORRECTIONS

# INMATE REQUEST FOR ACCOMMODATIONS FORM

| Document number: | |
|---|---|
| Facility: S. L. Fountain Corr Fac. | Date received by Facility ADA Coordinator: Dec 21st, 2017 |
| Inmate name: Patrick J Chaney | AIS#: 182262 |

Disability: Description of disability that requires an accommodation. Include any anticipated accessibility concerns. May attach additional sheet(s) if necessary.

× Have severe Back-problems - Injuries sustained over years - need bed accomadations (Xtra mattress) & A New Back-Brace-please? Already spoke to Warden K. Peters Also

Accommodation: Description of the accommodation(s) you are requesting, must be specific. *ADOC reserves the right to offer an alternative accommodation that is equally effective in accommodating your needs.*

By signing this form, I attest that the above information is true to the best of my knowledge and I am authorizing ADOC to evaluate the reasonableness of my request. Any information contained in this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations and will otherwise remain confidential. I understand that failure to cooperate with this process, including providing additional information, may result in denial of the requested accommodation.

| Inmate signature: | Date: |
|---|---|
| Facility ADA Coordinator Signature: | Date: |

| Approval: | Denial: |
|---|---|

Notes: *(include in addition to vital information whether granted, partially granted or alternative accommodation)*

12/21/17

FCF

FCF-17-C0016

| Medical Referral | | |
|---|---|---|
| ☐ URGENT (1 day) | ☑ NON-URGENT (3 days) | |

Decision:

Patient has been referred to chronic care provider for specific requests. Review of medical record reflects appropriate current profiles. Requests will be addressed by provider if appropriate

Medical Professional Signature: _Ullthen_ HSA     Date: 1/09/18

**Appeal of Denial of Request for Accommodation**

Description of reason(s) for appeal:

By signing this form, I attest that the above information regarding this request for appeal is true to the best of my knowledge and I am authorizing ADOC to evaluate the reasonableness of my request. Any information contained in this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations and will otherwise remain confidential. I understand that failure to cooperate with this process, including providing additional information, may result in denial of the requested accommodation.

| Inmate signature: | Date: |
|---|---|
| Statewide ADA Coordinator Signature: | Date: |

| Approval: | Denial: |
|---|---|

Notes:

| Response returned to Inmate | Date: |
|---|---|
| File Copy: | Date: |
| Appeal received: | Date: |
| Referred to Medical: | Date: |
| Medical decision returned: | Date: |

HAIT

Inmate File [Original]
ADA Coordinator
Inmate Copy

ALABAMA DEPARTMENT OF CORRECTIONS

## INMATE REQUEST FOR ACCOMMODATIONS FORM

1/22/18

| Document number: | |
|---|---|
| Facility: Hamilton A & I | Date received by Facility ADA Coordinator: |
| Inmate name: Charest Patrick J | AIS#: 182262   C-11 |

Disability:  Description of disability that requires an accommodation.  Include any anticipated accessibility concerns.  May attach additional sheet(s) if necessary.

Had Surgery on Lower Right Leg - No feeling - In foot at Times. Other Times Sharp pains - Requesting therapy plan for Recovery of Use on Leg please Request

Accommodation:  Description of the accommodation(s) you are requesting, must be specific.  ADOC reserves the right to offer an alternative accommodation that is equally effective in accommodating your needs.

Had Been previously Appraised on/or about Jan 17-18th 2018 for a three (3) day pre-scheduled Appointment on Treatment - Follow up on Right Leg - foot Area - left temporarily Use less often more than Not - Needs, therapy

By signing this form, I attest that the above information is true to the best of my knowledge and I am authorizing ADOC to evaluate the reasonableness of my request.  Any information contained in this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations and will otherwise remain confidential.  I understand that failure to cooperate with this process, including providing additional information, may result in denial of the requested accommodation.

| Inmate signature: | Date: January 22, 2018 |
|---|---|
| Facility ADA Coordinator Signature: | Date: |
| Approval: | Denial: |

Notes:  *(include in addition to vital information whether granted, partially granted or alternative accommodation)*

Copy

RECEIVED
Statewide ADA Coordinator

FEB 1 6 2018

Alabama Department of Corrections

ALABAMA DEPARTMENT OF CORRECTIONS

## INMATE REQUEST FOR ACCOMMODATIONS FORM

Document number: _18-NAIF-0002_

| Facility: | Date received by Facility ADA Coordinator: 2/02/18 |
|---|---|

| Inmate name: _Marvel Patnuk_ | AIS#: _182262_ |
|---|---|

Disability: Description of disability that requires an accommodation. Include any anticipated accessibility concerns. May attach additional sheet(s) if necessary.

In accordance with Olmstead US L.C, (decision) 527 US 581 (1999), Under ADA Accomodations (42 USCE 12132), I wish desire to be transferred closer to home for family ties. to enable me (then) to engage in close communications - which Allows-me "opportunity to Live closer to family).

Accommodation: Description of the accommodation(s) you are requesting, must be specific. ADOC reserves the right to offer an alternative accommodation that is equally effective in accommodating your needs.

Requesting to be transferred back to Fountain on Atmore Alabama - where I was before ADOC "retaliated" against me!

By signing this form, I attest that the above information is true to the best of my knowledge and I am authorizing ADOC to evaluate the reasonableness of my request. Any information contained in this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations and will otherwise remain confidential. I understand that failure to cooperate with this process, including providing additional information, may result in denial of the requested accommodation.

| Inmate signature: _182262_ | Date: February 2nd, 2018 |
|---|---|
| Facility ADA Coordinator Signature: _Cynthia Langley_ | Date: 2/13/18 |

Approval: ___  Denial: ___

Notes: (include in addition to vital information whether granted, partially granted or alternative accommodation).

Grade-un-grade: This is classification issue that was discussed in meeting on 2/6/18 with Mrs Fox, Classification Specialist. Must have 6 month clean disciplinary record here before putting in for transfer.

Copy

Page 1 of 3

Doc# 18-8/ATF-0003

Sta_____ A Coordinator
F____ 6 2018
Alaba____ D_____ of Corrections

## Medical Referral

☐ URGENT (1 day)    ☐ NON-URGENT (3 days)

Decision:

N/A

| Medical Professional Signature: | | Date: N/A |
|---|---|---|

### Appeal of Denial of Request for Accommodation

Description of reason(s) for appeal: Because my Title II ADA "request" absolutely Nothing to do with ADOC-classification Adm-reg or 6 months Clean-Record! Olmstead is the U.S. Sup Ct, controlling-holding; Legally predicating under II I have a right to be placed in a Community based setting - rather than at an

By signing this form, I attest that the above information regarding this request for appeal is true to the best of my knowledge and I am authorizing ADOC to evaluate the reasonableness of my request. Any information contained in this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations and will otherwise remain confidential. I understand that failure to cooperate with this process, including providing additional information, may result in denial of the requested accommodation.

| Inmate signature: within my walce | Date: 14 Feb 2018 |
|---|---|
| Statewide ADA Coordinator Signature: see attached page 3 | Date: |

| Approval: | Denial: |
|---|---|

Notes: Institutional-based setting, such as Hamilton Aged-Infirmed See attached five (5) Sheets (6 of 6)

| Response returned to Inmate | Date: |
|---|---|
| File Copy: | Date: |
| Appeal received: | Date: |
| Referred to Medical: | Date: |
| Medical decision returned: | Date: |

Doc # 18-HAIF-0003          Attached-sheet

Charest vs ADOC et. al.          14 Feb, 2018

## Disability Appeal

Continued:                    Part II

The Olmstead Court has "clearly-established" as invoked-herein, for legal: "Retention at a hospital-setting" like Hamilton A & I, "absent my consent-approval" in light of my previous ADA-request for "therapy" my post-op "treatment-care" as approved by Cpt. Willie Knight - the ADA-Coordinator at C. K. Fountain (Atmore-Alabama) in Dec of 2017 - January of 2018 - is in fact "Retaliation".

The "unnecessary" institutionalized segregation to Hamilton A & I, an "aged-infirmed" setting amongst other disabled (Inmates-Convicts) is itself an ADA-Title II "violation" too! See also Title 28 C.F.R. § 35.130(b)(7) - the controlling Congressional regulation for Title II rationals

"Isolation and Segregation of disabled person(s)," such as Charest "by persons in state entities, is a form of discrimination." See §§ 12101(a)(2) and Subsection (5) - as noted herein, "persistent discrimination in such critical areas is institutionalization." See § 12101 (a)(3)(violations).

I've asked-requested pursuant to Title II of ADA - to be "transferred" back to Fountain (a community-setting) environment alongside others Not-disabled, but under ADA-application-approval by ADOC - and Consent decree of Dunn vs Dunn; and Braggs vs. Dunn @ CV-2014-601!

Meeting the ADA criteria as an Individual with known "disabilities" entitles me to Request accomodations - absent "discrimination" by ADOC - as herein in violation of title II of ADA-Consent decree's!

Page 2 8 6

PART II   Doc # 18 - HAIF - 0003          Attached-Sheet

Continued:   C.F.R. § 35.130(b)(7) - Required that a
public entity as is both Fountain, & Hamilton - through the
"STATE" agency to make reasonable modifications in their
existing programs: (services treatment, care - recreationally -
vocational) offers! & Hamilton A & I offers None

ADOC's "transfer" of me to & Hamilton Aged - Infirm
(an Institutionalized - settings) was, its "retaliation" by
ADOC (I.e, Cpt Willie Knight, Cpt McCurry, Lt.
Norman) for Chavot's requesting ADA accommodations
(I.e, his pest-op therapy) which was previously approved
by Cpt - Knight at Fountain. See ADA Form #
"FCF-17-00016" dated January 9th, 2018.

My December 21st, 2017 request for Title II
ADA accommodations was for an xtra mattress and renewed
back-brace; As ADOC at Fountain provided similar others
with "disabilities," but I was denied said accommodation -
And my January 2018 - Request was merely my 2nd follow
up "ADA-request" for "Services, adequate treatment -
Care" which ADOC has "denied" ??? See § 12132
violations of ADA (Title II prohibitions). Olmstead,
supra.

The Olmstead - holding - held: "Under Title II
of the ADA - states are required to provide persons with disabilities
with community-based treatment (settings) rather than being
placed on Institutional ("settings) like & Hamilton
Aged. Infirmed.

This Institutional denial (transfer) back to
Fountain (my 1st Amendment Right for Visitations - and also
Communications - family - friends) is In fact an ADA -
title II violation under Olmstead, supra   See also
42 USC § 12132 et. seq, strictures on appeal.

Page 3 of 6

(Part II) Doc # 18-HAII-0003     (Attached-Sheets)

Continued: Under Title II of ADA - "No qualified Individual with disabilities shall be - excluded from Participation, benefits of public entity's services, programs, or Activities." § 12132.

Chanost Asserts - avers for "Appeal" purposes-and approval Justice Ginsburg's opinion - in Olmstead:

"Unjustified placement or retention of persons in Institutionalized (settings) severely limits their exposure to the outside community (settings) and therefore constitutes a form of discrimination based on disability prohibition(s) by Title II and

2) Qualifies (ADOC's) Obligation to avoid unjustified Isolation of [Chanost] an individual with disabilities..." Id at p. 546-supra.

Your denial of my transfer back to Fountain, under my First - Fourteenth Amendments for "communicating services, programs benefits" of family - friend ties, Is by ADA definitions - an Undue discrimination - by Reason of my disabilities - Is the sole Unjust Reason Why I was Retaliatorily - transferred here by ADOC on January 19th, 2018.

In accordance with Olmstead, supra; the ADA - through Congress Accepted a more comprehensive Review - concept of discrimination - as advanced, used by ADA - Which Chanost Involves - herein: "The Developmentally Disabled Assistance and Bill of Rights Act and the "Rehabilitation Act of 1973 secures opportunities

Page 4 of 6

PART I   Doc # 18 HAIF-0203   _Attached Sheets_

_Continued:_ for people with disabilities to enjoy the benefits of community living." _Idot p. 547, supra._

ADA both — requires all public entities — which ADOC is by Title II definitions, And Commissioner Richard Dunn's "consent-decree's" in 2014, by Approval of U.S. Dist Judge Myron Thompson — that ADOC is to refrain from discrimination. See § 12132 Invoked-herein.

ADA Identifies this "placement of Chavet" at this "Institutional" setting as a form of segregation of a person with a disability — and a form of statutory discrimination under 42 USC § 12101(a)(2) And § 1210(a)(5).

I am averring — alerting to you — your office — Mrs Langley — Mrs Connie Rich, that the "unjustified segregation and transfer (denial) under Title II of ADA pursuant to _Olmstead_ — Holding — above, reflects two evidentiary discriminatory judgments:

", ) Institutionalized placement of Chavet at Hamilton Aged-Infirmed, as a person whom had handled the benefit, services of living within Fountain's Rules-Regulations, An otherwise community setting — Now perpetuates unwarranted assumptions that Chavet must be, shald be Isolated at Hamilton A & I — was or is Incapable or Unworthily of participating in a Community setting — such as Fountain Is !, and

"2) Hamilton's confinement severely diminishes Chavet's everyday Life's

_Page 5 of 6_

Part II    Doc#18-NAIT-C003    Attached sheets

Continued: Activities - Charost was enjoying when he lived at Fountain - amongst others Not-Disabled. Charost is being dissimilarly treated-as a person with disabilities-while others having worse disabilities at Fountain in K-dorm (some twenty-thirty handicapped) in wheelchairs, canes-remain therein Also over the age of thirty-five (35) and actually Infirm-have not be transferred to Hamilton A&I ?"

O/nstead, sozen. Nothing in ADA condones the termination of Charost otherwise living at Fountain under Title I - through regulations U.S. Congress Implemented States Obey !!!

Nor is there any rational basis for denial of transferring Charost back to Fountain - now. Because federal regulations invoked - say that "Institutionalized - Treatment, settings-as in Hamilton Aged-Infirmed," is imposed upon Charost absent his acceptance - approval - of his otherwise "ADA requests" submitted!

See Title 28 USC§1746: I aver attest under oath, Affirmation the above to be based upon Competency to attest, over the age of 19-older, having 1st Hand, Knowledge of the facts-above being true Correct So help me Jehovah-God."

Not Withstanding Otherwise!

Respectfully Submitted

Charost T. Charost 18 2002
By: Thurl Overjudice UCC

CC: file
U.S. Att'y Gen office.

Page 6 of 6

| AIS#: 182262 | Inmate name:  Pat Charest | Document #:   18-HAIF-0003 |
|---|---|---|

## Medical Referral

☐ URGENT Response (1 day)        ☐ NON-URGENT Response  (3 days)

Decision:

| Medical Professional Signature: | Date: |
|---|---|
| see attached appeal | |

## Appeal of Denial of Request for Accommodation

Description of reason(s) for appeal:

See attached appeal dated February 14, 2018 document 18-HAIF-003.

By signing this form, I attest that the above information regarding this request for appeal is true to the best of my knowledge and I am authorizing ADOC to evaluate the reasonableness of my request.  Any information contained in this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations and will otherwise remain confidential.  I understand that failure to cooperate with this process, including providing additional information, may result in denial of the requested accommodation.

| Inmate signature: | Date: |
|---|---|
| see page 2 | |

| Statewide ADA Coordinator Signature: | Date: 3/5/18 |
|---|---|
| Approval: | Denial:   CR |

Notes:

Your request for transfer stating violation of the ADA Title II integration mandate and Olmstead v. L.C. is unsupported.  Inmate should complete an inmate request slip to be placed on the transfer list for Fountain CF through classifications at Hamliton A&I.  Your charge of retaliation under the ADA is unsubstantiated. Captain Knight referred inmate to medical on request for accommodations FCF-17-00016, which medical stated "... referred to chronic are provider ... medical records reflect appropriate current profiles. Requests will be addressed by provider if appropriate."  Inmate should complete a sick call slip for therapy and post-op "treatment care" as he stated in attached letter.  Office of  Health Service (consultant Corizon) is the ADOC department that can determine your need for healthcare services (i.e. medical/dental appointments or treatment).

| Response returned to Inmate | Date:  appeal 3/5/18 |
|---|---|
| File Copy: | Date:        appeal 3/5/18 |
| Appeal received: | Date:        2/16/18 |
| Referred to Medical: | Date: |
| Medical decision returned: | Date: |

*In re: ADA-Accomodation Request For Transfer 2/13/18 denial*

DOC N 934

## CLASSIFICATION APPEAL FORM

INSTITUTION: Hamilton A & I   DATE: 2/14/2018

NAME: Charest, Patrick   AIS#: 182262

I. CLEARLY SATE THE DECISION THAT IS BEING APPEALED: Class-Mrs Fox is Request to Returned to Fountain, In Atmore, Alabam Because of ADA-retaliation by ADC ? ? ?

II. BRIEFLY AND CLEARLY STATE YOUR REASON FOR APPEALING: My Legal Rationale comes thru Title II of ADA, §12131 discrimination: Section 4.10 of Internal Transfers Runs afoul to Olmstead vs L.C. 527 U.S.581 (1999) holdings.

INMATE SIGNATURE

*Wardon Prejudice UCC*

III. COMMENTS OF WARDEN/CLASSIFICATIONPERSONNEL: This is not a custody issue, therefor is not appealable.

_____

WARDEN SIGNATURE        2-16-18
                        DATE

CLASSIFICATION SIGNATURE   2/15/18
                           DATE

• • • • • • • • • • • • • • • • • • • • • • • • • • •
              DO NOT WRITE BELOW THIS LINE
• • • • • • • • • • • • • • • • • • • • • • • • • • •

APPEAL GRANTED: _____   DENIED: _____

          DATE: _____

COMMENTS: _____

_____

_____   2/15/18

Attachment 8.3.

HAIT

& Braggs v Dinn
2014-CV-601
et. seg

ALABAMA DEPARTMENT OF CORRECTIONS

## INMATE REQUEST FOR ACCOMMODATIONS FORM

Document number:

Facility: N. A. I. F.

Date received by Facility ADA Coordinator:

Inmate name: CHAREST, PATRICK

AIS#: 182262

Disability: Description of disability that requires an accommodation. Include any anticipated accessibility concerns. May attach additional sheet(s) if necessary.

Have-again Flaring up my Irr bc Bowel Syndrome (S.B.I.) or possible Colitis discharging - requiring ADA-services - Needs of Care-please?

Accommodation: Description of the accommodation(s) you are requesting, must be specific. *ADOC reserves the right to offer an alternative accommodation that is equally effective in accommodating your needs.*

Requesting be furnished Another weekly Issue-Issuance of 2 Rolls- per week, And Chronic Apparel/under Title II of this - Impairment Due to Bowel problems, and possible permission to Shaver Immediately Afterwards due to soiling of Underwear-clothes?

By signing this form, I attest that the above information is true to the best of my knowledge and I am authorizing ADOC to evaluate the reasonableness of my request. Any information contained in this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations and will otherwise remain confidential. I understand that failure to cooperate with this process, including providing additional information, may result in denial of the requested accommodation.

Inmate signature: 182262

Date: February 28th 2018

Facility ADA Coordinator Signature:

Date:

Approval:                     Denial:

Notes: *(include in addition to vital information whether granted, partially granted or alternative accommodation)*

2/28/18

| Medical Referral | | |
|---|---|---|
| ☐ URGENT (1 day) | | ☐ NON-URGENT (3 days) |

| Decision: | |
|---|---|
| | |

| Medical Professional Signature: | Date: |
|---|---|

| Appeal of Denial of Request for Accommodation | |
|---|---|

Description of reason(s) for appeal:

By signing this form, I attest that the above information regarding this request for appeal is true to the best of my knowledge and I am authorizing ADOC to evaluate the reasonableness of my request. Any information contained in this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations and will otherwise remain confidential. I understand that failure to cooperate with this process, including providing additional information, may result in denial of the requested accommodation.

| Inmate signature: | Date: |
|---|---|
| Statewide ADA Coordinator Signature: | Date: |

| Approval: | Denial: |
|---|---|

Notes:

| Response returned to Inmate | Date: |
|---|---|
| File Copy: | Date: |
| Appeal received: | Date: |
| Referred to Medical: | Date: |
| Medical decision returned: | Date: |

*In re: Edward Braggs, et al. v. Dunn*
*2014-CV-601*
*Olmstead v. L.C;*
*527 USC 581*
*(1999)*

ALABAMA DEPARTMENT OF CORRECTIONS

## INMATE REQUEST FOR ACCOMMODATIONS FORM

Document number: 18-HAIF-0014

| Facility: Hamilton A & I | Date received by Facility ADA Coordinator: 3/01/18 |
|---|---|
| Inmate name: Patrick Joseph Chavers | AIS#: 182262 |

Disability: Description of disability that requires an accommodation. Include any anticipated accessibility concerns. May attach additional sheet(s) if necessary.

Reoccurance of thoughts to Use Drugs; Need Substance Abuse Class - Treatment Program; and desire Educational Class - Program of Welding Before I come up for Parole. Please; thru Walking Cane Trying to Re-Aligh Right Leg Left Limp

Accommodation: Description of the accommodation(s) you are requesting, must be specific. *ADOC reserves the right to offer an alternative accommodation that is equally effective in accommodating your needs.*

To Be transferred Back to Fountain to take up Welding - S.A.P. - Class and Exercise my 1st Amendment Right to Religous Association of Jehovah Witnesses - two / three Times a week

By signing this form, I attest that the above information is true to the best of my knowledge and I am authorizing ADOC to evaluate the reasonableness of my request. Any information contained in this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations and will otherwise remain confidential. I understand that failure to cooperate with this process, including providing additional information, may result in denial of the requested accommodation.

| Inmate signature: | Date: March 1st, 2018 |
|---|---|
| Facility ADA Coordinator Signature: Cynthia Stanaland | Date: 3/13/18 |

Approval: Alternative Accommodation   Denial:

Notes: *(include in addition to vital information whether granted, partially granted or alternative accommodation)*

This is a transfer / Classification issue. We discussed in previous requests. You must be here 6 months with a clear disciplinary record to be considered for transfer. There is a class on PTSD Drug Awareness that begins this month at this facility. You may put in a request to Ms. Damone in Mental Health here to be included in this class. There are also other psychological classes offered here. _____ 3/13/18

| Medical Referral | |
|---|---|
| ☐  URGENT  (1 day) | ☐  NON-URGENT  (3 days) |

| Decision: | |
|---|---|
| | |
| Medical Professional Signature: | Date: |

| Appeal of Denial of Request for Accommodation | |
|---|---|

Description of reason(s) for appeal:




By signing this form, I attest that the above information regarding this request for appeal is true to the best of my knowledge and I am authorizing ADOC to evaluate the reasonableness of my request.  Any information contained in this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations and will otherwise remain confidential.  I understand that failure to cooperate with this process, including providing additional information, may result in denial of the requested accommodation.

| Inmate signature: | Date: |
|---|---|
| Statewide ADA Coordinator Signature: | Date: |

| Approval: | | Denial: |
|---|---|---|

| Notes: | |
|---|---|

| Response returned to Inmate | Date: 3/13/18 |
|---|---|
| File Copy: | Date: 3/06/18   3/13/18 |
| Appeal received: | Date: |
| Referred to Medical: | Date: |
| Medical decision returned: | Date: |

HAIF.

*Briggs v Dunn*
*2:14-CV-601*

ALABAMA DEPARTMENT OF CORRECTIONS

## INMATE REQUEST FOR ACCOMMODATIONS FORM

Document number: 18-HAIF-0017

| Facility: Hamilton A & I | |
|---|---|
| | Date received by Facility ADA Coordinator: 3/05/18 |
| Inmate name: Patrick T Chanet | AIS#: 182262 |

Disability: Description of disability that requires an accommodation. Include any anticipated accessibility concerns. May attach additional sheet(s) if necessary.

Have Right-leg in my Wheeling on Cane; I have grave concerns regarding Accessibility to B-Dorm for Worshiping — purposes (1st Amd) and general visits — If Need be, to friends - brothers in faith

Accommodation: Description of the accommodation(s) you are requesting, must be specific. *ADOC reserves the right to offer an alternative accommodation that is equally effective in accommodating your needs.*

That Maintenance place-out Non-Skid steps-pads onto stairs-made out-of-wood-slippery when wet-Raining or meaning moisture-dew. This way me-others will be protected-maybe Accen-Absent Injuries-dangers due to wet-stairs

By signing this form, I attest that the above information is true to the best of my knowledge and I am authorizing ADOC to evaluate the reasonableness of my request. Any information contained in this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations and will otherwise remain confidential. I understand that failure to cooperate with this process, including providing additional information, may result in denial of the requested accommodation.

| Inmate signature: | Date: March 3rd 2018 |
|---|---|
| Facility ADA Coordinator Signature: Cynthia Gensler | Date: 3/13/18 |
| Approval: 1822m | Denial: |

Notes: *(include in addition to vital information whether granted, partially granted or alternative accommodation)*

3/13/18
Maintenance ordered Non-Skid Strips and will be placed as soon as received.

| Medical Referral | |
|---|---|
| ☐ URGENT (1 day) | ☐ NON-URGENT (3 days) |

| Decision: | |
|---|---|
| | |
| Medical Professional Signature: | Date: |

| Appeal of Denial of Request for Accommodation | |
|---|---|
| Description of reason(s) for appeal: | |

By signing this form, I attest that the above information regarding this request for appeal is true to the best of my knowledge and I am authorizing ADOC to evaluate the reasonableness of my request. Any information contained in this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations and will otherwise remain confidential. I understand that failure to cooperate with this process, including providing additional information, may result in denial of the requested accommodation.

| Inmate signature: | Date: |
|---|---|
| Statewide ADA Coordinator Signature: | Date: |

| Approval: | Denial: |
|---|---|
| Notes: | |

| Response returned to Inmate | Date: 3/13/18 | |
|---|---|---|
| File Copy: | Date: 3/06/18 | 3/13/18 |
| Appeal received: | Date: | |
| Referred to Medical: | Date: | |
| Medical decision returned: | Date: | |

ALABAMA DEPARTMENT OF CORRECTIONS

# INMATE REQUEST FOR ACCOMMODATIONS FORM

| Document number: 18-HAIF-0016 | |
|---|---|
| Facility: Hamilton A & I | Date received by Facility ADA Coordinator: 3/05/18 |
| Inmate name: Patrick Joseph Charest | AIS#: 182262 |

**Disability:** Description of disability that requires an accommodation. Include any anticipated accessibility concerns. May attach additional sheet(s) if necessary.

Missing a majority of required "teeth" to chew, Eat food... under ADA - Title 42 USC § 12102 (2) As Used in Act, Called Impairment - limiting my Abilities to " Eat " manditing dentures!

**Accommodation:** Description of the accommodation(s) you are requesting, must be specific. *ADOC reserves the right to offer an alternative accommodation that is equally effective in accommodating your needs.*

Requesting an Accommodation - Recommendation To ADOC - Medical Providers For Dentures, Partial or otherwise... under ADOC Consent decree! Dunn v Dunn Braggs v Dunn

By signing this form, I attest that the above information is true to the best of my knowledge and I am authorizing ADOC to evaluate the reasonableness of my request. Any information contained in this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations and will otherwise remain confidential. I understand that failure to cooperate with this process, including providing additional information, may result in denial of the requested accommodation.

| Inmate signature: _[signature]_ 182262 | Date: March 4th 2018 |
|---|---|
| Facility ADA Coordinator Signature: Cynthia Sandlers | Date: 3/13/18 |
| Approval: Partially approved | Denial: |

**Notes:** *(include in addition to vital information whether granted, partially granted or alternative accommodation)*

This is something that will have to be evaluated with Medical. You must put in a request slip to Medical to see the dentist. Spoke with Medical and you have been placed on list to see the dentist.

_[signature]_ 3/13/18

Page 1 of 2

| Medical Referral |
|---|

| ☐ URGENT (1 day) | ☐ NON-URGENT (3 days) |
|---|---|

**Decision:**

| Medical Professional Signature: | Date: |
|---|---|

| Appeal of Denial of Request for Accommodation |
|---|

Description of reason(s) for appeal:

By signing this form, I attest that the above information regarding this request for appeal is true to the best of my knowledge and I am authorizing ADOC to evaluate the reasonableness of my request. Any information contained in this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations and will otherwise remain confidential. I understand that failure to cooperate with this process, including providing additional information, may result in denial of the requested accommodation.

| Inmate signature: | Date: |
|---|---|
| Statewide ADA Coordinator Signature: | Date: |

| Approval: | Denial: |
|---|---|

Notes:

| Response returned to Inmate | Date: 3/13/18 |
|---|---|
| File Copy: | Date: 3/06/18   3/13/18 |
| Appeal received: | Date: |
| Referred to Medical: | Date: |
| Medical decision returned: | Date: |

*IN RE: ADA Violation 2-27-17*

*ORIGINAL COPY*

# Title II of the Americans with Disabilities Act / Section 504 of the Rehabilitation Act of 1973
## Discrimination Complaint Form

*3/8/17*

Instructions: Please fill out this form completely, in black ink or type. Sign and return it to the address on page 3.

Complainant: _CHAREST, Patrick Joseph #182262_

Address: _C/o G. K. Fountain Correctional Facility_

City, State and Zip Code: _9971 Hwy - North #21_
_Atmore, Alabama, 36503_

Telephone: Home: _Unknown_   Business: _Un Known_

---

Person Discriminated Against: (if other than the complainant)

Address: _N/A_

City, State and Zip Code:

Telephone: Home: _N/A_   Business: _N/A_

---

Government, or organization, or institution which you believe has discriminated:

Name: _Alabama Dep't of Corrections, I.E Captain Knight et al_

Address: _C/o 9677 Hwy # 21, North @ G. K. Fountain Corr._

County: _Escambia_   City: _Atmore_

State and Zip Code: _N/A, 32502_   Telephone Number: _UN/Known_

---

When did the discrimination occur?   Date: _February 28 - March 2ND 2017_

OMB No. 1190-0009  Exp. Date 10/31/2000

*Physical*
*Physical*

Describe the acts of discrimination providing the name(s) where possible of the individuals who discriminated (use space on page 3 if necessary): ON or about Feb 28 thr March 3RD 2017 Cpt. Knight called-caught me on North Yard and To10 me he would'nt otheravise - sign, date, Nor turn in my Inmate Request For Accomadatuns form, with Two (2) Exhibits for my special needs due to disabilities defined 42 USC §12101 et al. I expressed that the Dunn vs. Dunn, 2:14CV601 MHT - consent decree stated "shall" sign-turn over to Dep'T Responsible for grant - or denial, see pages 10 - 11 of Phase I, Final Settlement Opinion - Order by Judge M. Thompson 9-9-16. See Pg 3 Additional Page

Have efforts been made to resolve this complaint through the internal grievance procedure of the government, organization, or institution?   Yes ☒  No ☐

If "yes" what is the status of the grievance? Requested any policy - procedural forms by ADOC for grievance, Appeal form - None has either been Effectuated by ADA Cordinator ADOC or otherwise. So I wrote Legal Counsel for Class and Justice Dept.

Has this complaint been filed with another bureau of the Department of Justice or any other Federal, State, or local civil rights agency or court?   Yes ☒  No ☐

If "yes":

Agency or Court: U.S. Dep'T of Justice Civil Rights Section

Contact Person: Title 42 USC §12101 et al Investigators

Address: P. O. Box 66738

City, State and Zip Code: Washington D.C., 20035-6738

Telephone Number: UNKNOWN

Date Filed: March 8th, 2017

2

Do you intend to file with another agency or court?

Agency or Court: _Not unless the Dep't fails to_

Address: _Otherwise Notify me of Receipt &_

City, State and Zip Code: _Investigation ASAP forthwith ?_

Telephone Number: _____

---

Additional space for answers: _Cpt Knight (ADOC et al) has deprived me,
denied me Access to its minimum guide Lines - Existing
or the required consent agreement mandate practice,
procedures by Hindering - Obstructing - denying me
Access for Accomodations due to Lack of training
for proper purposes of II & III of 42 USC §12031
(definitions) mandating Either Compliancy or Result's
in Fed Violation of ADA, due to my documented
Impairments suffered, ongoing Currently Recorded at
ADOC health Care (H.I.P.P.A.) protected. Adopted herein
Sections 42 §12704(a-b) Contents are otherwise hidden
too Violating Fed Uniform Accessibility Standards"
1 At C.F.R. Fountain Corr Fac, Atmore Alabama_

Signature: _____ #182220   J. O. Davis Atmore
Work Center
C.F. A1_

Date: _3-8-2017_

Return to:
        U.S. Department of Justice
        Civil Rights Division
        Disability Rights Section
        P.O. Box 66738
        Washington, DC  20035-6738

3

*Inmate Dowdell vs Dunn 2:14-CV-601-MHT*
*Bragg vs Dunn 2:14-CV-61-MHT*

FCF

ALABAMA DEPARTMENT OF CORRECTIONS

# INMATE REQUEST FOR ACCOMMODATIONS FORM

| Document number: # | |
|---|---|
| Facility: <br> G. K. Fountain Corr. Facility | Date received by Facility ADA Coordinator: |
| Inmate name: <br> Charest, Patrick | AIS#: <br> 182262 |

Disability: Description of disability that requires an accommodation. Include any anticipated accessibility concerns. May attach additional sheet(s) if necessary.

Had Have Leg Injury-Right Leg-ankle due to Surgery; still on Walking Cane; Requesting Adequate "physical-therapy" to Regain my strength-Knowledge how to deal with Pain-suffering-Resulting from Loss of Use of Limb? Request For Out patient Therapist please

Accommodation: Description of the accommodation(s) you are requesting, must be specific. *ADOC reserves the right to offer an alternative accommodation that is equally effective in accommodating your needs.*

<br><br><br><br><br>

By signing this form, I attest that the above information is true to the best of my knowledge and I am authorizing ADOC to evaluate the reasonableness of my request. Any information contained in this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations and will otherwise remain confidential. I understand that failure to cooperate with this process, including providing additional information, may result in denial of the requested accommodation.

| Inmate signature: <br> 182262 | Date: 3-14-2017 |
|---|---|
| Facility ADA Coordinator Signature: | Date: |

| Approval: | | Denial: |
|---|---|---|

Notes: *(include in addition to vital information whether granted, partially granted or alternative accommodation)*

3/14/17

*(handwritten annotations at top: "IN RE:", "AH-Y", "Co", "Mobile", "FCP", "3/15/17", "#10-67-CG", "#15-14119-F", "ADA of 1990, Rehabilitation Act")*

**United States Attorney's Office**
*Southern District of Alabama*

## Civil Rights Complaint Form

The United States Attorney's Office (USAO), in coordination with the Civil Rights Division of the United States Department of Justice, is charged with enforcing the federal civil rights laws throughout the Southern District of Alabama. We therefore welcome information from the public that brings to our attention possible violations of our Nation's civil rights laws. The USAO is primarily a litigating office and not an investigative office. The information you provide on this complaint form may be forwarded to the appropriate law enforcement and/or administrative agency at the discretion of this office.

| Person filing complaint: | Person/Entity you are filing complaint about: |
|---|---|
| CHAREST, Patrick *(Name)* | Cpt Knight, Cpt McCovery, Cpt Chauncey *(Name of Person or Entity)* |
| F. K. Corrections Facility *(Address)* | 9677 Hwy-21 North *(Address)* |
| *(Address Line 2)* | *(Address Line 2)* |
| Atmore, Alabama 36503 *(City, State / Zip)* | Atmore, Alabama 36502-4271 *(City, State / Zip)* |
| Escambia *(County)*   UNKNOWN *(Phone)* | Escambia *(County)*   UNKNOWN *(Phone)* |
| email: | email: |

**Nature of Alleged Civil Rights Violation (please check specific area(s) that apply to your complaint):**

[ ] Abortion Clinic Access          [ ] Housing Discrimination          [ ] Race/National Origin

[ ] Credit/Lending Opportunities    [ ] Human Trafficking               [ ] Religious Liberties

[X] Disability Rights or Access     [X] Law Enforcement Misconduct      [ ] Voting Rights

[ ] Educational Opportunities       [ ] Military/Veteran Status         [X] Other: ADA Violations

[ ] Employment Discrimination**     [X] Prisoner or Institutionalized Person Rights

[ ] Hate Crime

**Note: "Employment Discrimination" includes Immigration Related Unfair Employment Practices

**Please clearly describe the violation of the civil rights laws that you would like to bring to our attention. Include as much information as possible, including the date, place, nature of incident, and contact information for any witnesses (please include copies of supporting documentation, but do not send original documents):**

My underlying Criminal Case CP-94-1363 also Appeal has again suffered State Agent Impairments of injuries-enjuries, due to Failures to uphold U.S. Const. "ADA Const. 1967" whereas Cpt Knight has in effect hindered, obstructed resulting in a dismissal my "Appellate Case" alone - UNKNOWN of any legitimate penalized rationale. <Attach additional page(s) if necessary>

Page 1 of 8

Civil Rights Complaint

Continued:

ON July 6, 2016 - Ms. Michelle Marshall, Ass't Clerk of the U.S. Appellate, forwarded a legal package to me, via legal mail, and Cpt Knight through Instructions, policies - practice did wantonly - willfully and with Capricious Intent withheld Issuing my legal mail - despite Adm Reg 448 governing legal mail delivery unto the Inmate, within 72 hours of documented arrival. It wasn't given to me until Around the End - of - the Month... Almost Two-Three (3) Weeks Later. Cpt Knight holds legal packages and awaits until either monthly books - shoes, sneakers Arrive to hand out to Inmates their purchased Items - Which is When he has called for me - twice over?

Both Times - were befated to Adm Reg 448 time - frames mandated for protection - privacy of Confidential Legal mail. When I made Connections to the error's In My Writ of Certiorari Addressed to U.S. Sup. Ct, I fixed it up & mailed it out to said Court on or About August 31st, 2016 or shortly therein; then the U.S. Sp. Ct Clerk returned my Application as untimely - saying it arrived October 11th, 2016. Basically alleging that ADOC postmarked it October 5th, 2016?

This practice, policy or corruptness - Obstructed my Justice, due to hinderance delays by ADOC's patterns of not adhering to Administrative Regulations.

Page 2 of 8

Civil Rights Complaint

Continued:

My otherwise active-challenged Case on Appeal was thus "dismissal," as a direct result of Cpt Knight, Cpt McCovey's concorted efforts to impede my Access to the Courts, through systemic interferences at this Institution. Both demain over the Law Library and Acting Supervisor's appointed by ADOC - as this Institutions ADA Staffer's. I have and often engage in ADA disability Requests for Adequate Accomodations through ADOC's - Consent Decree in Dunn vs. Dunn 2:14-CV-601-MHT as a direct result of my Injuries sustained to my Lower Right leg - "surgery" that leaving me on a Medical Cane which to day-date has not fully recovered from - almost several years ago? Recently I requested for some fixed - benches to be built - because I'm (everyone else) are forced outside with No place to sit where other Inmates Urinate, Animals (i.e cats - chatch in the dirt-grass and defiorate) or Inmates spit - or worse - themselves masterbate - on, near areas where I'm forced to sit - while forced outside for morning cleaning of the dormitories.

I know I'm being retaliated against, because of my active role in Litigating my case on Appeal and Pro's I have attempting to enter-use G.R. Fountains Law Library and often garner resources to litigate my case, Appeal and requests under ADA.

Page 3 of 8

Civil Rights Complaint

Continued:

For Example on February 22nd, 2017 I turned in my ADA request for Accomodations - due to my Above described leg- and post-op profiles - which Limit my ability to sit down - while bending down - and again getting up while outside in the grass - dirt. Cpt Knight days Later Caught me outside on the North Yard - and spoke to me - saying he would not turn it in - when I attempted to find out why - all he said was because It goes to the construction side of ADA & it would be Cooled at Later. despite federal protocols in place on "how" request would be channelled thru ADA ADA Coordinators to Twart denials, and or retaliation as herein.

I Adopt - Invoke Title 18 USC § 1505 acts, Actions - Omissions by Government officials - Resulting from the Above patterns of practice, policy despite Adm Reg's saying otherwise. See 18 U.S.C. § 1510 et. al. Hinderances, Obstructions - delays are being placed before me my requests, and now even my mail - out to Courts has been Impeded too. Title 18 USC § 1505 prohibits any Corrupt Influence, Intimidate, or Impede, either witnesses, or Evidence Otherwise being offered, entered as herein - In Active proceedings - which were thence "pending" until most recent dismissal of my Centurari to the U.S. Sup. Ct. denial - my legal work would aside out was beloved by Senders (ADOC)?

Page 4 of 8

<u>Civil Rights Complaint</u>

<u>Continued:</u>

Having likewise exposed to Mobile Attorney General's office on Numerious Occassions the effects of overcrowding & understaffing - take notice of Hon Suntrease Williams-Maynard Ass't Atty General of Alabama district of Mobile. Cf. Rule 201 et seg. Documents therein do Exist in fact - with colorable evidence, documents all filed by me - others readily suitable for de novo Review - to undergin this additional federal Complaint forthwith.

I have suffered injuries to tangible property, by means of intimidation, retaligation resulting from my active whistle blowing to federal officiale, litigations. See Title 18 USC § 1513 et al. Also Involving Title 18 USC § 1512(b) violations, such as delay's, withholding legal mail Incoming - outgoing to Courts.

Such hinderances have affected my Judicial proceedings cited above; my communications to Courts, law Enforcement officer's, officials are being impeded, delayed, through Course of Conduct otherwise Illegal herein.

I strongly Assent [sic] that ADOC Cpt Knight & Cpt McCovery have actively "<u>Conspired</u>" to hinder obstruct and with intent delayed my Appeals [sic] of seeking Juridical Review on my Underlying case appeal - most recently dismissed as a direct result of hinderances - obstruction - of - justice.

Civil Rights Complaint

Continued:

My U.S. Constitutional Rights to "freely exercise the Enjoyment of my Rights, privileges, As secured by" the above, Are being Constantly abridged, oppressed, denied by said State officials Acting under Color of Laws- In their Lawless Acts, Actions, omissions.

The Obstructions suffered are protected Rights privileges prohibited pursuant to Title 18 et. seq, Inter alia.

My Fourteenth (14th) Amendment Rights Are being Continuously Abridged, oppressed, denied Through direct Impediments by the above officials - while I'm Attempting to Write, Communicate file on my case - on Appeal, and Complain about the 1st & 8th Amendment Violations I (others) suffer - herein - mainly as A result of systemic overcrowding - understaffing in Alabama's Prison system - Statewide! See United States v. Cruikshank, 92 U.S. 554 (1876)(same).

ADOC herein - Constantly "Endeavors with its daily, weekly, monthly threats of seizure" my (and others) legal, materials, Incoming - outgoing legal mail As A direct result of ADA requests and Complaints - being filed by me, others to federal Law enforcement, officials, state, local government.

Page 6 & 8

_Civil Rights Complaint_

_Continued:_

Requesting federal Intervention, Investigation upon ADOC-agents, officials- above, and Any-all others in supervisory capacities whom knew, know and fail to Correct, Remedy or Address my claims past-present heretofore. See Title 18 disc §1505, §1512, §1514, §1515 definitions- governing claims.

The "cause-of-conduct" of said officials, above, over period(s) of time - warrant investigative Indagation of said Criminal charges against Cpt Knight; Cpt McCavery; and Cpt McCoy - whom I've previously alleged to Assist Atty General Hon. S. Maynard-Williams at the Mobile Att'y Gen office under Hon. K. Brown's office. See Rule 201 et seg - for Those Records, Affidavits, letters, complaints regarding the Initial 'Attack' upon me (others) actively engaging in challenging our rights- protected, Otherwise Lawlessly oppressed - denied by said officers under Color of Law of Alabama and Also so U.S. Supreme Court cases, Constitution.

Notwithstanding The above, I've ended this Complaint - Amended to all others!                    Respectfully Filed.

Pag 7 & 8

Do you believe that the violation of civil rights described in this complaint is part of, or results from, a policy, pattern, or practice on the part of the person or entity named above? If so, please describe the policy, pattern, or practice in detail and identify others who you believe were subjected to the same or similar treatment:

*Yes I know my U.S. Const. Alabama Const. 1901; 1ST 5TH 8TH 14TH Amendments rights - secred. me violated; ADOC patterns/practices on part of Cpt Knight, Cpt McCurry, Cpt McCoy and CO I harcey violate Federal Laws; See Records at Mobile Atty/Coroners Office*

Are you represented by an attorney in this matter? [ ] Yes [X] No   If yes, please provide name of attorney, address and phone number.

*Lawyer*  Name *Roger C. Appell, Esquire*   Phone *(205) 252 - 9462*

*Advisory*  Address *301 - 19th St North, B'ham, Ala 35203*

*me;*

Have you filed a lawsuit concerning this matter? [ ] Yes [X] No   If yes, please provide the case name, court in which the case was brought, and the status of the case.

*N/A*

Have you filed a complaint about this matter with any other federal, state, or government agency? [X] Yes [ ] No   If yes, please list the agency, contact person, phone, and status of the complaint.

*Southern Dist Att'y Generals office Hon. L. Sessions*

   Although the volume of information we receive from concerned members of the public prevents us from responding to every complaint we receive, be assured that we will carefully consider the information you have provided us to determine whether a violation of the federal civil rights laws may have occurred and, if so, whether the United States Department of Justice through the United States Attorney's Office or another agency has enforcement authority with respect to such a violation. This Office has the discretion to determine if your complaint raises a potential violation of federal civil rights laws that would be within the jurisdiction of this Office to investigate, or should be referred to another agency for investigation.

***SUBMITTING A COMPLAINT TO THIS OFFICE HAS NO EFFECT ON ANY STATUTE OF LIMITATIONS THAT MIGHT APPLY TO ANY CLAIM YOU MAY HAVE. BY SUBMITTING THIS COMPLAINT YOU HAVE NOT COMMENCED A LAWSUIT OR OTHER LEGAL PROCEEDING, AND THIS OFFICE HAS NOT INITIATED A SUIT OR PROCEEDING ON YOUR BEHALF. IF YOU BELIEVE YOUR CIVIL RIGHTS HAVE BEEN VIOLATED AND YOU INTEND TO SUE FOR MONEY OR OTHER RELIEF, YOU SHOULD CONTACT A PRIVATE ATTORNEY.

Signature: *[signature]  182202*   Date: *3/15/2017*

Mail or Fax your completed complaint form along with any supporting documentation to the following:

Civil Rights Coordinator, Civil Division
United States Attorney's Office, Southern District of Alabama
63 South Royal Street, Suite 600
Mobile, Alabama 36602
251.441.5051 (fax)

*CC: file*
*U.S. Atty/Genl J. Sessions; FBI (et al).*   *Page 848*

ALABAMA DEPARTMENT OF CORRECTIONS

## INMATE REQUEST FOR ACCOMMODATIONS FORM

Document number: 18-HAIF-0027

| Facility: H.A.I.F. | Date received by Facility ADA Coordinator: 4/16/18 |
|---|---|

| Inmate name: CHAREST, PATRICK J | AIS#: 182262 |
|---|---|

Disability: Description of disability that requires an accommodation. Include any anticipated accessibility concerns. May attach additional sheet(s) if necessary.

Handicapped - with Cane, leg-Back problems re-occur often;

Accommodation: Description of the accommodation(s) you are requesting, must be specific. *ADOC reserves the right to offer an alternative accommodation that is equally effective in accommodating your needs.*

Requesting Medical-Cushion, Xtra Mattress - and update(s) on my previous requested therapy? Also, when exercise Bikes will be Fixed, and Appointments tendered?

By signing this form, I attest that the above information is true to the best of my knowledge and I am authorizing ADOC to evaluate the reasonableness of my request. Any information contained in this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations and will otherwise remain confidential. I understand that failure to cooperate with this process, including providing additional information, may result in denial of the requested accommodation.

| Inmate signature: | Date: April 13th, 2018 |
|---|---|

| Facility ADA Coordinator Signature: Rodney Williams | Date: 4/16/18 |
|---|---|

| Approval: | Denial: |
|---|---|

Notes: *(include in addition to vital information whether granted, partially granted or alternative accommodation)*

Your accommodation requests of a medical cushion and extra mattress must be addressed through our medical physician. You can put in a request slip to HSA Ms. Woods regarding updates on previously requested therapy and appointments tendered. Maintenance is aware of the exercise bikes' repair needs.

| Medical Referral | |
|---|---|
| ☐ URGENT (1 day) | ☐ NON-URGENT (3 days) |

Decision:

| Medical Professional Signature: | Date: |
|---|---|

**Appeal of Denial of Request for Accommodation**

Description of reason(s) for appeal: Your Answer(s) Neither Grant Nor Deny my Constitutional ADA-Request — is For your Review & your Referral — not me. going to Medical To Have to Pay Co-Pay's. I'm Handicapped there are ADA

By signing this form, I attest that the above information regarding this request for appeal is true to the best of my knowledge and I am authorizing ADOC to evaluate the reasonableness of my request. Any information contained in this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations and will otherwise remain confidential. I understand that failure to cooperate with this process, including providing additional information, may result in denial of the requested accommodation.

| Inmate signature: | Date: 4/18/2018 |
|---|---|
| Statewide ADA Coordinator Signature: | Date: 5/11/18 |
| Approval: | Denial:   CR |

Notes:

Inmate should complete sick call slip for cushion and extra mattress, medical services (Wexford) must determine if this is an ADA accommodation related to you specific disability. Maintenance is aware of the exercise bikes repair needs.

| Response returned to Inmate | Date: 4/18/18    appeal 5/11/18 |
|---|---|
| File Copy: | Date: 4/18/18    appeal 5/11/18 |
| Appeal received: | Date:         4/24/18 |
| Referred to Medical: | Date: |
| Medical decision returned: | Date: |

ALABAMA DEPARTMENT OF CORRECTIONS

## INMATE REQUEST FOR ACCOMMODATIONS FORM

| AIS#: 182262 | Document number: 18- HAIF- 0039 |
|---|---|

| Facility: N.A.I.F. | |
|---|---|

| Inmate name: CHAREST, Patrick | Date received by Facility ADA Coordinator: 6/8/18 |
|---|---|

Disability: Description of disability that requires an accommodation. Include any anticipated accessibility concerns. May attach additional sheet(s) if necessary.

No Longer In, WheelChair - but on Walking Cane. Troubles Bending- squatting etcetera: Suffer from ONGoing Physical Impairments - due to AGE - and Surgery's Due to Weight - Can't bend - squat safely - sufficiently "Sinks Water fountains" Are to Low - In Violation of Title II & III of ADA for Standing persons ?

Accommodation: Description of the accommodation(s) you are requesting, must be specific. ADOC reserves the right to offer an alternative accommodation that is equally effective in accommodating your needs.

1) REQUESTING pursuant to Drinking - Fountains Regulations Chapter 6 - "602.7 for Standing persons "38 Inches from Floor - 43 Inches from Floor(s)", 2) Water Flow of 4 Inches - high from Spout so Cup- Can be Assessed - or drinking I Can Reach It; 3) NAIF's Fountains Are In Violation of 2010 ADA standards of #602. and #307 Protruding Objects @ 307.2

By signing this form, I attest that the above information is true to the best of my knowledge and I am authorizing ADOC to evaluate the reasonableness of my request. Any information contained in this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations and will otherwise remain confidential. I understand that failure to cooperate with this process, including providing additional information, may result in denial of the requested accommodation.

| Inmate signature: | Date: June 7th, 2018 |
|---|---|

| Facility ADA Coordinator Signature: Rodney Wilson | Date: 6/14/18 |
|---|---|

| Approval: In Progress | Denial: |
|---|---|

Notes: (include in addition to vital information whether granted, partially granted or alternative accommodation)

Approved in progress- ADOC and ADAP are aware of ADA accessibility issues within Hamilton A+I. ADOC in conjuction with ADAP are developing a Transition Plan in accordance with the ADA. ADA accessibility concerns will be addressed when the Transition Plan has been approved.

**Medical Referral**

| ☐ URGENT Response (1 day) | ☐ NON-URGENT Response (3 days) |
|---|---|

Decision:

| Medical Professional Signature: | Date: |
|---|---|

## Appeal of Denial of Request for Accommodation

Description of reason(s) for appeal:

By signing this form, I attest that the above information regarding this request for appeal is true to the best of my knowledge and I am authorizing ADOC to evaluate the reasonableness of my request. Any information contained in this request shall only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations and will otherwise remain confidential. I understand that failure to cooperate with this process, including providing additional information, may result in denial of the requested accommodation.

| Inmate signature: | Date: |
|---|---|
| Statewide ADA Coordinator Signature: | Date: |

| Approval: | Denial: |
|---|---|

Notes:

| Response returned to Inmate | Date: 6/14/18 |
|---|---|
| File Copy: | Date: 6/14/18 |
| Appeal received: | Date: |
| Referred to Medical: | Date: |
| Medical decision returned: | Date: |

The Law Firm of
Henry Brewster,
205 North Conception Street
Mobile, Alabama 36603

6|22|18

June 22, 2018

In re:                              ( Two Decades of Seeking Justice )

Greetings Mr, Brewster;

Please note, your office was referred to me, by Southern Poverty Law Center, one Miranda Bolef, in light of another advocacy group called: "Alabama's Advocacy Program" ("ADAP") in the instance, as a direct result of Civil Rights being twarted, not only by ADOC's insolent -behavior, irrespective of the American with Disability's Act [42 USC § 12011 et. seq.] but likewise it's junctive counterpart § 504 of the·Rehabilitation Act of 1973 [29 USC § 701 et. seq.]; but moreso, by usurpation of Courts -trammelling upon Congress's invocation of controlling -governing progenies.

Getting to the crux of my reasoning for this request -arising from years of "suffering," despite imprisonment in the draconian environment, otherwise known as "The Cage."  You being an advocate for civil rights, remain moreso the excerpt than I, and after saying such, given the current condition[s] of confinement, being gravely *overcrowded and under:taffed* not only in Alabama, but likewise throughout the entire USA.

I'm hoping, your somewhat familar with the 2011 -holding, released in Brown v. Plata,  563 U.S. 493, dealing with California's refusal to obey the "rule of law" governing inmates' rights, to both: i) adequate medical care / treament and ii) safety and security, despite one's incarceration.

Nevertheless, Mr. Brewster, ADOC in 2014, through efforts of the above groups, we've managed to get an ear of the Federal Court[s] in all three districts [Southern, Middle and Northern] at present. The seminale cases: i) Dunn vs. Dunn and ii) Braggs vs. Dunn, 2014-CV-601, before Honorable Myron Thompson, District Judge, whom-fostered the ancillary reasoning / rationale for my current -challenges, arises from

1

violations of the above "consent -decree" now not otherwise being obeyed!

Despite the holding of Brown -paving the road for change -and laying the foundation for other States to adhere to said principle doctrine, comes along good old Alabama's defiance -despite the progeny -above, giving rise to the Middle District's grant on the above two cases.

Having filed numerous grievances in prison -regarding certain ADA accommodation requests for service, programs supposedly available to us as inmates, I was forced to file a Federal action in the Middle District, and during this month, the Federal Court "transferred me to the Southern District" reflecting since the intial complaints arose while housed at Fountain, and many named defendants were living down south and a claim was for retaliation, it might otherwise be more fittingly for them to review; they've yet decided the In Forma Pauperis declaration -either, so time is not yet critical, Okay?

For example, Mr. Brewster, I've enclosed for your professional input a copy of the pleadings I submitted to the Federal Court, prior to it's transfer; however, please let me know whether *vel non* you'd either be interested or able, per se, to appear or write as friend of the court, a brief, to underpin this complaint?

The complaint, speaks for itself . . . and I'd be honored if you'd Answer accordingly, since you were in fact -referred by Southern Poverty Law Center, Ms. Bolef. Currently S.P.L.C. is accepting complaints we file under ADA, at Hamilton A & I ("HAIF") for the Middle District "arbitration -hearing" tentatively they're working on, given the condition of the inmates at this eldery institution, not otherwise obeying the federal strictures.

Hope this letter finds you -your firm in good spirits and look forward to hearing from you, in hopes you'll HELP forthwith?

Respectfully Submitted,

_____

Patrick Joseph Charest, Pro per #182262
Hamilton A & I
223 Sasser Drive

2



Alabama Disabilities Advocacy Program
Box 870395
Tuscaloosa, Alabama 35487
O (205) 348-4928
F (205) 348-3909
(800) 826-1675
adap@adap.ua.edu
http://adap.ua.edu

September 25, 2018



Patrick Charest,  AIS #182262
Hamilton Aged and Infirmed
223 Sasser Drive
Hamilton, AL 35570

Re:    Request for Assistance

Dear Mr. Charest:

This letter is in response to your correspondence that was dated July 24, 2018. Thank you for contacting the Alabama Disabilities Advocacy Program (ADAP). In your letter, you asked multiple questions regarding ADAP and your rights under the ADA. Below are ADAP's responses for those questions.

1) Would ADAP be interested in reviewing facts concerning one person's injuries within ADOC or is a certain number required?
   a. ADAP is interested in protecting the rights of all individuals with disabilities within the state of Alabama. If individuals are seeking monetary damages for injuries received while in ADOC custody, they should contact an independent attorney.

2) Would ADAP be interested in briefing an amicus curiae on your behalf for your §1983 case in the Southern District?
   a. No.

3) Your question/request was unclear, but mentioned ADA requests and medical grievances.
   a. ADAP is not currently involved in the claims against ADOC related to the provision of inadequate medical treatment. To the extent you have concerns about your medical treatment, SPLC may be able to assist you. To the extent you have any outstanding accommodation issues related to a disability, ADAP has the ability to look into those issues as the monitor for the Phase 1 Consent Decree in Braggs v. Dunn. Issues will be evaluated following your submission of an accommodation request to the ADA Coordinator at your facility and appeal to the Statewide ADA Coordinator.

The Protection and Advocacy System for the State of Alabama

Page 2

4) Has ADAP visited Hamilton A&I and spoken with individuals regarding their ADA requests?

   a. ADAP has intervened on behalf of multiple individuals at Hamilton A&I where we believe a problem exists.

5) Does ADAP know that ADOC removed benches following the escape of an inmate and provided inadequate replacements?

   a. ADAP was made aware of the removal of benches at Hamilton A&I but were not aware that the new benches are inadequate. We would appreciate any additional information on the new benches, including why they are inadequate, approximately how often individuals are required to stay outside, how many benches are available, and any other relevant information. **An envelope has been included with this letter to allow you to respond on this matter.**

6) Drinking fountain at Hamilton A&I.

   a. ADAP is aware of the inaccessibility of the fountains. The ADOC Transition Plan regarding architectural remediation is expected to be completed within two (2) months. Fountains are addressed within the Transition Plan. There will be a copy available in the law library following its completion for review by any interested individuals.

7) If ADOC and the Statewide ADA Coordinator denies requests for accommodations, what other recourse is available?

   a. There is an arbitration procedure currently in place. The arbitration procedure is mentioned within the Consent Decree and outlined in Doc. 1676-1 (enclosed). ADAP is unable to assist in any arbitration process.

Very truly yours,

Ashley N. Austin
Law Fellow

cc:      File

Enclosures:      Doc. 1676-1