IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


EDWARD BRAGGS, et al.,        )
                             )
     Plaintiffs,             )
                             )        CIVIL ACTION NO.
     v.                      )        2:14cv601-MHT
                             )           (WO)
JEFFERSON S. DUNN, in his    )
official capacity as         )
Commissioner of              )
the Alabama Department of    )
Corrections, et al.,         )
                             )
     Defendants.             )

PHASE 2A ORDER REGARDING PRODUCTION OF INFORMATION ON
SMI PRISONERS IN SEGREGATION

Upon consideration of plaintiffs' emergency motion

for a temporary restraining order or preliminary

injunction regarding placement of high-risk prisoners

in segregation (doc. no. 2276), the court now treats

the motion as solely a motion for a preliminary

injunction related to the pending remedial issue of

suicide prevention.  In this motion, plaintiffs seek,

among other things, a prohibition on the placement of

prisoners with serious mental illness (SMI) in

segregation and segregation-like settings to prevent future suicides. In order to assess whether, and the extent to which, the plaintiffs' requested emergency relief is viable, the court ordered the defendants to produce information about the reasons prisoners with SMIs are placed in and kept in segregation and "segregation-like settings." [*] The defendants have been unable to produce this information in a timely manner, not even for the prisoners in segregation (as opposed to the disputed "segregation-like settings.") This inability is surprising in light of the importance of the issue and the representations the defendants have made to the court about their efforts to minimize the presence of prisoners with SMIs in segregation.

Therefore, in order to ensure that the court will have available to it the information necessary to

---

[*] That order (doc. no. 2282) was mistakenly drafted as granting the motion for temporary restraining order in part. However, as the court previously explained to the parties during a conference on the record, that was a drafting error. The order instead was only for production of evidence and granted no relief to the plaintiffs on their emergency motion.

assess the viability of plaintiffs' requests for emergency relief, and based on the representations made on February 12, 2019, it is ORDERED that:

(1) Plaintiffs' emergency motion for a temporary restraining order or preliminary injunction regarding placement of high-risk prisoners in segregation (doc. no. 2276) is now treated as solely a motion for a preliminary injunction related to the pending remedial issue of suicide prevention.

(2) To provide the court with necessary information on prisoners with SMI in segregation, defendants shall:

(a) By February 28, 2019, develop a 'review process' that collects and consolidates information on at least a weekly basis for each prisoner in the Alabama Department of Corrections with SMI who is housed in segregation. For each such SMI prisoner, the following information must be collected and recorded: the prisoner's date of entry into (and, if applicable, exit from) segregation; the prison and unit where the prisoner is housed; a summary of the reason(s) the

3

prisoner was initially placed in segregation; a summary of the reason(s) the prisoner has not been released from segregation; and the number of times the prisoner has been placed in segregation within the last year.

(b) Beginning on March 7, 2019, and continuing only until the court issues its ruling on plaintiffs' motion for preliminary injunction, submit this information to the court under seal on a weekly basis, with service to plaintiffs.

(3) Defendants' motion for an extension of time (doc. no. 2300) is granted to the extent that, by February 19, 2019, defendants shall produce the information ordered by the court on January 22, 2019 (doc. no. 2282) regarding inmates diagnosed with SMI housed in segregation on that date.

(4) Defendants' motion for reconsideration (doc. no. 2300) is granted only to the following extent.

(a) The parties shall attempt to reach an agreement on which housing units in ADOC constitute

"segregation-like settings" for the purpose of the plaintiffs' motion for a preliminary injunction.

(b) By February 21, 2019, the parties shall submit to the court a list of the agreed-upon segregation-like settings, as well as the settings about which they may not be able to reach an agreement. The report shall address whether the parties agree that the following locations constitute segregation-like settings: Kilby Unit O, Kilby Unit P, All D-5 Units in Tutwiler, all behavior modification units in Donaldson, and all death row units.

(c) The order (doc. no. 2282) for defendants to submit information on prisoners with SMI in 'segregation-like settings' is held in abeyance until further order of the court.

(5) The parties shall attempt to reach an agreement on 'methods' defendants can use to verify that security rounds are being properly conducted in segregation and segregation-like settings. By February 21, 2019, the

parties shall submit a joint proposal to the court summarizing those methods.

(6) By February 28, 2019, the parties shall submit a joint report to the court (a) identifying other prison systems in the country, including but not limited to systems in Colorado, Pennsylvania, Washington, and North Dakota, that do not place (or significantly limit the placement of) prisoners with SMI in segregation, and (b) describing how they do so. The parties also shall submit a copy of these prison systems' relevant policies.

DONE, this the 14th day of February, 2018.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE