IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| EDWARD BRAGGS, et al., )<br>)<br>    Plaintiffs, )<br>)<br>    v. )<br>)<br>JEFFERSON S. DUNN, in his )<br>official capacity as )<br>Commissioner of )<br>the Alabama Department of )<br>Corrections, et al., )<br>)<br>    Defendants. ) | CIVIL ACTION NO.<br>2:14cv601-MHT<br>(WO) |

OPINION AND ORDER

Before the court is the plaintiffs' motion to unseal the transcript of an *in camera* hearing held last month on the question whether to unseal portions of the Warren Averett report on correctional recruitment and retention. *See* Motion to Unseal Transcript (doc. no. 2495). Following the hearing, the court granted the plaintiffs' motion to unseal the report in its entirety. *See* Order to Unseal (doc. no. 2489).

The defendants make three arguments in support of keeping the transcript sealed. First, the defendants

contend that they--and the representatives of the State Personnel Department who they presented at the hearing--relied on the assumption that the transcript would remain sealed when they discussed "*in detail*" their reasons for opposing the unsealing of the Warren Averett report. Defendants' Response (doc. no. 2505) at 1-2.  Second, they argue that unsealing the transcript will discourage the parties from "a fully candid participation" in future *in camera* proceedings.  *Id.* at 2.  Third, they invoke the same argument they made for keeping the Warren Averett report confidential:  Unsealing the transcript will "undermine and complicate" ADOC's ability to implement the report's recommendations for increasing correctional officer compensation.  *Id.* at 3-4.

The defendants' arguments are meritless.  The hearing was *in camera* because it addressed portions of the Warren Averett report that, up until then, remained under seal. This reason for keeping the hearing confidential evaporated once the court unsealed the report.  Until

2

they responded to the plaintiffs' motion to unseal the hearing transcript, the defendants never asserted a separate rationale for keeping the hearing confidential. The defendants therefore had no reasonable expectation that the transcript would remain under seal if--as was clearly a possibility at the time of the hearing--the court decided to unseal the report.  Such an expectation would be particularly unreasonable given the public's common-law right to inspect and copy judicial documents, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), which the court has repeatedly enforced during this case.  *See also Newman v. Graddick*, 696 F.2d 796, 802-804 (11th Cir. 1983) (enforcing the common-law right to access judicial records in a class action brought by Alabama prisoners).  Furthermore, instead of specifying the exact parts of the transcript in which they claim to have an interest in confidentiality, the defendants vaguely assert a general concern that during the hearing they "discussed *in detail*" their reasons for wanting to

3

keep the Warren Averett report sealed.  Defendants' Response (doc. no. 2505) at 2.

Finally, the defendants' argument that unsealing the transcript will "undermine and complicate" ADOC's ability to implement the Warren Averett report's recommendations is undercut by the representations made at the hearing by defense counsel and the representatives from the State Personnel Department whom they presented.  Specifically, defense counsel and the representatives indicated that, rather than implementing the report's recommendations, ADOC would be seeking compensation increases that are materially lower than those recommended by Warren Averett.  The defendants cannot invoke the need to implement the recommendations while simultaneously indicating to the court that they are not seeking to implement them.

In sum, the court finds that the public's interest in accessing the transcript outweighs the defendants'

interest in keeping it confidential.  *See Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

\*\*\*

Accordingly, it is ORDERED that the plaintiffs' motion to unseal the transcript from the hearing on April 15, 2019 (doc. no. 2495) is granted.  The defendants shall immediately arrange to unseal the transcript in its entirety.

DONE, this the 13th day of May, 2019.

                         /s/ Myron H. Thompson
                         UNITED STATES DISTRICT JUDGE