# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:14-cv-00601-MHT-WC |
| | ) | Judge Myron H. Thompson |
| JEFFERSON DUNN, in his official | ) | |
| capacity as Commissioner of the | ) | |
| Alabama Department of | ) | |
| Corrections, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT ON A SCHEME TO IDENTIFY INMATES WITH A SERIOUS MENTAL ILLNESS IN RESTRICTIVE HOUSING**

Pursuant to the Phase 2A Revised Remedy Scheduling Order on the Eighth Amendment Claim (doc. 2612), the Parties hereby jointly submit this report on the status of a "scheme to verify that defendants are now accurately and timely identifying SMI inmates with regard to segregation." (Doc. 2616 at 2).

1. Consistent with the representations made on the record on September 6, 2019 and in the Notice of Filing of Status of Negotiations and Agreements (doc. 2606), the Parties intend to mediate in an attempt to resolve the issues of "monitoring and the PLRA language." (Doc. 2606 at 4).

2. The Parties believe that resolution of the monitoring scheme will result in oversight of the accuracy and timeliness of the State's and its mental-health vendor's identification of SMI inmates in restrictive housing.

3. As the Court is aware, there are certain processes in place for the State to accurately and timely identify SMI inmates in restrictive housing. ADOC has implemented the new mental-health coding system and SMI designation / flag, and is required to assess inmates for a SMI and need for a SMI designation. (Doc. 1792-1 at 1-7). Before an inmate is placed in restrictive housing he or she must be screened and assessed for propriety of a restrictive housing placement. (Doc. 1815-1 at 1-2). Mental-health rounds must be conducted for inmates in restrictive housing by a qualified mental-health professional. (Id. at 2-4). A 7-day, 30-day, and 90-day assessment must be performed for inmates in restrictive housing by a qualified mental-health professional. (Id. 4-6). An inmate whose continued placement in restrictive housing is contraindicated must be removed from restrictive housing by mental-health staff. (Id. at 5).

4. Between now and the resolution of the monitoring issue through mediation, the best scheme to continue to ensure accurate and timely identification of inmates with a SMI in restrictive housing is reflected in the auditing and reporting previously agreed to by the Parties:

      a.    The State will continue to produce to Plaintiffs the weekly restrictive housing report identifying every inmate in restrictive housing. (Docs. 1643, 1903). For each inmate in restrictive housing, the restrictive housing report indicates, among other things, (1) the status of the inmate's placement in restrictive housing; (2) the restrictive housing start date for an inmate; (3) the number of days an inmate has been in restrictive housing; (4) the inmate's current mental-health code; (5) the start of an inmate's change to a mental-health code of MH-C or above (if any); (6) the number of days (if any) an inmate has been in restrictive housing with a mental-health code of MH-C or above; (7) an inmate's SMI status; and (8) the status of an inmate's SMI assessment.

      b.    The State will continue to produce to Plaintiffs and file with the Court weekly reports identifying, among other things, (1) each inmate with a SMI in restrictive housing; (2) the date of the inmate's entry into or exit from restrictive housing; (3) the inmate's facility and bed assignments; (4) the reason for placement of the inmate in restrictive housing; (5) the reason the inmate has not been released from restrictive housing; and (6) the number of prior restrictive housing placements for the inmate in the past year. (Docs. 2345, 2377).

      c.    The State will continue to produce to Plaintiffs a quarterly report prepared by Wexford Health Sources, Inc. related to a random sampling of suicide risk assessments for inmates at each major ADOC facility. (Doc. 2569 at 8-9). Each

quarterly report contains a review of suicide risk assessments, observations or findings from the review, any corrective action plan developed as a result of the review (with a responsible person and target completion date for the corrective action plan), a copy of documents reviewed or relied upon in developing the quarterly report, and correspondence between ADOC and Wexford concerning the audits or corrective action plans.  (Id.).

   d. The State will continue to produce to Plaintiffs the audit reports prepared by ADOC related to 30-minute security checks in restrictive housing and records from three (3) restrictive housing units selected by Plaintiffs to review the 30-minute security checks for those three (3) restrictive housing units.  (Id. at 18-19).

   e. Dr. Mary Perrien will monitor compliance with the Parties' agreement by performing a quarterly audit using audit tools developed by Dr. Perrien and Dr. Kathy Burns.  (Id. at 20-21).  Dr. Perrien's audits will include site visits to three (3) major ADOC facilities chosen by Plaintiffs and document review, with an informal exit conference at the conclusion of the site visits to report to ADOC and Plaintiffs the results of her audit.  (Id.).

5. Notwithstanding the audits, reports, and document production identified above, the Parties continue to mediate a monitoring scheme that will verify

ADOC and its mental-health vendor are accurately and timely identifying SMI inmates in restrictive housing.

Dated:  September 20, 2019.

                                  Respectfully Submitted,

                                  */s/ Caitlin J. Sandley*
                                  Caitlin J. Sandley
                                  One of the Attorneys for Plaintiffs
                                  Southern Poverty Law Center
                                  400 Washington Avenue
                                  Montgomery, AL 36104

Caitlin J. Sandley (ASB-5317-S48R)
Jonathan Blocker (ASB-6818-G19I)
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL  36104
Telephone:  (334) 956-8200
Facsimile:  (334) 956-8481
cj.sandley@splcenter.org
jonathan.blocker@splcenter.org

Lisa W. Borden (ASB-5673-D57L)
William G. Somerville, III (ASB-6185-E63W)
Andrew P. Walsh (ASB-3755-W77W)
Dennis Nabors
Patricia Clotfelter (ASB-0841-F43P)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ  PC
420 20th Street North, Suite 1400
Birmingham, AL  35203
lborden@bakerdonelson.com
wsomerville@bakerdonelson.com
awalsh@bakerdonelson.com
dnabors@bakerdonelson.com
pclotfelter@bakerdonelson.com

                                            */s/ Anil A. Mujumdar*
                                            Anil A. Mujumdar (ASB-2004-L65M)
                                            One of the Attorneys for Plaintiffs
                                            Alabama Disabilities Advocacy Program
                                            2332 2nd Avenue North
                                            Birmingham, AL 35203

Gregory M. Zarzaur, Esq. (ASB-0759-E45Z)
Anil A. Mujumdar, Esq. (ASB-2004-L65M)
Denise Wiginton, Esq. (ASB-5905-D27W)
ZARZAUR
2332 2nd Avenue North
Birmingham, AL 35203
Telephone:  (205) 983-7985
Facsimile:  (888) 505-0523
gregory@zarzaur.com
anil@zarzaur.com
denise@zarzaur.com

William Van Der Pol, Jr., Esq. (ASB-2112-114F)
Glenn N. Baxter, Esq. (ASB-3825-A41G)
Lonnie Williams, Esq.
Barbara A. Lawrence, Esq.
Andrea J. Mixson, Esq.
Ashley N. Austin, Esq. (ASB-1059-F69L)
ALABAMA DISABILITIES
ADVOCACY PROGRAM
Box 870395
Tuscaloosa, AL  35487
Telephone:  (205) 348-4928
Facsimile:  (205)  348-3909
wvanderpoljur@adap.ua.edu
gnbaxter@adap.ua.edu
lwilliams@aadap.ua.edu
blawrence@adap.ua.edu
amixson@adap.ua.edu
aaustin@adap.ua.edu

                                           */s/ William R. Lunsford*
                                           William R. Lunsford
                                           *One of the Attorneys for the Commissioner and Associate Commissioner*

William R. Lunsford
Matthew B. Reeves
Melissa K. Marler
Stephen C. Rogers
Alyson L. Smith
Melissa C. Neri
**MAYNARD, COOPER & GALE, PC**
655 Gallatin Street
Huntsville, AL 35801
Telephone: (256) 512-5710
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
mmarler@maynardcooper.com
srogers@maynardcooper.com
asmith@maynardcooper.com
mneri@maynardcooper.com

Luther M. Dorr, Jr.
**MAYNARD, COOPER & GALE, PC**
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
Telephone: (205) 254-1178
Facsimile: (205) 714-6438
rdorr@maynardcooper.com

John G. Smith
David R. Boyd
**BALCH & BINGHAM LLP**
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (866) 316-9461
jgsmith@balch.com

dboyd@balch.com

Steven C. Corhern
**BALCH & BINGHAM LLP**
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5708
scorhern@balch.com

Gary L. Willford, Jr.
Joseph G. Stewart
Stephanie L. Smithee
**ALABAMA DEPARTMENT OF CORRECTIONS**
Legal Division
301 South Ripley Street
Montgomery, Alabama 36130
Telephone (334) 353-3884
Facsimile (334) 353-3891
gary.willford@doc.alabama.gov
joseph.stewart@doc.alabama.gov
stephanie.smithee@doc.alabama.gov