IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| EDWARD BRAGGS, et al., )<br>)<br>　　Plaintiffs, )<br>)<br>　　v. )<br>)<br>JEFFERSON S. DUNN, in his )<br>official capacity as )<br>Commissioner of )<br>the Alabama Department of )<br>Corrections, et al., )<br>)<br>　　Defendants. ) | CIVIL ACTION NO.<br>2:14cv601-MHT<br>(WO) |

## PHASE 2A REVISED REMEDY SCHEDULING ORDER
## ON THE EIGHTH AMENDMENT CLAIM

It is ORDERED that the parties' joint motion to continue evidentiary hearing on supplemental liability opinion remedy (doc. no. 2626), as clarified by the parties' subsequent joint statement (doc. no. 2639), is granted and the remaining deadlines and dates for the Phase 2A remedy scheduling order for the Eighth Amendment claim are revised as follows:

|  | OLD DATES | NEW DATES |
|---|---|---|
|  |  |  |
| **STAFFING** |  |  |
| **In-person hearing on whether the court should approve parties' proposed mental-health staffing agreement (doc. no. 2606), subject to later determination as to PLRA compliance.** | 11/15/19 at 10:00 a.m. | 11/12/19 at 10:00 a.m. |
| **Evidentiary hearing on whether parties' proposed mental-health staffing agreement (doc. no. 2606) complies with the PLRA.** | 3/2/20 at 10:00 a.m. (Stayed until December 13, 2019) | 3/2/20 at 10:00 a.m., and 3/3/20 thru 3/5/20 at 9:00 a.m. (Stayed until December 13, 2019) |
|  |  |  |
| **SEGREGATION** |  |  |
| **Parties were to develop schemes to verify that defendants are now accurately and timely identifying SMI inmates with regard to segregation. The matter will now be addressed in the parties' ongoing effort at mediation on the monitoring issue and, should mediation fail, would be put to the court to consider as part of the monitoring remedy.** | Stayed until December 13, 2019 |  |
| **Evidentiary hearing on remedy for violations found in supplemental liability opinion. (Doc. nos. 2353, 2397, & 2398).** | 11/12/19 at 10:00 a.m. | 1/24/20 at 10:00 a.m. and 1/27/20 thru 1/28/20 at 9:00 a.m.(Stayed until December 13, 2019) |
| **With regard to remedy for violations found in supplemental liability opinion, parties to file briefs updating court as to what the issues are and what documents are relevant.** | 11/5/19 | 1/10/20 |
| **In-person Hearing on "segregation-like" issue.** | 11/12/19 at 10:00 a.m. |  |
| **With regard to the "segregation-like" issue, parties to file briefs updating** | 11/5/19 |  |

| | | |
|---|---|---|
| court as to what the issue is and what documents are relevant. | | |
| Remedy for remaining violations found in initial liability opinion. Evidentiary hearing already held. Just need to issue opinion. | Under submission | |
| | | |
| **HOSPITAL-LEVEL CARE** | | |
| Evidentiary hearing on whether parties' proposed stipulations comply with PLRA. (Doc. no. 2383). | 3/2/20 at 10:00 a.m. (Stayed until December 13, 2019) | 3/2/20 at 10:00 a.m., and 3/3/20 thru 3/5/20 at 9:00 a.m. (Stayed until December 13, 2019) |
| *Vitek* issue: Evidentiary hearing regarding most current facts surrounding hospital-level care. | 1/24/20 at 10:00 a.m. | |
| *Vitek* issue: Plaintiffs to file brief detailing (1) the most recent factual circumstances regarding hospital-level care and (2) why *Vitek* applies in light of those circumstances. | 1/10/20 | |
| *Vitek* issue: Defendants to file brief detailing (1) the most recent factual circumstances regarding hospital-level care and (2) why *Vitek* does not apply in light of those circumstances. | 1/17/20 | |
| | | |
| **SUICIDE PREVENTION** | | |
| In-person hearing on whether the court should approve parties' most recently proposed suicide prevention measures (doc. no. 2606), subject to later determination as to PLRA compliance. | 11/15/19 at 10:00 a.m. | 11/12/19 at 10:00 a.m. |
| Evidentiary hearing of whether parties' most recently proposed suicide prevention measures (doc. no. 2606) complies with the PLRA. | 3/2/20 at 10:00 a.m. (Stayed until December 13, 2019) | 3/2/20 at 10:00 a.m., and 3/3/20 thru 3/5/20 at 9:00 a.m. (Stayed until December 13, 2019) |

| | | |
|---|---|---|
| Court's remedial opinion and judgment for immediate relief regarding suicide prevention (doc. nos. 2525 and 2526). | (Stayed until December 13, 2019) | |
| Defendants' motion to alter, amend, or vacate (doc. no. 2564). | (Stayed until December 13, 2019) | |
| Interim suicide prevention order (doc. no. 2569) | In effect until December 13, 2019 | |
| | | |
| **DISCIPLINARY SANCTIONS** | | |
| Evidentiary hearing of whether parties' proposed stipulations comply with PLRA. (Doc. nos. 2384 & 2382). | 3/2/20 at 10:00 a.m. (Stayed until December 13, 2019 | 3/2/20 at 10:00 a.m., and 3/3/20 thru 3/5/20 at 9:00 a.m. (Stayed until December 13, 2019) |
| | | |
| **MONITORING** | | |
| Remedy. Evidentiary hearing already held. Just need to issue opinion. | Under submission as of December 13, 2019 (Stayed until then.) | |
| | | |
| **RESIDENTIAL TREATMENT AND STABILIZATION UNITS** | | |
| Remedy. Evidentiary hearing already held. Just need to issue opinion. | Under submission | |
| | | |
| **PLRA: MISCELLANEOUS STIPULATIONS AND ORDERS (doc. no. 2608)** | | |
| Evidentiary hearing on whether the following stipulations and orders comply with the PLRA:<br>  --Intake (doc. nos. 1780 & 1794)<br>  --Coding (doc. nos. 1779 & 1792)<br>  --Referral (doc. nos. 1786, 1814, & 1821)<br>  --Individual treatment plans (doc. nos. 1853 & 1865)<br>  --Psychotherapy and confidentiality (doc. nos. 1893 & 1899)<br>  --Definition of SMI (doc. no. 1720)<br>  --Bibb segregation issues (doc. nos. 1748 & 1751) | 3/2/20 at 10:00 a.m. (Stayed until December 13, 2019) | 3/2/20 at 10:00 a.m., and 3/3/20 thru 3/5/20 at 9:00 a.m. (Stayed until December 13, 2019) |

| | | |
|---|---|---|
|   --Preplacement screening, etc. (doc. nos. 1798, 1810, 1811, & 1815)<br>  --Removing SMIs from segregation (doc. nos. 1855 & 1861)<br>  --Confidentiality (doc. nos. 1894 & 1900)<br>  --Mental-health understaffing (doc. nos. 2283 & 2301) | | |
| The parties are to file a joint statement of ALL the orders, stipulations, and agreements (with document numbers cited) for which the court must make findings as to whether they comply with the PLRA. | 2/7/20 (Stayed until December 13, 2019) | |
| With citations to the record in support of their arguments, the plaintiffs are to file a prehearing brief as to why these orders, stipulations, and agreements comply with the PLRA. | 2/12/20 (Stayed until December 13, 2019) | |
| With citations to the record in support of their arguments, the defendants are to file a response as to why these orders, stipulations, and agreements do not comply with the PLRA. | 2/18/20 (Stayed until December 13, 2019) | |
| Pretrial conference on PLRA issue. | 2/21/20 at 10:00 a.m. (Stayed until December 13, 2019) | |
| | | |
| **PARTIAL STAY (doc. no. 2608)** | | |
| If party does NOT want partial stay extended, that party must give such notice. | 11/22/19 | |
| In-person status conference on whether to extend partial stay. | 12/6/19 at 10:00 a.m. | |
| Partial stay expires. | 12/13/19 | |

    **DONE, this the 24th day of October, 2019.**

                                            **/s/ Myron H. Thompson**
                                     **UNITED STATES DISTRICT JUDGE**