IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| EDWARD BRAGGS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:14cv601-MHT |
| ) | (WO) |
| JEFFERSON S. DUNN, in his ) | |
| official capacity as ) | |
| Commissioner of ) | |
| the Alabama Department of ) | |
| Corrections, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER REGARDING REDACTION OF HEARING TRANSCRIPT

Before the court is a joint notice regarding parties' proposed redactions to transcript of a hearing held on October 21, 2019. Initially, defendants filed a request for redaction of the entire transcript until the ADA Consultant's Report is publicly disclosed. After plaintiffs objected to the redaction of the entire transcript, the court set the issue for oral argument. The parties then submitted a joint notice of "mutually agreeable redactions" to the transcript.

Joint Notice Regarding Redactions to the October 21, 2019 Hearing Transcript (doc. no. 2677). This joint request, which proposes the redaction of only a small part of the hearing transcript, will be granted for the reasons that follow.

A "strong common law presumption of public access" applies to trial records. *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985); *see also Newman v. Graddick*, 696 F.2d 796, 802-804 (11th Cir. 1983). Indeed, "[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); *see also Todd v. Daewon Am., Inc.,* 2014 WL 2608454, at *2 (M.D. Ala. 2014) (Thompson, J.) ("[T]here is the general, albeit qualified, right of the public to access to court records. One legal writer put it this way: 'Essential to the rule of law is the public performance of the judicial function.

The public resolution of court cases and controversies affords accountability, fosters public confidence, and provides notice of the legal consequences of behaviors and choices. ... This right is rooted in the common law.' Robert Timothy Reagan, *Sealing Court Records and Proceedings: A Pocket Guide* (Federal Judicial Center) (2010) at 1 (footnotes omitted)).

But this right of access "may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotation marks omitted). Courts consider, among other things, "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a

3

less onerous alternative to sealing the documents." *Id.* Whether good cause exists depends upon the "nature and character of the information in question," *id.*, but generally requires more than a "conclusory and speculative" rationale, *id.* at 1248.

The United States Constitution also guarantees a "constitutional right of access," but this right "has a more limited application in the civil context than it does in the criminal." *Chicago Tribune*, 263 F.3d at 1310. The Eleventh Circuit has not definitively answered "the question of whether or not there is a constitutional right of access to civil trials," *Wilson*, 759 F.2d at 1570, though it has "extended the scope of the constitutional right of access to include civil actions pertaining to the release or incarceration of prisoners and their confinement." *Chicago Tribune*, 263 F.3d at 1310 (citations omitted).

If the constitutional right of access does apply, the parties must demonstrate that the redactions are "necessary to achieve a legitimate purpose" and that

4

less intrusive alternatives were considered. *Newman*, 696 F.2d at 802 (citations omitted). Further, the court would need to ensure that the restriction on access was narrowly tailored. *See id.*

The parties jointly submitted the proposed redactions. But because of the public's strong interest in access to judicial records, the court believes it should not rely solely on the parties' views, and rather should conduct its own independent review to ensure that the self-evident public's interest is thoroughly and thoughtfully considered in addition to the views and interests of the parties. Here, after conducting an independent assessment of the proposed redactions and interests at play, the court is satisfied that the parties have met the requirements of the First Amendment if they apply. The court thus does not discuss the "good cause" analysis required by the common law, which is a less-stringent standard. *See generally Clark v. Bamberger*, 2016 WL 1183180, at *2 (M.D. Ala. 2016) (Thompson, J.) (describing the "lesser

'good cause' showing to overcome the common-law right of access").

The parties' proposed redactions consist largely of the names of prisons (and sub-sections of prisons) as relate to construction priorities, the timing of various phases of construction, and associated transition plans. Defendants argue that public disclosure of the information would "compromise the security of ADOC facilities and the safety of inmates, volunteers, and staff at ADOC facilities." State's Request for Redaction (doc. no. 2662) at 2. Further, they note that, given that the information is susceptible to change, an unredacted hearing transcript might ultimately misinform the public. *Id.*

The public, of course, has a substantial interest in such information: "the citizen's desire to keep a watchful eye on the workings of public agencies" is "at the heart of the interest protected by the right of access." *Romero*, 480 F.3d at 1246 (internal citations and quotation marks omitted). But the security of those

inside the prison, and the safe and successful operation of Department of Corrections facilities more generally, is a compelling interest shared by defendants and the public at large. *See, e.g.*, *Fawaad v. Jones*, 81 F.3d 1084, 1087 (11th Cir. 1996) (agreeing that "maintaining security in a prison constitutes a compelling governmental interest"); *Harris v. Forsyth*, 735 F.2d 1235, 1235 (11th Cir. 1984). The information at issue here risks compromising these goals: although the "the mere *possibility* of prison violence is not sufficient to justify keeping judicial records confidential," *Braggs v. Dunn*, 382 F. Supp. 3d 1267, 1276 (M.D. Ala. 2019) (Thompson, J.) (emphasis added), disclosure of the specific phasing and timing of inmate movement and prison construction could pose a meaningful threat to the security of inmates and staff. Further, the relatively limited redactions are narrowly tailored to minimize harm, often encompassing only names and dates. The court also finds persuasive the additional explanations provided at the October 21

7

hearing, which are themselves the subjects of redaction. But the reasons available publicly are sufficient to satisfy the requirements of the First Amendment. And, finally, the redacted information will be released after a delay, serving the public's interest in eventual access.

Based on its review of the information in the redacted portions of the hearing transcript, therefore, the court finds that the redactions are narrowly tailored to serve a compelling interest. (Unsurprisingly, given the similar contents of the documents at issue, the court granted an analogous motion requesting leave to file the ADA Consultant's Report under seal. *See* Joint Motion for Leave to File ADA Report Under Seal (doc. no. 2630); Text Order Granting Joint Motion (doc. no. 2632).)

***

Accordingly, it is ORDERED that the parties' proposed redactions are approved and that defendants' transcript redaction request (doc. no. 2662) is

8

granted, albeit only to the extent of the parties' proposed redactions (doc. no. 2677). The unredacted hearing transcript shall not be made publicly available until the ADA Consultant's Report is publicly disclosed, pursuant to the parties' joint notice regarding the agreed-upon implementation schedule for ADA alterations (doc. no. 2605).

DONE, this the 13th day of December, 2019.

                              /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**