IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:14cv601-MHT |
| | ) | (WO) |
| JEFFERSON S. DUNN, in his | ) | |
| official capacity as | ) | |
| Commissioner of | ) | |
| the Alabama Department of | ) | |
| Corrections, et al., | ) | |
| | ) | |
| Defendants. | ) | |

PHASE 2A OPINION AND ORDER ON *VITEK* ISSUE

Pending before the court is the issue of whether the
transfer of prisoners from the Alabama Department of
Corrections (ADOC) to outside hospitals for mental-health
care requires the due process protections outlined in
*Vitek v. Jones*, 445 U.S. 480 (1980).  The court has
concerns that this issue is properly before it for
resolution.  This opinion sets forth those concerns.

The *Vitek* issue arose in the process of determining
a remedy for the court's finding that ADOC fails to
provide hospital-level mental-health care to those who

need it, in violation of the Eighth Amendment. *See Braggs v. Dunn*, 257 F. Supp. 3d 1171, 1217 (M.D. Ala. 2017). The State first proposed a plan to remedy this issue, which included transferring prisoners in need of hospital-level care to an outside private hospital. *See* State's Proposed Remedial Plan on Hospital-Level Care (doc. no. 1514) at 3. The plaintiffs then raised concerns about the State's failure to include in its plan procedural due process protections for prisoners transferred to outside hospitals against their wishes, which the plaintiffs contend are required by *Vitek v. Jones*, 445 U.S. 480 (1980). Since that time, the parties have negotiated and entered into stipulations regarding the provision of hospital-level care, *see* Stipulations Regarding Hospital-Level Care (doc. nos. 2383-1 and 2383-2), which the court recently entered as a temporary injunction, *see* Interim Injunction Regarding Hospital-Level Care (doc. no. 2717). These stipulations exclude the issue of the applicability of *Vitek*, as the parties previously jointly requested that the court decide that

issue and stated that they would negotiate to develop a *Vitek*-compliant procedure if the court determines that *Vitek* applies.  *See* Joint Proposal (doc. no. 2308) at 1-2.  In the meantime, the State has also contracted with a private hospital to provide hospital-level care, *see* Contract Review Report (doc. no. 2289-2), and prisoners have already been transferred there for such care.

A hearing on the applicability of *Vitek* is now set for January 24, 2020.  However, upon review of the procedural history of this issue and the parties' arguments, the court has a threshold concern of whether it can properly decide the applicability of *Vitek* in this case.

First, the court questions whether, in the current posture of the case, it can decide the issue.  Relying solely on the Eighth Amendment, the court found the defendants were liable because ADOC provided virtually no hospital-level care, despite the presence of prisoners in need of such intensive treatment.  *See Braggs*, 257 F. Supp. 3d at 1217.  The court held that "hospital-level

3

care or hospitalization should be available when patients pose a danger to self or others and interventions in the [stabilization unit] do not improve their condition." *Id.* The court then turned to the issue of a remedy for this Eighth Amendment violation. A due process claim was neither pleaded nor addressed in the liability opinion. The court has serious doubts about its ability to order a remedy for which it did not find any violation in its liability opinion.

The court is also concerned whether any due process remedy it might order would satisfy the requirements of the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626(a)(1)(A). The PLRA provides that a "court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *Id.* The court has made no finding that the State has violated the due process rights of individuals in need of

**4**

hospital-level care by transferring them to a hospital against their wishes and without adequate procedure. How can the court fashion a remedy that is no more than necessary to address a violation where no violation has been found?

Second, no prisoner has complained that ADOC is involuntarily providing him with hospital-level care in violation of due process. Indeed, since the court found liability, the Alabama Disabilities Advocacy Program (ADAP) has conferred with a number of prisoners who were transferred to receive hospital-level care, and none has objected. This lack of a complaining prisoner has practical implications. It is conceivable that no prisoner will object in the reasonably foreseeable future, for it is reasonable to conclude that prisoners would likely view staying in a hospital as much more preferable to residing in one of Alabama's prisons. And, if and when a prisoner does complain, it is unclear what the nature of the circumstances would be then. The State might simply yield to a prisoner's objection and not

5

provide such care.   (The court is not sure how the plaintiffs would respond to such a circumstance.)   Or, if the State should decide to seek to provide such care in the face of a prisoner's objection, the liability opinion left open the possibility that the State could provide hospital-level care in an actual hospital or in a hospital-like setting.   *Braggs*, 257 F. Supp. 3d at 1218.   At that time, the State might be able to provide hospital-level care either in one of the prisons it says it plans to build or otherwise in a hospital-like setting in one of its current prisons, circumventing a situation arguably triggering *Vitek* protections.   *See* Plaintiffs' Brief (doc. no. 2289) at 4 (describing the *Vitek* case as requiring protections where "ADOC cannot provide the level of care necessary to treat that patient within the walls of an ADOC facility").   In short, the applicability of *Vitek* could vary based on many facts that could arise in the future.   Without concrete facts, the court is concerned that it could do no more than offer a hypothetical answer.

Because the court is raising this threshold matter for the first time, an on-the-record conference call will be scheduled to discuss how to proceed.

* * *

Accordingly, it is ORDERED that an on-the-record conference call is set for January 15, 2020, at 2:00 p.m., to discuss how to proceed on the matter discussed above.

DONE, this the 14th day of January, 2020.

      /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE