**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | |
|---|---|
| **EDWARD BRAGGS, et al.,** ) | |
| ) | |
|    Plaintiffs, ) | |
| ) | **CIVIL ACTION NO.** |
|    v. ) | **2:14cv601-MHT** |
| ) | **(WO)** |
| **JEFFERSON S. DUNN, in his** ) | |
| **official capacity as** ) | |
| **Commissioner of** ) | |
| **the Alabama Department of** ) | |
| **Corrections, et al.,** ) | |
| ) | |
|    Defendants. ) | |

**PHASE 1 ORDER FOR NOTICE, COMMENT, AND HEARING
REGARDING PROPOSED MODIFICATIONS TO ADA SETTLEMENT**

When this court preliminarily approved modifications to the Phase 1 consent decree, it disagreed that the proposed notice submitted to the court was sufficient and disagreed that a fairness hearing was not required. *See* Order (doc. no. 2671) at 3. Following an on-the-record hearing on December 6, 2019, the court ordered the parties to provide an updated proposal for both a notice and comment form as well as the method of notice and the period of comment.

*See* Order (doc. no. 2685) at 1. After informally reviewing the parties' proposal, the court now finds that the notice and comment forms as attached to this order, the process for distributing and collecting these forms as outlined below, and the fairness hearing also as described below together constitute sufficient notice of and opportunity to be heard on the proposed modifications to the settlement agreement, as is required by due process.

It is therefore ORDERED that The Alabama Department of Corrections (ADOC) is to provide notice of the proposed modifications to the settlement agreement as further outlined below by February 10, 2020, and to collect comments from class members as further outlined below by the submission deadline of March 9, 2020.

It is further ORDERED as follows:

(1) A fairness hearing is set for 9:00 a.m. on April 13, 2020, in the Frank M. Johnson Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama.

At this hearing, counsel for both parties must be prepared to respond to the objections raised and comments made by class members.

(2) The proposed modifications to the Phase 1 settlement (doc. no. 2678) and the attached notice and comment forms are to be translated into Spanish, and printed in both Braille and large print, and these alternative format documents are to be distributed to each ADOC facility prior to February 10, 2020. Although posted documents need not be provided in any alternative format, any individual inmate known to or believed by correctional officers to read only Spanish or to be vision-impaired must be provided individual copies of both the notice and comment forms in an alternative format, and must be provided both the proposed modifications to the settlement agreement as well as the original settlement agreement itself in an appropriate alternative format

upon request. If an inmate who has difficulty reading any of the alternative format documents or who has difficulty writing requests that the notice form or the proposed modifications to the settlement agreement be read to him or her or requests assistance in completing a comment form, this request must be accommodated by ADOC.

(3) Copies of the proposed modifications to the settlement agreement as well as the original settlement agreement itself are to be made available for inmates to review in the law library of each ADOC prison or work-release facility or, for facilities that have no law library, in the area where information for inmates is made available. At least one copy is to be made available per 100 inmates housed in any particular facility.

(4) A copy (including an alternative format copy, as appropriate) of the proposed modifications

4

of the settlement agreement or the original settlement agreement is to be provided promptly upon request to any inmate who is not authorized or able to access the law library or other area where copies of the proposed modifications of the settlement agreement and the original settlement agreement are being made available.

(5) For inmates housed in dorms at ADOC's prisons or work-release facilities, the notice form is to be posted in each of the libraries and dorms of these facilities, wherever information for inmates is ordinarily posted. Sufficient copies of the comment form are to be made available to inmates housed in dorms in their facilities' libraries and in their shift commanders' offices.

(6) For inmates housed in Restrictive Housing Units, infirmaries, Mental Health Units, Crisis Cells, and Death Row, the notice form is to be

posted next to the shower area, and shall be delivered by hand to every inmate listed as having a mobility or vision impairment on the Office of Health Services's Special Needs Report by February 10, 2020. ADOC is to maintain a roster that indicates, by name and AIS number, each inmate to whom these forms have been distributed. Inmates are to sign this roster upon receipt of the forms; in the event that an inmate refuses to sign or rejects the forms, the distributing officer is to note this on the roster.

(7) ADOC is to inform all inmates of the notice and opportunity to object or comment by means of a statement placed within the newsletter at each facility that produces a newsletter for the duration of the comment period. The statement shall read as follows: "There are proposed modifications to the settlement agreement in Braggs v. Dunn regarding the Americans with

Disabilities Act. You have until March 9, 2020, to provide written comments. Notices are posted throughout the facility."

(8) At each ADOC prison or work-release facility, a secured box clearly labeled "ADA Settlement Comment Box" is to be placed adjacent to the box where inmate request slips are collected. This box may be a securely taped cardboard box, and must be of sufficient size to accommodate all comment forms that are submitted. This box is to be used exclusively for the collection of comment forms.

(9) Inmates who are allowed freedom of movement within a facility are to be allowed to place their comment forms in the designated comment box. Comment forms are to be collected from those inmates who do not have freedom of movement within a facility as follows, with records of the inmates from whom forms have

been collected to be maintained on rosters by those responsible for the collection:

a. In Restrictive Housing Units at correctional facilities, the forms are to be collected by members of the Institutional Segregation Review Board during normal rounds and deposited in the comment box.

b. In Restrictive Housing Units or holding units at work-release facilities, the forms are to be collected by any correctional officer or supervisor and deposited in the comment box.

c. In infirmaries, mental-health units, crisis cells, and on death row, the forms are to be collected by the Captains or other supervisors who are responsible for those units and deposited in the comment box.

8

(10) At the end of the final day of the comment period, the Warden at each facility is to transmit the comment box(es) to the office of ADOC's general counsel. Further, the Warden at each facility is to certify in writing that the facility has complied with the above requirements regarding the provision of notice and the collection of forms.

(11) After each set of comment boxes is received by ADOC's general counsel, counsel for ADOC will promptly arrange with class counsel and a representative of the clerk of the court for the Middle District of Alabama a time for the parties to meet at the United States Courthouse in Montgomery in order to confirm that comment boxes from all ADOC facilities have been received and to open those boxes.

(12) The comments contained in the comment boxes are to be scanned by the clerk of the court and publicly docketed as a single filing.

**(13) The comments received by the clerk of the court by mail are also to publicly docketed.**

**(14) ADOC will reasonably cooperate in making arrangements to provide class members the opportunity to meet with class counsel in anticipation of the fairness hearing. This includes the possibility of congregate meetings at facilities where multiple class members have interest in meeting with class counsel.**

**(15) By no later than noon on March 30, 2020, the parties are to file pre-hearing briefs, either jointly or separately, both summarizing by topic and responding to the objections to and comments on the proposed modifications to the settlement agreement that have been submitted by class members. These briefs must include citations to the page numbers on which any referenced objections or comments appear in the docketed compilations of responses.**

(16) The court will determine, after receiving objections and comments from class members, from which of them it intends to hear oral testimony. This testimony will be heard by videoconference from various ADOC facilities.

   a. By no later than March 30, 2020, the parties are to consult with the clerk of court and file under seal a joint proposal as to arrangements for videoconferencing

   b. By no later than April 6, 2020, the court will inform the parties which class members will testify.

   c. By no later than April 10, 2020, the parties are to file a list of which class members will testify from which facilities.

DONE, this the 22nd day of January, 2020.

                         /s/ Myron H. Thompson
                       **UNITED STATES DISTRICT JUDGE**