# EXHIBIT A

| Name | AIS # | Facility | Category of Comments | Do they wish to testify? | Narrative Summary | Document Received/Docket # |
|---|---|---|---|---|---|---|
| Unknown | Unknown | Bullock | Unclear category | Unknown | Submitted paper includes some references to prison, the navy, and the KKK but does not appear to be responsive to proposed modifications. No name or AIS # could be found on the submitted papers. | Doc. 2787-4, pp. 1-12 |
| Antwone Wilson | 270372 | Donaldson | lack of knowledge of modification | Yes | stated doesn't know or understand what he is being asked to sign and wants to know what it involves | Doc. 2787-9, p. 4 |
| Brandon Johnson | 185532 | Donaldson | consideration of testimony | Yes | stated wishes to testify but doesn't know what the new modifications are | Doc. 2787-8, p. 7 |
| Charles Haynes | 254786 | Donaldson | unclear category | No | reason for comment stated "I don't want to" | Doc. 2787-8, p. 4 |
| Darnell Kidd | 180697 | Donaldson | condition of prisons | Yes | concern of safety and health within prisons and states modification of prisons will save lives and better peoples health | Doc. 2787-8, p. 1 |
| Demetrius Eaton | 242591 | Donaldson | mental health treatment | No (requested face-to-face) | concerns over MH treatment and medication | Doc. 2787-9, p. 7 |
| Donald Hairgrove | 178175 | Donaldson | consideration of testimony | Yes | stated wants to be considered for testimony due to long incarceration in unconsitutional system | Doc. 2787-8, p. 6 |
| Dontaveous McClellan | 271832 | Donaldson | stay in restrictive housing, conditions of cell, feeding concerns | Yes | concerned over length of stay in restrictive housing and stated issues regarding initial placement; cells flood; loosing weight due to feeding practices; stated Donaldson needs to be closed down | Doc. 2787-8, p. 3 |
| Edward Knight | 253623 | Donaldson | unclear category | Yes | stated modification concerns liberty interest | Doc. 2787-8, p. 2 |
| Frank McCormick | 161581 | Donaldson | need for assistance | Yes | stated didn't know how to fill out form and needed some help | Doc. 2787-9, p. 5 |
| Roderick Williams | 251836 | Donaldson | unclear category | Yes | stated modification concerns liberty interest | Doc. 2787-8, p. 5 |

| Name | Number | Facility | Category | Responsive | Description | Citation |
|---|---|---|---|---|---|---|
| Samuel Miles | 279820 | Donaldson | housing | Yes | stated housed in the east gym with access to two toilets for 48 inmates and no access to shower | Doc. 2787-9, p. 6 |
| Tim Foster | 221895 | Donaldson | unclear category | Yes | appears non-responsive to the proposed modifications | Doc. 2787-9, p. 8 |
| Unknown | Unknown | Donaldson | medical treatment | Yes | concern over inadequate medical treatment pertaining to skin condition and refusal of medical to accept more sick call slips regarding need | Doc. 2787-8, p. 8 |
| Unknown | Unknown | Donaldson | desire to testify | Yes | stated wishes to testify regarding mistreatment of ADOC and to help bring change to the situation | Doc. 2787-8, p. 9 |
| Unknown | Unknown | Donaldson | unclear category | Unkonwn | appears non-responsive to the proposed modifications | Doc. 2787-9, p. 1 |
| Unknown | Unknown | Donaldson | consideration of testimony | Yes | stated wishes to be considered for testimony on proposed modifications | Doc. 2787-9, p. 2 |
| Unknown | Unknown | Donaldson | unclear category | Unknown (checked yes but marked out) | stated cannot read or see to understand what to do | Doc. 2787-9, p. 3 |
| Terry Holland | 295673 | Easterling | none | No | Reason for comment stated "none" | Doc. 2787-11, pp. 1-2 |
| Thomas Young | 153320 | Elmore | ADA request | Yes | stated that was not allowed sunglasses and vision problems following pepper spray incident | Doc. 2787-14, pp. 3-4 |
| Troy Boutwell | 204204 | Elmore | medical treatment; ADA request | Yes | appears to be thanking at Facility ADA Coordinator who assisted in ensuring follow-up medical care after transfer to Elmore from Kilby | Doc. 2787-14, pp. 1-2 |
| Allen Kennedy | 260723 | Hamilton A&I | delay of modifications; non-compliance; fines | Yes | stated disagreement with modification because ADOC history of non-compliance and "foot-dragging"; mentioned time of compliance with PREA orders; suggests fine of $500,000 per day of non-compliance | Doc. 2769-1, pp. 55-57 |

| Name | ID | Facility | Topic | | Comment | Reference |
|---|---|---|---|---|---|---|
| Dwight Roberts | 168138 | Hamilton A&I | income | Yes | concern should have monthly income to live off of while in ADOC for food and hygiene products and keep from getting injured by other inmates | Doc. 2769-1, pp. 27-29 |
| Elbert Ballard | 128950 | Hamilton A&I | good time reinstatement; rights listed within Declaration of Independence; drug use in prison; cost of incarceration | No | concern over underlying conviction; concern regarding removal of good time credit over previous testimony in Braggs v. Dunn regarding inadequate treatment at Hamilton A&I; concern over drug use; wishes to speak about the rights included in the Declaration of Independence and the cost of running a prison system as opposed to providing housing for those incarcerated and preventing future crime. | Doc. 2769-1, pp. 5-10; pp. 11-14; pp. 33-35 |
| George Lumpkin | 98286 | Hamilton A&I | delay of modifications | No | disagreement with modification because delay | Doc. 2769-1, pp. 40-42 |
| Gregory Williams | 117937 | Hamilton A&I | scope of modifications | Yes | disagreement with modification because should be all facilities | Doc. 2769-1, pp. 18-20 |
| James Wheeler | 177690 | Hamilton A&I | none | No | No objections/comments included | Doc. 2787-18, pp. 1-2 |
| John Hallman | 151645 | Hamilton A&I | release | Yes | stated individuals should be released due to overcrowding | Doc. 2769-1, pp. 30-32 |
| Shaun Shapley | 263566 | Hamilton A&I | Delay, parole, medical care | Yes | concern ADOC intentionally causing delay by refusing to make changes; concern pardons and paroles not appropriately considering rehabilitation programs; concern over medical treatment; concern that building new faciliites will just result in more incarcerated. | Doc. 2769-1, pp. 1-4 |
| Steven Eller | 239264 | Hamilton A&I | modifications | No | agrees with modification | Doc. 2769-1, pp. 21-23 |
| Thomas Roberts | 238065 | Hamilton A&I | delay of modifications | No | stated ADOC has failed to make changes until October 2019 but "inmates need mental help now" | Doc. 2769-1, pp. 24-26 |

| Name | ID | Facility | Topic | Response? | Summary | Citation |
|---|---|---|---|---|---|---|
| William Villar | 245066 | Hamilton A&I | construction; termination of monitoring; monitoring fees | Yes | concern over ADOC building using inmate labor and cheap materials so not long lasting; stated monitoring should not terminate due to ADOC's failure to abide by court orders; stated monitoring fees should increase and fines to ADOC for failing to comply | Doc. 2769-1, pp. 43-45 |
| Arthur Giles | Z394 | Holman | modifications | Yes | stated he had not seen the settlement or read about changes but wishes modifications were for the better | Doc. 2787-21, pp. 1-2 |
| Taurus Carroll | Z629 | Holman | ADA request | Unknown | appears to be ADA request regarding CPAP use and access to electricity within new placement of death convicted individuals at Holman | Doc. 2787-21, pp. 3-4 |
| James Edward Wallace | 207922 | St. Clair | Nonresponsive/ADA concerns/Drugs/Grievances. | Yes | Wallace does not complain about the proposed modifications to the ADA Consent Decree.  Instead, Wallace makes several complaints, including, disapproval of the handicap showers, the space between beds in the dorms, drug dealers in the dorms, and Wexford's lack of response to disabled inmates' grievances.  Wallace also attached what appears to be a hand-written complaint against Wexford and Warden Bolling, in which Wallace generally complains about the pill call process, inadequate access to medication, his failure to receive food, and other inmates "pushing him out of the way" to get ahead of him in the chow line. | Dated March 3, 2020, received by the Clerk of Court.  Doc. No. 2774-1, pp. 1-10. |

| Name | AIS | Facility | Category | Objection | Summary | Source |
|---|---|---|---|---|---|---|
| Nicholas Lawson | 262514 | St. Clair | Negative reponse/ADA concerns. | Yes | Lawson does not complain about the proposed modifications to the ADA Consent Decree. Instead, Lawson contends the ADA Alterations do not address his disability (epilepsy). Lawson does however appreciate the progress being made in ADOC facilities. | Dated February 27, 2020, from the St. Clair comment box, Doc. No. 2787-30, pp. 1-2. |
| Seth Rodgers | 306637 | St. Clair | Nonresponsive/Living arrangements/Medical care. | Yes | Rodgers does not complain about the proposed modifications to the ADA Consent Decree. Instead, Rodgers complains about the sleeping arrangements and inadequate medical care. | Dated February 25, 2020, received by the Clerk of Court. Doc. No. 2769-1, pp. 49-51. |
| Andrew J. Smith | 228252 | Staton | Nonresponsive/Medical care/Mental-health care. | Yes | Smith does not complain about the proposed modifications to the ADA Consent Decree. Rather, he claims ADOC fails to adequately diagnose and/or treat disabled inmates. Further, Smith complains that the mental-health care provided is inadequate, as well as the pill call process. | Dated February 26, 2020, received by the Clerk of Court. Doc. No. 2769-1, pp. 46-48. |
| Benjamin Oryang | 168079 | Staton | Negative Response/Modifications. | Yes | Oryang states he objects to the proposed modifications to the ADA Consent Decree. Oryang generally complains that ADOC violated its obligations under the ADA for decades prior to the 2016 settlement. He further alleges that ADOC continues to violate provisions of the ADA and the Eighth Amendment. | Dated March 11, 2020, from the Staton comment box, Doc. No. 2787-32, pp. 9-10. |
| Dave Garth | 146895 | Staton | Blank | No | No comments. | Dated March 2, 2020, from the Staton comment box, Doc. No. 2787-32, pp. 23-24. |

| Name | AIS | Facility | Category | Hearing Requested | Summary | Source |
|---|---|---|---|---|---|---|
| Davie Mitchell | 318748 | Staton | Negative Response/Delay of modifications/Monitoring fees. | No | Mitchell generally objects to the proposed modifications to the ADA Consent Decree and states ADOC should have no later than November 1, 2025, to complete all ADA alterations for phase I and II, and no later than November 2026 for phase III alterations. He further believes ADAP should be paid for up to two (2) years after the alterations are completed. | Dated February 27, 2020, from the Staton comment box, Doc. No. 2787-32, pp. 11-12. |
| Detarrio Chappell | 262124 | Staton | Nonresponsive/Personal Disability. | No | Chappell does not complain about the proposed modifications to the ADA Consent Decree. Instead, Chappell discusses his disability stemming from a previous gun shot wound. | Dated March 12, 2020, from the Staton comment box, Doc. No. 2787-32, pp. 17-18. |
| Devonte Thompson | 319674 | Staton | Nonresponsive/Medical care. | Yes | Thompson does not complain about the proposed modifications to the ADA Consent Decree. Rather, Thompson complains the medical care provided is inadequate. | Dated February 25, 2020, from the Staton comment box, Doc. No. 2787-32, pp. 7-8. |
| Eric Wilson | 187189 | Staton | Negative Response/ Delay of modifications. | No | Wilson objects to the proposed extension for ADOC to complete the ADA Alterations. He states the deadline for ADOC to complete all alterations at all facilities should be no later than November 1, 2024. He also believes that ADOC should not consider closing any facilities nor opening any new facilites. | Dated March 9, 2020, from the Staton comment box, Doc. No. 2787-32, pp. 1-2. |

| Name | ID | Facility | Category | | Comments | Source |
|---|---|---|---|---|---|---|
| Franklin Irvin | 141535 | Staton | Negative Response/Delay of modifications/ADA concerns/Monitoring fees. | Yes | Irvin disagrees with the proposed modifications to the ADA Consent Decree and states that all ADA alterations should be completed by ADOC by November 1, 2025 at the latest. Irvin further suggests the shower and the yards should be handicap accessible and disabled inmates should have access to a greater variety of jobs. Moreover, Irvin complains that the medical staff should make it easier and faster for inmates to receive medical items ordered by thier doctors, such as hearing aids. Lastly, Irvin believes ADAP should be paid to monitor ADOC facilities for up to two (2) years after alterations are completed. | Dated February 27, 2020, from the Staton comment box, Doc. No. 2787-32, pp. 19-20. |
| Kym Gray | 203553 | Staton | Blank | No | No comments. | Dated February 27, 2020, from the Staton comment box, Doc. No. 2787-32, pp. 27-28. |
| Leo Rayford | 108756 | Staton | Nonresponsive/Unknown category. | No | Rayford does not complain about the proposed modifications to the ADA Consent Decree. However, he believes change is good but questions the motivations for the proposed changes. | Dated March 1, 2020, from the Staton comment box, Doc. No. 2787-32, pp. 25-26. |
| Marcus Briggs | 172974 | Staton | Blank | No | No comments. | Dated March 1, 2020, from the Staton comment box, Doc. No. 2787-32, pp. 3-4. |

| Name | ID | Facility | Category | Response | Summary | Source |
|---|---|---|---|---|---|---|
| Michael Davis | 303387 | Staton | Nonresponsive/Feeding concerns. | No | Davidson does not complain about the proposed modifications to the ADA Consent Decree. In fact, Davis states he is not on the "ADA client list" but he should be included. Davis generally complains he does not receive diabetic meals or snacks as he should, and that ADOC generally overlooks diabetic inmates who are insulin dependent. | Dated March 12, 2020, from the Staton comment box, Doc. No. 2787-32, pp. 31-32. |
| Reginald Ransom | 168190 | Staton | Negative Response/Delay of modifications/Monitoring fees. | No | Ransom disagrees with the proposed modified completion date for the alterations in the ADA Consent Decree. Ransom believes ADOC should have until November 1, 2024 to complete the alterations. He also contends that ADOC should not close any facilities nor open any new facilities due to budget concerns. Finally, Ransom states that ADAP should be paid up to two (2) years. | Dated February 27, 2020, from the Staton comment box, Doc. No. 2787-32, pp. 21-22. |
| Timothy Luther | 273124 | Staton | Nonresponsive/Mental-health care. | Yes | Luther does not complain about the proposed modifications to the ADA Consent Decree. Rather, Luther complains generally that the mental-health provided is inadequate. | Dated February 25, 2020, from the Staton comment box, Doc. No. 2787-32, pp. 15-16. |
| Tommy Sherum | 241007 | Staton | Nonresponsive/Lack of knowledge of modifications. | No | Sherum does not complain about the proposed modifications to the ADA Consent Decree. Rather, he merely states he does not understand why he received the notice. | Received from the Staton comment box, Doc. No. 2787-32, pp. 5-6, with an unknown date. |

| Name | ID | Facility | Category | Objection | Summary | Source |
|---|---|---|---|---|---|---|
| Unknown | Unknown | Staton | Nonresponsive/Unknown category. | Unknown | Due to the unintelligible language in the unknown inmate's hand-written objection, it is not possible to summarize the statements in the objection. However, there appears to be nothing in the statements that can be construed as an objection to the proposed modifications to the ADA Consent Decree. | Received from the Staton comment box, Doc. No. 2787-32, pp. 29-30, with an unknown date. |
| William Dale Jaeger | 132758 | Staton | Blank | No | No comments. | Dated February 26, 2020, from the Staton comment box, Doc. No. 2787-32, pp. 13-14. |
| Carlotta Kutschenreuter | 291809 | Tutwiler | Blank | No | None. | Dated February 19, 2020, from the Tutwiler comment box, Doc. No. 2787-34, pp. 3-4. |
| Mary Louise Williams | 225135 | Tutwiler | Nonresponsive/Mental-health care. | Yes | Williams does not complain about the propsed modifications to the ADA Consent Decree. Instead, Williams contends the mental-health provided is ineffective. | Dated March 17, 2020, from the Tutwiler comment box, Doc. No. 2787-34, pp. 1-2. |
| Shawnna Davidson | 303312 | Tutwiler | Nonresponsive/ADA concerns. | Yes | Davidson does not specifically complain about the proposed modifications to the ADA Consent Decree. Rather, Davidson states her desire that all ADOC facilities have wheel chair accessible transportation, disabled inmates are afforded employment opportunities, and inmates with only mobility issues are not forced to live in "medical" dorms. | Dated March 1, 2020, received by the Clerk of Court. Doc. No. 2769-1, pp. 52-54. |
| Christopher Lee | 227336 | Ventress | Negative reponse/Modifications. | Yes | Lees contends the ADOC has had sufficient time to complete the ADA Alterations. | Dated February 19, 2020, from the Ventress comment box, Doc. No. 2787-36, pp. 3-4. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Irilmoskomazzerella Washington | 268575 | Ventress | Negative Response/Delay in modifications. | Not indicated. | Washington did not use the response form. Washington objects to an extension to complete the ADA Alterations. Washington acknowledges completion of some work at Ventress, but does not believe it is sufficient. Washington proposes the court employ an outside contractor instead of inmate labor, fine ADOC, and release inmates with a disability. | Dated March 13, 2020, received by the Clerk of Court. Doc. No. 2774-1, pp. 11-13. |
| Irilmoskomazzerella Washington | 268575 | Ventress | Negative reponse/Delay in modifications. | No | Washington did not use the response form. Washington objects to an extension to complete the ADA Alterations. Washington acknowledges completion of some work at Ventress, but does not believe it is sufficient. Washington proposes the court employ an outside contractor instead of inmate labor, fine ADOC, and release inmates with a disability. | Received from the Ventress comment box, Doc. No. 2787-36 pp. 1-2, with an unknown date. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Lum D. Weaver, Jr. | 293145 | Ventress | Negative Response/Delay of modifications/ADA concerns. | Yes | Weaver objects to the proposed modfications to the ADA Consent Decree. He implies that ADOC intentionally delayed completing the alterations in anticipation of asking for more time upon expiration of the original deadline. He does acknowledge he was originally placed in H dorm upon his arrival at Ventress, which he claims is the only dorm that fully accommodates disabled inmates. However, he states ADOC converted the H dorm to the faith/character program dorm. He further alleges that if the disabled inmates failed to sign up for the faith program, then ADOC moved those disabled inmates to another dorm that is not ADA compliant. While Weaver never affirmatively states he was forced to move from H dorm because of the faith program, he implies ADOC forced him to move because he refused to sign up for the program. He believes ADOC should have already completed the alterations, but states ADOC should have at the most, two (2) years to complete the alterations moving forward. | Dated February 25, 2020, received by the Clerk of Court. Doc. No. 2769-1, pp. 36-39. |
| Timothy Lindsey Bearry | 132358 | Ventress | Nonresponsive/Medical care. | Yes | Bearry does not complain about the proposed modifications to the ADA Consent Decree. Rather, Bearry complains generally that the medical health care provided is inadequate. | Dated February 25, 2020, received by the Clerk of Court. Doc. No. 2769-1, pp. 16-17. |