IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
EDWARD BRAGGS, et al.,        )
                              )
    Plaintiffs,               )
                              )     CIVIL ACTION NO.
    v.                        )       2:14cv601-MHT
                              )           (WO)
JEFFERSON S. DUNN, in his     )
official capacity as          )
Commissioner of               )
the Alabama Department of     )
Corrections, et al.,          )
                              )
    Defendants.               )
```

**PHASE 2A ORDER AND INTERIM INJUNCTION WITH REGARD TO THIRTEEN STIPULATIONS AND ASSOCIATED ORDERS**

This court previously found, based on a joint agreement of the parties, that 13 of the parties' stipulations, separately and in conjunction with all other relief so far in this case, temporarily met the requirements of the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626(a)(1)(A). *See* Phase 2A Opinion and Interim Injunction With Regard to Eleven Joint Stipulations (doc. no. 2716); Phase 2A Opinion and Interim Injunction with Regard to Stipulation on

Provision of Hospital-Level Care (doc. no. 2717); Phase 2A Opinion and Interim Injunction with Regard to Stipulation on Mental-Health Consultation to the Disciplinary Process (doc. no. 2718).  As a result of this temporary finding, the court continued an upcoming in-person evidentiary hearing on the PLRA to allow the parties to continue negotiations on the matter.  *See* Phase 2A Opinion and Interim Injunction With Regard to Eleven Joint Stipulations (doc. no. 2716).

Those negotiations were not successful.  *See* Joint Notice Regarding Monitoring and PLRA Negotiations (doc. no. 2775) ("[T]he Parties hereby give notice that they have not reached an agreement regarding monitoring or the PLRA.").  Nonetheless, the evidentiary hearing set to begin on April 13, 2020 was continued generally in light of the current outbreak of the Coronavirus Disease (COVID-19) and the rapidly evolving threat to health and safety.  *See* Phase 2A Revised Remedy Scheduling Order (doc. no. 2784).  In light of the fact that the court's time-limited PLRA finding was set to

expire on May 11, 2020, and thus the parties' relevant stipulations would be unenforceable after May 11, 2020, the court ordered the parties to file joint or separate statements on how, if at all, each stipulation's compliance with the PLRA should be extended in the interim.  *See id*.  The parties now agree that the stipulations and associated orders "shall remain in effect pending the Court's resolution of whether they comply with the PLRA need-narrowness-intrusiveness requirement, but no longer than nine (9) months from [March 30, 2020]." Joint Request to Extend Phase 2A Remedial Orders (doc. no. 2790) at 1-2.  The court interprets "nine (9) months from [March 30, 2020]" to refer to December 30, 2020, but the parties can correct the court if necessary.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that defendants Jefferson Dunn and Ruth Naglich are ENJOINED and RESTRAINED from failing to comply with the following orders, as identified by the parties, until this court enters an opinion regarding

their compliance with the PLRA or until December 30, 2020, whichever is earlier:

(1) Order Re: Segregation Remedy (doc. no. 1720); and

(2) Order and Injunction Re: Bibb Segregation Remedy (doc. nos. 1751 & 1751—1); and

(3) Order and Injunction on Mental-Health Identification and Classification Remedy (Coding) (doc. nos. 1792 & 1792-1); and

(4) Order and Injunction on Mental-Health Identification and Classification Remedy (Intake) (doc. nos. 1794 & 1794—1); and

(5) Order and Injunction on Segregation Remedy (Pre-Placement, Mental-Health Rounds, Periodic Evaluations) (doc. nos. 1815 & 1815-1); and

(6) Order and Injunction on Mental-Health Identification and Classification Remedy (Referral) (doc. nos. 1821, 1821-1, & 1821-2); and

(7) Order and Injunction on Segregation Remedy (Stopgap Measures for Removing Inmates with Serious

Mental Illness from Segregation (doc. nos. 1861 & 1861-1); and

(8) Order and Injunction on Mental-Health Individualized Treatment Planning Remedy (doc. nos. 1865 & 1865-1); and

(9) Order and Injunction on Mental-Health Psychotherapy and Confidentiality Remedy (doc. nos. 1899 & 1899-1); and

(10) Order and Injunction on Confidentiality (doc. nos. 1900, 1900-1, & 1900-2); and

(11) Order and Injunction on Mental-Health Understaffing (doc. nos. 2301 & 2301-1); and

(12) Opinion and Interim Injunction with Regard to Stipulation on Provision of Hospital-Level Care (doc. nos. 2717 & 2724-1); and

(13) Opinion and Interim Injunction with Regard to Stipulation on Mental-Health Consultation to the Disciplinary Process (doc. nos. 2718 & 2725-1).

It is further ORDERED that the court finds, pursuant to the parties' agreement (doc. nos. 2790), as

well as the court's detailed prior review of each stipulation in open court, that the relief in each of the above 13 stipulations, separately and in conjunction with all other relief so far in this case, meets the "need-narrowness-intrusiveness" requirements of the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626(a)(1)(A), for the period from the date of this court order until either the Court's resolution of whether they comply with the PLRA's need-narrowness-intrusiveness requirement or December 30, 2020, whichever is earlier.

DONE, this the 31st day of March, 2020.

                          /s/ Myron H. Thompson
                          **UNITED STATES DISTRICT JUDGE**