**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **EDWARD BRAGGS, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:14cv601-MHT |
| | ) | (WO) |
| **JEFFERSON S. DUNN, in his** | ) | |
| **official capacity as** | ) | |
| **Commissioner of** | ) | |
| **the Alabama Department of** | ) | |
| **Corrections, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**PHASE 2A ORDER ON CORRECTIONAL STAFFING TREND**

This court has now reviewed the latest quarterly staffing report (doc. nos. 2823-1 & 2829-1) in light of all previously filed quarterly staffing reports. The court's assessment of the reports reveals that, for the past 12 months of available data, since the second quarter of 2019 through the first quarter of 2020, there has been an overall increase in the number of officers from 1,301 total officers to 1,413 total officers and an overall decrease in the number of supervisors from 359 supervisors to 313 supervisors.

*Compare* Q2-2019 Report (doc. no. 2668) (reporting number of correctional officers), *as supplemented by* Joint Notice (doc. no 2704) (reporting additional number of BCOs and CCOs), *with* Q1-2020 Report (doc. nos. 2823-1 & 2829-1). The increase in the number of total officers is the result of a rise in the number of basic correctional officers, which grew from 56 when they were first implemented in the second quarter of 2019 to 294 in the first quarter of 2020. *See* Joint Notice (doc. no. 2704) at 2 (reporting number of BCOs in second quarter of 2019); Defs.' Response (doc. no. 2703) at 16 (implementation of BCOs began in May 2019); Q1-2020 Report (doc. nos. 2823-1 & 2829-1) (reporting number of BCOs in first quarter of 2020). The decrease in the number of supervisors is part of a longer, consistent decline. In fact, ADOC has never reported any increase in the number of supervisors since the first staffing report was filed covering the fourth quarter of 2017. *See* Q4-2017 Report (doc. no. 2325-1); Q1-2018 Report (doc. no. 2352-2); Q2-2018 Report (doc.

no. 2325-3); Q3-2018 Report (doc. no. 2378-1); Q4-2018 Report (doc. no. 2558-1); Q1-2019 Report (doc. no. 2602-1); Q2-2019 Report (doc. no. 2668); Q3-2019 Report (doc. no. 2766); Q4-2019 Report (doc. no. 2831); Q1-2020 Report (doc. no. 2823-1).

The Savages' correctional staffing analysis (doc. no. 1813-1) recommended that ADOC have 3,326 officers and 500 supervisors.  As a result, even assuming that all basic correctional officers and cubicle correctional officers are able to fill the posts identified by the Savages, *see* Joint Report (doc. no. 2758) (putting this question to the Savages), ADOC would need to gain approximately 213 officers and approximately 23 supervisors per quarter for each of the eight remaining quarters in order to meet this court's order that, "[b]y February 20, 2022, the defendants shall have fully implemented the Savages' correctional staffing recommendations."  *Braggs v. Dunn*, No. 2:14-cv-601, 2018 WL 7106346, at *1 (M.D.

Ala. Feb. 20, 2018) (Thompson, J.).[*]  To the extent this may be evidence of an already existing problem, the court does not believe the parties should wait until the 2022 deadline has passed to begin to begin addressing it.  As the adage goes, "an ounce of prevention is worth a pound of cure."  Or, to put it another way, it's easier to stop something from happening in the first place than to repair the damage after it has happened.  And the bottom line is that the court stands ready now to assist in addressing this problem if there is one.

    Accordingly, it is ORDERED as follows:

    (1) The defendants are to file, by noon on June 12, 2020, a response that includes the following:

---

    [*]  The court did the following calculations. First, it calculated the number of additional officers needed (3,326 − 1,413 = 1,913) and additional supervisors needed (500 − 313 = 187). Given this, it calculated the number of additional officers needed per quarter (1,193 ÷ 8 = 239.125) and the number of additional supervisors needed per quarter (187 ÷ 8 = 23.375), counting the first quarter of 2020 as the eighth quarter.

    (a) The defendants should confirm whether the court's calculations are correct.

    (b) Regardless of whether the court's calculations are correct or simply the overall picture is as depicted, the defendants should explain how they plan to meet the February 20, 2022, deadline.

(2) The plaintiffs are to file, by noon on June 19, 2020, a reply, if any, to the defendants' response.

DONE, this the 8th day of June, 2020.

                        /s/ Myron H. Thompson
                        UNITED STATES DISTRICT JUDGE