IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:14cv601-MHT |
| | ) | |
| JEFFERSON S. DUNN, in his | ) | |
| official capacity as | ) | |
| Commissioner of | ) | |
| the Alabama Department of | ) | |
| Corrections, et al., | ) | |
| | ) | |
| Defendants. | ) | |

PHASE 2A REVISED REMEDY SCHEDULING ORDER
ON THE EIGHTH AMENDMENT CLAIM

Upon consideration of the parties' joint status report
on the correctional staffing issue (doc. no. 2876), it is
ORDERED that the remaining deadlines and dates for the Phase
2A remedy scheduling order for the Eighth Amendment claim
are revised as follows:

|  | OLD DATES | NEW DATES |
|---|---|---|
|  |  |  |
| STAFFING |  |  |
| Savages to identify any posts, by facility, that cannot be filled with BCOs or CCOs as well as any limitation on CO & BCO mix in any housing unit (doc. nos. 2758, 2811, & 2854).  Recommendations need not be filed at this time. | 11/2/2020 |  |
| If plaintiffs agree with Savages' recommendations in full, they are to file notice of such and parties are to file Savages' recommendations, along with any statement necessary, as well as motion for modification of format of quarterly correctional staffing reports. If plaintiffs disagree with Savages' recommendations in whole or in part, they are to file notice of such. (doc. nos. 2758, 2811 & 2854). | 11/16/20 at 5:00 p.m. |  |
| If plaintiffs initially objected to Savages' recommendations and instead pursued mediation, then the following: If the parties reach agreement on all areas, parties are to file motion for modification of format of quarterly staffing reports.  If parties fail to reach full agreement, then they are to file statement identifying areas of agreement and disagreement, and plaintiffs are to file a motion to seek relief from this court. (doc. nos. 2758, 2811, & 2854). | 12/14/20 at 5:00 p.m. |  |
| If plaintiffs initially objected to Savages' recommendations and instead pursued mediation, then: Videoconference on how to proceed on either the motion for modification of format of quarterly staffing report or motion to seek relief from this court. | 12/16/20 at 10:00 a.m. |  |
| Parties to file brief updating court as to correctional staffing trend, including specifically as to FTEs, K9 staff, and experts' assessment of progress, in light of mediation (doc. nos. 2859 & 2876). | 7/27/20 at 12:00 p.m. | 8/31/20 at 12:00 p.m. |
| Videoconference, to be arranged by deputy clerk, to discuss correctional staffing trend, including specifically as to FTEs, K9 staff, and experts' assessment of progress to date, in light of mediation and parties' brief (doc. no. 2876). | 7/31/20 at 10:00 a.m. | 9/8/20 at 10:00 a.m. |

| | | |
|---|---|---|
| Mental-health understaffing stipulation (doc. no. 2301) complies with PLRA (doc. no. 2793). | In effect until court enters opinion regarding compliance with PLRA or 12/30/20, whichever is earlier | |
| | | |
| SEGREGATION | | |
| In-person evidentiary hearing on remedy for violations found in supplemental liability opinion (doc. nos. 2353, 2397, & 2398). | 9/14/20 at 9:00 a.m. through 9/25 | |
| With regard to remedy for violations found in supplemental liability opinion, parties to file briefs updating court as to what the issues are and what documents are relevant. | 8/31/20 at 12:00 p.m. | |
| In-person pretrial conference on supplemental liability issue. | 9/8/20 at 10:00 a.m. | |
| In-person hearing on "segregation-like" issue (doc. nos. 2645, 2646, 2702). | Continued generally | |
| In-person pretrial conference on "segregation-like" issue (doc. nos. 2645, 2646, 2702). | Continued generally | |
| Remedy for remaining violations found in initial liability opinion.  Evidentiary hearing already held. Just need to issue opinion. | Under submission | |
| Stipulations regarding the Definition of SMI (doc. no. 1720); Bibb segregation issues (doc. no. 1751); Preplacement screening, etc. (doc. no. 1815); and Removing SMIs from segregation (doc. no. 1861) comply with the PLRA (doc. no. 2793). | In effect until court enters opinion regarding compliance with PLRA or 12/30/20, whichever is earlier | |
| | | |
| HOSPITAL-LEVEL CARE | | |
| Stipulation regarding hospital-level care (doc. nos. 2383, 2717, 2724) complies with PLRA (doc. no. 2793). | In effect until court enters opinion regarding compliance with PLRA or 12/30/20, whichever is earlier | |

3

| | | |
|---|---|---|
| **MENTAL-HEALTH IDENTIFICATION AND CLASSIFICATION** | | |
| **Stipulations regarding Intake (doc. no. 1794; Coding (doc. no. 1792); and Referral (doc. no. 1821) comply with the PLRA (doc. no. 2793).** | **In effect until court enters opinion regarding compliance with PLRA or 12/30/20, whichever is earlier** | |
| | | |
| **MENTAL-HEALTH INDIVIDUALIZED TREATMENT PLANNING** | | |
| **Stipulation regarding individual treatment plans (doc. no. 1865) complies with PLRA (doc. no. 2793).** | **In effect until court enters opinion regarding compliance with PLRA or 12/30/20, whichever is earlier** | |
| | | |
| **MENTAL-HEALTH PSYCHOTHERAPY AND CONFIDENTIALITY** | | |
| **Stipulations regarding psychotherapy and confidentiality (doc. no. 1899) and Confidentiality (doc. no. 1900) comply with the PLRA (doc. no. 2793).** | **In effect until court enters opinion regarding compliance with PLRA or 12/30/20, whichever is earlier** | |

| | | |
|---|---|---|
| SUICIDE PREVENTION | | |
| Court's remedial opinion and judgment for immediate relief regarding suicide prevention (doc. nos. 2525, 2526, 2698, & 2777). | Stayed until court enters opinion regarding compliance of suicide-prevention agreement (doc. no. 2699) with PLRA. | |
| Defendants' motion to alter, amend, or vacate (doc. nos. 2564, 2698, & 2777). | Stayed until court enters opinion regarding compliance of suicide-prevention agreement (doc. no. 2699) with PLRA. | |
| Interim suicide prevention order (doc. nos. 2569, 2698, & 2777, and as previously clarified in open court during Jan. 7, 2020, status conference). | In effect until court enters opinion regarding compliance of suicide-prevention agreement (doc. no. 2699) with PLRA. | |
| In-person evidentiary hearing on whether the stipulation regarding suicide-prevention measures complies with the PLRA (doc. no. 2699). | 9/14/20 at 9:00 a.m. through 9/25 | |
| | | |
| DISCIPLINARY SANCTIONS | | |
| Second amended stipulation regarding mental-health consultation to the disciplinary process (doc. nos. 2433, 2718, 2725) complies with the PLRA (doc. no. 2793). | In effect until court enters opinion regarding compliance with PLRA or 12/30/20, whichever is earlier | |

| | | |
|---|---|---|
| MONITORING | | |
| Remedy.  Evidentiary hearing already held. Just need to issue opinion. (As clarified in open court on March 25, 2020). | Under submission | |
| | | |
| RESIDENTIAL TREATMENT AND STABIILZATION UNITS | | |
| Defendants to file proposed inpatient treatment plan (doc. nos. 2822 & 2853). | 7/31/20 at 5:00 p.m. | |
| Plaintiffs to respond to defendants' proposed plan (doc. nos. 2822 & 2853). | 8/7/20 at 5:00 p.m. | |
| Videoconference hearing, arranged by deputy clerk, on defendants' proposed plan and plaintiffs' response. | 8/14/20 at 10:00 a.m. | |
| | | |
| PLRA | | |
| In-person evidentiary hearing on whether the stipulations and orders listed above as temporarily complying with the PLRA will continue to comply with the PLRA and whether stipulation on suicide prevention agreement complies with the PLRA (doc. nos. 2706, 2712, 2779, & 2780). | 9/14/20 at 9:00 a.m. through 9/25 | |
| With citations to the record in support of their arguments, the plaintiffs are to file a prehearing brief as to why these orders, stipulations, and agreements comply with the PLRA. | 8/24/20 at 12:00 p.m. | |
| With citations to the record in support of their arguments, the defendants are to file a response as to why these orders, stipulations, and agreements do not comply with the PLRA. | 8/31/20 at 12:00 p.m. | |
| In—person pretrial conference on PLRA issue. | 9/8/20 at 10:00 a.m. | |
| | | |
| STANDING ORDER FOR HEARINGS | | |
| The Phase 2A Order Regarding All Hearings and Evidentiary Hearings provides additional general requirements for filings, unless otherwise specified (doc. no. 2727). | | |

DONE, this the 28th of July, 2020.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

6