**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **EDWARD BRAGGS, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 2:14-cv-00601-MHT-WC** |
| **v.** | ) | |
| | ) | **District Judge Myron H. Thompson** |
| **JEFFERSON DUNN, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THE STATE'S RESPONSE TO PLAINTIFFS' MOTION FOR DISCLOSURE OF AND TO DEPOSE NEW EXPERT WITNESSES AND MOTION FOR EXTENSION OF DEADLINE TO RESPOND TO DEFENDANTS' INPATIENT TREATMENT PLAN**

Defendants JEFFERSON DUNN ("Commissioner Dunn") and RUTH NAGLICH ("Associate Commissioner Naglich" and, collectively with Commissioner Dunn, the "State") hereby submit this consolidated Response to Plaintiffs' Motion for Disclosure of and to Depose New Expert Witnesses (Doc. No. 2881, the "Disclosure Motion") and Motion for Extension of Deadline to Respond to Defendants' Inpatient Treatment Plan (Doc. No. 2882, the "Motion for Extension" and, together with the Disclosure Motion, the "Motions"). For the reasons stated below, Plaintiffs' Motions are due to be denied.

1. At the eleventh hour, Plaintiffs seek a fundamental revision of the Court's standard witness and exhibit disclosure procedures, wide-ranging expert

discovery, and an indefinite extension of their deadline to respond to the State's Response to the Phase 2A Order on Inpatient Treatment (Doc. No. 2880) which would benefit Plaintiffs, and Plaintiffs alone. For the following three (3) reasons, Plaintiffs' last-minute request for such one-sided benefits is due to be denied:

(a) The State cannot determine, at this point, if expert testimony will be necessary at the PLRA Hearing[1] or the scope of any expert testimony;

(b) Rule 26's expert disclosure obligations do not apply to the PLRA Hearing; and

(c) The relief sought by Plaintiffs would constitute one-sided benefits to Plaintiffs which prejudice the State.

For these reasons, Plaintiffs' Motions are due to be denied.

2. **THE STATE CANNOT DETERMINE ITS NEED FOR EXPERT TESTIMONY.**

Plaintiffs' Disclosure Motion is due to be denied because the State cannot determine if expert might be necessary at the PLRA Hearing, whom the State might call, or the scope of any expert testimony. The absence of an order regarding a variety of Phase 2A issues prevents the State from knowing if it will need to call any expert witnesses at the PLRA Hearing and the scope of any expert testimony. These lingering issues include compliance oversight or monitoring, restrictive housing, Plaintiffs' request

[1] As used in this Response, "PLRA Hearing" refers to the evidentiary hearing set to begin September 14, 2020, regarding whether the remedial orders, stipulations, and agreements entered in Phase 2A comply with the need-narrowness-intrusiveness requirements of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e *et seq.*

for remedial relief on the "segregation-like" issue, and inpatient mental health treatment. As repeatedly emphasized by the State, the Court cannot determine whether the remedial orders entered in Phase 2A comply with the "PLRA's need-narrowness-intrusiveness requirements until it considers the full scope of remedial relief and any compliance oversight or monitoring obligations entered by the Court." (Doc. No. 2382 at 3-4; see also Doc. No. 2521 at 10-11; Doc. No. 2528 at 4-5; Apr. 8, 2019, Hrg. Tran. at 160:7-162:5). Thus, the State cannot determine if it will need to present any expert testimony to the Court or the scope of any expert testimony until it knows the full scope of remedial relief, including compliance oversight.

3. For example, if the Court entered an order with respect to compliance oversight and, more specifically, defined what level of compliance ADOC must meet to achieve substantial compliance with respect to the Phase 2A remedial orders, the State would gain a better understanding of which experts it might call at the PLRA Hearing and the orders to which they would testify. As previously conveyed by the State, the Court cannot determine whether any remedial requirement complies with the PLRA's need-narrowness-intrusiveness requirements without first establishing the level of compliance that the State much achieve for that requirement. Expert testimony would assist the State in articulating why the remedial requirements do or do not comply with the PLRA in light of the compliance standards applied to the requirements. Without knowing how the Court will define

"substantial compliance" for the remedial requirements, the State cannot determine if it will need call expert witnesses at the PLRA Hearing or the scope of their testimony.

4. Resolution of the other remaining Phase 2A issues also bears directly on the State's need for expert testimony at the PLRA Hearing. Without knowing how the Court will resolve the "segregation-like" issue, the State cannot agree that the remedial orders related to restrictive housing comply with the PLRA's need-narrowness-intrusiveness requirements in light of Plaintiffs' demand that the remedial requirements in those orders apply to non-restrictive housing units. Similarly, if the Court ultimately declines to view the Structured Living Unit ("SLU") beds or crisis cell beds as inpatient mental health beds, the State must account for that decision when weighing whether the remedial provisions related to the mental health care provided to inmates in the SLU or crisis cells comply with the PLRA. Without resolution of the remaining Phase 2A issues, the State cannot determine what expert testimony, if any, it may present at the PLRA Hearing.

5. The State's decision to call experts also depends on what positions Plaintiffs articulate in their prehearing brief regarding whether and why the Phase 2A "orders, stipulations, and agreements comply with the PLRA."[2] (Doc. No. 2861

[2] Plaintiffs' prehearing brief for the PLRA Hearing is due on August 24, 2020. (Doc. No. 2861 at 6).

at 6). Plaintiffs' brief must provide "citations to the record" in support of their position. (Id.). Stated differently, Plaintiffs' prehearing brief will present the first opportunity for the State to understand Plaintiffs' arguments regarding why and how the Phase 2A remedial orders comply with the PLRA. The State fully expects that Plaintiffs' prehearing brief will concede that some of the provisions in the Phase 2A remedial orders do not comply with the PLRA's need-narrowness-intrusiveness requirements. But until Plaintiffs submit their prehearing brief and the State learns Plaintiffs' position, the State cannot determine if any expert testimony will be necessary to refute Plaintiffs' arguments or the scope of the testimony. Thus, the State cannot determine if it will need to call any expert witnesses at the PLRA Hearing or which remedial provisions any expert witness might address. Plaintiffs' Disclosure Motion is due to be denied because the State cannot yet determine if it will need to call any expert witnesses at the PLRA Hearing or the scope of any expert testimony and would not know which experts to disclose.

6. **RULE 26'S EXPERT DISCLOSURE REQUIREMENTS DO NOT APPLY TO THE PLRA HEARING**. The Court has never applied the expert disclosure provisions of Rule 26 to the presentation of expert testimony during the Phase 2A remedial phase. Indeed, on its face, Rule 26's expert disclosure provisions only apply to experts who testify "at trial," not the type of remedial hearings at issue in this action. See, e.g., Fed. R. Civ. P. 26(a)(2)(A)-(B), 26(b)(4). The Court never required the

Parties to exchange expert reports prior to experts testifying on remedial issues during the course of the Phase 2A remedial hearings. The Court never set a schedule for expert discovery during the remedial phase, which would likely have been impracticable in any event given the piecemeal nature of the remedial phase.

7. Throughout the Phase 2A remedial period, the Court only required the Parties to disclose expert witnesses who might be called to testify at a hearing ***five (5) business days prior to the start of the hearing***. (See Doc. Nos. 1451 at 2; 1589 at 2; 2727 at 2). Both sides routinely called experts to testify at the remedial hearings who had not previously testified or been deposed regarding their opinions on the proposed remedies at issue. Counsel subjected these expert witnesses to rigorous cross examination regarding their opinions, and the Parties never experienced any prejudice from not having deposed an expert witness or received earlier notice that the expert might testify. Plaintiffs' Disclosure Motion utterly fails to explain why the Court's schedule for disclosure of expert witnesses would be prejudicial now when ***it never prejudiced a Party during the prior three (3) years of evidentiary hearings***. Plaintiffs' Disclosure Motion is due to denied because Rule 26's expert disclosure obligations do not apply to the use of expert testimony during the Phase 2A remedial hearings.

8. Plaintiffs will suffer no unfair prejudice from a denial of their Disclosure Motion, particularly in light of their failure to seek to depose the State's

experts before now. Beginning with ***the staffing hearing in November 2017***, the State has offered testimony from multiple individuals who met Plaintiffs' arbitrary definition of "new expert," i.e. had not previously testified or been deposed in this action. (See Doc. Nos. 1478 at 43; 1490-1 at 8). Plaintiffs never sought to depose the State's experts prior to the preceding remedial hearings or expressed any concern regarding any prejudice due to the experts testifying at those hearings.

9. Plaintiffs' unconscionable delay in seeking to depose the State's experts until the eleventh hour belies their claim of "undue prejudice." Courts routinely decline to find any harm or prejudice with respect to the disclosure of expert opinions if, as here, parties fail to avail themselves of the opportunity to depose an expert witness. See GLS v. Dow Chem. Co., Civ. A. No. 87-3735, 1989 WL 144056, at *2-3 (E.D. Penn. Nov. 21, 1989) (denying motion to compel deposition of expert after the end of discovery because the movant did not seek to compel the deposition until approximately eight (8) months after receiving the expert's report); Democratic Republic of Congo v. Air Capital Group, LLC, No. 12-2067-CIV, 2013 WL 2285542, at *3 (S.D. Fla. May 23, 2013) (declining to disqualify expert because, among other reasons, the moving party did not seek to depose the expert during the discovery period). As noted by the court in GLS, "If court orders establishing deadlines are to mean anything, there must be some duty on counsel, (a) to plan and monitor their discovery efforts so that all foreseeably

necessary discovery may be completed in a timely fashion, (b) to seek Court enforcement of their rights promptly when necessary, and (c) to inform the court promptly if unforeseen circumstances make compliance with the original deadline impossible." 1989 WL 144056, at *2 (internal citation and quotation omitted). Plaintiffs' Disclosure Motion is due to be denied in light of Plaintiffs' failure "to plan and monitor their discovery efforts so that all foreseeably necessary discovery may be completed in a timely fashion." GLS, 1989 WL 144056, at *2.

10. **ONE-SIDED BENEFITS TO PLAINTIFFS.** Finally, Plaintiffs' Motions are due to be denied because the relief sought by Plaintiffs would constitute one-sided benefits to Plaintiffs which prejudice the State. ***For the very first time during the three (3) years of Phase 2A's remedial period***, Plaintiffs ask the Court to apply Rule 26's expert disclosure requirements to the Parties' use of expert testimony. But Plaintiffs request a highly selective, self-serving application of Rule 26. Under Plaintiffs' proposal, the Parties would not exchange expert reports pursuant to Rule 26(a)(2)(B) or provide the expert discovery permitted under Rule 26(b)(4)(C). (Doc. No. 2881 at 1-3). The only discovery sought by Plaintiffs would involve the taking depositions. (Id.). Furthermore, Plaintiffs ***do not propose*** that all of the Parties' respective experts would be subject to depositions, but only those "who are new to the case," i.e. any expert "who has not previously testified or sat for a deposition" in this matter. (Id. at 1, 3). Plaintiffs' arbitrary, self-serving proposal for expert

disclosures and discovery is due to be rejected out of hand.

11. Plaintiffs carefully crafted their eleventh-hour request for expert discovery so that it would not apply to any of their experts. Plaintiffs' known experts do not meet Plaintiffs' arbitrary definition of being "new to the case." Stated differently, Plaintiffs' proposal for expert discovery would prevent the State from learning which of Plaintiffs' experts may testify at the PLRA Hearing and deposing them. In fact, approximately an hour after filing the Disclosure Motion, Plaintiffs remarkably filed their Motion for Extension, which, if granted, would ensure that the State does not even learn the opinions of Dr. Kathryn Burns, Plaintiffs' expert, regarding the inpatient mental health treatment issue until after the PLRA Hearing in the "late fall." (Doc. No. 2882 at 2).

12. The Court's current schedule with respect to the inpatient mental health issue ensures that the State will learn Plaintiffs' position and Dr. Burns's opinions on that issue ***before*** the PLRA Hearing. Dr. Burns's opinions and Plaintiffs' position regarding the inpatient mental health treatment issue directly bear on the matters that will be heard at the PLRA Hearing. For example, if Plaintiffs disagree with including the SLU beds or crisis cell beds as inpatient mental health beds, then the State must account for that position (and any related opinion from Dr. Burns) when weighing whether the remedial provisions related to the mental health care provided to inmates in the SLU or crisis cells comply with the PLRA and determining what

evidence to present at the PLRA Hearing. Plaintiffs' request to extend their deadline for responding to the State's Response to the Phase 2A Order on Inpatient Treatment (Doc. No. 2880) until the "late fall" will prejudice the State.[3]

13. If the Court is inclined to permit expert discovery and disclosures in advance of the PLRA Hearing (it should not), the State requests a full and fair application of Rule 26's expert disclosure provisions. Any expert disclosures and discovery should occur pursuant to a schedule which is fair to both sides and apply equally to ***any expert*** who may testify at the PLRA Hearing.[4] For the reasons set forth above, the schedule should provide for a Party to disclose experts, submit expert reports, and provide expert discovery only after that Party submitted its prehearing brief. Furthermore, consistent with the staggered expert disclosures during the liability phase of this action, Plaintiffs should disclose their experts before the State. Stated differently, Plaintiffs would submit their prehearing brief, provide expert disclosures and reports, and make their experts available for depositions *before* the State submitted a prehearing brief and provided expert disclosures,

---

[3] To be clear, the State would not oppose an extension of fourteen (14) days for Plaintiffs to respond to the State's Response to the Phase 2A Order on Inpatient Treatment (Doc. No. 2880). However, for the reasons stated in this Response, the inpatient mental health treatment issue overlaps with and impacts other Phase 2A remedial issues. The State will need to know Plaintiffs' position on the inpatient mental health treatment issue before the PLRA Hearing so that the State can determine whether other remedial orders comply with the PLRA and assess its need for expert testimony.

[4] Plaintiffs' arbitrary limitation of expert disclosures and discovery is due to be rejected out of hand. If expert discovery occurs, the State is entitled to learn of and seek discovery regarding any Plaintiffs' expert who will testify at the PLRA Hearing.

reports, and discovery. Such a schedule would ensure the disclosure of expert opinions, purportedly sought by Plaintiffs, while ensuring fairness to both sides.[5] The State anticipates that a schedule for expert discovery would require postponing the PLRA Hearing by at least ninety (90) days, but a continuance is necessary to avoid the one-sided nature of Plaintiffs' request for expert discovery.

WHEREFORE, PREMISES CONSIDERED, the State respectfully requests that the Court deny Plaintiffs' Motion for Disclosure of and to Depose New Expert Witnesses (Doc. No. 2881) and Motion for Extension of Deadline to Respond to Defendants' Inpatient Treatment Plan (Doc. No. 2882).

Dated: August 6, 2020.

*/s/ William R. Lunsford*
William R. Lunsford
*Attorney for the Commissioner and Associate Commissioner*

William R. Lunsford
Matthew B. Reeves
Melissa K. Marler
Stephen C. Rogers
Kenneth S. Steely
**MAYNARD, COOPER & GALE, PC**
655 Gallatin Street
Huntsville, AL 35801
Telephone: (256) 512-5710
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com

[5] The State will readily provide the Court with a more detailed schedule for expert discovery if that would assist the Court.

mmarler@maynardcooper.com
srogers@maynardcooper.com
ksteely@maynardcooper.com

Luther M. Dorr, Jr.
**MAYNARD, COOPER & GALE, PC**
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
Telephone: (205) 254-1178
Facsimile: (205) 714-6438
rdorr@maynardcooper.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this the 6th day of August, 2020:

Ebony Howard
Lynnette K. Miner
Jaqueline Aranda Osorno
Jonathan Blocker
Brock Boone
**SOUTHERN POVERTY LAW CENTER**
400 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481
ebony.howard@splcenter.org
lynnette.miner@splcenter.org
Jackie.aranda@splcenter.org
jonathan.blocker@splcenter.org
brock.boone@splcenter.org

Gregory M. Zarzaur
Denise Wiginton
**ZARZAUR**

Anil A. Mujumdar
William Van Der Pol, Jr.
Glenn N. Baxter
Lonnie Williams
Barbara A. Lawrence
Andrea J. Mixson
Ashley N. Austin
**ALABAMA DISABILITIES ADVOCACY PROGRAM**
University of Alabama
500 Martha Parham West
Box 870395
Tuscaloosa, Alabama 35487-0395
Telephone: (205) 348-6894
Facsimile: (205) 348-3909
wvanderpoljr@adap.ua.edu
gnbaxter@bama.ua.edu
blawrence@adap.ua.edu
lwilliams@adap.ua.edu

2332 2nd Avenue North
Birmingham, AL 35203
Telephone: (205) 983-7985
Facsimile: (888) 505-0523
gregory@zarzaur.com
anil@zarzaur.com
denise@zarzaur.com

amixson@adap.ua.edu
aaustin@adap.ua.edu

Rhonda Brownstein
**ALABAMA DISABILITIES ADVOCACY PROGRAM**
400 South Union Street
Suite 425
Montgomery, AL 36104
Telephone: (205) 579-4976
Facsimile: (334) 240-0996
rbrownstein@adap.ua.edu

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, Alabama 35213
Telephone: (205) 729-8445
Facsimile: (205) 809-7899
anil@dagneylaw.com

John G. Smith
David R. Boyd
**BALCH & BINGHAM LLP**
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (866) 316-9461
jgsmith@balch.com
dboyd@balch.com

William G. Somerville III
Patricia Clotfelter
Lisa W. Borden
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**
420 20th Street North
Suite 1400
Birmingham, Alabama 35203
Telephone: (205) 244-3863
Facsimile: (205) 488-3863
wsomerville@bakerdonelson.com
pclotfelter@bakerdonelson.com
lborden@bakerdonelson.com

Steven C. Corhern
**BALCH & BINGHAM LLP**
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5708
scorhern@balch.com

Deana Johnson
Brett T. Lane
**MHM SERVICES, INC.**
1447 Peachtree Street NE
Suite 500
Atlanta, GA 30309
Telephone: (404) 347-4134
Facsimile: (404) 347-4138
djohnson@mhm-services.com
btlane@mhm-services.com

Gary L. Willford, Jr.
Joseph G. Stewart
Stephanie L. Smithee
**ALABAMA DEPARTMENT OF CORRECTIONS**
Legal Division
301 South Ripley Street
Montgomery, Alabama 36130
Telephone (334) 353-3884
Facsimile (334) 353-3891
gary.willford@doc.alabama.gov
joseph.stewart@doc.alabama.gov
stephanie.smithee@doc.alabama.gov

*/s/ William R. Lunsford*
Of Counsel