IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDWARD BRAGGS, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:14-cv-00601-MHT-JTA |
| JEFFERSON DUNN, in his official ) | Judge Myron H. Thompson |
| capacity as Commissioner of the ) | |
| Alabama Department of Corrections, ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

### **PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE FROM UPCOMING PLRA EVIDENTIARY HEARING**

Over three years ago, this Court found in no uncertain terms that the Alabama Department of Corrections ("ADOC") mental-healthcare system is "horrendously inadequate." *Braggs v. Dunn*, 257 F.Supp.3d 1171, 1267 (M.D. Ala 2017).

Since then, as detailed in Plaintiffs' Pretrial Brief, the Parties painstakingly negotiated and agreed to relief covering nearly every aspect of mental-health care,[1] only for Defendants to—eighteen months into the remedial phase— contest whether that relief complies with the Prison Litigation Reform Act ("PLRA"). Doc. 2899 at

---

[1] A list of the twelve agreed-upon remedial orders and stipulations that are the subject of the upcoming PLRA trial can be found in Plaintiffs' pretrial brief. Doc. 2899 at 12-14. When internal pagination conflicts with ECF pagination, Plaintiffs refer to the latter.

1

9-18. And just two weeks before the trial intended to resolve that issue, Defendants prematurely moved to terminate and/or modify that relief, making it clear that they intend to present evidence at the upcoming trial that is well outside the scope of that proceeding. Docs. 2908, 2924, and 2931.

Plaintiffs now move in limine for an order preventing Defendants from introducing the following categories of evidence at the upcoming PLRA evidentiary trial:(1) evidence related to current conditions in ADOC facilities; (2) evidence subject to mediation privilege; and (3) evidence in support of Defendants' motion to terminate part of the Staffing Remedies.[2]

## LEGAL STANDARD

Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Even when evidence is relevant, a court can exclude it "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, . . . [or] wasting time." Fed. R. Evid. 403. "A district court is accorded a wide

---

[2] Plaintiffs use "Staffing Remedies" to refer to the following orders collectively: Phase 2A Understaffing Remedial Order (Doc. 1657) (hereinafter "Understaffing Remedial Order"); Phase 2A Order and Injunction and Contempt Stipulations Regarding Mental-Health Understaffing (Docs. 2301, 2301-1) (hereinafter "Staffing Contempt Remedy"); and Phase 2A Order & Injunction on Mental-Health Staffing Remedy (Docs. 2688, 2688-1, 2688-2) (hereinafter Mental-Health Staffing Remedy).

discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984)) (alteration in the original).

Courts should timely rule on motions in limine to allow parties to litigate fairly and efficiently. *See Pena v. Leombruni*, 200 F.3d 1031, 1034-35 (7th Cir. 1999) ("It is highly desirable that the trial judge rule on motions in limine well before trial so that the parties can shape their trial preparations in light of his rulings without having to make elaborate contingency plans."); *Vigneulle v. Tahsin Indus. Corp., USA*, No. 2:15-CV-2268-SLB, 2019 WL 4409220, at *1 (N.D. Ala. Feb. 19, 2019) ("A ruling on evidence in limine aids the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial. It also may save the parties time, effort and cost in preparing and presenting their cases." (internal quotation marks and brackets omitted)).

## ARGUMENT

**I. The Court Should Exclude Evidence Relating to Current Conditions in ADOC Facilities**

The main issue before the Court in the upcoming trial is a straightforward and narrow one: whether the relief contained in the twelve remedial orders and stipulations at issue is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right" (otherwise known as the "need-narrowness-intrusiveness requirement"). 18 U.S.C. § 3626(a)(1)(A). This Court has already concluded that the Defendants have violated Plaintiffs' constitutional rights. *See Braggs*, 257 F.Supp.3d 1171. And as this Court has already made clear, whether relief fulfills the PLRA's needs-narrowness-intrusiveness requirement is rooted in that Liability Opinion. Trial Tr., Apr. 8, 2019, at 219:4-220:8 ("I think the real issue is whether [the requirements of the remedial agreement] are necessary to correct the suicide problems identified by the Court in the liability opinion."). As such, any evidence relating to current conditions at ADOC facilities is irrelevant. The Court should preclude Defendants from presenting such evidence.[3] *See* Doc. 2931 at 4-11 (Defendants listing as topics of testimony the implementation, monitoring, or auditing of various remedial orders for sixteen out of twenty potential witnesses).

---

[3] The Parties already have agreed to limit some evidence of current conditions. Doc. 2790 at 3 ("No one can or will use the fact . . . that ADOC has implemented and/or performed any portion of the orders specified herein to argue or to find that the orders should continue and/or satisfy the PLRA requirements generally and/or on a permanent basis.").

4

Even if the Court finds that evidence of current conditions is relevant, such evidence should be excluded under Rule 403. Allowing evidence of current conditions at the upcoming hearing will confuse legally distinct issues (whether remedies comply with the needs-narrowness-intrusiveness requirement and termination or modification of relief) and result in unnecessarily lengthy proceedings. Most importantly, allowing such evidence will prejudice Plaintiffs because Plaintiffs have not been afforded the opportunity to conduct full discovery in anticipation of termination proceedings. *See Loyd v. Ala. Dept. of Corr.*, 176 F.3d 1336, 1342 (11th Cir. 1999); *Osterback v. McDonough*, 549 F. Supp. 2d 1337, 1342 (M.D. Fla. 2008) (noting opportunity for discovery before hearing on termination motion); *see also United States v. Michigan*, 134 F.3d 745, 747 (6th Cir. 1998) (dismissing appeal of discovery order granting "access to prison facilities, staff and documents covered under the decree" sought in response to termination motion). Without more recent discovery, Plaintiffs will be severely limited in their ability to meaningfully contest any evidence Defendants may introduce of current conditions in ADOC facilities. For example, Defendants recently asserted that Structured Living Units (SLUs) presently function as inpatient treatment units[4]. Doc. 2880 at 11. As Plaintiffs' expert Dr. Kathy Burns explained, in order to adequately evaluate

---

[4] Plaintiffs cite this example for discussion purposes only and do not concede that current conditions in the inpatient units or SLUs should be considered by the Court in resolving the inpatient treatment disputes. *See* Doc. 2932 at 4-8.

this claim, she would need additional discovery (including site visits). Doc. 2932-1 at 4. The same may be true for other factual allegations regarding current conditions in ADOC facilities.

Because evidence of current conditions is irrelevant to the legal issue presently before the Court, and because admission of such evidence would result in confusion, delay, and prejudice to Plaintiffs, the Court should exclude evidence of current conditions at the upcoming PLRA hearing.

## II. The Court Should Exclude Evidence Subject to Mediation Privilege

Consistent with well-established precedent, the Federal Rules of Evidence, and the Court's Local Rules and practice throughout this litigation, the Court should exclude evidence related to the Parties' mediation efforts because such evidence is inadmissible.

First, irrelevant evidence is not admissible. Fed. R. Evid. 402. Defendants' Pretrial Brief and Witness List indicate their intent to introduce evidence of confidential mediation communications to refute Plaintiffs' argument that Defendants have waived any ability to contest PLRA findings for the agreed-upon remedial orders and stipulations. *See* Doc. 2899 at 21-25 (discussing Plaintiffs' waiver arguments); Doc. 2908 at 25-29 (Defendants referring to mediation in response to Plaintiffs' waiver arguments); Doc. 2931 at 4-5 (Defendants listing Magistrate Judge John Ott, former *Braggs* attorney C.J. Sandley, and Plaintiff

Alabama Disabilities Advocacy Program's Executive Director James Tucker[5] as potential witnesses). The only evidence relevant to determining whether Defendants have waived any ability to contest PLRA findings for the remedial orders and stipulations is evidence in the record.

Second, even if evidence of confidential mediation communications was relevant to the waiver inquiry, it would be inadmissible under the parol evidence rule. Parol evidence regarding the terms of an agreement is admissible only where an ambiguity exists. *F.W. Woolworth Co. v. Grimmer*, 601 So. 2d 1043, 1044 (Ala. Civ. App. 1992). *See Moore v. Penn. Castle Energy Corp.*, 89 F.3d 791, 795 (11th Cir. 1996) ("Under Alabama law, extrinsic evidence relating to the alleged "true intent" of the parties is not admissible if the written document is clear and unambiguous."). An agreement is not rendered ambiguous simply because the parties assign different meanings to it. *Wayne J. Griffin Elec., Inc. v. Dunn Constr. Co.*, 622 So. 2d 314, 317 (Ala. 1993).

---

[5] Although James Tucker has testified previously as the party representative for ADAP in this case, and could be properly designated as a witness by the Plaintiffs or Defendants in this case, the purpose for which Defendants intend to call Mr. Tucker – to testify regarding mediation privileged communications – is on its face improper. Defendants identify no admissible testimony they intend to seek from Mr. Tucker and therefore the designation is improper.

The Court should reject Defendants' effort to introduce parol evidence of the Parties' intent, because there is no ambiguity in the agreement that resulted in the Court's entry of the temporary PLRA findings. That agreement clearly states:

> No one can or will use the fact of this agreement, any aspect of this agreement, and/or that ADOC has implemented and/or performed any portion of the orders specified herein to argue or to find that the orders should continue and/or satisfy the PLRA requirements generally and/or on a permanent basis. Additionally, no Party may ask the Court to use the fact of this agreement or any aspect of this agreement in making a determination on PLRA findings.

Doc. 2790 at 3. If the Parties had intended to agree that actions by Defendants, including their original agreement to the remedial stipulations or their agreement that those stipulations be entered as enforceable orders by the Court, could not be asserted as the basis for a waiver, they could have easily said so. They did not.

Third, the parol evidence that Defendants seek to introduce is also inadmissible under Federal Rule of Evidence 408, which specifically prohibits admission of evidence of offers to compromise and conduct or statements made during compromise negotiations. Fed. R. Evid. 408(a). Defendants have failed to present a legal ground for overcoming the confidentiality of mediation communications.

Finally, the Local Rules are clear: "The Court strictly enforces the confidentiality of mediation." L.R. 16.1(a); *see also, e.g.*, *Colony Ins. Co. v. Al & Sons Corp.*, No. 3:14-cv-1051-WHA-TFM, 2015 WL 12829621, at *3 (M.D. Ala.

Oct. 7, 2015) (declining to compel production of documents that were protected under "the confidentiality of mediation proceedings"). Consistent with that rule, the Court has instructed the Parties not to discuss mediation on the record on numerous occasions. *See*, *e.g.*, Dec. 12, 2017 R.D. Trial Tr. Perrien Excerpt, at 39:21-22; Nov. 29, 2017 Trial Tr., at 71:22; Nov. 30, 2017 R.D. Trial Tr. Dunn Excerpt, at 19:16-18. Indeed, Defense Counsel has already attempted to discuss purported mediation conversations about the PLRA in open court,[6] and the Court did not allow it: "I don't want to get into mediation. Definitely don't want to get into mediation. I just want to talk about what happened in open court." Apr. 8, 2019 Trial Tr., at 168:22-24; *see also id.* at 169:16-17. The Court should prohibit Defendants from doing so again.

### III. The Court Should Exclude Evidence Submitted in Support of Defendants' Motion to Terminate Staffing Remedies

According to Defendants' Witness and Exhibit List, it appears Defendants will attempt to introduce evidence in support of their motion to terminate part of the

---

[6] The Court should not allow Defendants to use mediation as both a sword and a shield. Defendant Commissioner Dunn has testified that he understands mediation is confidential. Comm'r Jefferson Dunn, Apr. 1, 2019 Trial Tr., at 192:21-23. When it benefits them, Defendants vehemently advocate for the "sanctity of mediation." Sept. 9, 2017 Hr'g Tr., at 13:12-13; *see also, e.g.*, Nov. 26, 2018 Trial Tr., at 107:15-108:7; Oct. 23, 2018 Hr'g Tr., at 16:23-17:2, 21:23-22:1; Dec. 12, 2017 Trial Tr., at 39:15-20; Dec. 1, 2017 Trial Tr. Culliver Excerpt, at 71:14-24; Feb. 1, 2017 Trial Tr., at 57:5-8, 145:18-146:6; Jan. 4, 2017 Trial Tr., at 10:5-8; Dec. 2, 2016 Trial Tr., at 7:12-14.

Staffing Remedies.[7] *See* Doc. 2931 at 7-8, 10-11 (listing staffing consultants Brian Bateh, Meg Savage, and Russ Savage). The Court should conclude that evidence in support of Defendants' motion to terminate part of the Staffing Remedies is beyond the scope of the upcoming trial. Instead, for the reasons discussed in Plaintiffs' Response to Defendants' Motion to Terminate, the Court should deny Defendants' motion based on the existing record—or, if the Court wishes to receive additional evidence regarding Defendants' motion to terminate, permit additional discovery and schedule a separate evidentiary hearing.

As with evidence of current conditions, *see supra* Section I, evidence in support of Defendants' motion to terminate part of the Staffing Remedies is inadmissible under Rule 403 because it will result in confusion, delay, and prejudice to Plaintiffs. Though Defendants may have legally cognizable grounds for moving to terminate certain subsections of the Staffing Remedies, any additional evidence the Court receives on that motion should be heard at a separate proceeding to take place sometime after Plaintiffs are given the opportunity to conduct additional discovery. As such, the Court should exclude evidence in support of Defendants' motion to terminate part of the Staffing Remedies.

---

[7] Defendants do not appear to seek termination of all the Staffing Remedies. *See* Doc. 2908 at 42-43, 62 (citing to sections of Doc. 1657 among "provisions that may be acceptable" to Defendants); Docs. 2908, 2924 (omitting any reference to Doc. 2688-2).

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs Motion to Exclude Certain Evidence, including evidence relating to current conditions in ADOC facilities, confidential mediation communications, and evidence in support of Defendants' motion to terminate part of the Staffing Remedies.

Dated: September 8, 2020    Respectfully Submitted,

/s/ Ebony Howard
One of the Attorneys for Plaintiffs

Ebony Howard
Lynnette K. Miner
Jaqueline Aranda Osorno
Jonathan Barry-Blocker
Brock Boone
**SOUTHERN POVERTY LAW CENTER**
400 Washington Avenue
Montgomery, AL 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481
ebony.howard@splcenter.org
lynnette.miner@splcenter.org
jaqueline.aranda@splcenter.org
jonathan.blocker@splcenter.org
brock.boone@splcenter.org

William G. Somerville, III
Patricia Clotfelter
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ PC**
420 20th Street North, Suite 1400
Birmingham, AL 35203
wsomerville@bakerdonelson.com
pclotfelter@bakerdonelson.com

William Van Der Pol, Jr.
Lonnie Williams
Barbara A. Lawrence
Andrea J. Mixson
Ashley N. Austin
**ALABAMA DISABILITIES ADVOCACY PROGRAM**
Box 870395
Tuscaloosa, AL  35487
Telephone: (205) 348-4928
Facsimile: (205) 348-3909
wvanderpoljr@adap.ua.edu
lwilliams@adap.ua.edu
blawrence@adap.ua.edu
amixson@adap.ua.edu
aaustin@adap.ua.edu

Rhonda Brownstein
**ALABAMA DISABILITIES ADVOCACY PROGRAM**
400 South Union Street, Suite 425
Montgomery, AL 36104
Telephone: (205) 579-4976
Facsimile: (334) 240-0996
rbrownstein@adap.ua.edu

Catherine E. Stetson*
Neal Kumar Katyal*
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
cate.stetson@hoganlovells.com
neal.katyal@hoganlovells.com
*Admitted pro hac vice*

                                                      /s/ Anil A. Mujumdar
                                                     Anil A. Mujumdar
                                                     Attorney for Plaintiff
                                                     Alabama Disabilities Advocacy Program

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35213
Telephone: (205) 590-6986
Facsimile: (205) 809-7899
anil@dagneylaw.com

**ATTORNEYS FOR THE PLAINTIFFS**

13

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this 8th day of September, 2020 electronically filed the foregoing with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to the following:

David R. Boyd, Esq.
John G. Smith, Esq.
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL 36101-0078
dboyd@balch.com
jgsmith@balch.com

Steven C. Corhern, Esq.
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201-0306
scorhern@balch.com

Joseph G. Stewart, Jr., Esq.
Gary L. Willford, Jr., Esq.
Stephanie Lynn Dodd Smithee, Esq.
Alabama Department of Corrections
Legal Division
301 South Ripley Street
Montgomery, AL 36104
joseph.stewart@doc.alabama.gov
gary.willford@doc.alabama.gov
stephanie.smithee@doc.alabama.gov

Philip Piggott, Esq.
Webster Henry
Two Perimeter Park South
Suite 445 East
Birmingham, AL 35243
ppiggott@websterhenry.com

William R. Lunsford, Esq.
Matthew Reeves, Esq.
Melissa K. Marler, Esq.
Stephen C. Rogers, Esq.
Dustin D. Key, Esq.
Kenneth S. Steely, Esq.
Maynard, Cooper & Gale, P.C.
655 Gallatin Street, SW
Huntsville, AL 35801
blunsford@maynardcooper.com
mreeves@maynardcooper.com
mmarler@maynardcooper.com
srogers@maynardcooper.com
dkey@maynardcooper.com

Luther M. Dorr, Jr., Esq.
Maynard, Cooper & Gale, P.C.
1901 6th Avenue North, Suite 2400
Birmingham, AL 35203
rdorr@maynardcooper.com

Deana Johnson, Esq.
Brett T. Lane, Esq.
MHM Services, Inc.
1447 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
djohnson@mhm-services.com
btlane@mhm-services.com

/s/ Ebony Howard
One of the Attorneys for Plaintiffs