IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| EDWARD BRAGGS, et al., )<br>)<br>    Plaintiffs, )<br>)<br>    v. )<br>)<br>JEFFERSON S. DUNN, in his )<br>official capacity as )<br>Commissioner of )<br>the Alabama Department of )<br>Corrections, et al., )<br>)<br>    Defendants. ) | CIVIL ACTION NO.<br>2:14cv601-MHT<br>(WO) |

OPINION AND ORDER REGARDING
THE "CURRENT AND ONGOING VIOLATION" ISSUE

An important issue before the court in the upcoming PLRA hearings is whether various stipulations that have been entered in this case comply with the 'need-narrowness-intrusiveness' test established by 18 U.S.C. § 3626(a)(1)(A).  *See* Phase 2A Order and Interim Injunction with Regard to Thirteen Stipulations (doc. no. 2793) at 1-3.  The text of § 3626(a)(1)(A) requires a court entering prospective relief in a civil action with respect to prison conditions to find that the relief is

"narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

The question posed is whether § 3626(a)(1)(A) includes a requirement that the court find a "current and ongoing violation" of federal law and that the relief at issue meets the 'need-narrowness-intrusiveness' test as to that ongoing violation.  Such a requirement is contained in § 3626(b)(3) of the same title, which address the findings a court must make when a State seeks to terminate prospective relief.  *See* 18 U.S.C. § 3626(b)(3) (requiring the court to find that "prospective relief remains necessary to correct a current and ongoing violation of the Federal right"). The defendants argue that, although the text of § 3626(a)(1)(A) does not include the 'current and ongoing violation' requirement, the court is still obligated to make such a finding during the upcoming hearings even if

they are conducted under the standard of § 3626(a)(1)(A). *See* Defs' Pretrial Br. (doc. no. 2908) at 30.

In response to this argument, defense counsel is directed to read the following language from the Eleventh Circuit's decision in *Thomas v. Bryant*, 614 F.3d 1288 (11th Cir. 2010), where the court considered precisely the defendants' position:

> "[T]he defendants make the related argument that McKinney's incarceration at UCI prevents him from establishing a 'current and ongoing' violation under the PLRA.  *See* 18 U.S.C. § 3626(b)(3) (providing that '[p]rospective relief shall not terminate if the court makes written findings based on the record that prospective relief remains necessary to correct a current and ongoing violation of the Federal right').  Although the defendants recognize that this provision of the PLRA governs termination proceedings (whereas we are reviewing the district court's initial entry of injunctive relief), they argue that the 'current and ongoing' violation requirement should inform our inquiry here.
>
> "The defendants' only authority for this proposition is a statement made in dicta by the Ninth Circuit that 'the standard for termination does not differ materially from the standard to be applied in deciding whether prospective relief is proper.'  *Hallett v. Morgan*, 296 F.3d 732, 743 (9th Cir. 2002).  We are not persuaded that the Ninth Circuit's comment is apposite to

3

>this case; that comment was made in the different context of the court's review of a grant of a motion to terminate injunctive relief.  Our circuit has previously recognized that the 'current and ongoing' requirement is distinct from the standard governing the initial entry of injunctive relief.  *See Cason v. Seckinger*, 231 F.3d 777, 784 (11th Cir. 2000) ('[A] "current and ongoing violation" is a violation that exists at the time the district court conducts the § 3626(b)(3) inquiry, and not a potential future violation.').  Additionally, there is no indication in the PLRA, its legislative history, or the case law to suggest that the 'current and ongoing' requirement was intended by Congress to amend the well-established law that injunctive relief is available in the first instance 'to prevent a substantial risk of serious injury from ripening into actual harm,' i.e., to prevent future harm.  *Farmer*, 511 U.S. at 845.  The PLRA's need-narrowness-intrusiveness limitation governs the initial entry of an injunctive relief in prison litigation cases. 18 U.S.C. § 3626(a)(1)(A).  Whether there is a 'current and ongoing' constitutional violation sufficient to avoid termination of the current injunction is a matter to be considered upon motion by either party in a termination proceeding, at least two years after the district court's initial award of relief.  18 U.S.C. § 3626(b)(3)."

*Thomas*, 614 F.3d at 1319-20.

This court is bound by the text of the PLRA and by the Eleventh Circuit's decisions interpreting that text. Both are unambiguous.  The Eleventh Circuit squarely

rejected the defendants' reading of § 3626(a)(1)(A) in *Thomas v. Bryant*.  Although the defendants in that case recognized that the 'current and ongoing violation' requirement was in the section of the statute governing termination proceedings,[1] they argued "that the 'current and ongoing' violation requirement should inform our inquiry" under § 3626(a)(1)(A).  *Id.*

But as the Eleventh Circuit explained, "the 'current and ongoing' requirement is distinct from the standard governing the initial entry of injunctive relief" under § 3626(a)(1)(A).   *Id.*   at   1320.    "The   PLRA's need-narrowness-intrusiveness limitation governs the initial entry of injunctive relief in prison litigation cases." *Id.*  By contrast, "[w]hether there is a 'current and ongoing' constitutional violation sufficient to avoid termination of the current injunction is a matter to be

---

    1.   Defense counsel in this case seemed also to acknowledge as much on the record during the pretrial conference on September 9, 2020.

5

considered upon motion by either party in a termination proceeding." *Id.*[2]

Against this square holding of the Eleventh Circuit and the plain language of § 3626(a)(1)(A), the defendants have arrayed three cases in their pretrial brief and on the record during the pretrial conference on September 9, 2020: *Cason v. Seckinger*, 231 F.3d 777 (11th Cir. 2000); *United States v. Secretary, Florida Department of Corrections*, 778 F.3d 1223 (11th Cir. 2015); and *Hoffer v. Secretary, Florida Department of Corrections*, No. 19-11921, 2020 WL 5105013 (11th Cir. Aug. 31, 2020). None supports the defendants' position.

In each of these cases, the Eleventh Circuit considered the degree of particularity with which findings under either § 3626(a)(1)(A) or § 3626(b)(3)

---

2. The court has recently been presented with a motion to terminate certain provisions of the stipulations. *See generally* Defs.' Motion to Terminate (doc. no. 2924). The court has not yet decided how to proceed on that motion. This opinion refers only to the standard governing the *initial entry* of PLRA findings for the identified stipulations.

6

must be made. *Hoffer*, 2020 WL 5105013, at *11 ("[T]he particularity required by § 3626(a)(1)(A) is the same as that required by § 3626(b)(3)."); *United States*, 778 F.3d at 1228 ("We see no reason why the term 'finds' in § 3626(a)(1) does not require the same particularity as the term 'findings' in § 3626(b)(3)."); *Cason*, 231 F.3d at 785 ("We read § 3626(b)(3) as requiring particularized findings, on a provision-by-provision basis, that each requirement imposed by the consent decrees satisfies the need-narrowness-intrusiveness criteria, given the nature of the current and ongoing violation."). How particularized the court's findings must be under either § 3626(a)(1)(A) or § 3626(b)(3) is a different question from what time period should be the reference point for findings made under those two sections. None of the decisions cited by the defendants addressed the question whether § 3626(a)(1)(A) incorporates *sub silentio* the 'current and ongoing violation' requirement of § 3626(b)(3), and none contradicted the straightforward

7

holding of the Eleventh Circuit in *Thomas* that it does not.

In effect, the defendants ask for an exception to the governing statutory text because of the length of time between the liability findings and remedial orders in this case. The court is not empowered to grant such an exception against the contrary words of Congress and the Eleventh Circuit. By its plain terms and under the interpretation of the Eleventh Circuit, § 3626(a)(1)(A) contains no requirement that the court find a current and ongoing violation of federal law.

Accordingly, it is ORDERED that the above understanding of 18 U.S.C. § 3626(a)(1)(A) shall govern the upcoming hearings.

DONE, this the 14th of September, 2020.

        /s/ Myron H. Thompson
      **UNITED STATES DISTRICT JUDGE**