IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
EDWARD BRAGGS, et al.,         )
                               )
    Plaintiffs,                )
                               )    CIVIL ACTION NO.
    v.                         )      2:14cv601-MHT
                               )           (WO)
JEFFERSON S. DUNN, in his      )
official capacity as           )
Commissioner of                )
the Alabama Department of      )
Corrections, et al.,           )
                               )
    Defendants.                )
```

ORDER

It has come to the court's attention that the court reporter was regrettably and inadvertently not present for the conference call on September 17, 2020, and therefore there is neither a recording nor a transcript of the call. The court must now determine how to reconstruct the record of the call so that it may be preserved for current reference and for any later proceedings before this court or on appeal. In light of the fact that the call consisted mainly of the parties' arguments, with no sworn testimony offered, the court

believes that the best way to proceed is for each of the parties to submit a summary memorializing the arguments they made during the call regarding each of the topics discussed.  These topics are:

(1) The status of the inpatient remedy and segregation-like issues;

(2) Clarification of the defendants' concerns about the remedial stipulations due to COVID-19;

(3) Clarification of which orders or provisions the defendants have moved to terminate;

(4) The defendants' position on whether the long-term suicide-prevention order and stipulations (doc. nos. 2699 & 2699-1) are currently terminable; and

(5) Explanation from the plaintiffs of whether they believe the defendants have failed to comply with any of the court's orders or the parties' stipulations outside the context of suicide-prevention;

(6) The defendants' response to the court's order (doc. no. 2960) for clarification of the "duplicative, inconsistent, and/or moot" category, whether the

defendants' response complied with the order, and the timeline for the plaintiffs' response.

If the court has overlooked any topic discussed during the call, the parties are free to include it in their written summaries.

The court believes that the only issue that was decided during the conference call was that the scheduled hearings on the inpatient treatment and segregation-like issues would be continued pending consideration and resolution of the motion to terminate. The court does not believe that there was any objection to this proposal, but if the court is mistaken, the parties should so indicate in their filings.

***

Accordingly, it is ORDERED that:

(1) The parties are each to file a summary recounting their recollection of what they each said during the September 17 conference call regarding each of the issues set forth above. The parties are also to indicate whether they have any objection to the hearings on the inpatient

treatment and segregation-like issues being continued generally.

    (2) These summaries are due on September 21, 2020, at 9:00 a.m.

    (3) Each of the parties may also file a response and supplement to their recollection after these summaries are filed.  Any response to the summaries is due on September 23, 2020, at 9:00 a.m.

    DONE, this the 18th of September, 2020.

                              /s/ Myron H. Thompson
                            **UNITED STATES DISTRICT JUDGE**