IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
EDWARD BRAGGS, et al.,         )
                               )
     Plaintiffs,               )
                               )
                               )    CIVIL ACTION NO.
     v.                        )      2:14cv601-MHT
                               )          (WO)
JEFFERSON S. DUNN, in his      )
official capacity as           )
Commissioner of                )
the Alabama Department of      )
Corrections, et al.,           )
                               )
     Defendants.               )
```

PHASE 2A ORDER DENYING AMENDMENT
OF MONITORING OPINION AND ORDER

Previously, this court found that the State of Alabama provides inadequate mental-health care in its prisons in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, *see Braggs v. Dunn*, 367 F. Supp. 3d 1340 (M.D. Ala. 2019); *Braggs v. Dunn*, 257 F. Supp. 3d 1171 (M.D. Ala. 2017), and issued a plan to monitor compliance with the court's orders to remedy that constitutional violation, *see Braggs v. Dunn*, No. 2:14cv601-MHT, 2020 WL 5231302, ---

F. Supp. 3d ---, --- (M.D. Ala. Sept. 2, 2020).  The issue now before the court is the defendants' motion to alter, amend, or vacate the order on monitoring (doc. no. 2997).  For the reasons that follow, the defendants' motion will be denied.

## I. BACKGROUND

Throughout the process of resolving each remedial issue in this case, the question of monitoring compliance with the court's orders has repeatedly arisen.  In pursuit of the proper balance of these important interests, the court opted to resolve the issue of monitoring separately from all substantive remedial orders and on a global scale, rather than as to each individual order.  See *Braggs v. Dunn*, 2020 WL 5231302, at *2, --- F. Supp. 3d at ---.  On September 2, 2020, the court issued an opinion and order to establish that overarching monitoring scheme.  See *id.* at *30, --- F. Supp. 3d at ---.

The defendants have moved to alter, amend, or vacate the monitoring order on three grounds.  First, they argue

2

that the court applied the incorrect legal standard in evaluating whether the relief met the requirements of the Prison Litigation Reform Act (PLRA).  Second, they contend that the court's scheme inappropriately excluded a variety of "guardrails" from the monitoring plan. Finally, they object to the inclusion of a correctional administration expert on the External Monitoring Team (EMT), arguing that the position is overly intrusive.

The defendants seek relief under Rule 59(e) of the Federal Rules of Civil Procedure, which permits a party to file a motion to alter or amend a final judgment.  In the alternative, they move under Rule 60(b), which provides for relief from a final judgment.

## II. STANDARDS

Rule 59(e) authorizes a motion to alter or amend a judgment after its entry.  Rule 59(e) provides no specific grounds for relief, and "the decision to alter or amend judgment is committed to the sound discretion of the district judge."  *American Home Assur. Co. v.*

*Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985).  The only grounds for granting a motion to alter or amend a judgment under Rule 59 are "newly-discovered evidence or manifest errors of law or fact."  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citing *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).  Rule 59(e) may not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment.  *See Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

A party may also obtain relief from a final judgment under Rule 60(b).  This rule provides six specific grounds for relief, including a blanket provision that allows relief for "any other reason justifying relief from the operation of the judgment."  Fed.R.Civ.P. 60(b)(6).  Relief under Rule 60(b)(6) is an extraordinary remedy, is warranted only under exceptional circumstances, and is left to the sound discretion of the

4

district court. *See Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000).

Relief under either Rule 59(e) or Rule 60(b) is only available once the court has entered a final judgment. *See Kolawole v. Sellers*, 863 F.3d 1361, 1368 (11th Cir. 2017); *see also Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1132 (11th Cir. 1994) ("The strictures of Rule 59(e) remain dormant, however, until a final judgment has been entered."). The term "judgment" includes "any order from which an appeal lies." Fed.R.Civ.P. 54(a), including an injunction, *see* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2651, at 124–27 (4th ed. 2020).

### III. DISCUSSION

As a singular piece of a multifaceted remedial plan, the monitoring opinion and order did not resolve all of the parties' claims and does not constitute a final order. It did not resolve the litigation or contain an

5

injunction or other appealable order; it merely adopted a monitoring scheme that is to be further implemented through a series of orders issued over time.  Indeed, the defendants themselves admit that "[t]he Opinion is not a judgment, as defined by Rule 54(a) of the *Federal Rules of Civil Procedure*."  Defs.' Motion to Alter, Amend, or Vacate (doc. no. 2997) at 1.

Nevertheless, the defendants' arguments about the scope of the correctional administration expert's role reveal a fundamental misunderstanding of this position, which should be corrected.  The defendants describe the correctional administration expert as possessing "broad, undefined powers" that could cause "an operational nightmare for ADOC." *Id*. at 12-16.  They say that the role is unnecessary given the fact that other experts on the EMT "will be more than capable of monitoring issues that involve correctional staff."  *Id*. at 15.

However, the role of the correctional administration expert is not to construct new requirements or to contradict the analysis already performed by staffing

6

experts. The expert will not "intrude upon prison administration," *id.* at 13, any more than is required by the monitoring process. Instead, just as the other experts (the psychiatrist, the psychologist, and the nurse) will bring their training and experience to the EMT, the correctional expert will offer his or her training and experience in the world of corrections. This expertise is especially valuable given that much of the evidence presented at the liability phase centered on ADOC's correctional officers.

The court would think that ADOC would support including an individual on the EMT who can understand the correctional viewpoint, which will help ensure that the EMT's work is informed by a correctional perspective and takes into consideration the unique circumstances of the correctional environment. In other words, the correctional expert will provide that perspective with a seat at the table.

In conclusion, while the issue in this case is inadequate mental-health care in violation of the Eighth

7

Amendment, the institution to be monitored is a correctional system, making the formal inclusion of a correctional perspective in the monitoring process most appropriate.

***

Accordingly, it is ORDERED that the defendants' motion to vacate (doc. no. 2997) is denied.

DONE, this the 20th day of October, 2020.

                                                      /s/ Myron H. Thompson
                                               **UNITED STATES DISTRICT JUDGE**