# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| EDWARD BRAGGS, *et al.*,   )<br>                                                    )<br>   Plaintiffs,                      )<br>                                                    )     Case No. 2:14-cv-00601-MHT-JA<br>v.                                              )<br>                                                    )     District Judge Myron H. Thompson<br>JEFFERSON DUNN, *et al.*,    )<br>                                                    )<br>   Defendants.                   ) | |

### THE STATE'S RESPONSE TO THE COURT'S
### OCTOBER 20, 2020, ORDER (DOC. NO. 3034)

Pursuant to the Court's October 20, 2020, Order (Doc. No. 3034), the State[1] hereby submits its explanation for (1) whether the State's Proposal provides Plaintiffs with "the opportunity to conduct site visits during the process of compiling their proposed omnibus remedial order;" (2) whether the State's Proposal affords the EMT an opportunity for site visits when developing their recommendations on the final remedial order; and (3) what materials the State anticipates "the EMT will use in developing its recommendations." (Id. at 1-2).

### THE STATE'S PROPOSAL: NO SITE VISITS

The State's Proposal does not provide for Plaintiffs or the EMT to conduct

---

[1] All defined terms in this Response shall have the same meaning as used in the State's Proposal for Finalizing the Phase 2A Remedial Orders (Doc. No. 3031, the "State's Proposal").

site visits during the process of compiling a proposed omnibus remedial order or developing recommendations on an omnibus order, respectively. The State excluded site visits from its Proposal for at least four (4) reasons. First, Plaintiffs—on multiple occasions—conceded that the Court could conduct an evidentiary hearing on the PLRA's needs-narrowness-intrusiveness requirement, enter a final remedial order, and make the necessary findings under the PLRA without any site visits. For example, Plaintiffs never requested any site visits prior to the original September 14, 2020, evidentiary hearing. Moreover, on the eve of the September 14, 2020, hearing, Plaintiffs moved to exclude all evidence that could have been obtained by site visits—i.e., evidence of current conditions within ADOC's facilities. (Doc. No. 2935). According to Plaintiffs, "any evidence relating to current conditions within ADOC facilities is irrelevant" to the Court's analysis of whether the final remedial order complies with the PLRA's needs-narrowness-intrusiveness requirements. (Id. at 4). Similarly, in Plaintiffs' Motion in Limine, they argued that "evidence of current conditions" should be excluded under Rule 403 of the Federal Rules of Evidence because such evidence would confuse the applicable legal standard for the PLRA hearing." (Id. at 5). According to Plaintiffs, any review of the remedial provisions pursuant to the PLRA need only consider the Court's findings in the Liability Opinion in determining whether any relief comports with the PLRA. (Id. at 4). Thus, under Plaintiffs' own reasoning and the Court's Order adopting this

analysis (Doc. No. 2954), the evaluation of any final remedial relief need not consider current site conditions before submitting a proposed omnibus remedial.[2]

Second, Plaintiffs' Proposal neither requires nor requests site visits.[3] (See Doc. No. 3036 at 1-2; see generally Doc. No. 3032). Plaintiffs first propose an immediate November 4, 2020, hearing, which does not require or even allot any time for any site visits. (Doc. No. 3032 at 3-6; Doc. No. 3036 at 1). With respect to Plaintiffs' first proposal, they propose that this PLRA hearing consider whether the proposed relief complied with the PLRA's needs-narrowness-intrusiveness requirements, including considering whether the "relief is vague, overly intrusive,

---

[2] The State respectfully continues to maintain that the Court must find a current and ongoing constitutional violation to justify the entry of remedial relief pursuant to the PLRA. (See Doc. No. 2908 at 30; see also generally Doc. No. 2981). Nevertheless, the State developed its Proposal based on the Court's ruling that there exists "no requirement that the court find a current and ongoing violation of federal law" in determining whether the relief is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." (Doc. No. 2954 at 8; 18 U.S.C. § 3626(a)(1)(A)). In submitting the Proposal pursuant to the Court's directive, the State did not waive, and instead expressly preserved, any and all objections and rights pursuant to the PLRA and other applicable law.

[3] The State fully expected Plaintiffs' Proposal to insist on site visits prior to finalization of a remedial order. But Plaintiffs' Proposal only contemplates site visits under two (2) circumstances: (1) in the event the State renews its Motion to Terminate and/or Modify the remedial orders or (2) if the EMT requests pre-monitoring site visits when "consider[ing] COVID-related modifications" to the remedial requirements. (Doc. No. 3032 at 4, 10 n. 8). As the Court is well aware, the State withdrew its Motion to Terminate and/or Modify to avoid the health risks posed by site visits. The State developed its Proposal with the goal of taking a path forward which hopefully avoided the need to renew that motion, thereby triggering the prospect of site visits. Furthermore, Plaintiffs' suggestion that the EMT may request site visits when considering COVID-related modifications to the remedial requirements remains speculative. The State firmly believes that site visits are unnecessary for the EMT to analyze the State's COVID-related concerns, but, in any event, that issue need only be addressed if the EMT raises it.

3

or unnecessary." (Doc. No. 3032 at 3). Under Plaintiffs' alternative proposal, Drs. Kathryn Burns and Mary Perrien "will remove and/or modify any [remedial] requirements they believe are duplicative, inconsistent, outdated, moot, unworkable, overly intrusive, unnecessary, or vague." (Id. at 10). Once again, Plaintiffs do not propose that Drs. Burns and Perrien conduct site visits as part of this proposed assessment. (Id.; Doc. No. 3036 at 1-2). If the PLRA hearing and Drs. Burns's and Perrien's assessment could occur without considering evidence obtained from site visits, as proposed by Plaintiffs, then unquestionably Plaintiffs do not require site visits before submitting an omnibus remedial proposal nor does the EMT require site visits before providing their recommendations to the Court.

Third, site visits by Plaintiffs and/or the EMT remain unnecessary in light of the Court's ruling that there exists "no requirement that the court find a current and ongoing violation of federal law" in order to make PLRA findings. (Doc. No. 2954 at 8). In light of the Court's ruling on the applicable legal standard for finalizing a remedial order, neither Plaintiffs nor the EMT require site visits because evidence regarding any alleged "current and ongoing" constitutional violation would be irrelevant for the PLRA hearing. Stated differently, the State's Proposal does not provide for site visits by Plaintiffs or the EMT because the Court ruled that it did not need to find a "current and ongoing" constitutional violation when entering a final remedial order. (Doc. No. 2954).

4

Fourth, the State's Proposal does not contemplate site visits by Plaintiffs or the EMT because the Court expressly stated during the October 2, 2020, status conference that "we are not going back to the way things were." (Tr. Trans., Oct. 2, 2020, at 14:18; id. at 13:17-18). A process moving forward which involved site visits would not constitute a different "path." During the October 2, 2020, status conference, the State withdrew its Motion to Terminate and/or Modify ***expressly for the purpose of avoiding the health risks for staff and inmates posed by site visits***.[4] (Id. at 3:24-4:9; id. at 7:14-9:4; id. at 12:17-13:1). The Court acknowledged that "the department is confronted with problems" such as the possibility of non-essential personnel visiting its facilities and was also "concerned about Dr. Burns['s health]" due to the proposed site visits. (Id. at 6:3-4; id. at 10:18-22). Thus, the Court indicated that the path forward should not involve the complications and risks attendant with site visits.

Nevertheless, the Court insisted that the process moving forward continue to address the State's concerns related to the remedial orders. As the Court stated during the October 2, 2020, status conference, "So with your motion to terminate off the table, we're still moving forward [and… ***w***]***e're still going to address every***

---

[4] The State provided the Court with extensive briefing and evidence, including during the September 30, 2020, hearing, regarding its concerns that site visits during the pandemic threatened the health and safety of inmates and staff. Without unnecessarily reiterating those concerns here, the State adopts and incorporates as if fully set forth herein its objections to site visits during the pandemic. (See Doc. Nos. 2993, 2993-1 through 2993-4).

*concern that literally we've been doing before*, but it will be in a much more orderly yet swift, and I emphasize swift, process." (Id. at 11:21-24) (emphasis added). "We are going to continue to terminate provisions that should be terminated, and we're going to continue to seek modification where modification is warranted, and we're going to address that elephant in the room, the coronavirus." (Id. at 14:18-22). The State's Proposal involves a process which will accomplish all of the goals stated by the Court: (1) avoid the complications and risks associated with site visits; (2) continue to terminate and/or modify remedial provisions; and (3) move forward in an orderly, swift fashion. Thus, site visits by Plaintiffs and/or the EMT under the State's Proposal remain unnecessary.

## MATERIALS REVIEWED BY THE EMT

The Court also directed the State to provide an explanation regarding "materials they anticipate the EMT will use in developing its recommendations on the content of the omnibus remedial order." (Doc. No. 3034 at 2). The State's Proposal envisions a highly collaborative process between the EMT, Plaintiffs' counsel, and the State. Certainly, as part of the initial orientation to their task of identifying a proposed final remedy, the State anticipates providing the newly formed EMT with the following: (1) the Liability Opinion; (2) the Monitoring Opinion; (3) Plaintiffs' proposed omnibus remedial order; (4) the State's response to Plaintiffs' proposed omnibus remedial order; and (5) any directive from the Court

providing guidance to the EMT in developing recommendations on a final order. However, these documents constitute merely the beginning, not the totality of documents to be produced. Beyond these initial documents, the State anticipates providing to the EMT any other documentation that they might request in order to complete their review.[5] So, the ultimate universe of documents provided to the EMT should be determined by the EMT in order to ensure the timely and efficient completion of the assigned task, i.e. formulating a recommended omnibus remedial order.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the State respectfully requests that the Court adopt its Proposal in full and reject Plaintiffs' Proposal for finalizing the Phase 2A omnibus remedial order.

Dated: October 21, 2020.

/s/ William R. Lunsford
William R. Lunsford
*Attorney for the Commissioner and Associate Commissioner*

William R. Lunsford
Matthew B. Reeves
Melissa K. Marler
Stephen C. Rogers
Kenneth S. Steely

---

[5] In the unlikely event of any disputes related to document production, the State believes that Magistrate Judge John Ott could promptly resolve any such disputes through the prior dispute resolution process used among the parties.

7

La Keisha Butler
**MAYNARD, COOPER & GALE, PC**
655 Gallatin Street
Huntsville, AL 35801
Telephone: (256) 512-5710
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
mmarler@maynardcooper.com
srogers@maynardcooper.com
ksteely@maynardcooper.com
lbutler@mayanrdcooper.com


Luther M. Dorr, Jr.
**MAYNARD, COOPER & GALE, PC**
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
Telephone: (205) 254-1178
Facsimile: (205) 714-6438
rdorr@maynardcooper.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this the 21st day of October, 2020:

Ebony Howard
Lynnette K. Miner
Jaqueline Aranda Osorno
Jonathan Blocker
Brock Boone
**SOUTHERN POVERTY LAW CENTER**
400 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481
ebony.howard@splcenter.org
lynnette.miner@splcenter.org
Jackie.aranda@splcenter.org
jonathan.blocker@splcenter.org
brock.boone@splcenter.org

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, Alabama 35213
Telephone: (205) 729-8445
Facsimile: (205) 809-7899
anil@dagneylaw.com

John G. Smith
David R. Boyd
**BALCH & BINGHAM LLP**
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (866) 316-9461
jgsmith@balch.com
dboyd@balch.com

William Van Der Pol, Jr.
Lonnie Williams
Barbara A. Lawrence
Andrea J. Mixson
Ashley N. Austin
**ALABAMA DISABILITIES ADVOCACY PROGRAM**
University of Alabama
500 Martha Parham West
Box 870395
Tuscaloosa, Alabama 35487-0395
Telephone: (205) 348-6894
Facsimile: (205) 348-3909
wvanderpoljr@adap.ua.edu
blawrence@adap.ua.edu
lwilliams@adap.ua.edu
amixson@adap.ua.edu
aaustin@adap.ua.edu

Rhonda Brownstein
**ALABAMA DISABILITIES ADVOCACY PROGRAM**
400 South Union Street
Suite 425
Montgomery, AL 36104
Telephone: (205) 579-4976
Facsimile: (334) 240-0996
rbrownstein@adap.ua.edu

Steven C. Corhern
**BALCH & BINGHAM LLP**
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5708
scorhern@balch.com

William G. Somerville III
Patricia Clotfelter
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**
420 20th Street North
Suite 1400
Birmingham, Alabama 35203
Telephone:  (205) 244-3863
Facsimile:  (205) 488-3863
wsomerville@bakerdonelson.com
pclotfelter@bakerdonelson.com

Neal K. Kaytal
Catherine E. Stetson
Jo-Ann Tamila Sagar
**HOGAN LOVELLS US LLP**
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5528
Facsimile: (202) 637-5910

Deana Johnson
Brett T. Lane
**MHM SERVICES, INC.**
1447 Peachtree Street NE
Suite 500
Atlanta, GA 30309
Telephone: (404) 347-4134
Facsimile: (404) 347-4138
djohnson@mhm-services.com
btlane@mhm-services.com

Justin A. Barkley
**WEXFORD HEALTH SOURCES, INC.**
85-B Spectrum Cove
Alabaster, AL 32007
Telephone: (205) 605-7444
Facsimile: (205) 605-7443
Justin.barkley@wexfordhealth.com

Gary L. Willford, Jr.
Joseph G. Stewart
Stephanie L. Smithee
**ALABAMA DEPARTMENT OF CORRECTIONS**
Legal Division
301 South Ripley Street
Montgomery, Alabama 36130
Telephone (334) 353-3884
Facsimile (334) 353-3891
gary.willford@doc.alabama.gov
joseph.stewart@doc.alabama.gov
stephanie.smithee@doc.alabama.gov

*/s/ William R. Lunsford*
Of Counsel