## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:14-cv-00601-MHT-JTA |
| JEFFERSON DUNN, in his official | ) | Judge Myron H. Thompson |
| capacity as Commissioner of the | ) | |
| Alabama Department of Corrections, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION RELATED TO THE SAVAGES' ASSESSMENT

Pursuant to the Court's Order (Doc. 3044), Plaintiffs hereby submit this response to Defendants' Motion for Extension (Doc. 3043) (hereinafter "Defendants' Motion"). Defendants seek an extension of the deadlines for Russ and Meg Savage to complete an assessment to identify which posts, by facility, within ADOC's major facilities cannot be filled with basic correctional officers ("BCOs") or correctional cubicle operators ("CCOs"), as well as address any limitations on the mix of correctional officers ("COs") and BCOs within housing units. *See* Doc. 2758 at 2.

Defendants have failed to establish good cause for extending these deadlines any further. As such, Defendants' Motion should be denied.

1

## PROCEDURAL HISTORY

The initial date for completion of the Savages' assessment was set via an agreement between the Parties and was to occur by May 2, 2020. Doc. 2758 at 2. Due to the COVID-19 pandemic, the Parties jointly moved the Court to extend the deadline "for a minimum of sixty (60) days." Doc. 2811 at 3. In that Joint Motion, the Parties explained that the Savages would be prevented from conducting their assessment because of limitations on visitors entering ADOC. *Id*. Additionally, the Parties noted that the Savages are "particularly vulnerable" to contracting COVID-19 due to "age and other factors." *Id*. The Court reset the deadline for the completion of the Savages' assessment for July 6, 2020. Doc. 2827 at 2.

On June 26, 2020, the Parties submitted a second Joint Motion for Extension regarding the deadlines related to the Savages' assessment. Doc. 2854. Again, the Joint Motion referenced the Savages' health as one of the reasons for seeking an extension. *Id.* In addition, the Parties highlighted that Montgomery County, Alabama, where the Savages would be staying, was considered a hotspot for COVID-19 infections and that ADOC was continuing to attempt to limit introduction of COVID-19 into their facilities. *Id.* The Court again reset the deadline for the completion of the assessment to November 2, 2020. Doc. 2861 at 2.

The Defendants now seek a third extension of the deadline for the Savages to complete their assessment. Doc. 3043. Plaintiffs oppose this motion.

**ARGUMENT**

## I. DEFENDANTS' STATED REASONS TO EXTEND THE DEADLINE DO NOT ESTABLISH GOOD CAUSE

Defendants point to Montgomery County being a hotspot for COVID-19, the threat to the Savages' health,[1] and ADOC's desire to control the introduction of the virus into its facilities as reasons to extend the deadline for a third time. Doc. 3043 at 2-3. These factors are almost identical to the reasons set forth in the two previous joint motions for extension. *See* Docs. 2811 and 2854.   Although Plaintiffs previously joined the Motions for Extension including these factors, Plaintiffs now oppose based on information obtained since June indicating that the Savages' assessment can be timely completed. An extension is not warranted.

The Court has already decided that, under the appropriate circumstances, site visits may be conducted in ADOC facilities. Despite ADOC's alleged concern that allowing visitors, such as the Savages, into ADOC facilities is ill-advised, this Court recently heard testimony during an evidentiary hearing on site visits that thousands of employees and contractors enter ADOC facilities every day. Sept. 30, 2020 Hr'g Tr., at 135:15-18. ADOC does not know, and cannot confirm, whether its correctional officers use personal protective equipment ("PPE") and practice social

---

[1] Plaintiffs note that the record does not show that the Savages are unwilling to conduct site visits.

distancing outside of work. *Id*. at 135:22-136:7. ADOC does not require daily testing to enter the facility. *Id* at 136:8-10. Finally, the regional director of operations does not even know if training relating to COVID-19 precautions was conducted for all security staff. *Id.* at 165:5-166:3.

> Following that evidentiary hearing, this Court found the following:

> Based on the credible testimony of plaintiffs' expert Dr. Kathryn Burns about the safety precautions she will take during the inspections and of plaintiffs' expert Dr. Homer Venters about the inspections he has conducted in jails and prisons across the country during the pandemic and the minimal risk of the proposed inspections here given the proposed safety measures, the court finds that the inspections following the safety measures proposed by Dr. Burns pose a minimal risk of transmission of COVID-19 to the staff and prisoners.

Doc. 3000 at 4.

As with Dr. Burns, and assuming appropriate PPE is worn, the entry of the Savages into ADOC facilities presents a minimal risk of transmission of COVID-19 to the staff and prisoners. Defendants try to distinguish the reasoning in this Court's Order Granting Motion for On-Site Prison Inspections (Doc. 3000) from the situation at hand. Specifically, Defendants describe the Court's decision to require site visits as reluctant and "only due to the unavoidable deadlines" that Defendants imposed by filing their Motion to Terminate. Doc. 3043 at 3. Although the Court noted that Defendants could postpone the site visits by withdrawing their Motion to Terminate, the Court did not condition its decision to order site visits on the tight timeframe the Parties were under. *See* Doc. 3000.

4

## II. RESOLVING DISPUTES RELATING TO CORRECTIONAL STAFFING LEVELS REMAINS A PRIMARY CONCERN AND MUST BE URGENTLY ADDRESSED

Plaintiffs disagree that "[n]o urgency whatsoever exists for the Savages to complete their assessment of the BCO and CCO positions." Doc. 3043 at 2. To the extent that ADOC wishes to use BCOs and CCOs to comply with this Court's Phase 2A Understaffing Remedial Order (Doc. 1657) that ADOC fully implement the Savages' initial correctional staffing recommendations by February 20, 2022, there must be guidance from the Savages regarding the appropriateness of using BCOs or CCOs for positions within their original staffing recommendations. Ensuring adequate staffing is of upmost importance to address the constitutional violations underlying mental health care within ADOC. As this Court has previously found, "persistent and severe shortages of mental-health staff and correctional staff, combined with chronic and significant overcrowding, are the overarching issues that permeate each of the . . . identified contributing factors of inadequate mental-health care." *Braggs v. Dunn*, 257 F. Supp. 3d 1171, 1268 (M.D. Ala. 2017).

Defendants' Motion asks this Court to reset the deadline for the Savages' analysis until February 1, 2021. Doc. 3043 at 3. This proposed timeline further compresses the period ADOC would have following the Savages' analysis to adjust staffing measurement and analyze additional steps to be taken to comply with this Court's order on full implementation of the original staffing recommendations.

Indeed, in its request for an extension until February 2021, Defendants acknowledge that it is possible this deadline will not be met. Doc. 3043 at 4.

Defendants' motion is nothing more than yet another attempt to further delay proceedings and prejudice members of the class who continue to suffer from ADOC's failure to provide adequate mental health care. As the Court noted in its Phase 2A Understaffing Remedial Opinion, "[t]he State of Alabama cannot be allowed to kick the can down the road." *Braggs v. Dunn*, No. 2:14-cv-601, 2018 WL 985759, at *8 (M.D. Ala. Feb. 20, 2018).

## CONCLUSION

Based on the above, Plaintiffs respectfully request that this Court deny Defendants' Motion (Doc. 3034) for an extension of deadlines related to the Savages' analysis.

Dated: October 29, 2020                    Respectfully Submitted,

                                            /s/ Ebony Howard
                                            One of the Attorneys for Plaintiffs

Ebony Howard
Lynnette K. Miner
Jaqueline Aranda Osorno
Jonathan Barry-Blocker
Brock Boone
**SOUTHERN POVERTY LAW CENTER**
400 Washington Avenue
Montgomery, AL 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481

ebony.howard@splcenter.org
lynnette.miner@splcenter.org
jaqueline.aranda@splcenter.org
jonathan.blocker@splcenter.org
brock.boone@splcenter.org

William G. Somerville, III
Patricia Clotfelter
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ PC**
420 20th Street North, Suite 1400
Birmingham, AL 35203
wsomerville@bakerdonelson.com
pclotfelter@bakerdonelson.com

William Van Der Pol, Jr.
Lonnie Williams
Barbara A. Lawrence
Andrea J. Mixson
Ashley N. Austin
**ALABAMA DISABILITIES
ADVOCACY PROGRAM**
Box 870395
Tuscaloosa, AL  35487
Telephone: (205) 348-4928
Facsimile: (205) 348-3909
wvanderpoljr@adap.ua.edu
lwilliams@adap.ua.edu
blawrence@adap.ua.edu
amixson@adap.ua.edu
aaustin@adap.ua.edu

Rhonda Brownstein
**ALABAMA DISABILITIES
ADVOCACY PROGRAM**
400 South Union Street, Suite 425
Montgomery, AL 36104
Telephone: (205) 579-4976
Facsimile: (334) 240-0996
rbrownstein@adap.ua.edu

Catherine E. Stetson*
Neal Kumar Katyal*
Jo-Ann Tamila Sagar*
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
cate.stetson@hoganlovells.com
neal.katyal@hoganlovells.com
jo-ann.sagar@hoganlovells.com
*Admitted pro hac vice*

                             /s/ Anil A. Mujumdar
                             Anil A. Mujumdar
                             Attorney for Plaintiff
                             Alabama Disabilities Advocacy Program

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35213
Telephone: (205) 590-6986
Facsimile: (205) 809-7899
anil@dagneylaw.com

**ATTORNEYS FOR THE PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 29th day of October, 2020  electronically filed the foregoing with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to the following:

David R. Boyd, Esq.
John G. Smith, Esq.
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL 36101-0078
dboyd@balch.com
jgsmith@balch.com

Steven C. Corhern, Esq.
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201-0306
scorhern@balch.com

Joseph G. Stewart, Jr., Esq.
Gary L. Willford, Jr., Esq.
Stephanie Lynn Dodd Smithee, Esq.
Alabama Department of Corrections
Legal Division
301 South Ripley Street
Montgomery, AL  36104
joseph.stewart@doc.alabama.gov
gary.willford@doc.alabama.gov
stephanie.smithee@doc.alabama.gov

Philip Piggott, Esq.
Webster Henry
Two Perimeter Park South
Suite 445 East
Birmingham, AL  35243
ppiggott@websterhenry.com

Justin A. Barkley, Esq.
Wexford Health Sources, Inc.
85-B Spectrum Cove
Alabama, AL 32007
justin.barkley@wexfordhealth.com

William R. Lunsford, Esq.
Matthew Reeves, Esq.
Melissa K. Marler, Esq.
Stephen C. Rogers, Esq.
Kenneth S. Steely, Esq.
La Kiesha W. Butler, Esq.
Maynard, Cooper & Gale, P.C.
655 Gallatin Street, SW
Huntsville, AL  35801
blunsford@maynardcooper.com
mreeves@maynardcooper.com
mmarler@maynardcooper.com
srogers@maynardcooper.com
ksteely@maynardcooper.com
lbutler@maynardcooper.com

Luther M. Dorr, Jr., Esq.
Maynard, Cooper & Gale, P.C.
1901 6th Avenue North, Suite 2400
Birmingham, AL  35203
rdorr@maynardcooper.com

Deana Johnson, Esq.
Brett T. Lane, Esq.
MHM Services, Inc.
1447 Peachtree Street, N.E., Suite 500
Atlanta, GA  30309
djohnson@mhm-services.com
btlane@mhm-services.com


 /s/ Ebony Howard
One of the Attorneys for Plaintiffs