IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| EDWARD BRAGGS, et al.,    )<br>                           )<br>     Plaintiffs,          )<br>                           )<br>     v.                    )<br>                           )<br>JEFFERSON S. DUNN, in his  )<br>official capacity as       )<br>Commissioner of            )<br>the Alabama Department of  )<br>Corrections, et al.,       )<br>                           )<br>     Defendants.           ) | CIVIL ACTION NO.<br>  2:14cv601-MHT<br>       (WO) |

ORDER

In the court's opinion and order on a process for finalizing the phase 2A remedial order, the court listed several outstanding issues that should be addressed in the parties' proposed omnibus remedial orders, including the defendants' concerns about the need for clarification or modification of the stipulated remedial orders currently subject to temporary PLRA findings as outdated, duplicative, overly intrusive, or otherwise incompatible with the PLRA; the issues addressed by those remedial orders; the impact of COVID-19; and the

outstanding issues related to inpatient treatment and segregation-like conditions.  *See* Opinion and Order on a Process for Finalizing the Phase 2A Remedial Orders (doc. no. 3078) at 28-29.  The court left open the question of whether the parties' proposed omnibus remedial orders should include certain additional issues and asked that the parties file statements expressing their understanding of how these issues are to be addressed.  *See* Order (doc. no. 3079).

Based on the representations made during the status conference on January 6, 2021, the court has determined that the parties' proposed omnibus remedial orders should also address the following issues:

(1) Suicide prevention.

(2) Mental-health staffing, including the subjects addressed by the disputed Order and Injunction on Mental Health Understaffing (doc. nos. 2301, 2301-1) and Order and Injunction on Mental Health Staffing Remedy (doc. nos. 2688, 2688-1, 2688-2).

(3) Correctional staffing, including consideration of the issues raised by the Savages' report once it is completed.[1]

(4) Segregation, including out-of-cell time, physical modifications to segregation units, and additional training related to segregation.[2] This will also include the terms under which a prisoner with serious mental illness (SMI) may be housed in segregation, including two related but separate sub-issues: how the "extenuating circumstances" that allow an SMI to be placed in segregation should be defined, and how long an SMI can remain in segregation

---

1. The defendants' motion to extend the deadline for the Savages' assessment, see The State's Motion for Extension (doc. no. 3043), remains pending before the court. The court understands that the parties intend to discuss in the coming days the question of how to proceed with this assessment, and the court will wait to resolve the motion in light of that discussion.

2. The proposed omnibus remedial order should also address periodic mental health rounds, though that issue will be treated as part of the consideration of suicide prevention.

when such circumstances exist.  These two questions are distinct and should not be conflated.

The court clarifies that it is not vacating any orders and that all outstanding deadlines and current stipulations remain in place.  Rather, the list of issues above is intended to guide the parties in developing their proposed omnibus remedial orders and set the agenda for the evidentiary hearing.

It is ORDERED that the court's Opinion and Order on a Process for Finalizing the Phase 2A Remedial Orders (doc. no. 3078) is amended to reflect that the issues listed above will constitute the entirety of what will be considered during the omnibus remedial process.

It is further ORDERED that a status conference is set for 10:00 a.m. on January 13, 2021, to discuss the defendants' motion to extend the deadline for the Savages' assessment (doc. no. 3043).  The courtroom deputy is to arrange for the conference to be conducted by telephone.  By 5:00 p.m. on January 12, 2021, the

4

parties are to file a joint report on the status of the motion in light of their mediation discussions.

DONE, this the 7th day of January, 2021.

                                   /s/ Myron H. Thompson
                                UNITED STATES DISTRICT JUDGE