IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
EDWARD BRAGGS, et al.,         )
                               )
     Plaintiffs,               )
                               )    CIVIL ACTION NO.
     v.                        )      2:14cv601-MHT
                               )
JEFFERSON S. DUNN, in his      )
official capacity as           )
Commissioner of                )
the Alabama Department of      )
Corrections, et al.,           )
                               )
     Defendants.               )
```

PHASE 2A REVISED REMEDY SCHEDULING ORDER
ON THE EIGHTH AMENDMENT CLAIM

Upon consideration of the parties' joint report on how to proceed with the Savages' assessment (doc. no. 3091), as well as representations made on the record during the status conference on January 13, 2021, it is ORDERED that the remaining deadlines and dates for the Phase 2A remedy scheduling order for the Eighth Amendment claim are revised as set forth below and that the defendants' motion for an extension (doc. no. 3043) is denied as moot.

It is further ORDERED that, if the court has omitted an issue, included an issue that should have been omitted, or simply made an error in the chart below, the parties should inform the court of the error by 5:00 p.m. on January 25, 2021.

|  | OLD DATES | NEW DATES |
|---|---|---|
| **STAFFING** | | |
| Savages to identify any posts, by facility, that cannot be filled with BCOs or CCOs as well as any limitation on CO & BCO mix in any housing unit. (doc. nos. 2758, 2811, 2854, & 3091). | Suspended pending resolution of the motion for extension (doc. no. 3043) | 3/12/2021, 5:00 p.m. |
| If plaintiffs disagree with Savages' recommendations in whole or in part, they may object, except on the ground that the Savages did not conduct an in-person visit as part of their assessment. (doc. no. 3091). They shall file notice with the court indicating which recommendations they object to, if any. | | 3/26/2021, 5:00 p.m. |
| The parties will complete mediation on any dispute arising from the Savages' identification of posts that BCOs and/or CCOs cannot fill. (doc. no. 3091). | | 4/16/2021, 5:00 p.m. |
| If plaintiffs did not object to Savages' recommendations, or if plaintiffs initially objected to Savages' recommendations and the parties were able to reach full agreement through mediation, plaintiffs shall include a proposal for modification of the format of quarterly staffing reports in their proposed omnibus remedial order. If parties fail to reach full agreement, plaintiffs shall include a statement identifying areas of agreement and disagreement in their proposed omnibus remedial order. (doc. no. 3078). | | 4/21/2021, 5:00 p.m. |
| If plaintiffs did not object to Savages' recommendations, or if plaintiffs initially objected to Savages' recommendations and the parties were able to reach full agreement through mediation, defendants shall include their proposal for modification of the quarterly staffing reports and any objections to the plaintiffs' proposal in their proposed omnibus | | 5/5/2021, 5:00 p.m. |

| | | |
|---|---|---|
| remedial order.  If the parties fail to reach full agreement, defendants shall include a statement identifying areas of agreement and disagreement in their proposed omnibus remedial order. (doc. no. 3078). | | |
| Plaintiffs may reply to the defendants' proposed order. | | 5/12/2021, 5:00 p.m. |
| The court will hold a pretrial conference with the parties regarding their proposed omnibus remedial orders, including the proposed modification of format of quarterly staffing report or areas of disagreement over the Savages' recommendations. (doc. no. 3078). | | 5/17/2021, 10:00 a.m. |
| The court will hold an evidentiary hearing on the parties' omnibus remedial orders, including the proposed modification of format of quarterly staffing report or areas of disagreement over the Savages' recommendations. (doc. no. 3078). | | 5/24/2021, 10:00 a.m. |
| | | |
| **OMNIBUS REMEDIAL PROCESS** | | |
| The parties shall file a joint discovery plan tailored to developing their proposals for the omnibus remedial order. (doc. no. 3078). | 1/15/2021, 5:00 p.m. | |
| The plaintiffs shall file their proposed omnibus remedial order. (doc. nos. 3078 & 3087). The order shall address the following issues:<br><br>• Defendants' concerns about the need for clarification or modification of the stipulated remedial orders currently subject to temporary PLRA findings as outdated, duplicative, overly intrusive, or otherwise incompatible with the PLRA.<br>• The issues addressed by those remedial orders.<br>• The impact of COVID-19. | 4/21/2021, 5:00 p.m. | |

| | | |
|---|---|---|
| <ul><li>Outstanding issues related to inpatient treatment and segregation-like conditions.</li><li>Suicide prevention, including periodic mental-health rounds.</li><li>Mental-health staffing, including the subjects addressed by the disputed Order and Injunction on Mental Health Understaffing (doc. nos. 2301, 2301-1) and Order and Injunction on Mental Health Staffing Remedy (doc. nos. 2688, 2688-1, 2688-2).</li><li>Correctional staffing, including consideration of the issues raised by the Savages' report.</li><li>Segregation, including out-of-cell time, physical modification to segregation units, and additional training related to segregation. This will also include the terms under which a prisoner with serious mental illness (SMI) may be houses in segregation, including two related but separate sub-issues: how the "extenuating circumstances" that allow an SMI to be placed in segregation should be defined, and how long an SMI can remain in segregation when such circumstances exist.</li></ul> | | |
| The defendants shall file in response their proposed omnibus remedial order, responding to the plaintiffs' proposals and addressing the same issues listed above. (doc. nos. 3078 & 3087). | 5/5/2021, 5:00 p.m. | |
| Plaintiffs may reply to the defendants' proposed order. (doc. nos. 3078 & 3087). | 5/12/2021, 5:00 p.m. | |
| The court will hold a pretrial conference with the parties regarding their proposed omnibus remedial orders via videoconferencing. (doc. nos. 3078 & 3087). | 5/17/2021, 10:00 a.m. | |

| | | |
|---|---|---|
| The court will hold an evidentiary hearing on the parties' proposed omnibus remedial orders. (doc. nos. 3078 & 3087).  The court will determine later whether the hearing will be in person, by videoconferencing, or a combination of both. | 5/24/2021, 10:00 a.m. | |
| | | |
| **STIPULATIONS SUBJECT TO TEMPORARY PLRA FINDINGS** | | |
| Mental-health understaffing stipulation (doc. no. 2301). | In effect until court enters an omnibus remedial opinion | |
| Stipulations regarding the definition of SMI (doc. no. 1720); Bibb segregation issues (doc. no. 1751); and preplacement screening, etc. (doc. no. 1815). | In effect until court enters an omnibus remedial opinion | |
| Stipulation regarding hospital-level care (doc. nos. 2717, 2724). | In effect until court enters an omnibus remedial opinion | |
| Stipulations regarding intake (doc. no. 1794); coding (doc. no. 1792); and referral (doc. no. 1821). | In effect until court enters an omnibus remedial opinion | |
| Stipulation regarding individual treatment plans (doc. no. 1865). | In effect until court enters an omnibus remedial opinion | |
| Stipulations regarding psychotherapy and confidentiality (doc. no. 1899) and confidentiality (doc. no. 1900). | In effect until court enters an omnibus remedial opinion | |
| Interim suicide prevention order (doc. nos. 2560, 2569, 2698, 2777, & 2914 and as previously clarified in open court during Jan. 7, 2020, status conference).  The court's remedial opinion and judgment for immediate relief regarding suicide prevention (doc. nos. 2525, 2526, | In effect until court enters an omnibus remedial opinion | |

| | | |
|---|---|---|
| 2698, & 2777) and the defendants' motion to alter, amend, or vacate (doc. nos. 2564, 2698, & 2777) both remain stayed.  During the omnibus process, the court expects the long-term suicide-prevention agreement (doc. no. 2699) to be the basis for the parties' proposals. | | |
| Second amended stipulation regarding mental-health consultation to the disciplinary process (doc. nos. 2718, 2725). | In effect until court enters an omnibus remedial opinion | |
| | | |
| **STANDING ORDER FOR HEARINGS** | | |
| The Phase 2A Order Regarding All Hearings and Evidentiary Hearings provides additional general requirements for filings, unless otherwise specified (doc. no. 2727). | | |

**DONE, this the 19th day of January, 2021.**

  /s/ Myron H. Thompson  
**UNITED STATES DISTRICT JUDGE**