# **EXHIBIT H**




# State of Alabama
# Department of Corrections

Alabama Criminal Justice Center
301 South Ripley Street
P. O. Box 301501
Montgomery, AL 36130-1501
(334) 353-3883

**KAY IVEY**
GOVERNOR

**Jefferson Dunn**
COMMISSIONER

August 20, 2020

| | |
|---|---|
| **ADMINISTRATIVE REGULATION** | **OPR:  HEALTH SERVICES** |
| **NUMBER        626** | |

### MENTAL HEALTH CONSULTATION TO THE DISCIPLINARY PROCESS

**I.      GENERAL**

This Alabama Department of Corrections (ADOC) Administrative Regulation (AR) establishes the responsibilities, policies, and procedures for the mental health consultation to the disciplinary process. Neither this Administrative Regulation nor anything contained in this Administrative Regulation shall be construed to create or recognize any liberty or property interest in a mental health consultation or any other terms, condition, or provisions in this Administrative Regulation.

**II.     POLICY**

Inmates in ADOC custody must comply with its rules and regulations. If an inmate violates ADOC's rules and regulations, then he or she will be subject to discipline consistent with AR 403. However, ADOC does not discipline an inmate for symptoms directly related to his or her mental illness, including but not limited to issuing a disciplinary or applying disciplinary sanctions to inmates for conduct directly related to engaging in self-injurious behavior. To avoid inappropriate disciplinary sanctions, a mental health consultation is provided during the disciplinary process to evaluate whether the inmate's behavior resulting in an ADOC rule or regulation violation is directly related to his or her mental illness and to make recommendations about the efficacy of disciplinary sanctions (including confinement to restrictive housing) and the impact of disciplinary sanctions on the inmate's mental illness.

**III.    DEFINITION(S) AND ACRONYM(S)**

Refer to AR 602 (amended) *Mental Health Definitions and Acronyms* and AR 403, *Procedures for Inmate Rule Violations*.

**IV.    RESPONSIBILITIES**

A.  ADOC's mental health vendor and its staff are responsible for training staff involved in the disciplinary process, performing the mental health consultation to the disciplinary process, participating in the disciplinary process, engaging inmates after the disciplinary process, completing documentation related to the mental health consultation and a disciplinary sanction of confinement to restrictive housing, determining when an inmate on suicide watch may receive information regarding a disciplinary sanction, and providing mental health services during a placement in restrictive housing.  A decision by an appropriate

mental health provider concerning contraindication of restrictive housing for certain rule violations will be outcome-determinative.

B. ADOC staff involved in the disciplinary process are responsible for informing mental health staff of the need for a mental health consultation, ensuring the mental health consultation is completed, obtaining the presence of mental health staff at a disciplinary hearing if and when necessary, considering the mental health evaluation as it relates to the disciplinary sanction, and completing documentation related to the disciplinary process.

## V. PROCEDURES

A. **Training Correctional and Mental Health Staff.**

1. All persons working within any ADOC major facility involved with the disciplinary process must complete the Comprehensive Mental Health Training Curriculum required by Section 1 of the Phase 2A Order and Injunction on Mental Health Identification and Classification Remedy (Referral) (Doc. Nos. 1821, 1821-1).

2. All persons working within any ADOC major facility involved with the disciplinary process must complete training associated with ADOC's disciplinary process, sanctions (including sanctions other than restrictive housing), and mental health consultations to ensure they understand the applicable ARs and how to apply them consistently.

3. All wardens, division directors, disciplinary hearing officers, and mental health staff must participate in annual training on the disciplinary process and mental health consultations to the disciplinary process.

B. **Initiating a Mental Health Consultation.**

1. Any person involved with the disciplinary process may initiate a mental health consultation through ADOC's computer module.

2. A mental health consultation may be sought at the time of the rule or regulation violation or after review of the disciplinary report. A mental health consultation must be sought if the inmate is on the mental health caseload and has a mental health code of C or higher and/or an SMI designation; or, even if the inmate has a lower mental health code or is not on the mental health caseload, where the inmate has an intellectual or developmental disability, or the inmate's behavior at the time of the alleged actions giving rise to the disciplinary or at any time prior to or during the disciplinary process demonstrates signs of psychological distress or mental impairment.

3. If a mental health consultation is initiated as a result of behavior demonstrated during a disciplinary hearing, then the disciplinary hearing will be postponed so that the process set forth in this AR can be completed before continuing the disciplinary process and ADOC Form 403-D, *Notice of Postponement of Disciplinary Hearing* will be completed.

C. **Process Following Initiation of a Mental Health Consultation.**

1. An arresting officer, disciplinary hearing officers, or other person seeking a mental health consultation will complete the computer module to begin the

process.

2. A copy of the mental health consultation request or an ADOC Form MH-041, *Mental Health Consultation to the Disciplinary Process* and a copy (or draft) of ADOC Form 302-A, *Incident Report* must be provided to the inmate's treatment team chairperson—a mental health professional (MHP)— within one (1) working day of initiation of the mental health consultation.

3. For an inmate on the mental health caseload, a psychiatrist, psychologist, certified registered nurse practitioner (CRNP), or MHP performing the mental health consultation to the disciplinary process before the disciplinary hearing may not be a member of the inmate's treatment team, except when no psychiatrist, psychologist, CRNP, or MHP who is not a member of the treatment team is available within the period during which the consult must be conducted. For an inmate not on the mental health caseload, any psychiatrist, certified registered nurse practitioner, psychologist, or MHP will perform the mental health consultation to the disciplinary process before the disciplinary hearing.

   a. A mental health staff member performing the mental health consultation will evaluate:

      (1) an inmate's current and then-existing (at the time of the incident) mental state, including the inmate's capacity to proceed with a disciplinary hearing;

      (2) an inmate's mental health diagnosis or, for an inmate not previously diagnosed, the presence of mental illness;

      (3) an inmate's treatment and medication (including any compliance issues) over the past six (6) months;

      (4) any crisis placements over the past six (6) months;

      (5) whether the inmate's behavior resulting in an ADOC rule or regulation violation is the direct result of or related to his or her mental illness;

      (6) the likely impact of confinement to restrictive housing on an inmate's mental health and, based on the likely impact, if confinement to restrictive housing for a medium- or high-level rule violation is contraindicated;

      (7) the potential impact of other disciplinary sanctions on the inmate's mental state, including whether any specific disciplinary sanction is clinically contraindicated for the inmate and, in such instances, what alternative sanctions are not clinically contraindicated; and

      (8) the need for mental health staff to be present during the disciplinary hearing.

   b. The mental health consultation will be conducted out-of-cell in a setting that provides for confidentiality, unless that is not possible due to safety concerns, based upon clinical determinations. If confidentiality is not

        possible for a mental health consultation, that fact, the safety concerns, and the actions taken to maximize confidentiality will be recorded in the ADOC computer module.

    c. If the mental health staff member performing the mental health consultation determines that conferring with a psychologist, psychiatrist, mental health professional or certified registered nurse practitioner on the inmate's treatment team would be beneficial, then he or she may confer with a member of the inmate's treatment team prior to the mental health consultation.

    d. The mental health staff member performing the mental health consultation will document his or her evaluation and provide any comments, notes, and recommendations in the ADOC computer module. A mental health staff member may identify disciplinary sanctions that are contraindicated for the inmate and any appropriate alternative disciplinary sanctions. A copy of the mental health consultation evaluations and recommendations will be (a) provided to the disciplinary hearing officer for consideration and to maintain with the inmate's disciplinary action file, and (b) placed in the inmate's mental health record to ensure the inmate's treatment team may receive and review it.

**D. Mental Health Staff Involvement During the Disciplinary Hearing.**

    1. If a member of the inmate's treatment team determines the presence of a mental health staff member is necessary during the disciplinary hearing to assist the inmate, then the disciplinary hearing officer will coordinate the date and time of the disciplinary hearing (or continued disciplinary hearing) with the mental health staff to ensure a mental health staff member is present during the disciplinary hearing. The date and time for a disciplinary hearing (or continued disciplinary hearing) where a mental health staff member must be present should be a weekday between 8 a.m. and 4 p.m.

    2. A disciplinary hearing will be suspended or postponed if mental health staff determine the inmate lacks the capacity to participate in the disciplinary hearing because, for example, the inmate's mental health is decompensating or the inmate is on acute or non-acute suicide watch or mental health observation.

        a. ADOC Form 403-D, *Notice of Postponement of Disciplinary Hearing* will be completed.

        b. A psychiatrist or psychologist will advise the disciplinary hearing officer when, based on the psychiatrist's or psychologist's clinical judgment, the inmate possesses the capacity to participate in the disciplinary hearing and the disciplinary hearing may proceed.

        c. If the inmate is not capable of participating in the disciplinary hearing within (30) thirty days, then all information concerning or relating to the rule or regulation violation and the fact of the inmate's inability to proceed with the disciplinary hearing will be documented in a ADOC Form 302-A, *Incident Report* by the disciplinary hearing officer. A copy of the ADOC Form 302-A, *Incident Report* will be filed in the inmate's institutional file. Any ADOC Form 403-A, *Disciplinary Report* and/or ADOC Form 403-B, *Disciplinary Report (Continued)*

will be removed from the inmate's institutional file. No further action will be taken as it relates to this rule or regulation violation.

3. During the disciplinary hearing and/or before the disciplinary officer adjudicates the disciplinary action, the disciplinary officer must consider the mental health consultation, including any evaluation, comments, or recommendations, in deciding an inmate's guilt or innocence and, if guilty, in imposing any disciplinary sanctions.

   a. If the mental health staff member performing the mental health consultation concludes that the rule or regulation violation was a direct result of the inmate's mental illness, then the disciplinary hearing officer must find the inmate not guilty of the disciplinary action.

   b. If the mental health staff member performing the mental health consultation concludes that the rule or regulation violation was related to, but not the direct result of, the inmate's mental illness, then the disciplinary hearing officer must take that conclusion into consideration in imposing any disciplinary sanctions.

4. If an inmate is found guilty of a rule or regulation violation, then the disciplinary hearing officer may impose disciplinary sanctions consistent with AR 403 and Appendix B to AR 403, *Rule Violations Authorized Sanctions Table*. However, if the mental health staff member who conducted the mental health consultation determined that any specific disciplinary sanction is clinically contraindicated for the inmate, including confinement to restrictive housing for a medium- or high-level rule or regulation violation, then the decision of the mental health staff member who performed the mental health consultation will be outcome-determinative and binding on the disciplinary hearing officer, except where exceptional circumstances exist. Where any specific disciplinary sanction has been determined to be contraindicated, the disciplinary hearing officer may impose other disciplinary sanctions authorized in Appendix B to AR 403, *Rule Violations Authorized Sanctions Table*.

5. A disciplinary hearing officer must contact mental health staff if he or she has any questions about the evaluation, comments, or recommendations made after the mental health consultation.

6. A disciplinary hearing officer must document his or her consideration of the results of the mental health consultation.

E. **Mental Health Involvement After the Disciplinary Hearing.**

1. After the disciplinary hearing is complete and the warden, division director, or a designee approves or disapproves the disciplinary report, the inmate will be provided a copy of ADOC Form 403A, *Disciplinary Report* and any ADOC Form 403-B, *Disciplinary Report (Continued)*. However, if the inmate is currently on acute or non-acute suicide watch or mental health observation, then ADOC Form 403-A, *Disciplinary Report* and any ADOC Form 403-B, *Disciplinary Report (Continued)* will not be provided to the inmate unless and until a member of the inmate's treatment team approves it. Where appropriate, a mental health staff member may assist in delivery and explanation of the disciplinary report and any disciplinary sanctions.

2.  If confinement to restrictive housing is an approved disciplinary sanction, then the inmate will receive the preplacement screening, mental health rounds and periodic assessments consistent with the Phase 2A Order and Injunction on Segregation Remedy (Pre-Placement, Mental Health Rounds, Periodic Evaluations) (Doc. Nos. 1815, 1815-1).

3.  Aside from the inmate's institutional file, a copy of ADOC Form 403-A, *Disciplinary Report* and any ADOC Form 403-B, *Disciplinary Report (Continued)* will be placed in the inmate's mental health record.

## VI. DISPOSITION

Refer to AR 601 (as amended) *Mental Health Forms and Disposition*.

## VII. FORMS

Refer to AR 601 (as amended) *Mental Health Forms and Disposition* for any ADOC Form(s) used in this Administrative Regulation.

## VIII. SUPERCEDES

This AR supersedes AR 626, dated October 20, 2006.

## IX. PERFORMANCE

This Administrative Regulation is published under the authority of the National Commission of Correctional Health Care: Standards for Health Services in Prisons 2015.

_____
Jefferson Dunn,
Commissioner