IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
EDWARD BRAGGS, et al.,        )
                              )
     Plaintiffs,              )
                              )    CIVIL ACTION NO.
     v.                       )      2:14cv601-MHT
                              )
JEFFERSON S. DUNN, in his     )
official capacity as          )
Commissioner of               )
the Alabama Department of     )
Corrections, et al.,          )
                              )
     Defendants.              )
```

### PHASE 2A REVISED REMEDY SCHEDULING ORDER ON THE EIGHTH AMENDMENT CLAIM

Upon consideration of the parties' joint motion to extend the deadlines for the defendants to file a response to the plaintiffs' proposed omnibus remedial order and for the plaintiffs to file a reply (Doc. 3209), it is ORDERED that the motion to extend (Doc. 3209) is granted and remaining deadlines and dates for the Phase 2A remedy scheduling order for the Eighth Amendment claim are revised as set forth below.

|  | OLD DATES | NEW DATES |
|---|---|---|
| **STAFFING** |  |  |
| **If plaintiffs did not object to Savages' recommendations, or if plaintiffs initially objected to Savages' recommendations and the parties were able to reach full agreement through mediation, defendants shall include their proposal for modification of the quarterly staffing reports and any objections to the plaintiffs' proposal in their proposed omnibus remedial order.  If the parties fail to reach full agreement, defendants shall include a statement identifying areas of agreement and disagreement in their proposed omnibus remedial order. (Doc. 3078).** | 5/5/2021, 5:00 p.m. |  |
| **Plaintiffs may reply to the defendants' proposed order.** | 5/12/2021, 5:00 p.m. |  |
| **The court will hold a pretrial conference with the parties regarding their proposed omnibus remedial orders, including the proposed modification of format of quarterly staffing report or areas of disagreement over the Savages' recommendations. (Doc. 3078).** | 5/17/2021, 10:00 a.m. |  |
| **The court will hold an evidentiary hearing on the parties' omnibus remedial orders, including the proposed modification of format of quarterly staffing report or areas of disagreement over the Savages' recommendations. (Doc. 3078).** | 5/24/2021, 10:00 a.m. |  |
|  |  |  |
| **OMNIBUS REMEDIAL PROCESS** |  |  |
| **The defendants shall file in response their proposed omnibus remedial order. (Doc. 3078 & Doc. 3087). The order shall respond to the plaintiffs' proposals and address the following issues:**<br>• Defendants' concerns about the need for clarification or modification of the stipulated remedial orders currently subject to temporary PLRA | 5/5/2021, 5:00 p.m. | 5/7/2021, 11:59 p.m. |

| | | |
|---|---|---|
| findings as outdated, duplicative, overly intrusive, or otherwise incompatible with the PLRA.<br>• The issues addressed by those remedial orders.<br>• The impact of COVID-19.<br>• Outstanding issues related to inpatient treatment and segregation-like conditions.<br>• Suicide prevention, including periodic mental-health rounds.<br>• Mental-health staffing, including the subjects addressed by the disputed Order and Injunction on Mental Health Understaffing (doc. nos. 2301, 2301-1) and Order and Injunction on Mental Health Staffing Remedy (doc. nos. 2688, 2688-1, 2688-2).<br>• Correctional staffing, including consideration of the issues raised by the Savages' report.<br>• Segregation, including out-of-cell time, physical modification to segregation units, and additional training related to segregation.  This will also include the terms under which a prisoner with serious mental illness (SMI) may be houses in segregation, including two related but separate sub-issues:   how the "extenuating circumstances" that allow an SMI to be placed in  segregation should be defined, and how long an SMI can remain in segregation when such circumstances exist. | | |
| **Plaintiffs may reply to the defendants' proposed order. (Doc. 3078 & Doc. 3087).** | 5/12/2021, 5:00 p.m. | 5/12/2021, 11:59 p.m. |
| **The parties will file prehearing briefs. (Doc. 3187).** | 5/10/2021, 5:00 p.m. | 5/12/2021, 11:59 p.m. |
| **The court will hold a pretrial conference with the parties regarding their proposed omnibus** | 5/17/2021, 10:00 a.m. | |

3

| | | |
|---|---|---|
| remedial orders via videoconferencing.  (Doc. 3078 & Doc. 3087). | | |
| The court will hold an evidentiary hearing on the parties' proposed omnibus remedial orders. (Doc. 3078 & Doc. 3087).  The court will determine later whether the hearing will be in person, by videoconferencing, or a combination of both. | 5/24/2021, 10:00 a.m. | |
| | | |
| **STIPULATIONS SUBJECT TO TEMPORARY PLRA FINDINGS** | | |
| Mental-health understaffing stipulation (Doc. 2301). | In effect until court enters an omnibus remedial opinion | |
| Stipulations regarding the definition of SMI (Doc. 1720); Bibb segregation issues (doc. no. 1751); and preplacement screening, etc. (Doc. 1815). | In effect until court enters an omnibus remedial opinion | |
| Stipulation regarding hospital-level care (Doc. 2717 & Doc. 2724). | In effect until court enters an omnibus remedial opinion | |
| Stipulations regarding intake (Doc. 1794); coding (Doc. 1792); and referral (Doc. 1821). | In effect until court enters an omnibus remedial opinion | |
| Stipulation regarding individual treatment plans (Doc. 1865). | In effect until court enters an omnibus remedial opinion | |
| Stipulations regarding psychotherapy and confidentiality (Doc. 1899) and confidentiality (Doc. 1900). | In effect until court enters an omnibus remedial opinion | |
| Interim suicide prevention order (Doc. 2560, Doc. 2569, Doc. 2698, Doc. 2777, & Doc. 2914 and as previously clarified in open court during Jan. 7, 2020, status | In effect until court enters an omnibus remedial opinion | |

4

| | | |
|---|---|---|
| conference).  The court's remedial opinion and judgment for immediate relief regarding suicide prevention (Doc. 2525, Doc. 2526, Doc. 2698, & Doc. 2777) and the defendants' motion to alter, amend, or vacate (Doc. 2564, Doc. 2698, & Doc. 2777) both remain stayed.  During the omnibus process, the court expects the long-term suicide-prevention agreement (Doc. 2699) to be the basis for the parties' proposals. | | |
| Second amended stipulation regarding mental-health consultation to the disciplinary process (Doc. 2718 & Doc. 2725). | In effect until court enters an omnibus remedial opinion | |
| | | |
| **STANDING ORDER FOR HEARINGS** | | |
| **The Phase 2A Order Regarding All Hearings and Evidentiary Hearings** provides additional general requirements for filings, unless otherwise specified (Doc. 2727). | | |

**DONE, this the 4th day of May, 2021.**

                                            **/s/ Myron H. Thompson**
                                     **UNITED STATES DISTRICT JUDGE**