**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| EDWARD BRAGGS, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:14-cv-00601-MHT-JTA |
| JEFFERSON DUNN, in his official | ) | Judge Myron H. Thompson |
| capacity as Commissioner of the | ) | |
| Alabama Department of Corrections, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE FROM UPCOMING PLRA EVIDENTIARY HEARING

Almost four years ago, this Court found in no uncertain terms that the Alabama Department of Corrections ("ADOC") mental-healthcare system is "horrendously inadequate." *Braggs v. Dunn*, 257 F.Supp.3d 1171, 1267 (M.D. Ala 2017). Despite continuing and preventable suicides and suicide attempts, and other dangerous, correctable deficiencies in mental-health care in Alabama's prisons, there is no durable plan to fix the atrocious inadequacies this Court identified.

As detailed in Plaintiffs' Pretrial Brief, the Parties painstakingly negotiated and agreed to substantive relief covering nearly every aspect of mental-health care,[1]

---

[1] A list of the twelve agreed-upon remedial orders and stipulations that make up Plaintiffs' proposed Omnibus Remedial Order, which is the subject of the upcoming

only for Defendants to—eighteen months into the remedial phase—contest whether that relief complies with the Prison Litigation Reform Act ("PLRA"). Doc. 2899 at 9-18.

After a lengthy delay caused by Covid-19, the Court ordered the Parties to each submit a proposed omnibus remedial order (ORO) that comprehensively addresses the issues already addressed in the agreed-upon remedial orders and stipulations. The Court also scheduled an evidentiary hearing for May 24, 2021 to evaluate the evidence in support of the Parties' proposed OROs and the Parties submitted witness and exhibit lists identifying the evidence the Parties intend to rely on, respectively, at the evidentiary hearing. Docs. 3225 and 3226. As required by the Court, the Parties exchanged witness lists on May 17, 2021.

Plaintiffs now move *in limine* for an order to exclude evidence that plainly has no place at the evidentiary hearing—evidence of the substance of the Parties' negotiations during mediation including the testimony of Magistrate Judge John Ott, former Plaintiffs' attorney C.J. Sandley, and Plaintiff Alabama Disabilities Advocacy Program's (ADAP) Executive Director James Tucker. Doc. 3225 at 6, 14. Plaintiffs also move to exclude the testimony of Secretary John E. Wetzel as an undisclosed expert witness. *Id.* at 14. Such evidence is excludable by the Federal

---

PLRA trial, can be found in Plaintiffs' pretrial brief. Doc. 2899 at 12-14. When internal pagination conflicts with ECF pagination, Plaintiffs refer to the latter.

Rules of Evidence and local rules of this Court and would only waste the Court's

valuable time hearing unnecessary testimony during the evidentiary hearing.

## LEGAL STANDARD

Federal Rules of Evidence 408 provides that "conduct or a statement made

during compromise negotiations" is inadmissible "to prove or disprove the validity

or amount of a disputed claim." Fed. R. Evid. 408(a)(2). In the Eleventh Circuit,

"the test for whether statements fall under this rule is 'whether the statements or

conduct were intended to be part of the negotiations toward compromise.' " *Blu-J,*

*Inc. v. Kemper C.P.A. Grp.*, 916 F.2d 637, 642 (11th Cir. 1990) (quoting *Ramada*

*Dev. Co. v. Rauch*, 644 F.2d 1097, 1106 (5th Cir. 1981)). "[T]he purpose of the rule

disfavoring the admission of settlement and compromise negotiations is to

encourage settlements and to allow Parties to freely engage in negotiations."

*Johnson v. Occidental Fire & Cas. Co. of N. Carolina*, 954 F.2d 1581, 1585 (11th

Cir. 1992) (citing notes of advisory committee on 1972 proposed rules).

Additionally, a court can exclude any evidence "if its probative value is

substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, . .

. [or] wasting time." Fed. R. Evid. 403. "A district court is accorded a wide discretion

in determining the admissibility of evidence under the Federal Rules. Assessing the

probative value of [the proffered evidence], and weighing any factors counseling

against admissibility, is a matter first for the district court's sound judgment under

Rules 401 and 403." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984)) (alteration in the original).

Courts should timely rule on motions in limine to allow Parties to litigate fairly and efficiently. *See Pena v. Leombruni*, 200 F.3d 1031, 1034-35 (7th Cir. 1999) ("It is highly desirable that the trial judge rule on motions in limine well before trial so that the Parties can shape their trial preparations in light of his rulings without having to make elaborate contingency plans."); *Vigneulle v. Tahsin Indus. Corp., USA*, No. 2:15-CV-2268-SLB, 2019 WL 4409220, at *1 (N.D. Ala. Feb. 19, 2019) ("A ruling on evidence in limine aids the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial. It also may save the Ptime, effort and cost in preparing and presenting their cases." (internal quotation marks and brackets omitted)). Plaintiffs are raising this motion well in advance of when Defendants would present their affirmative case, and thus provides plenty of time for the Parties to shape their trial preparations as a result of the court's ruling on this motion.

## ARGUMENT

## I.    The Court Should Exclude Evidence of the Parties' Mediation Negotiations

Consistent with well-established precedent, the Federal Rules of Evidence, and the Court's Local Rules and practice throughout this litigation, the Court should exclude evidence related to the Parties' mediation efforts because such evidence is inadmissible.

Defendants seek to offer the testimony of Mr. Tucker,[2] Judge Ott, and Ms. Sandley for the same vague purpose of "mediation related to the Remedial Orders." Defendants add in footnote 7 to the description of Judge Ott's testimony that if Plaintiffs argue that Defendants "waived" their PLRA objections, then Defendants will request the Court call Judge Ott and/or Sandley to testify "about matters discussed during the extended mediation discussions over the course of the last four (4) years." Doc. 3225 at 14 n.7. Defendants fail to explain the purpose of Tucker's testimony beyond "mediation related to the Remedial Orders." *Id.* at 6.

The testimony of Mr. Tucker, Judge Ott, and Ms. Sandley is inadmissible for the purpose Defendants seek to admit it. Any testimony regarding "matters discussed" during mediation are unavoidably "statements or conduct . . . intended to be part of the negotiations toward compromise.' " *Blu-J, Inc.*, 916 F.2d at 642.

---

[2] Although James Tucker has testified previously as the party representative for ADAP in this case, and could be properly designated as a witness in this case, one of the purposes for which Defendants intend to call Mr. Tucker – to testify regarding mediation privileged communications – is on its face improper. Plaintiffs do not object to Defendants' identification of Mr. Tucker to testify regarding implementation of the Remedial Orders or Plaintiffs' Proposed Omnibus Remedial Order to the extent such testimony does not disclose mediation discussions.

Plaintiffs relied on the confidentiality of their statements particularly with respect to whether the agreed-upon remedies resolved Plaintiffs' disputed claims. Admitting such testimony would be inconsistent with the purpose of Rule 408 because it would discourage the Parties from making such statements during negotiations, and chill the open and candid exchanges necessary to settle complex civil cases. Accordingly, Defendants are precluded from introducing this testimony during the evidentiary hearing. *See*, *e.g.*, *Reynolds v. Roberts*, 202 F.3d 1303, 1318 (11th Cir. 2000) (reversing district court's decision to admit statement made during negotiation of consent decree regarding the meaning of the phrase "final and complete resolution of all of the class issues" under Rule 408); *also Sturkie v. Lovvorn*, No. 1:16-cv-01375-JEO, 2017 WL 6945573, at *1 (N.D. Ala. Oct. 26, 2017) (holding "evidence and arguments regarding settlement negotiations" were excluded under Rule 408(a)) (J. Ott).

Additionally, the Local Rules are clear: "The Court strictly enforces the confidentiality of mediation." L.R. 16.1(a); *see also, e.g.*, *Colony Ins. Co. v. Al & Sons Corp.*, No. 3:14-cv-1051-WHA-TFM, 2015 WL 12829621, at *3 (M.D. Ala. Oct. 7, 2015) (declining to compel production of documents that were protected under "the confidentiality of mediation proceedings"). Consistent with that rule, the Court has instructed the Parties not to discuss mediation on the record on numerous occasions. *See*, *e.g.*, Dec. 12, 2017 R.D. Trial Tr. Perrien Excerpt, at 39:21-22; Nov.

6

29, 2017 Trial Tr., at 71:22; Nov. 30, 2017 R.D. Trial Tr. Dunn Excerpt, at 19:16-18. Indeed, defense counsel has already attempted to discuss purported mediation conversations about the PLRA in open court,[3] and the Court did not allow it: "I don't want to get into mediation. Definitely don't want to get into mediation. I just want to talk about what happened in open court." Apr. 8, 2019 Trial Tr., at 168:22-24; *see also id.* at 169:16-17. The Court should prohibit Defendants from doing so again.

Finally, the probative value, if any, of testimony that Mr. Tucker, Judge Ott, or Ms. Sandley might provide is "substantially outweighed by a danger of . . . wasting time." Fed. R. Evid. 403. While Defendants have failed to describe these witnesses' testimony beyond "mediation related to the Remedial Orders," to the extent Defendants offer the testimony to show whether the Parties agreed the remedial orders complied with the PLRA, this testimony is not relevant and is a waste of time. The four corners of remedial orders themselves contain all relevant evidence of the Parties' agreement related to the scope of the remedial orders, and the court proceedings where the remedial orders were discussed on the record speak

---

[3] The Court should not allow Defendants to use mediation as both a sword and a shield. Defendant Commissioner Dunn has testified that he understands mediation is confidential. Comm'r Jefferson Dunn, Apr. 1, 2019 Trial Tr., at 192:21-23. When it benefits them, Defendants vehemently advocate for the "sanctity of mediation." Sept. 9, 2017 Hr'g Tr., at 13:12-13; see also, e.g., Nov. 26, 2018 Trial Tr., at 107:15-108:7; Oct. 23, 2018 Hr'g Tr., at 16:23-17:2, 21:23-22:1; Dec. 12, 2017 Trial Tr., at 39:15-20; Dec. 1, 2017 Trial Tr. Culliver Excerpt, at 71:14-24; Feb. 1, 2017 Trial Tr., at 57:5-8, 145:18-146:6; Jan. 4, 2017 Trial Tr., at 10:5-8; Dec. 2, 2016 Trial Tr., at 7:12-14.

for themselves. The representations made to the court were not qualified by any

purported, undisclosed, mediation discussions. By listing these unnecessary

witnesses, Defendants are trying to distract from the real issue at the evidentiary

hearing, which is evaluating the evidence of whether the remedial orders and

stipulations that make up Plaintiffs' proposed ORO satisfy the NNI requirements of

the PLRA. The Court has already signaled that it intends to hear evidence on

whether the remedial orders satisfy the NNI requirements, so Defendants' three

witnesses consuming up to a day and half of the Court's time, on an ancillary issue,

are a waste of time and should be excluded.

## II.    The Court Should Exclude Testimony of Undisclosed Experts

Defendants identify Secretary John E. Wetzel as a witness, but tellingly fail to

mention he is the Secretary of Corrections *for the State of Pennsylvania, not

Alabama*.[4] Doc. 3225 at 14. Almost by definition, he can provide no relevant factual

testimony in this case and Defendants acknowledge as much in their description of

his testimony as the "intersection of correctional operations and the delivery of

---

[4] To the extent necessary, Plaintiff's request the Court take judicial notice of
Secretary's Wetzel's position as Secretary of Corrections for the Pennsylvania
Department of Corrections. State of Pennsylvania – Department of Corrections,
Secretary of Corrections,
https://www.cor.pa.gov/Pages/Secretary%20of%20Corrections.aspx (last visited May
21, 2021). Defendants provide no information about Secretary Wetzel, but barring
any evidence to the contrary, it is beyond dispute that the State of Pennsylvania
identifies him as the Secretary of the Department of Corrections. Fed. R. Evid. 201.

mental health care." Therefore, he is a proposed expert who Defendants failed to disclose and whose testimony is inadmissible under the Federal Rules of Evidence and Civil Procedure.

Federal Rule of Civil Procedure 26 requires each party to disclose "any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26. Each party must properly disclose its experts "at the times and in the sequence that the court orders." *Knight through Kerr v. Miami-Dade Cty.*, 856 F.3d 795, 811 (11th Cir. 2017) (citing Fed. R. Civ. P. 26(a)(c)(1)).

The failure to disclose an expert is ground for excluding that expert's testimony. *Romero v. Drummond Co.*, 552 F.3d 1303, 1323 (11th Cir. 2008) ("A party who fails to provide information as required by Rule 26(a) is not allowed to use that information or witness to supply evidence at a trial, unless the failure was substantially justified or is harmless." (alterations omitted) (citing Fed. R. Civ. 37(c)(1)); L.R. 26.1 ("Failure to comply with Rule 26, including the duty to supplement disclosures already made, may bar the presentation of evidence or witnesses on motion or at trial."). District courts "have broad discretion to exclude untimely expert testimony[.]" *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019).

Here, Secretary Wetzel has no apparent direct knowledge of any factual matters in this case and Defendants' description of his testimony does not suggest

9

otherwise. His testimony will substantially prejudice Plaintiffs because Defendants failed to disclose him as an expert and Plaintiffs have not had an opportunity to explore his opinions by deposition. In fact, this is the first time Plaintiffs have seen Secretary Wetzel as a potential witness. Accordingly, because Defendants failed to disclose Secretary Wetzel as an expert, his testimony should be excluded.[5] *See W. Union Holdings, Inc. v. E. Union, Inc.*, 316 F. App'x 850, 854 (11th Cir. 2008) ("Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, ... compliance with Rule 26 is not merely aspirational." (quoting *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004)).

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion to Exclude Certain Evidence.

Dated:  May 23, 2021                Respectfully Submitted,

                                   /s/ Jasmin Mize*

                               One of the Attorneys for Plaintiffs

**SOUTHERN POVERTY LAW CENTER**
Post Office Box 1287
Decatur, GA 30031-1287
Telephone: (404) 230-3167

---

[5] The Parties agreed to, and this court adopted, a joint discovery plan that required the Parties to identify any expert witnesses they intend to call by March 26, 2021. Doc 3098 at 2.  Defendants filed their witness and exhibit list on May 17, 2021.  Doc 3225.

Facsimile: (404) 221-5857
jasmin.mize@splcenter.org

*Admitted pro hac vice*

Lisa W. Borden
Ashley N. Austin
Jonathan Barry-Blocker
**SOUTHERN POVERTY LAW CENTER**
400 Washington Avenue
Montgomery, AL 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481
lisawborden@gmail.com
ashley.austin@splcenter.org
jonathan.blocker@splcenter.org

Leslie Faith Jones*
**SOUTHERN POVERTY LAW CENTER**
111 East Capitol Street, Suite 280
Jackson, MS 39201
Telephone: (601) 948-8882
Facsimile: (334) 956-8281
leslie.jones@splcenter.org
*Admitted pro hac vice*

William G. Somerville, III
Patricia Clotfelter
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ  PC**
420 20th Street North, Suite 1400
Birmingham, AL 35203
wsomerville@bakerdonelson.com
pclotfelter@bakerdonelson.com

William Van Der Pol, Jr.
Lonnie Williams
Barbara A. Lawrence
Andrea J. Mixson
**ALABAMA DISABILITIES**

**ADVOCACY PROGRAM**
Box 870395
Tuscaloosa, AL  35487
Telephone: (205) 348-4928
Facsimile: (205) 348-3909
wvanderpoljr@adap.ua.edu
lwilliams@adap.ua.edu
blawrence@adap.ua.edu
amixson@adap.ua.edu

Rhonda Brownstein
**ALABAMA DISABILITIES
ADVOCACY PROGRAM**
400 South Union Street, Suite 425
Montgomery, AL 36104
Telephone: (205) 579-4976
Facsimile: (334) 240-0996
rbrownstein@adap.ua.edu

Catherine E. Stetson*
Neal Kumar Katyal*
Jo-Ann Tamila Sagar*
Kristina Alekseyeva*
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
cate.stetson@hoganlovells.com
neal.katyal@hoganlovells.com
jo-ann.sagar@hoganlovells.com
kristina.alekseyeva@hoganlovells.com
*Admitted pro hac vice*

Mark Whitburn*
**WHITBURN & PEVSNER, PLLC**
2000 East Lamar Boulevard, Suite #600
Arlington, TX  76006
Telephone: (817) 672-5453

Facsimile: (817) 653-4477
mwhitburn@whitburnpevsner.com
*Admitted pro hac vice*

Joshua Toll*
**KING & SPALDING LLP**
1700 Pennsylvania Avenue NW, 2nd Floor
Washington, DC 20006-4707
Telephone: (202) 227-6138
Fascimile: (202) 626-3737
jtoll@kslaw.com
*Admitted pro hac vice*

Evan Diamond*
**KING & SPALDING LLP**
185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone: (212) 556-2297
Fascimile: (212) 556-2222
ediamond@kslaw.com
*Admitted pro hac vice*

Edward Bedard*
**KING & SPALDING LLP**
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-3127
Fascimile: (404) 572-5100
ebedard@kslaw.com
*Admitted pro hac vice*

Rachel Rubens*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1210
rrubens@kslaw.com
*Admitted pro hac vice*

**ATTORNEYS FOR THE PLAINTIFFS**

/s/ Anil A. Mujumdar
_____
Anil A. Mujumdar
Attorney for Plaintiff
Alabama Disabilities Advocacy Program

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35213
Telephone: (205) 590-6986
Facsimile: (205) 809-7899
anil@dagneylaw.com

**ATTORNEY FOR PLAINTIFF ALABAMA DISABILITIES ADVOCACY
PROGRAM**

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this 23rd day of May, 2021, served a copy of the foregoing to the following opposing counsel by electronic mail:

David R. Boyd, Esq.
John G. Smith, Esq.
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL 36101-0078
dboyd@balch.com
jgsmith@balch.com
Steven C. Corhern, Esq.
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201-0306
scorhern@balch.com

William R. Lunsford, Esq.
Matthew Reeves, Esq.
Stephen C. Rogers, Esq.
Kenneth S. Steely, Esq.
La Kiesha W. Butler, Esq.
Maynard, Cooper & Gale, P.C.
655 Gallatin Street, SW
Huntsville, AL  35801
blunsford@maynardcooper.com
mreeves@maynardcooper.com
srogers@maynardcooper.com
ksteely@maynardcooper.com
lbutler@maynardcooper.com

Joseph G. Stewart, Jr., Esq.
Stephanie Lynn Dodd Smithee, Esq.
Alabama Department of Corrections
Legal Division
301 South Ripley Street
Montgomery, AL  36104
joseph.stewart@doc.alabama.gov
stephanie.smithee@doc.alabama.gov

Luther M. Dorr, Jr., Esq.
Maynard, Cooper & Gale, P.C.
1901 6th Avenue North, Suite 2400
Birmingham, AL  35203
rdorr@maynardcooper.com

Deana Johnson, Esq.
Brett T. Lane, Esq.
MHM Services, Inc.
1447 Peachtree Street, N.E., Suite 500
Atlanta, GA  30309
djohnson@mhm-services.com
btlane@mhm-services.com

Philip Piggott, Esq.
Webster Henry
Two Perimeter Park South
Suite 445 East
Birmingham, AL  35243
ppiggott@websterhenry.com

Justin A. Barkley, Esq.
Wexford Health Sources, Inc.
85-B Spectrum Cove
Alabama, AL 32007
justin.barkley@wexfordhealth.com

/s/ Jasmin Mize
One of the Attorneys for Plaintiff Class