IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
EDWARD BRAGGS, et al.,         )
                               )
    Plaintiffs,                )
                               )    CIVIL ACTION NO.
    v.                         )      2:14cv601-MHT
                               )           (WO)
JEFFERSON S. DUNN, in his      )
official capacity as           )
Commissioner of                )
the Alabama Department of      )
Corrections, et al.,           )
                               )
    Defendants.                )
```

ORDER

During the omnibus remedial hearing, the defendants have argued that the psychological autopsies produced for inmates who have committed suicide while in ADOC custody should be treated as confidential and be made subject to the court's standing protective order (Doc. 266). During the first liability trial, the court addressed a similar objection raised by MHM, ADOC's previous provider of mental-health care, regarding the use of quality-assurance documents it had produced. *See Dunn v. Dunn*, 163 F. Supp. 3d 1196 (2016). The court concluded

that these materials were not privileged but held that they would be subject to a protective order deeming them to be confidential. *See id.* at 1213.

***

It is ORDERED that by noon on June 7, 2021, the plaintiffs are to show cause why the psychological autopsies produced by Wexford, ADOC's current provider of mental-health services, should not be treated the same as MHM's quality-assurance documents and thus subject to the protective order. This should address only the psychological autopsies themselves, not the issue of whether the documents underlying those autopsies should be treated as confidential.

DONE, this the 3rd day of June, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE