IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| EDWARD BRAGGS, et al.,    ) | |
|     ) | |
|     Plaintiffs,      ) | |
|     ) | CIVIL ACTION NO. |
|     v.                ) | 2:14cv601-MHT |
|     ) | (WO) |
| JEFFERSON S. DUNN, in his  ) | |
| official capacity as      ) | |
| Commissioner of          ) | |
| the Alabama Department of  ) | |
| Corrections, et al.,      ) | |
|     ) | |
|     Defendants.      ) | |

ORDER

During the omnibus remedial hearing, the defendants have argued that several documents related to and potentially underlying the psychological autopsies produced by their mental-health care provider, Wexford, should be treated as confidential and be made subject to the court's standing protective order (Doc. 266).  These have included internal emails and notes compiled by Dr. Edward Kern, ADOC's Director of Psychiatry.

***

It is ORDERED that by 5:00 p.m. on June 7, 2021, the parties are each to file with the court a summary of their arguments about whether these underlying documents should be considered confidential, citing case law and this court's own prior orders.  The court is particularly concerned about whether, if it were to find that these documents are confidential, that same principle would encompass nearly all the documents produced by Wexford and ADOC.  The parties should address this concern and explain what limiting principle, if any, would apply.

DONE, this the 3rd day of June, 2021.

    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**