IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
EDWARD BRAGGS, et al.,        )
                              )
    Plaintiffs,                )
                              )      CIVIL ACTION NO.
    v.                         )        2:14cv601-MHT
                              )             (WO)
JEFFERSON S. DUNN, in his      )
official capacity as           )
Commissioner of                )
the Alabama Department of      )
Corrections, et al.,           )
                              )
    Defendants.                )
```

ORDER

On Friday afternoon, during the discussion of the legal standard applicable to these hearings, the court misspoke when it said that the issue was "undecided." June 4, 2021, R.D. Tr. at 194. The court meant that the question of which party bears the burden of proof was not resolved by the court's December 2020 opinion. *See* Opinion and Order on a Process for Finalizing the Phase 2A Remedial Orders (Doc. 3078). The December opinion, however, did expressly resolve the question of whether the "current and ongoing violation" standard of 18 U.S.C.

§ 3626(b)(3)--the provision of the Prison Litigation Reform Act that governs proceedings on a motion to terminate--applies to these hearings.  As the court explained in that opinion, "In the absence of a motion to terminate, there is no statutory requirement that the court find a 'current and ongoing violation' of federal law before entering" the proposed relief at issue in these proceedings.  *Id.* at 24 (citing *Thomas v. Bryant*, 614 F.3d 1288, 1319-20 (11th Cir. 2010)).  The court instructed the parties to provide evidence of current conditions in ADOC facilities to ensure that the proposed relief is necessary in light of those conditions, but it squarely held in the December opinion that the "current and ongoing violation" standard does not apply, as required by the text of the PLRA and Eleventh Circuit precedent.  *See id.; see also* Opinion and Order Regarding the "Current and Ongoing Violation" Issue (Doc. 2954).

DONE, this the 7th day of June, 2021.

                                              /s/ Myron H. Thompson
                                      UNITED STATES DISTRICT JUDGE