IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

<pre>
EDWARD BRAGGS, et al.,        )
                             )
     Plaintiffs,             )
                             )    CIVIL ACTION NO.
     v.                      )    2:14cv601-MHT
                             )       (WO)
JEFFERSON S. DUNN, in his    )
official capacity as         )
Commissioner of              )
the Alabama Department of    )
Corrections, et al.,         )
                             )
     Defendants.             )
</pre>

ORDER

In this longstanding litigation about the provision of mental-health care in the prisons of the Alabama Department of Corrections (ADOC), the court is currently engaged in a series of hearings to develop "a final remedy that addresses the serious constitutional violations it has found and that will be a durable solution for the monitors to help ADOC implement." Opinion and Order on a Process for Finalizing the Phase 2A Remedial Orders, No. 2:14cv601-MHT, 2020 WL 7711366, at *8 (M.D. Ala. Dec. 29, 2020) (Thompson, J.). The defendants have objected

to certain exhibits introduced by the plaintiffs during the first week of these hearings. *See Defendants'* Objections to Plaintiffs' Exhibits (Doc. 3250). For the reasons below, and based on the agreement of all parties on the record to the court's resolution outlined in this order, the objections are overruled.

It appears to the court that the defendants raised two distinct kinds of objections to the exhibits offered by the plaintiffs. The first was an objection to plaintiffs' expert Eldon Vail relying on large sets of similar documents to support opinions about those documents in the aggregate, without discussing each of the underlying documents individually. An example of this would be instances when Vail walked through a log of segregation rounds on a particular day and showed how he determined whether the rounds were done appropriately on that day, and then testified that he looked at, for example, several hundred other logs of segregation rounds from different days and different units to develop

opinions about how regularly these rounds were done across the board.

For this first kind of testimony, the court noticed that Vail, in most if not all cases, walked through a sample document from the set of documents submitted to show his work for each of the opinions he testified about. In the court's experience, this is a common process when experts testify about opinions that are based on reviewing a large set of similar documents: The experts may testify to that opinion, show how they came to the opinion by discussing a sample of the documents they reviewed, and reference the set of similar documents they looked at to explain their sources.  On cross, defense counsel may then clarify, if needed, the documents that the expert relied upon, and counsel may also challenge whether those documents in fact support the conclusions reached by the expert.  Expert testimony in this case has historically been handled in this way too.

During the hearing, defendants did not point to any specific examples where Vail did not ultimately, on

3

direct and cross, make clear the documents he relied upon
as his source.   As to this first kind of objection,
therefore, absent the defendants' pointing to any
instance in which Vail didn't show his work in that way,
the court believes that it was appropriate for him to
testify about these documents in the aggregate without
showing each one of the essentially duplicative
documents.   The court granted the defendants an
opportunity after it raised these objections to
cross-examine Vail further to discuss any such instance,
and the defendants declined to do so.   The objections to
this first kind of exhibit are overruled on that basis.

It appears to the court that the defendants are also
objecting to times when a single, large document has been
offered, but the experts testifying about that document
have referenced only a few pages from the document and
discussed their opinions about what those pages show.
For instance, an inmate's entire institutional file might
be introduced into evidence, but Vail may have testified
about only a few of the incidents mentioned in that file.

To address the defendants' concerns about this kind of evidence, the court assured the defendants that it has no intention of digging through those files for information that was not discussed in court and to which the defendants therefore has not had reason to respond. As the court said yesterday, this is fundamentally an issue of fairness, and the court will not be unfair to the defendants.

That said, this fairness principle cuts both ways. If the defendants wish to discuss other parts of these large documents or to press an expert about the parts of such documents they say they have relied on in reaching their opinions in order to show that the documents do not support these opinions, the opportunity to do so is on cross-examination, not by subsequent objection to the testimony or to the underlying documents. Again, the court therefore provided the defendants an opportunity for further cross-examination regarding the documents to which they objected to allow the defendants to bring in other parts of those documents or challenge Vail's

opinions based on those documents, and the defendants declined to do so.

For the foregoing reasons, and based on both parties' agreement to this resolution of the issues raised by the defendants' objections (Doc. 3250), it is ORDERED that the objections are overruled.

DONE, this the 7th day of June, 2021.

> /s/ Myron H. Thompson
> UNITED STATES DISTRICT JUDGE