IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:14cv601-MHT |
| | ) | (WO) |
| JEFFERSON S. DUNN, in his | ) | |
| official capacity as | ) | |
| Commissioner of | ) | |
| the Alabama Department of | ) | |
| Corrections, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

ORDER

Now before the court is the question of whether two distinct categories of documents should be treated as confidential and be made subject to the court's standing protective order (Doc. 266): (1) the psychological autopsies produced regarding inmates who committed suicide while in ADOC custody and (2) documents related to and potentially underlying those autopsies, including internal emails and notes compiled by Dr. Edward Kern, ADOC's Director of Psychiatry.

The plaintiffs have represented to the court that they do not object to treating the psychological autopsies as confidential. *See* Pls.' Response Regarding Psychological Autopsies (Doc. 3265).  The court also notes that the rationale underlying its prior decision to treat quality-assurance documents produced by ADOC's previous mental-health provider as confidential would apply squarely to the psychological autopsies, which are very similar.  *See Dunn v. Dunn*, 163 F. Supp. 3d 1196 (2016).   Therefore,   the   court   will   treat   the psychological autopsies as confidential.

The parties disagree, however, about whether other documents, including internal emails and notes, should be treated as confidential.  *See* State's Summary of Arguments Regarding Applicability of Protective Order (Doc. 3269); Pls.' Response Regarding Documents Underlying Psychological Autopsies (Doc. 3270).  The plaintiffs acknowledge that interview notes, transcripts, and other documents that contain the kind of self-critical analysis typically found in a

psychological autopsy should also be deemed confidential. *See* Pls.' Response (Doc. 3270) at 3.  However, they argue that any factual statements contained in such documents, as well as any other documents that may be related to or underly the psychological autopsies but do not contain such analysis, should be made part of the public record. *See id*.  The defendants agree that any document containing self-critical analysis should be kept confidential, but they define that category more broadly to include not only psychological autopsies and other quality assessments but also "notes or emails authored by mental-health care providers and/or employees of ADOC's Office of Health Services."  State's Summary of Arguments (Doc. 3269) at 4.

The court agrees that any document containing self-critical analysis should remain confidential to ensure that individuals will be candid during the review. However, the court cannot find that this concern applies with the same force to *every* note or email authored by a mental-health care provider or member of ADOC staff.

3

While purely factual statements or things written in the regular course of business may be used as part of a self-critical review process, the concern about ensuring candidness is less applicable to them.  The court concludes that the confidentiality concerns that apply to these sorts of materials are outweighed by the vital interest of the people of Alabama in learning about the operations of their Department of Corrections.  Moreover, the court remains concerned about the lack of a limiting principle.  The defendants' definition of 'self-critical analysis' is very broad, and finding that all such documents should be treated as confidential risks sweeping in almost any document produced by ADOC.  Thus, the court will assess these documents as they are introduced to determine whether they contain self-critical analysis.  Any document that the court determines does not contain such analysis will not be treated as confidential.

***

Accordingly, it is ORDERED that:

(1) The psychological autopsies will be considered confidential and subject to the court's protective order (Doc. 266).

(2) The court will determine on a case-by-case basis whether documents related to or underlying the psychological autopsies contain self-critical analysis and should be treated as confidential.

(3) Tomorrow morning, the court plans to take up the question of whether the exhibits about which defendants have already raised an objection (Plaintiffs' Exhibits 3267 and 4119) should be treated as confidential. The parties should be prepared to discuss whether each exhibit contains self-critical analysis.

DONE, this the 8th day of June, 2021.

                                /s/ Myron H. Thompson
                            UNITED STATES DISTRICT JUDGE