**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | |
|---|---|
| **EDWARD BRAGGS, et al.,**   )<br>                              )<br>    **Plaintiffs,**           )<br>                              )<br>        **v.**                 )<br>                              )<br>**JEFFERSON S. DUNN, in his**  )<br>**official capacity as**       )<br>**Commissioner of**            )<br>**the Alabama Department of**  )<br>**Corrections, et al.,**       )<br>                              )<br>    **Defendants.**            ) | **CIVIL ACTION NO.**<br>**2:14cv601-MHT**<br>**(WO)** |

**ORDER**

Based on the representations made on the record during the status conference on July 21, 2021, it is ORDERED that the plaintiffs' motion to strike (Doc. 3354) and the defendants' motion for extension of time (Doc. 3356) are denied as moot, as set forth below.  The exhibits that are the subject of the plaintiffs' motion were offered by the defendants in support of their argument that the court had the legal authority to modify the existing understaffing remedial order.  *See* Defs.' Br. on the Court's Authority to Grant Relief Regarding

Staffing (Doc. 3349).  The court has already determined that it has the authority to modify the understaffing order under Federal Rule of Civil Procedure 54(b).  *See* Order (Doc. 3352).  Accordingly, the plaintiffs' motion to strike is moot.  The exhibits were not offered as evidence regarding how the court should resolve the issues presented in the recently concluded omnibus remedial proceedings, including what, if any, modifications to the understaffing remedial order may be appropriate, and the court will not consider the exhibits for that purpose.

    DONE, this the 21st day of July, 2021.

                                  /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**