```
      IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

         MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


EDWARD BRAGGS, et al.,      )
                            )
     Plaintiffs,            )
                            )    CIVIL ACTION NO.
     v.                     )      2:14cv601-MHT
                            )          (WO)
JEFFERSON S. DUNN, in his   )
official capacity as        )
Commissioner of             )
the Alabama Department of   )
Corrections, et al.,        )
                            )
     Defendants.            )
```

ORDER

In its Phase 2A Understaffing Order, the court ordered ADOC (at ADOC's own suggestion) to develop mental-health staffing ratios specifying the minimum number of various types of mental-health staff necessary to provide adequate care to any given number of inmates. Specifically, it ordered that:

> "(e) By September 1, 2018, the State's mental-health consultants--Catherine Knox, Jeffrey L. Metzner, and Mary Perrien--shall ... develop mental-health staffing ratios.
>
> "(f) By March 1, 2019, Catherine Knox, Jeffrey L. Metzner, and Mary Perrien shall submit finalized mental-health staffing ratios

>  to the defendants.  The defendants are to file the ratios with the court by March 4, 2019.
>
>    "(g) By August 15, 2019, ADOC shall modify its contract with the mental-health vendor in order to provide the positions required by the mental-health staffing ratios, as modified by any agreements between the parties or orders of this court."

Phase 2A Understaffing Order (Doc. 1657) at 4-5.

The ratios that ADOC's consultants proceeded to develop specify a certain number of "Qualified Mental Health Professionals" (QMHPs), among other types of staff, that must be provided per inmate.  *See* Recommended Staffing Ratios (Doc. 2385-1) at 3.  The consultants explained that they intended the term QMHP to refer to professionals who are "appropriately licensed to practice (assess for the presence of mental illness, evaluate for the risk of suicide, provide therapy) independently with no supervision required," but not to "associate licensed counselor[s], licensed bachelor[s] of social work, and licensed marriage and family therapist[s]."  *Id.* at 2.

The court is now in the process of fashioning an omnibus remedial order addressing the constitutional violations identified in its 2017 liability opinion.  *See*

*Braggs v. Dunn*, 257 F. Supp. 3d 1171 (M.D. Ala. 2017) (Thompson, J.).  In their submissions regarding the omnibus remedial order, the parties dispute the meaning of the term QMHP, which they use to refer to a limited class of mental-health staff who may perform certain duties, such as conducting mental-health rounds in restrictive housing, assigning certain mental-health codes, and assessing inmates who have been given an emergent referral for mental-health services.  The plaintiffs would define the term to include any psychiatrist, psychologist, certified registered nurse practitioner, or other independently licensed mental health professional *except for a registered nurse*. See Pls.' Updated Proposed Omnibus Remedial Order (Doc. 3342) at § 1.23 (emphasis added).  ADOC, by contrast, would define the term to include all "psychiatrists, psychologists, CRNPs, *RNs*, counselors, psychological associates, and other persons who by virtue of their credentials, education, experience, and/or licensure are permitted by Alabama law to evaluate and care for the

3

mental-health needs of patients." Defs.' Proposed Phase 2A Remedial Order (Doc. 3215) at § 1.26 (emphasis added).

Given this disagreement, the court requests clarification from ADOC's consultants as to whether they intended the term "Qualified Mental Health Professional," as used in their staffing ratios, to exclude registered nurses or any of the other categories of professionals named by the plaintiffs or ADOC in their proposed definitions of the term. As it has done before, *see* Phase 2A Understaffing Order (Doc. 1657) at 5, the court will order ADOC's consultants to submit their clarification to ADOC, and ADOC to file the clarification with the court.

Accordingly, it is ORDERED that ADOC's consultants are to submit to ADOC a written clarification of whether they intended the term "Qualified Mental Health Professional," as used in their staffing ratios, to exclude registered nurses or any of the other categories of professionals named by the plaintiffs or ADOC in their proposed definitions of the term, and ADOC is to file

that written clarification with the court, all by December 8, 2021, at 5:00 p.m.

DONE, this the 1st day of December, 2021.

                                        /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE