IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **EDWARD BRAGGS,** *et al.*,  )<br>)<br>**Plaintiffs,**  )<br>)<br>v.  )<br>)<br>**JOHN HAMM,** *et al.*,  )<br>)<br>**Defendants.**  ) | Case No. 2:14-cv-00601-MHT-JA<br><br>District Judge Myron H. Thompson |

**THE STATE'S RESPONSE TO ORDER TO SUBMIT A
PLAN AND PROCEDURE TO ABATE CONCERNS OF
<u>HIGH TEMPERATURES IN MENTAL HEALTH UNITS</u>**

Defendants John Hamm ("<u>Commissioner Hamm</u>"), in his official capacity as Commissioner of the Alabama Department of Corrections ("<u>ADOC</u>"), and Deborah Crook ("<u>Deputy Commissioner Crook</u>" and, collectively with Commissioner Hamm, the "<u>State</u>"), in her official capacity as ADOC's Deputy Commissioner, Office of Health Services, hereby submit this filing to respond to the Court's directive for the State to "address, specifically, how it happened that Tommy Rutledge's cell reached 104 degrees," and "devise a plan and procedures to address the serious risk posed by high temperatures in the mental health units…."[1]  (Doc.

---

[1] The State submits this filing in response to the Court's directive. (Doc. 3464 at §11.3). In doing so, the State expressly preserves any and all objections and all available legal and equitable arguments in response to the Court's Phase 2A Omnibus Remedial Opinion (Docs. 3461, 3462, 3463, 3465), Phase 2A Omnibus Remedial Order (Doc. 3464), any other Phase 2A remedial orders, and the Court's liability opinions and orders in this action, including without limitation, the Court's

3464 at §11.3).[2] The State does not possess the present ability to comply with Section 11.3 of the Phase 2A Omnibus Remedial Order ("Remedial Order"), identifying the cause of the increase in temperature of Tommy Lee Rutledge's ("Mr. Rutledge") cell. Nevertheless, the State maintains an adequate policy—Administrative Regulation 619—to address high temperatures in mental health units.

## I. THE STATE DOES NOT POSSESS THE ABILITY TO COMPLY WITH SECTION 11.3 OF THE REMEDIAL ORDER.

The Court entered the Remedial Order on December 27, 2021, requiring the State to submit a "plan and procedures to address the serious risk posed by high temperatures in the mental health units." (Doc. 3464 at §11.3). The Court stated in the Phase 2A Omnibus Remedial Opinion, Part III, that "…Tommy Lee Rutledge died of hyperthermia in his cell in the Donaldson RTU, where the temperature reached 104 degrees." (Doc. 3463 at 375). Based on the Phase 2A Omnibus

---

Liability Opinion and Order as to Phase 2A Eighth Amendment Claim (Doc. 1285) and Phase 2A Supplemental Liability Opinion and Order on Periodic Mental-Health Evaluations of Prisoners in Segregation (Doc. 2332). Nothing contained in this filing shall be construed as an admission by the State, a waiver of any objection to any opinion or order in this action, or a waiver of the State's pending appeal related to Phase 2A (see Doc. 3488). Nothing in this filing shall be construed as an admission of any kind by the State that ADOC's current or historical staffing or provision of mental-health care is or was unconstitutional or deficient in any way.

[2] The State objects to the Court ordering the State to investigate and submit new evidence to support the Court's factual determine concerning the temperature of Mr. Rutledge's cell in the Phase 2A Omnibus Remedial Opinion, Part III (doc. 3463 at 375), and the Remedial Order (doc. 3464 at §11.3) while the State's appeal remains pending. The State, however, recognizes its obligation to comply with Court orders to the extent possible and, without waiving any objection, submits this Response.

Remedial Opinion, Part III, the Court ordered the State to submit information on "how … Rutledge's cell reached 104 degrees, causing him to die of hyperthermia, in a unit that was supposedly air conditioned, and how the ADOC will prevent that from ever occurring again." (Doc. 3464 at §11.3). During the omnibus remedial hearing concluding on July 9, 2021, the Parties did not offer or submit evidence regarding the cause for increased temperatures in Mr. Rutledge's cell on December 7, 2020. Further, the Court made no factual determinations regarding any causes concerning increased temperatures in Mr. Rutledge's cell.

On February 12, 2021, a representative of Mr. Rutledge's estate filed a wrongful death action against several ADOC wardens and other current and former members of the Donaldson staff in their personal capacities. (See Rutledge v. Sansing, *et al.*, United States District Court for the Northern District of Alabama, Case No. 2:21-cv-00226-RDP, Doc. 1 ("Rutledge")). The wardens and correctional staff retained counsel and Rutledge remains in active litigation. The Rutledge court ordered the parties to complete discovery on qualified immunity by July 5, 2022, and submit dispositive motions by July 22, 2022. (Rutledge, Doc. 44). The Rutledge court did not set deadlines for fact discovery, expert disclosures, or trial. As such, the parties remain in the early stages discovery. Based upon the pending litigation, certain information that directly relates to the ADOC's officials' and staff members' defenses remains protected by attorney-client privilege and the work-product

3

doctrine; however, through discovery in Rutledge, ADOC produced some information regarding the events of December 7, 2020.

In response to a subpoena in Rutledge, ADOC provided information concerning Mr. Rutledge and his housing unit on December 7, 2020, including duty post logs, incident reports, temperature logs, and certain communications concerning the maintenance of the boilers at William E. Donaldson Correctional Facility ("Donaldson"). The temperature logs for Mr. Rutledge's housing unit on December 7, 2020, indicate readings of 67 degrees at 5:00 p.m., 64 degrees at 8:00 p.m., 86 degrees at 10:00 p.m. and 74 degrees at 11:00 p.m. (Exhibit A, Temperature Log for RSTU, December 7, 2020). Further, the duty post logs do not indicate reports of excessive heat detected during routine movements on Mr. Rutledge's housing unit. (See Exhibit B, Duty Post Logs). In fact, the duty post logs indicate, on December 7, 2020, ADOC staff removed and returned inmates in cells near Mr. Rutledge's cell for showers between 6:34 p.m. and 8:12 p.m., immediately prior to the officers responding to Mr. Rutledge's cell at 8:15 p.m., with no indication of increased heat in the housing unit. (Id. at p. 2-3). Additionally, ADOC provided communications regarding mechanical issues with the boilers at Donaldson that provided heat to the facility. (Exhibit C, Communications from November 2, 2020 through December 2, 2020). These communications indicate mechanical issues with the boilers in the weeks prior to December 7, 2020, and attempts to repair those systems. (Id.). These

communications do not indicate mechanical failures resulting in high temperatures in Mr. Rutledge's housing unit. (Id.). Finally, ADOC did not identify any record of another inmate succumbing to hyperthermia in a mental health unit during non-summer months in the decade before December 7, 2020, or since December 7, 2020. As such, the tragic events of December 7, 2020, appear to be an isolated and unforeseeable incident.

Based upon the information available, the State does not, at this time, possess the ability to submit to the Court "how it happened that Tommy Lee Rutledge's cell reached 104 degrees …." (doc. 3464 at §11.3), and, therefore, compliance with Section 11.3 currently remains impossible. As additional information becomes available through discovery in Rutledge, the State will provide that information to the Court, if requested.

## II. ADOC Maintains an Appropriate Procedure to Mitigate High Temperatures Within the Mental Health Units.

The Court ordered ADOC to submit a proposed policy that "will prevent [similar events to December 7, 2020] from ever occurring again." (Doc. 3464 at §11.3). As discussed above, the Mr. Rutledge's death appears to an isolated incident in which records indicate that ADOC staff routinely monitored temperatures, staff conducted movements of inmates from Mr. Rutledge's housing unit at or near the time of staff responding to Mr. Rutledge's cell, and ADOC continued to conduct maintenance on the boiler systems that supplied heat to the housing unit. While no

policy can promise to prevent an incident from ever occurring again, ADOC's Administrative Regulation 619, "Psychotropic Medication and Heat" ("AR 619") does provide guidance to "determine whether cells in each of its facilities have reached dangerously high temperatures, and should such a finding be made, what measures ADOC will take to ensure their occupants' safety." (Id.).

ADOC updated AR 619 on August 24, 2020.  This procedure places responsibility on members of the correctional staff for the following:

1. Monitoring and recording the temperature inside cells and dormitories;

2. Initializing measures to provide extra means of cooling when the temperature reaches 85 degrees;

3. Monitoring inmates outdoors during recreational or other out-of-cell activities for any signs of heat exhaustion;

4. Ensuring adequate hydration at all times;

5. Intervening immediately to initial cooling and ensure emergency medical evaluation when heat-related problems are suspected; and

6. Being aware that heat can also affect security and health care staff and being prepared to intervene if necessary if a staff member experiences heat-related symptoms.

(Exhibit D, AR 619 at §IV.C.1-6).  When outside temperatures reach 85 degrees, correctional staff must monitor cell and dormitory temperatures at least three times a day.  (Id. at §V.C.1).  If and when the temperature exceed 85 degrees, correctional

6

staff must take additional actions such as providing notice to the Shift Commander and Warden, increasing ventilation with the use of fans, offering ice and fluids to inmates, and allowing additional showers for cooling. (Id. at §V.C.3.a-d). AR 619 provides proper supervision of temperatures in ADOC's mental health units and adequate protections for inmates following the detection of high temperatures.

### III.  CONCLUSION.

Mr. Rutledge's death from hyperthermia appears to be an isolated incident. Further, information concerning the defenses of the ADOC officials and correctional staff remain protected by attorney-client privilege and work-product doctrine. Without additional information, the State lacks the ability to comply with Section 11.3 of the Remedial Order ordering the State to "address, specifically, how it happened that Tommy Rutledge's cell reached 104 degrees." (Doc. 3464 at §11.3). The State will continue to monitor Rutledge, and provide any additional information concerning the temperature in Mr. Rutledge's cell on December 7, 2020.

Dated:  June 1, 2022.

/s/ William R. Lunsford
*Attorney for the State*

William R. Lunsford
Matthew B. Reeves
Stephen C. Rogers
La Keisha Butler
Kenneth S. Steely
**MAYNARD, COOPER & GALE, PC**

7

655 Gallatin Street
Huntsville, AL 35801
Telephone: (256) 512-5710
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
srogers@maynardcooper.com
lbutler@maynardcooper.com
ksteely@maynardcooper.com

Luther M. Dorr, Jr.
**MAYNARD, COOPER & GALE, PC**
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
Telephone: (205) 254-1178
Facsimile: (205) 714-6438
rdorr@maynardcooper.com

Stephanie L. Smithee
**ALABAMA DEPARTMENT OF CORRECTIONS**
Legal Division
301 South Ripley Street
Montgomery, Alabama 36130
Telephone (334) 353-3884
Facsimile (334) 353-3891
stephanie.smithee@doc.alabama.gov

Anne A. Hill
Deputy Attorney General
**STATE OF ALABAMA**
**OFFICE OF THE ATTORNEY GENERAL**
501 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 242-7491
Facsimile: (334) 353-8400
Anne.Hill@AlabamaAG.gov

8

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this 1st day of June, 2022.

Ashley N. Light
Lisa W. Borden
Susanne Cordner
**SOUTHERN POVERTY LAW CENTER**
400 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481
ashley.light@splcenter.org
lisawborden@gmail.com

Leslie F. Jones
**SOUTHERN POVERTY LAW CENTER**
111 East Capitol Street
Suite 280
Jackson, MS 39201
Telephone: (601) 948-8882
Facsimile: (334) 956-8281

Bruce Hamilton
**SOUTHERN POVERTY LAW CENTER**
201 St. Charles Avenue
Suite 2000
New Orleans, LA 70170
Telephone: (504) 352-4398
Facsimile: (504) 486-8947

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, Alabama 35213
Telephone: (205) 729-8445
Facsimile: (205) 809-7899
anil@dagneylaw.com

William Van Der Pol, Jr.
Lonnie Williams
Barbara A. Lawrence
Andrea J. Mixson
**ALABAMA DISABILITIES ADVOCACY PROGRAM**
University of Alabama
500 Martha Parham West
Box 870395
Tuscaloosa, Alabama 35487-0395
Telephone: (205) 348-6894
Facsimile: (205) 348-3909
wvanderpoljr@adap.ua.edu
blawrence@adap.ua.edu
lwilliams@adap.ua.edu
amixson@adap.ua.edu

William G. Somerville III
Patricia Clotfelter
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**
420 20th Street North
Suite 1400
Birmingham, Alabama 35203
Telephone:  (205) 244-3863
Facsimile:  (205) 488-3863
wsomerville@bakerdonelson.com
pclotfelter@bakerdonelson.com

Deana Johnson
Brett T. Lane
**MHM SERVICES, INC.**
1447 Peachtree Street NE
Suite 500

9

Neal K. Katyal
Catherine E. Stetson
Jo-Ann Tamila Sagar
**HOGAN LOVELLS US LLP**
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5528
Facsimile: (202) 637-5910

Edward A. Bedard
**KING & SPALDING, LLP**
1180 Peachtree Street NE
Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-3127

Atlanta, GA 30309
Telephone: (404) 347-4134
Facsimile: (404) 347-4138
djohnson@mhm-services.com
btlane@mhm-services.com

Joshua C. Toll
**KING & SPALDING, LLP**
1700 Pennsylvania Avenue NW
2nd Floor
Washington, DC 20006
Telephone: (202) 227-6138

Evan Diamond
**KING & SPALDING, LLP**
1185 Avenue of Americas
34th Floor
New York, NY 10036
Telephone: (212) 556-2297

Rachel Rubens
**KING & SPALDING, LLP**
50 California Street
Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1210

*/s/ William R. Lunsford*
Of Counsel