IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:14-cv-00601-MHT-JTA |
| JOHN Q. HAMM, in his official | ) | Judge Myron H. Thompson |
| capacity as Commissioner of the | ) | |
| Alabama Department of Corrections, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' PROPOSAL ON REVISING THE WEEKLY
SMI IN RESTRICTIVE HOUSING REPORTS**

Pursuant to this Court's April 20, 2022, Order (Doc. 3557), Plaintiffs submit their "proposal on how to proceed on the issue of revising the [weekly SMI] reports."

This Court's Omnibus Remedial Order (Doc. 3464) outlines the following restrictions and requirements for placing a prisoner with a serious mental illness (SMI) in a restrictive housing unit (RHU):

> 3.1.1. Inmates with serious mental illnesses may not be placed in the RHUs unless a documented exceptional circumstance applies.
>
> 3.1.1.1. An "exceptional circumstance" exists where: (a) a safety or security issue prevents placement of the inmate in alternative housing (such as a SU, RTU, or SLU); or (b) a non-safety or non-security exists and transfer or transportation to alternative housing is temporarily unavailable. Examples of safety and security issues include an inmate's known or unknown enemies in alternative housing or the inmate's creation of a

1

dangerous environment (to the inmate, other inmates, and/or staff) by his or her presence in alternative housing.

3.1.2. An inmate[1] placed in a RHU for safety or security issues for 72 hours or longer will be offered at least three hours of out-of-cell time per day (which may be congregate out-of-cell time) while he or she remains in the RHU.

3.1.3. An inmate placed in a RHU for non-safety or non-security issues must be removed from the RHU within 72 hours.

3.1.4. Every week, ADOC must file with the court and the monitoring team reports on each prisoner who has been in restrictive housing for longer than 72 hours under exceptional circumstances during that week. These reports must indicate the amount of out-of-cell time offered to the prisoner each day, the nature of the out-of-cell time (*i.e.,* exercise, group therapy, etc.), the exceptional circumstance justifying the prisoner's continued segregation placement, and the date by which ADOC expects that exceptional circumstance to be resolved.

Doc. 3464, at 8–10.

Plaintiffs propose that Defendants immediately alter the Weekly Report of SMI Inmates in Restrictive Housing (Weekly SMI Report) so that it addresses the requirements outlined in Section 3.1.4 of the Omnibus Remedial Order. Plaintiffs further propose that after the EMT begins monitoring ADOC's compliance with the Omnibus Remedial Order, the EMT be permitted to suggest other changes to the Weekly SMI Report so that report will provide information that may be useful for the

---

[1] This Court clarified in its Opinion and Order on Stay Motion that this "requirement applies only to inmates who have been placed in restrictive housing under "exceptional circumstances," and does not apply to all prisoners in restrictive housing—"only inmates with serious mental illnesses and inmates who are contraindicated for placement in restrictive housing." Doc. 3526 at 61-62.

monitoring process.

Plaintiffs also propose that Defendants file the Weekly SMI Report closer in time to when ADOC collects the information contained in the report than is Defendants' current practice. Currently, each report is filed at a one-week delay: for example, the weekly report filed under seal with this Court on May 31, 2022 (Doc. 3619), reflected the prisoners with SMIs who were in an RHU on *May 24, 2022*. Because the Court's Omnibus Remedial Order has several requirements ADOC must implement after a prisoner with an SMI has been in an RHU for 72 hours, such an ongoing one-week delay in reporting will not allow the Court, Plaintiffs, or the EMT to timely assess ADOC's compliance with the Omnibus Remedial Order's requirements.

In addition to timely receipt of information, the one-week delay and method of data collection used by Defendants in their current reporting practices have illustrated gaps of information. Currently, ADOC uses a snapshot of prisoners in restrictive housing on a given day as the starting point of data collection. For instance, May 31, 2022, report only includes prisoners in RHU on May 24, 2022. Similarly, the June 7, 2022, report will only include prisoners in RHU on May 31, 2022. Any prisoners with SMIs who enter *and* leave the RHU between the time the report was run on May 24, 2022, and the time the report was run on May 31, 2022, will not be captured on the June 7, 2022, report. As such, the Court should require ADOC to produce reports in a

3

way that capture all prisoners with an SMI (or otherwise contraindicated) who stayed in RHU for more than 72 hours, regardless of whether they were in RHU at the time of the snapshot.

Additional current reporting practices incorporate updates that occur between the snapshot date and the date the report is filed. For instance, if a prisoner was in an RHU on the date ADOC provided the information in the report but left the RHU before Defendants filed the report, Defendants report that the prisoner was "transferred"; they do not report why the prisoner's transfer out of the RHU was delayed. *See, e.g.*, Doc. 3619. ADOC should be required to justify a prisoner's continued placement in an RHU, regardless of whether the prisoner remains in an RHU when the report is provided to the Court.

For these reasons, Plaintiffs request this Court order Defendants to file the Weekly SMI Report no later than two days after ADOC has collected the information contained in the report. This report should include all prisoners with an SMI (or who are otherwise contraindicated for placement in an RHU) who have been in restrictive housing for longer than 72 hours under exceptional circumstances. It should also include an explanation of the exceptional circumstances justifying a prisoner's continued placement in RHU, even if the prisoner left the RHU before Defendants filed the report.

Finally, Plaintiffs propose that Weekly SMI Report should be filed in a chart

that contains all the following information:

- Prisoner Name
- Prisoner AIS #
- Date and Time Prisoner Entered the RHU
- Facility Assignment
- Bed Assignment
- Prisoner's Relevant Status (SMI or other contraindication; if other contraindication, describe)
- Exceptional Circumstance (describe)
- Placed in RHU for a safety or issue? (Yes or No)
- Number of hours of out-of-cell time provided (listed by day, after 72 hours from entry into RHU)
- Type of out-of-cell time provided (listed by day; e.g., exercise, group therapy)
- Date exceptional circumstance expected to resolve (if prisoner is still in RHU)
- Date removed from RHU (if prisoner is no longer in RHU)
- Remains in RHU at the time of filing? (Yes or No)

Dated: June 1, 2022                          Respectfully Submitted,

                                             /s/ Ashley N. Austin
                                             Ashley N. Austin
                                             One of the Attorneys for Plaintiffs


Ashley N. Austin
Lisa W. Borden
Susanne Cordner*
**SOUTHERN POVERTY LAW CENTER**
400 Washington Avenue
Montgomery, AL 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481
ashley.austin@splcenter.org
lisa.borden@splcenter.org
susanne.cordner@splcenter.org

5

*Admitted pro hac vice

Leslie Faith Jones*
**SOUTHERN POVERTY LAW CENTER**
111 East Capitol Street, Suite 280
Jackson, MS 39201
Telephone: (601) 948-8882
Facsimile: (334) 956-8281
leslie.jones@splcenter.org
*Admitted pro hac vice

Bruce Hamilton*
**SOUTHERN POVERTY LAW CENTER**
201 St. Charles Avenue
Suite 2000
New Orleans, LA 70170
Telephone: (504) 352-4398
Facsimile: (504) 809-7899
*Admitted pro hac vice

William G. Somerville, III
Patricia Clotfelter
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ PC**
420 20th Street North, Suite 1400
Birmingham, AL 35203
wsomerville@bakerdonelson.com
pclotfelter@bakerdonelson.com

William Van Der Pol, Jr.
Lonnie Williams
Barbara A. Lawrence
Andrea J. Mixson
**ALABAMA DISABILITIES ADVOCACY PROGRAM**
University of Alabama
2008 12th Street
Box 870395
Tuscaloosa, AL  35487
Telephone: (205) 348-4928
Facsimile: (205) 348-3909

wvanderpoljr@adap.ua.edu
lwilliams@adap.ua.edu
blawrence@adap.ua.edu
amixson@adap.ua.edu

Catherine E. Stetson*
Neal K. Katyal*
Jo-Ann T. Sagar*
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
cate.stetson@hoganlovells.com
neal.katyal@hoganlovells.com
jo-ann.sagar@hoganlovells.com
*Admitted pro hac vice*

Mark Whitburn*
**WHITBURN & PEVSNER, PLLC**
2000 East Lamar Boulevard, Suite #600
Arlington, TX  76006
Telephone: (817) 672-5453
Facsimile: (817) 653-4477
mwhitburn@whitburnpevsner.com
*Admitted pro hac vice*

Joshua C. Toll*
**KING & SPALDING LLP**
1700 Pennsylvania Avenue NW, 2nd Floor
Washington, DC 20006-4707
Telephone: (202) 227-6138
Fascimile: (202) 626-3737
jtoll@kslaw.com
*Admitted pro hac vice*

Evan Diamond*
**KING & SPALDING LLP**
185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone: (212) 556-2297

Fascimile: (212) 556-2222
ediamond@kslaw.com
*Admitted pro hac vice

Edward A. Bedard*
**KING & SPALDING LLP**
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-3127
Fascimile: (404) 572-5100
ebedard@kslaw.com
*Admitted pro hac vice

Rachel Rubens*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1210
rrubens@kslaw.com
*Admitted pro hac vice
**ATTORNEYS FOR THE PLAINTIFFS**

/s/ Anil A. Mujumdar
Anil A. Mujumdar
Attorney for Plaintiff
Alabama Disabilities Advocacy Program

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35213
Telephone: (205) 590-6986
Facsimile: (205) 809-7899
anil@dagneylaw.com

**ATTORNEY FOR THE PLAINTIFF ALABAMA DISABILITIES ADVOCACY PROGRAM**

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this 1st day of June, 2022 electronically filed the foregoing with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Anne A. Hill
Deputy Attorney General
State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36104
Anne.Hill@AlabamaAG.gov

William R. Lunsford, Esq.
Matthew Reeves, Esq.
Stephen C. Rogers, Esq.
Kenneth S. Steely, Esq.
La Keisha W. Butler, Esq.
Maynard, Cooper & Gale, P.C.
655 Gallatin Street, SW
Huntsville, AL  35801
blunsford@maynardcooper.com
mreeves@maynardcooper.com
srogers@maynardcooper.com
ksteely@maynardcooper.com
lbutler@maynardcooper.com

Stephanie L. Smithee, Esq.
Alabama Department of Corrections
Legal Division
301 South Ripley Street
Montgomery, AL 36104
stephanie.smithee@doc.alabama.gov

Luther M. Dorr, Jr., Esq.
Maynard, Cooper & Gale, P.C.
1901 6th Avenue North, Suite 2400
Birmingham, AL 35203
rdorr@maynardcooper.com

Philip Piggott, Esq.
Webster Henry
Two Perimeter Park South
Suite 445 East
Birmingham, AL  35243
ppiggott@websterhenry.com

Deana Johnson, Esq.
Brett T. Lane, Esq.
MHM Services, Inc.
1447 Peachtree Street, N.E., Suite 500
Atlanta, GA  30309
djohnson@mhm-services.com
btlane@mhm-services.com

　　　　　　　　　　　　　　　/s/ *Ashley N. Austin*
　　　　　　　　　　　　　　　One of the Attorneys for Plaintiffs