In the United States District Court
for the
Middle District of Alabama
Northern Division

| | |
|---|---|
| EDWARD BRAGGS, et al.,             ) | |
| ) | |
| Plaintiffs,                         ) | |
| ) | |
| )                                    | CIVIL ACTION NO. |
| v.                                  ) | 2:14cv601-MHT |
| )                                    | (WO) |
| ) | |
| JOHN Q. HAMM in his                 ) | |
| official capacity as                ) | |
| Commissioner of                     ) | |
| the Alabama Department of           ) | |
| Corrections, Regions Bank,          ) | |
| Alabama Corrections Finance Authority ) | |
| et al.                              ) | |
| ) | |
| Defendants.                         ) | |

## Request for Judicial Notice

Troy Connell respectfully requests this Court to take judicial notice of the Preliminary Offering Statement ("POS") and its appendices, all of which are collectively attached hereto as Exhibit 1.[1] In support of this request, Connell states:

---

[1] The Preliminary Official Statement is available to the public at https://www.stephens.com/uploads/shared/transactions-pdf/ALCorrections01a-POS.pdf. (Accessed July 7 2022).

1

1. In pertinent part, Federal Rule of Evidence 201 states:

**(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:

> **(1)** is generally known within the trial court's territorial jurisdiction; or
>
> **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

**(c) Taking Notice.** The court:

> **(1)** may take judicial notice on its own; or
>
> **(2)** must take judicial notice if a party requests it and the court is supplied with the necessary information.

**(d) Timing.** The court may take judicial notice at any stage of the proceeding.

**(e) Opportunity to Be Heard.** On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

2. Connell acknowledges that he must demonstrate that he is "so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect [his] interest." *In re Healthsouth Corp. Ins. Litig.*, 219 F.R.D. 688, 691 (N.D. Ala. 2004). Connell also acknowledges that courts, as a general rule, only take judicial notice of facts that are

2

relevant to the matter at hand, although relevance is not per se a condition of FRE 201. *e.g., City of Lodi v. M & P Invs.*, 308 F. Supp. 2d 1137 n. 7 (E.D. Cal. 2003).

3. Connell's interest is his claim, and that of other class members, to relief under orders previously entered in this matter to remedy unconstitutional conditions of confinement. *See* Ala. Code § 8-9B-2(3) (recognizing that an interest under an order in equity is a claim for purposes of voiding certain transfers and other relief). In particular, it is his interest to take such measures as he can to make sure that his claim, and those of the class, are entitled to priority over all other claims, unless and until existing class representatives take such measures as may be necessary to do so.

4. The POS states that ADOC shall not have an obligation to pay under the lease described in the POS, if the payment would "adversely impact" the ability of the ADOC to comply with court orders. This statement is consistent with the terms of the lease appended to the POS. This statement does not resolve the question of priority of claims. Connell recognizes that the Defendants, or some of them, may characterize this feature as reducing the risk that ADOC will ignore court orders in favor

3

of paying bonds. However, the economic incentives of this feature are such that, the more dire conditions in ADOC become, the less likely ADOC will have an enforceable legal obligation to pay under the lease.

5. Under Section 8.1 of the Lease, a payment default by ADOC is a default under the lease, regardless whether the default results from compliance with an order. In the event of a default, the Lease Agreement (and, we submit, the Indenture, unless all bondholders voted to do otherwise) would appear to give the landlord rights superior to those of any other party. The indenture and lease agreement also anticipate a mortgage given to the bond trustee. That mortgage includes no power of foreclosure, such that its only purpose is presumably to prime the rights of other claimants.

6. Regardless whether the "adversely impacts" clause increases or decreases the risk of payment default, the terms of the POS, the indenture, and the lease attempt to ensure that the bondholders, the trustee, and the Alabama Corrections Finance Authority have liens prior in right to those of all other persons if and when a default occurs, regardless of the reason of the default.

7. Put differently, the POS and its appendices describe circumstances in which complying with orders may excuse payment on the lease funding the bonds, but the documents do not appear expressly to subordinate the claims and/or security interests of anyone to the claims and/or security interest, if any, of the plaintiff class.

8. Thus, the POS and its appendices are relevant to the motion for leave to intervene, because they demonstrate that, absent intervention, Connell's interests and those of other absent class members will be impaired.

WHEREFORE, Connell respectfully requests this Court to take judicial notice of the POS and its appendices attached hereto as Exhibit 1.

Respectfully submitted,

/s/ *Frank Ozment*
(ASB-7203-N73J)

**Frank Ozment Attorney at Law, LLC**
501 217 Country Club Park
Mountain Brook, Alabama 35213

## Certificate of Service

I certify that I have filed this document with the Court's electronic filing system on July 7, 2022 such that the response will be served electronically on all counsel of record.

*/s/ Frank Ozment*