# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:14-cv-00601-MHT-JTA |
| JOHN Q. HAMM, in his official | ) | Judge Myron H. Thompson |
| capacity as Commissioner of the | ) | |
| Alabama Department of Corrections, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' PROPOSAL ON HOW THE STAFFING ANALYSIS SHOULD PROCEED GIVEN THAT THE INTERNAL ADOC TEAM HAS NOT ATTENDED THE NIC TRAINING

Pursuant to this Court's July 20, 2022 Phase 2A Revised Remedy Scheduling Order on the Eighth Amendment Claim (Doc. 3667), Plaintiffs submit the following proposal about how to proceed given that the internal ADOC team has not received the National Institute of Corrections ("NIC") training on correctional staffing analysis.

## I.    PROCEDURAL HISTORY

In the Omnibus Remedial Order ("ORO"), the Court ordered ADOC to "submit . . . a proposal for specific dates by which" ADOC would "create an agency staffing unit" and "work with the Savages to update its staffing analysis." Doc. 3464 at 3. On March 30, 2022, ADOC submitted its proposal, (Doc 3546), and the Court

1

later incorporated ADOC's proposed deadlines into its Phase 2A Revised Remedy Scheduling Order on the Eighth Amendment Claim, (Doc. 3554, at 4-5).

In its proposal, ADOC reported that Commissioner Hamm had created ADOC's "Resource Planning Unit," which would "provide the relevant functions of the 'agency staffing unit' described in" the Savages' 2018 Staffing Analysis. Doc. 3546 at 2. ADOC reported that Commissioner Hamm had appointed Cheryl Price to serve as the head of that unit. *Id.* Among other things, ADOC also proposed the following:

- The Savages would "provid[e] input in ADOC's development of a policy related to correctional staffing and procedures for updating the correctional staffing analysis at regular intervals," (*id.*);

- The Savages would "conduct training for Coordinator Price and other key members of the Unit on correctional staffing analysis," (*id.*);

- The Savages would "assist in updating the 2018 Staffing Analysis," including by:

  o Participating in "a limited number of" facility visits;

  o "communicat[ing] with Coordinator Price and other relevant ADOC personnel at regular intervals"; and

- o "review[ing] documentation of the updated analysis, including updated facility post plans, and provide recommendations as indicated," (*id.* at 3);

- Coordinator Price and other members of the ADOC internal staffing unit would "participate in the training program on correctional staffing analysis taught by the National Institute of Corrections" between May and July 2022, (*id.* at 4).

ADOC also stated that the Savages were "willing to provide a written explanation regarding their role in assisting ADOC to update the 2018 Staffing Analysis and validating the process for updating the 2018 Staffing Analysis," but that the Savages could not "commit to testifying at a hearing or trial." *Id.* at 3.

In later updates, ADOC informed the Court that it had met several of the deadlines towards completing an updated staffing analysis. *See generally* Doc. 3667, at 3-4 (Revised Remedy Scheduling Order discussing ADOC's notices that it had complied with deadlines). On July 15, 2022, ADOC informed the Court that its internal staffing unit had not been selected to participate in NIC staffing analysis training. Doc. 3663, at 2. ADOC explained that the NIC "training sessions accommodate only four participating agencies," and the NIC "did not select ADOC" to participate in either its May or August 2022 training sessions. *Id.* ADOC nevertheless represented that it "received additional onsite training from the Savages

3

on conducting a staffing analysis"; that it would "continue to work with the Savages to complete the updated Staffing Analysis"; and that it "anticipates completion of the Staffing Analysis by November 1, 2022, as originally proposed." *Id.* at 2-3.

On July 20, 2022, the Court directed both parties to "submit proposals as to how to proceed" given that "ADOC was not selected to participate in the NIC's training program so far this year." Doc. 3667 at 4.

## II.   TRAINING IS CRUCIAL FOR ADOC'S RESOURCE PLANNING UNIT'S STAFFING ANALYSIS TO BE VALID

As contemplated by the Savages' 2018 Staffing Analysis, ADOC anticipates that its Resource Staffing Unit (the "Unit") will, among other things, "develop a policy related to correctional staffing analysis and the staffing of security posts within ADOC's facilities, update the 2018 Staffing Analysis, including the shift relief factor and facility post plans, and enforce staffing-related decisions made by ADOC's Central Office." Doc. 3546 at 2. These actions take considerable training and expertise, as this Court has acknowledged by, among other things, ordering that ADOC "work with the Savages to update its staffing analysis." ORO at 3. Further, ADOC has implicitly acknowledged that the Unit is not currently qualified to complete these actions independently by, among other things, proposing that the

4

members of the Unit attend the NIC correctional staffing analysis training. *See, e.g.*, Doc. 3546, at 4.[1]

Given the lack of demonstrated expertise in correctional staffing on the Unit, Plaintiffs are doubtful that the Unit is qualified to independently update the Savages' Staffing Analysis. Plaintiffs nevertheless contend that it is crucial that ADOC meet its self-imposed November 1, 2022 deadline for updating the Savages' Staffing Analysis. In light of these two considerations, Plaintiffs propose that the Savages remain closely involved in the Unit's process of updating the Staffing Analysis. Although ADOC reports that the Savages remain involved (as this Court has ordered), aside from ADOC's cursory explanation of the Savages' involvement, (*see, e.g.*, Doc. 3663), Plaintiffs and the Court have no other information about precisely how much training the Savages are giving the Unit and how involved the

---

[1] Even if ADOC had not implicitly acknowledged that the Unit is not currently qualified to create a valid staffing analysis on its own, ADOC would have no reasonable argument that it has shown the Court that the members of the Unit *are* qualified to do so. Aside from reporting that Cheryl Price is the head of the Unit, (*see* Doc. 3482), ADOC has not informed the Court who the members of the Unit are. Further, ADOC has not informed the Court whether the members of the Unit— or even Cheryl Price herself—have any special knowledge, skills, experience, education, or expertise that would qualify them to render opinions about something as crucial to remedying ADOC's Eighth Amendment violations as correctional staffing. *See generally* Doc. 3461, at 6 (noting that the "common thread among [the at least 27 suicides of inmates in ADOC custody since the liability trial] is ADOC's lack of correctional staff"); *cf.* Fed. R. Evid. 703 (allowing a witness to give opinions when the witness is qualified by "knowledge, skill, experience, training, or education").

5

Savages are in the Unit's creation of the updated Staffing Analysis. Plaintiffs therefore request that the Court order the Savages to provide a "written explanation regarding their role in assisting ADOC to update the 2018 Staffing Analysis and validating the process for updating the 2018 Staffing Analysis," as ADOC has said they would be willing to do. Doc. 3546 at 3. Especially given ADOC's assertion that the Savages "cannot commit to testifying" about the process of updating the 2018 Staffing Analysis, (*id.*), it is important that this explanation is written and signed by the Savages. *Cf.* Fed. R. Civ. P. 26(a)(2)(B) (requiring that expert reports be "prepared and signed by" the expert).

Despite the Savages' current involvement, it remains crucial that ADOC aggressively pursue any and all additional training in correctional staffing analysis for the Unit's members, including attending the NIC staffing analysis training. Plaintiffs therefore request that the Court order ADOC to continue to seek acceptance into NIC's training session and that it provide the Court with quarterly updates about its efforts.

Finally, given the Unit's lack of training and demonstrated expertise, Plaintiffs contend that any new Staffing Analysis which substantially deviates from the processes used by the Savages is inherently suspect. In part because ADOC has made little progress towards filling correctional officer positions, (*see* Plaintiffs' Analysis of Quarterly Staffing Reports, filed under seal August 8, 2022), ADOC is

6

heavily incentivized to determine a total staff number that is significantly lower than the number the Savages recommended. This incentive, coupled with the Unit's lack of training and expertise, should lead the Court to carefully scrutinize the Unit's process and recommendations. Plaintiffs also reserve the right to object to any modifications of the Savages' Staffing Analysis.

## III.   CONCLUSION

For the reasons stated above, Plaintiffs request that the Court:

1) Order that ADOC comply with the deadlines it proposed in its Staffing Unit Proposal (Doc No. 3546), including that it complete the update of the Savages' 2018 Staffing Analysis by November 1, 2022;

2) Order that the Savages remain closely involved in the Unit's process of updating the 2018 Staffing Analysis;

3) Order that the Savages provide the Court a written explanation of "their role in assisting ADOC to update the 2018 Staffing Analysis and validating the process for updating the 2018 Staffing Analysis," (*id.* at 3), and that this explanation be written and signed by the Savages themselves; and

4) Order ADOC to continue to seek acceptance into NIC's training session and provide the Court with quarterly updates about its efforts.

Dated: August 5, 2022         Respectfully Submitted,

*/s/ Ashley N. Light*

Ashley N. Light
AL. Bar No. 1059F69L
One of the Attorneys for Plaintiffs


Ashley N. Light
Lisa W. Borden
Susanne Cordner*
**SOUTHERN POVERTY LAW CENTER**
400 Washington Avenue
Montgomery, AL 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481
ashley.light@splcenter.org
lisa.borden@splcenter.org
susanne.cordner@splcenter.org
*Admitted pro hac vice*

Leslie Faith Jones*
**SOUTHERN POVERTY LAW CENTER**
111 East Capitol Street, Suite 280
Jackson, MS 39201
Telephone: (601) 948-8882
Facsimile: (334) 956-8281
leslie.jones@splcenter.org
*Admitted pro hac vice*

Bruce Hamilton*
**SOUTHERN POVERTY LAW CENTER**
201 St. Charles Avenue
Suite 2000
New Orleans, LA 70170
Telephone: (504) 352-4398
Facsimile: (504) 809-7899
*Admitted pro hac vice*

William G. Somerville, III
Patricia Clotfelter

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ PC**
420 20th Street North, Suite 1400
Birmingham, AL 35203
wsomerville@bakerdonelson.com
pclotfelter@bakerdonelson.com

William Van Der Pol, Jr.
Lonnie Williams
Barbara A. Lawrence
Andrea J. Mixson
**ALABAMA DISABILITIES ADVOCACY PROGRAM**
University of Alabama
500 Martha Parham West
Box 870395
Tuscaloosa, AL  35487
Telephone: (205) 348-4928
Facsimile: (205) 348-3909
wvanderpoljr@adap.ua.edu
lwilliams@adap.ua.edu
blawrence@adap.ua.edu
amixson@adap.ua.edu

Catherine E. Stetson*
Neal K. Katyal*
Jo-Ann T. Sagar*
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
cate.stetson@hoganlovells.com
neal.katyal@hoganlovells.com
jo-ann.sagar@hoganlovells.com
*Admitted pro hac vice*

Mark Whitburn*
**WHITBURN & PEVSNER, PLLC**
2000 East Lamar Boulevard, Suite #600
Arlington, TX  76006

9

Telephone: (817) 672-5453
Facsimile: (817) 653-4477
mwhitburn@whitburnpevsner.com
*Admitted pro hac vice*

Joshua C. Toll*
**KING & SPALDING LLP**
1700 Pennsylvania Avenue NW, 2nd Floor
Washington, DC 20006-4707
Telephone: (202) 227-6138
Fascimile: (202) 626-3737
jtoll@kslaw.com
*Admitted pro hac vice*

Evan Diamond*
**KING & SPALDING LLP**
185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone: (212) 556-2297
Fascimile: (212) 556-2222
ediamond@kslaw.com
*Admitted pro hac vice*

Edward A. Bedard*
**KING & SPALDING LLP**
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-3127
Fascimile: (404) 572-5100
ebedard@kslaw.com
*Admitted pro hac vice*

Rachel Rubens*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1210
rrubens@kslaw.com
*Admitted pro hac vice*
**ATTORNEYS FOR THE PLAINTIFFS**

*/s/ Anil A. Mujumdar*

Anil A. Mujumdar
AL. Bar No. 2004-L65M
Attorney for Plaintiff Alabama Disabilities
Advocacy Program

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35213
Telephone: (205) 590-6986
Facsimile: (205) 809-7899
anil@dagneylaw.com

**ATTORNEY FOR PLAINTIFF ALABAMA DISABILITIES ADVOCACY PROGRAM**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 5th day of August, 2022  electronically filed the foregoing with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Anne A. Hill
Deputy Attorney General
State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36104
Anne.Hill@AlabamaAG.gov

William R. Lunsford, Esq.
Matthew Reeves, Esq.
Kenneth S. Steely, Esq.
La Keisha W. Butler, Esq.
Maynard, Cooper & Gale, P.C.
655 Gallatin Street, SW
Huntsville, AL  35801
blunsford@maynardcooper.com
mreeves@maynardcooper.com
ksteely@maynardcooper.com
lbutler@maynardcooper.com

Stephanie L. Smithee, Esq.
Alabama Department of Corrections
Legal Division
301 South Ripley Street
Montgomery, AL 36104
stephanie.smithee@doc.alabama.gov

Luther M. Dorr, Jr., Esq.
Maynard, Cooper & Gale, P.C.
1901 6th Avenue North, Suite 2400
Birmingham, AL 35203
rdorr@maynardcooper.com

Philip Piggott, Esq.
Webster Henry
Two Perimeter Park South
Suite 445 East
Birmingham, AL  35243
ppiggott@websterhenry.com

Deana Johnson, Esq.
Brett T. Lane, Esq.
MHM Services, Inc.
1447 Peachtree Street, N.E., Suite 500
Atlanta, GA  30309
djohnson@mhm-services.com
btlane@mhm-services.com

/s/ *Ashley N. Light*
One of the Attorneys for Plaintiffs