IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDWARD BRAGGS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 2:14-cv-00601-MHT |
| v. ) | |
| ) | District Judge Myron H. Thompson |
| JOHN HAMM, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### RESPONSE TO PLAINTIFFS' REPORT REGARDING QUARTERLY MENTAL-HEALTH STAFFING REPORTS

Defendants John Hamm ("Commissioner Hamm"), in his official capacity as Commissioner of the Alabama Department of Corrections ("ADOC"), and Deborah Crook ("Deputy Commissioner" and, collectively with Commissioner Hamm, the "State"), in her official capacity as ADOC's Deputy Commissioner, Office of Health Services, hereby submit their Response to Plaintiffs' Report On What the Most Recent Mental Health Staffing Reports Reflect. ("Mental-Health Staffing Report," Doc. 3709).[1]

---

[1] The State submits this report in response to the Phase 2A Revised Remedy Scheduling Order on the Eighth Amendment Claim. (Doc. 3667). The State expressly preserves any and all objections and all available legal and equitable arguments in response to the Court's Phase 2A Omnibus Remedial Opinion (Docs. 3461, 3462, 3463, 3465), Phase 2A Omnibus Remedial Order (Doc. 3464), any other Phase 2A remedial orders, and the Court's liability opinions and orders in this action, including without limitation, the Court's Liability Opinion and Order as to Phase 2A Eighth Amendment Claim (Doc. 1285) and Phase 2A Supplemental Liability Opinion and Order on Periodic Mental-Health Evaluations of Prisoners in Segregation (Doc. 2332). Nothing contained in this filing shall be construed as an admission by the State, a waiver of any objection to any

## I. THE PARTIES' AGREED METHOD OF DETERMINING COMPLIANCE BY ACHIEVING MENTAL-HEALTH STAFFING POSITION LEVELS.

Plaintiffs' Mental-Health Staffing Report seeks to move the goalposts mid-game in an effort to diminish the progress made by ADOC and its healthcare vendor, Wexford Health Solutions, Inc. ("Wexford"), concerning mental-health staffing. In compliance with the Phase 2A Omnibus Remedial Order ("Remedial Order," doc. 3464), the State continued to provide quarterly mental-health staffing reports to Plaintiffs and the Court in the same format previously agreed to by the Parties in the Stipulations Regarding Mental Health Staffing Pursuant to the Understaffing Remedial Order (Doc. 1657) and Order on Defendants' Oral Motion for Clarification (Doc. 2136) ("Stipulations on Mental-Health Staffing," Doc. 2301-1). (Doc. 3464 at § 2.2.4). Through agreed upon mental-health staffing reports, ADOC determines the "Fill Rate" percentage by calculating the "Hours Actually Worked" divided by the "Adjusted FTEs in Quarterly Hours." (Doc. 2301-1 at 7). ADOC used this agreed upon formula to calculate the "Fill Rate" since May of 2019.

Plaintiffs, without seeking to modify the Stipulations on Mental-Health Staffing, nevertheless seek to change the agreed upon method of calculating the "Fill Rate." (Doc. 3709 at 4, n.6). Plaintiffs, intentionally or unknowingly but

---

opinion or order in this action, or a waiver of the State's pending appeal related to Phase 2A (see Doc. 3488). Nothing in this filing shall be construed as an admission of any kind by the State that ADOC's current or historical staffing or provision of mental-health care is or was unconstitutional or deficient in any way.

2

incorrectly, provided the Court with percentages obtained by calculating the "Hours Actually Worked" divided by the "Total FTEs in Quarterly Hours" for each position. (Id.). Plaintiffs' calculations fly in the face of the Remedial Order, which specifically states that "ADOC shall continue to provide mental-health staffing reports *according to the format currently in place*." (Doc. 3464 at § 2.2.4). The Court should reject Plaintiffs belated attempt to change the method for reporting the "Fill Rate" for mental-health staffing that is inconsistent with the Stipulations on Mental-Health Staffing and Remedial Order.[2] Indeed, based on Plaintiffs' own argument, the Court cannot modify either the Stipulations on Mental-Health Staffing or the Remedial Order while on appeal. (Doc. 3512 at 13).

## II. THE STATE'S COMPLIANCE REGARDING PLAINTIFFS' TARGETED POSITIONS.

Plaintiffs reviewed the quarterly mental-health staffing reports from January 1, 2021 to March 31, 2022 (the "Staffing Reports").[3] A review of the Staffing Reports show ADOC's efforts in complying with the Remedial Order. According

---

[2] The Remedial Order provides an opportunity for ADOC and the External Monitoring Team ("EMT") to finalize a new reporting format or conclude the existing format remains adequate. (Doc. 3464 at § 2.2.4).

[3] Plaintiffs' identified time periods contain the three largest spikes in COVID-19 cases in Alabama. On January 10, 2021, Alabama reported 2,750 new cases with an average of 4,281 cases, on September 3, 2021, Alabama reported 5,128 new cases with an average of 4,719, and on January 23, 2022, Alabama reported 9,807 with an average of 16,506 new cases and an average of 13,277 new case per day. "Tracking Coronavirus in Alabama: Latest Map and Case Count," The New York Times, August 11, 2022, https://www.nytimes.com/interactive/2021/us/alabama-covid-cases.html.

to the 85% or greater mental-health staffing requirement stipulated to by the Parties, ADOC achieved compliance with over ninety (90) mental-health staffing positions across all ADOC correctional facilities. However, Plaintiffs' analysis focused on five (5) specific positions: Activity Technicians ("AT"), Certified Registered Nurse Practitioners ("CRNP"), Registered Nurse ("RN"), Licensed Mental Health Professionals ("MHP"), and Psychologists.

A. ACTIVITY TECHNICIAN.

Plaintiffs' inaccurately assert deficiencies regarding ADOC's ATs. (Doc. 3709 at 4). Plaintiffs stated "Bullock, Donaldson, and Tutwiler all show a deficiency in Activity Technicians that has been present over multiple previous quarters" based on Plaintiffs recalculated "Fill Rate." (Id.). In fact, ADOC achieved compliance at Bullock on the three (3) of the four (4) most recent Staffing Reports, reporting a fill rate of 90.85% for July 2021-September 2021, 100% for October 2021-December 2021, and 86.47% for January 2022-March 2022. (Docs. 3436-1, 3525-1, 3617-1). Further, Donaldson reported a compliant score of 86.18% for October 2021-December 2021 (doc. 3525-1), and a 93.8% fill rate for ATs for April 2022-June 2022. ("April 2022-June 2022 Staffing Report," Doc. 3747-1). Finally, Tutwiler reported 100% fill rate for the July 2021-September 2021 and October 2021-December 2021 reports. (Docs. 3436-1 and 3525-1. Plaintiffs' accusations that ATs show deficits over multiple quarters is simply inaccurate.

4

**B.     CERTIFIED REGISTERED NURSE PRACTITIONERS.**

Similar to Plaintiffs' allegations regarding ATs, Plaintiffs point to a select few facilities to allege "persistent understaffing of CRNPs" at Bibb, Easterling Fountain, St. Clair, and Tutwiler. (Doc. 3709 at 5). The April 2022-June 2022 Staffing Report reflects ADOC's CRNPs compliance meets or exceeds 85% for Bullock, Donaldson, Kilby, Limestone, St. Clair, Staton, Tutwiler, and Ventress. (Doc. 3747-1). The April 2022-June 2022 Staffing Report reflects only Bibb, Easterling, Fountain, and Holman slightly missed the mark. (Id.). Nevertheless, it is inappropriate to say there exists "persistent understaffing" at those facilities.

**C.     REGISTERED NURSE.**

The January 2022-March 2022 Staffing Report reflects ADOC retains RNs at or above 85% at Ventress, St. Clair, Limestone, Easterling, and Donaldson. (Doc. 3525-1). Additionally, the April 2022-June 2022 Staffing Report shows that Bibb and Kilby attained compliance. (Doc. 3747-1). Bullock, while experiencing challenges associated with RNs, continues to steadily improve its mental-health staffing position levels. While challenges to hire RNs exist across the country and healthcare industry, ADOC is confident Wexford will continue to use its best efforts to attract and retain RNs to work in ADOC facilities.

**D.     LICENSED MENTAL HEALTH PROFESSIONALS.**

A review of the April 2022-June 2022 Staffing Report regarding licensed

MHPs shows Wexford's work to hire and retain licensed MHPs. The results of the steps taken by Wexford to increase mental-health staff, including licensed MHPs is reflected in the April 2022-June 2022 Staffing Report. This Staffing Report reflects an increase in mental-health staffing levels for Bibb, Bullock, Donaldson, Easterling, Kilby, St. Clair, Tutwiler, and Ventress. And, again, Plaintiffs misstate information about mental-health staffing levels. For example, Plaintiffs contend that Limestone "almost reported 85% of the quarterly hours being worked." (Doc. 3709 at 7). In fact, however, in the January 2022-March 2022 Staffing Report, Limestone obtained *over* 85% of the adjusted FTEs in quarterly hours performed. (Doc. 3525-1). Further, Limestone reported a 97.81% fill rate in the April 2022-June 2022 Staffing Report. (Doc. 3747-1).

### E. PSYCHOLOGIST.

Psychologist positions remain a challenge for Wexford to obtain and retain. In the April 2022-June 2022 Staffing Report, Wexford filled 97.13% of the psychologist FTEs at Kilby and 99.32% of the psychologist FTEs at Tutwiler. (Id.). Although, Bullock and Donaldson continue to work on obtaining additional FTEs for psychologists, Wexford continues its efforts to recruit and retain psychologists and ADOC continues to assess payback when Wexford fails to meet contracted staffing requirements, resulting in over $10,238,676.85 in financial consequences from January 2021 to December 2021.

### III.  THE STATE'S COMPLIANCE WITH ADOC'S MENTAL-HEALTH HUBS.

ADOC's mental-health hubs consist of Bullock, Donaldson, and Tutwiler. Although, Plaintiffs persist about inadequate mental-health staffing, their miscalculations lead to inaccurate findings. (Doc. 3709 at 9-11). After analyzing the April 2022-June 2022 Staffing Report, ADOC achieved compliance for Bullock regarding Administrative Assistant, Assistant Director of Nursing ("ADON"), Clerk, Observer, RTU/SU Coordinator, Site Program Manager, Psychiatrist, and CRNP. (Doc. 3747-1). Further, for Donaldson, ADOC achieved compliance for ATs, Clerk, Observer, Site Program Manager, Psychiatrist, CRNP, and RN. (Id.). Lastly, Tutwiler scored 85% or better regarding the Clerk, Site Program Manager, Psychiatrist, Psychologist, CRNP and ADON.

Plaintiffs' attempt to reevaluate the agreed upon metric for measuring staffing levels at this late date results only in confusion and frustration. The Court should disregard Plaintiffs' attempts to move the goalposts to recalculate the "Fill Rate," and, instead, focus on ADOC's and Wexford's hard work to recruit and retain mental-health staff for all correctional facilities.

Dated: August 12, 2022.

*/s/ Kenneth S. Steely*
*Attorney for the State*

William R. Lunsford
Matthew B. Reeves
Kenneth S. Steely

La Keisha W. Butler
**MAYNARD, COOPER & GALE, PC**
655 Gallatin Street
Huntsville, AL 35801
Telephone: (256) 512-5710
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
ksteely@maynardcooper.com
lbutler@maynardcooper.com

Luther M. Dorr, Jr.
**MAYNARD, COOPER & GALE, PC**
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
Telephone: (205) 254-1178
Facsimile: (205) 714-6438
rdorr@maynardcooper.com

Stephanie L. Smithee
**ALABAMA DEPARTMENT OF CORRECTIONS**
Legal Division
301 South Ripley Street
Montgomery, Alabama 36130
Telephone (334) 353-3884
Facsimile (334) 353-3891
stephanie.smithee@doc.alabama.gov

Anne A. Hill
Deputy Attorney General
**STATE OF ALABAMA**
**OFFICE OF THE ATTORNEY GENERAL**
501 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 242-7491
Facsimile: (334) 353-8400
Anne.Hill@AlabamaAG.gov

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, on this 12th day of August, 2022:

Ashley N. Light
Lisa W. Borden
**SOUTHERN POVERTY LAW CENTER**
400 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481
ashley.light@splcenter.org
lisawborden@gmail.com

Leslie F. Jones
**SOUTHERN POVERTY LAW CENTER**
111 East Capitol Street
Suite 280
Jackson, MS 39201
Telephone: (601) 948-8882
Facsimile: (334) 956-8281

Bruce Hamilton
**SOUTHERN POVERTY LAW CENTER**
201 St. Charles Avenue
Suite 2000
New Orleans, LA 70170
Telephone: (504) 352-4398
Facsimile: (504) 486-8947

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, Alabama 35213
Telephone: (205) 729-8445
Facsimile: (205) 809-7899
anil@dagneylaw.com

William Van Der Pol, Jr.
Lonnie Williams
Barbara A. Lawrence
Andrea J. Mixson
**ALABAMA DISABILITIES ADVOCACY PROGRAM**
University of Alabama
500 Martha Parham West
Box 870395
Tuscaloosa, Alabama 35487-0395
Telephone: (205) 348-6894
Facsimile: (205) 348-3909
wvanderpoljr@adap.ua.edu
blawrence@adap.ua.edu
lwilliams@adap.ua.edu
amixson@adap.ua.edu

William G. Somerville III
Patricia Clotfelter
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**
420 20th Street North
Suite 1400
Birmingham, Alabama 35203
Telephone:  (205) 244-3863
Facsimile:  (205) 488-3863
wsomerville@bakerdonelson.com
pclotfelter@bakerdonelson.com

Deana Johnson
Brett T. Lane
**MHM SERVICES, INC.**
1447 Peachtree Street NE
Suite 500

9

Neal K. Katyal
Catherine E. Stetson
Jo-Ann Tamila Sagar
**HOGAN LOVELLS US LLP**
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5528
Facsimile: (202) 637-5910

Edward A. Bedard
**KING & SPALDING, LLP**
1180 Peachtree Street NE
Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-3127

Atlanta, GA 30309
Telephone: (404) 347-4134
Facsimile: (404) 347-4138
djohnson@mhm-services.com
btlane@mhm-services.com

Joshua C. Toll
**KING & SPALDING, LLP**
1700 Pennsylvania Avenue NW
2nd Floor
Washington, DC 20006
Telephone: (202) 227-6138

Evan Diamond
**KING & SPALDING, LLP**
1185 Avenue of Americas
34th Floor
New York, NY 10036
Telephone: (212) 556-2297

Rachel Rubens
**KING & SPALDING, LLP**
50 California Street
Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1210

*/s/ Kenneth S. Steely*
Of Counsel