```
    IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
       MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


EDWARD BRAGGS, et al.,      )
                            )
    Plaintiffs,             )
                            )      CIVIL ACTION NO.
    v.                      )        2:14cv601-MHT
                            )             (WO)
JOHN HAMM, in his           )
official capacity as        )
Commissioner of             )
the Alabama Department of   )
Corrections, et al.,        )
                            )
    Defendants.             )
```

**ORDER ON TRAINING FOR AND FURTHER INFORMATION
ABOUT THE UPDATED CORRECTIONAL STAFFING ANALYSIS**

On March 30, 2022, in response to the Phase 2A Omnibus Remedial Order (Doc. 3464), the defendants filed a proposed timeline to update ADOC's 2018 correctional staffing analysis. Adopting the defendants' proposal, the court ordered that the defendants arrange for members of ADOC's agency staffing unit (or "resource planning unit") to "participate in the training program on correctional staffing analysis taught by the National Institute of Corrections (NIC)." Phase 2A Revised Remedy

Scheduling Order on the Eighth Amendment Claim (Doc. 3554) at 5; *see also* Defs.' Proposal Regarding ADOC's Staffing Unit and Updating the 2018 Correctional Staffing Analysis (Doc. 3546) at 4.  The defendants have since informed the court that ADOC was not approved to participate in NIC training programs beginning in either May or August 2022.  *See* Defs.' Response Regarding Updating the 2018 Staffing Analysis Without Receiving NIC Training (Doc. 3702) at 3-4.

To compensate for the lack of NIC training, the defendants report that they arranged for Meg and Russ Savage to conduct two training sessions in June.  *See id.* at 3.  They also report that the NIC will host more training sessions in 2023 and that they "intend[] to continue to pursue NIC staffing analysis training in the future."  *Id.* at 4; *see also* Aug. 15, 2022, R.D. Status Conference Tr. 12-13 ("[T]he Department of Corrections has sought and continues to seek training through NIC. ... We'll continue to apply for those training sessions.").  For their part, the plaintiffs urge that

the defendants "continue to seek acceptance into NIC's training session[s]." Pls.' Proposal on How the Staffing Analysis Should Proceed Given that the Internal ADOC Team Has Not Attended the NIC Training (Doc. 3704) at 7.

The court believes that NIC training remains necessary and that the defendants, as proposed in their filings and as ordered by the court, should continue to pursue such training. Continued efforts to secure NIC training are especially important to ensure that Department staff are trained, given that the defendants represented at the status conference that they will not call the Savages as experts for future hearings. *See* Aug. 15, 2022, R.D. Status Conference Tr. 16-17.

Separately, the plaintiffs have indicated their desire for additional information directly from the Savages about their role in updating the correctional staffing analysis. *See* Pls.' Proposal on How the Staffing Analysis Should Proceed Given that the Internal ADOC Team Has Not Attended the NIC Training (Doc. 3704) at 7. At the August 15 status conference, the defendants

expressed openness to "an informal opportunity to sit down and ask any questions" of the Savages.  Aug. 15, 2022, R.D. Status Conference Tr. 17.  The court believes that the plaintiffs should have the chance to speak with the Savages about the updated correctional staffing analysis, either during the updating process or following its completion.

\* \* \*

Accordingly, it is ORDERED that:

(1) The defendants shall continue to seek acceptance of ADOC into the training program on correctional staffing analysis taught by the National Institute for Corrections.

(2) The parties shall develop a plan for the plaintiffs to meet with Meg and Russ Savage to discuss their role in updating ADOC's correctional staffing analysis.  If the parties are unable to agree on such a plan, they shall pursue mediation on that topic with Judge Ott.

Deadlines related to these matters will be entered later by separate order.

DONE, this the 18th day of August, 2022.

                                          /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**