```
    IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
       MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION
```

| | |
|---|---|
| EDWARD BRAGGS, et al.,           )<br>                                  )<br>    Plaintiffs,                  )<br>                                  )<br>    v.                            )<br>                                  )<br>JOHN HAMM, in his                 )<br>official capacity as              )<br>Commissioner of                   )<br>the Alabama Department of         )<br>Corrections, et al.,              )<br>                                  )<br>    Defendants.                   ) | CIVIL ACTION NO.<br>  2:14cv601-MHT<br>       (WO) |

**ORDER ON MEDIATION OF PLANS TO ENABLE SAFE FUNCTIONING OF RHUS AT CURRENT LEVELS OF CORRECTIONAL STAFFING**

In the Phase 2A Omnibus Remedial Order, the court required the parties to "submit proposals that will allow ADOC's RHUs--with the exception of the RHU at Tutwiler--to function safely with the correctional staff that ADOC currently employs." Phase 2A Omnibus Remedial Order (Doc. 3464) at § 2.1.7.3. The court required that these proposals address the following concerns:

(1) "How ADOC shall address the serious risk of harm to inmates in restrictive housing caused by

correctional staffing deficits so severe that the consistent provision of security checks, out-of-cell time and mental-health treatment is simply impossible";

(2) "How ADOC will ensure that any inmates moved out of the RHUs do not end up in functionally identical units--that is, units that offer equivalently deficient levels of monitoring, out-of-cell time, and treatment";

(3) "How ADOC will ensure the safety of inmates in the RHUs who require protective custody, and, if it chooses to reduce the number of inmates in the RHUs, how it will manage the dangers posed by inmates who would present a significant safety or security risk in general population"; and

(4) "How this relief may be modified if ADOC meets the benchmarks for correctional staffing set forth [in § 2.1.5]."

*Id.* at §§ 2.1.7.3.1 to 2.1.7.3.4.

The parties submitted their respective proposals (Doc. 3622 & Doc. 3623). In light of the court's order of July 19, 2022, requiring the parties "to confer with Judge Ott to try to reach a resolution on the proposals" and "to file a report on their efforts," Phase 2A Revised Remedy Scheduling Order on the Eighth Amendment Claim (Doc. 3664) at 9, the parties filed a joint report indicating that they had scheduled in-person mediation on August 23, 2022. *See* Joint Report Regarding RHUs and Safe Functioning with Current Correctional Staff (Doc. 3699) at 1.

At the status conference on August 15, 2022, in light of the parties' agreement to mediate other issues in this case, most notably the issue of plans to address ADOC's current levels of correctional staffing, the parties asked to follow up with the court by August 23, 2022, with a schedule or timeline to discuss and address, in addition to the issue of correctional staffing levels, the issue of the safe functioning of ADOC's RHUs with current levels of correctional staffing. *See* Aug. 15,

2022, R.D. Status Conference Tr. 57, 59-60.  The court adopts this deadline for the parties to submit to the court a joint proposal on a schedule or timeline for the mediation process articulated above.

* * *

Accordingly, it is ORDERED that, by August 23, 2022, at 5:00 p.m., the parties shall file with the court a joint proposal of a schedule to mediate the issue of how to enable the safe functioning of ADOC's RHUs with ADOC's current levels of correctional staffing.

DONE, this the 22nd day of August, 2022.

                                            /s/ Myron H. Thompson
                                       UNITED STATES DISTRICT JUDGE