IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
EDWARD BRAGGS, et al.,        )
                              )
     Plaintiffs,              )
                              )     CIVIL ACTION NO.
     v.                       )       2:14cv601-MHT
                              )           (WO)
JOHN HAMM, in his             )
official capacity as          )
Commissioner of               )
the Alabama Department of     )
Corrections, et al.,          )
                              )
     Defendants.              )
```

ORDER ON WEEKLY SMI REPORTS

Under the Phase 2A Omnibus Remedial Order, "[i]nmates with serious mental illnesses [(SMIs)] may not be placed in the RHUs unless a documented exceptional circumstance applies." Phase 2A Omnibus Remedial Order (Doc. 3464) at § 3.1.1. "An 'exceptional circumstance' exists where: (a) a safety or security issue prevents placement of the inmate in alternative housing ...; or (b) a non-safety or non-security issue exists and transfer or transportation to alternative housing is temporarily unavailable." *Id.* at § 3.1.1.1. In accordance with the

Omnibus Remedial Order and earlier orders, the defendants have filed weekly reports "providing information regarding inmates with a serious mental illness housed in a restrictive housing unit within the Alabama Department of Corrections." *E.g.*, Defs.' Notice of Filing Under Seal Weekly Report of SMI Inmates in Restrictive Housing (Doc. 3745) at 1; *see also* Phase 2A Omnibus Remedial Order (Doc. 3464) at § 3.1.4.\*

Pursuant to the court's July 20, 2022, order, the parties submitted filings in August 2022 discussing "what the most recent weekly SMI reports to the court reflect." Phase 2A Revised Remedy Scheduling Order on the Eighth Amendment Claim (Doc. 3667) at 8; *see* Pls.' Report on

---

\* The Omnibus Remedial Order includes other circumstances in which exceptional circumstances are required to place someone in restrictive housing. *See, e.g.*, Phase 2A Omnibus Remedial Order (Doc. 3464) at §§ 3.2.2 to 3.2.3 (noting that a "documented exceptional circumstance" is required if mental-health staff determine that an individual is contraindicated for placement in restrictive housing, either prior to such placement or during such placement). However, pending an update to the format of the weekly reports based upon an agreement of the parties, the weekly reports addressed in this order exclusively address individuals with serious mental illness.

Weekly Serious Mental Illness Reports (Doc. 3713); Defs.' Response to Pls.' Report on Weekly Serious Mental Illness Reports (Doc. 3750).

The plaintiffs note that, "recently, the number of individuals with SMIs in the RHU ha[s] been consistently high." Pls.' Report on Weekly Serious Mental Illness Reports (Doc. 3713) at 2. Each week between January 25, 2022, and July 26, 2022, an average of 50.2 individuals with serious mental illness were reported by the defendants as being detained in restrictive housing units. *See id.* at 2-3. The plaintiffs also report, using a methodology likely to undercount the actual figures, that between at least 74.2 % and 100 % of such individuals in any given week were detained in restrictive housing for longer than three days. *See id.* & n.1. In their response to the plaintiffs' report, the defendants do not dispute any of the plaintiffs' calculations. *See generally* Defs.' Response to Pls.' Report on Weekly Serious Mental Illness Reports (Doc. 3750).

The court finds these figures striking on their own. But the plaintiffs' report raises additional issues of concern.  Specifically, the plaintiffs contend that many "exceptional circumstances" given in the weekly SMI reports to justify placement in restrictive housing have been vague and did not always appear to warrant segregation (e.g., "inability to adjust to population"; "fear[] for ... safety"; "preventative status" after having reported being physically or sexually assaulted; "failure to obey" an order; a "positive drug screen"; and "being in an unauthorized location").  Pls.' Report on Weekly Serious Mental Illness Reports (Doc. 3713) at 4-9. For their part, the defendants disagree with the plaintiffs' characterization of these justifications as inadequate.  *See* Defs.' Response to Pls.' Report on Weekly Serious Mental Illness Reports (Doc. 3750) at 2-6. They also report that ADOC has created "working groups" to "focus on policies and system changes to better utilize ADOC's housing and reduce the number of SMI inmates assigned to RHUs."  *Id.* at 6.

4

The combination of the justifications highlighted by the plaintiffs and the elevated number of individuals with SMIs held in restrictive housing each week (both generally and for extended periods of time) gives the court pause.  The frequent placement of individuals with SMIs in segregation for extended lengths of time is particularly significant in light of the court's findings following the 2021 omnibus remedial hearings that ADOC's restrictive housing units suffer "[p]erhaps the most dangerous effects of ... severe understaffing" and "are unsafe for prisoners with mental-health needs."  *Braggs v. Dunn*, 562 F. Supp. 3d 1178, 1262-63 (M.D. Ala. 2021) (Thompson, J.).

The court's concerns notwithstanding, the parties did not ask the court, at the status conference on August 15, 2022, to take any concrete action--and the court is mindful that this matter may be appropriately examined by the EMT in the near future.  The court finds that the extent of ADOC's practices of placing individuals with SMIs in segregation and the progress of the defendants'

5

ongoing efforts to develop alternative housing placements to limit these practices will be important areas for the EMT to monitor closely.

\* \* \*

Accordingly, it is ORDERED that the court will not take any immediate action with respect to the substance of the weekly SMI reports at this time, with the understanding that the EMT will examine closely the issues identified above in the very near future; otherwise the court will reconsider looking into the issue itself.

DONE, this the 23rd day of August, 2022.

                           /s/ Myron H. Thompson
                           UNITED STATES DISTRICT JUDGE