IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| EDWARD BRAGGS, et al., ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
|     v. ) | 2:14cv601-MHT |
| ) | (WO) |
| JOHN HAMM, in his ) | |
| official capacity as ) | |
| Commissioner of ) | |
| the Alabama Department of ) | |
| Corrections, et al., ) | |
| ) | |
|     Defendants. ) | |

**ORDER ON FINALIZATION OF EMT**

In September 2020, the court entered its Phase 2A Opinion and Order on Monitoring of Eighth Amendment Remedy (Doc. 2915) adopting the monitoring scheme to be implemented as to the Eighth Amendment remedy in this case. *See Braggs v. Dunn*, 483 F. Supp. 3d 1136 (M.D. Ala. 2020) (Thompson, J.). In doing so, the court "adopt[ed] in large part the defendants' plan--substantial portions to which the plaintiffs ... agreed--with some alterations." *Id.* at 1140. The cornerstone of this monitoring scheme is the external

monitoring team (EMT) that will draw on its members' expertise to determine many of the details of monitoring and to assist in developing ADOC's capacity for sustainable internal monitoring and oversight. By November 2020, the court had approved the parties' unanimous selection of the EMT's four members and ordered "that the Alabama Department of Corrections shall begin immediately to work with the members of the EMT to 'negotiate the fees, expenses, and budgets of the EMT.'" Order (Doc. 3054); *see also* Order (Doc. 3051) (approving the parties' joint proposal of the four EMT members); Order (Doc. 3066) (approving the parties' joint proposal to replace one member of the EMT).

After the court required ADOC to "begin immediately" its negotiations with the EMT's members in November 2020, the parties submitted numerous proposals to involve the EMT in the 2021 omnibus remedial proceedings. In February 2021, the parties filed a joint report that "ADOC will contract with each EMT member ... not later than March 20, 2021 (assuming the State has all

applicable documents and information necessary to complete the contracting process with any EMT member)." Joint Notice and Report to the Court Regarding the Role of the External Monitoring Team (Doc. 3128) at 2; *see* Order (Doc. 3132) (adopting the joint report). However, notwithstanding the court's November 2020 order and the parties' February 2021 agreement, the defendants represented, following the entry of the Phase 2A Omnibus Remedial Opinions and Order in December 2021, *see Braggs v. Dunn*, 562 F. Supp. 3d 1178 (M.D. Ala. 2021) (Thompson, J.), that they would "obtain budgets from the [EMT] and work to complete the contracting process with the EMT ... by April 15, 2022." Defs.' Report in Advance of the Jan. 7, 2022, Status Conference (Doc. 3473) at 4-5.

The defendants then filed a motion to stay the Phase 2A Opinion and Order on Monitoring of Eighth Amendment Remedy, among other orders. With respect to monitoring, the court denied this motion, finding that further delay in finalizing the EMT and putting it to work would "dissolve" the parties' earlier progress and be

3

"detrimental" to both sides. *Braggs v. Hamm*, No. 2:14cv601-MHT, 2022 WL 466998, at *13 (M.D. Ala. Feb. 14, 2022) (Thompson, J.); *see also Braggs v. Hamm*, No. 2:14cv601-MHT, 2022 WL 264873, at *5 ("Further delays in finalizing the monitoring team increase the very serious risk of losing members and erasing much of the progress that the parties have made in selecting members of the team and bringing them up to speed on this complicated case."). Subsequently, two members of the EMT resigned. The court replaced one member based on the recommendation of Magistrate Judge John Ott and the responses of the parties. *See* Order (Doc. 3658). The parties represent that they are working to identify a replacement for the other position. *See* Joint Report on EMT's Registered Nurse (Doc. 3700); Aug. 15, 2022, R.D. Status Conference Tr. 10.

Nearly two years after the court issued its monitoring opinion and order, and eight months after it issued its Phase 2A Omnibus Remedial Opinions and Order, *see Braggs v. Dunn*, 562 F. Supp. 3d 1178 (M.D. Ala. 2021)

4

(Thompson, J.), the court and the parties remain without an operative EMT. Finalizing the composition of the EMT and contracts with each of its members is an urgent priority, as it has been for months, if not years. At the status conference on August 15, 2022, the defendants repeatedly stressed the importance of the EMT. *See* Aug. 15, 2022, R.D. Status Conference Tr. 41 ("If we're talking about how ... we monitor this, my response is if we're going to go forward, why in the world aren't we talking to the monitors? We have an EMT."); *id.* at 56 ("I think the problem with the current stage of the case is the Court's asking plaintiffs' counsel what they're doing ...[.]  [I]f you look at the Court's monitoring order, our expectation was always that the monitors were going to be evaluating these issues."). The court agrees that getting the EMT "up and running" is "critical." *Id.* at 57. Until the EMT is fully engaged in this case, the court is concerned that it must take a more active role than it will once the EMT can assume its responsibilities as articulated in the monitoring opinion and order. The

parties should prioritize selecting a nurse to fill the remaining vacancy on the EMT and executing contracts with all EMT members to the extent this has not already been completed.

\* \* \*

Accordingly, it is ORDERED that:

(1) The parties shall prioritize selecting a person to replace Catherine Knox as the EMT's nurse.

(2) The parties shall prioritize executing contracts with all EMT members to the extent this has not already been completed.  The current members of the EMT are Dr. Donald Raymond Reeves, Jr., in the role of psychiatrist; Dr. Elizabeth Falcon in the role of psychologist; and Mr. Rick Raemisch in the role of correctional administrator. The role of nurse is currently vacant.

(3) By September 6, 2022, at 5:00 p.m., the parties shall file a joint status report updating the court on the two issues in paragraphs (1) and (2) above.  With respect to the first issue, this shall include whether the parties have agreed upon a person to replace

6

Catherine Knox as the EMT's nurse and, if not, what progress they have made and how the court and the parties should proceed in selecting a replacement.  With respect to the second issue, this shall include whether, as to each member of the EMT, a contract has been executed and, if not as to any member, what progress has been made and how the court and the parties should proceed in finalizing this process.

    DONE, this the 23rd day of August, 2022.

                                            /s/ Myron H. Thompson
                                      **UNITED STATES DISTRICT JUDGE**