IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| EDWARD BRAGGS, et al., ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:14cv601-MHT |
| ) | (WO) |
| JOHN HAMM, in his ) | |
| official capacity as ) | |
| Commissioner of ) | |
| the Alabama Department of ) | |
| Corrections, et al., ) | |
| ) | |
|     Defendants. ) | |

**ORDER ON CLEANING OF RHU CELLS**

In December 2021, the court ordered that, "[w]ithin three months of the effective date, the cells in the RHUs must be cleaned." Phase 2A Omnibus Remedial Order at (Doc. 3464) at § 3.1.1;[*] *see id.* at § 1.3 (setting the effective date). The court then ordered the defendants to "file a notice with the court confirming" that "all RHU cells [were] cleaned by June 8, 2022." Phase 2A

---

[*] Due to a numbering error, § 3.1 repeats in the December 2021 omnibus remedial order. As used in this section, § 3.1.1 refers to the provision under "Restrictive Housing Cells."

Revised Remedy Scheduling Order on the Eighth Amendment Claim (Doc. 3664) at 10.

In August 2022, the defendants filed a notice "confirming that ADOC cleaned all [RHU] cells in response to the Phase 2A Omnibus Remedial Order." Defs.' Notice Confirming Cleaning of Restrictive Housing Unit Cells (Doc. 3698) at 1. They also attached a declaration by an ADOC regional director stating that the facility heads of all "major male facilities within ADOC" containing RHU cells had each "submitted a signed memorandum ... certifying that the RHU cells in his or her facility had been cleaned within the three (3) months prior to June 8, 2022," and attaching those signed memoranda, although the memoranda do not specify the specific date when the RHU cells at any facility were cleaned. Declaration of Edward Ellington (Doc. 3698-1) at ¶¶ 5-6; *see id.* Ex. A (signed memoranda from the facility heads).

At the status conference on August 15, 2022, the court asked the parties how it can be confident that the RHU cells will remain clean in six months. *See* Aug. 15,

2022, R.D. Status Conference Tr. 61. In response, the defendants stated that, "In terms of what is happening six months from now, [they] can't guarantee anybody that the restrictive housing cells are clean." *Id*. For their part, the plaintiffs anticipated that the RHU cells will not remain as clean as they currently are and that "keeping them clean for a long amount of time would be very difficult." *Id*. Both parties expressed support for the proposal that oversight and evaluation of RHU-cell cleanliness be delegated to the EMT, which will report on the issue to the court. *See id.* at 62.

As indicated at the status conference, the court is considering the potential benefit of visiting the RHUs, which it has not visited in several years. *See id.* at 58. However, the court will take no action at this time. Instead, it will revisit the issue later to see whether the EMT--which, hopefully, will be operational in the near future--is looking into the issue; if the EMT is not up and running then, the court will consider other options.

\* \* \*

Accordingly, it is ORDERED that the court will not take any immediate action with respect to the cleanliness of RHU cells at this time, with the hope that the EMT will monitor the issue as soon as it is fully operational. Instead, the court will revisit the issue later in light of the status of the EMT at that time.

DONE, this the 23rd day of August, 2022.

                                       /s/ Myron H. Thompson
                                   UNITED STATES DISTRICT JUDGE