IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
EDWARD BRAGGS, et al.,      )
                            )
    Plaintiffs,             )
                            )    CIVIL ACTION NO.
    v.                      )      2:14cv601-MHT
                            )         (WO)
JOHN HAMM, in his           )
official capacity as        )
Commissioner of             )
the Alabama Department of   )
Corrections, et al.,        )
                            )
    Defendants.             )
```

**ORDER ON REVISIONS TO THE FORMAT OF WEEKLY REPORTS ON INMATES HELD IN RHUS UNDER EXCEPTIONAL CIRCUMSTANCES**

After both parties proposed revisions to the format of the weekly reports on individuals housed in RHUs under "exceptional circumstances," Defs.' Proposal for a Revised Format of the Weekly SMI Reports (Doc. 3621); Pls.' Proposal on Revising the Weekly SMI in Restrictive Housing Reports (Doc. 3624), the parties reported that they had agreed on a revised format. *See* Joint Report on Parties' Agreement to Modifications to the SMI Report (Doc. 3706) at 1-2. The parties also agreed upon a filing

schedule, such that each report "shall be for a week, beginning on Monday and ending on Sunday" and shall be filed with the court "on the Tuesday following the week after the reporting period."  *Id.* at 2.  In the same joint filing, the defendants also requested a 21-day period following the date of the order adopting the revised format to "transition to the new report" format.  *Id.*

The format agreed upon by the parties includes, for each person held in an RHU under exceptional circumstances, their identifying information, bed assignment, whether they have a serious mental illness (SMI), relevant status, the reason for the exceptional circumstance, the exceptional circumstances justifying continued segregation placement, the date they were held in the RHU due to an exceptional circumstance, the date they exceeded 72 hours in the RHU due to the exceptional circumstance, the date of exit from the RHU, whether they remain in an RHU, the amount and nature of the out-of-cell time offered to them, the reason they were placed in the

RHU, and when ADOC anticipates moving them.  *See* Draft Correctional Facility RHU Exceptional Circumstances Report (Doc. 3760-1).

At the status conference on August 15, 2022, the court inquired whether the proposed format should also include additional categories of information that are included in the current reports but were omitted from the parties' joint proposal, such as an individual's number of prior RHU placements in the past year and the reason that an individual remaining in segregation has not been moved out.  *See* Aug. 15, 2022, R.D. Status Conference Tr. 52-57; *see also, e.g.*, Defs.' Weekly Report of Inmates with SMIs in Restrictive Housing (Doc. 3745-1) (including columns to track "Number of Prior RHU Placements in the Past Year" and "What Administrative or Logistical Reason Has Delayed Inmate's Move").

The court is concerned that the number of prior RHU placements in the past year, not captured in the proposed format, is important for identifying whether individuals with SMIs or clinical contraindications for segregation

3

are moving in and out of segregation repeatedly, potentially resulting in extensive periods of time spent in segregation in the aggregate.  The court is further concerned that the reason for any delay in an individual's transition out of segregation, also omitted from the proposed format, is important to identify factors contributing to the length of placements in segregation, as distinct from the factors causing such placements in the first place.  This latter information may take on particular importance as one means of evaluating the effectiveness of the defendants' reported plans "to better utilize ADOC's housing and reduce the number of SMI inmates assigned to RHUs" through the development of alternative housing units and other possible system changes.  *See* Defs.' Response to Pls.' Report on Weekly Serious Mental Illness Reports (Doc. 3750) at 6-7.

    The court will thus adopt the parties' jointly proposed format, with the two additions discussed above. The court will further adopt the timeline proposed in the

parties' joint report. Both parties also indicated their interest in involving the EMT to determine future revisions to the weekly reports. *See id*. at 53 (plaintiffs) ("If the EMT comes on and believes it would be useful to them, I think we would be more than happy to request the defendants add that."); *id.* at 56-57 (defendants) ("[O]ur expectation was always that the monitors were going to be evaluating these issues. And rather than us get too far into the weeds of this particular process, ... this is something that the monitors may wish to handle ... in a different way."). Once the EMT is operational, the parties and the EMT may evaluate and discuss whether a different array of information should be included in these weekly reports.

* * *

Accordingly, it is ORDERED that:

(1) The defendants shall use the attached template for all future weekly reports on individuals held in RHUs under exceptional circumstances, beginning with the weekly report to be filed on Tuesday, September 27, 2022

(reporting on the week from Monday, September 12, to Sunday, September 18).

(2) Weekly reports shall be filed with the court according to the weekly schedule described in the parties' joint report (Doc. 3706).

DONE, this the 23rd day of August, 2022.

                                           /s/ Myron H. Thompson
                                         **UNITED STATES DISTRICT JUDGE**