```
     IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
        MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

EDWARD BRAGGS, et al.,      )
                            )
     Plaintiffs,            )
                            )    CIVIL ACTION NO.
     v.                     )     2:14cv601-MHT
                            )         (WO)
JOHN HAMM, in his           )
official capacity as        )
Commissioner of             )
the Alabama Department of   )
Corrections, et al.,        )
                            )
     Defendants.            )
```

**OPINION REGARDING THE EXTENSION OF
THE PHASE 2A ADA CONSENT DECREE**

Previously, the court adopted a consent decree between the parties that provides, in part, for programming on Adaptive Behavior/Life Skills Training for certain prisoners, including those with intellectual disabilities.  *See* Consent Decree Concerning Mental Health Claims Arising Under the Americans with Disabilities Act and § 504 of the Rehabilitation Act of 1973 and Resolving the Phase 2A Trial of These Proceedings (Phase 2A ADA Consent Decree) (Doc. 1291).

The court notes that, according to the parties, this Adaptive Behavior/Life Skills Training programming is the only training of its kind nationally and is not provided by any other department of corrections. *See* August 30, 2022, Rough Draft Hearing Tr. at 3-4.

The parties now submit a joint motion to extend the court's supervision and monitoring under the Phase 2A ADA consent decree specifically as to Adaptive Behavior/Life Skills Training. *See* Joint Request (Doc. 3765). They further supplemented their motion with representations on the record at a videoconference on August 30, 2022, and in a joint filing, *see* Joint Submission of Findings of Fact (Doc. 3784). After conducting an independent assessment of these filings and representations, the court finds that the requested extension (granted by separate order) complies with the requirements of the Prison Litigation Reform Act, 18 U.S.C. § 3626, and makes the following findings:

(1) The court previously approved a consent decree between the parties requiring, in part, that the Alabama

Department of Corrections (ADOC) will provide Adaptive Behavior/Life Skills Training to certain individuals in its physical custody. *See* Phase 2A ADA Consent Decree at 13-17. ADOC is required to provide such training within six months of a prisoner meeting the criteria for enrollment in Adaptive Behavior/Life Skills Training. *Id*. at 13. The training must cover decision-making; stress management; communication skill building; risk-taking consequences; self-help; accessing prison services; hygiene; self-direction; and prison rules. *Id*. at 15-17. In addition, "every other year" all prisoners remaining in ADOC's physical custody who meet the criteria for Adaptive Behavior/Life Skills Training "shall undergo a refresher class" that covers the same topics. *Id*. at 14.

(2) Within ADOC, the Adaptive Behavior/Life Skills Training is primarily conducted by ADA coordinators at each facility. ADA coordinators are ADOC employees "charged with the duty of ensuring compliance" with the ADA. Consent Decree Concerning Claims Arising Under the

Americans with Disabilities Act and § 504 of the Rehabilitation Act of 1973, and Resolving the Phase 1 Trial of These Proceedings (Phase 1 ADA Consent Decree) (Doc. 728) at 10. The Phase 1 consent decree provides for annual ADA-compliance training for both ADA coordinators and other correctional staff. *See id*. at 55-57.

(3) ADOC's statewide ADA coordinator has developed a 22-hour curriculum for the Adaptive Behavior/Life Skills Training. *See* August 30, 2022 Rough Draft Hearing Tr. at 2, 7. The curriculum includes approximately 300 PowerPoint slides and covers the nine areas specified in the Phase 2A ADA Consent Decree. *See id.* at 3, 7. At this point, the required refresher course is "the same 22-hour class again," repeated "every two years." *Id.* at 7.

(4) During the coronavirus pandemic, ADOC has not maintained its full roster of programs and trainings, including the Adaptive Behavior/Life Skills Training course and associated refresher courses. *See id.* at 8

4

("[T]here were a period of time where ADOC, because of COVID, was not doing a lot of programs. This is one of the programs they were not doing."). As a result, many prisoners who require either the Adaptive Behavior/Life Skills Training course or a timely refresher of the same--pursuant to the Phase 2A ADA Consent Decree--have not received that programming. *See id.* The parties' proposed extension period will allow ADOC to make progress toward complying with its obligations to provide the Adaptive Behavior/Life Skills Training and refresher. *See* Joint Request (Doc. 3765) at 2.

(5) The Beta III and Beta IV tests are group-administered paper IQ tests that run approximately 30 to 40 minutes. *See* August 30, 2022 Rough Draft Hearing Tr. at 13-14. ADOC currently uses the Beta IV, a more recent iteration than the Beta III. *See id*. Per the Phase 1 ADA Consent Decree, prisoners who score below certain thresholds on the Beta III or Beta IV test will be identified by ADOC as having intellectual disabilities, thereby qualifying for programmatic

5

support including Adaptive Behavior/Life Skills Training.  *See* Phase 1 ADA Consent Decree at 29-30.

(6) Approximately 464 prisoners in ADOC custody have not been administered any version of the Beta test.  *See* August 30, 2022 Rough Draft Hearing Tr. at 16.  Approximately 3,340 individuals in ADOC custody have received a Beta IV score less than or equal to the eligibility cutoff (viz. 80).  *See id.*  Approximately 634 individuals in ADOC custody have received a Beta III score less than or equal to the eligibility cutoff (viz. 75).  *Id.*

(7) The parties' requested extension of the Phase 2A ADA Consent Decree as to Adaptive Behavior/Life Skills Training and Beta III/IV testing will allow ADOC to ensure that all prisoners have valid Beta III/IV scores so that the Department can determine who meets the eligibility criteria for Adaptive Behavior/Life Skills Training.  *See* Joint Request at 3.  This extension period will also allow ADOC to determine how long it will take to ensure that all eligible prisoners can take the

6

Adaptive Behavior/Life Skills Training and refresher as needed. *See id.* Because there are many prisoners in ADOC custody who (i) have not received Beta III/IV testing to determine their eligibility for Adaptive Behavior/Life Skills Training, (ii) have been identified as eligible for Adaptive Behavior/Life Skills Training but not yet received such training, or (iii) have not received a timely refresher of Adaptive Behavior/Life Skills Training, extending the Phase 2A ADA Consent Decree will enable ADOC to move toward compliance before the consent decree terminates.

(8) The requested extension affects only the provisions of the Phase 2A ADA Consent Decree that govern Adaptive Behavior/Life Skills Training and Beta III/IV testing. The remainder of the Phase 2A ADA Consent Decree will be unaffected by this extension. The Phase 1 ADA Consent Decree--including provisions that govern the training of ADA coordinators and correctional staff, as well as baseline requirements for Beta III/IV testing--will be unaffected by this extension.

7

(9) The parties stipulate that the requested extension meets the requirements of the Prison Litigation Reform Act.  *See* Joint Request at 2-3; Joint Submission of Findings of Fact (Doc. 3784) at 3-4.

For these reasons, the court finds that the requested extension is narrowly drawn, extends no further than is necessary to correct the violation of a federal right, is the least intrusive means necessary to correct that violation, will not have any adverse impact on public safety nor the operation of a criminal-justice system, and otherwise complies with the requirements of the Prison Litigation Reform Act, 18 U.S.C. § 3626.

DONE, this the 1st day of September, 2022.

                                                      /s/ Myron H. Thompson
                                              UNITED STATES DISTRICT JUDGE