IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
EDWARD BRAGGS, et al.,        )
                              )
      Plaintiffs,             )
                              )    CIVIL ACTION NO.
      v.                      )     2:14cv601-MHT
                              )        (WO)
JOHN HAMM, in his             )
official capacity as          )
Commissioner of               )
the Alabama Department of     )
Corrections, et al.,          )
                              )
      Defendants.             )
```

ORDER TO EXTEND COURT SUPERVISION
AND MONITORING OF THE PHASE 2A ADA CONSENT DECREE

The parties submitted a joint motion to extend the court's supervision and monitoring under the Phase 2A ADA consent decree.  As recorded in a separate opinion, the court finds that the requested extension complies with the requirements of the Prison Litigation Reform Act, 18 U.S.C. § 3626.  Upon consideration of the parties' joint motion and their representations to the court at a videoconference on August 30, 2022, it is ORDERED that the motion (Doc. 3765) is granted.

Furthermore, pursuant to the joint agreement of the parties, it is ORDERED that the following conditions shall apply:

(1) The termination date for specific provisions of the Phase 2A ADA consent decree (Doc. 1291), as described below, is extended to October 1, 2023. During the extension period, the court will retain jurisdiction--and monitoring will continue--as to Adaptive Behavior/Life Skills Training, pursuant to the consent decree. This extension does not affect other provisions in the Phase 2A ADA consent decree (Doc. 1291). This extension does not limit the provisions, enforcement, or monitoring of the Phase 1 ADA consent decree (Doc. 728).

(2) The defendants will pay an additional sum of $ 12,000 to the monitor, subject to the terms of the original consent decree, to cover the extension period.

(3) The plaintiffs will not seek additional attorney's fees at this time due to allegations of noncompliance with the consent decree, but may seek fees at a later date if they can demonstrate to the court

2

continued noncompliance and contempt for failure to comply in the future with the provisions of the Phase 2A ADA consent decree.

(4) The defendants will use the extension period to ensure all prisoners have valid Beta III/IV scores. The defendants will also use the extension period to determine how long it will take to ensure that all eligible prisoners are provided the opportunity to take the Adaptive Behavior/Life Skills Training course and to receive a refresher course.

(5) During the extension period, the plaintiffs will continue to work with the defendants. The plaintiffs further agree that they will not move forward with contempt proceedings during the extension period and that the extension resolves the pending dispute-resolution process concerning provision of Beta III/IV testing and provision of the Adaptive Behavior/Life Skills Training course to eligible prisoners.

(7) Depending on the time needed by the defendants and the Alabama Department of Corrections to reach

3

compliance with the Phase 2A ADA consent decree, the plaintiffs may seek an additional extension or other remedies as permitted by law, including attorney's fees if appropriate.

(8) The parties are to comply with any, and all, other provisions contained in the joint motion to extend the court's supervision and monitoring under the Phase 2A ADA consent decree (Doc. 3765).

DONE, this the 1st day of September, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

4