IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:14cv601-MHT |
| | ) | (WO) |
| JOHN HAMM, in his | ) | |
| official capacity as | ) | |
| Commissioner of | ) | |
| the Alabama Department of | ) | |
| Corrections, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER**

On August 22, 2022, the court ordered the parties (i) to "file with the court a joint proposal of a schedule to mediate the issue of how to enable the safe functioning of ADOC's RHUs with ADOC's current levels of correctional staffing" (Doc. 3763) and (ii) to "file with the court a joint proposal on a schedule to mediate the issues identified above regarding the development of a plan to address ADOC's correctional staffing levels and a method to assess and reassess over time the effectiveness of the

steps taken pursuant to that plan" (Doc. 3764). In response to a motion from the parties, *see* Joint Motion for Extension of Time (Doc. 3772), the court reset the deadline for each filing for September 5, 2022, at 5:00 P.M., *see* Revised Remedy Scheduling Order (Doc. 3775).

The parties have now submitted a joint filing styled as a "Joint Status Report on Mediation of Correctional Staffing and Operation of RHUs." Joint Status Report (Doc. 3791) at 1. Despite this heading, the filing omits any reference to the order concerning "the safe functioning of ADOC's RHUs" (Doc. 3763) and discusses only the second order (Doc. 3764). The two orders address separate issues. The first is about drafting measures to ensure the safe functioning of the RHUs until the issue of understaffing can be remedied. The second is about remedying the issue of understaffing.

Accordingly, it is ORDERED that:

(1) The parties are to clarify whether their joint filing (Doc. 3791) was intended to address both (i) ensuring the safe functioning of the RHUs (through any

appropriate measures despite current levels of correctional staffing), pursuant to Doc. 3763, and (ii) a plan to address and assess ADOC correctional staffing levels, pursuant to Doc. 3764.

(2) In any event, the parties are to explain specifically their joint proposal of a schedule to mediate the issue of how to enable "the safe functioning of ADOC's RHUs" in light of ADOC's current levels of correctional staffing.

(3) The parties are to respond to this order in a joint filing by noon on September 8, 2022.

DONE, this the 7th day of September, 2022.

                                                        /s/ Myron H. Thompson
                                                       UNITED STATES DISTRICT JUDGE