IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
EDWARD BRAGGS, et al.,       )
                             )
    Plaintiffs,              )
                             )   CIVIL ACTION NO.
    v.                       )     2:14cv601-MHT
                             )         (WO)
JOHN HAMM, in his            )
official capacity as         )
Commissioner of              )
the Alabama Department of    )
Corrections, et al.,         )
                             )
    Defendants.              )
```

PHASE 2A ORDER DENYING MOTION TO INTERVENE

Troy Connell, an inmate in the custody of the Alabama Department of Corrections (ADOC), seeks to intervene in the so-called "Phase 2A" part of this longstanding litigation challenging the adequacy of mental-health care for ADOC inmates. For reasons that follow, Connell's motion to intervene will be denied.

State prisoners and the State's designated protection and advocacy program filed this class-action lawsuit against the ADOC Commissioner and the ADOC Interim Associate Commissioner of Health Services,

claiming that ADOC failed to provide minimally adequate mental-health care to its inmates in violation of the Eighth Amendment.  The court agreed in 2017.  *See Braggs v. Dunn*, 257 F. Supp. 3d 1171 (M.D. Ala. 2017) (Thompson, J.).  After years of court proceedings, imposition of partial remedies, and negotiations, the court established, in 2021, a Phase 2A omnibus remedial framework for redressing the constitutional violations identified by the court. *See Braggs v. Dunn*, 562 F. Supp. 3d 1178 (M.D. Ala. 2021) (Thompson, J).  The monitoring phase of this case is now ongoing as both parties work to bring the ADOC in compliance with the 2021 court-ordered relief.

Connell is an inmate at the St. Clair County Correctional Facility, which is operated by the ADOC. *See* Compl. in Intervention (Doc. 3633-1) at 4.  He identifies himself as a member of this litigation's certified Phase 2A class ("a class of all persons with a serious mental-health disorder or illness who are ... subject to defendants' mental-health care policies and

practices in ADOC facilities"). *See Braggs v. Dunn*, 317 F.R.D. 634, 673 (M.D. Ala. 2016) (Thompson, J.) (certifying the proposed plaintiff class).

With his motion for leave to intervene, he contends that, in the future, the ADOC will use unrestricted appropriations from the Alabama Legislature to lease new, as-yet unconstructed prisons, leaving the ADOC unable to "comply with this Court's injunction" to improve correctional-staffing levels. Compl. in Intervention (Doc. 3633-1) at 8. He cites "present economic prospects," without providing any further clarification, to argue that the Alabama Legislature's budget revenues will fall short of what is expected, hindering the State's ability to comply with the injunctions this court has issued over the course of litigation in this case. *Id*.

He seeks a declaratory judgment from this court that he and other class members have a legally cognizable security interest in the State Legislature's budgetary expenditure to the ADOC. He further seeks a declaration

3

that this requested security interest is prior in right to any security interests claimed by the Alabama Corrections Finance Authority, Regions Bank, or any other legal entity.  *See* Compl. in Intervention (Doc. 3633-1) at 9.

Connell seeks to intervene both as a matter of right and as a matter of discretion, pursuant to Rule 24 of the Federal Rules of Civil Procedure.

Rule 24(a) of the Federal Rules of Civil Procedure provides two pathways for intervention of right.[1]  Subpart (a)(1) to the rule provides an unconditional right by a federal statute.  Connell does not make the argument that any federal statute gives him the right to intervene in this case.  *See* Compl. in Intervention (Doc. 3633-1).

---

1. Rule 24(a) provides:

"(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

>     (1) is given an unconditional right to intervene by a federal statute; or
>
>     (2) claims an interest relating to the property or transaction that is the subject of the action, and is so

4

Subpart (a)(2) of Rule 24 provides a second pathway for intervention of right: where the person moving for intervention "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately protect that interest."  Fed. R. Civ. P. 24(a)(2).

The Eleventh Circuit Court of Appeals has long held that intervention as a right under subpart (a)(2) requires a third party to demonstrate four factors: "that (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may

> situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

5

impede or impair his ability to protect that interest; and (4) his interest in the suit is represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).  A party seeking such intervention "bear[s] the burden of proof to establish *all four* [*Chiles* factors] for intervention as a matter of right."  *Burke v. Ocwen Financial Group*, 833 Fed. App'x 288, 291 (11th Cir. 2020) (emphasis added).

The court begins its analysis with the second *Chiles* factor, which deals with the potential intervenor's interest in the property or transaction at the center of the action.  "A legally protectable interest 'is something more than an economic interest.'"  *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (quoting *United States v. South Fla. Water Mgmt. Dist.*, 922 F.2d 704, 710 (11th Cir. 1991)).  Rather, it is one which "substantive law recognizes as belonging to or being owned by the applicant."  *Id*.

6

In his motion, Connell asserts that the Phase 2A class's interests in the ADOC's compliance with the ongoing injunction, combined with his prediction of future ADOC budgetary shortages, is enough to create a legally cognizable security interest in the ADOC's legislative budget allocation.  *See* Compl. in Intervention (Doc. 3633-1) at 8.  At no point does he identify any applicable substantive Alabama law to support his position that he has a direct security interest in state funds necessary to fulfill the terms of this court's 2021 omnibus remedial order.  "Interests that are contingent upon some future events and which are 'purely a matter of speculation' are not 'the kind of protectable interest ... necessary to support intervention as of right.'"  *Laube v. Campbell*, 215 F.R.D. 655, 657 (M.D. Ala. 2003) (Thompson, J.) (quoting *ManaSota-88, Inc. v. Tidwell*, 896 F.2d. 1318, 1322 (11th Cir. 1990)).

Here, Connell's asserted right is purely speculative and based on economic projections that have not yet

7

occurred. He has not stated an interest sufficient for mandatory intervention under Rule 24(a)(2). *See Laube*, 215 F.R.D. at 657 (denying a motion to intervene on the ground that the stated interest depended "on the occurrence of a long sequence of events before it could become colorable.").

Because Connell fails to meet the second *Chiles* factor, by virtue of the fact that he does not identify a legally cognizable interest, the court need not determine whether his motion to intervene satisfies the remaining *Chiles* factors. He cannot intervene as a matter of right.

Subpart (b) of Rule 24 of the Federal Rules of Civil Procedure gives the court discretion to grant permissive intervention in response to timely motions filed by third parties who are in either of two groups. Fed. R. Civ. P. 24(b)(1).[2] The first category of possible intervenors

---

2. Rule 24(b) provides in part:

"(b) Permissive Intervention.

consists of those who are given a conditional intervention right by federal statute. *Id*. at (b)(1)(A). As stated, Connell does not identify any such statue in his motion to intervene. *See* Compl. in Intervention (Doc. 3633-1). The second category of potential third-party intervenors consists of those who have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Even when third parties are able to make such a showing, the court may exercise its discretion, and must consider

---

> (1) *In General.* On timely motion, the court may permit anyone to intervene who:
>
> (A) is given a conditional right to intervene by a federal statute; or
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> \*\*\*
>
> (3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

whether intervention would "unduly delay or prejudice the adjudication of the original parties' rights." *Id*. at (b)(3).

As written, Connell interprets the 2021 remedial order to include granting class members a degree of financial control over ADOC's budgetary expenditures, and he contends that the State's anticipated actions would prejudice the ongoing adjudication of the parties' rights. Whether this interpretation is accurate or not and whether Connell has "a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B), the court sees no need for more plaintiffs to enter this litigation to choose which contentions to present and how to present them, that is, to make the strategic decisions as to how this case should proceed. The current plaintiffs--who consist of not only inmates, but also the State's designated protection and advocacy program--and their counsel have adequately represented the plaintiff class, and continue to do so. The intervention of more plaintiffs would unnecessarily

10

further complicate this already complicated case. *See id*. 24(b)(3) ("In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.")

The court, therefore, in its discretion will deny Connell's request for permissive intervention under Rule 24(b).

\* \* \*

Accordingly, it is ORDERED that Troy Connell's motion for leave to intervene (Doc. 3633) is denied.

It is further ORDERED that his request for judicial notice (Doc. 3655) is denied. The court finds that the request is moot. Even if granted, intervention would still be unwarranted.

DONE, this the 17th day of October, 2022.

                               /s/ Myron H. Thompson
                               **UNITED STATES DISTRICT JUDGE**