IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:14cv601-MHT |
| | ) | (WO) |
| JOHN HAMM, in his | ) | |
| official capacity as | ) | |
| Commissioner of | ) | |
| the Alabama Department of | ) | |
| Corrections, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REVISED REMEDY SCHEDULING ORDER
ON PHASE 1 AND PHASE 2A ADA CLAIMS
AND PHASE 2A EIGHTH AMENDMENT CLAIM

It is ORDERED that the parties' joint motion for an extension as to certain deadlines related to mental-health staffing reports (Doc. 3831) is granted and that the deadlines and dates for the Phases 1 and 2A remedy scheduling order for the ADA and Eighth Amendment claims remain and are revised as set forth below.

| | OLD DATES | NEW DATES |
|---|---|---|
| | | |
| I. GENERAL | | |
| The effective date of the Phase 2A Omnibus Remedial Order.  (Doc. 3464) at § 1.3. | 3/9/2022 | |
| | | |
| II. PHASE 1 AND PHASE 2A ADA CLAIMS | | |
| Phase 2A ADA: Consent decree as to Adaptive Behavior/Life Skills Training and associated Beta III/IV testing will terminate. (Doc. 3787). | 10/1/2023 | |
| Phase 2A ADA: Deadline for termination of monitoring. (Doc. 3801). | 10/1/2023 | |
| Phase 1:  Deadline for alterations to Birmingham Community Based Facility/Community Work Center and Frank Lee Community Based Facility/Community Work Center (Doc. 3801). | 1/1/2023 | |
| Phase 1:  Deadline for alterations to William E. Donaldson (Doc. 3801). | 5/31/2023 | |
| Phase 1:  Deadline for completion of alterations for the second and third phases regarding the removal, remediation, or construction of new facilities. (Doc. 3801). | 11/1/2027 | |
| Phase 1:  Deadline for termination of monitoring. (Doc. 3801). | 11/1/2028 | |
| Status conference: Parties should be prepared to discuss mediation efforts before Judge Ott concerning the Phase 1 and Phase 2A ADA Consent Decrees, including how often mediation is occurring and whether they will be able to complete mediation within six months of September 22, 2022, as they represented at the September 22 status conference. (Doc. 3778, Doc. 728, Doc. 1291, & Doc. 3762). | 11/7/2022 at 9:00 a.m. | |
| | | |
| III. PHASE 2A EIGHTH AMENDMENT CLAIM | | |

| MONITORING | | |
|---|---|---|
| The parties are to file a joint report on the operating status of the EMT (including whether it is up and running and fully functional); whether contracts for all EMT members have been finalized and executed, and, if not, why not; whether Dr. Elizabeth Falcon now serves as administrative head; and whether a point of contact within the ADOC has been designated for the purposes of assisting the EMT with any issues that might arise, and, if so, who that point person is. | 10/27/2022 at 5:00 p.m. | |
| Status conference: The parties should be prepared to address the EMT issues identified in the preceding paragraph. | 11/7/2022 at 9:00 a.m. | |
| | | |
| CORRECTIONAL STAFFING | | |
| The defendants must submit correctional staffing reports to the court and the EMT.  (Doc. 3464) at § 2.1.6.  By agreement of the parties, the defendants are to submit these reports on the dates set forth in the Phase 2A Understaffing Remedial Order (Doc. 1657) at § 4, namely, March 1, June 1, September 1, and December 1 of each year. | On March 1, June 1, September 1, and December 1 of each year | |
| The parties submitted a joint filing concerning a proposal for the mediation and development of a concrete plan to address ADOC's still grossly inadequate correctional staffing levels and a method to assess and reassess over time the effectiveness of the steps taken pursuant to that plan.  (Doc. 3791).  The court adopted the parties' proposal and ordered joint reports on the same to be filed every 21 days. (Doc. 3795). | Status report due 9/27/2022 and every 21 days thereafter | |
| Status conference: The parties should be prepared to address their efforts as to mediation of | 11/7/2022 at 9:00 a.m. | |

| | | |
|---|---|---|
| the correctional staffing issues as reflected in their 21-day reports. (Doc. 3791 & Doc. 3795). The parties should be prepared to discuss firm deadlines for the development and implementation of the plan. | | |
| The formatting for the correctional staffing reports shall be further revised, if necessary, based on input from the EMT.  *See* Phase 2A Omnibus Remedial Order (Doc. 3464) at § 2.1.6. | To be determined | |
| The defendants proposed that they begin developing ADOC's policy related to correctional staffing analysis by March 28, 2022.  *See* Defs.' Proposal Regarding ADOC's Staffing Unit (Doc. 3546).  On April 20, 2022, the defendants filed a notice that they had "initiated the creation of a policy to provide instruction on developing and maintaining a correctional staffing analysis." Defs.' Notice (Doc. 3558) at 2. See below the process as to how to keep the court and the EMT abreast of the defendants' continued progress in updating the correctional staffing analysis. | Done | |
| The defendants proposed that they begin collecting information from ADOC's major facilities for updating the Savages' 2018 staffing analysis by April 1, 2022.  *See* Defs.' Proposal Regarding ADOC's Staffing Unit (Doc. 3546).  On April 20, 2022, the defendants filed a notice that they had "initiated the collection of necessary documents from ADOC's major facilities to facilitate updating the Savages' 2018 staffing analysis." Defs.' Notice (Doc. 3558) at 2.  See below for the process for keeping the court and the EMT abreast of the defendants' continued | Done | |

| | | |
|---|---|---|
| progress in updating the correctional staffing analysis. | | |
| The defendants proposed that they begin visiting ADOC's major facilities to gather information for updating the Savages' 2018 staffing analysis by May 1, 2022. *See* Defs.' Proposal Regarding ADOC's Staffing Unit (Doc. 3546). On May 3, 2022, the defendants filed a notice that they had "coordinated with Russ and Meg Savage ... to conduct tours of two (2) major facilities ... on May 4-6, 2022." Defs.' Notice (Doc. 3565) at 2.  See below the process as to how to keep the court and the EMT abreast of the defendants' continued progress in updating the correctional staffing analysis. | Done | |
| The defendants report that they have obtained information from more than half of ADOC's major facilities for updating the Savages' 2018 staffing analysis. (Doc. 3663).  Per the defendants' proposal, the defendants are to complete the information as to the remaining facilities by August 31, 2022.  *See* Defs.' Notice (Doc. 3663) at 3-4.  The defendants filed their report, reflecting efforts were completed on September 16, 2022.  (Doc. 3796). | Done | |
| Pursuant to the court's order requiring the defendants to keep the court, the EMT, and the plaintiffs abreast of the defendants' continued progress in updating the correctional staffing analysis, the defendants shall file reports on their progress in updating their correctional staffing analysis. (Doc. 3757). | First non-court-holiday business day of each month, beginning September 2022 | |
| Status conference: The parties should be prepared to address what the above first-of-the month | 11/7/2022 at 9:00 a.m. | |

| | | |
|---|---|---|
| reports on staffing analysis progress reflect. | | |
| Coordinator Cheryl Price and other members of the agency staffing unit, or "resource planning unit," are to participate in the training program on correctional staffing analysis taught by the National Institute of Corrections (NIC). In light of the defendants' representation that ADOC was not yet selected to participate in the NIC's training programs, *see* Defs.' Status Reports (Doc. 3563, Doc. 3663, Doc. 3702, Doc. 3790); and pursuant to the court's order requiring defendants to continue to pursue such training (Doc. 3756); plaintiffs and defendants are to file reports on their court-ordered efforts to look into why NIC has rejected ADOC's applications and what, if anything, ADOC can do to boost the likelihood of its success in getting NIC training in early 2023 (Doc. 3821). | 10/28/2022 at 5:00 p.m. | |
| Status conference: The parties should be prepared to address their reports on their court-ordered efforts to look into why NIC has rejected ADOC's applications, etc. (Doc. 3821). | 11/7/2022 at 9:00 a.m. | |
| Plaintiffs' counsel to meet with Russ and Meg Savage (Doc. 3820). | 10/11/2022 | |
| Parties to file joint report on whether further mediation and/or court action is necessary on the issue of plaintiffs' meeting with the Savages (Doc. 3820). | 10/27/2022 at 5:00 p.m. | |
| Status conference: The parties should be prepared to address whether further mediation and/or court action is necessary on the issue of plaintiffs' meeting with the Savages (Doc. 3820). | 11/7/2022 at 9:00 a.m. | |
| The defendants are to complete the update to the Savages' 2018 staffing analysis.  The defendants shall file a notice | 11/1/2022 at 5:00 p.m. | |

| | | |
|---|---|---|
| with the court confirming that they have met this deadline. | | |
| Status conference: The parties should be prepared to address the defendants' notice of the completion of the above update to the 2018 staffing analysis. | 11/7/2022 at 9:00 a.m. | |
| The defendants must develop with the Savages, and submit to the court, realistic benchmarks for the level of correctional staffing ADOC will attain by December 31 of 2022, 2023, and 2024 respectively to put ADOC on track to fill all mandatory and essential posts by July 1, 2025. (Doc. 3464) at § 2.1.5. | 12/1/2022 at 5:00 p.m. | |
| Deadline by which ADOC must fill all mandatory and essential posts at the level indicated in the most recent staffing analysis at that time. (Doc. 3464) at § 2.1.4. | 7/1/2025 | |
| | | |
| MENTAL-HEALTH STAFFING | | |
| The defendants must submit mental-health staffing reports to the court and the EMT.  (Doc. 3464) at § 2.2.4.   By agreement of the parties, the defendants are to submit these reports on the dates set forth in the Phase 2A Understaffing Remedial Order (Doc. 1657) at § 4, namely, March 1, June 1, September 1, and December 1 of each year. | On March 1, June 1, September 1, and December 1 of each year | |
| The parties filed reports on what the most recent quarterly mental-health staffing reports to the court reflect.  (Doc. 3709 & Doc. 3749).  At the status conference on August 15, 2022, the court decided to take no action.  Instead, it decided to revisit the issue later.  (Doc. 3766).  Accordingly, the plaintiffs are to file a report with an update on what the most recent quarterly mental-health staffing reports to the court reflect.  In doing so, the | 10/28/2022 at 5:00 p.m. | 11/11/2022 at 5:00 p.m. |

| | | |
|---|---|---|
| plaintiffs should also address what the court identified as an apparent disagreement on the appropriate method for comparison of ADOC's mental-health staffing levels against the levels set forth by the mental-health staffing ratios and mental-health staffing matrix incorporated in Sections 2.2.1 and 2.2.3 of the Phase 2A Omnibus Remedial Order (Doc. 3464), including what efforts, if any, they have made at mediation with Judge Ott if the parties continue to disagree. (Doc. 3766). | | |
| The defendants are to file a response to the plaintiffs' report regarding the quarterly mental-health staffing reports, including the disagreement noted above. (Doc. 3766). They should also note what efforts, if any, they have made at mediation with Judge Ott if the parties continue to disagree. | 11/4/2022 at 5:00 p.m. | 11/18/2022 at 5:00 p.m. |
| Status conference: The parties should be prepared to address what the most recent updates on the quarterly mental-health staffing reports to the court reflect. They should also be prepared to address any efforts at mediation with Judge Ott regarding the disagreement noted above. | 11/7/2022 at 9:00 a.m. | 12/14/2022 at 9:00 a.m. |
| The formatting for the mental-health staffing reports shall be revised, if necessary, based on input from the EMT. *See* Phase 2A Omnibus Remedial Order (Doc. 3464) at § 2.2.4. | To be determined | |
| The EMT shall review ADOC's mental-health staffing ratios and, if necessary, make recommendations for revising them. (Doc. 3464) at § 2.2.2. | Beginning one year from the initiation of monitoring | |
| Deadline by which ADOC must achieve the staffing levels set forth in the staffing matrix previously approved by the court | 7/1/2025 | |

| | | |
|---|---|---|
| in the Phase 2A Order and Injunction on Mental-Health Staffing Remedy (Doc. 2688), subject to any subsequent modifications. (Doc. 3464) at § 2.2.3. | | |
| | | |
| RESTRICTIVE HOUSING | | |
| The defendants must file with the court and the EMT reports on each inmate who has been in restrictive housing for longer than 72 hours under exceptional circumstances during that week. (Doc. 3464) at § 3.1.4, (Doc. 3557), and (Doc. 3771). | On a weekly basis | |
| The court required the parties to file reports on what the most recent weekly SMI reports to the court reflect (trends, etc., if any).  While the reports raised serious concerns, the court decided at the August 15, 2022, status conference not to take any immediate action, with the understanding that the EMT will examine the concerns closely in the very near future and that, otherwise, the court will reconsider looking into the issue itself  (Doc. 3768). Accordingly, the parties are to file a joint report on whether the EMT is now looking into the concerns and whether the court should reconsider looking into the issue itself (*id.*). | 11/4/2022 at 5:00 p.m. | |
| Status conference: The parties should be prepared to address the issue of whether the EMT is addressing the court's concerns about what the weekly SMI reports reflect and whether the court should reconsider looking into the concerns itself.  (Doc. 3768). | 11/7/2022 at 9:00 a.m. | |
| The parties submitted a joint filing concerning a proposal for the mediation and development of plan that will allow ADOC's RHUs (with the exception of the RHU at | Status report due 9/27/2022 and every 21 days thereafter | |

| | | |
|---|---|---|
| Tutwiler) to function safely with the correctional staff that ADOC currently employs.  (Doc. 3794).  The court adopted the parties' proposal and ordered joint reports on the same to be filed every 21 days. (Doc. 3795). | | |
| Status conference:  The parties should be prepared to address their efforts as to mediation of the RHU issues as reflected in their 21-day reports. (Doc. 3791 & Doc. 3795).   The parties should be prepared to discuss firm deadlines for the development and implementation of the plan. | 11/7/2022 at 9:00 a.m. | |
| The Phase 2A omnibus remedial order provided that all RHU cells must be cleaned by June 8, 2022. (Doc. 3464) at § 3.1.1.  The defendants filed a notice with the court confirming that they have met this deadline.  (Doc. 3698).  Based on the representations made at the status conference on August 15, the court stated that it will not take any immediate action with respect to the continued cleanliness of RHU cells, albeit with the expectation that the EMT will monitor the issue as soon as it is fully operational.  (Doc. 3770).  The court stated that it would revisit the issue later in light of the status of the EMT at that time.  (Doc. 3770).  Accordingly, the parties are to file a joint report on whether the EMT is monitoring the issue of the  continued cleanliness of RHU cells and, if not, whether the court itself needs to take further action.  (Doc. 3770). | 11/4/2022 at 5:00 p.m. | |
| Status conference: The parties should be prepared to address the issue of the continued cleanliness of RHU cells.  (Doc. 3770). | 11/7/2022 at 9:00 a.m. | |

| | | |
|---|---|---|
| Deadline by which all RHU cells must comply with the conditions set forth in Lindsay M. Hayes's Checklist for the "Suicide-Resistant" Design of Correctional Facilities (Doc. 3206-5). (Doc. 3464) at § 3.1.3. Stayed pursuant to opinion and order on motion to stay. (Doc. 3526) at 75-76. | Stayed | |
| | | |
| SUICIDE PREVENTION | | |
| ADOC must conduct inspections of all suicide watch, SU, and RHU cells to verify that they meet the conditions set forth Lindsay M. Hayes's Checklist for the "Suicide-Resistant" Design of Correctional Facilities (Doc. 3206-5). (Doc. 3464) at § 2.1.7.2. Stayed as to RHU cells pursuant to opinion and order on motion to stay. (Doc. 3526) at 75-76. | Stayed as to RHU cells only; otherwise, on a quarterly basis | |
| | | |
| HIGHER LEVELS OF CARE | | |
| In collaboration with the EMT, ADOC must reassess (1) the number of inmates on its mental-health caseload and (2) whether the current estimate of the percentage of the mental-health caseload requiring inpatient treatment is accurate. (Doc. 3464) at § 11.2.2. | On an annual basis | |
| The parties have submitted to the court their views on the issue of whether serious risks are posed by high temperatures in the mental-health units, (Doc. 3464) at § 11.3, including the adequacy of Administrative Regulation 619 as a means of addressing the risk in light of the court's previous discussion of its concerns as to that regulation, *see* Phase 2A Inpatient Treatment Remedial Opinion and Order*, Braggs v. Dunn*, 2020 WL 2789880, *14-15 (M.D. Ala. 2020) (Thompson, J.) (discussing Administrative | 10/27/2022 at 5:00 p.m. | |

| | | |
|---|---|---|
| Regulation 619); *see also* Phase 2A Omnibus Remedial Order (Doc. 3464) at § 11.3, and the question of whether ADOC employees are trained to follow the regulation. Based on the parties' written filings and representations on August 15 and September 22, 2022, the court is requiring that the parties pursue mediation of these concerns with Judge Ott. (Doc. 3767). The parties filed one report on their efforts on September 16, 2022 (Doc. 3797). The court will require that they file another joint report of their mediation efforts. | | |
| Status conference: The parties should be prepared to discuss the results of their mediation efforts on the issue of the risk of high temperatures in the mental-health units, as described above. (Doc. 3464) at § 11.3. (Doc. 3767) | 11/7/2022 at 9:00 a.m. | |
| | | |
| | | |
| **IV. MISCELLANEOUS** | | |
| **STATUS CONFERENCES** | | |
| Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). It is reset due to a conflict. However, the reports are still due on 10/27/2022. | 11/7/2022 at 9:00 a.m. | |
| Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 2/10/2023 at 9:00 a.m. | |
| Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 7/7/2023 at 9:00 a.m. | |
| Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 11/17/2023 at 9:00 a.m. | |

| | | |
|---|---|---|
| Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 2/9/2024 at 9:00 a.m. | |
| Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 7/12/2024 at 9:00 a.m. | |
| Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 11/22/2024 at 9:00 a.m. | |
| Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 2/7/2025 at 9:00 a.m. | |
| | | |
| | | |
| STANDING ORDERS FOR HEARINGS AND STATUS CONFERENCES | | |
| All hearings and evidentiary hearings shall be in accordance with the order entered on 1/15/2020 (Doc. 2727), unless otherwise specified. | | |
| All hearings, evidentiary hearings, and status conferences are to be by videoconferencing unless otherwise specified. | | |

DONE, this the 26th day of October, 2022.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

13