**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | |
|---|---|
| EDWARD BRAGGS, et al.,       ) | |
|                              ) | |
|     Plaintiffs,              ) | |
|                              ) | CIVIL ACTION NO. |
|     v.                       ) |   2:14cv601-MHT |
|                              ) |       (WO) |
| JOHN HAMM, in his            ) | |
| official capacity as         ) | |
| Commissioner of              ) | |
| the Alabama Department of    ) | |
| Corrections, et al.,         ) | |
|                              ) | |
|     Defendants.              ) | |

**PHASE 2A ORDER ON CLEANING OF RHU CELLS**

On December 27, 2021, the court ordered that "the cells in the RHUs must be cleaned" within three months of the order's effective date of February 7, 2022. Phase 2A Omnibus Remedial Order (Doc. 3464) at §§ 1.3 and 3.1.1. *The court then ordered the defendants to "file a notice with the court confirming" that "all RHU cells [were] cleaned by June 8, 2022." Phase 2A Revised Remedy

---

* Due to a numbering error, "§ 3.1" is used twice in the Phase 2A Omnibus Remedial Order. This order is referring to Doc. 3464 at 16 (the provision describing Restrictive Housing Cells).

Scheduling Order on the Eighth Amendment Claim (Doc. 3664) at 10.

In August 2022, the defendants filed a notice "confirming that ADOC cleaned all [RHU] cells in response to the Phase 2A Omnibus Remedial Order." Defs.' Notice Confirming Cleaning (Doc. 3698) at 1. They also attached a declaration by an ADOC regional director stating that the facility heads of all "major male facilities within ADOC" containing RHU cells had "submitted a signed memorandum ... certifying that the RHU cells in his or her facility had been cleaned within the three (3) months prior to June 8, 2022," and attaching those signed memoranda, although the memoranda do not specify the specific date when the RHU cells at any facility were cleaned. Declaration of Edward Ellington (Doc. 3698-1) at ¶¶ 5-6; see id. at Ex. A (signed memoranda from the facility heads).

However, the court has nonetheless been concerned about how the parties "can be confident that the RHU cells will remain clean." See Order on Cleaning of RHU

Cells (Doc. 3770).  To wit, on August 23, 2022, the court entered an order stating that "the court will take no action at this time" but "it will revisit the issue later to see whether the EMT ... is looking into the issue." *Id.* at 3.

Since that order, the EMT has begun operation. *See* Joint Report on Operating Status of the EMT (Doc. 3838). The parties have assured the court that "the EMT is aware of this Court's continued focus" on the cleanliness of the RHU. *See* Joint Report on Select Issues Related to Monitoring by the External Monitoring Team (Doc. 3850) at 3.  Based on these representations, the court will not take any substantive action with respect to the continued cleanliness of the RHUs at this time, with the understanding that the EMT is examining closely the issues identified in the court's prior order.  *See* Order on Cleaning of RHU Cells (Doc. 3770).  If the EMT is not doing so, the court will reconsider looking into the issue itself.  However, the court would like another status report on the issue.

3

* * *

Accordingly, it is ORDERED that:

(1) The parties are to file another joint status report by 5:00 p.m. on December 9, 2022, that addresses the status of the EMT's monitoring of the continued cleanliness of the RHUs.

(2) The above issue is set for oral argument on December 14, 2022, at 9:00 a.m.

DONE, this the 28th day of November, 2022.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**