IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:14cv601-MHT |
| | ) | (WO) |
| JOHN HAMM, in his | ) | |
| official capacity as | ) | |
| Commissioner of | ) | |
| the Alabama Department of | ) | |
| Corrections, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON MEDIATION OF PHASE 1 and PHASE 2A ADA CLAIMS

The court held an on-the-record triannual conference
on November 7, 2022.  Before that conference, the parties
filed separate status reports concerning the Phase 1 and
Phase 2A ADA Consent Decrees.  *See* Triannual Status
Reports (Doc. 3835 & Doc. 3841).  Those reports included
"an overview of what progress has been made, or not made
[regarding the Phase 1 and Phase 2A ADA Consent Decrees];
what steps, if any, they suggest should be taken; and any
other specific issues [they] would like to be discussed."
Order on ADA Aspects of the Case (Doc. 3480) at 2.

Notably, neither the plaintiffs' nor the defendants' respective status report requests that the court taken any action at this time.  Rather, all parties agree that meditation is ongoing as to the remaining ADA issues and that they have not reached either an impasse or a resolution.  However, based on the discussions had on the record at the triannual conference, the court now addresses several discrete issues related to both the Phase 1 and Phase 2A ADA Consent Decrees.

*As to Phase 1*:  At the conference, the parties represented that they expect mediation to conclude as to the remaining Phase 1 ADA issues by March 20, 2023. However, because the next triannual conference is set for February 10, 2023, before that March deadline, the court will require the parties to file a joint report by January 27, 2023, indicating whether they think it likely that the remaining Phase 1 ADA issues will be resolved by the March 20 deadline--and, if unlikely, what further steps should be taken.

2

*As to Phase 2A*:  The parties represented at the November 7 triannual conference that they have mediated all ADA issues pertaining to Phase 2A.  Additionally, per this court's order and the parties' agreement, all that remains in the Phase 2A ADA Consent Decree is the monitoring of and compliance with the Adaptive Behavior/Life Skills Training provision of the consent decree.  *See* Order Extending Court Supervision (Doc. 3788) at 2.  And that provision will terminate on October 1, 2023.  *Id.*

On August 11, 2022, the Alabama Disabilities Advocacy Program, acting as monitor, issued its latest Phase 2A ADA Monitoring Report, which covers the period of October 1 to December 31, 2021.  *See* Plaintiffs' Status Report (Doc. 3841).  In the report, the monitor identified areas of noncompliance related to Beta III and IV testing as well as the provision of Adaptive Behavior/Life Skills Training classes.  *Id.*  During the November 7 triannual conference, the monitor represented that it has requested

and is awaiting more information from the ADOC to determine ADOC's ongoing compliance with Phase 2A.

At the November 7 triannual conference, the parties confirmed that they are still pursuing mediation. However, if the parties are to have time to obtain final resolution of the Phase 2A ADA issue under the appropriate dispute-resolution process, they must initiate such resolution well in advance of the October 1 termination date.

Accordingly, based on the representations made on the record at the triannual status conference on November 7, 2022, and based on the parties' triannual status reports, the court will not at this time take further action regarding the ADA aspects of this case.

However, it is ORDERED that:

(1) On before January 27, 2023, the parties are file a joint report addressing not only whether they still expect to resolve all remaining ADA issues by March 20, 2023, but specifically addressing whether they can do so

**4**

as to the remaining Phase 2A ADA issue in light of the looming October 1, 2023, termination date.

(2)   The joint report is set for oral argument on February 10, 2023, at 9:00 a.m.

DONE, this the 28th day of November, 2022.

_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE

5