IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| EDWARD BRAGGS, et al.,   ) | |
| ) | |
| Plaintiffs,   ) | |
| ) | CIVIL ACTION NO. |
| v.   ) | 2:14cv601-MHT |
| ) | (WO) |
| JOHN HAMM, in his   ) | |
| official capacity as   ) | |
| Commissioner of   ) | |
| the Alabama Department of   ) | |
| Corrections, et al.,   ) | |
| ) | |
| Defendants.   ) | |

**REVISED REMEDY SCHEDULING ORDER
ON PHASE 1 AND PHASE 2A ADA CLAIMS
AND PHASE 2A EIGHTH AMENDMENT CLAIM**

It is ORDERED that the defendants' and plaintiffs' motions for extension of time (Doc. 3857 & Doc. 3867) are granted, and that based on the motions and the representations made at the triannual status conference on November 7, 2022, the deadlines and dates for the Phases 1 and 2A remedy scheduling order for the ADA and Eighth Amendment claims remain and are revised as set forth below.

|  | OLD DATES | NEW DATES |
|---|---|---|
|  |  |  |
| **I. GENERAL** | | |
| The effective date of the Phase 2A Omnibus Remedial Order. (Doc. 3464) at § 1.3. | 3/9/2022 |  |
|  |  |  |
| **II. PHASE 1 AND PHASE 2A ADA CLAIMS** | | |
| Phase 1:  Deadline for termination of monitoring. (Doc. 3801). | 11/1/2028 |  |
| Phase 1:  Deadline for alterations to Birmingham Community Based Facility/Community Work Center and Frank Lee Community Based Facility/Community Work Center (Doc. 3801). | 1/1/2023 |  |
| Parties to file joint report regarding alterations identified in preceding cell. |  | 1/27/2023 at 5:00 p.m. |
| Status conference:  Parties should be prepared to discuss alterations identified in preceding cell. |  | 2/10/2023 at 9:00 a.m. |
| Phase 1:  Deadline for alterations to William E. Donaldson (Doc. 3801). | 5/31/2023 |  |
| Phase 1:  Deadline for completion of alterations for the second and third phases regarding the removal, remediation, or construction of new facilities. (Doc. 3801). | 11/1/2027 |  |
| Phase 1:  Parties to file joint report regarding status of the building of the new prisons and their impact on the meeting the Phase 1 deadlines. |  | 1/27/2023 at 5:00 p.m. |
| Phase 1:  Status conference: Parties should be prepared to discuss matter identified in preceding cell. |  | 2/10/2023 at 9:00 a.m. |
| Phase 2A ADA: Consent decree as to Adaptive Behavior/Life Skills Training and associated Beta III/IV testing will terminate, including monitoring. (Doc. 3787 and Doc. 3801). | 10/1/2023 |  |

| | | |
|---|---|---|
| **Phases 1 and 2A ADA: Parties should file joint report on mediation efforts before Judge Ott concerning the Phase 1 and Phase 2A ADA Consent Decrees, including how often mediation is occurring and whether they will be able to complete mediation within six months of September 22, 2022, as they represented at the September 22 and November 7, 2022, status conferences, and, in particular, with regard to the remaining Phase 2A ADA issue in light of the looming October 1, 2023, termination deadline. (Doc. 3778, Doc. 728, Doc. 1291, & Doc. 3762), (Doc. 3866).** | 1/27/2023 at 5:00 p.m. | |
| **Phases 1 and 2A ADA: Status conference: Parties should be prepared to discuss the Phase 1 and Phase 2A ADA Consent Decrees issues outlined in the preceding cell. (Doc. 3866).** | 2/10/2023 at 9:00 a.m. | |
| | | |
| **III. PHASE 2A EIGHTH AMENDMENT CLAIM** | | |
| **MONITORING** | | |
| **The parties are to file another joint report on the status of the EMT. (Doc. 3863).** | 12/9/2022 at 5:00 p.m. | |
| **Status conference: The parties should be prepared to discuss the preceding report.(Doc. 3863).** | 12/14/2022 at 9:00 a.m. | |
| | | |
| **CORRECTIONAL STAFFING** | | |
| **The defendants must submit correctional staffing reports to the court and the EMT. (Doc. 3464) at § 2.1.6. By agreement of the parties, the defendants are to submit these reports on the dates set forth in the Phase 2A Understaffing Remedial Order (Doc. 1657) at § 4, namely, March 1, June 1, September 1, and December 1 of each year.** | On March 1, June 1, September 1, and December 1 of each year | |
| **The parties submitted a joint filing concerning a proposal for the mediation and development of a concrete plan to address** | Status report due 9/27/2022 and every 21 days thereafter | |

| | | |
|---|---|---|
| ADOC's still grossly inadequate correctional staffing levels and a method to assess and reassess over time the effectiveness of the steps taken pursuant to that plan. (Doc. 3791). The court adopted the parties' proposal and ordered joint reports on the same to be filed every 21 days. (Doc. 3795). | | |
| Status conference: The parties should be prepared to address their efforts as to mediation of the correctional staffing issues as reflected in their 21-day reports. (Doc. 3791 & Doc. 3795). The parties should be prepared to discuss firm deadlines for the development and implementation of the plan. | | 12/14/2022 at 9:00 a.m. |
| The formatting for the correctional staffing reports shall be further revised, if necessary, based on input from the EMT. *See* Phase 2A Omnibus Remedial Order (Doc. 3464) at § 2.1.6. Parties should submit joint report on how to proceed on this issue. | | 12/9/2022 at 5:00 p.m. |
| Status conference: Parties should be prepared to discuss correctional staffing formatting issue. | | 12/14/2022 at 9:00 a.m. |
| Members of the agency staffing unit, or "resource planning unit," were to participate in the training program on correctional staffing analysis taught by the National Institute of Corrections (NIC). The court understands that the training should be complete by early January 2023. The court would like for defendants file a report on how meaningful the training was. | | 1/27/2023 at 5:00 p.m. |
| Status conference: The parties should be prepared to address the NIC training report. | | 2/10/2023 at 9:00 a.m. |
| Parties to file another joint report on the issue of | 12/9/2022 at 5:00 p.m. | |

| | | |
|---|---|---|
| plaintiffs' meeting with the Savages (Doc. 3820) (Doc. 3864). | | |
| Status conference: The parties should be prepared to address the above report on the Savages (Doc. 3820) (Doc. 3864). | 12/14/2022 at 9:00 a.m. | |
| The defendants filed 2022 Correctional Staffing Analysis Report on November 1, 2022. (Doc. 3849) | Done | |
| Plaintiffs to file response to the adequacy of the 2022 Correctional Staffing Analysis Report. (Doc. 3849). The response should address both the development and the contents of the 2022 analysis, and how the parties and the court should proceed on it. (Doc. 3859). | 11/28/2022 at 5:00 p.m. | 12/5/2022 at 5:00 p.m. |
| Defendants to file a reply to plaintiffs' response to 2022 analysis. (Doc. 3859). | 12/5/2022 at 5:00 p.m. | 12/9/2022 at 5:00 p.m. |
| Status conference: The parties should be prepared to address the 2022 Correctional Staffing Analysis Report and the filings on it. (Doc. 3859). | 12/14/2022 at 9:00 a.m. | |
| The defendants must develop with the Savages, and submit to the court, realistic benchmarks for the level of correctional staffing ADOC will attain by December 31 of 2022 (though this date is passed), 2023, and 2024 respectively to put ADOC on track to fill all mandatory and essential posts by July 1, 2025. (Doc. 3464) at § 2.1.5. (Doc. 3857). | 12/1/2022 at 5:00 p.m. | 1/20/2023 at 5:00 p.m. |
| The plaintiffs should file a response to the proposed benchmarks and suggest how the parties and the court should proceed on them. | | 1/27/2023 at 5:00 p.m. |
| The defendants may file a reply regarding the proposed benchmarks. | | 2/3/2023 at 5:00 p.m. |
| Status conference: The parties should be prepared to discuss the proposed benchmarks and reports on them. | | 2/10/2023 at 9:00 a.m. |

| | | |
|---|---|---|
| **Deadline by which ADOC must fill all mandatory and essential posts at the level indicated in the most recent staffing analysis at that time. (Doc. 3464) at § 2.1.4.** | 7/1/2025 | |
| | | |
| **MENTAL-HEALTH STAFFING** | | |
| **The defendants must submit mental-health staffing reports to the court and the EMT.  (Doc. 3464) at § 2.2.4.   By agreement of the parties, the defendants are to submit these reports on the dates set forth in the Phase 2A Understaffing Remedial Order (Doc. 1657) at § 4, namely, March 1, June 1, September 1, and December 1 of each year.** | **On March 1, June 1, September 1, and December 1 of each year** | |
| **The parties filed reports on what the most recent quarterly mental-health staffing reports to the court reflect.  (Doc. 3709 & Doc. 3749).  The plaintiffs were to file a report with an update on what the most recent quarterly mental-health staffing reports to the court reflect.  In doing so, the plaintiffs should also address what the court identified as an apparent disagreement on the appropriate method for comparison of ADOC's mental-health staffing levels against the levels set forth by the mental-health staffing ratios and mental-health staffing matrix incorporated in Sections 2.2.1 and 2.2.3 of the Phase 2A Omnibus Remedial Order (Doc. 3464), including what efforts, if any, they have made at mediation with Judge Ott if the parties continue to disagree.  (Doc. 3766) & (Doc. 3854). The defendants filed a response to the plaintiffs' report. (Doc. 3856). In light of these reports, the court would like to the parties to file a** | | 12/9/2022 at 5:00 p.m. |

| | | |
|---|---|---|
| joint report specifically identifying their areas of "agreement" and their areas of "disagreement," and their suggestions of how the court should proceed. | | |
| Status conference: The parties should be prepared to discuss the preceding joint report. | | 12/14/2022 at 9:00 a.m. |
| The formatting for the mental-health staffing reports shall be revised, if necessary, based on input from the EMT. *See* Phase 2A Omnibus Remedial Order (Doc. 3464) at § 2.2.4. Parties should submit joint report on how to proceed on this issue. | | 12/9/2022 at 5:00 p.m. |
| Parties should be prepared to discuss mental-health staffing formatting issue. | | 12/14/2022 at 9:00 a.m. |
| The EMT shall review ADOC's mental-health staffing ratios and, if necessary, make recommendations for revising them. (Doc. 3464) at § 2.2.2. | Beginning one year from the initiation of monitoring | |
| Deadline by which ADOC must achieve the staffing levels set forth in the staffing matrix previously approved by the court in the Phase 2A Order and Injunction on Mental-Health Staffing Remedy (Doc. 2688), subject to any subsequent modifications. (Doc. 3464) at § 2.2.3. | 7/1/2025 | |
| | | |
| **RESTRICTIVE HOUSING** | | |
| The defendants must file with the court and the EMT reports on each inmate who has been in restrictive housing for longer than 72 hours under exceptional circumstances during that week. (Doc. 3464) at § 3.1.4, (Doc. 3557), and (Doc. 3771). | On a weekly basis | |
| The court required the parties to file reports on what the most recent weekly SMI reports to the court reflect (trends, etc., if any). While the reports raised | 12/9/2022 at 5:00 p.m. | |

7

| | | |
|---|---|---|
| serious concerns, the court decided at the August 15 and November 7, 2022, status conferences not to take any immediate action, with the understanding that the EMT will examine the concerns closely in the very near future and that, otherwise, the court will reconsider looking into the issue itself  (Doc. 3768).  However, the parties are to file another joint report on whether the EMT is now looking into these concerns, etc. (Doc. 3865). | | |
| Status conference: The parties should be prepared to address the preceding SMI report.  (Doc. 3768). (Doc. 3865). | 12/14/2022 at 9:00 a.m. | |
| The parties submitted a joint filing concerning a proposal for the mediation and development of plan that will allow ADOC's RHUs (with the exception of the RHU at Tutwiler) to function safely with the correctional staff that ADOC currently employs.  (Doc. 3794).   The court adopted the parties' proposal and ordered joint reports on the same to be filed every 21 days. (Doc. 3795). | Status report due 9/27/2022 and every 21 days thereafter | |
| Status conference:  The parties should be prepared to address their efforts as to mediation of the RHU issues as reflected in their 21-day reports. (Doc. 3791 & Doc. 3795).   The parties should be prepared to discuss firm deadlines for the development and implementation of the plan. (Doc. 3868). | 12/14/2022 at 9:00 a.m. | |
| The Phase 2A omnibus remedial order provided that all RHU cells must be cleaned by June 8, 2022.   (Doc. 3464) at § 3.1.1.  The defendants filed a notice with the court confirming that they have met this deadline.  (Doc. 3698).   Based on the | 12/9/2022 at 5:00 p.m. | |

| | | |
|---|---|---|
| **representations made at several status conferences, the court stated that it will not take any immediate action with respect to the continued cleanliness of RHU cells, albeit with the expectation that the EMT will monitor the issue as soon as it is fully operational. The court stated that it would revisit the issue later in light of the status of the EMT at that time. (Doc. 3770). The parties have now filed a report on the issue. (Doc. 3850). The court would like another report. (Doc. 3862).** | | |
| **Status conference: The parties should be prepared to address the issue of the continued cleanliness of RHU cells. (Doc. 3770) (Doc. 3862).** | 12/14/2022 at 9:00 a.m. | |
| **Deadline by which all RHU cells must comply with the conditions set forth in Lindsay M. Hayes's Checklist for the "Suicide-Resistant" Design of Correctional Facilities (Doc. 3206-5). (Doc. 3464) at § 3.1.3. Stayed pursuant to opinion and order on motion to stay. (Doc. 3526) at 75-76.** | Stayed | |
| | | |
| **SUICIDE PREVENTION** | | |
| **ADOC must conduct inspections of all suicide watch, SU, and RHU cells to verify that they meet the conditions set forth Lindsay M. Hayes's Checklist for the "Suicide-Resistant" Design of Correctional Facilities (Doc. 3206-5). (Doc. 3464) at § 2.1.7.2. Stayed as to RHU cells pursuant to opinion and order on motion to stay. (Doc. 3526) at 75-76.** | Stayed as to RHU cells only; otherwise, on a quarterly basis | |
| | | |
| **HIGHER LEVELS OF CARE** | | |
| **In collaboration with the EMT, ADOC must reassess, on an annual basis, (1) the number of** | | 1/27/2023 at 5:00 p.m. |

| | | |
|---|---|---|
| inmates on its mental-health caseload and (2) whether the current estimate of the percentage of the mental-health caseload requiring inpatient treatment is accurate. (Doc. 3464) at § 11.2.2. The parties are to submit a joint report on how to proceed on this issue. | | |
| Status conference: The parties should be prepared to discuss the preceding joint report. | | 2/10/2023 at 9:00 a.m. |
| The parties have submitted to the court their views on the issue of whether serious risks are posed by high temperatures in the mental-health units, (Doc. 3464) at § 11.3, including the adequacy of Administrative Regulation 619 as a means of addressing the risk in light of the court's previous discussion of its concerns as to that regulation, *see* Phase 2A Inpatient Treatment Remedial Opinion and Order, *Braggs v. Dunn*, 2020 WL 2789880, *14-15 (M.D. Ala. 2020) (Thompson, J.) (discussing Administrative Regulation 619); *see also* Phase 2A Omnibus Remedial Order (Doc. 3464) at § 11.3, and the question of whether ADOC employees are trained to follow the regulation. Based on the parties' written filings and representations on August 15 and September 22, 2022, the court is requiring that the parties pursue mediation of these concerns with Judge Ott. (Doc. 3767). The parties filed reports on their efforts. (Doc. 3797 & Doc. 3839). The court will require that they file another joint report on their mediation efforts. (Doc. 3860). | 12/9/2022 at 5:00 p.m. | |
| Status conference: The parties should be prepared to discuss the results of their mediation efforts on the issue of the risk | 12/14/2022 at 9:00 a.m. | |

10

| | | |
|---|---|---|
| **of high temperatures in the mental-health units, as described above in preceding cell. (Doc. 3860).** | | |
| | | |
| | | |
| **IV. MISCELLANEOUS** | | |
| **STATUS CONFERENCES** | | |
| **Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480).** | **2/10/2023 at 9:00 a.m.** | |
| **Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480).** | **7/7/2023 at 9:00 a.m.** | |
| **Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480).** | **11/17/2023 at 9:00 a.m.** | |
| **Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480).** | **2/9/2024 at 9:00 a.m.** | |
| **Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480).** | **7/12/2024 at 9:00 a.m.** | |
| **Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480).** | **11/22/2024 at 9:00 a.m.** | |
| **Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480).** | **2/7/2025 at 9:00 a.m.** | |
| | | |
| | | |
| **STANDING ORDERS FOR HEARINGS AND STATUS CONFERENCES** | | |
| **All hearings and evidentiary hearings shall be in accordance with the order entered on** | | |

| | | |
|---|---|---|
| **1/15/2020 (Doc. 2727), unless otherwise specified.** | | |
| **All hearings, evidentiary hearings, and status conferences are to be by videoconferencing unless otherwise specified.** | | |

**DONE, this the 28th day of November, 2022.**

**        /s/ Myron H. Thompson        **
**UNITED STATES DISTRICT JUDGE**