IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **EDWARD BRAGGS,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | Case No. 2:14-cv-00601-MHT-JA |
| v. ) | |
| ) | District Judge Myron H. Thompson |
| **JOHN HAMM,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**JOINT REPORT ADDRESSING THE PARTIES DISPUTES
REGARDING THE MENTAL-HEALTH STAFFING REPORTS**

Plaintiffs and Defendants JOHN HAMM ("Commissioner Hamm"), in his official capacity as Commissioner of the Alabama Department of Corrections ("ADOC"), and DEBORAH CROOK ("Deputy Commissioner" and, collectively with Commissioner Hamm, the "State"), in her official capacity as ADOC's Deputy Commissioner, Office of Health Services (Plaintiffs together with the State, the "Parties"), hereby jointly submit this Joint Report responding to the Court's order to "file a joint report specifically identifying the areas of 'agreement' and the areas of 'disagreement,' and their suggestions of how the court should proceed" regarding the quarterly mental-health staffing reports. (Doc. 3875, 6-7). In response, the Parties state as follows:

I. **BACKGROUND OF THE DISPUTE REGARDING THE "FILL RATE."**

On August 5, 2022, Plaintiffs filed "Plaintiffs' Report on What the Most Recent Mental Health Staffing Reports Reflect." (Doc. 3709). Plaintiffs' report calculated the percentage of compliance for each mental-health staffing position by dividing the "Hours Actually Worked" on the quarterly mental-health reports by the "Total FTEs in Quarterly Hours." (Doc. 3709, n.6). "Hours Actually Worked" includes all hours worked for each position, hours worked by "part-time, temporary, agency, *locum tenens*, and *pro re nata* (PRN) basis, hours worked by a higher-level practitioner for a lower-level position classification, and overtime. (Doc. 2301-1, 6-7). "Total FTEs in Quarterly Hours" includes the total number of hours required for each position based upon "the number of FTEs set forth in the RFP Staffing Matrix." (*Id.*, 5-6).

The State responded on August 12, 2022, arguing that Plaintiff's calculation deviated from the long-standing, court-approved stipulation that calculated compliance by dividing "Hours Worked" by the "Adjusted FTEs in Quarterly Hours." (Doc. 3749, 2). "Hours Worked" includes "hours worked, hours not worked (training, CEM, etc.), FMLA hours, hours of vacated positions, and a total number of hours." (Doc. 2301-1, 8). "Adjusted FTEs in Quarterly Hours" equals "[e]ighty-five percent (85%) of the total hours required for each position." (*Id.*, 6).

Plaintiffs filed a second report regarding the most recent quarterly mental-

2

health staffing report on November 11, 2022. (Doc. 3854). Plaintiffs' second report identified the dispute between the Parties as relating to the Plaintiffs' reliance on their calculation of compliance, and the State's reliance on the "Fill Rate" as calculated in the quarterly mental-health staffing reports. (Doc. 3854, 11). The State responded by identifying that the calculation for the "Fill Rate" in the quarterly mental-health staffing reports includes an adjustment to compensate for the relief factor included in the "Total FTEs in Quarterly Hours." (Doc. 3856, 5-6).

## II.   AREAS OF AGREEMENT REGARDING THE QUARTERLY MENTAL-HEALTH STAFFING REPORT.

The Parties' dispute centers on the manner in which ADOC reports mental-health staffing levels. In response to the Court's Order to identify areas of agreement, the Parties state that agreement exists that the current format of the quarterly mental-health staffing reports reviewed by the Plaintiffs, includes the agreed upon fields of information included in these reports (i.e. Contract FTEs, Total FTEs in Quarterly Hours, Adjusted FTEs in Quarterly Hours, Hours Actually Worked, Total Hours, or the calculation of the Fill Rate) and the manner in which ADOC collected or reported the information reflects those data points. Further, the Parties agree that no controversy exists with respect to the accuracy of information reported by ADOC in the reports reviewed by the Plaintiffs.

## III.   AREAS OF DISAGREEMENT REGARDING THE QUARTERLY MENTAL-HEALTH STAFFING REPORT.

The Parties disagreement is about how ADOC reports mental-health staffing and, as such, the method for calculating compliance with the Phase 2A Omnibus Remedial Order.  ("Remedial Order," Doc. 3464).

Plaintiffs propose a new reporting method to calculate the compliance rate based upon the percentage of the "Hours Actually Worked" in relation to the "Total FTEs in Quarterly Hours."  Plaintiffs concede that the current report is consistent with the stipulation of the Parties concerning the format of the report.  However, Plaintiffs believe that it is inconsistent with the Court's finding about how to calculate compliance and has led to a continued disagreement of the Parties on how to measure compliance.  (See Doc. 2136).  Plaintiffs' believe the introduction of the data point "actual hours work compared to contractual hours required" instead of the "fill rate" corrects this problem.

The State's position on reporting and calculating compliance is consistent with the Parties' stipulation three (3) years ago and the prior order of this Court.  (Doc. 2301, 2301-1).  It is the State's position that this is also consistent with any reasonable interpretation of the State's compliance obligation.  The State believes that the current and long-standing calculation of the "Fill Rate" for the mental-health staffing positions reflect the accurate count of FTEs by adjusting for issues such as the relief factor, and this process should continue as the measurement for the State's compliance with mental-health staffing.

## IV.    PROPOSALS ON HOW THE COURT SHOULD PROCEED.

The Parties believe the Court should proceed as provided under the Remedial Order. The Remedial Order allows for the External Monitoring Team ("EMT") to work with ADOC "to develop the format for [the quarterly mental-health staffing] reports" or conclude the existing report format is adequate. (Id., §2.2.4). Because this dispute concerns a measure for evaluating the State's compliance with the Remedial Order, a collaborative evaluation and discussion of the mental-health staffing report among the Parties and the EMT consistent with the Remedial Order will assist in resolving the Parties dispute.

Dated: December 28, 2022.

/s/ Kenneth S. Steely
Kenneth S. Steely
*Attorney for the State*

William R. Lunsford
Matthew B. Reeves
La Keisha Butler
Kenneth S. Steely
Oniquca A. Wright
**MAYNARD, COOPER & GALE, PC**
655 Gallatin Street
Huntsville, AL 35801
Telephone: (256) 512-5710
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
lbutler@maynardcooper.com
ksteely@maynardcooper.com
owright@maynardcooper.com

Luther M. Dorr, Jr.
**MAYNARD, COOPER & GALE, PC**
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
Telephone: (205) 254-1178
Facsimile: (205) 714-6438
rdorr@maynardcooper.com

Stephanie L. Smithee
Mary-Coleman Roberts
**ALABAMA DEPARTMENT OF CORRECTIONS**
Legal Division
301 South Ripley Street
Montgomery, Alabama 36130
Telephone (334) 353-3884
Facsimile (334) 353-3891
stephanie.smithee@doc.alabama.gov
marycoleman.roberts@doc.alabama.gov

Philip Piggott, Esq.
**WEBSTER HENRY**
Two Perimeter Park South
Suite 445 East
Birmingham, AL  35243
ppiggott@websterhenry.com

Deana Johnson, Esq.
Brett T. Lane, Esq.
**MHM SERVICES, INC.**
1447 Peachtree Street, N.E., Suite 500
Atlanta, GA  30309
djohnson@mhm-services.com
btlane@mhm-services.com

**ATTORNEYS FOR THE DEFENDANTS**

                    */s/ William Van Der Pol, Jr.*
                    William Van Der Pol, Jr.

Ashley N. Light
Lisa W. Borden
**SOUTHERN POVERTY LAW CENTER**
400 Washington Avenue
Montgomery, AL 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481
ashley.austin@splcenter.org
lisa.borden@splcenter.org

Leslie Faith Jones*
**SOUTHERN POVERTY LAW CENTER**
111 East Capitol Street, Suite 280
Jackson, MS 39201
Telephone: (601) 948-8882
Facsimile: (334) 956-8281
leslie.jones@splcenter.org
*Admitted pro hac vice*

Bruce Hamilton*
**SOUTHERN POVERTY LAW CENTER**
201 St. Charles Avenue
Suite 2000
New Orleans, LA 70170
Telephone: (504) 352-4398
Facsimile: (504) 809-7899
*Admitted pro hac vice*

William G. Somerville, III
Patricia Clotfelter
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ  PC**
420 20th Street North, Suite 1400
Birmingham, AL 35203
wsomerville@bakerdonelson.com
pclotfelter@bakerdonelson.com

William Van Der Pol, Jr.
Lonnie Williams
Barbara A. Lawrence
Andrea J. Mixson
**ALABAMA DISABILITIES ADVOCACY PROGRAM**
University of Alabama
500 Martha Parham West
Box 870395
Tuscaloosa, AL  35487
Telephone: (205) 348-4928
Facsimile: (205) 348-3909
wvanderpoljr@adap.ua.edu
lwilliams@adap.ua.edu
blawrence@adap.ua.edu
amixson@adap.ua.edu

Catherine E. Stetson\*
Neal K. Katyal\*
Jo-Ann T. Sagar\*
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
cate.stetson@hoganlovells.com
neal.katyal@hoganlovells.com
jo-ann.sagar@hoganlovells.com
*\*Admitted pro hac vice*

Mark Whitburn\*
**WHITBURN & PEVSNER, PLLC**
2000 East Lamar Boulevard, Suite #600
Arlington, TX  76006
Telephone: (817) 672-5453
Facsimile: (817) 653-4477
mwhitburn@whitburnpevsner.com
*\*Admitted pro hac vice*

Joshua C. Toll\*

8

**KING & SPALDING LLP**
1700 Pennsylvania Avenue NW, 2nd Floor
Washington, DC 20006-4707
Telephone: (202) 227-6138
Facsimile: (202) 626-3737
jtoll@kslaw.com
*Admitted pro hac vice*

Evan Diamond*
**KING & SPALDING LLP**
185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone: (212) 556-2297
Facsimile: (212) 556-2222
ediamond@kslaw.com
*Admitted pro hac vice*

Edward A. Bedard*
**KING & SPALDING LLP**
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-3127
Facsimile: (404) 572-5100
ebedard@kslaw.com
*Admitted pro hac vice*

Rachel Rubens*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1210
rrubens@kslaw.com
*Admitted pro hac vice*

**ATTORNEYS FOR THE PLAINTIFFS**

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35213

Telephone: (205) 590-6986
Facsimile: (205) 809-7899
anil@dagneylaw.com

**ATTORNEY FOR PLAINTIFF ALABAMA DISABILITIES ADVOCACY PROGRAM**