**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **EDWARD BRAGGS,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | )    **Case No. 2:14-cv-00601-MHT-JA** |
| **v.** | ) |
| | )    **District Judge Myron H. Thompson** |
| **JOHN HAMM,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**THE STATE'S RESPONSE TO ORDER TO SUBMIT REALISTIC
BENCHMARKS FOR THE LEVEL OF CORRECTIONAL STAFFING**

Defendants John Hamm ("Commissioner Hamm"), in his official capacity as

Commissioner of the Alabama Department of Corrections ("ADOC"), and Deborah

Crook ("Deputy Commissioner" and, collectively with Commissioner Hamm, the

"State"), in her official capacity as ADOC's Deputy Commissioner, Office of Health

Services, hereby respectfully submits to the Court the following "realistic

benchmarks for the level of correctional staffing ADOC will attain by December 31,

2023, and 2024."[1]  In response Section 2.1.5 of the Phase 2A Omnibus Remedial

---

[1] The State submits this response in compliance with Section 2.1.5 of the Phase 2A Omnibus Remedial Order.  (Doc. 3464, §2.1.5).  The State expressly reserves and preserves all objections to submitting these "benchmarks" and states that State files these benchmarks in good faith, and such filing shall not be construed as an admission by any party to this action or to any other person or entity.  Further, the State expressly preserves any and all objections and all available legal and equitable arguments in response to the Court's Phase 2A Omnibus Remedial Opinions (Docs. 3461, 3462, 3463, 3465), Phase 2A Omnibus Remedial Order (Doc. 3464), any other Phase 2A

Order (the "Remedial Order," Doc. 3464), the State states as follows:

## I.     THE STATE'S OBJECTIONS AND CONCERNS REGARDING BENCHMARKS.

The State reiterates its concerns regarding submitting "realistic benchmarks." Submitting "realistic benchmarks" requires ADOC to speculate on future events out of its control that will influence the Department's ability to meet these marks. The multitude of known and unknown circumstances that may influence ADOC's ability to recruit and retain personnel makes setting benchmarks practically impossible. Specifically, any of the following circumstances hold the potential to frustrate ADOC's efforts to recruit and retain personnel:

1.  Funding of recommendations submitted to the State Legislature regarding compensation increases, security equipment, training, and human resources enhancements;

2.  Passage of legislation concerning changes to ADOC's hiring and certification  requirements or any other initiatives directed towards enhancing ADOC's efforts to recruit, train, and retain officers;

3.  Unexpected disruptions in the procurement process frustrating ADOC's ability to acquire items necessary for recruiting and retention efforts;

4.  Technology supply and demand curve delays in obtaining necessary

---

remedial orders, and the Court's liability opinions and orders in this action, including without limitation, the Court's Liability Opinion and Order as to Phase 2A Eighth Amendment Claim (Doc. 1285) and Phase 2A Supplemental Liability Opinion and Order on Periodic Mental-Health Evaluations of Prisoners in Segregation (Doc. 2332).  Nothing contained in this filing shall be construed as an admission by the State, a waiver of any objection to any opinion or order in this action, or a waiver of the State's pending appeal related to Phase 2A (see doc. 3488).  Nothing in this filing shall be construed as an admission of any kind by the State that ADOC's current or historical staffing or provision of mental-health care is or was unconstitutional or deficient in any way.

2

tools for implementation of recruiting and retention efforts;

5. Unexpected delays in the implementation of approved resources;

6. The unknown status of the State's economy in 2024 and 2025 (ex. if the State goes into proration);

7. Continued historic unemployment rates limiting the potential available pool of eligible candidates;

8. Competing public safety agencies and entities' abilities adapt and exceed ADOC's efforts to recruit employees;

9. Population shifts in locations near facilities;

10. Lack of affordable housing near remote correctional facilities;

11. Unexpected increase of in inmate population;

12. Another pandemic or other natural disaster resulting in significant disruptions in hiring or retaining officers; and

13. Other unforeseen and unforeseeable events and circumstances, which may result in a disruption in ADOC's efforts to recruit and retain officers.

Further, the State continues to file quarterly correctional staffing reports that report the actual number of officers at each facility. These reports provide data relevant to evaluate ADOC's progress towards compliance with the Remedial Order's staffing requirement rendering speculative benchmarks unnecessary. The State must submit these reports to the External Monitoring Team ("EMT"). Under the Remedial Order, the EMT must evaluate the format of the report and decide if the current reporting format remains sufficient to meet the needs of the EMT to monitor ADOC's compliance with the Remedial Order. (Doc. 3464, §2.1.6).

Speculative benchmarks provide no real measure for compliance.

## II.    ADOC'S NON-BINDING BENCHMARKS FOR 2023 AND 2024.

The Court entered the Remedial Order on December 27, 2021, ordering the State to develop "in collaboration with the Savages, and submit to the court, realistic benchmarks for the level of correctional staffing ADOC will attain by December 31, 2022, 2023, and 2024." (Doc. 3464, §2.1.5).[2] The Remedial Order further required that the benchmarks "must put ADOC on track to fill all mandatory and essential posts by July 1, 2025." (Id.).

In July 2022, the Court extended the deadline for submitting benchmarks to December 1, 2022, to provide the State time to complete the 2022 Staffing Analysis. (Doc. 3664, 7). The State timely completed and filed the Staffing Analysis and the Facilities Shift Relief Requirements for the Alabama Department of Corrections (the "2022 Staffing Analysis") on November 1, 2022. (Doc. 3849, the Notice of Filing Under Seal 2022 Correctional Staffing Analysis Report).

The 2022 Staffing Analysis lists the number of mandatory and essential posts at each major facility. These numbers direct the number of correctional staff generally expected and the locations within the state for the potential pool of recruits.

---

[2] The Court clarified the proposal regarding "realistic benchmarks" in the Phase 2A Omnibus Remedial Opinion Part III, stating, "The benchmarks need not be enforceable. They are merely meant as a means of measuring ADOC's progress towards filling its mandatory and essential posts by 2025 …." (Doc. 3463, 11).

The State requested a further extension of time to January 20, 2023, to develop benchmarks to allow the State time to work with marketing and recruiting consultants to evaluate the number of potential recruits available within the identified areas of the state and devise strategies for reaching and ultimately retaining qualified individuals.[3] (Doc. 3857).  The Court extended the deadline from December 1, 2022, to January 20, 2023, to prepare and submit the benchmarks. (Doc. 3869, 5).[4]

Based on the 2022 Staffing Analysis, ADOC should fill 2,057 posts across the fourteen (14) major facilities.  (2022 Staffing Analysis filed *under seal* on November 1, 2022, 77-86).  To fill these posts, the 2022 Staffing Analysis calculated ADOC should provide sufficient personal to fill 3,181.39 correctional officer full-time equivalents ("FTE") and 490.74 command FTEs, for a total of 3,672.13 FTEs.  (Id., 52).  Assuming a use of overtime to fill approximately thirty-three percent (33%) of the FTEs, ADOC will need 2,557 correctional staff by July 1, 2025.

As of September 30, 2022, ADOC maintained 1,392.5 correctional staff. (Doc. 3874, Notice of Filing the Under Seal the Third Quarter Correctional Staffing Report).  Therefore, in order to reach 2,557 correctional staff, ADOC needs to

---

[3] Due to the retirement of the Savages, the State utilized the assistance of its consulting experts, Horizon Point Consulting, Inc., and RippleWorx, Inc., to develop the benchmarks ordered by the Court.

[4] Because the December 31, 2022, deadline for the first benchmark has passed before the State's benchmarks came due, the State submits benchmarks for December 31, 2023 and 2024.

acquire a net gain of 1,165 correctional staff by July 1, 2025.

In comprehensive, coordinated effort to achieve a net addition of 1,165 correctional staff, the State submits the following benchmarks:

❖ By December 31, 2023, ADOC plans to utilize available resources with the intention of retaining an estimated **198** correctional staff.

❖ By December 31, 2024, ADOC plans to utilize available resources with the intention of retaining an estimated **694** correctional staff.

Dated: January 20, 2023.

/s/ William R. Lunsford
William R. Lunsford
*Attorney for the Commissioner and Deputy Commissioner*

William R. Lunsford
Matthew B. Reeves
Kenneth S. Steely
La Keisha W. Butler
Oniquca A. Wright
**MAYNARD, COOPER & GALE, PC**
655 Gallatin Street
Huntsville, AL 35801
Telephone: (256) 512-5710
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
ksteely@maynardcooper.com
lbutler@maynardcooper.com
owright@maynardcooper.com

Luther M. Dorr, Jr.
**MAYNARD, COOPER & GALE, PC**

1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
Telephone: (205) 254-1178
Facsimile: (205) 714-6438
rdorr@maynardcooper.com

Stephanie L. Smithee
Mary-Coleman Roberts
**ALABAMA DEPARTMENT OF CORRECTIONS**
Legal Division
301 South Ripley Street
Montgomery, Alabama 36130
Telephone (334) 353-3884
Facsimile (334) 353-3891
stephanie.smithee@doc.alabama.gov
marycoleman.roberts@doc.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this the 20th of January, 2023:

Ashley N. Light
Lisa W. Borden
**SOUTHERN POVERTY LAW CENTER**
400 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481
ashley.light@splcenter.org
lisawborden@gmail.com

Leslie F. Jones
**SOUTHERN POVERTY LAW CENTER**
111 East Capitol Street
Suite 280
Jackson, MS 39201
Telephone: (601) 948-8882
Facsimile: (334) 956-8281

Bruce Hamilton
**SOUTHERN POVERTY LAW CENTER**
201 St. Charles Avenue
Suite 2000
New Orleans, LA 70170
Telephone: (504) 352-4398
Facsimile: (504) 486-8947

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, Alabama 35213
Telephone: (205) 729-8445
Facsimile: (205) 809-7899
anil@dagneylaw.com

William Van Der Pol, Jr.
Lonnie Williams
Barbara A. Lawrence
Andrea J. Mixson
Larry G. Canada
**ALABAMA DISABILITIES ADVOCACY PROGRAM**
University of Alabama
500 Martha Parham West
Box 870395
Tuscaloosa, Alabama 35487-0395
Telephone: (205) 348-6894
Facsimile: (205) 348-3909
wvanderpoljr@adap.ua.edu
blawrence@adap.ua.edu
lwilliams@adap.ua.edu
amixson@adap.ua.edu

William G. Somerville III
Patricia Clotfelter
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**
420 20th Street North
Suite 1400
Birmingham, Alabama 35203
Telephone:  (205) 244-3863
Facsimile:  (205) 488-3863
wsomerville@bakerdonelson.com
pclotfelter@bakerdonelson.com

Deana Johnson
Brett T. Lane
**MHM SERVICES, INC.**
1447 Peachtree Street NE

8

Neal K. Katyal
Catherine E. Stetson
Jo-Ann Tamila Sagar
**HOGAN LOVELLS US LLP**
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5528
Facsimile: (202) 637-5910

Edward A. Bedard
**KING & SPALDING, LLP**
1180 Peachtree Street NE
Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-3127

Anna T. Pletcher
Mellissa C. Cassel
**O'Melveny& Myers LLP**
Two Embarcadero Center
28th Floor
San Francisco, CA, 94111
Telephone: (415) 984-8701
apletcher@omm.com
mcassel@omm.com

Andrew R. Hellman
**O'Melveny& Myers LLP**
1625 Eye Street NW
Washington, DC, 20006
andrewhellman@omm.com

Suite 500
Atlanta, GA 30309
Telephone: (404) 347-4134
Facsimile: (404) 347-4138
djohnson@mhm-services.com
btlane@mhm-services.com

Joshua C. Toll
**KING & SPALDING, LLP**
1700 Pennsylvania Avenue NW
2nd Floor
Washington, DC 20006
Telephone: (202) 227-6138

Evan Diamond
**KING & SPALDING, LLP**
1185 Avenue of Americas
34th Floor
New York, NY 10036
Telephone: (212) 556-2297

Rachel Rubens
**KING & SPALDING, LLP**
50 California Street
Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1210

*/s/ William R. Lunsford*
Of Counsel

9