IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:14cv601-MHT |
| | ) | (WO) |
| JOHN HAMM, in his | ) | |
| official capacity as | ) | |
| Commissioner of | ) | |
| the Alabama Department of | ) | |
| Corrections, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER ON MONITORING

For the past several months, the External Monitoring
Team (EMT) has been in what it calls the "pre-monitoring
phase," during which it is gearing up to begin
"monitoring" ADOC's compliance with the court's remedial
orders.  Order on the Status of the EMT and the EMT's
Pre-Monitoring Phase Timeline (Doc. 3988).  The
pre-monitoring phase involves, among other things, the
development and finalization of (1) performance measures
and (2) audit tools.  Generally, the court understands
that the performance measures are "what" the EMT is

measuring, while the audit tools are "how" the EMT assesses the measures.[1]

## A.

In February 2023, the EMT proposed the following nonbinding timeline to the court:

- By July 1, 2023: the EMT provides performance measures to the parties.

- By August 1, 2023: the parties finalize performance measures.

- By October 1, 2023: the EMT provides audit tools to the parties.

- By November 1, 2023: the parties finalize the audit tools.

_____

1. The 2020 Phase 2A Opinion and Order on Monitoring of Eighth Amendment Remedy explained that: First, "[p]erformance measures are the metrics by which the monitors are to evaluate whether the defendants are complying with the court's remedial orders." *Braggs v. Dunn*, 483 F. Supp. 3d 1136, 1148 (M.D. Ala. 2020) (Thompson, J.). Second, "[w]hile the term 'audit tool' has not been precisely defined by either party, it essentially refers to the method or procedure by which the EMT members assess compliance with the performance measures." *Id.* at 1151–52.

*See* Supplemental Joint Report (Doc. 3918) at 2.

On August 28 and 29, 2023, the parties met with the EMT regarding the draft performance measures and audit tools. *See* Joint Status Report (Doc. 4019). On August 30, as a result of that meeting, the parties and the EMT developed and submitted to the court a new pre-monitoring phase timeline, anchored to new dates for "completion of the performance measures and audit tool." *Id.* That new timeline is as follows:

- September 12, 2023: the EMT will provide a revised draft of the performance measures to the parties.

- September 29, 2023: the EMT will provide the draft audit tools to the parties.

- October 13, 2023: the parties will submit any objections to the performance measures and audit tools to the EMT.

- November 3, 2023: the EMT will respond to the parties' objections, if any.

*See* Joint Status Report (Doc. 4019) at 1–2.

3

The parties further represented that, by November 17, 2023, "[b]ased on the above schedule, ... any unresolved objections to the performance measures and audit tool will be submitted to the Court for final resolution in accordance with the Phase 2A Opinion and Order on Monitoring of Eighth Amendment Remedy." *Id.* (citing the 2020 Phase 2A Opinion and Order on Monitoring of Eighth Amendment Remedy (Doc. 2915) at 36-37, published at *Braggs v. Dunn*, 483 F. Supp. 3d 1136, 1148-49 (M.D. Ala. 2020) (Thompson, J.)). And that the EMT envisioned the monitoring phase to begin in January 2024. *See id.*

This new pre-monitoring timeline was discussed on the record at a hearing held on August 31, 2023. While it is disheartening that monitoring may not begin in earnest until 2024 (two months longer than initially envisioned by the pre-monitoring timeline, *see* Supplemental Joint Report (Doc. 3918) at 2 (anticipating monitoring to begin by November 1, 2023, under the original timeline)), the court understands that the

**4**

original timeline did not provide the cleanest procedure for evaluating, objecting to, and finalizing the performance measures and audit tools. As the parties represented at the August 31 hearing, the new timeline provides for a more streamlined and practical approach.

Nonetheless, as the development and evaluation of the performance measures and audit tools advances under this new timeline, the court finds it necessary to have a clear vision as to how the measures and tools will be finalized.

As discussed at the August 31 hearing, under the new timeline the court understands that it will remain essentially uninvolved in the evaluation of the performance measures and audit tools until November 17, 2023. Rather, the parties are to submit objections to the EMT by October 13 and the EMT is to respond by November 3. In response to the court's concern that the parties may not complete mediation before Magistrate Judge John Ott by November 17 if they do not begin until November 3 (and experience in this litigation is the best

proof of this concern), the parties indicated that the process would be more fluid and that they will not wait until November 3 to begin mediation but rather that mediation would be an ongoing and informal process spanning from as early as September 12 and formally ending on November 17.  The October 13 and November 3 dates, for example, are more informal milestones to measure progress.  Between September 12 and November 17, various objections and proposals will be exchanged back and forth under the supervision of Judge Ott, the mediator in this case.  Judge Ott orally confirmed to the court that the process would work like this and that he believed it was the most efficient.  He also assured the court, as had the parties at the August 31 hearing, that the November 17 date was not in jeopardy, and that all objections (though hopefully there are none) would be ready for resolution by the court on that date.  Thus, if mediation fails in whole or in part, the parties will submit on November 17 any unresolved objections to the court for "final resolution."   Joint Status Report

(Doc. 4019) at 2.   While this approach is a departure
from the three-step process provided by the Phase 2A
Opinion and Order on Monitoring of Eighth Amendment
Remedy (Doc. 2915),[2]  the court finds it appropriate to
allow for the utmost flexibility and collaboration in
working through and mediating areas of disagreement in
anticipation of November 17, when the court will enter
the equation.


## B.

What is unclear is how, in the event that the
parties' discussions with the EMT and mediation before
Judge Ott fail in whole or in part, the court should
resolve the remaining areas of disagreement as to the
performance measures and audit tools.   The court brought
up two concerns at the August 31 hearing: (1) how the

---

2. "Once the performance measures are established
but before monitoring begins, the parties will be given
an opportunity to raise objections to any of the proposed
measures through a standard dispute resolution process:
the objection must be raised first with the EMT, then via
mediation, and finally with the court if still
unresolved." *Braggs*, 483 F. Supp. 3d at 1149.

parties should present unresolved objections, and (2) how the court should proceed in resolving those objections.

As to the first issue, the court finds it necessary that the parties should present any unresolved objections by filing, on November 17, 2023, three versions of the performance measures/audit tools. First, the parties should file the EMT's finalized proposed performance measures and audit tools in their entirety. This version should be, post discussion and mediation, what the EMT thinks is the best version of the performance measures/audit tools. Moreover, it should be the entire measures/tools. The court does not see how it is feasible or practicable to resolve any discrete issues related to the measures/tools without having a holistic view of the measures/tools. Indeed, even if there are no objections for the court to resolve come November 17, the court will require the submission of the EMT's finalized proposed performance measures/audit tools to be part of the official record in this case. Second, the plaintiffs should file edited versions of the EMT's finalized

proposed performance measures/audit tools that contain
redlined changes that reflect the plaintiffs' proposed
modifications.  Third, the defendants should file edited
versions of the EMT's finalized proposed performance
measures/audit tools that contain redlined changes that
reflect the defendants' proposed modifications.  The
redlined changes in the plaintiffs' and defendants'
versions should be formatted consistently for ease of
comparison.

As to the second issue, that is, what the court's
resolution procedure should look like, the court finds
it appropriate for the parties first to meet with Judge
Ott and then to come up with a proposal or proposals.
The court has not even seen what a performance measure
or an audit tool looks like; Judge Ott has.  And other
than informally, the court has not met the EMT and
discussed with the members any concerns they have; Judge
Ott has.  Judge Ott thus has useful, firsthand, intimate
knowledge that could facilitate the formation of a
proposal or proposals on how to proceed on any

9

objections.  The court will therefore require, as stated, that the parties, with input from the EMT where necessary and appropriate, mediate with Judge Ott a proposal or proposals on how to proceed on any objections and then to present to the court their proposal or proposals:  In mediating the issue of the proposal or proposals, the parties should consider, among other things: a briefing scheduling, before and/or after any hearing; whether the court needs to hold a hearing and take evidence, and, if so, how long the hearing should last; how the EMT members, together or singularly, should participate in any hearing; how the experts should participate; what experts will be called; whether there will be expert reports, and, if so, when filed; and whether the hearing should be by Zoom or in person, in whole or in part. <u>A critical concern is that the parties should assure that the resolution process places the least burden possible on the individual members of the EMT and their schedules</u>. The court understands that the EMT members have busy schedules.  The parties, after mediating with Judge Ott

and with input from the EMT as needed, should submit
their proposal or proposals by no later than September
28, 2023, at 5:00 p.m.  The court will then discuss the
proposal or proposals at the status conference on October
2, 2023, at 9:00 a.m.


C.

Finally, the court understands that there may be
monitoring-related issues that can be taken up, and
perhaps even resolved, by the court before November 17,
2023.  That is, monitoring issues that may be related to
the performance measures/audit tools, but that are ripe
for court resolution at present--and that, indeed, whose
resolution may even facilitate the resolution of disputes
over the performance measures/audit tools.  The court
will therefore require that the parties, with input from
the EMT where necessary and appropriate, mediate with
Judge Ott and prepare a list of monitoring-related issues
that the court can take up before November 17, including
a proposal or proposals on how to resolve those issues

11

before November 17.  The list and proposal(s) should be filed no later than September 28, 2023, at 5:00 p.m.  The parties should be prepared to discuss this issue at the October 2 status conference.

For now, regarding the development and finalization of performance measures and audit tools, the court understands that the parties will collaboratively work with the EMT and productively mediate before Judge Ott to find areas of agreement and to narrow areas of disagreement.

Accordingly, it is ORDERED that:

(1) The parties shall, by 5:00 p.m. on November 17, 2023, jointly file the EMT's finalized proposed versions of the performance measures and audit tools.  The parties should docket a pdf version in the record and submit a Word version to the court's proposed order box.

(2) If the plaintiffs have any unresolved objections to the performance measures/audit tools, the plaintiffs shall, by 5:00 p.m. on November 17,

2023, file line-by-line redlined versions of the EMT's finalized proposed performance measures and audit tools.  The redlines should include all proposed modifications to the EMT's proposed finalized versions of the performance measures and audit tools.

(3)  If the defendants have any unresolved objections to the performance measures/audit tools, the defendants shall, by 5:00 p.m. on November 17, 2023, file line-by-line redlined versions of the EMT's finalized proposed performance measures and audit tools.  The redlines should include all proposed modifications to the EMT's proposed finalized versions of the performance measures and audit tools.

(4)  The parties' redlined versions of the EMT's proposed finalized versions of the performance measures and audit tools should be formatted the same, that is, the redlining system used by the parties should be consistent so that all parties

can clearly compare the versions and understand the exact areas of disagreement.

(5) The parties shall file, by 5:00 p.m. on September 28, 2023, their proposal or proposals as to what the court's resolution procedure should look like concerning disagreements about the performance measures/audit tools, including the issues outlined in this opinion.

(6) The parties shall file, by 5:00 p.m. on September 28, 2023, their list of monitoring-related issues that the court can take up, and potentially resolve, before November 17, as well as a proposal or proposals on how to resolve those issues before November 17.

(7) A status conference, by Zoom, is set on October 2, 2023, at 9:00 a.m. to discuss the status of the pre-monitoring phase; how to proceed on any unresolved objections to the performance measures and/or audit tools; and what monitoring-related issues the court may be able

**14**

to take up, and potentially resolve, before November 17.

(8) Because the pre-monitoring phase is now operating under a new timeline, the parties are no longer required to file the remaining joint reports outlined by the court's previous order (Doc. 3988). *See also* Revised Remedy Scheduling Order (Doc. 4016) at 4-5, cells III.A.4-5.

DONE, this the 14th day of September, 2023.

    /s/ Myron H. Thompson    
UNITED STATES DISTRICT JUDGE