IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al., | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
|    v. | ) | 2:14cv601-MHT |
| | ) | (WO) |
| JOHN HAMM, in his | ) | |
| official capacity as | ) | |
| Commissioner of | ) | |
| the Alabama Department of | ) | |
| Corrections, et al., | ) | |
| | ) | |
|    Defendants. | ) | |

**REVISED REMEDY SCHEDULING ORDER
ON PHASE 1 AND PHASE 2A ADA CLAIMS
AND PHASE 2A EIGHTH AMENDMENT CLAIM**

Upon consideration of the parties' joint motion for extension of time to submit joint status report on Phase 1 ADA Consent Decree (Doc. 4030) and their oral motion made on the record during the status conference held on September 20, 2023, to continue the October 2, 2023, status conference, it is ORDERED that both motions are granted and the deadlines and dates for the Phases 1 and 2A remedy scheduling order for the ADA and Eighth Amendment claims remain and are revised as set forth below.

Note that the formatting of the scheduling order is as follows. Each section is designated with a cell-block number so that it may be more easily referenced. For example, Section III deals with the "PHASE 2A EIGHTH AMENDMENT CLAIM." Subpart B of that section pertains to "CORRECTIONAL STAFFING." So the second cell in that subpart is referred to as cell III.B.2. The court's citation for this cell is (Doc. X) at 4, cell III.B.2.

| Cell | | OLD DATES | NEW DATES |
|---|---|---|---|
| | I. GENERAL | | |
| I.A | The effective date of the Phase 2A Omnibus Remedial Order. (Doc. 3464) at § 1.3. | 3/9/2022 | |
| | | | |
| | II. PHASE 1 AND PHASE 2A ADA CLAIMS | | |
| II.A | PHASE 1 and 2A ADA | | |
| 1 | Phase 1: Deadline for termination of monitoring. (Doc. 3801). | 11/1/2028 | |
| 2 | Phase 1: The deadline for alterations to Birmingham Community Based Facility/Community Work Center lapsed on January 1, 2023. (Doc. 3801). The parties should complete mediation and file a status report as to how they plan to proceed on this issue. (Doc. 3992). | 9/15/2023 | 10/13/23 at 5:00 p.m. |
| 3 | Status conference: Parties should be prepared to discuss matter in preceding cell. (Doc. 3992). | 9/20/2023 at 9:00 a.m. | 11/21/23 at 9:00 a.m. |
| 4 | Phase 1: The deadline for alterations to William E. Donaldson lapsed on May 31, 2023. (Doc. 3801). The parties should complete mediation and file a status report on September 15, 2023, as to how they plan to proceed on this issue. (Doc. 3992). | 9/15/2023 | 10/13/23 at 5:00 p.m. |
| 5 | Status conference: Parties should be prepared to discuss matter identified in preceding cell. (Doc. 3992). | 9/20/2023 at 9:00 a.m. | 11/21/23 at 9:00 a.m. |
| 6 | Phase 1: Deadline for completion of alterations for the second and third phases regarding the removal, remediation, or construction of new facilities. (Doc. 3801). | 11/1/2027 | |

| 7 | Phase 1: Parties filed a joint status report regarding their efforts to resolve, with the help of Gina Hilberry, the overarching Phase 1 ADA transition plan issue in light of the construction of one or more new facilities, including an anticipated deadline for the completion of an updated transition plan with any new compliance deadlines. (Doc. 4000). The parties should file the completed proposed revised transition plan by January 26, 2024, as they represented at the status conference on September 20, 2023. | | 1/26/24 by 5:00 p.m. |
| 8 | Status conference: Parties should be prepared to discuss the matter outlined in the preceding cell. | | 2/9/24 at 9:00 a.m. |
| | | | |
| III. PHASE 2A EIGHTH AMENDMENT CLAIM ||||
| III.A | **MONITORING** | | |
| 1 | Status conference: The parties should be prepared to discuss the status of the EMT. | 9/20/2023 at 9:00 a.m. | 10/11/23 at 9:00 a.m. |
| 2 | Parties to jointly file the EMT's finalized proposed versions of the performance measures and audit tools. (Doc. 4029). | 11/17/2023 at 5:00 p.m. | |
| 3 | If the plaintiffs have any unresolved objections to the performance measures/audit tools, the plaintiffs shall file line-by-line redlined versions of the EMT's finalized proposed performance measures and audit tools. (Doc. 4029). | 11/17/2023 at 5:00 p.m. | |
| 4 | If the defendants have any unresolved objections to | 11/17/2023 at 5:00 p.m. | |

3

| | | | |
|---|---|---|---|
| | the performance measures/audit tools, the defendants shall file line-by-line redlined versions of the EMT's finalized proposed performance measures and audit tools.  (Doc. 4029). | | |
| 5 | Status conference: The parties should be prepared to discuss any objections to the EMT's finalized proposed performance measures/audit tools. | 11/21/2023 at 9:00 a.m. | |
| 6 | Parties are to file their proposal or proposals as to what the court's resolution procedure should look like concerning disagreements about the performance measures/audit tools, including the issues outlined in the court's order, (Doc. 4029). | 9/28/23 at 5:00 p.m. | 10/6/23 at 5:00 p.m. |
| 7 | Status conference: The parties should be prepared to discuss the matter identified in the preceding cell. (Doc. 4029). | 10/2/23 at 2:00 p.m. | 10/11/23 at 9:00 a.m. |
| 8 | Parties are to file their list of monitoring-related issues that the court can take up, and potentially resolve, before November 17, as well as a proposal or proposals on how to resolve those issues before November 17. (Doc. 4029). | 9/28/23 at 5:00 p.m. | 10/6/23 at 5:00 p.m. |
| 9 | Status conference: The parties should be prepared to discuss the matter identified in the preceding cell. (Doc. 4029). | 10/2/23 at 2:00 p.m. | 10/11/23 at 9:00 a.m. |
| | | | |
| III.B | CORRECTIONAL STAFFING | | |
| 1 | The defendants must submit correctional staffing reports to the court and the EMT.  (Doc. 3464) at § 2.1.6.  By agreement of the parties, the defendants | On March 1, June 1, September 1, and December 1 of each year | |

4

|   |   |   |   |
|---|---|---|---|
|   | are to submit these reports on the dates set forth in the Phase 2A Understaffing Remedial Order (Doc. 1657) at § 4, namely, March 1, June 1, September 1, and December 1 of each year. |   |   |
| 2 | The parties must submit a joint correctional-staffing "trends" report to the court within seven days of the filing of each quarterly correctional staffing report.  The "trends" reports should include the five items outlined in the court's July 17, 2023, order. (Doc. 3994.) | Within seven days of the filing of each quarterly correctional staffing report. |   |
| 3 | Status conference: The parties should be prepared to discuss what the quarterly correctional-staffing reports reflect, as outlined in their most recent correctional-staffing trends report. |   | 11/21/23 at 9:00 a.m. |
| 4 | The parties submitted a joint filing concerning a proposal for the mediation and development of a concrete plan to address ADOC's still grossly inadequate correctional staffing levels and a method to assess and reassess over time the effectiveness of the steps taken pursuant to that plan.  (Doc. 3791).  The court adopted the parties' proposal and ordered joint reports on the same to be filed every 21 days. (Doc. 3795).  At the status conference on September 20, 2023, the parties indicated that the 21-day structure was no longer necessary, as | Status report due 9/27/2022 and every 21 days thereafter | 10/27/23 by 5:00 p.m. |

|   |   |   |   |
|---|---|---|---|
|   | they were in the final process of reviewing recommendations from Mr. Raemisch. Accordingly, the parties should file their completed proposal. |   |   |
| 5 | Status conference: The parties should be prepared to discuss the matter in the preceding cell. | 9/20/2023 at 9:00 a.m. | 11/21/23 at 9:00 a.m. |
| 6 | The formatting for the correctional staffing reports shall be further revised, if necessary, based on input from the EMT.  *See* Phase 2A Omnibus Remedial Order (Doc. 3464) at § 2.1.6.  The parties are to file a joint status report as to the adequacy of the correctional staffing reports, including the EMT's progress on evaluating the adequacy of the reports and whether the EMT's performance measures touch on this issue. (Doc. 3994.) | On hold pending EMT's evaluation. |   |
| 7 | The defendants filed 2022 Correctional Staffing Analysis Report on November 1, 2022. (Doc. 3849). | Done |   |
| 8 | The defendants filed the Updated 2022 Correctional Staffing Analysis (Doc. 3928) on February 24, 2023, which resolved the parties' disputes as to the adequacy of the 2022 Correctional Staffing Analysis (Doc. 3927). | Done |   |
| 9 | The parties should file a joint report confirming the RPU completed its annual review and report of the current staffing analysis, as outlined in AR 238. *See* Joint Report (Doc. 4033). | 9/15/2023 at 5:00 p.m. | 12/1/23 by 5:00 p.m. |
| 10 | The parties should file a joint report confirming that the RPU is in the | 9/20/2023 at 9:00 a.m. | 6/30/24 by 5:00 p.m. |

| | | | |
|---|---|---|---|
| | process of updating the staffing analysis as outlined in AR 238. *See* Joint Report (Doc. 4033). | | |
| 11 | The defendants must develop with the Savages, and submit to the court, realistic benchmarks for the level of correctional staffing ADOC will attain by December 31 of 2022 (though this date is passed), 2023, and 2024 respectively to put ADOC on track to fill all mandatory and essential posts by July 1, 2025.  (Doc. 3464) at § 2.1.5. (Doc. 3857).  The defendants filed their proposed benchmarks on January 20, 2023 (Doc. 3901), the plaintiffs filed a response (Doc. 3906), to which defendants replied (Doc. 3917). The State's proposed benchmarks do not reflect the operative Updated 2022 Correctional Staffing Analysis (Doc. 3928) and they employ a 33% overtime rate, which is a contested issue. Accordingly, the court does not accept the proposed benchmarks at this time and will revisit the issue of benchmarks once other issues pertaining to the quarterly correctional staffing reports, overtime calculation, and updated staffing analyses are resolved. | On hold pending consideration of other matters as indicated. | |
| 12 | Deadline by which ADOC must fill all mandatory and essential posts at the level indicated in the most recent staffing analysis at that time. (Doc. 3464) at § 2.1.4. | 7/1/2025 | |

| III.C | **MENTAL-HEALTH STAFFING** | | |
|---|---|---|---|
| 1 | The defendants must submit mental-health staffing reports to the court and the EMT.  (Doc. 3464) at § 2.2.4.  By agreement of the parties, the defendants are to submit these reports on the dates set forth in the Phase 2A Understaffing Remedial Order (Doc. 1657) at § 4, namely, March 1, June 1, September 1, and December 1 of each year. | On March 1, June 1, September 1, and December 1 of each year | |
| 2 | The parties must submit a joint mental-health-staffing "trends" report to the court within seven days of the filing of each quarterly mental-health-staffing report.  The "trends" reports should include the five items outlined in the court's July 19, 2023, order. (Doc. 3998). | Within seven days of the filing of each quarterly correctional staffing report. | |
| 3 | Status conference: The parties should be prepared to discuss what the quarterly mental-health-staffing reports reflect, as outlined in their most recent mental-health-staffing trends report. | | 11/21/23 at 9:00 a.m. |
| 4 | There is an ongoing disagreement on the appropriate method for comparison of ADOC's mental-health staffing levels against the levels set forth by the mental-health staffing ratios and mental-health staffing matrix incorporated in Sections 2.2.1 and 2.2.3 of the Phase 2A Omnibus Remedial Order (Doc. 3464). | On hold pending EMT's evaluation. | |

8

|   | | | |
|---|---|---|---|
|   | Plaintiffs filed reports as to this issue (Doc. 3766 & Doc. 3854) and the defendants filed a response to the plaintiffs' report. (Doc. 3856). In light of these reports, the court ordered the parties to file a joint report specifically identifying their areas of "agreement" and their areas of "disagreement," and their suggestions of how the court should proceed. The parties filed that report on December 28, 2022. (Doc. 3892). At the triannual status conference on July 14, 2023, the parties agreed that the court should wait to see if the EMT's performance measures touch on this issue. Nonetheless, the parties are to file a joint status report as to the EMT's progress on evaluating the quarterly mental-health staffing reports and whether the EMT's performance measures touch on this issue. | | |
| 5 | The EMT shall review ADOC's mental-health staffing ratios and, if necessary, make recommendations for revising them. (Doc. 3464) at § 2.2.2. | Beginning one year from the initiation of monitoring | |
| 6 | Deadline by which ADOC must achieve the staffing levels set forth in the staffing matrix previously approved by the court in the Phase 2A Order and Injunction on Mental-Health Staffing Remedy (Doc. 2688), subject to any subsequent modifications. Note: The Omnibus Remedial Order originally set June 1, 2025, as the compliance | 7/1/2025 | |

| | | | |
|---|---|---|---|
| | deadline. (Doc. 3464) at § 2.2.3.  As reflected in the parties' July 26, 2023, joint filing (Doc. 4004) at 2–3, that date was reset to July 1, 2025 (Doc. 3486) at 3. | | |
| | | | |
| III.D | **RESTRICTIVE HOUSING** | | |
| 1 | The defendants must file with the court and the EMT reports on each inmate who has been in restrictive housing for longer than 72 hours under exceptional circumstances during that week.  (Doc. 3464) at § 3.1.4, (Doc. 3557), and (Doc. 3771). | On a weekly basis | |
| 2 | The court required the parties to file reports on what the most recent weekly SMI reports to the court reflect (trends, etc., if any).  While the reports raised serious concerns, the court decided at the August 15 and November 7, 2022, status conferences not to take any immediate action, with the understanding that the EMT will examine the concerns closely in the very near future and that, otherwise, the court will reconsider looking into the issue itself (Doc. 3768 and Doc. 3865).  At the triannual status conference on July 14, 2023, the parties agreed that the court should wait to see if the EMT's performance measures touch on this issue.  The parties are to file a joint status report as to the EMT's progress on reviewing the SMI reports and whether the EMT's performance | On hold pending EMT's evaluation. | |

| | | | |
|---|---|---|---|
| | measures touch on this issue. | | |
| 3 | The parties submitted a joint filing concerning a proposal for the mediation and development of plan that will allow ADOC's RHUs (with the exception of the RHU at Tutwiler) to function safely with the correctional staff that ADOC currently employs. (Doc. 3794).  The court adopted the parties' proposal and ordered joint reports on the same to be filed every 21 days. (Doc. 3795).  At the status conference on September 20, 2023, the parties indicated that the 21-day structure was no longer necessary, as they were in the final process of reviewing recommendations from Mr. Raemisch. Accordingly, the parties should file their completed proposal. | Status report due 9/27/2022 and every 21 days thereafter | 10/27/23 by 5:00 p.m. |
| 4 | Status conference:  The parties should be prepared to discuss the matter in the preceding cell. | 9/20/2023 at 9:00 a.m. | 11/21/23 at 9:00 a.m. |
| 5 | The Phase 2A omnibus remedial order provided that all RHU cells must be cleaned by June 8, 2022. (Doc. 3464) at § 3.1.1. The defendants filed a notice with the court confirming that they have met this deadline.  (Doc. 3698).  Based on the representations made at several status conferences, the court stated that it will not take any immediate action with respect to the continued cleanliness of RHU cells, albeit with the expectation that the EMT will monitor the issue | On hold pending EMT's evaluation. | |

| | | | |
|---|---|---|---|
| | as soon as it is fully operational.  The court stated that it would revisit the issue later in light of the status of the EMT at that time.  (Doc. 3770 and Doc. 3862).  At the triannual status conference on July 14, 2023, the parties agreed that the court should wait to see if the EMT's performance measures touch on this issue.  The parties are to file a joint status report as to the EMT's progress on the continued cleanliness of RHU cells and whether the EMT's performance measures touch on this issue. | | |
| 6 | Deadline by which all RHU cells must comply with the conditions set forth in Lindsay M. Hayes's Checklist for the "Suicide-Resistant" Design of Correctional Facilities (Doc. 3206-5). (Doc. 3464) at § 3.1.3. Stayed pursuant to opinion and order on motion to stay. (Doc. 3526) at 75-76. | Stayed | |
| | | | |
| III.E | **SUICIDE PREVENTION** | | |
| 1 | ADOC must conduct inspections of all suicide watch, SU, and RHU cells to verify that they meet the conditions set forth Lindsay M. Hayes's Checklist for the "Suicide-Resistant" Design of Correctional Facilities (Doc. 3206-5). (Doc. 3464) at § 2.1.7.2. Stayed as to RHU cells pursuant to opinion and order on motion to stay. (Doc. 3526) at 75-76. | Stayed as to RHU cells only; otherwise, on a quarterly basis | |

| III.F | HIGHER LEVELS OF CARE | | |
|---|---|---|---|
| 1 | In collaboration with the EMT, ADOC must reassess, on an annual basis, (1) the number of inmates on its mental-health caseload and (2) whether the current estimate of the percentage of the mental-health caseload requiring inpatient treatment is accurate.  (Doc. 3464) at § 11.2.2.  The parties submitted joint reports on how to proceed on this issue on January 27, 2023 (Doc. 3905) and February 9, 2023 (Doc. 3918).  At the triannual status conference on July 14, 2023, the parties agreed that the court should wait to see if the EMT's performance measures touch on this issue.  The parties are to file a joint status report as to the EMT's progress as to assessing the mental-health caseload and whether the EMT's performance measures touch on this issue. | On hold pending EMT's evaluation. | |
| | | | |
| | IV. MISCELLANEOUS | | |
| IV.A | STATUS CONFERENCES | | |
| 1 | Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 11/21/2023 at 9:00 a.m. | |
| 2 | Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 2/9/2024 at 9:00 a.m. | |
| 3 | Triannual status conference, with the parties to submit reports | 7/12/2024 at 9:00 a.m. | |

13

|  |  |  |  |
|---|---|---|---|
|  | 10 business days before the status conference (Doc. 3467 and Doc. 3480). |  |  |
| 4 | Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 11/22/2024 at 9:00 a.m. |  |
| 5 | Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 2/7/2025 at 9:00 a.m. |  |
|  |  |  |  |
| **IV.B** | **STANDING ORDERS FOR HEARINGS AND STATUS CONFERENCES** |  |  |
| 1 | All hearings and evidentiary hearings shall be in accordance with the order entered on 1/15/2020 (Doc. 2727), unless otherwise specified. |  |  |
| 2 | All hearings, evidentiary hearings, and status conferences are to be by videoconferencing unless otherwise specified. |  |  |

DONE, this the 22nd day of September, 2023.

                                           /s/ Myron H. Thompson
                                      UNITED STATES DISTRICT JUDGE