IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:14cv601-MHT |
| | ) | (WO) |
| JOHN HAMM, in his | ) | |
| official capacity as | ) | |
| Commissioner of | ) | |
| the Alabama Department of | ) | |
| Corrections, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REVISED REMEDY SCHEDULING ORDER
ON PHASE 1 AND PHASE 2A ADA CLAIMS
AND PHASE 2A EIGHTH AMENDMENT CLAIM

Based on discussions had on-the-record during the status conference held on October 11, 2023, the court changed the upcoming triannual status conference--and the attendant topics of discussion--from November 21, 2023, to December 8, 2023.  However, there are two matters the court finds it necessary to modify and expand in this revised scheduling order.

First, as the old scheduling order reflects, the parties are to file, on October 27, 2023, two proposals with the help of Mr. Rick Raemisch: one for a "concrete plan to address ADOC's still grossly inadequate correctional staffing levels and a method to assess and reassess over time the effectiveness of the steps taken pursuant to that plan," (Doc. 4051) at cell III.B.4, and another for the "development of plan that will allow ADOC's RHUs ... to function safely with the correctional staff that ADOC currently employs," *id.* at cell III.D.3. Because time is of the essence for both of these matters, the court finds it unhelpful to wait until the December 8 triannual conference to take

them up--rather, this order resets discussion on those topics to a status conference to be held on November 3, 2023.   The November 3 status conference will focus solely on the correctional-staffing and RHU safe-functioning proposals that will be submitted on October 27, 2023. The December 8 status conference remains as scheduled as to all other matters.

Second, the last scheduling order held in abeyance two interlocking monitoring-related issues: (1) the filing of a "proposal or proposals as to what the court's resolution procedure should look like concerning disagreements about the performance measures/audits tools," *id* at cell III.A.6, and (2) setting a discussion and briefing schedule for the list of potentially resolvable monitoring-related issues outlined in the parties' recent status report, *id.* at cell III.A.8.   The court understands that the second matter, to some extent, controls the parties' ability to address the first matter; that is, the development of a resolution procedure may hinge on the answers to the parties' list of questions.   In their status report as to potentially resolvable issues, the parties lay out a briefing schedule.   *See* Status Report (Doc. 4046) at 3.   By way of this order (formalized below), the court adopts that briefing schedule in whole.   However, the parties briefing on each of the issues outlined in their report should include, in addition to their substantive arguments, whether the issue is one that the court *can* or *should* answer prior to any evidentiary hearing and resolution of objections to the measures/tools, and if so, why.   The court is concerned that some of the questions posed in the status report may be unnecessary, unripe, or redundant to the final analysis and does not want to lose

2

precious time delving into issues that will not ultimately impact the case.  Once the court has a better understanding of the issues, by way of the briefing schedule, it will reset the hearing and any deadlines for a proposal on a resolution procedure for any objections to the performance measures/audit tools.

Accordingly, it is ORDERED that the deadlines and dates for the Phases 1 and 2A remedy scheduling order for the ADA and Eighth Amendment claims remain and are revised as set forth below.

Note that the formatting of the scheduling order is as follows. Each section is designated with a cell-block number so that it may be more easily referenced.  For example, Section III deals with the "PHASE 2A EIGHTH AMENDMENT CLAIM."  Subpart B of that section pertains to "CORRECTIONAL STAFFING."  So the second cell in that subpart is referred to as cell III.B.2.  The court's citation for this cell is (Doc. X) at 4, cell III.B.2.

| Cell | | OLD DATES | NEW DATES |
|---|---|---|---|
| | | I. GENERAL | |
| I.A | The effective date of the Phase 2A Omnibus Remedial Order.  (Doc. 3464) at § 1.3. | 3/9/2022 | |
| | | | |
| | | II.  PHASE 1 AND PHASE 2A ADA CLAIMS | |
| II.A | PHASE 1 and 2A ADA | | |
| 1 | Phase 1:  Deadline for termination of monitoring. (Doc. 3801). | 11/1/28 | |
| 2 | Phase 1:  The deadline for alterations to Birmingham Community Based Facility/Community Work Center lapsed on January 1, 2023. (Doc. 3801).  The parties should complete mediation and file a status report as to how they plan to proceed on this issue. (Doc. 3992). | 10/13/23 at 5:00 p.m. | |
| 3 | Status conference: Parties should be prepared to discuss matter in preceding cell. (Doc. 3992). | 12/8/23 at 9:00 a.m. | |
| 4 | Phase 1:  The deadline for alterations to William E. Donaldson lapsed on May 31, 2023. (Doc. 3801). The parties should complete mediation and file a status report on September 15, 2023, as to how they plan to proceed on this issue. (Doc. 3992). | 10/13/23 at 5:00 p.m. | |

| | | | |
|---|---|---|---|
| 5 | Status conference: Parties should be prepared to discuss matter identified in preceding cell. (Doc. 3992). | 12/8/23 at 9:00 a.m. | |
| 6 | Phase 1:  Deadline for completion of alterations for the second and third phases regarding the removal, remediation, or construction of new facilities. (Doc. 3801). | 11/1/27 | |
| 7 | Phase 1: Parties filed a joint status report regarding their efforts to resolve, with the help of Gina Hilberry, the overarching Phase 1 ADA transition plan issue in light of the construction of one or more new facilities, including an anticipated deadline for the completion of an updated transition plan with any new compliance deadlines. (Doc. 4000).  The parties should file the completed proposed revised transition plan by January 26, 2024, as they represented at the status conference on September 20, 2023. | 1/26/24 by 5:00 p.m. | |
| 8 | Status conference: Parties should be prepared to discuss the matter outlined | 2/9/24 at 9:00 a.m. | |

| | in the preceding cell. | | |
|---|---|---|---|
| | | | |
| | **III. PHASE 2A EIGHTH AMENDMENT CLAIM** | | |
| **III.A** | **MONITORING** | | |
| 1 | Status conference: The parties should be prepared to discuss the status of the EMT. | 12/8/23 at 9:00 a.m. | |
| 2 | Parties to jointly file the EMT's finalized proposed versions of the performance measures and audit tools. (Doc. 4029). | 12/5/23 by 5:00 p.m. (The related informal milestones, see Order on Monitoring (Doc. 4029), are adjusted as follows: <ul><li>10/30/23—EMT provides draft audit tools to parties;</li><li>11/13/23—Parties' objections given to EMT;</li><li>11/20/23—EMT gives response to parties.)</li></ul> | |
| 3 | If the plaintiffs have any unresolved objections to the performance measures/audit tools, the plaintiffs shall file line-by-line redlined versions of the EMT's finalized proposed performance measures and audit tools.  (Doc. 4029). | 12/5/23 by 5:00 p.m. | |
| 4 | If the defendants have any unresolved objections to the performance measures/audit tools, the defendants shall file line-by-line redlined versions of | 12/5/23 by 5:00 p.m. | |

| | | | |
|---|---|---|---|
| | the EMT's finalized proposed performance measures and audit tools.  (Doc. 4029). | | |
| 5 | Status conference: The parties should be prepared to discuss any objections to the EMT's finalized proposed performance measures/audit tools. | 12/8/23 at 9:00 a.m. | |
| 6 | Parties are to file their proposal or proposals as to what the court's resolution procedure should look like concerning disagreements about the performance measures/audit tools, including the issues outlined in the court's order, (Doc. 4029). | The deadline was continued, and the court will reset it a later date. | |
| 7 | Status conference: The parties should be prepared to discuss the matter identified in the preceding cell. (Doc. 4029). | | On hold pending completion of the briefing schedule outlined in the below cell. |
| 8 | Parties are to file their list of monitoring-related issues that the court can take up, and potentially resolve, before November 17, as well as a proposal or proposals on how to resolve those issues before November 17. (Doc. 4029). Parties timely filed the list and submitted a briefing schedule. (Doc. 4046).  If a | | The court adopts the parties' briefing schedule as to the list of issues outlined in their report. If a hearing is necessary, the court will set it at a later date post-briefing. |

| | hearing is necessary, the court will set it at a later date and the parties should be prepared to discuss. | | |
|---|---|---|---|
| 9 | Plaintiffs to file initial briefs as to the potentially resolvable monitoring-related issues discussed in the preceding cell. | | 10/27/23 by 5:00 p.m. |
| 10 | Defendants to file responsive briefing to the plaintiffs' brief above. | | 11/3/23 by 5:00 p.m. |
| 11 | Plaintiffs to file reply briefs. | | 11/10/23 by 5:00 p.m. |
| | | | |
| III.B | CORRECTIONAL STAFFING | | |
| 1 | The defendants must submit correctional staffing reports to the court and the EMT. (Doc. 3464) at § 2.1.6. By agreement of the parties, the defendants are to submit these reports on the dates set forth in the Phase 2A Understaffing Remedial Order (Doc. 1657) at § 4, namely, March 1, June 1, September 1, and December 1 of each year. | On March 1, June 1, September 1, and December 1 of each year | |
| 2 | The parties must submit a joint correctional-staffing "trends" report to the court within seven days of the filing of each quarterly correctional staffing report. The "trends" reports | Within seven days of the filing of each quarterly correctional staffing report. | |

|   | | |
|---|---|---|
|   | should include the five items outlined in the court's July 17, 2023, order. (Doc. 3994.) | |
| 3 | Status conference: The parties should be prepared to discuss what the quarterly correctional-staffing reports reflect, as outlined in their most recent correctional-staffing trends report. | 12/8/23 at 9:00 a.m. |
| 4 | The parties submitted a joint filing concerning a proposal for the mediation and development of a concrete plan to address ADOC's still grossly inadequate correctional staffing levels and a method to assess and reassess over time the effectiveness of the steps taken pursuant to that plan.  (Doc. 3791).  The court adopted the parties' proposal and ordered joint reports on the same to be filed every 21 days. (Doc. 3795).  At the status conference on September 20, 2023, the parties indicated that the 21-day structure was no longer necessary, as they were in the final process of reviewing recommendations from Mr. Raemisch. | 10/27/23 by 5:00 p.m. |

| | | | |
|---|---|---|---|
| | Accordingly, the parties should file their completed proposal. | | |
| 5 | Status conference: The parties should be prepared to discuss the matter in the preceding cell. | 12/8/23 at 9:00 a.m. | 11/3/23 at 9:00 a.m. |
| 6 | The formatting for the correctional staffing reports shall be further revised, if necessary, based on input from the EMT. *See* Phase 2A Omnibus Remedial Order (Doc. 3464) at § 2.1.6. The parties are to file a joint status report as to the adequacy of the correctional staffing reports, including the EMT's progress on evaluating the adequacy of the reports and whether the EMT's performance measures touch on this issue. (Doc. 3994.) | On hold pending EMT's evaluation. | |
| 7 | The defendants filed 2022 Correctional Staffing Analysis Report on November 1, 2022. (Doc. 3849). | Done | |
| 8 | The defendants filed the Updated 2022 Correctional Staffing Analysis (Doc. 3928) on February 24, 2023, which resolved the parties' disputes as to the adequacy of the 2022 | Done | |

| | | | |
|---|---|---|---|
| | Correctional Staffing Analysis (Doc. 3927). | | |
| 9 | The parties should file a joint report confirming the RPU completed its annual review and report of the current staffing analysis, as outlined in AR 238. *See* Joint Report (Doc. 4033). | 12/1/23 by 5:00 p.m. | |
| 10 | The parties should file a joint report confirming that the RPU is in the process of updating the staffing analysis as outlined in AR 238. *See* Joint Report (Doc. 4033). | 6/30/24 by 5:00 p.m. | |
| 11 | The defendants must develop with the Savages, and submit to the court, realistic benchmarks for the level of correctional staffing ADOC will attain by December 31 of 2022 (though this date is passed), 2023, and 2024 respectively to put ADOC on track to fill all mandatory and essential posts by July 1, 2025. (Doc. 3464) at § 2.1.5. (Doc. 3857). The defendants filed their proposed benchmarks on January 20, 2023 (Doc. 3901), the plaintiffs filed a response (Doc. 3906), to which defendants replied | On hold pending consideration of other matters as indicated. | |

| | | | |
|---|---|---|---|
| | (Doc. 3917). The State's proposed benchmarks do not reflect the operative Updated 2022 Correctional Staffing Analysis (Doc. 3928) and they employ a 33% overtime rate, which is a contested issue. Accordingly, the court does not accept the proposed benchmarks at this time and will revisit the issue of benchmarks once other issues pertaining to the quarterly correctional staffing reports, overtime calculation, and updated staffing analyses are resolved. | | |
| 12 | Deadline by which ADOC must fill all mandatory and essential posts at the level indicated in the most recent staffing analysis at that time. (Doc. 3464) at § 2.1.4. | 7/1/2025 | |
| | | | |
| III.C | MENTAL-HEALTH STAFFING | | |
| 1 | The defendants must submit mental-health staffing reports to the court and the EMT. (Doc. 3464) at § 2.2.4. By agreement of the parties, the defendants are to submit these reports on the dates set forth in the Phase | On March 1, June 1, September 1, and December 1 of each year | |

|   | | |
|---|---|---|
|   | 2A Understaffing Remedial Order (Doc. 1657) at § 4, namely, March 1, June 1, September 1, and December 1 of each year. | |
| 2 | The parties must submit a joint mental-health-staffing "trends" report to the court within seven days of the filing of each quarterly mental-health-staffing report.  The "trends" reports should include the five items outlined in the court's July 19, 2023, order. (Doc. 3998). | Within seven days of the filing of each quarterly correctional staffing report. |
| 3 | Status conference: The parties should be prepared to discuss what the quarterly mental-health-staffing reports reflect, as outlined in their most recent mental-health-staffing trends report. | 12/8/23 at 9:00 a.m. |
| 4 | There is an ongoing disagreement on the appropriate method for comparison of ADOC's mental-health staffing levels against the levels set forth by the mental-health staffing ratios and mental-health staffing matrix incorporated in Sections 2.2.1 and 2.2.3 of the Phase 2A Omnibus Remedial Order (Doc. 3464). | On hold pending EMT's evaluation. |

| | | |
|---|---|---|
| | Plaintiffs filed reports as to this issue (Doc. 3766 & Doc. 3854) and the defendants filed a response to the plaintiffs' report. (Doc. 3856). In light of these reports, the court ordered the parties to file a joint report specifically identifying their areas of "agreement" and their areas of "disagreement," and their suggestions of how the court should proceed.  The parties filed that report on December 28, 2022. (Doc. 3892). At the triannual status conference on July 14, 2023, the parties agreed that the court should wait to see if the EMT's performance measures touch on this issue. Nonetheless, the parties are to file a joint status report as to the EMT's progress on evaluating the quarterly mental-health staffing reports and whether the EMT's performance measures touch on this issue. | |
| 5 | The EMT shall review ADOC's mental-health staffing ratios and, if necessary, make recommendations for | Beginning one year from the initiation of monitoring | |

| | | | |
|---|---|---|---|
| | revising them. (Doc. 3464) at § 2.2.2. | | |
| 6 | Deadline by which ADOC must achieve the staffing levels set forth in the staffing matrix previously approved by the court in the Phase 2A Order and Injunction on Mental-Health Staffing Remedy (Doc. 2688), subject to any subsequent modifications. Note: The Omnibus Remedial Order originally set June 1, 2025, as the compliance deadline. (Doc. 3464) at § 2.2.3.  As reflected in the parties' July 26, 2023, joint filing (Doc. 4004) at 2-3, that date was reset to July 1, 2025 (Doc. 3486) at 3. | 7/1/2025 | |
| | | | |
| III.D | RESTRICTIVE HOUSING | | |
| 1 | The defendants must file with the court and the EMT reports on each inmate who has been in restrictive housing for longer than 72 hours under exceptional circumstances during that week.  (Doc. 3464) at § 3.1.4, (Doc. 3557), and (Doc. 3771). | On a weekly basis | |
| 2 | The court required the parties to file reports on what the most recent weekly SMI reports to the court reflect | On hold pending EMT's evaluation. | |

| | | | |
|---|---|---|---|
| | (trends, etc., if any).  While the reports raised serious concerns, the court decided at the August 15 and November 7, 2022, status conferences not to take any immediate action, with the understanding that the EMT will examine the concerns closely in the very near future and that, otherwise, the court will reconsider looking into the issue itself (Doc. 3768 and Doc. 3865). At the triannual status conference on July 14, 2023, the parties agreed that the court should wait to see if the EMT's performance measures touch on this issue.  The parties are to file a joint status report as to the EMT's progress on reviewing the SMI reports and whether the EMT's performance measures touch on this issue. | | |
| 3 | The parties submitted a joint filing concerning a proposal for the mediation and development of plan that will allow ADOC's RHUs (with the exception of the RHU at Tutwiler) to function safely with the correctional | 10/27/23 by 5:00 p.m. | |

|   | | | |
|---|---|---|---|
|   | staff that ADOC currently employs. (Doc. 3794).   The court adopted the parties' proposal and ordered joint reports on the same to be filed every 21 days. (Doc. 3795). At the status conference on September 20, 2023, the parties indicated that the 21-day structure was no longer necessary, as they were in the final process of reviewing recommendations from Mr. Raemisch. Accordingly, the parties should file their completed proposal. | | |
| 4 | Status conference: The parties should be prepared to discuss the matter in the preceding cell. | 12/8/23 at 9:00 a.m. | 11/3/23 at 9:00 a.m. |
| 5 | The Phase 2A omnibus remedial order provided that all RHU cells must be cleaned by June 8, 2022.  (Doc. 3464) at § 3.1.1.  The defendants filed a notice with the court confirming that they have met this deadline. (Doc. 3698).  Based on the representations made at several status conferences, the court stated that it will not take any immediate action | On hold pending EMT's evaluation. | |

17

| | | | |
|---|---|---|---|
| | with respect to the continued cleanliness of RHU cells, albeit with the expectation that the EMT will monitor the issue as soon as it is fully operational.  The court stated that it would revisit the issue later in light of the status of the EMT at that time. (Doc. 3770 and Doc. 3862).   At the triannual status conference on July 14, 2023, the parties agreed that the court should wait to see if the EMT's performance measures touch on this issue.  The parties are to file a joint status report as to the EMT's progress on the continued cleanliness of RHU cells and whether the EMT's performance measures touch on this issue. | | |
| 6 | Deadline by which all RHU cells must comply with the conditions set forth in Lindsay M. Hayes's Checklist for the "Suicide-Resistant" Design of Correctional Facilities (Doc. 3206-5). (Doc. 3464) at § 3.1.3. Stayed pursuant to opinion and order on motion | Stayed | |

| | | | |
|---|---|---|---|
| | to stay. (Doc. 3526) at 75-76. | | |
| | | | |
| **III.E** | **SUICIDE PREVENTION** | | |
| 1 | ADOC must conduct inspections of all suicide watch, SU, and RHU cells to verify that they meet the conditions set forth Lindsay M. Hayes's Checklist for the "Suicide-Resistant" Design of Correctional Facilities (Doc. 3206-5). (Doc. 3464) at § 2.1.7.2. Stayed as to RHU cells pursuant to opinion and order on motion to stay. (Doc. 3526) at 75-76. | Stayed as to RHU cells only; otherwise, on a quarterly basis | |
| | | | |
| **III.F** | **HIGHER LEVELS OF CARE** | | |
| 1 | In collaboration with the EMT, ADOC must reassess, on an annual basis, (1) the number of inmates on its mental-health caseload and (2) whether the current estimate of the percentage of the mental-health caseload requiring inpatient treatment is accurate. (Doc. 3464) at § 11.2.2. The parties submitted joint reports on how to proceed on this issue on January 27, 2023 (Doc. 3905) and February 9, 2023 (Doc. 3918). At the triannual status | On hold pending EMT's evaluation. | |

| | | | |
|---|---|---|---|
| | conference on July 14, 2023, the parties agreed that the court should wait to see if the EMT's performance measures touch on this issue.  The parties are to file a joint status report as to the EMT's progress as to assessing the mental-health caseload and whether the EMT's performance measures touch on this issue. | | |
| | | | |
| **IV. MISCELLANEOUS** | | | |
| **IV.A** | **STATUS CONFERENCES** | | |
| 1 | Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 12/08/2023 at 9:00 a.m. | |
| 2 | Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 2/9/2024 at 9:00 a.m. | |
| 3 | Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 7/12/2024 at 9:00 a.m. | |
| 4 | Triannual status conference, with the parties to submit reports 10 business days before the | 11/22/2024 at 9:00 a.m. | |

| | | | |
|---|---|---|---|
| | status conference (Doc. 3467 and Doc. 3480). | | |
| 5 | Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 2/7/2025 at 9:00 a.m. | |

| IV.B | STANDING ORDERS FOR HEARINGS AND STATUS CONFERENCES | | |
|---|---|---|---|
| 1 | All hearings and evidentiary hearings shall be in accordance with the order entered on 1/15/2020 (Doc. 2727), unless otherwise specified. | | |
| 2 | All hearings, evidentiary hearings, and status conferences are to be by videoconferencing unless otherwise specified. | | |

DONE, this the 12th day of October, 2023.

        /s/ Myron H. Thompson
      UNITED STATES DISTRICT JUDGE