IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
EDWARD BRAGGS, et al.,       )
                             )
     Plaintiffs,             )
                             )     CIVIL ACTION NO.
     v.                      )       2:14cv601-MHT
                             )           (WO)
JOHN HAMM, in his            )
official capacity as         )
Commissioner of              )
the Alabama Department of    )
Corrections, et al.,         )
                             )
     Defendants.             )
```

PROPOSED ORDER FOR MONITORING HEARING BY ZOOM

In line with the Phase 2A Opinion and Order on Monitoring of Eighth Amendment Remedy (Doc. 2915), the EMT has been developing performance measures and audit tools to aid in assessing the ADOC's compliance with the Phase 2A Omnibus Remedial Order (Doc. 3464).* *See generally* Opinion and Order on Monitoring (Doc. 4029).

---

* The Phase 2A Opinion and Order on Monitoring of Eighth Amendment Remedy (Doc. 2915) is published at *Braggs v. Dunn*, 483 F. Supp. 3d 1136 (M.D. Ala. 2020) (Thompson,

At present, the EMT's finalized proposed versions of the measures and tools, as well as the parties' objections to the measures and tools, if any, are to be submitted at a later date.  *See* Revised Remedy Scheduling Order (Doc. 4055) at 4, cell III.A.2-4.  While the court hopes that most objections and disagreements regarding the measures and tools can be resolved through ongoing discussions between the parties, the EMT, and the mediator, Magistrate Judge John Ott, the parties have nevertheless indicated that there will be objections to the measures and tools that may require court resolution.

What that resolution procedure should look like has been an area of ongoing discussion.  *See* Opinion and Order on Monitoring (Doc. 4029) at 9-11.  But all parties seem to agree that a hearing--with evidence and testimony-- will have to be held in the event court

---

J.).  The subsequent Phase 2A Omnibus Remedial Order (Doc. 3464) is published at *Braggs v. Dunn*, 562 F. Supp. 3d 1178 (M.D. Ala. 2021) (Thompson, J.).

resolution of any objections to the measures and tools is necessary.  The details of any such hearing (when it will occur, how long it will last, whether a briefing schedule should be entered before or after any such hearing, etc.) have yet to be decided.

Some logistical considerations, however, can be resolved now prior to any objections.  At the on-the-record hearing held on November 21, 2023, discussions were had about the setting of any hearing on the objections to the EMT's finalized performance measures and audit tools by Zoom.  All parties, as well as the court, agreed to conducting the <u>entirety</u> of any such hearing by Zoom as follows:

    (1) Any hearing on objections to the EMT's finalized proposed performance measures and audit tools will be held by Zoom.

    (2) The court, counsel for the parties, and all witnesses, experts or otherwise, will participate by Zoom.  The courtroom deputy will

>    arrange and send out the Zoom link at the appropriate time.
>
> (3) Because the press and public are not eligible to receive a virtual link to any such Zoom hearing, the court will provide viewing access to those interested groups in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama. The courtroom deputy will arrange the Zoom hearing to be streamed to the courtroom so that any interested public or press may view the proceedings.

This approach is designed to alleviate the logistical difficulties an in-person hearing presents in terms of witness availability and scheduling, especially as it relates to EMT members, while ensuring that the public and press are able to observe the proceedings. As already stated, the parties, while on the record, orally approved

of conducting the hearing by Zoom. However, the court finds it appropriate for such approval to be in writing.

\*\*\*

Accordingly, it is ORDERED that the parties are to submit a statement, together or separately, on or before November 27, 2023, by 5:00 p.m., as to whether they affirmatively approve of the procedure outlined in this order. If they do, the court will enter an order adopting the procedure.

DONE, this the 21st day of November, 2023.

                                     /s/ Myron H. Thompson
                                     UNITED STATES DISTRICT JUDGE