IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
EDWARD BRAGGS, et al.,        )
                              )
      Plaintiffs,             )
                              )    CIVIL ACTION NO.
      v.                      )    2:14cv601-MHT
                              )         (WO)
JOHN HAMM, in his             )
official capacity as          )
Commissioner of               )
the Alabama Department of     )
Corrections, et al.,          )
                              )
      Defendants.             )
```

ORDER ON MONITORING MATTERS

There are two matters before the court that implicate the forthcoming performance measures and audit tools that will be used to monitor compliance with this case's remedial provisions.  The first is the parties' list of what they believe to be potentially resolvable monitoring-related issues.  *See* Joint Status Report On Potentially Resolvable Monitoring-Related Issues (Doc. 4046).  That list of issues has been fully briefed.  *See* Briefs (Doc. 4063, Doc. 4070, & Doc. 4076).  The second is the parties' forthcoming objections to the

EMT's performance measures and audit tools, which are currently due on December 5, 2023. *See* Revised Remedy Scheduling Order (Doc. 4055) at 4, cells III.A.2–4.

At the on-the-record hearing held on November 21, the parties represented that they believe the best way for them to narrow and develop their objections to the measures and tools is for the court to attempt to resolve the monitoring-related issues before requiring the submission of the parties' objections to the measures and tools.

Therefore, based on the representations made on the record, the court will first take up the potentially resolvable monitoring-related issues. To do so, the parties will need to submit samples of the EMT's performance measures and audit tools relevant to each issue from which the court can anchor its analysis. The court is concerned that it cannot practically resolve an issue that impacts the measures and tools without ever having seen what a measure or a tool looks like, and, in particular, what ones related to the issues before the

court look like.  The parties' ultimate objections to the measures and tools will not be due until after the court makes an attempt to resolve the monitoring-related issues, which may require oral argument to be set at a later date.  Once resolved, the court will then reset a date for submission of any objections to the measures and tools.

Accordingly, it is ORDERED that:

(1) The parties are to file a joint statement by November 28, 2023, at 5:00 p.m. that includes illustrative samples of the relevant performance measures and audit tools that are impacted by and correlate with the monitoring-related issues that the parties believe need to be resolved before they can finalize their objections to the EMT's proposed performance measures and audit tools.

(2) Submission of the EMT's finalized proposed performance measures and audit tools and the

parties' objections to the measures and tools are suspended until further notice.

DONE, this the 21st day of November, 2023.

_____ /s/ Myron H. Thompson _____
UNITED STATES DISTRICT JUDGE