# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **EDWARD BRAGGS**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 2:14-cv-00601-MHT** |
| **v.** | ) | |
| | ) | **District Judge Myron H. Thompson** |
| **JOHN HAMM,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## JOINT STATEMENT REGARDING MONTHLY RESTRICTIVE HOUSING UNIT REPORT TRENDS

Plaintiffs Edward Braggs, *et al.*, ("Plaintiffs") and Defendants JOHN HAMM ("Commissioner Hamm"), in his official capacity as Commissioner of the Alabama Department of Corrections ("ADOC"), and DEBORAH CROOK, in her official capacity as ADOC's Deputy Commissioner, Office of Health Services, ("Deputy Commissioner" and, collectively with Commissioner Hamm, the "State," and, collectively with Plaintiffs and Commissioner Hamm, the "Parties"), hereby submit this Joint Status Report on Restrictive Housing Trends in response to the Court's Order Approving RHU Plan and Adopting Monthly RHU Reports (Doc. 4082),[1]

---

[1] The State expressly preserves any and all objections and all available legal and equitable arguments in response to the Court's Order Approving RHU Plan and Adopting Monthly RHU Reports (Doc. 4082), the Court's Phase 2A Omnibus Remedial Opinion (Docs. 3461, 3462, 3463, 3465), Phase 2A Omnibus Remedial Order (Doc. 3464), any other Phase 2A remedial orders, and the Court's liability opinions and orders in this action, including without limitation, the Court's Liability Opinion and Order as to Phase 2A Eighth Amendment Claim (Doc. 1285) and Phase 2A

regarding (i) the data in the Monthly Restrictive Housing Report for the month of December 2023 ("Monthly RHU Report") (Doc. 4112); (ii) whether the Monthly RHU Report reflects progress towards the goals outlined in ADOC's proposed plan for operating Restrictive Housing Units ("RHU") with current staffing in the Joint Statement on Restrictive Housing Operations (Doc. 4061) approved by the Court (Doc. 4082); and (iii) other information revealed by the Monthly RHU Report.

## I. THE DATA IN THE MONTHLY RESTRICTIVE HOUSING REPORT FOR THE MONTH OF DECEMBER 2023.

### A. THE STATE'S POSITION.

The State timely filed the Monthly RHU Report on January 16, 2024. (Doc. 4112-1). The Report confirms ADOC's marked progress in its diminishing reliance upon and operation of restrictive housing units across the State of Alabama. ADOC decreased the total number of RHU beds from 1,165 in March 2022 (Doc. 3623-1) to 942 as of December 2023 representing a decrease of 19.1% of RHU beds. Further, in March 2022, ADOC housed 1,016 inmates in RHU. (Id.). As of December 31,

---

Supplemental Liability Opinion and Order on Periodic Mental-Health Evaluations of Prisoners in Segregation (Doc. 2332). Nothing contained in this filing shall be construed as an admission by the State, a waiver of any objection to any opinion or order in this action, or a waiver of the State's pending appeal related to Phase 2A (see Doc. 3488), or an agreement to adopting this "proposal" as an order and/or monitoring it. Similarly, nothing in this filing shall be construed as waiving or otherwise satisfying the need-narrowness-intrusiveness requirements of the Prison Litigation Reform Act ("PLRA"). 18 U.S.C. § 3262(a)(1). Further, nothing in this filing shall be construed as an admission of any kind by the State that ADOC's current or historical staffing or provision of mental-health care is or was unconstitutional or deficient in any way.

2023, only 738 beds held inmates (Doc. 4112-1), for a decrease of 27.4% of inmates in RHU.  Of those held in RHU on December 31, 2023, only six (6) inmates remained under a designation of "transitional."  (Id.).  Additionally, less than 7.5% of the RHU population consisted of Severely Mentally-Ill ("SMI") inmates.

As the data in the Monthly RHU Report indicates, ADOC substantially diminished its reliance upon RHUs across all institutions.  ADOC continues to implement measures to improve the operation of RHUs statewide.

B.    PLAINTIFFS' POSITION.

Defendants have decreased the number of beds identified as eligible for restrictive housing placement. However, the beds removed from an RHU designation were simply re-designated as PHRU beds, making much of difference illusory. Defendants explicitly point out a reduction of RHU beds from 1,165, as included in Plaintiffs' filing Doc. 3623-1, to 942 RHU beds in the January 16, 2024, RHU Report. In reviewing the underlying report for the March 2022 data, work release facilities were included in the total number of available RHU beds. Therefore, not counting the number of work release beds (approximately 40), there were 1,132 beds designated for RHU placement in 2022 compared to 942, for a decrease of 190 beds, or 16.7%. Of those beds, 124 beds were re-classified to the Preventative Housing and Reintegration Units ("PHRU") *which is intended to reduce the RHU population*. (See Doc. 4082-2). Therefore, Defendants only had a

3

net decrease of 66 beds in major facilities. Plaintiffs believe this is due to a reduction of RHU beds at Donaldson Correctional Facility.

Although the reduction of beds *designated* as RHU is clear, the data for December 2023 in isolation does not show a decreased reliance in RHU. It does, however, show that 62 individuals that are not stable in their mental health treatment ("MH-C's"[2]) are held in ADOC's RHUs. The data also shows that 55 individuals, "less than 7.5%" according to Defendants, have an identified SMI. This number has slowly crept up since the Department created a process to substantially reduce SMI's in RHU This alarming since ADOC is not reporting the gross percentage of SMI's in the system. This number should be weighed against the Court's Order that only individuals who have SMIs be held in RHU under exceptional circumstances.

Additionally, the report shows 307 inmates having been in RHU more than 90 days, or a whopping 41.6% of the total.  Defendants have not, to the best of Plaintiffs' knowledge, considered solutions suggested such as a cap on total RHU time, a program for an individual in RHU to reduce their stay with good behavior, or a comprehensive evaluation of whether the current system which classifies the

---

[2] By definition an inmate classified at MH-C is "Assigned to inmates who are receiving outpatient mental health services at a major facility, who have any diagnosed mental disorder associated with functional impairment that interferes with their ability to meet the ordinary demands of life" (Administrative Regulation 403 (I)(3)).

level of punishment for aberrant acts over punishes inmate. (See Administrative Regulation 403)

## II.  ADOC's Progression Towards the Goals of ADOC's Plan for Operating RHUs with Current Staffing.

### A.  The State's Position.

ADOC continues to make progress in the operation of its RHUs with improving staffing levels. The nearly 30% decrease in RHU population from March 2022 aligns with the goals of ADOC's plan by addressing the current RHU population and seeking alternatives to RHU housing. One alternative housing unit concerns PHRU at Limestone and St. Clair. These units allow inmates seeking removal from population due to fear to receive programing in secure housing areas designed to assist with reintegration into the general population. ADOC's process of expanding the number of PHRU beds reduces the number of RHU beds and enables ADOC to move SMI and other inmates in preventative status out of RHUs. As of December 2023, Limestone operated 76 PHRU beds and St. Clair 48 PHRU beds. Limestone maintained 100% occupancy for the PHRU, and St. Clair held a total of 26 inmates on December 31, 2023. ADOC remains confident that it will continue to improve the operation of its RHUs with these types of creative measures and increasing staffing levels.

ADOC continues to work towards centralizing leadership over all RHUs and streamlining efficiency in RHUs across facilities by establishing RHU teams. The

5

RHU Teams at Limestone and Donaldson have already demonstrated the success of the program. The State expects similar success at St. Clair once St. Clair leadership finalizes the Standard Operating Procedure for the St. Clair RHU team and deploys the team, which St. Clair leadership anticipates completing prior to the next monthly Restrictive Housing Report.

ADOC also continues to increase correctional staffing at ADOC's major facilities, as outlined in the July to September 2023 Quarterly Staffing Report filed under seal on December 1, 2023. (Doc. 4096). The increased staffing in conjunction with ADOC's creation of RHU Teams substantially improved ADOC's ability to safely carry out the required activities of the RHU.

### B.   PLAINTIFFS' POSITION.

RHUs require a substantial resource commitment in the form of personnel. Although Defendants point to the 30% reduction of population in RHUs, the actual number of cells within the RHU have not been significantly reduced. (See *supra*, II.B.). As RHU staffing is not based on the number of *occupied* cells, given the possibility that all cells may be filled throughout any given day, the actual number of available beds is more indicative of RHU staffing needs than occupied beds. Finally, Defendants highlight the PHRU as positively impacting staffing needs, but staffing is *still* required in the PHRU and, to Plaintiffs' knowledge, an evaluation

6

of how many officers will be needed in the PHRU compared to the RHU has not occurred.

A centralization of RHU operations may prove to be beneficial to the operation of RHUs, considering the difficulty in staffing those units, but it is too soon to determine the impact of that centralization.

**III.   OTHER INFORMATION REVEALED BY THE MONTHLY RESTRICTIVE HOUSING TRENDS REPORT FOR THE MONTH OF DECEMBER 2023.**

   **A.   THE STATE'S POSITION.**

The December 2023 Restrictive Housing Report revealed that ADOC's RHU population remains focused mainly on inmates under disciplinary and preventative status.  Of the 738 inmates in RHU, 83 inmates remained in RHU under investigative status and only six (6) under transitional status.  (Doc. 4112-1).  Through use of the PHRUs, ADOC kept the number on inmates in RHU on preventative status to 322. (Id.).  These actions produced positive results inside each of the RHUs in December 2023.

   **B.   PLAINTIFFS' POSITION.**

Defendants continue to hold an obscenely large number of individuals in Preventative status (almost 50%) within the RHU. These individuals are those who have been reclassified as appropriate for restrictive housing but *not* serving time for a disciplinary sanction. (See Doc. 4082-002). Additionally, 41% of *all* individuals in RHU were in RHU for more than three months. Plaintiffs encourage

Defendants to use this re-evaluation of RHU operations to determine if long-term RHU placement and/or Preventative Status remains necessary to the extent it is used. Additionally, to the extent Preventative status is necessary as individuals feel unsafe and refuse to return to general population, additional PHRU may need to be created. It is clear that – as Limestone and St. Clair were almost full – this may be a needed alternative to RHU given concerns of safety within ADOC general population.

Date: 01/23/2024

/s/ Kenneth S. Steely
Kenneth S. Steely
*Attorney for the Commissioner and Deputy Commissioner*

William R. Lunsford
Matthew B. Reeves
Kenneth S. Steely
Clifford Z. Stafford
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, AL 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com
kenneth.steely@butlersnow.com
zane.stafford@butlersnow.com
Deana Johnson, Esq.
Brett T. Lane, Esq.

8

**MHM SERVICES, INC.**
1447 Peachtree Street, N.E.,
Suite 500
Atlanta, GA 30309
djohnson@mhm-services.com
btlane@mhm-services.com
**ATTORNEYS FOR THE DEFENDANTS**

                                        /s/ Ashley N. Light
                                        Ashley N. Light


Ashley N. Light
Lisa W. Borden
Latasha L. McCrary
**SOUTHERN POVERTY LAW CENTER**
400 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481
ashley.light@splcenter.org
lisawborden@gmail.com
latasha.mccrary@splcenter.org

Leslie Faith Jones*
**SOUTHERN POVERTY LAW CENTER**
111 East Capitol Street, Suite 280
Jackson, MS 39201
Telephone: (601) 948-8882
Facsimile: (334) 956-8281
leslie.jones@splcenter.org
*Admitted pro hac vice

William G. Somerville, III
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ PC**
420 20th Street North, Suite 1400
Birmingham, AL 35203
wsomerville@bakerdonelson.com

William Van Der Pol, Jr.
Lonnie Williams
Barbara A. Lawrence
Andrea J. Mixson
Larry G. Canada
**ALABAMA DISABILITIES
ADVOCACY PROGRAM**
University of Alabama
500 Martha Parham West
Box 870395
Tuscaloosa, AL  35487
Telephone: (205) 348-4928
Facsimile: (205) 348-3909
wvanderpoljr@adap.ua.edu
lwilliams@adap.ua.edu
blawrence@adap.ua.edu
amixson@adap.ua.edu
lcanada@adap.ua.edu

Catherine E. Stetson*
Neal K. Katyal*
Jo-Ann T. Sagar*
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
cate.stetson@hoganlovells.com
neal.katyal@hoganlovells.com
jo-ann.sagar@hoganlovells.com
*Admitted pro hac vice*

10

Joshua C. Toll*
**KING & SPALDING LLP**
1700 Pennsylvania Avenue NW, 2nd Floor
Washington, DC 20006-4707
Telephone: (202) 227-6138
Facsimile: (202) 626-3737
jtoll@kslaw.com
*Admitted pro hac vice*

**ATTORNEYS FOR THE PLAINTIFFS**

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35213
Telephone: (205) 590-6986
Facsimile: (205) 809-7899
anil@dagneylaw.com

**ATTORNEY FOR PLAINTIFF ALABAMA DISABILITIES ADVOCACY PROGRAM**

11