IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:14cv601-MHT |
| | ) | (WO) |
| JOHN HAMM, in his | ) | |
| official capacity as | ) | |
| Commissioner of | ) | |
| the Alabama Department of | ) | |
| Corrections, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### REVISED REMEDY SCHEDULING ORDER
### ON PHASE 1 ADA CLAIMS
### AND PHASE 2A EIGHTH AMENDMENT CLAIM

It is ORDERED that the joint motion for extension of time to file proposed revised ADA transition plan (Doc. 4117) is granted; and it is further ORDERED that, based on the representations made at the status conference on December 8, 2023, and in light of subsequent orders, and because the triannual status conference, now set for February 9, 2024, must be reset, the deadlines and dates for the Phases 1 and 2A remedy scheduling order for the ADA and Eighth Amendment claims remain and are revised as set forth below.

Note that the formatting of the scheduling order is as follows. Each section is designated with a cell-block number so that it may be more easily referenced.  For example, Section III deals with the "PHASE 2A EIGHTH AMENDMENT CLAIM."  Subpart B of that section pertains to "CORRECTIONAL STAFFING."  So the second cell in that subpart is referred to as cell III.B.2.  The court's citation for this cell is (Doc. X) at 4, cell III.B.2.

| Cell | | OLD DATES | NEW DATES |
|---|---|---|---|
| | I. GENERAL | | |
| I.A | The effective date of the Phase 2A Omnibus Remedial Order. (Doc. 3464) at § 1.3. | 3/9/2022 | |
| | | | |
| | II. PHASE 1 ADA CLAIMS | | |
| II.A | PHASE 1 ADA | | |
| 1 | Phase 1: Deadline for termination of monitoring. (Doc. 3801). | 11/1/28 | |
| 2 | Phase 1: The deadline for alterations to Birmingham Community Based Facility/Community Work Center lapsed on January 1, 2023. (Doc. 3801). The parties are to file a status report as to how they plan to proceed with regard to this facility. | 11/28/23 at 5:00 p.m. | 2/7/24 at 5:00 p.m. |
| 3 | Status conference: Parties should be prepared to discuss matter in preceding cell. (Doc. 3992). | 12/8/23 at 9:00 a.m. | 3/1/24 at 9:00 a.m. |
| 4 | Phase 1: Deadline for completion of alterations for the second and third phases regarding the removal, remediation, or construction of new facilities. (Doc. 3801). | 11/1/27 | |
| 5 | Phase 1: Parties filed a joint status report regarding their efforts to resolve, with the help of Gina | 1/26/24 by 5:00 p.m. | 2/26/24 by 5:00 p.m. |

|   |   |   |   |
|---|---|---|---|
|   | Hilberry, the overarching Phase 1 ADA transition plan issue in light of the construction of one or more new facilities, including an anticipated deadline for the completion of an updated transition plan with any new compliance deadlines. (Doc. 4000). The parties were to file the completed proposed revised transition plan by January 26, 2024, as they represented at the status conference on September 20, 2023, but with this order entered today that date has been extended to February 26, 2024. Also, based on representations made at the triannual conference on December 5, 2023, the issue of how to proceed on the alterations to Donaldson has been folded into this cell. (Doc. 4105). |   |   |
| 6 | Status conference: Parties should be prepared to discuss the matter outlined in the preceding cell. | 2/9/24 at 9:00 a.m. | 3/1/24 at 9:00 a.m. |
|   |   |   |   |
| III. PHASE 2A EIGHTH AMENDMENT CLAIM ||||
| III.A | **MONITORING** |   |   |

| 1 | Status conference: The parties should be prepared to discuss the status of the EMT. | 12/8/23 at 9:00 a.m. | 3/1/24 at 9:00 a.m. |
|---|---|---|---|
| 2 | Parties to jointly file the EMT's finalized proposed versions of the performance measures and audit tools. (Doc. 4029). The court suspended submission of the full measures/tools and all objections to the tools pending consideration of the monitoring-related issues. (Doc. 4081). | Suspended pending resolution of other matters. | |
| 3 | If the plaintiffs have any unresolved objections to the performance measures/audit tools, the plaintiffs shall file line-by-line redlined versions of the EMT's finalized proposed performance measures and audit tools. (Doc. 4029). | Suspended pending resolution of other matters. | |
| 4 | If the defendants have any unresolved objections to the performance measures/audit tools, the defendants shall file line-by-line redlined versions of the EMT's finalized proposed performance measures and audit tools. (Doc. 4029). | Suspended pending resolution of other matters. | |
| 5 | Status conference: The parties should be prepared to discuss any objections to the | Suspended pending resolution of other matters. | |

|   |   |   |   |
|---|---|---|---|
|   | EMT's finalized proposed performance measures/audit tools. |   |   |
| 6 | Parties are to file their proposal or proposals as to what the court's resolution procedure should look like concerning disagreements about the performance measures/audit tools, including the issues outlined in the court's order, (Doc. 4029). | Suspended pending resolution of other matters. |   |
| 7 | Status conference: The parties should be prepared to discuss the matter identified in the preceding cell. (Doc. 4029). | Suspended pending resolution of other matters. |   |
| 8 | Parties filed a list of monitoring-related issues that the court could potentially resolve before the submission of objections to the measures/tools. (Doc. 4046). Each of those issues is now fully briefed (Doc. 4063; Doc. 4070, & Doc. 4076). The parties additionally filed illustrative samples of the measures and tools as outlined in Doc. 4090. The monitoring-related issues are under submission. The court hopes to have these issues resolved before the |   | Under submission |

5

|  |  |  |  |
|---|---|---|---|
|  | next status conference, but the court cannot promise that this will be so.  The parties indicated oral argument may be prudent.  If the court finds oral argument necessary, it will set that date at a later time. |  |  |
|  |  |  |  |
| III.B | **CORRECTIONAL STAFFING** |  |  |
| 1 | The defendants must submit correctional staffing reports to the court and the EMT.  (Doc. 3464) at § 2.1.6.  By agreement of the parties, the defendants are to submit these reports on the dates set forth in the Phase 2A Understaffing Remedial Order (Doc. 1657) at § 4, namely, March 1, June 1, September 1, and December 1 of each year. | On March 1, June 1, September 1, and December 1 of each year |  |
| 2 | The parties must submit a joint correctional-staffing "trends" report to the court within seven days of the filing of each quarterly correctional staffing report.  The "trends" reports should include the five items outlined in the court's July 17, 2023, order. (Doc. 3994.) | Within seven days of the filing of each quarterly correctional staffing report. |  |

6

| 3 | Status conference: The parties should be prepared to discuss what the quarterly correctional-staffing reports reflect, as outlined in their most recent correctional-staffing trends report. | 12/8/23 at 9:00 a.m. | 7/12/24 at 9:00 a.m. |
|---|---|---|---|
| 4 | On October 27, 2023, defendants filed a proposal for a concrete plan to address ADOC's still grossly inadequate correctional staffing levels. *See* Joint Statement on Correctional Staffing Recruiting and Retention (Doc. 4062). Plaintiffs stated that, even with defendants' new staffing plan, defendants are "unlikely" to meet the July 1, 2025, staffing deadline and that plaintiffs fear that "ADOC's current progress and trajectory will undoubtedly result in a 'scramble' or request of a significant extension" of the correctional staffing deadline. *Id.* at 21.  At the triannual conference held on December 5, 2023, the court voiced concerns about the looming July 1, 2025, deadline, especially in regard to what to | | Under submission |

|   | | | |
|---|---|---|---|
|   | do in the event that it is not met. The court is currently considering how to proactively approach that deadline. The court will set oral argument on this issue, if necessary, at a later date. | | |
| 5 | Status conference: The parties should be prepared to discuss the matter in the preceding cell. | | Suspended pending further court consideration. |
| 6 | The formatting for the correctional staffing reports shall be further revised, if necessary, based on input from the EMT. *See* Phase 2A Omnibus Remedial Order (Doc. 3464) at § 2.1.6. The parties are to file a joint status report as to the adequacy of the correctional staffing reports, including the EMT's progress on evaluating the adequacy of the reports and whether the EMT's performance measures touch on this issue. (Doc. 3994.) | On hold pending EMT's evaluation. | |
| 7 | The defendants filed 2022 Correctional Staffing Analysis Report on November 1, 2022. (Doc. 3849). | Done | |
| 8 | The defendants filed the Updated 2022 Correctional Staffing Analysis | Done | |

| | | | |
|---|---|---|---|
| | (Doc. 3928) on February 24, 2023, which resolved the parties' disputes as to the adequacy of the 2022 Correctional Staffing Analysis (Doc. 3927). | | |
| 9 | The parties should file a joint report confirming that the RPU is in the process of updating the staffing analysis as outlined in AR 238. *See* Joint Report (Doc. 4033). | 6/30/24 by 5:00 p.m. | |
| 10 | Status conference: The parties should be prepared to discuss the matter in the preceding cell. | 7/12/24 at 9:00 a.m. | |
| 11 | The defendants must develop with the Savages, and submit to the court, realistic benchmarks for the level of correctional staffing ADOC will attain by December 31 of 2022 (though this date is passed), 2023, and 2024 respectively to put ADOC on track to fill all mandatory and essential posts by July 1, 2025. (Doc. 3464) at § 2.1.5. (Doc. 3857).  The defendants filed their proposed benchmarks on January 20, 2023 (Doc. 3901), the plaintiffs filed a response (Doc. | On hold pending consideration of other matters as indicated. | |

9

| | | | |
|---|---|---|---|
| | 3906), to which defendants replied (Doc. 3917). The State's proposed benchmarks do not reflect the operative Updated 2022 Correctional Staffing Analysis (Doc. 3928) and they employ a 33% overtime rate, which is a contested issue.  Accordingly, the court does not accept the proposed benchmarks at this time and will revisit the issue of benchmarks once other issues pertaining to the quarterly correctional staffing reports, overtime calculation, and updated staffing analyses are resolved. | | |
| 12 | Deadline by which ADOC must fill all mandatory and essential posts at the level indicated in the most recent staffing analysis at that time. (Doc. 3464) at § 2.1.4. | 7/1/2025 | |
| | | | |
| III.C | **MENTAL-HEALTH STAFFING** | | |
| 1 | The defendants must submit mental-health staffing reports to the court and the EMT.  (Doc. 3464) at § 2.2.4.  By agreement of the parties, the defendants are to submit these reports | On March 1, June 1, September 1, and December 1 of each year | |

|   |   |   |   |
|---|---|---|---|
|   | on the dates set forth in the Phase 2A Understaffing Remedial Order (Doc. 1657) at § 4, namely, March 1, June 1, September 1, and December 1 of each year. |   |   |
| 2 | The parties must submit a joint mental-health-staffing "trends" report to the court within seven days of the filing of each quarterly mental-health-staffing report. The "trends" reports should include the five items outlined in the court's July 19, 2023, order. (Doc. 3998). | Within seven days of the filing of each quarterly correctional staffing report. |   |
| 3 | Status conference: The parties should be prepared to discuss what the quarterly mental-health-staffing reports reflect, as outlined in their most recent mental-health-staffing trends report. | 12/8/23 at 9:00 a.m. | 7/12/24 at 9:00 a.m. |
| 4 | There is an ongoing disagreement on the appropriate method for comparison of ADOC's mental-health staffing levels against the levels set forth by the mental-health staffing ratios and mental-health staffing matrix incorporated in Sections 2.2.1 and 2.2.3 of the Phase | On hold pending EMT's evaluation. |   |

11

|   |   |   |   |
|---|---|---|---|
|   | 2A Omnibus Remedial Order (Doc. 3464). Plaintiffs filed reports as to this issue (Doc. 3766 & Doc. 3854) and the defendants filed a response to the plaintiffs' report. (Doc. 3856). In light of these reports, the court ordered the parties to file a joint report specifically identifying their areas of "agreement" and their areas of "disagreement," and their suggestions of how the court should proceed.  The parties filed that report on December 28, 2022. (Doc. 3892). At the triannual status conference on July 14, 2023, the parties agreed that the court should wait to see if the EMT's performance measures touch on this issue. Nonetheless, the parties are to file a joint status report as to the EMT's progress on evaluating the quarterly mental-health staffing reports and whether the EMT's performance measures touch on this issue. |   |   |
| 5 | The EMT shall review ADOC's mental-health staffing ratios and, if necessary, make | Beginning one year from the initiation of monitoring |   |

12

|   |   |   |   |
|---|---|---|---|
|   | recommendations for revising them. (Doc. 3464) at § 2.2.2. |   |   |
| 6 | Deadline by which ADOC must achieve the staffing levels set forth in the staffing matrix previously approved by the court in the Phase 2A Order and Injunction on Mental-Health Staffing Remedy (Doc. 2688), subject to any subsequent modifications. Note: The Omnibus Remedial Order originally set June 1, 2025, as the compliance deadline. (Doc. 3464) at § 2.2.3.  As reflected in the parties' July 26, 2023, joint filing (Doc. 4004) at 2-3, that date was reset to July 1, 2025 (Doc. 3486) at 3. | 7/1/2025 |   |
|   |   |   |   |
| III.D | RESTRICTIVE HOUSING |   |   |
| 1 | The defendants must file with the court and the EMT reports on each inmate who has been in restrictive housing for longer than 72 hours under exceptional circumstances during that week.  (Doc. 3464) at § 3.1.4, (Doc. 3557), and (Doc. 3771). | On a weekly basis |   |
| 2 | The court required the parties to file reports on what the most recent weekly SMI reports to the | On hold pending EMT's evaluation. |   |

|   |   |   |   |
|---|---|---|---|
|   | court reflect (trends, etc., if any).  While the reports raised serious concerns, the court decided at the August 15 and November 7, 2022, status conferences not to take any immediate action, with the understanding that the EMT will examine the concerns closely in the very near future and that, otherwise, the court will reconsider looking into the issue itself (Doc. 3768 and Doc. 3865). At the triannual status conference on July 14, 2023, the parties agreed that the court should wait to see if the EMT's performance measures touch on this issue.  The parties are to file a joint status report as to the EMT's progress on reviewing the SMI reports and whether the EMT's performance measures touch on this issue. |   |   |
| 3 | On October 27, 2023, the parties filed a joint statement outlining the defendants' proposal as to how ADOC will allow its restrictive housing units (RHUs) to function safely with the correctional | By 5:00 p.m. on the 15th day of the month following the conclusion of the reporting month. |   |

|   |   |   |   |
|---|---|---|---|
|   | staff that ADOC currently employs. (Doc. 4061). The court informally approved this plan and, as proposed by the parties, ordered ongoing monthly status reports regarding restrictive housing operations.  The defendants are to file monthly RHU reports as outlined in Doc. 4082. |   |   |
| 4 | Parties are to file RHU "trends" report, as outlined in Doc. 4082. | Within seven days of the filing of each monthly restrictive housing report. |   |
| 5 | Status conference: The parties should be prepared to discuss the matter in the preceding cell. | 2/9/24 at 9:00 a.m. | 3/1/24 at 9:00 a.m. |
| 6 | The Phase 2A omnibus remedial order provided that all RHU cells must be cleaned by June 8, 2022.  (Doc. 3464) at § 3.1.1.  The defendants filed a notice with the court confirming that they have met this deadline. (Doc. 3698).  Based on the representations made at several status conferences, the court stated that it will not take any immediate action with respect to the continued cleanliness of RHU cells, albeit with the expectation | On hold pending EMT's evaluation. |   |

|   |   |   |   |
|---|---|---|---|
|   | that the EMT will monitor the issue as soon as it is fully operational.  The court stated that it would revisit the issue later in light of the status of the EMT at that time. (Doc. 3770 and Doc. 3862).  At the triannual status conference on July 14, 2023, the parties agreed that the court should wait to see if the EMT's performance measures touch on this issue.  The parties are to file a joint status report as to the EMT's progress on the continued cleanliness of RHU cells and whether the EMT's performance measures touch on this issue. |   |   |
| 7 | Deadline by which all RHU cells must comply with the conditions set forth in Lindsay M. Hayes's Checklist for the "Suicide-Resistant" Design of Correctional Facilities (Doc. 3206-5). (Doc. 3464) at § 3.1.3. Stayed pursuant to opinion and order on motion to stay. (Doc. 3526) at 75-76. | Stayed |   |
|   |   |   |   |
| **III.E** | **SUICIDE PREVENTION** |   |   |
| 1 | ADOC must conduct inspections of all | Stayed as to RHU cells only; |   |

| | | | |
|---|---|---|---|
| | suicide watch, SU, and RHU cells to verify that they meet the conditions set forth Lindsay M. Hayes's Checklist for the "Suicide-Resistant" Design of Correctional Facilities (Doc. 3206-5). (Doc. 3464) at § 2.1.7.2. Stayed as to RHU cells pursuant to opinion and order on motion to stay. (Doc. 3526) at 75-76. | otherwise, on a quarterly basis | |
| | | | |
| III.F | **HIGHER LEVELS OF CARE** | | |
| 1 | In collaboration with the EMT, ADOC must reassess, on an annual basis, (1) the number of inmates on its mental-health caseload and (2) whether the current estimate of the percentage of the mental-health caseload requiring inpatient treatment is accurate. (Doc. 3464) at § 11.2.2. The parties submitted joint reports on how to proceed on this issue on January 27, 2023 (Doc. 3905) and February 9, 2023 (Doc. 3918). At the triannual status conference on July 14, 2023, the parties agreed that the court should wait to see if the | On hold pending EMT's evaluation. | |

17

|  |  | EMT's performance measures touch on this issue.  The parties are to file a joint status report as to the EMT's progress as to assessing the mental-health caseload and whether the EMT's performance measures touch on this issue. |  |  |
|---|---|---|---|---|
|  |  | **IV. MISCELLANEOUS** |  |  |
|  | IV.A | STATUS CONFERENCES |  |  |
|  | 1 | Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 2/9/2024 at 9:00 a.m. | 3/1/2024 at 9:00 a.m. |
|  | 2 | Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 7/12/2024 at 9:00 a.m. |  |
|  | 3 | Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 11/22/2024 at 9:00 a.m. |  |
|  | 4 | Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 2/7/2025 at 9:00 a.m. |  |
|  |  |  |  |  |
|  | IV.B | STANDING ORDERS FOR HEARINGS AND STATUS CONFERENCES |  |  |

| # | Description | | |
|---|---|---|---|
| 1 | All hearings and evidentiary hearings shall be in accordance with the order entered on 1/15/2020 (Doc. 2727), unless otherwise specified. | | |
| 2 | All hearings, evidentiary hearings, and status conferences are to be by videoconferencing unless otherwise specified. | | |
| 3 | Any hearing on objections to the performance measures and audit tools will be held virtually and made available to the public as outlined in Doc. 4104. | | |

DONE, this the 26th day of January, 2024.

                                             **/s/ Myron H. Thompson**
                                           **UNITED STATES DISTRICT JUDGE**