**IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF
ALABAMA NORTHERN DIVISION**

| | | |
|---|---|---|
| **EDWARD BRAGGS**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 2:14-cv-00601-MHT-JA** |
| **v.** | ) | |
| | ) | **District Judge Myron H. Thompson** |
| **JOHN HAMM**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**JOINT NOTICE REGARDING ISSUE OF CORRECTIONAL STAFFING**</u>

Plaintiffs Edward Braggs, *et al.*, ("Plaintiffs") and Defendants JOHN HAMM

("<u>Commissioner Hamm</u>"), in his official capacity as Commissioner of the Alabama

Department of Corrections ("<u>ADOC</u>"), and DEBORAH CROOK, in her official

capacity as ADOC's Deputy Commissioner, Office of Health Services, ("<u>Deputy

Commissioner</u>" and, collectively with Commissioner Hamm, the "<u>State</u>," and,

collectively with Plaintiffs and Commissioner Hamm, the "<u>Parties</u>") hereby jointly

submit this notice regarding issues raised during the December 8, 2023, Triannual

Status Conference.[1]  This notice provides the Parties' understanding of statements

---

[1] The State submits this filing in response to the Court's directive.  In doing so, the State expressly preserves any and all objections and all available legal and equitable arguments in response to the Court's Phase 2A Omnibus Remedial Opinion (Doc. Nos. 3461, 3462, 3463, 3465), Phase 2A Omnibus Remedial Order (Doc. No. 3464), any other Phase 2A remedial orders, and the Court's liability opinions and orders in this action, including without limitation, the Court's Liability Opinion and Order as to Phase 2A Eighth Amendment Claim (Doc. No. 1285) and Phase 2A

made by the Court during the December 8, 2023 status conference.

1.      On February 2, 2024, U.S. Magistrate Judge John Ott contacted the Parties and requested that they file a joint notice providing their understanding of the Court's statements during the December 8, 2023, conference regarding the Omnibus Remedial Order's July 2025 deadline on correctional staffing.

2.      In its Omnibus Remedial Order, the Court Ordered the State to "fill all mandatory and essential posts" by July 1, 2025, for correctional staffing at the levels indicated by the operative staffing analysis. (Doc. 3464 at § 2.1.4.).  ADOC submits correctional staffing reports quarterly to the Court.  (Id. at § 2.1.6.).

3.      The Parties file a joint trends report analyzing the correctional staffing report within seven days of the filing of the correctional staffing reports.  (See Doc. 4119 at 6, cell III.B.2; Doc. 3994 (outlining requirements of trends reports)).  The Parties and the Court typically discuss these joint reports during each triannual status conference.

4.      The State filed the Third Quarter Correctional Staffing Report on December 1, 2023.  (Doc. 4096).  The Parties submitted their Joint Status Report on

---

Supplemental Liability Opinion and Order on Periodic Mental-Health Evaluations of Prisoners in Segregation (Doc. No. 2332).  Nothing contained in this filing shall be construed as an admission by the State, a waiver of any objection to any opinion or order in this action, or a waiver of the State's pending appeal related to Phase 2A (see Doc. 3488).  Nothing in this filing shall be construed as an admission of any kind by the State that ADOC's current or historical staffing or provision of mental-health care is or was unconstitutional or deficient in any way.

Correctional Staffing Trends in advance of the December 8, 2023, triannual status conference.  (See Docs. 4100, 4098).

5.      During the December 8, 2023, status conference, the Court raised the issue of the "looming . . . 2025 deadline" regarding correctional staffing. (December, 8, 2023, Status Conference Tr. 9:11).  The Court indicated a desire to begin looking at the staffing deadline to hopefully avoid a motion to continue close to the deadline.  (Id. at 9:13-19).

6.      As the State previously stated to the Court, the State objected to the entry of any "benchmarks," including the July 2025 deadline, based upon a multitude of factors that impact recruiting and retaining correctional officers.  (Doc. 3901). Nevertheless, this Court indicated the desire to "start getting prepared" in the event the deadline is not meet.  (Id. at 12:15-20).  This Court further indicated it would "issue an order and maybe just solicit remarks from [the Parties] as to what we need to be doing starting this January."  (Id. at 12:21-23).

7.      The Court did not issue an order "soliciting remarks" concerning the correctional staffing deadline in January, but it did set a status conference for July 12, 2024, to "discuss what the quarterly correctional-staffing reports reflect, as outlined in [the Parties'] most recent correctional-staffing trends report." (Doc. 4119 at 7, cell III.B.3).

8.      Judge Ott contacted the Parties regarding the lack of an order from this

Court concerning the July 2025 correctional staffing deadline.  It is the Parties'

understanding Judge Ott reached out to this Court seeking clarification as to whether

the Court intended to enter an order.

9.     At the request of Judge Ott, the Parties prepared this Joint Notice to

provide the Parties' understanding of the Court's statements during the December 8,

2023 status conference.  The State does not request, nor believe necessary at this

time, any additional order concerning the July 2025 correctional staffing deadline.

Dated: February 7, 2024.

/s/ Kenneth S. Steely
Kenneth S. Steely
*One of the Attorneys for the State*

William R. Lunsford
Matthew B. Reeves
Kenneth S. Steely
Lindan J. Hill
Clifford Z. Stafford*
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, AL 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com
kenneth.steely@butlersnow.com
lindan.hill@butlersnow.com
zane.stafford@butlersnow.com
* *Admitted pro hac vice*

**ATTORNEYS FOR THE
DEFENDANTS**

4

5

/s/ Ashley N. Light
Ashley N. Light

Ashley N. Light
Lisa W. Borden
Latasha L. McCrary
**SOUTHERN POVERTY LAW CENTER**
400 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481
ashley.light@splcenter.org
lisawborden@gmail.com
latasha.mccrary@splcenter.org

Leslie Faith Jones*
**SOUTHERN POVERTY LAW CENTER**
111 East Capitol Street, Suite 280
Jackson, MS 39201
Telephone: (601) 948-8882
Facsimile: (334) 956-8281
leslie.jones@splcenter.org
*Admitted pro hac vice*

William G. Somerville, III
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ PC**
420 20th Street North, Suite 1400
Birmingham, AL 35203
wsomerville@bakerdonelson.com

William Van Der Pol, Jr.
Lonnie Williams
Barbara A. Lawrence
Andrea J. Mixson
Larry G. Canada
**ALABAMA DISABILITIES
ADVOCACY PROGRAM**
University of Alabama
500 Martha Parham West
Box 870395
Tuscaloosa, AL  35487
Telephone: (205) 348-4928
Facsimile: (205) 348-3909
wvanderpoljr@adap.ua.edu
lwilliams@adap.ua.edu
blawrence@adap.ua.edu
amixson@adap.ua.edu
lcanada@adap.ua.edu


Catherine E. Stetson*
Neal K. Katyal*
Jo-Ann T. Sagar*
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
cate.stetson@hoganlovells.com
neal.katyal@hoganlovells.com
jo-ann.sagar@hoganlovells.com
*Admitted pro hac vice*

Joshua C. Toll*
**KING & SPALDING LLP**
1700 Pennsylvania Avenue NW, 2nd
Floor
Washington, DC 20006-4707
Telephone: (202) 227-6138
Facsimile: (202) 626-3737

6

jtoll@kslaw.com
*Admitted pro hac vice*
**ATTORNEYS FOR THE
PLAINTIFFS**

Anil A. Mujumdar
**DAGNEY JOHNSON LAW
GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35213
Telephone: (205) 590-6986
Facsimile: (205) 809-7899
anil@dagneylaw.com

**ATTORNEY FOR PLAINTIFF
ALABAMA DISABILITIES
ADVOCACY PROGRAM**