# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **EDWARD BRAGGS,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 2:14-cv-00601-MHT** |
| **v.** | ) | |
| | ) | **District Judge Myron H. Thompson** |
| **JOHN HAMM,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## JOINT STATEMENT REGARDING ADA TRANSITION PLAN

Plaintiffs and Defendants JOHN HAMM ("Commissioner Hamm"), in his official capacity as Commissioner of the Alabama Department of Corrections ("ADOC"), and DEBORAH CROOK, in her official capacity as Deputy Commissioner of the Office of Health Services ("Deputy Commissioner" and, collectively with Commissioner Hamm, the "State" and collectively with Plaintiffs, the "Parties"), hereby submit this Joint Statement Regarding the ADA Transition Plan.

As noted in the Court's Revised Remedy Scheduling Order on Phase 1 ADA Claims and Phase 2A Eighth Amendment Claim (Doc. No. 4119), the Parties must file a joint status report regarding their efforts to resolve the overarching Phase 1 ADA Transition Plan issue and include an anticipated deadline for the completion of the updated transition plan with any new compliance deadlines. (Id.). The Court

entered the "Consent Decree Concerning Claims Arising Under the Americans with Disabilities Act and §504 of the Rehabilitation Act of 1973, and Resolving the Phase 1 Trial of These Proceedings" (the "Phase 1 ADA Consent Decree", Doc. No. 728) on August 9, 2016.    On September 5, 2019, the Parties agreed upon an implementation schedule that included three (3) phases for implementation of the alterations.  (Doc. No. 2605).  Further, on October 11, 2019, the Parties filed a Joint Statement regarding Phase 1 ADA Alterations, providing ADOC would complete all ADA alterations by November 1, 2027, and that monitoring would extend through November 1, 2028[1] (the "Joint Statement," Doc. No. 2629).  Recognizing that the construction of new facilities would represent a significant change in circumstance to implementation of the Consent Decree, the Joint Statement explained that "if new correctional facilities are constructed, then the Parties agree that the 'default agreement' (i.e., the ADA Consultant's Report ["Transition Plan"]) will be void and inapplicable to resolution of the dispute."  (Id., 5).

The State notified the Court, on April 29, 2022, that it executed a contract for the construction of a new Alabama prison to be located in Elmore County, Alabama.[2]

---

[1] The Joint Statement provided that ADOC may seek termination of monitoring and Court supervision under Phase 1 Consent Decree following the latter of twelve (12) months after completion of all ADA alterations at all facilities or twelve (12) months after all newly constructed facilities are completed and housing at least 80% of their design capacity.  (Doc. 2629, 3).

[2] The State originally executed a contract for the construction of new facilities on February 1, 2021.  The State notified ADAP and sought to revisit the scope of work contemplated by the ADA Alterations and reevaluate the schedule, need, and priority of such ADA Alterations.  The State

(Doc. No. 3562, 3).  Further, the State acknowledged initiating discussions with Plaintiffs regarding revisiting the scope of work contemplated by the ADA Alterations.  (Id.).  The Parties, as required under the Phase 1 ADA Consent Decree, sought the assistance of U.S. Magistrate Judge John Ott to assist with resolving proposed modifications of the Phase 1 ADA Consent Decree and Transition Plan based upon the execution of the contract to build a new facility in Elmore County. (See Doc. No. 728, 71).

To assist with mediation, the State reengaged the assistance of ADA Consultant, Ms. Gina Hilberry ("ADA Consultant"), to prepare a proposed Revised Transition Plan.[3]  To prepare a Revised Transition Plan, the ADA Consultant required sufficient completion of the design of the Elmore Facility and the mapping of ADA beds available to assist with redistribution of ADA beds throughout ADOC's remaining facilities.  ADOC received the necessary drawings in May 2023. The ADA Consultant remains engaged in evaluating and proposing revisions to the Transition Plan.  The Transition Plan exceeds 1,000 pages and includes details concerning most of ADOC's facilities.  (Doc. No. 2635).

---

continues to assert the February 1, 2021, contract triggered the requirement to reevaluate the ADA Alterations.

[3] Just as the new facility in Elmore County triggered the necessitation of a Revised ADA Transition Plan, the initiation of construction at the new facility in Escambia County will necessitate revisions to the Revised ADA Transition Plan.

3

With the development of the new facility in Elmore County, and the pending closures of the current facility at Elmore County, as well as Kilby, Staton, and Frank Lee, the State must create a new ADA Transition Plan.  On January 22, 2024, the ADA Consultant notified the State that significant in-house planning tasks remain which require attention to finalize the Revised Transition Plan.   The ADA Consultant's proposed revisions include:

1. Revisions to the transition plans for Bullock, Ventress, Hamilton A&I, and Tutwiler (including Tutwiler ISTC campus);

2. Revisions to the transition plans for North Alabama, Fountain Annex, and/or Mobile;

3. Revisions to the programs chapter;

4. Development of an implementation calendar for all work;

5. Development of a planning calendar to be approximately six (6) to (9) months to include the following ADOC/Consultant/Legal Team tasks:

   a. Expedited List concerning Holman and crisis cells;

   b. Identify the dorms and scope of in-house renovations at Birmingham Community Work Center;

   c. Begin planning phase of work for identified Community Work Center to inmates not relocating to the Elmore Facility; and

   d. Identify scope of work for Donaldson and begin process required for contracting for professional services.

Additionally, the ADA Consultant proposed conducting additional analysis and planning for the following:

4

1. **WOMEN'S FACILITIES:**

   a. **Tutwiler:** Review the scope for future planning based on a change in conditions. Planning should include the Ingram State Technical College campus.

   b. **Montgomery:** Remains excluded from work.

   c. **Birmingham Community Work Center:**

      i. Site remains temporary as programs and beds will relocate. Plans for new facility must include space for Montgomery transfers. New facility will comply with new construction standards for accessibility.

      ii. Develop plan for immediate needs, including modification of two (2) dorm restrooms to accommodate people using mobility assistance devices.

2. **MEN'S WORK RELEASE/MINIMUM CUSTODY FACILITIES:**

   a. **Frank Lee:** Excluded from work due to closing.

   b. **Red Eagle:** Excluded from work.

   c. **North Alabama and Mobile Work Release:** Based on the closure of Frank Lee, transfers of ADA accessible beds must be retabulated and overflow accommodated at North Alabama, Mobile WR, and the Elmore facility. This requires a reevaluation of bed counts and modification requirements.

   d. No change to remaining Work Release/Minimum Custody Facilities.

3. **MEN'S FACILITIES:**

a.  Bibb, Donaldson, Limestone, and Bullock Mental Health Building – develop plans and timelines for substantial remediation.[4]

b.  Ventress and Bullock main buildings – develop plans for limited modifications at these facilities.

c.  Fountain, Holman, Easterling, and St. Clair – reevaluate remediations needed due to facility closures and change in programing.

d.  Hamilton A&I – update required remediation based upon completed work.

In addition, the ADA Consultant noted the significant improvements made to programming offered to inmates. As such, additional planning remains to confirm access to all programs and that inmates with disabilities retain reasonable access. Due to the all-encompassing nature of the transition plan's scope, the construction of the Elmore facility, and the revised programing, the Transition Plan requires extensive revisions. The ADA Consultant therefore requires further planning to establish the Revised Transition Plan and implement the Consent Decree's requirements. Based on these required revisions, the ADA Consultant requested six (6) to (9) months of additional planning to complete the Revised Transition Plan.

---

[4] The State will work with the ADA Consultant to develop plans for remediation of the identified facilities. The Parties will revisit the requirements for remediation of the identified facilities upon the State finalizing a contract for construction of a second new facility or identification of excessive costs associated with remediation of one of the identified facilities. Further, all ADA modifications and remediations will remain subject to legislative appropriation of funding.

In consultation with the ADA Consultant, the Parties developed the following timeline for revising the Transition Plan:

- March 31, 2024: Revisions to Section II – ADOC Program Summary.

- April 30, 2024: Revisions to Section V – Inaccessible Features at Community Work Centers and Work Release Facilities.

- May 31, 2024: Revisions to Section IV – Expedited Work Package, including Birmingham Community Work Center and Donaldson.

- July 31, 2024:  Revision to Section IV – Inaccessible Features at Correctional Facilities.

- September 30, 2024: Development of calendar for all work.

- October 31, 2024: Submit Revised Transition Plan.

Date: February 26, 2024.

/s/ Kenneth S. Steely
Kenneth S. Steely
*Attorney for the Commissioner and Deputy Commissioner*

William R. Lunsford
Matthew B. Reeves
Kenneth S. Steely
Clifford Z. Stafford*
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, AL 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com
kenneth.steely@butlersnow.com
zane.stafford@butlersnow.com

7

*Admitted pro hac vice*

Deana Johnson, Esq.
Brett T. Lane, Esq.
**MHM SERVICES, INC.**
1447 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
djohnson@mhm-services.com
btlane@mhm-services.com
**ATTORNEYS FOR THE DEFENDANTS**

/s/ *Latasha L. McCrary*
Latasha L. McCrary

Lisa W. Borden
Latasha L. McCrary
**SOUTHERN POVERTY LAW CENTER**
400 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481
ashley.light@splcenter.org
lisawborden@gmail.com
latasha.mccrary@splcenter.org

Leslie Faith Jones*
**SOUTHERN POVERTY LAW CENTER**
111 East Capitol Street, Suite 280
Jackson, MS 39201
Telephone: (601) 948-8882
Facsimile: (334) 956-8281
leslie.jones@splcenter.org
*Admitted pro hac vice*

William G. Somerville, III
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ PC**
420 20th Street North, Suite 1400
Birmingham, AL 35203
wsomerville@bakerdonelson.com

/s/ William Van Der Pol
_____
William Van Der Pol, Jr.

William Van Der Pol, Jr.
Lonnie Williams
Barbara A. Lawrence
Andrea J. Mixson
Larry G. Canada
**ALABAMA DISABILITIES
ADVOCACY PROGRAM**
University of Alabama
500 Martha Parham West
Box 870395
Tuscaloosa, AL  35487
Telephone: (205) 348-4928
Facsimile: (205) 348-3909
wvanderpoljr@adap.ua.edu
lwilliams@adap.ua.edu
blawrence@adap.ua.edu
amixson@adap.ua.edu
lcanada@adap.ua.edu

Catherine E. Stetson*
Neal K. Katyal*
Jo-Ann T. Sagar*
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
cate.stetson@hoganlovells.com
neal.katyal@hoganlovells.com
jo-ann.sagar@hoganlovells.com
*Admitted pro hac vice*

Joshua C. Toll*
**KING & SPALDING LLP**
1700 Pennsylvania Avenue NW, 2nd Floor
Washington, DC 20006-4707
Telephone: (202) 227-6138

Facsimile: (202) 626-3737
jtoll@kslaw.com
\*_Admitted pro hac vice_
**ATTORNEYS FOR THE PLAINTIFFS**

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35213
Telephone: (205) 590-6986
Facsimile: (205) 809-7899
anil@dagneylaw.com

**ATTORNEY FOR PLAINTIFF ALABAMA DISABILITIES ADVOCACY PROGRAM**