# Exhibit A

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| EDWARD BRAGGS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:14CV601-MHT |
| ) | |
| John Hamm, in his ) | |
| official capacity as ) | |
| Commissioner of ) | |
| the Alabama Department of ) | |
| Corrections, et al., ) | |
| ) | |
| Defendants. | |

**PLAINTIFFS' PROPOSED PHASE 2A OPINION AND ORDER ON
PLAINTIFFS'ORAL MOTION TO SHOW CAUSE REGARDING CORRECTIONAL
STAFFING**

Previously, this court found that the State of Alabama provides inadequate mental-health care in its prisons in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *See Braggs v. Dunn*, 257 F. Supp. 3d 1171, 1267 (M.D. Ala. 2017) (Thompson, J.). The court found that correctional "[u]nderstaffing has been a persistent, systemic problem" and that the "significant shortage of correctional officers...hinders the delivery of mental-health care and poses a substantial risk of harm to prisoners who need mental-health care." *Id*. at 1197.

On December 27, 2021, the court issued a Phase 2A Omnibus Remedial Order that established deadlines by which the Alabama Department of Corrections (ADOC) was to increase its correctional staffing. Specifically, the order set a deadline of July 1, 2025,

1

for ADOC to "fill all mandatory and essential posts." Doc. 3464 at 2.1.4.

On February 19, 2026, the plaintiffs orally moved for an order to show cause as to why defendants should not be held in contempt for failing to meet the July 1, 2025 deadline. Prior to their motion, the plaintiffs submitted several notices outlining the defendants' failure to meet the correctional-staffing deadline. *See* Plaintiffs' Triannual Status Reports, Docs. 4396; 4427; and 4461, and the Joint Statement on Correctional Trends, Docs. 4405 at 13 and 4454 at 13. In two of those notices, the defendants admitted that all mandatory and essential posts are not filled. *See* Docs. 4405 at 11; 4454 at 11. Additionally, on January 12, 2026, defendants filed a Quarterly Correctional Staffing Report, which shows a vacancy rate of 49.4%. *See* doc. 4437, Exh. A. Given the uncontested fact that the defendants have failed to fill all mandatory and essential posts in accordance with the Court's deadline, the court will now order the defendants to show cause as to why they should not be held in civil contempt.

## I.    Procedural History

The plaintiffs in this lawsuit include a class of mentally ill people in the custody of ADOC. The defendants are ADOC Commissioner John Hamm and ADOC's Associate Commissioner of Health Services, sued in only their official capacities. In a liability opinion entered on June 27, 2017, this court found that ADOC's

2

mental-health care for prisoners in its custody was, simply put, "horrendously inadequate." *Braggs*, 257 F. Supp. 3d at 1267. The court laid out seven factors contributing to the Eighth Amendment violations. *Id*. at 1267-68. Additionally, it found that "persistent and severe shortages of mental-health staff and correctional staff" constitute "an overarching issue[] that permeate[s] each of the...contributing factors of inadequate mental-health care." *Id*. at 1268. The court severed the remedy into several discrete issues, to be addressed one after another. The court found inadequate correctional staffing to be central to ADOC's mental-health care failings, the court found that understaffing "must be addressed at the outset" and "fully remedied before almost anything else can be fully remedied." Doc. 1357 at 4.

On February 20, 2018, the court issued an Understaffing Remedial Opinion, Doc. 1656, and Understaffing Remedial Order, Doc. 1657. The order mandated, "[b]y February 20, 2022, the defendants shall have fully implemented the Savages' correctional staffing recommendations, as modified by any agreements between the parties or orders of this court." *Id.* at 3. The court permitted the parties to file a motion to extend the deadline, if it could not be met "for reasons outside the party's control or for good cause." *Id*. at 9. On December 27, 2021, two months before defendants were ordered to fully implement the Savages' recommendations, the court

3

extended the deadline in its Phase 2A Omnibus Remedial Order. Doc. 3464. The court ordered, "[b]y July 1, 2025, ADOC must fill all mandatory and essential posts at the level indicated in the most recent staffing analysis at that time." *Id*. at 4. The defendants were also ordered to set benchmarks to ensure that they remained on track to meet the deadline. Id.

Since the July 1, 2025 deadline, the plaintiffs have filed five reports showing that the defendants have not complied with the court's order to adequately staff its facilities. *See* Docs. 4396, 4405, 4427, 4454, and 4461. In their latest Triannual Status Report, the plaintiffs contend that, "At the end of the Third Quarter of 2025, ADOC had a shortage of 2,141.5 officers." *See* Doc. 4461 at 2. Plaintiffs further reported that in January 2026, Commissioner Hamm testified before the state legislature that ADOC needs 1,800 additional officers to comply with the Court's order. *Id*. Separately, the defendants filed two Quarterly Correctional Staffing Reports. *See* Docs. 4401 and 4437. The most recent report shows that, as of September 30, 2025, ADOC had only filled 50% of its mandatory and essential posts. *See* Doc. 4437, Exh. A. On February 19, the plaintiffs orally moved for an order to show cause why the defendants should not be held in contempt for violating the court's order.

4

## II.  <u>Discussion</u>

This court's "inherent contempt authority" is a "power 'necessary to the exercise of all others.'" *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994) (quoting *United States v. Hudson*, 11 U.S. 32, 34 (1812)). Civil contempt proceedings are "brought to enforce a court order that requires the defendant to act in some defined manner." *Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990). The plaintiff initiates the proceeding by alleging that the defendant violated the order, and requesting the court to order the defendant to "show cause why he should not be held in contempt and sanctioned until he complies." *Id*. As clearly set forth by the Eleventh Circuit Court of Appeals, "[i]f the court finds that the conduct as alleged would violate the prior order," it enters a show cause order and conducts a hearing on the matter. *Id.; see also Reynolds v. Roberts*, 207 F.3d 1288, 1298 (11th Cir. 2000) ("If satisfied that the plaintiff's motion states a case of non-compliance, the court orders the defendant to show cause why he should not be held in contempt.").

Here, the plaintiffs contend that the defendants violated the Phase 2A Omnibus Remedial Order by failing to meet the July 1, 2025 deadline to "fill all mandatory and essential posts" for correctional staff. Upon review of the plaintiffs' submissions and the defendants own Quarterly Correctional Staffing Reports, the court finds that, if proven at the contempt hearing, the

5

defendants' "conduct as alleged would violate," the Phase 2A Omnibus Remedial Order with respect to the correctional staffing deadlines. *Mercer*, 908 F.2d at 768. The court will therefore enter an order to show cause.

***

Accordingly, it is ORDERED that the plaintiffs' motion to show cause is granted, and the defendants are to show cause in writing by _____, 2026, as well as at a hearing, which the Court will set, at a later date, as to why they should not be held in contempt. The plaintiffs may file a reply by _____, 2026.

DONE, this the ___ day of _____, 2026.

/s/ Myron H. Thompson
_____
UNITED STATES DISTRICT JUDGE

6