IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:14cv601-MHT |
| | ) | (WO) |
| GREG LOVELACE, in his | ) | |
| official capacity as | ) | |
| Commissioner of | ) | |
| the Alabama Department of | ) | |
| Corrections, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This matter is before the court on the plaintiffs'

oral motion for a show-cause order regarding defendants'

failure to timely comply with the court's orders

regarding mental-health staffing, and the plaintiffs'

oral motion for a show-cause order regarding the same

with regard to correctional staffing. Because the

Eleventh Circuit Court of Appeals has specific

requirements for show-cause motions, the court denies the

plaintiffs' oral motions without prejudice and with leave to refile written motions.

## I.    BACKGROUND

This court previously ordered the defendants to attain certain levels of correctional staffing and mental-health staffing in Alabama Department of Corrections (ADOC) prisons by July 1, 2025. *See Phase 2A Omnibus Remedial Order* (Doc. 3464) at 3, 8.  In July 2024, the court asked the parties what the court should do if the defendants fail to meet the July 1, 2025 deadline.  *See* Order (Doc. 4204).  The plaintiffs suggested, among other things, that the court could hold the defendants in contempt.  *See* Pls.' Resp. to Order (Doc. 4245) at 6–7.

Prior to the February 19, 2026, triannual status conference, the plaintiffs submitted a status report wherein they reiterated that contempt was "one of th[e] actions" the court could "take to address the defendants' non-compliance."  Pls. Triannual Status Rep. (Doc. 4461)

2

at 3.    The plaintiffs also repeated their suggestion orally at the status conference.    Consequently, the court ordered the plaintiffs to file proposed show-cause orders by March 6, 2026.    *See Revised Remedy Scheduling Order* (Doc. 4466) at 7-8, cell III.B.4, and at 12-14, cell III.C.6.    Following the court's direction, the plaintiffs filed separate proposed orders regarding correctional staffing and mental health on March 6, 2026.    In the orders, they characterized their requests as oral motions to show cause.

## II.    DISCUSSION

After reviewing the relevant procedures for civil-contempt proceedings, the court recognizes that it prematurely requested proposed orders.    The Eleventh Circuit has set forth a specific process for enforcing injunctions.    First, "the plaintiff moves the court to issue an order to show cause why the defendant should not be adjudged in civil contempt and sanctioned."    *Reynolds v. Roberts*, 207 F.3d 1288, 1298 (11th Cir. 2000).    A

3

motion for a show-cause order must meet several requirements. It must "cite[] the provision(s) of the injunction [the plaintiff] wishes to be enforced, allege[] that the defendant has not complied with such provision(s), and ask[] the court, on the basis of his representation, to order the defendant to show cause why he should not be adjudged in contempt and sanctioned." *Wyatt v. Rogers*, 92 F.3d 1074, 1078 n.8 (11th Cir. 1996); *see also Reynolds*, 207 F.3d at 1298. It is unlikely that the plaintiffs' requests, even if styled as oral motions, satisfy these requirements. The court was therefore mistaken in ordering the plaintiffs to begin by filing proposed orders; it should have asked for more robust motions instead. As such, the court must deny the pending oral motions, but does so without prejudice and with leave to refile so that the plaintiffs can proceed under the proper process.

Accordingly, it is ORDERED that the plaintiffs' oral motion for a show-cause order regarding mental-health staffing (Doc. 4473) and the plaintiffs' oral motion for

4

a show-cause order regarding correctional staffing (Doc. 4474) are denied without prejudice and with leave to refile.

DONE, this the 26th day of May, 2026.

　　　　　　　　　　　　　　　/s/ Myron H. Thompson
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE