IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREG LOVELACE, in his official capacity as Commissioner of the Alabama Department of Corrections, et al.,<br><br>Defendants. | ) | CIVIL ACTION NO.<br>2:14cv601-MHT<br>(WO) |

REVISED REMEDY SCHEDULING ORDER
ON PHASE 1 ADA CLAIMS
AND PHASE 2A EIGHTH AMENDMENT CLAIM

For the triannual status conference on October 1, 2026, it is ORDERED that the deadlines and dates for the Phases 1 and 2A remedy scheduling order for the ADA and Eighth Amendment claims remain and are revised as set forth below.

Note that the formatting of the scheduling order is as follows. Each section is designated with a cell-block number so that it may be more easily referenced. For example, Section II deals with the "PHASE 2A EIGHTH AMENDMENT CLAIM." Subpart C of that section pertains to "MONITORING." So, the second cell in that subpart is referred to as cell II.C.2. The court's citation for this cell is (Doc. X) at 5, cell II.C.2.

| Cell | | OLD DATES | NEW DATES |
|---|---|---|---|
| | **I. PHASE 1 ADA CLAIMS** | | |
| **I.A** | **PHASE 1 ADA** | | |
| 1 | Deadline for termination of monitoring. (Doc. 3801). | 11/1/28 | |
| 2 | Deadline for completion of alterations for the second and third phases regarding the removal, remediation, or construction of new facilities. (Doc. 3801). | 11/1/27 | |
| 3 | Deadline for parties to submit a statement reflecting their 'joint understanding' of how ADA consultant Gina Hilberry became involved in this case (including, but not limited to, whether she was appointed by the court). (Doc. 4532). | 7/24/26 | |
| 4 | (1) The court granted the defendants' unopposed motion to extend the revised ADA transition plan filing deadline. (Doc. 4532).<br><br>(2) Based on representations made at the July 16, 2026, oral argument, ADA consultant Gina Hilberry shall, by October 16, 2026, submit a proposed revised transition plan to the parties. (Doc. 4532). | 10/16/26 | |
| 5 | Defendants are to notify the court when they have received the proposed revised | 10/19/2026 | |

| | | | |
|---|---|---|---|
| | transition plan to the parties by the following Monday, October 19, 2026. | | |
| 6 | Deadline for defendants to file the revised transition plan. (Doc. 4532. | 12/16/26 | |
| | | | |
| II. PHASE 2A EIGHTH AMENDMENT CLAIM | | | |
| II.A | The effective date of the Phase 2A Omnibus Remedial Order is March 9, 2022. (Doc. 3464) at § 1.3). | 3/9/22 | |
| | | | |
| II.B | MODIFYING OMNIBUS REMEDIAL ORDER PURSUANT TO *Dunn v. Comm'r, Ala. Dep't of Corr.*, 179 F.4th 1277 (11th Cir. 2026) | | |
| 1. | Staffing: Mandatory and Essential Posts. | | |
| 1.A. | Impact on Monitoring: The parties should be prepared to discuss the impact of the affected provisions on monitoring at the 10/1/26 status conference. | 10/1/26 at 9:00 a.m. | |
| 1.B. | Modification of the Remedial Order: The parties should be prepared to discuss substantive modification of the remedial order at the 10/1/26 status conference. | 10/1/26 at 9:00 a.m. | |
| 2. | Hayes Checklist | | |
| 2.A. | Impact on Monitoring: The parties should be prepared to discuss the impact of the affected provisions on monitoring at the 10/1/26 status conference. | 10/1/26 at 9:00 a.m. | |

| | | | |
|---|---|---|---|
| 2.B. | Modification of the Remedial Order: The parties should be prepared to discuss substantive modification of the remedial order at the 10/1/26 status conference. | 10/1/26 at 9:00 a.m. | |
| 3. | Tutwiler Prison for Women | | |
| 3.A. | Impact on Monitoring: The parties should be prepared to discuss the impact of the affected provisions on monitoring at the 10/1/26 status conference. | 10/1/26 at 9:00 a.m. | |
| 3.B. | Modification of the Remedial Order: The parties should be prepared to discuss substantive modification of the remedial order at the 10/1/26 status conference. | 10/1/26 at 9:00 a.m. | |
| 4. | The court referred "Plaintiff-Appellee Joshua Dunn's Application for Appellate Attorneys' Fees and Expenses," (Doc.4589) to Magistrate Judge John Ott for mediation on 9/28/2026. The parties should be prepared to discuss next steps at the 10/1/26 status conference. | 10/1/26 at 9:00 a.m. | |
| | | | |
| II.C | <u>MONITORING</u> | | |
| 1 | The parties should be prepared to discuss the status of the EMT, generally, at the 10/1/26 status conference. | 10/1/26 at 9:00 a.m. | |

| | | | |
|---|---|---|---|
| 2 | The EMT requested an annual budget of $ 8,430,600 in order to hire 18 support staff: four psychiatrists, four psychologists, two administrative staff, four nurses, and four security professionals. The parties filed a joint proposed order for the EMT to submit a formal funding request to the court (Doc. 4584). The parties should be prepared to discuss this matter at the 10/1/26 status conference. | 10/1/26 at 9:00 a.m. | |
| 3 | The court has resolved the performance measures and audit tools (Doc. 4603). The parties should be prepared to discuss next steps at the 10/1/26 status conference. | 10/1/26 at 9:00 a.m. | |
| 4 | Defendants have raised the issue of when the EMT will begin training the IMT. The parties should be prepared to discuss this matter at the 10/1/26 status conference. | 10/1/26 at 9:00 a.m. | |
| | | | |
| II.D | CORRECTIONAL STAFFING | | |
| 1 | The defendants must submit correctional staffing reports to the court and the EMT. (Doc. 3464) at § 2.1.6. By agreement of the parties, the defendants are to submit these reports | On March 1, June 1, September 1, and December 1 of each year | |

| | | | |
|---|---|---|---|
| | on the dates set forth in the Phase 2A Understaffing Remedial Order (Doc. 1657) at § 4, namely, March 1, June 1, September 1, and December 1 of each year. | | |
| 2 | The parties must submit a joint correctional-staffing "trends" report to the court within seven days of the filing of each quarterly correctional staffing report. The "trends" reports should include the five items outlined in the court's July 17, 2023, order. (Doc. 3994). | Within seven days of the filing of each quarterly correctional staffing report. | |
| 3 | The parties should be prepared to discuss what the quarterly correctional-staffing reports reflect, as outlined in their most recent correctional-staffing trends report. | 10/1/2026 at 9:00 a.m. | |
| 4 | At the triannual conference held on December 5, 2023, the court voiced concerns about the July 1, 2025, staffing deadline. The parties submitted separate reports about ADOC's potential failure to meet the deadline. (Doc. 4204 and Doc. 4243). Parties should be prepared to discuss the impact of the Eleventh | 10/1/26 at 9:00 a.m. | |

| | | | |
|---|---|---|---|
| | Circuit's decision (Doc.4520) at the 10/1/26 status conference. | | |
| 5 | The formatting for the correctional staffing reports shall be further revised, if necessary, based on input from the EMT. *See* Phase 2A Omnibus Remedial Order (Doc. 3464) at § 2.1.6. The parties are to file a joint status report as to the adequacy of the correctional staffing reports, including the EMT's progress on evaluating the adequacy of the reports and whether the EMT's performance measures touch on this issue. (Doc. 3994). | On hold pending EMT's evaluation. | |
| 6 | The defendants were directed to develop with the Savages and submit to the court realistic benchmarks for the level of correctional staffing ADOC will attain by December 31 of 2022 (though this date is passed), 2023, and 2024 respectively to fill all mandatory and essential posts by July 1, 2025. (Doc. 3464) at § 2.1.5. (Doc. 3857). The parties should be prepared to discuss the impact of the Eleventh Circuit's decision (Doc.4520) | 10/1/26 at 9:00 a.m. | |

| | | | |
|---|---|---|---|
| | at the 10/1/26 status conference. | | |
| 7 | ADOC was directed to fill all mandatory and essential posts at the level indicated in the most recent staffing analysis by July 1, 2025. (Doc. 3464) at § 2.1.4. The parties shall be prepared to discuss the impact of the Eleventh Circuit's ruling (Doc. 4520) at the 10/1/26 status conference. | 10/1/26 at 9:00 a.m. | |
| | | | |
| II.E | <u>MENTAL-HEALTH STAFFING</u> | | |
| 1 | The defendants must submit mental-health staffing reports to the court and the EMT. (Doc. 3464) at § 2.2.4. By agreement of the parties, the defendants are to submit these reports on the dates set forth in the Phase 2A Understaffing Remedial Order (Doc. 1657) at § 4, namely, March 1, June 1, September 1, and December 1 of each year. | On March 1, June 1, September 1, and December 1 of each year | |
| 2 | The parties must submit a joint mental-health-staffing "trends" report to the court within seven days of the filing of each quarterly mental-health-staffing report. The "trends" reports should include the five items outlined | Within seven days of the filing of each quarterly correctional staffing report. | |

| | | | |
|---|---|---|---|
| | in the court's July 19, 2023, order. (Doc. 3998). | | |
| 3 | The parties should be prepared to discuss what the quarterly mental-health-staffing reports reflect, as outlined in their most recent mental-health-staffing trends report at the 10/1/26 status conference. | 10/1/2026 at 9:00 | |
| 4 | There is an ongoing disagreement regarding the appropriate method to compare ADOC's mental-health-staffing levels with the levels set forth in the mental-health-staffing ratios and mental-health-staffing matrix incorporated in Sections 2.2.1 and 2.2.3 of the Phase 2A Omnibus Remedial Order (Doc. 3464). The court ordered the Plaintiffs to file a report on this issue (Doc. 3833 and Doc. 3854). Defendants responded to the plaintiffs' report. (Doc. 3856). The court then ordered the parties to file a joint report specifically identifying their areas of "agreement," areas of "disagreement," and suggestions for how the court should proceed. The parties filed on December 28, | 10/1/2026 at 9:00 | |

| | | | |
|---|---|---|---|
| | 2022. (Doc. 3892). At the July 14, 2023, triannual status conference the parties agreed that the court should wait to see if the EMT's performance measures address this issue.<br><br>Nonetheless, the parties are to file a joint status report as to the EMT's progress on evaluating the quarterly mental-health-staffing reports and whether the EMT's performance measures touch on this issue.<br><br>While reconciling any disagreement is on hold pending the EMT's evaluation, the parties should be prepared to discuss this issue at the 10/1/26 status conference. | | |
| 5 | The EMT shall review ADOC's mental-health-staffing ratios and, if necessary, make recommendations for revising them. (Doc. 3464) at § 2.2.2. This process should begin one year after the initiation of monitoring.<br><br>The parties should be prepared to discuss this at the 10/1/26 status conference. | 10/1/2026 at 9:00 | |
| 6 | ADOC must achieve the staffing levels set forth in the staffing | 10/1/2026 at 9:00 | |

| | | | |
|---|---|---|---|
| | **matrix previously approved by the court in the Phase 2A Order and Injunction on Mental-Health Staffing Remedy (Doc. 2688) subject to any subsequent modifications.<br>Note: The Omnibus Remedial Order originally set June 1, 2025, as the compliance deadline. (Doc. 3464) at § 2.2.3. As reflected in the parties' July 26, 2023, joint filing (Doc. 4004) at 2-3, that date was reset to July 1, 2025 (Doc. 3486) at 3.<br><br>How the court should respond to the now-passed deadline is on hold pending EMT's evaluation.<br><br>At the February 19, 2026, status conference, the plaintiffs requested that the court issue a show-cause order to the defendants requiring an explanation for why the defendants failed to meet the correctional staffing deadline. It is unclear if the plaintiffs also want the court to issue anything regarding the mental-health staffing deadline. By March 6, 2026, the plaintiffs shall file something with the** | | |

| | | | |
|---|---|---|---|
| | court indicating their position on this subject. They may file a notice that they do not wish for the court's show-cause order to address mental-health staffing, or they may file a proposed show-cause order for mental-health staffing.<br><br>Parties should be prepared to address this matter at the 10/1/26 status conference. | | |
| | | | |
| II.F | <u>RESTRICTIVE HOUSING</u> | | |
| 1 | The defendants must file with the court and the EMT reports on each inmate who has been in restrictive housing for longer than 72 hours under exceptional circumstances during that week. (Doc. 3464) at § 3.1.4, (Doc. 3557), and (Doc. 3771). | On a weekly basis | |
| 2 | The court required the parties to file reports on what the most recent weekly SMI reports to the court reflect (trends, etc., if any). While the reports raised serious concerns, the court decided at the August 15 and November 7, 2022, status conferences not to take any immediate action, with the | 10/1/2026 at 9:00 | |

| | | | |
|---|---|---|---|
| | understanding that the EMT will examine the concerns closely in the very near future and that, otherwise, the court will reconsider looking into the issue itself (Doc. 3768 and Doc. 3865). At the triannual status conference on July 14, 2023, the parties agreed that the court should wait to see if the EMT's performance measures touch on this issue. The parties are to file a joint status report as to the EMT's progress on reviewing the SMI reports and whether the EMT's performance measures touch on this issue.<br><br>While this item is pending EMT evaluation, the parties should be prepared to discuss this issue at the 10/1/26 status conference. | | |
| 3 | On October 27, 2023, the parties filed a joint statement outlining the defendants' proposal as to how ADOC will allow its restrictive housing units (RHUs) to function safely with the correctional staff that ADOC currently employs. (Doc. 4061). The court informally approved this plan | By 5:00 p.m. on the 15th day of the month following the conclusion of the reporting month. | |

| | | | |
|---|---|---|---|
| | and, as proposed by the parties, ordered ongoing monthly status reports regarding restrictive housing operations. The defendants are to file monthly RHU reports as outlined in Doc. 4082. | | |
| 4 | Parties are to file RHU "trends" report, as outlined in Doc. 4082. | Within seven days of the filing of each monthly restrictive housing report. | |
| 5 | The parties should be prepared to discuss the matter in the preceding cell at the 10/1/26 status conference. | 10/1/2026 at 9:00 | |
| 6 | The Phase 2A omnibus remedial order provided that all RHU cells must be cleaned by June 8, 2022. (Doc. 3464) at § 3.1.1. The defendants filed a notice with the court confirming that they have met this deadline. (Doc. 3698). Based on the representations made at several status conferences, the court stated that it will not take immediate action with respect to the continued cleanliness of RHU cells, albeit with the expectation that the EMT will monitor once fully operational. (Doc. 3770 and Doc. 3862). At the triannual status conference on July 14, 2023, the parties agreed that | 10/1/2026 at 9:00 | |

| | | | |
|---|---|---|---|
| | the court should wait to see if the EMT's performance measures touch on this issue. The parties are to file a joint status report as to the EMT's progress on the continued cleanliness of RHU cells and whether the EMT's performance measures touch on this issue.<br><br>While this item is pending EMT evaluation, the parties should be prepared to discuss this issue at the 10/1/26 status conference. | | |
| 7 | Deadline by which all RHU cells must comply with the conditions set forth in Lindsay M. Hayes's Checklist for the "Suicide-Resistant" Design of Correctional Facilities (Doc. 3206-5). (Doc. 3464) at § 3.1.3. Stayed pursuant to opinion and order on motion to stay. (Doc. 3526) at 75-76. As noted in cells II.B.2.A-B, the parties should be prepared to discuss the impact of the Eleventh Circuit's ruling (Doc. 4520) on monitoring and substantive modification of the remedial order at the 10/1/26 status conference. | 10/1/2026 at 9:00 | |
| | | | |

| | | | |
|---|---|---|---|
| II.F | <u>SUICIDE PREVENTION</u> | | |
| 1 | ADOC must conduct inspections of all suicide watch, SU, and RHU cells to verify that they meet the conditions set forth Lindsay M. Hayes's Checklist for the "Suicide-Resistant" Design of Correctional Facilities (Doc. 3206-5). (Doc. 3464) at § 2.1.7.2. Stayed as to RHU cells pursuant to opinion and order on motion to stay. (Doc. 3526) at 75-76. As noted in cells II.B.2.A-B, parties should be prepared to discuss the impact of the Eleventh Circuit's decision (Doc.4520) at the 10/1/26 status conference. | 10/1/2026 at 9:00 | |
| | | | |
| II.G | <u>HIGHER LEVELS OF CARE</u> | | |
| 1 | In collaboration with the EMT, ADOC must reassess, on an annual basis, (1) the number of inmates on its mental-health caseload and (2) whether the current estimate of the percentage of the mental-health caseload requiring inpatient treatment is accurate. (Doc. 3464) at § 11.2.2. The parties submitted joint reports on how to proceed on this issue on January 27, 2023 (Doc. 3905) and | 10/1/26 at 9:00 a.m. | |

| | | | |
|---|---|---|---|
| | February 9, 2023 (Doc. 3918). At the triannual status conference on July 14, 2023, the parties agreed that the court should wait to see if the EMT's performance measures touch on this issue. The parties are to file a joint status report as to the EMT's progress as to assessing the mental-health caseload and whether the EMT's performance measures touch on this issue.<br><br>While this is on hold pending the EMT's evaluation, the parties should be prepared to discuss this issue at the 10/1/26 status conference. | | |
| | | | |
| | **III. MISCELLANEOUS** | | |
| **III.A** | **<u>STATUS CONFERENCES</u>** | | |
| 1 | Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 11/12/26 at 9:00 a.m. | |
| 2 | Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 2/4/27 at 9:00 a.m. | |
| 3 | Triannual status conference, with the parties to submit | 7/8/27 at 9:00 a.m. | |

| | | | |
|---|---|---|---|
| | reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | | |
| 4 | Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 11/4/27 at 9:00 a.m. | |
| 5 | Triannual status conference, with the parties to submit reports 10 business days before the status conference (Doc. 3467 and Doc. 3480). | 2/3/28 at 9:00 a.m. | |
| | | | |
| III.B | STANDING ORDERS FOR HEARINGS AND STATUS CONFERENCES | | |
| 1 | All hearings and evidentiary hearings shall be in accordance with the order entered on 1/15/2020 (Doc. 2727), unless otherwise specified. | | |
| 2 | All hearings, evidentiary hearings, and status conferences are to be by videoconferencing unless otherwise specified. | | |
| 3 | Any hearing on objections to the performance measures and audit tools will be held virtually and made available to the public as outlined in Doc. 4104. | | |

DONE, this the 1st day of October, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE