IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:14cv601-MHT |
| | ) | (WO) |
| COMMISSIONER OF THE ALABAMA DEPARTMENT OF CORRECTIONS, in his/her official capacity, et al., | ) | |
| | ) | |
| Defendants. | ) | |

PHASE 2A ORDER ON JOINT MOTION FOR CONTINUANCE OF EVIDENTIARY HEARINGS

This matter is before the court pursuant to the parties' joint motion for a continuance (Doc. 4631) of the evidentiary hearings currently set for December 7, 2026. *See* Orders Regarding Hearings on Modification (Doc. 4617, Doc. 4618, & Doc. 4619).

While this court recognizes that counsel for the defendants are defending another case arising out alleged deliberate indifference to unconstitutional conditions in Alabama's prisons, *see U.S. v. Alabama*, No: 2:20cv01971-HDM (N.D. Ala.) (Mooty, J), the other case

cannot be the basis for delay in this case, especially of the length requested. The parties in both cases deserve a resolution as reasonably quickly as possible and the defendants must ensure that it has adequate counsel and institutional resources to cover both lawsuits, especially since both are both ongoing. While defendants have acknowledged that there is "significant overlap in the issues presented, particularly correctional staffing," Joint Mot. for Continuance (Doc. 4631) at 3, Alabama's simultaneous inability to adequately staff and resource ongoing litigation cannot further postpone the ADOC's obligation to remedy the horrendously inadequate provision of mental-health care to its prisoners.

That said, the court finds that the parties need more time to prepare for the evidentiary hearings on other grounds presented in their joint motion, including to undertake discovery, take expert depositions, and mediate the issues concerning Tutwiler, the Hayes Checklist, and 'mandatory and essential' correctional staffing. The

court adopts their proposed timeline, subject to additions.

***

Accordingly, it is ORDERED that the parties' joint motion for a continuance (Doc. 4631) is granted as follows:

(1) The three evidentiary hearings on the issues of modifying the remedial provisions related to Julia Tutwiler Prison for Women, 'mandatory and essential' staffing, and the Hayes Checklist, currently set for December 7, 2026, are all continued to March 1, 2027, at 9:00 a.m. The hearings are to be conducted by Zoom, as there were no objections, within the time allowed, to the court's previous orders to this effect. *See* Orders Regarding Hearings on Modification (Doc. 4617, Doc. 4618, & Doc. 4619).

(2) By February 12, 2027, the parties shall file pretrial briefs. In their briefs, the parties should, among other things, identify how and why the current remedial provisions requiring ADOC to "suicide-proof all stabilization units, restricted housing units, and

suicide-watch cells according to the Hayes Checklist"; requiring ADOC to fill all 'mandatory and essential' posts at the level indicated in the most recent staffing analysis staffing; and regarding "monitoring, mental healthcare in segregation, the number of crisis cells, residential treatment units, and suicide-watch placements" at Tutwiler should be modified to the extent directed by the Eleventh Circuit, to satisfy the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626. *Dunn v. Comm'r, Ala. Dep't of Corr.*, 179 F.4th 1277, 1316 (11th Cir. 2026) (Doc. 4520). Secondly, the parties should summarize the expert testimony they intend to present on the issues, including what and how the evidence and analysis support the experts' conclusions.

(3) On-the-record pretrial hearings on the issues are set for February 17, 2027, at 9:00 a.m., by Zoom. At the pretrial hearing, the court will discuss whether the three evidentiary hearings should be staggered and, if so, how.

(4) By February 9, 2027, the parties shall submit stipulations to the court.

(5) The court adopts the proposed timeline in the parties' joint motion for a continuance (Doc. 4631).

| Event | Old Date | New Date |
|---|---|---|
| Disclosures | -- | November 10, 2026 |
| Discovery deadline | -- | December 18, 2026 |
| Plaintiffs' proposed remedy | -- | December 23, 2026 |
| Defendants' proposed remedy | -- | January 8, 2027 |
| Submission of expert reports | November 9, 2026 | January 15, 2027 |
| Supplemental disclosures | -- | January 29, 2027 |
| Expert depositions | -- | February 5, 2027 |
| Close of mediation | -- | February 5, 2027 |
| Stipulations | -- | February 9, 2027 |
| Submission of pretrial briefs | November 9, 2026 | February 12, 2027 |
| Pretrial hearing | November 16, 2026 | February 17, 2027 |
| Submission of witness and exhibit list | -- | February 19, 2027 |
| Evidentiary hearing | December 7, 2026 | March 1, 2027 |

DONE, this the 2nd day of November, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE