IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD BRAGGS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COMMISSIONER OF THE ALABAMA DEPARTMENT OF CORRECTIONS, in his/her official capacity, et al.,<br><br>Defendants. | ) | CIVIL ACTION NO.<br>2:14cv601-MHT<br>(WO) |

REVISED REMEDY SCHEDULING ORDER
ON PHASE 1 ADA CLAIMS
AND PHASE 2A EIGHTH AMENDMENT CLAIM

For the triannual status conference on November 12, 2026, it is ORDERED that the deadlines and dates for the Phases 1 and 2A remedy scheduling order for the ADA and Eighth Amendment claims remain and are revised as set forth below.

Note that the formatting of the scheduling order is as follows. Each section is designated with a cell-block number so that it may be more easily referenced. For example, Section II deals with the "PHASE 2A EIGHTH AMENDMENT CLAIM." Subpart C of that section pertains to "MONITORING." So, the second cell in that subpart is referred to as cell II.C.2. The court's citation for this cell is (Doc. X) at 7, cell II.C.2.

| Cell | | OLD DATES | NEW DATES |
|---|---|---|---|
| | **I. PHASE 1 ADA CLAIMS** | | |
| **I.A** | **PHASE 1 ADA** | | |
| 1 | The deadline for termination of monitoring is 11/1/28 (Doc. 3801). At the 10/1/26 status conference the parties indicated this deadline might be impacted by the proposed revised transition plan. Pursuant to Docs. 3467 & 3480, the parties should submit reports on this issue before the upcoming status conference. The parties should be prepared to discuss this matter at the upcoming status conference. | 11/1/28 | 11/12/26 at 9:00 a.m. |
| 2 | The deadline for completion of alterations for the second and third phases regarding the removal, remediation, or construction of new facilities is 11/1/27 (Doc. 3801). At the 10/1/26 status conference the parties indicated this deadline might be impacted by the proposed revised transition plan. Pursuant to Docs. 3467 & 3480, the parties should submit reports on this issue before the upcoming status conference. The parties should be prepared to discuss this matter at the upcoming status conference. | 11/1/27 | 11/12/26 at 9:00 a.m. |
| 3 | The parties are to update the court as to the status of the Kay Ivey Correctional Center. At the 10/1/26 status conference the parties indicated that the construction, etc., of this facility might impact the proposed revised transition | | 11/12/26 at 9:00 a.m. |

| | | | |
|---|---|---|---|
| | plan as well as the above deadlines. Pursuant to Docs. 3467 & 3480, the parties should submit reports on the status of this facility before the upcoming status conference. The parties should be prepared to discuss this matter at the upcoming status conference. | | |
| 4 | The parties are to update the court as to the status of the Escambia facility. At the 10/1/26 status conference the parties indicated that the construction, etc., of this facility might impact the proposed revised transition plan as well as the above deadlines. Pursuant to Docs. 3467 & 3480, the parties should submit reports on the status of this facility before the upcoming status conference. The parties should be prepared to discuss this matter at the upcoming status conference. | | 11/12/26 at 9:00 a.m. |
| 5 | At the 10/1/26 status conference the parties indicated there might be disagreements regarding the proposed revised transition plan. The parties should discuss these disagreements, if any, and, five days prior to the upcoming status conference, file a joint report identifying any disagreements and suggesting how to proceed. The parties should be prepared to discuss this matter at the upcoming status conference. | | 11/12/26 at 9:00 a.m. |
| 6 | The deadline for defendants to file the revised | 12/16/26 | |

| | | | |
|---|---|---|---|
| | transition plan is 12/16/26 (Doc. 4532). | | |
| | | | |
| II. PHASE 2A EIGHTH AMENDMENT CLAIM | | | |
| II.A | The effective date of the Phase 2A Omnibus Remedial Order is 3/9/22 (Doc. 3464) at § 1.3. | 3/9/22 | |
| | | | |
| II.B | MODIFYING OMNIBUS REMEDIAL ORDER PURSUANT TO *Dunn v. Comm'r, Ala. Dep't of Corr.*, 179 F.4th 1277 (11th Cir. 2026) | | |
| 1. | Staffing: Mandatory and Essential Posts | | |
| 1.A. | Court entered order regarding the effect of the Eleventh Circuit ruling on monitoring of provisions regarding mandatory and essential posts (Doc. 4635). | 11/2/26 | |
| 1.B. | Court entered order overruling the defendants' contentions regarding the process for revising the omnibus remedial order on 10/26/26, with opinion to follow (Doc. 4616). | Under submission | |
| 1.C. | The parties are to submit briefs on whether the court should hear "evidence of current conditions" or "revise its remedy based on evidence in the record at the time of the remedial hearing." (Doc. 4636). | 11/16/26 | |
| 1.D. | The parties are to submit pretrial briefs regarding how and why the current remedial provisions requiring ADOC to fill all 'mandatory and essential' posts at the level indicated in the most recent staffing analysis should be modified, and to summarize expert testimony (Doc. 4638). | 2/12/27 | |
| 1.E. | Pretrial conference for hearing on impact of the Eleventh Circuit decision on and modification of the | 2/17/27 at 9:00 a.m. | |

| | | | |
|---|---|---|---|
| | remedial order regarding staffing (Doc. 4638). | | |
| 1.F. | Hearing on impact of the Eleventh Circuit decision on and modification of the remedial order regarding staffing (Doc. 4638). | 3/1/27 at 9:00 a.m. | |
| 2. | Lindsay M. Hayes Checklist for the "Suicide Resistant" Design of Correctional Facilities | | |
| 2.A. | Court entered order regarding the effect of the Eleventh Circuit ruling on monitoring of provisions regarding the Hayes checklist (Doc. 4635). | 11/2/26 | |
| 2.B. | Court entered order overruling the defendants' contentions regarding the process for revising the omnibus remedial order on 10/26/2026, with opinion to follow (Doc. 4616). | Under submission | |
| 2.C. | The parties are to submit briefs on whether the court should hear "evidence of current conditions" or "revise its remedy based on evidence in the record at the time of the remedial hearing." (Doc. 4636). | 11/16/26 | |
| 2.D. | The parties are to submit pretrial briefs regarding how and why the current remedial provisions regarding the Hayes checklist should be modified, and to summarize expert testimony (Doc. 4638). | 2/12/27 | |
| 2.E. | Pretrial conference for hearing on impact of the Eleventh Circuit decision on and modification of the remedial order regarding the Hayes checklist (Doc. 4638). | 2/17/27 at 9:00 a.m. | |
| 2.F. | Hearing on impact of the Eleventh Circuit decision on and modification of the remedial order regarding the Hayes checklist | 3/1/27 at 9:00 a.m. | |

| | | | |
|---|---|---|---|
| | (Doc. 4638). | | |
| 3. | Tutwiler Prison for Women | | |
| 3.A. | Court entered order regarding the effect of the Eleventh Circuit ruling on monitoring of Tutwiler (Doc. 4635). | 11/2/26 | |
| 3.B. | Court entered order clarifying the effect of the Eleventh Circuit ruling on the remedial scheme as applied to Tutwiler (Doc. 4637). | 11/2/26 | |
| 3.C. | Court entered order overruling the defendants' contentions regarding the process for revising the omnibus remedial order on 10/26/2026, with opinion to follow (Doc. 4616). | Under submission | |
| 3.D. | The parties are to submit briefs on whether the court should hear "evidence of current conditions" or "revise its remedy based on evidence in the record at the time of the remedial hearing." (Doc. 4636). | 11/16/26 | |
| 3.E. | The parties are to submit pretrial briefs regarding how and why the current remedial provisions regarding "monitoring, mental healthcare in segregation, the number of crisis cells, residential treatment units, and suicide-watch placements" at Tutwiler should be modified, and to summarize expert testimony (Doc. 4638). | 2/12/27 | |
| 3.F. | Pretrial conference for hearing on impact of the Eleventh Circuit decision on and modification of the remedial order regarding Tutwiler (Doc. 4638). | 2/17/27 at 9:00 a.m. | |
| 3.G. | Hearing on impact of the Eleventh Circuit decision on and modification of the | 3/1/27 at 9:00 a.m. | |

| | | | |
|---|---|---|---|
| | remedial order as applied to Tutwiler (Doc. 4638). | | |
| 4. | The court referred application for appellate attorneys' fees, etc. (Doc. 4589) to Magistrate Judge John Ott for mediation on 9/28/26. At the 10/1/26 status conference, the defendants said that they hope this matter will be resolved in two weeks. Five days prior to the upcoming status conference, the parties should file a joint report on the status of this matter. To the extent it is not resolved, the parties should be prepared to discuss this matter at the upcoming status conference. | | 11/12/26 at 9:00 a.m. |
| | | | |
| II.C | MONITORING | | |
| 1 | The parties should be prepared to discuss the status of the EMT, generally, at the upcoming status conference. | | 11/12/26 at 9:00 a.m. |
| 2 | The EMT requested an annual budget of $ 8,430,600. The parties have submitted to the court a joint proposed order for the EMT to submit a formal funding request to the court (Doc. 4584). As discussed at the 10/1/26 status conference, this order is under submission. | Under submission | |
| 3 | The court has resolved the performance measures and audit tools (Doc. 4603). The parties should be prepared to discuss next steps at the upcoming status conference. | | 11/12/26 at 9:00 a.m. |
| | | | |
| II.D | CORRECTIONAL STAFFING | | |
| 1 | The defendants must submit correctional staffing reports to the court and | On March 1, June 1, September 1, | |

| | | | |
|---|---|---|---|
| | the EMT (Doc. 3464) at § 2.1.6. By agreement of the parties, the defendants are to submit these reports on the dates set forth in the Phase 2A Understaffing Remedial Order (Doc. 1657) at § 4, namely, March 1, June 1, September 1, and December 1 of each year. | and December 1 of each year | |
| 2 | The parties must submit a joint correctional-staffing "trends" report to the court within seven days of the filing of each quarterly correctional staffing report. The "trends" reports should include the five items outlined in the court's 7/17/23 order (Doc. 3994). | Within seven days of the filing of each quarterly correctional staffing report | |
| 3 | The parties should be prepared to discuss what the quarterly correctional-staffing reports reflect, as outlined in their most recent correctional-staffing trends report. | | 11/12/26 at 9:00 a.m. |
| 4 | The formatting for the correctional staffing reports shall be further revised, if necessary, based on input from the EMT (Doc. 3464) at § 2.1.6. The parties are to file a joint status report as to the adequacy of the correctional staffing reports, including the EMT's progress on evaluating the adequacy of the reports and whether the EMT's performance measures touch on this issue (Doc. 3994). | On hold pending EMT's evaluation | |
| | | | |
| II.E | <u>MENTAL-HEALTH STAFFING</u> | | |
| 1 | The defendants must submit mental-health staffing | On March 1, June 1, | |

| | | | |
|---|---|---|---|
| | reports to the court and the EMT (Doc. 3464) at § 2.2.4. By agreement of the parties, the defendants are to submit these reports on the dates set forth in the Phase 2A Understaffing Remedial Order (Doc. 1657) at § 4, namely, March 1, June 1, September 1, and December 1 of each year. | September 1, and December 1 of each year | |
| 2 | The parties must submit a joint mental-health-staffing "trends" report to the court within seven days of the filing of each quarterly mental-health-staffing report. The "trends" reports should include the five items outlined in the court's 7/19/23, order (Doc. 3998). | Within seven days of the filing of each quarterly correctional staffing report | |
| 3 | The parties should be prepared to discuss what the quarterly mental-health-staffing reports reflect, as outlined in their most recent mental-health-staffing trends report at the upcoming status conference. | | 11/12/26 at 9:00 a.m. |
| 4 | There is ongoing disagreement regarding the appropriate method to compare ADOC's mental-health-staffing levels with the levels set forth in the mental-health-staffing ratios and mental-health-staffing matrix incorporated in Sections 2.2.1 and 2.2.3 of the Phase 2A Omnibus Remedial Order (Doc. 3464).<br><br>At the 10/1/26 status conference, the parties agreed that the performance measures do not address this issue and that | On hold | |

| | | | |
|---|---|---|---|
| | reconciling it is on hold pending review of updated mental-health-staffing data and the EMT's review of ADOC's methods for reporting the data and calculating compliance. | | |
| 5 | The EMT shall review ADOC's mental-health-staffing ratios and, if necessary, make recommendations for revising them (Doc. 3464) at § 2.2.2. This process should begin one year after the initiation of monitoring. | On hold | |
| 6 | ADOC must achieve the staffing levels set forth in the staffing matrix previously approved by the court in the Phase 2A Order and Injunction on Mental-Health Staffing Remedy (Doc. 2688) subject to any subsequent modifications.<br>Note: The Omnibus Remedial Order originally set June 1, 2025, as the compliance deadline (Doc. 3464) at § 2.2.3. As reflected in the parties' 7/26/23 joint filing (Doc. 4004) at 2-3, that date was reset to 7/1/25 (Doc. 3486) at 3.<br><br>At the 10/1/2026, status conference, parties agreed that they should address this issue after additional review of updated mental health staffing data. Parties should be prepared to address this matter at the upcoming status conference. | | 11/12/26 at 9:00 a.m. |
| | | | |
| II.F | <u>RESTRICTIVE HOUSING</u> | | |
| 1 | The defendants must file with the court and the EMT reports on each inmate who | On a weekly basis | |

| | | | |
|---|---|---|---|
| | has been in restrictive housing for longer than 72 hours under exceptional circumstances during that week (Doc. 3464) at § 3.1.4, (Doc. 3557), and (Doc. 3771). | | |
| 2 | The court required the parties to file reports on what the most recent weekly SMI reports to the court reflect (trends, etc., if any). While the reports raised serious concerns, the court decided at the 8/15/22 and 11/7/22 status conferences not to take any immediate action, with the understanding that the EMT will examine the concerns closely in the very near future and that, otherwise, the court will reconsider looking into the issue itself (Docs. 3768 & 3865).<br><br>While this item is pending EMT evaluation, the parties should be prepared to discuss this issue at the upcoming status conference. | | 11/12/26 at 9:00 a.m. |
| 3 | On 10/27/2023, the parties filed a joint statement outlining the defendants' proposal as to how ADOC will allow its restrictive housing units (RHUs) to function safely with the correctional staff that ADOC currently employs (Doc. 4061). The court informally approved this plan and, as proposed by the parties, ordered ongoing monthly status reports regarding restrictive housing operations. The defendants are to file monthly RHU reports as outlined in Doc. 4082. | By 5:00 p.m. on the 15th day of the month following the conclusion of the reporting month. | |

| | | | |
|---|---|---|---|
| 4 | Parties are to file RHU "trends" report, as outlined in Doc. 4082. | Within seven days of the filing of each monthly restrictive housing report. | |
| 5 | The parties should be prepared to discuss the matter in the two preceding cells at the upcoming status conference. | | 11/12/26 at 9:00 a.m. |
| 6 | The Phase 2A omnibus remedial order provided that all RHU cells must be cleaned by 6/8/22 (Doc. 3464) at § 3.1.1. The defendants filed a notice with the court confirming that they have met this deadline (Doc. 3698). Based on the representations made at several status conferences, the court stated that it will not take immediate action with respect to the continued cleanliness of RHU cells, albeit with the expectation that the EMT will monitor once fully operational (Docs. 3770 & 3862).<br><br>While this item is pending EMT evaluation, the parties should be prepared to discuss this issue at the upcoming status conference. | | 11/12/26 at 9:00 a.m. |
| | | | |
| II.F | <u>**SUICIDE PREVENTION**</u> | | |
| 1 | This issue is addressed above at cell II.B.2.A-B regarding the Eleventh Circuit's decision and the Lindsay M. Hayes's Checklist for the "Suicide-Resistant" Design of Correctional Facilities (Doc. 3206-5). | On hold | |
| | | | |

| | | | |
|---|---|---|---|
| II.G | <u>HIGHER LEVELS OF CARE</u> | | |
| 1 | In collaboration with the EMT, ADOC must reassess, on an annual basis, (1) the number of inmates on its mental-health caseload and (2) whether the current estimate of the percentage of the mental-health caseload requiring inpatient treatment is accurate (Doc. 3464) at § 11.2.2. The parties submitted joint reports on how to proceed on this issue on 1/27/23 (Doc. 3905) and 2/9/23 (Doc. 3918).<br><br>While this is on hold pending the EMT's evaluation, the parties should be prepared to discuss this issue at the upcoming status conference. | | 11/12/26 at 9:00 a.m. |
| | | | |
| | III. MISCELLANEOUS | | |
| III.A | <u>STATUS CONFERENCES</u> | | |
| 1 | Triannual status conference, with the parties to submit reports 10 business days before the status conference (Docs. 3467 & 3480). | 2/4/27 at 9:00 a.m. | |
| 2 | Triannual status conference, with the parties to submit reports 10 business days before the status conference (Docs. 3467 & 3480). | 7/8/27 at 9:00 a.m. | |
| 3 | Triannual status conference, with the parties to submit reports 10 business days before the status conference (Docs. 3467 & 3480). | 11/4/27 at 9:00 a.m. | |
| 4 | Triannual status conference, with the parties to submit reports | 2/3/28 at 9:00 a.m. | |

| | | | |
|---|---|---|---|
| | 10 business days before the status conference (Docs. 3467 & 3480). | | |
| | | | |
| III.B | STANDING ORDERS FOR HEARINGS AND STATUS CONFERENCES | | |
| 1 | All hearings and evidentiary hearings shall be in accordance with the order entered on 1/15/20 (Doc. 2727), unless otherwise specified. | | |
| 2 | All hearings, evidentiary hearings, and status conferences are to be by videoconferencing unless otherwise specified. | | |
| 3 | Any hearing on objections to the performance measures and audit tools will be held virtually and made available to the public as outlined in Doc. 4104. | | |

DONE, this the 10th day of November, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE